# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | § § § § | Section "A" |
| | § § | Chapter 11 |
| Debtor.[1] | § § | |

**DEBTOR'S <u>EXPEDITED</u> MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO FILE PORTIONS OF THE SCHEDULES AND SOFA, THE MASTER CREDITORS MAILING MATRIX, AND OTHER PLEADINGS AND DOCUMENTS UNDER SEAL**

> **EXPEDITED RELIEF HAS BEEN REQUESTED. A TELEPHONIC HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 4, 2020, AT 1:00 P.M. THE DIAL-IN INFORMATION FOR SECTION A IS 1-888-684-8852; CONFERENCE CODE 9318283. IF YOU OBJECT TO THE RELIEF REQUESTED, OR YOU BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU MUST MAKE YOUR OBJECTION AT THE TELEPHONIC HEARING, OR FILE A WRITTEN OBJECTION BEFORE THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

{N3993963.3}

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), who files this *Expedited Motion for an Order Authorizing the Debtor to File Portions of the Schedules and SOFA, the Master Creditors Mailing Matrix and Other Pleadings and Documents Under Seal* (this "**Motion**"). By this Motion, the Debtor seeks entry of an order (the "**Order**"), in substantially the form attached hereto as **Exhibit A**, In support of this Motion, the Debtor relies on and incorporates by reference the *Declaration of Father Patrick Carr in Support of First Day Motions* (the "**First Day Declaration**"), and respectfully shows as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory and rule based predicate for the relief requested herein are sections 105 and 107 of the Bankruptcy Code and Rules 1007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

### Background

3. On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code.

4. The Debtor remains in possession of its property and is managing its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee has been appointed, and no official committee has been appointed in this case (this "**Chapter 11 Case**").

6. The Archdiocese was incorporated in 1941 as a nonprofit corporation under the laws of the State of Louisiana, and is classified under section 501(c)(3) of the Internal Revenue Code of 1986, as amended. A thorough description of the Debtor and its operations is contained in the First Day Declaration.

## The Confidential Information

7. Many of the unsecured creditors in this Chapter 11 Case are individuals whose claims against the Archdiocese are premised on allegations of abuse[2] ("**Abuse Claimants**"). Some Abuse Claimants have filed claims in courts against the Archdiocese. Many, but not all, of the Abuse Claimants who have filed claims in courts have chosen to file their claims against the Archdiocese using a pseudonym, with their real identity to be revealed only to the defendants in the court of litigation and with the understanding that their identities would not be publicly disclosed. Other Abuse Claimants are non-litigants who contacted the Archdiocese prepetition, either with or without the assistance of counsel, and asserted claims of Abuse by Archdiocesan employees or agents with the understanding that the Archdiocese would protect their identities and keep their claims confidential. The Archdiocese has also previously entered into out-of-court settlements with some of those Abuse Claimants where the Archdiocese agreed to keep the Abuse Claimant's name confidential but did not require the Abuse Claimant to keep the settlement confidential. In all instances, the Archdiocese has not objected to, and in fact has supported, the choice of each Abuse Claimant as to whether to keep their identity confidential or to publicly disclose their identity.

---

[2] Out of an abundance of caution, any individual listed on the mailing matrix will have his or her identifying information treated the same as an Abuse Claimant by the Debtor because some of these individuals may be minors which implicates privacy rights.

8.      In light of the sensitive nature of the claims of the Abuse Claimants, to avoid causing unnecessary anguish or embarrassment, and to encourage such individuals to feel safe and secure in advancing their claims without fear of retribution or reprisal, the Archdiocese submits that it would be inappropriate to require the public disclosure of identifying information relating to Abuse Claimants or other individuals who have, either informally, formally, or through filing a lawsuit, notified the Archdiocese of allegations of abuse by clergy members, or others persons employed by Catholic entities or otherwise subject to Archdiocesan supervision (the "**Confidential Information**").

9.      As described below, the Archdiocese has voluntarily agreed to confidentiality restrictions as requested by Abuse Claimants for some time, and believes that it is imperative that the decision to come forward and identify oneself as an Abuse Claimant be left to the individuals in question. The Archdiocese avers, that accommodations can be made without adversely affecting the rights of any other parties in interest.

## Relief Requested

10.     By this Motion, the Archdiocese respectfully requests permission to protect the identities of the Abuse Claimants while providing them notice of this Chapter 11 Case and notice of such events and motions as is required by the Bankruptcy Code and applicable Bankruptcy Rules. The Archdiocese further seeks to share names and contact information for Abuse Claimants with the Court and Bankruptcy Clerk under seal. It is proposed that Abuse Claimants currently represented by counsel be given notices in the Archdiocese's Chapter 11 Case other through their respective counsel. The Archdiocese, through this Motion, seeks leave of the Court to serve notice of this Chapter 11 Case, and other requisite notices, directly on Abuse Claimants who have advised the Archdiocese of potential claim, but have not yet identified counsel, without disclosing those

{N3993963.3}                                    4

Abuse Claimant's names or addresses to other parties. The Archdiocese believes that it has contact information for most, but not all, of these Abuse Claimants.

11. The Archdiocese requests in this Motion that the Court enter an order:

a. Authorizing the Archdiocese to file under seal portions of the Schedules, including but not limited to Schedule F, the Statement of Financial Affairs (the "**SOFA**") and an unredacted copy of the Master Creditor Mailing Matrix and to seek approval on an expedited basis to file under seal any other pleadings, reports, or other documents that might be filed from time to time in this Chapter 11 Case, that, if made publicly available, would disclose any of the Confidential Information;

b. Authorizing the Archdiocese to publicly file redacted copies of the Master Creditor Mailing Matrix and the Schedules and SOFA so as to eliminate Confidential Information from those documents;

c. Authorizing the Archdiocese to identify, schedule and notify Abuse Claimants who are represented by counsel by and through their counsel on the Schedules and SOFA and the Master Creditor Mailing Matrix;

d. Authorizing the Archdiocese to provide copies of the sealed portions of any such pleadings, reports or documents to the Office of the United States Trustee, as necessary, and authorizing the United States Trustee to use such documents in the discharge of its duties and obligations, including but not limited to the solicitation and appointment of any committee under 11 U.S.C. § 1102 but as protected by 11 U.S.C. § 107(c)(3);

e. Authorizing the Archdiocese to provide sealed reports, documents and pleadings to counsel for any committee appointed under 11 U.S.C. § 1102 who has been retained pursuant to Court approval, but only after confidentiality procedures are approved by the Court;

f. Authorizing the Archdiocese to file a full and complete unredacted copy of the mailing matrix above (the "**Confidential Mailing List**") with the Court to be held under seal pending further order of the Court;

g. Providing that if the Debtor's claims and noticing agent, Donlin, Recano & Company, Inc. (the "**Claims Agent**") serves any document upon any entity or person listed on the Confidential Mailing List, the Claims Agent is authorized to either (i) note in the certificate of service that the parties served include entities or persons listed on the Confidential Mailing List; or (ii) refer to said entities or persons listed on the Confidential Mailing List with a unique identification number.

h. Providing that notwithstanding any applicable rule to the contrary, the relief granted under the Order shall be immediately effective and enforceable upon entry; and

i. Providing that any order granting relief requested in this Motion is without prejudice to any future determined confidentiality protocol regarding filing proofs of claim

and objections to proofs of claim.

## Basis for Relief

12. The relief sought herein is designed to protect the confidential nature of sensitive information relating to Abuse Claimants and confidential settlement terms and to allow the Archdiocese to file necessary pleadings with respect to commencement of this Chapter 11 Case and comply with applicable disclosure requirements of the Bankruptcy Code and the Bankruptcy Rules.

13. The Archdiocese acknowledges that the general policy regarding access to information in bankruptcy proceedings favors openness. *See* 11 U.S.C. § 107(a); *In re Gen'l Homes Corp.,* 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). Regardless, the statute directs the Court to prevent public disclosure of sensitive information in specific circumstances.

14. For example, section 107 provides in pertinent part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
> …
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of . . . unlawful injury to the individual or the individual's property:
>
> (A) any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

11 U.S.C. § 107.

15. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect any entity against a scandalous or defamatory matter contained in any paper filed in a case under the Code.

16. Similarly, Bankruptcy Rule 9037 provides for filings to be redacted or filed under seal where they contain the name or other identifying information of individuals, other than the debtor, known to be and identified as a minor and provides for protective orders directing redactions or limitations on access to other information for cause. *See* Fed. R. Bankr. P. 9037.

17. Filing the Confidential Information under seal is additionally supported by Bankruptcy Rule 1007(j) which provides:

> On motion of a party in interest and for cause shown, the court may direct the impounding of lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of lists, however, by any party in interest on terms prescribed by the court.

Fed. R. Bankr. P. 1007(j). The Archdiocese respectfully submits that sufficient cause exists here to justify the relief requested in this Motion pursuant to 1007(j).

18. State courts have already considered this issue and decided in many cases to permit certain claimants to proceed anonymously, with plaintiffs only disclosing their actual identities to the defendants. For example, certain plaintiffs obtained a court order allowing them to file claims using a pseudonym.[3] Because the Archdiocese has already been ordered by state courts to maintain the confidentiality of certain plaintiffs, it has a legal duty to protect these identities. Moreover, the Archdiocese has moral and ethical duty to protect the identities of all Abuse Claimants unless they

---

[3] *See John Doe v. The Roman Catholic Church Archdiocese of New Orleans*, 18-10864 (Civ. Dist. Ct. Orl. Parish, La.); *John Roe 1 v. The Roman Catholic Church Archdiocese of New Orleans*, 18-13369 (Civ. Dist. Ct. Orl. Parish, La.); *C.J. Doe v. The Roman Catholic Church Archdiocese of New Orleans*, 18-12393 (Civ. Dist. Ct. Orl. Parish, La.); *J.W. Doe v. Archdiocese of New Orleans Indemnity, Inc.*, 19-3947 (Civ. Dist. Ct. Orl. Parish, La).

choose to identify themselves. Such individuals should not be required to make their identities known to the public in order to participate in this Chapter 11 Case.

19. The Archdiocese proposes that only plaintiffs who have already filed suit will be identified on public matrices and schedules, and they will be identified only by their counsel and in the manner that they listed in their respective summons and petitions. On all schedules and matrices filed under seal, Abuse Claimants will be identified by their true names to the extent it is known to the Archdiocese.

20. In addition to the filing of the Master Creditor Mailing Matrix under seal, the Archdiocese will file a redacted version of the Master Creditor Mailing Matrix on the docket for use by other parties seeking to provide notice in this Chapter 11 Case. The Archdiocese has concurrently with this Motion also filed a separate motion seeking approval of the retention of a claims noticing agent to help fulfill these confidential noticing procedures, to keep claimants informed of developments in the Chapter 11 Case, and to assist in the claims and solicitation processes with respect to all Abuse Claimants and other creditors in this Chapter 11 Case.

21. Relief similar to that requested in this Motion has been requested and granted in a number of other diocesan cases on similar facts. *See In re the Diocese of Rochester*, Case No. 19-20905, Dkt. 29, (Bankr. W.D.N.Y. Sept. 13, 2019); *In re Archbishop of Agana*, Case No. 19-10, Dkt. 45 (Bankr. D. Guam Jan. 18, 2019); *In re Roman Catholic Church of the Archdiocese of Santa Fe*, Case. No. 18-13027, Dkt. 31 (Bankr. D.N.M. Dec. 4, 2018); *In re The Diocese of New Ulm*, Case. No. 17-30601, Dkt. 29 (Bankr. D. Minn. Mar. 7, 2017); *In re Diocese of Duluth*, Case No. 15-50792, Dt. 24 (Bankr. D. Minn. Dec. 17, 2015); *In re The Archdiocese of Saint Paul and Minneapolis*, Case. No. 15-30125, Dkt. 53 (Bankr. D. Minn. Jan. 1, 2015); *In re Roman Catholic Church of the Diocese of Gallup*, Case No. 13-13676, Dkt. 63 (Bankr. D.N.M. Nov. 25, 2013); *In*

*re The Catholic Bishop of Spokane*, Case No. 04-8822 (Bankr. E.D. Wash. Dec. 6, 2004); *In re The Roman Catholic Church of the Diocese of Tuscon*, Case No. 04-4721 (Bankr. D. Ariz. Sept. 27, 2004).

### Interim Relief is Appropriate to Avoid Immediate Irreparable Harm under Bankruptcy Rule 6003

22. Bankruptcy Rule 6003 provides that a bankruptcy court may approve a motion to "use, sell, [or] lease" property of the estate, or to "pay all or part of a claim that arose before the filing of the petition," prior to twenty-one (21) days after the filing of the petition, "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Immediate and irreparable harm exists where, as is the case here, the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't. Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in the context of Bankruptcy Rule 4001). The Archdiocese submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Archdiocese, as described herein, and that cause exists under Bankruptcy Rule 6003 for the Court to grant immediate relief.

### Waiver of Bankruptcy Governing Notice and Stay

23. Given the nature of the essential and critical relief requested herein, the Debtor respectfully requests a waiver of (a) the notice requirements under Bankruptcy Rule 6004(a), and (b) the 14-day stay under Bankruptcy Rules 6004(h), 7052, 9014, or otherwise.

### Debtor's Reservation of Rights

24. Nothing contained in this Motion should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's right to dispute any claim, the approval or assumption of any contract or lease under section 365 of the Bankruptcy Code, or the

Debtor's waiver any of its rights under any applicable law, including, without limitation, the 1983 Code of Canon Law for the Church, the First Amendment of the United States Constitution, the Constitution of the State of Louisiana, the Religious Freedom Restoration Act, the church autonomy doctrine, any applicable charitable trust law, the right to object to disclosure of information, and the right to contend that assets that may be discussed in this Motion are not property of the estate.

**Notice**

Notice of this Motion has been provided to the following: (a) creditors who claim to hold security interests or liens, including Hancock Whitney Bank, KS State Bank, and Dell Financial Services LP, together with any of their known counsel; (b) the Archdiocese's twenty (20) largest unsecured creditors, together with any of their known counsel; (c) all parties who have requested special notice pursuant to Bankruptcy Rule 2002, together with any of their known counsel; (d) counsel for any official committee appointed herein; (e) the Office of the United States Trustee for the Eastern District of Louisiana; and (f) all applicable governmental agencies to the extent required by the Bankruptcy Rules and the Local Rules, together with any of their known counsel. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

**No Prior Request**

25. The Debtor has not previously sought the relief in this Motion from this or any court.

**WHEREFORE**, The Roman Catholic Church of the Archdiocese of New Orleans respectfully request (i) entry of an order, substantially similar to the Order attached as Exhibit A, and (ii) such other further relief as is just.

Dated: May 1, 2020

Respectfully submitted,

  /s/ *Mark A. Mintz*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: lashley@joneswalker.com

**PROPOSED ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS**