UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | Section "A" |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

**CONSOLIDATED LIMITED OBJECTIONS OF CERTAIN ABUSE VICTIMS
TO FIRST DAY MOTIONS**
[Relates to Docket # 4, 5, 6, 7, 8, 9, and 10]

The undersigned counsel, on behalf of certain abuse victim claimants including claimants with active litigation filed against the Debtors (the "Abuse Victims"),[1] file this *Consolidated Limited Objections to First Day Motions* (the "Objection") in reference to the seven "first day motions" filed in the above-styled bankruptcy case (the "Bankruptcy Case") on May 1, 2020 by the above-captioned debtor and debtor in possession (the "Archdiocese" or the "Debtor"). Accordingly, the Abuse Victims state as follows:

**I. SUMMARY OF LIMITED OBJECTIONS**

1.  This Objection is filed to present certain limited language revisions and additions to the forms of order presented on each of the first day motions. The redline changes requested are set forth in the attached Exhibits.

---

[1] These claimants include Plaintiffs in lawsuits including, without limitation, state court lawsuits in which the Debtor has sought to remove to the United States District Court, including without limitation a number of cases beginning with Case No. 20-1317, *A.A. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans*.

1

82876080v.1

## II.     LIMITED OBJECTIONS

### A.     Introduction

2. The central focus of this bankruptcy case—and the apparent reason for the filing—is the tragic pattern of abuse experienced by hundreds of children within the Archdiocese. To orient the parties and provide perspective on this background, the undersigned counsel submits the attached statement, attached hereto as **Exhibit "A."** This statement provides context and background for the tragic circumstances that are at the heart of this case.

3. The Abuse Victims respectfully submit the limited objections set forth below, along with the proposed redline revisions to the proposed orders set forth in the attached Exhibits.

4. The attached redlines and proposed language changes have been submitted to counsel for the Debtor, and the parties will endeavor to attempt to settle language before the hearing on this matter. In an abundance of caution, the Abuse Victims have filed this formal objection to state their concerns and present their proposed language.

5. Reference is made below to this Court's December 4, 2019 (and updated as of April 30, 2020) General Order Regarding Procedures for Complex Chapter 11 Cases (the "Complex Case Order"), which applies in this matter.

### B.     Expedited Motion for an Order Authorizing the Debtor to File Portions of the Schedules and SOFA, the Master Creditors Mailing Matrix, and Other Pleadings and Documents Under Seal
       **[Docket #4]**

6. In connection with the *Expedited Motion for an Order Authorizing the Debtor to File Portions of the Schedules and SOFA, the Master Creditors Mailing Matrix, and Other Pleadings and Documents Under Seal* [Docket #4] (the "Confidentiality Motion"), the Abuse Victims' proposed edits are mostly technical in nature and are set forth in the redline attached

hereto as **Exhibit "B."**

7. The Abuse Victims submit as follows:

- The order should be an interim order. Confidentiality for abuse victims is extremely important and other claimants and stakeholders, and an official committee, when appointed, should have the opportunity to weigh in on a final form of order.

- The attached redline includes language from other Catholic diocese Chapter 11 cases clarifying the procedure for other parties filing documents containing protected information.

- In an abundance of caution, a statement should be included stating that nothing in the order determines any issue regarding what property constitutes property of the estate or any claims under §§ 544-550 of the Bankruptcy Code.

- The redline attached also submits certain edits for clarity and consistency.

C. **Expedited Motion for Interim and Final Orders (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to Lender, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief**
[Docket #5]

8. In connection with the *Expedited Motion for Interim and Final Orders (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to Lender, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [Docket #4] (the "Cash Collateral Motion"), the Abuse Victims' proposed edits are set forth in the redline attached hereto as **Exhibit "C."**

9. The Abuse Victims submit as follows. As discussed below, the order departs in several respects from this Court's Complex Case Order, and the Abuse Victims respectfully submit that these matters should be addressed:

- No budget has been submitted. (The Complex Case Order (§IX.B) requires that a "First Budget" be submitted in advance of the hearing.)

- The Cash Collateral Motion does not separately highlight provisions as required under the Complex Case Order (§IX.D and E) and does not provide the specific reasons required by the Complex Case Order explaining why such provisions

3

82876080v.1

should be approved, including:[2]

- Cross-collateralization protections: Among other new protections, the Lender under the proposed order would receive security interests in new, post-petition funds and collections, *See* proposed order, Docket # 5-1 at ¶4(b).)

- Expansive findings of fact and stipulations binding the estate: Such provisions would bind the rights of the estate and other parties in interest, with no challenge period as **required** under Section IX.F of this Court's Complex Case Order. (*See* proposed order, Docket # 5-1 at ¶¶C, G, H, and 18.)

- Section 506(c) language: The proposed order does include language referencing Section 506(c). (*See* proposed order, Docket # 5-1 at ¶and 11.)

- Liens on avoidance actions: The proposed order proposes to grant the Lender liens on all avoidance actions. (*See* proposed order, Docket # 5-1 at ¶4(a).)

- Default provisions and remedies: The proposed order includes expansive default provisions and remedies. (*See* proposed order, Docket # 5-1 at ¶¶8-9.)

- Releases of claims against lender: The proposed order includes releases against the lender. (*See* proposed order, Docket # 5-1 at ¶C.)

- Provisions impacting Section 552(b): The proposed order includes several provisions purporting to limit the Court's power to consider the equities of the case under Section 552(b). (*See* proposed order, Docket # 5-1 at ¶¶H and 11-12.)

• The attached redline includes language in an attempt to address the above, and to address other matters of clarity and consistency.

**D. Expedited Motion for Interim and Final Orders (A) Authorizing the Debtor to Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Authorizing the Debtor to Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, and (C) Scheduling a Final Hearing**
**[Docket #6]**

10. In connection with the *Expedited Motion for Interim and Final Orders (A) Authorizing the Debtor to Continue Insurance Coverage Entered into Prepetition and Satisfy*

---

[2] The Complex Case Order states that "**The inclusion of these types of provisions will require an extraordinary showing at any interim hearing**." Complex Case Order (§IX.D)

4

*Prepetition Obligations Related Thereto, (B) Authorizing the Debtor to Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, and (C) Scheduling a Final Hearing* [Docket #6] (the "Insurance Motion"), the Abuse Victims' proposed edits are set forth in the redline attached hereto as **Exhibit "D."**

11. The Abuse Victims submit as follows:

    - The order should be an interim order.

    - Due to the complex relationships with non-debtor affiliates (which have not yet been fully described), the attached redline includes language in an abundance of caution to maintain the status quo and limit the interim relief, and reserve rights as to payments to non-debtor affiliates.

    - In an abundance of caution, the attached redline includes a statement that nothing in the order determines any issue regarding what property constitutes property of the estate or any claims under §§ 544-550 of the Bankruptcy Code.

E. **Expedited Motion for an Order (I) Authorizing But Not Directing, the Debtor to Pay Certain Prepetition (A) Wages, Salaries and Other Compensation, (B) Employee Medical and Similar Benefits, and (II) Authorizing and Directing the Applicable Banks and Financial Institutions to Honor and Pay All Checks and Transfers Associated with the Foregoing [Docket #7]**

12. In connection with the *Expedited Motion for an Order (I) Authorizing But Not Directing, the Debtor to Pay Certain Prepetition (A) Wages, Salaries and Other Compensation, (B) Employee Medical and Similar Benefits, and (II) Authorizing and Directing the Applicable Banks and Financial Institutions to Honor and Pay All Checks and Transfers Associated with the Foregoing* [Docket #7] (the "Wages Motion"), the Abuse Victims' proposed edits are set forth in the redline attached hereto as **Exhibit "E."**

13. The Abuse Victims submit as follows:

    - The order should be an interim order.

    - Language should be included—following bankruptcy courts in other districts in Catholic diocese cases—stating that no payments are authorized under the order to persons against whom there have been substantiated or credible allegations of

5

sexual abuse of a minor or vulnerable adult. *See In re Diocese of Buffalo, N.Y.*, Case No. 20-10322 (United States Bankruptcy Court, Western District of New York), order entered on similar "wages" motion on April 6, 2020 (¶10). (*See* copy attached as **Exhibit "E-1"** hereto).³

- In an abundance of caution, the attached redline includes a statement that nothing in the order determines any issue regarding what property constitutes property of the estate or any claims under §§ 544-550 of the Bankruptcy Code.; and language reserving other rights.

- The redline attached also submits certain edits for clarity and consistency.

F. **Expedited Motion for Order (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtor on Account of Prepetition Amonts Due, (B) Establishing Procedures for Adequate Assurance for Determining Requests, and (C) Scheduling a Final Hearing**
[Docket #8]

14. In connection with the *Expedited Motion for Order (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtor on Account of Prepetition Amounts Due, (B) Establishing Procedures for Adequate Assurance for Determining Requests, and (C) Scheduling a Final Hearing* [Docket #8] (the "Utility Motion"), the Abuse Victims' proposed edits are set forth in the redline attached hereto as **Exhibit "F."**

15. The Abuse Victims submit as follows:

- In an abundance of caution, the attached redline includes a statement that nothing in the order determines any issue regarding what property constitutes property of the estate or any claims under §§ 544-550 of the Bankruptcy Code.

- The Utility Motion does not disclose whether services for non-debtor affiliates are implicated. In an abundance of caution, the attached redline includes language stating that the order shall not apply to, or authorize payments made on behalf of, or services provided to, non-debtor affiliates.

---

³ In light of this issue, the Abuse Victims respectfully submit that this matter may be outside of the provision under the Complex Case Order stating that a wages order should be a final order entered at the first day hearing. Complex Case Order (§XIV)

6

82876080v.1

G. **Expedited Motion for Entry of (A) Interim and Final Orders Authorizing (I) the Maintenance of Existing Accounts, Continued Use of Existing Cash Management System, and Continued Use of Existing Business Forms, (II) Waiving the Requirements of Section 345(b) of the Bankruptcy Code, and (III) Granting Related Relief, and (B) an Order Scheduling a Final Hearing [Docket #9]**

16. In connection with the *Expedited Motion for Entry of (A) Interim and Final Orders Authorizing (I) the Maitenance of Existing Accounts, Continued Use of Existing Cash Management System, and Continued Use of Existing Business Forms, (II) Waiving the Requirements of Section 345(b) of the Bankruptcy Code, and (III) Granting Related Relief, and (B) an Order Scheduling a Final Hearing* [Docket #9] (the "Cash Management Motion"), the Abuse Victims' proposed edits are set forth in the redline attached hereto as **Exhibit "G."**

17. The Abuse Victims submit as follows:

- In an abundance of caution, the attached redline includes standard language that the Debtor shall not issue any checks post-petition for pre-petition obligations, except as authorized by Orders of this Court.

- In an abundance of caution, the attached redline includes a statement that nothing in the order determines any issue regarding what property constitutes property of the estate or any claims under §§ 544-550 of the Bankruptcy Code, and reserves rights as to certain findings and determinations.

H. **Expedited Application to Employ Donlin Recano as Claims, Noticing and Solicitation Agent for the Debtor Nunc Pro Tunc to the Petition Date [Docket #9]**

18. In connection with the *Expedited Application to Employ Donlin Recano as Claims, Noticing and Solicitation Agent for the Debtor Nunc Pro Tunc to the Petition Date* [Docket #10] (the "Claims Agent Motion"), the Abuse Victims' proposed edits are set forth in the redline attached hereto as **Exhibit "H."**

19. The Abuse Victims submit as follows:

- The order should be an interim order and should be limited, pending a final hearing, to engaging the agent to send out notices of the matters formally filed on the docket and maintaining the website including the public docket. (There is no

7

emergency requiring anything further at this time.)

- The expansive services that the Debtor proposes to be provided implicate a number of issues and consideration should be deferred to a final hearing with sufficient time to consider such issues:

    o Under the Confidentiality Motion and an anticipated confidentiality protocol to be entered later concerning abuse proofs of claim, there are significant confidentiality issues in this case. Any services provided by a claims and noticing agent must be consistent with these protections and safeguards must be included in the order outlining the services.

    o The Claims Agent Motion and definition of "services" contemplates a broad role contacting creditors and the public (Claims Agent Motion, ¶14(a) and (e)). This leads to, among other concerns, a concern that communications other than pleadings and docket matters may be sent to potential claimants and other abuse victims—under the imprimatur of a court-approved noticing agent—that have not been approved by this Court.

    o In a similar vein, the proposed services include: "The claims agent may assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtor or the Court, including through the use of a case website and/or call center." (Claims Agent Motion, ¶14(o), emphasis added). This should be deferred to a final hearing.

- The attached redline limits the interim relief as stated above.[4]

20.  The Abuse Victims reserve all rights and arguments as review of the proposed orders and relief continues.

WHEREFORE the Abuse Victims request: 1) that this Objection be considered, 2) that the First Day Motions be denied absent making the changes requested herein, and 3) that the Abuse Victims be granted all other proper relief under law or at equity.

---

[4] In light of this issue, the Abuse Victims respectfully submit that this matter may be outside of the provision under the Complex Case Order stating that a wages order should be a final order entered at the first day hearing. Complex Case Order (§XIV)

8

Dated: May 4, 2020.

        Respectfully submitted:

*/s/ Soren E. Gisleson*[5]
**SOREN E. GISLESON (#26302)**
**JOSEPH E. "JED" CAIN (#29785)**
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Office: 504-581-4892
Fax: 504-561-6024
Email: SGISLESON@hhklawfirm.com
Email: JCAIN@hhklawfirm.com

AND

**JOHN H. DENENEA, JR. (#18861)**
**SHEARMAN~DENENEA, L.L.C.**
4240 Canal Street
New Orleans, LA 70119
Telephone: (504) 304-4582
FAX: (504) 304-4587
jdenenea@midcitylaw.com

AND

**RICHARD C. TRAHANT (#22653)**
**ATTORNEY AT LAW**
2908 Hessmer Avenue
Metairie, LA 70002
Telephone: (504) 780-9891
FAX: (504) 780-9891
Email: trahant@trahantlawoffice.com

*Attorneys for Abuse Victims*

---

[5] Due to time exigencies and limitations of the CM-ECF system over the weekend hours, this pleading has been filed by authorization of the undersigned by C. Davin Boldissar, Locke Lord LLP (La. #29094), 601 Poydras St., Suite 2660, 504-558-5100, dboldissar@lockelord.com. Mr. Boldissar and Omer F. Kuebel, III of Locke Lord LLP are consulting with and advising the undersigned counsel on bankruptcy and insolvency issues.

9

82876080v.1

**CERTIFICATE OF SERVICE**

       I hereby caused a true and correct copy of the foregoing *Consolidated Limited Objections* to be served on May 4, 2020 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* through the Master Service List via first-class United States mail, postage prepaid, to be sent on May 4, 2020.

       */s/ Soren E. Gisleson*
       Soren E. Gisleson

82876080v.1