EXHIBIT "B"

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:** | § § | **Case No. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | § § § § | **Section "A"** |
| | § § | **Chapter 11** |
| Debtor.[1] | § § | |

## <u>**INTERIM** ORDER AUTHORIZING THE ROMAN CATHOLIC CHURCH FOR THE ARCHDIOCESE OF NEW ORLEANS TO FILE PORTIONS OF THE SCHEDULES AND SOFA, THE MASTER CREDITOR MAILING MATRIX, AND OTHER PLEADINGS AND DOCUMENTS UNDER SEAL</u>

Upon the motion of The Roman Catholic Church for the Archdiocese of New Orleans (the "**Debtor**" or the "**Archdiocese**") for entry of an order authorizing the Archdiocese to file under seal portions of the Schedules and SOFA, an unredacted version of the Master Creditor Mailing Matrix, and to seek approval to file under seal any additional pleadings in this Chapter 11 Case that may contain <u>the names of individuals whose claims against the Archdiocese are premised on allegations of abuse, and any other identifying information such as a social security number, address, telephone number, names of close relatives, e-mail addresses, or other similar information ("Confidential Information")</u> <s>(as defined below)</s> on an expedited basis (the "**Motion**");[1] and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given under the circumstances <s>and that, except as otherwise</s> ordered herein, no other or further notice is necessary; and the Court having reviewed the Motion and the record

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

in this Chapter 11 Case and determined that granting the relief requested in the Motion on an interim basis is in the best interests of the Archdiocese, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1. The Motion is granted on an interim basis. If objections are timely filed, a final hearing will be held on _____, 2020. Objections to the Archdiocese's requested relief must be filed within 21 days after service of this Order. This Order shall be served on all parties in this case, with appropriate notice of hearing.as set forth herein.

2. The Archdiocese is authorized and directed to:

    a. file under seal portions of the Schedules, including but not limited to Schedule F, the Statement of Financial Affairs ("**SOFA**") and an unredacted copy of the Master Creditor Mailing Matrix and to seek approval on an expedited basis to file under seal any other pleadings, reports, or other documents thatany other pleadings, reports or other documents that might be filed from time to time in this Chapter 11 Case, that, if made publicly available, would disclose any of the Confidential Information;

    b. publicly file redacted copies of the Master Creditor Mailing Matrix and portions of the Schedules and SOFA (and any other documents and filings containing Confidential Information) so as to eliminate Confidential Information from those documents;

    c. identify, schedule and notify creditors who are individuals whose claims against the Archdiocese are premised on allegations of abuse Abuse Claimants who are represented by counsel by and through their counsel on Schedule F and the Master Creditor Mailing Matrix;

    d. provide copies of the sealed portions of any such pleadings, reports or documents to the Office of the United States Trustee, as necessary, and authorizing the United States Trustee to use such documents in the discharge of its duties and obligations, including but not limited to the solicitation and appointment of any committee under 11 U.S.C. § 1102 but as protected by 11 U.S.C. § 107(c)(3);

    e. provide sealed reports, documents and pleadings to counsel for any committee appointed under 11 U.S.C. § 1102 who has been retained pursuant to Court approval, but only after confidentiality procedures are approved by the Court;

    f. file a full and complete unredacted copy of the mailing matrix above (the "**Confidential Mailing List**") with the Court to be held under seal pending further order of the Court; and

    g. provide that if the Debtor's claims and noticing agent, Donlin, Recano & Company, Inc. (the "**Claims Agent**") serves any document upon any entity or person listed on the Confidential Mailing List, the Claims Agent is authorized to either (i) note in the certificate of service that the parties served include entities or persons listed on the Confidential Mailing List; or (ii) refer to said entities or persons listed on the Confidential Mailing List with a unique identification number.

3. ~~The clerk of court shall not provide any notices to those creditors on Schedule F filed under seal.~~

~~3.~~4. Any and all parties shall follow the following procedures when filing a pleading, report or other document that contains the Confidential Information and requiring such documents to be filed under seal: (i) for CM/ECF participants, the sealed documents must be filed in accordance with CM/ECF Electronic Filing Manual; (ii) for all other parties, the sealed documents must be delivered to the Clerk's Office in a sealed envelope. A copy of the Court's order authorizing the sealing of the documents must be attached to the outside of the envelope. The party filing the pleading, report or other document containing the Confidential Identifying Information must serve a copy of the un-redacted version on the Archdiocese and the affected party.

~~4.~~5. The Archdiocese's authorization to file the documents referenced in paragraph 2 of this Order under seal shall be carried out in accordance with the directions of the clerk of court.

~~5.~~6. This Order is without prejudice to any future determined confidentiality protocol regarding filing of proofs of claim and objections to proofs of claim. This Order shall apply only to pleadings and other documents containing Confidential Information; to the extent that any party seeks to file any other matter under seal, such matter shall be submitted under separate motion and order.

7. Nothing contained herein or in the Motion is intended or should be construed as an admission or determination as to the validity of any claim against the Archdiocese, a waiver of the Archdiocese's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code, nor does the Archdiocese waive its rights under the Code of Canon law, or any applicable State or Federal law.

~~6.~~8. Nothing in this order determines any issue regarding what property constitutes property of the estate and does not determine any claims under §§ 544-550 of the Bankruptcy Code.

9. This Order is immediately effective and enforceable on an interim basis, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise. Any subsequent modification of this Order shall not invalidate any action taken pursuant to this Order prior to the modification of the Order.

7.10. A final hearing on the Motion shall be held on **May [•1, 2020, at [•1.m. (Central Time)** (as the same may be continued, from time to time, the "**Final Hearing**"), before the Honorable [•] in the United States Bankruptcy Court for the Eastern District of Louisiana, which is located at 500 Poydras Street, Courtroom 709-B, New Orleans, LA.

8.11. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

9.12. Counsel shall serve this Order on the required parties pursuant to this Court's Order Limiting Notice, and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, this __ day of May, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

_____