**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**<u>INTERIM</u> ORDER APPOINTING DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT FOR THE DEBTOR PURSUANT TO 28 U.S.C. § 156(c), <u>*NUNC PRO TUNC* TO THE PETITION DATE</u>**

Upon the expedited application (the "**Application**")[2] of the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**") for entry of an order pursuant to section 156(c) of title 28 of the United States Code (the "**Bankruptcy Code**"), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtor to retain and appoint Donlin, Recano & Company, Inc. ("**DRC**") as claims and noticing agent in the Case; and upon consideration of the Voorhies Declaration submitted in support of the Application; and upon consideration of the First Day Declaration; and the Court being satisfied, based on the representations made in the Voorhies Declaration, that DRC does not represent or hold any interest adverse to the Debtor or the Debtor's estate; and it appearing that the Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334 and 157, and it appearing that the Application is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of

---

[1] The last four digits of the Debtor's federal tax identification number are XXXX. The Debtor's ~~principal place of business is loca~~ted at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

this Case and of the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Application has been given under the circumstances, and that no other or further notice need be given; and it appearing that the employment of DRC is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**IT IS ORDERED that:**

The Debtor is authorized to retain DRC effective as of the Petition Date under the terms of the Engagement Agreement on an interim basis, ~~and~~ provided that DRC is only authorized and directed to perform noticing services ~~and to receive, maintain, record, and otherwise administer the proofs of claim filed in the Case, and all related tasks, all as described in the Application~~and provide service of pleadings, orders and notices limited to those matters formally filed on the docket of the above-captioned bankruptcy case.

~~DRC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Case and is authorized and directed to maintain the official claims register for the Debtor, to provide the Clerk with a certified duplicate thereof upon the request of the Clerk, and to provide public access to every proof of claim unless otherwise ordered by the Court.~~

~~DRC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim;~~

~~DRC is authorized to take such other action to comply with all duties set forth in the Application.~~

The Debtor is authorized to compensate DRC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by DRC and the rates charged for each, and to reimburse DRC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for DRC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

DRC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtor, the office of the United States Trustee, counsel for the Debtor, counsel for any official committee, if any, monitoring the expenses of the Debtor, and any party-in-interest who specifically requests service of the monthly invoices.

The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of DRC under this Order shall be an administrative expense of the Debtor's estate.

DRC may apply its prepetition retainer to all prepetition invoices and thereafter, DRC may hold the DRC Retainer under the Engagement Agreement during the Case as security for the payment of fees and expenses under the Engagement Agreement. Following the termination of the Engagement Agreement, DRC shall return to the Debtor any amount of the DRC Retainer that remains.

The Debtor shall indemnify DRC under the terms of the Engagement Agreement. All requests by DRC for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court.

~~In the event DRC is unable to provide the services set out in this order, DRC will immediately notify the Clerk and Debtor's attorneys and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's attorneys.~~

The Debtor and DRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction and power with respect to all matters arising from or related to the implementation of this Order.

In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

<ins>A final hearing on the Motion shall be held on May --, 2020, at [•].m. (Central Time) (as the same may be continued, from time to time, the "Final Hearing"), before the Honorable Meredith S. Grabill in the United States Bankruptcy Court for the Eastern District of Louisiana, which is located at 500 Poydras Street, Courtroom 709-B, New Orleans, LA.</ins>

Counsel shall serve this Order on the required parties pursuant to this Court's Order Limiting Notice [Docket No. 3], and file a certificate of service to that effect within three (3) days. New Orleans, Louisiana, this __ day of May, 2020.

                                                      MEREDITH S. GRABILL
                                                      UNITED STATES BANKRUPTCY JUDGE