# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | § § § § | Section "A" |
| | § | Chapter 11 |
| Debtor.[1] | § § § | |

## APPLICATION TO EMPLOY JONES WALKER LLP AS ATTORNEYS FOR THE DEBTOR

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 18, 2020, AT 1:30 P.M. BY TELEPHONE THROUGH THE DIAL-IN FOR SECTION A 1-888-684-8852; CONFERENCE CODE 9318283. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

{N3983933.8} 1

**NOW INTO COURT**, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), who files this application for the entry of an order authorizing the employment of Jones Walker LLP ("**Jones Walker**"), as counsel for the Debtor, *Nunc Pro Tunc* to the Petition Date (the "**Application**"), pursuant to §§ 327(a) of the Bankruptcy Code, 11 U.S.C. §101 et. seq. (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Louisiana (the "**Local Rules**"). In support of this Application, the Archdiocese relies on and incorporates by reference the *Declaration of Father Patrick Carr in Support of First Day Motions* (the "**First Day Declaration**") and upon the *Declaration of Mark A. Mintz in Support of the Application* (the "**Mintz Declaration**") attached hereto as **Exhibit D**, and respectfully shows as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory bases for the relief requested herein are §§ 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## Background

3. On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtor remains in possession of its property and is

managing its businesses as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee has been appointed, and no official committee has been appointed in this case (the "**Chapter 11 Case**").

## Relief Requested

5. The Archdiocese seeks approval, pursuant to § 327(a) of the Bankruptcy Code, to employ and retain Jones Walker as its counsel in connection with the commencement and prosecution of this Chapter 11 Case. Pursuant to §§ 328(a), 330, and 331 of the Bankruptcy Code, the Archdiocese, as a debtor-in-possession, requests that the Court approve the retention and compensation of Jones Walker as its attorneys to perform the legal services that will be necessary during the Chapter 11 Case in accordance with Jones Walker's normal hourly rates in effect when the services are rendered and normal reimbursement policies. The proposed Order granting this Application is attached as **Exhibit A.**

## Jones Walker's Qualifications

6. The Archdiocese selected Jones Walker as its attorneys because of the firm's experience in the field of bankruptcy and business reorganizations under Chapter 11 of the Bankruptcy Code. Jones Walker is frequently retained to act as general restructuring counsel in complex chapter 11 cases, and has represented debtors, various committees, and other parties-in-interest, in the following cases (among others): *In re Interlogic Outsourcing*, Case No. 20-325 (Bankr. W.D. Mich. Jan. 20, 2020); *In re Najeeb A. Khan*, Case No. 19-4258 (Bankr. W.D. Mich. Oct. 8, 2019) *In re PHI, Inc.*, Case No. 19-30923 (Bankr. S.D. Tex. Mar. 14, 2019); *In re Weatherly Oil & Gas, LLC*, Case No. 19-31087 (Bankr. S.D. Tex. Feb. 28, 2018) *In re*

*Westmoreland Coal Co.*, Case No. 18-35672 (Bankr. S.D. Tex. Oct. 9, 2018); *In re iHeartMedia, Inc.*, Case No. 18-31274 (Bankr. S.D. Tex. Mar. 15, 2018); *In re Pacific Drilling S.A.*, Case No. 17-13193 (Bankr. S.D.N.Y. Nov. 12, 2017); *In re Horizon Shipbuilding*, Case No. 17-04041 (S.D. Ala. Oct. 24, 2017); *In re Nat'l Truck Funding, LLC*, Case No. 17-51243 (Bankr. S.D. Miss. June 26, 2017)*; In re Tidewater Inc.,* Case No. 17-11132 (Bankr. D. Del. May 17, 2017); *In re FlyGLO, LLC*, Case No. 17-11015 (Bankr. E.D. La. Apr. 23, 2017); In *re LMCHH PCP, LLC,* Case No. 17-10353 (Bankr. E.D. La. Jan. 30, 2017); *In re IREP Montgomery-MRF, LLC,* Case No. 16-32279 (Bankr. M.D. Ala. Aug. 20, 2016); *In re Louisiana Pellets, Inc.*, Case No. 16-80162 (Bankr. W.D. La. Feb. 18, 2016); *In re Cal Dive Int'l, Inc.*, 15- 10458 (Bankr. D. Del. Mar. 3, 2015); *In re Piccadilly, LLC*, Case No. 12-51127 (Bankr. W.D. La. Sept. 21, 2012); *In re Cmty. Home Fin. Servs., Inc.*, Case No. 12-01703 (Bankr. S.D. Miss. May 23, 2012); *In re Entergy New Orleans, Inc.*, Case No. 05-17697 (Bankr. E.D. La. Sept. 23, 2005).

7. Jones Walker is both qualified and able to represent the Archdiocese in the Chapter 11 Case in a most efficient and timely manner. A statement concerning the qualifications of the relevant Jones Walker attorneys is attached hereto as **Exhibit B.**

8. In addition to its extensive restructuring expertise, Jones Walker is uniquely qualified to represent the Debtor in this Chapter 11 Case. For many years, Jones Walker has represented the Archdiocese in a broad range of legal matters, including transactional and litigation matters. Because of the breadth of Jones Walker's past and current representation of the Archdiocese, Jones Walker attorneys are personally familiar with the Archdiocese's operations. Jones Walker has also advised the Archdiocese on various strategic options for reaching an equitable global resolution of abuse claims (the "**Abuse Claims**") against the

Archdiocese, including restructuring alternatives. As such, Jones Walker has become familiar with the Debtor's non-profit operations, financial affairs, Clergy Abuse claims history, organizational structure and the potential legal issues that may arise in the context of this Chapter 11 Case. Accordingly, the Debtor believes that Jones Walker is both well qualified and uniquely able to represent the Debtor in this Chapter 11 Case in an efficient and expert manner. The Debtor could not replace Jones Walker without incurring significant costs in terms of the time and money that would be required to select and educate replacement counsel. The Debtor's Declaration regarding the retention of Jones Walker is attached hereto as **Exhibit E.**

9. Jones Walker will bill the Archdiocese for services performed at current hourly rates and current charges for certain expenses. R. Patrick Vance, Elizabeth J. Futrell, Mark A. Mintz, and Laura F. Ashley are the partners who will be principally responsible for the representation.

**Scope of Services**

10. The services of Jones Walker under a general retainer are appropriate and necessary to enable the Archdiocese to execute its duties as a debtor and a debtor-in-possession faithfully and to implement the restructuring and reorganization of the Debtor. Subject to further order of this Court, it is proposed that Jones Walker be employed as counsel to render the following professional services:

   i. advising the Archdiocese with respect to its rights, powers and duties as Debtor and Debtor-in-Possession in the continued operation and management of the business and its assets;

   ii. preparing and pursuing confirmation of a plan of reorganization and approval of a disclosure statement;

iii. preparing on behalf of the Archdiocese all necessary applications, motions, answers, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed;

iv. advising the Archdiocese concerning and preparing responses to applications, motions, pleadings, notices and other documents which may be filed by other parties herein;

v. appearing in Court to protect the interest of the Debtor before this Court;

vi. representing the Debtor in connection with use of cash collateral and/or obtaining postpetition financing;

vii. advising the Debtor concerning and assisting in the negotiation and documentation of financing agreements, cash collateral orders and related transactions;

viii. investigating the nature and validity of liens asserted against the property of the Archdiocese, and advising the Archdiocese concerning the enforceability of liens;

ix. investigating and advising the Archdiocese concerning, and taking such action as may be necessary to collect income and assets in accordance with applicable law, and the recovery of property for the benefit of the Debtor's estate;

x. advising and assisting the Debtor in connection with any potential property dispositions;

xi. advising the Debtor concerning executory contract and unexpired lease assumptions, assignments, or rejections;

xii. take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections, as necessary, to relief sought and claims filed against the Debtor's estate;

xiii. advising the Debtor concerning the settlement of claims against the Debtor's insurers;

xiv. provide legal advice and perform legal services with respect to matters relating to corporate governance, the interpretation, application or amendment of the Debtor's organizational documents, material contracts, and matters involving the fiduciary duties of the Debtor and its officers, directors and managers; and

xv. providing other legal services for the Debtor which may be necessary and proper in this Chapter 11 Case.

11. It is necessary for the Archdiocese to employ attorneys under a general retainer to render the foregoing professional services. Subject to this Court's approval of the Application, Jones Walker is willing to serve as the Archdiocese's general bankruptcy counsel to perform the services described herein.

**No Duplication of Services**

12. The Debtor has filed or intends to file shortly, applications to employ Carr, Riggs & Ingram, LLC, as financial advisor. The Debtor may also file further applications to employ additional professionals in this Chapter 11 Case. Rather than resulting in any extra expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will promote the efficient prosecution and effective administration of this Chapter 11 Case.

**Terms of Retention**

13. Jones Walker intends to apply to the Court for allowance of compensation earned for professional services and reimbursement of expenses incurred in connection with this Chapter 11 Case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court. Jones Walker will also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), both in connection with this Application and any applications for compensation and reimbursement of expenses to be filed by Jones Walker in this Chapter 11 Case.

14. Jones Walker will charge the Debtor for its legal services on an hourly basis at its ordinary and customary rates in effect on the date that such services are rendered and for reimbursement of all costs and expenses incurred by Jones Walker in connection with its representation of the Debtor. Jones Walker's hourly rates are set at a level designed to fairly compensate Jones Walker for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Jones Walker's proposed hourly fees in this Chapter 11 Case is within the range of those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to this Chapter 11 Case and are reasonable.

15. The compensation of Jones Walker's attorneys and paraprofessionals are proposed at varying rates currently from $155 to $170 per hour for paraprofessionals, $250 per hour to $270 per hour for associates, and $400 per hour to $490 per hour for partners of Jones Walker, subject to change from time to time, and all subject to application and approval by this Court pursuant to §§ 330 and 331 of the Bankruptcy Code.

16. The rates for services to be rendered by the particular attorneys at Jones Walker are shown on **Exhibit C** to the Application and incorporated herein. Below are the rates of the lawyers who will be working on this representation:

| ATTORNEY | POSITION | HOURLY RATE |
|---|---|---|
| R. Patrick Vance | Partner, Bankruptcy & Creditors' Rights | $490 |
| Elizabeth J. Futrell | Partner, Bankruptcy & Creditors' Rights | $490 |
| Mark A. Mintz | Partner, Bankruptcy & Creditors' Rights | $400 |
| Laura F. Ashley | Partner, Bankruptcy & Creditors' Rights | $400 |
| Lucas H. Self | Associate, Bankruptcy & Creditors' rights | $250 |
| Samantha Oppenheim | Associate, Bankruptcy & Creditors' rights | $250 |

17. In the event other attorneys are utilized their rates will be charged at their customary rates. Jones Walker respectfully submits that such rates are reasonable in light of the quality of the services being provided and the specialized nature of the services being provided. Additionally, Jones Walker's rates are consistent with the market.

18. Jones Walker will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Archdiocese in this Chapter 11 Case, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

19. The Archdiocese understands that Jones Walker hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that Jones Walker may seek interim compensation during this Chapter 11 Case as permitted by § 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and any further orders of this Court. Jones Walker understands that its compensation is subject to prior Court approval.

20. Jones Walker has agreed to accept as compensation such sums as may be allowed by the Court. Jones Walker understands that interim and final fee awards are subject to approval by this Court.

**Compensation Received by Jones Walker from the Debtor**

21. Up to and including the Petition Date, Jones Walker provided prepetition services and incurred prepetition expenses in connection with the Chapter 11 Case. In the past twelve months, the Debtor paid Jones Walker $1,999,509.78 for all pre-petition services and expenses rendered on behalf of the Debtor.

22. Prior to the Petition Date, as of March 9, 2020, Jones Walker held a retainer of $250,000. During the course of Jones Walker's prepetition representation of the Debtor, Jones Walker submitted invoices to the Debtor, and applied $148,609.06 of the retainer to certain invoiced fees and expenses. During the ninety days immediately preceding the Petition Date,

Jones Walker received the following payments and advances in the aggregate amount of $1,758,870.21.

23. After applying against the retainer certain fees and expenses earned and incurred prior to the Petition Date, the balance of the retainer is approximately $101,390.94 as of the date hereof. The remainder of the retainer held by Jones Walker will be allocated to Jones Walker's postpetition fees and expenses after such postpetition fees and expenses are allowed against the Debtor's estate, including pursuant to the interim compensation procedures permitted by the Chapter 11 Complex Case Order.

## Disinterestedness

24. As described in the Mintz Declaration, in connection with its proposed retention by the Debtor in this Chapter 11 Case, Jones Walker searched its electronic database with respect to the Debtor and a list of potential parties in interest in this Chapter 11 Case (collectively, the "**Potential Parties in Interest**"). The Potential Parties in Interest and the results of the search are set forth on Schedule 1 to the Mintz Declaration. To the best of the Debtor's knowledge, as disclosed in the Mintz Declaration, (a) Jones Walker is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Mintz Declaration.

25. Given the large number of parties in interest in this Chapter 11 Case and because the information on Schedule 1 may have changed without Jones Walker's knowledge and may

change during the pendency of the Debtor's Chapter 11 Case, Jones Walker is not able conclusively to identify all relationships or potential relationships with all creditors or other parties in interest in this Chapter 11 Case. If any new relevant facts or relationships are discovered or arise, Jones Walker will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

26. To the best of the Archdiocese's and Jones Walker's knowledge and based upon the Mintz Declaration, Jones Walker does not hold or represent an interest adverse to the Debtor or the estate, in accordance with § 327 of the Bankruptcy Code.

27. To the best of the Debtor's and Jones Walker's knowledge, information and belief and based upon the Mintz Declaration and as described below: (a) except as set forth herein or in the Mintz Declaration, Jones Walker has no connection with the captioned Debtor, the Debtor's creditors, the United States Trustee for the Eastern District of Louisiana (the "**U.S. Trustee**"), any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case, or its respective attorneys, financial advisors or accountants; (b) Jones Walker is not a creditor, equity security holder or insider of the Debtor; (c) none of Jones Walker's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of the Debtor; and (d) Jones Walker neither holds nor represents an interest adverse to the Debtor, its estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

28. The Archdiocese submits that the employment of Jones Walker would be in the best interest of the Archdiocese and the estate.

29. No party-in-interest has requested the appointment of a trustee, and thus no notice of this Application need be given and no hearing thereon need to be held because of the presumption afforded to the debtor-in-possession pursuant to § 1107(b) of the Bankruptcy Code

30. The Archdiocese requests that a final hearing on this Application be set for June 18, 2020 at 1:30 P.M.

## **Applicable Authority**

31. The Debtor is requesting authority to retain and employ Jones Walker as its attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval, may employ one or more attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a). A "disinterested person" is a person that (a) is not a creditor, an equity security holder, or an insider of the debtor; (b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason. 11 U.S.C. § 101(14).

> Bankruptcy Rule 2014(a) requires that a retention application state the following: [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

32. In general, subject to the requirements of sections 327(a) of the Bankruptcy Code, a debtor in possession is entitled to the counsel of its choosing. *See, e.g., In re Congoleum Corp.*, 426 F.3d 675, 686 (3d Cir. 2005) ("[C]ourts must be cautious about infringing on the right of the debtor to retain counsel of its choice"); *see also In re Vouzinas*, 259 F.3d 103, 112 (2d Cir. 2001) ("Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel . . . ."). Courts give "great deference" to the debtor in possession's choice of counsel. *See In re Enron Corp.*, Case No. 01-16034, 2002 WL 32034346, at *5 (Bankr. S.D.N.Y. May 23, 2002); *see also In re Huntco, Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002) ("A bankruptcy court . . . should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a).").

33. The Debtor submits that for all of the reasons stated above and in the Mintz Declaration, the retention and employment of Jones Walker as attorneys for the Debtor is warranted. Jones Walker is a "disinterested person" as required by section 327(a) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtor's estate, and has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Mintz Declaration.

**Debtor's Reservation of Rights**

34. Nothing contained in this Application should be construed as an admission as to the validity of any claim against the Archdiocese, a waiver of the Archdiocese's right to dispute any claim, the approval or assumption of any contract or lease under § 365 of the Bankruptcy

Code, or the Archdiocese's waiver any of its rights under any applicable law, including, without limitation, the 1983 Code of Canon Law for the Church, the First Amendment of the United States Constitution, the Constitution of the State of Louisiana, the Religious Freedom Restoration Act, the church autonomy doctrine, any applicable charitable trust law, the right to object to disclosure of information, and the right to contend that any assets are not property of the Debtor's estate.

## Notice

35. Notice of this Motion has been provided to the following: (a) creditors who claim to hold security interests or liens, including Hancock Whitney Bank, KS State Bank, and Dell Financial Services LP, together with any of their known counsel; (b) the Archdiocese's twenty (20) largest unsecured creditors, together with any of their known counsel; (c) all parties who have requested special notice pursuant to Bankruptcy Rule 2002, together with any of their known counsel; (d) counsel for any official committee appointed herein; (e) the Office of the United States Trustee for the Eastern District of Louisiana; and (f) all applicable governmental agencies to the extent required by the Bankruptcy Rules and the Local Rules, together with any of their known counsel. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## No Prior Request

36. The Archdiocese has not previously sought the relief in this Application from this or any court.

**WHEREFORE**, the Debtor prays that it be authorized to employ the firm of Jones Walker, and any of its attorneys or staff, to represent the debtor as debtor-in-possession under

Chapter 11 of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, and for such other relief as this Court may deem appropriate.

Dated:  May 15, 2020

Respectfully submitted,

 /s/ Lucas H. Self
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
LUCAS H. SELF (#37301)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA   70170
Telephone: (504) 582-8000
Facsimile:  (504) 589-8260
Email:  pvance@joneswalker.com
Email:  efutrell@joneswalker.com
Email:  mmintz@joneswalker.com
Email:  lashley@joneswalker.com
Email:  lself@joneswalker.com

**PROPOSED ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS**