## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH | § | |
| OF THE ARCHDIOCESE OF NEW | § | Section "A" |
| ORLEANS, | § | |
| | § | Chapter 11 |
| Debtor.[1] | § | |
| | § | |

---

### DEBTOR'S EX PARTE MOTION FOR AN ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIMS; APPROVING PROOF OF CLAIM FORM; AND APPROVING FORM AND MANNER OF NOTICE THEREOF

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the debtor-in-possession in the above captioned Chapter 11 case ("**Debtor**" or "**Archdiocese**"), and hereby files this Ex Parte Motion (the "**Motion**") for entry of an order pursuant to Section 501 of the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "**Bankruptcy Code**"), and Rules 2002(a) and 3001-3005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9013-1(D)(17): (i) fixing the time within which proofs of claims against the Debtor's estate are to be filed by persons or entities with (a) general unsecured claims (the "**General Bar Date**"), (b) government unit claims (the "**Government Unit Bar Date**"), and (c) Abuse Claims[2] (the "**Abuse Bar Date**," and, together with the General Bar Date, Government Unit Bar Date, and Abuse Bar Date, each a "**Bar Date**" and collectively the "**Bar Dates**"); (ii) approving the proposed Abuse Claim Form attached

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] The terms **Abuse Claim(s)** and **Abuse Claimant(s)** are as defined in Exhibit A hereto.

hereto as **Exhibit A**; (iii) approving procedures to maintain the confidentiality of proofs of claim

filed by Abuse Claimants; (iv) approving the form and manner of the proposed notices of the Bar

Dates as providing fair, reasonable and adequate notice of the Bar Dates; and (v) granting related

relief.  In support of the Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and

1334. Venue of this proceeding is proper in this district and before this Court pursuant to 28

U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105,

107, 502 and 503 and Bankruptcy Rules 2002, 1007, 3003 and 9018.

### Background

3.      On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for

relief under the Bankruptcy Code.

4.      The Archdiocese remains in possession of its property and is managing its

business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.      The Official Committee of Unsecured Creditors (the "**Creditors' Committee**")

was appointed on May 20, 2020 [ECF Nos. 94 and 114], and reconstituted on June 10, 2020

[ECF No. 151].

6.      Pursuant to Local Rule 9013-1(D)(17), on or about June 23, 2020, the Debtor

provided this Motion and its corresponding exhibits to the Creditors' Committee and the United

States Trustee for review and comment. The Debtor requested comments from the Creditors'

Committee and the United States Trustee no later than June 30, 2020.  On or about June 30,

2020, counsel for the Creditor's Committee informed the Debtor that the Creditor's Committee

would not provide any comments to the Bar Date Motion, because it intends to file a motion to dismiss the case.[3] The United States Trustee provided some comments.

7.     The Debtor did receive and incorporate comments from other parties in interest including, but not limited to, its insurers.  The United States Trustee, the Debtor, and the Debtor's insurers continue to discuss this Motion and the Exhibits hereto.  However, these parties believe that the setting of a Bar Date is an important step in providing the Debtor with the information it needs to formulate a Plan and eventually conclude this bankruptcy proceeding.

8.     The Debtor's Chapter 11 Case was filed in order to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly and equitably compensate Abuse Claimants and other creditors to whom the Debtor is liable.

9.      The establishment of a deadline to file claims is critical in this case because it will allow the Debtor and other necessary parties to understand the universe of claims asserted against the Debtor. Abuse Claims may not be reflected on the Debtor's books and records, and thus a notice process designed to give appropriate notice to potential claimants, coupled with a deadline to file claims, will allow the Debtor, and other parties in interest to review claims and then proceed with negotiations with the objective of settling the Abuse Claims and confirming a consensual plan of reorganization.

10.     Abuse Claims typically require disclosure of information beyond the scope of the standard proof of claims form. As such, the Debtor proposes an Abuse Claim Form (attached hereto as **Exhibit A**) that requests information necessary to evaluate Abuse Claims. The Debtor also acknowledges that maintaining confidentiality of Abuse Claimants' personally identifying information is critical. Therefore, the Debtor seeks approval of confidentiality protocols

---

[3] It is unclear why the imminent filing of a motion to dismiss precludes providing comments on the Bar Date Motion.

(described in detail below) to authorize filing Abuse Claims under seal, limit dissemination of such claim forms to necessary parties and require that such parties maintain their confidentiality.

## Relief Requested

11.     In order for the Debtor to, among other things, administer its estate, solicit acceptances or rejections in connection with a Chapter 11 plan, and to make distributions thereunder, the Debtor must obtain complete and accurate information regarding the nature, validity, and amount of all claims that will be asserted in this case. Consequently, the Debtor respectfully request that, pursuant to Bankruptcy Rule 3003(c)(3), the Court: (i) establish the Bar Dates and related claims procedure proposed herein; (ii) approve the proposed Proof of Claim Form for Abuse Claimants; (iii) approve proposed procedures allowing Abuse Claimants to file confidential proofs of claims; (iv) approve the manner for sealing confidential information; (v) approve the form and manner of the proposed notices of the Bar Dates; and (vi) grant related relief.

## The Bar Dates

### A.     The General Bar Date

12.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix a time within which proofs of claim must be filed. The Debtor requests that the Court fix **September 29, 2020 at 5:00 p.m. (prevailing Central Time)** as the General Bar Date to file a proof of claim in respect to a pre-petition claim (i.e., one that arose before May 1, 2020), as defined in section 101(5) of the Bankruptcy Code (each, a "**Claim**," and collectively, "**Claims**").[4]

---

[4] General Order 2019-4 (the "**Complex Case Procedures**") provides that "unless ordered otherwise" the general bar date is 90 days after the meeting of creditors and that "[t]he debtor(s) must provide notice of the bar date to those listed on the mailing matrix on or before the first date set for the meeting of creditors."  The Debtor submits that the proposed General Bar Date is necessary in order to allow the administration of this case to move forward without unnecessary delay. The General Bar Date will allow the Debtor to more definitively ascertain the number, amount and substance of claims asserted

13.     The General Bar Date shall be the date by which all entities holding pre-petition claims (each a "**General Claim**," and collectively, the "**General Claims**") must file proofs of claim; provided, however, General Claims do not include Abuse Claims[5] or Governmental Unit Claims.[6]

**B.     The Abuse Bar Date**

14.     The Debtor requests that the court also fix **September 29, 2020 at 5:00 p.m. (prevailing Central Time)** as the Abuse Bar Date. This Abuse Bar Date would be the date by which all Abuse Claims must be filed.

15.     As noted above, in order to avoid confusion, the Abuse Bar Date and the General Bar Date should be the same date.   Under the **Complex Case Procedures**, the bar date is presumed to be the date that is 90 days after the date first set for the meeting of creditors.   In this case, that date would have been August 27, 2020.   The Debtor believes that providing an extra 32 days will provide sufficient notice to known and unknown creditors while striking an appropriate balance of moving this bankruptcy case forward at an appropriate speed.

**C.     The Government Unit Bar Date**

16.     The Debtor requests that court fix **November 30, 2020 at 5:00 p.m.** (**prevailing Central Time**) as the Government Unit Bar Date for all Government Unit Claims (the "**Government Unit Claims**").   This Government Unit Bar Date would be the date by which all Government Unit Claims must be filed.

---

against the Debtor and the estate.   Moreover, given the sensitive nature of some of the claims presented in this case, the Debtor believes that it was necessary to wait to provide notice in order to establish the manner and procedure with which those claims will be handled.

[5] Defined in Exhibit A.

[6] The term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, States, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

**D.**     **Supplemental Notice Bar Date**

17.     After the initial mailing of the Bar Date Packages (as defined below), the Debtor may, in its discretion, make supplemental mailings of the Bar Date Packages, including in the event that: (i) packages are returned by the post office with forwarding addresses; and (ii) additional potential claimants become known as a result of the bar date mailing process.  In this regard, the Debtor requests that the Court permit supplemental mailings of the Bar Date Packages in these and similar circumstances at any time.  The Debtor believes that these proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.  If the Debtor determines after the mailing of the Bar Date Packages that additional parties should receive the Bar Date Packages, then the date by which a General Creditor Proof of Claim Form (as defined below) or an Abuse Proof of Claim form (as defined below) must be filed by any such parties shall be the later of (i) the General Bar Date or the Abuse Bar Date, as applicable, or (ii) twenty-one (21) days from the mailing of the Bar Date Packages to such additional parties (the "**Supplemental Bar Date**").

## Who Must File Proofs of Claim

18.     The proposed order approving this Motion (the "**Bar Date Order**"), provides that all persons and entities holding pre-petition claims, including, without limitations, the following entities, must file the proofs of claim on or before the applicable Bar Date:

(a) Any person or entity whose pre-petition claim against the Debtor is not listed in the Debtor's Schedules or whose pre-petition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated, and that desires to participate in this case or share in a distribution in this case;

(b) Any person or entity that believes that its pre-petition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

(c) Any Abuse Claimant who believes that he or she has a claim against the Debtor, including but not limited to, Abuse Claimants who have previously filed lawsuits against the Debtor, Abuse Claimants who previously gave notice to the Debtor and/or the Archdiocese (including any parishes or schools that are located within the boundary of the Archdiocese) of their abuse (including informal notice thereof), and Abuse Claimants who have never filed a lawsuit, entered into a settlement or reported their abuse to the Debtor and/or the Archdiocese (including any parishes or schools that are located within the boundary of the Archdiocese).

19.     Notwithstanding the foregoing, pursuant to the proposed Bar Date Order, the following persons or entities are **not** required to file a proof of claim on or before the applicable Bar Date:

(a) Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Court**"), or with Donlin, Recano & Company, Inc., the Debtor's claims,  noticing and solicitation agent ("**DRC**");

(b) An person or entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not described there in as "disputed," "contingent," or "unliquidated;" and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c) Professionals retained by the Debtor or the Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to §§ 330, 331, and 503(b) of the Bankruptcy Code;

(d) Any person or entity that asserts an administrative expense claim against the Debtor pursuant to § 503(b) and § 507(a)(2) of the Bankruptcy Code;

(e) Any person or entity whose claim against the Debtor has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f) Any person or entity whose claim has been paid in full;

(g) Entities that are separately formed under applicable law, possess an EIN number separate from the Archdiocese in which the Archdiocese or the Archbishop is the sole shareholder, member or general partner of such entity; and

(h) Any holder of a claim for which a separate deadline is (or has been) fixed by this Court.

## Consequences of Failure to Timely File a Proof of Claim

20.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor requests that any holder of a Claim, other than those not required to file a Proof of Claim pursuant to the Order, that fails to file a Proof of Claim, on or before the applicable Bar Date be forever barred, estopped, and enjoined from asserting such Claim against the Debtor, with the Debtor and its property being forever discharged from any and all indebtedness or liability with respect to or arising from that Claim, and not be permitted to participate in any distribution in this Chapter 11 Case on account of such Claim or receive further notices regarding such Claim.

## Legal Argument in Support of Bar Date

21.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a Chapter 11 case pursuant to § 501 of the Bankruptcy Code. *See* Fed. R. Bankr. P. 3003(c)(3). Under Bankruptcy Rule 3003(c)(1), a "governmental unit" has up to 180 days after the Petition Date to timely file a proof of claim.  Bankruptcy Rule 3003(c)(2) further provides that any creditor who asserts a claim against the Debtor that arose prior to the petition date, and whose claim is not scheduled in the Debtor's schedules of assets and liabilities or whose claim is listed on such schedules as disputed, contingent, or unliquidated, must file a proof of claim, failing which such creditor shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. *See id*. at 3003(c)(2).

22.     The Debtor submits that the proposed Bar Dates will provide potential claimants with an adequate amount of time after the mailing of the Notice of Bar Date Packages (as defined below) and publication of the Publication Notice (as defined below) within which to review the Schedules, compare the information contained therein and, if necessary, prepare and file proofs of claim. This includes governmental units that will receive 180 days after the Petition Date to file a proof of claim, as required by Bankruptcy Code § 502(9).

Case 20-10846 Doc 200 Filed 07/01/20 Entered 07/01/20 21:33:31 Main Document Page 9 of 21

23.     The establishment of the deadlines to file claims against the Debtor is essential for this case to progress. The Debtor cannot effectively move forward with negotiations with any the Committee, insurance carriers, Abuse Claimants and other parties until the universe of Abuse Claims and other claims asserted against the Debtor are known with greater certainty.

**Proposed Proof of Claim Forms**

24.     <u>General Proof of Claim Form</u>. With respect to pre-petition creditors that are not Abuse Claimants (any such creditors, "**General Creditors**"), with the assistance of DRC, the Debtor has prepared the General Creditor Proof of Claim Form, which substantially conforms to Official Form 410 but is tailored to this Chapter 11 case.  The modifications to Official Form 410 claim form proposed by the Debtor includes inserting the Debtor name, court name and case number onto the form and allowing the Debtor to pre-print the creditor name and address in part 1, section 1 and adding certain instructions.  The Debtor requests approval of the General Creditor Proof of Claim Form and accompanying instructions substantially in the form annexed to the Motion as **<u>Exhibit B</u>** (the "**General Creditor Proof of Claim Form**").

25.     The proposed Bar Date Order provides that each General Creditor Proof of Claim Form filed must: (a) be written in English; (b) be denominated in lawful currency of the United States as of the Petition Date; and (c) have attached copies of any writings upon which the claim is based in accordance with bankruptcy Rules 3001(c) and 3001(d), including for secured claims, evidence that the security interest has been perfected; and (d) either be filed electronically in accordance with the Local Bankruptcy Rules and /or General Orders of the Court or be originally executed and <u>mailed or delivered</u> by the General Bar Date as follows:  If sent by mail, send to: Donlin, Recano & Company, Inc., Re: The Roman Catholic Church of the Archdiocese of New Orleans, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219, or

if sent by hand delivery or overnight courier, send to: Donlin, Recano & Company, Inc., Re: The Roman Catholic Church of the Archdiocese of New Orleans, 6201 15th Avenue, Brooklyn, NY 11219.  The proposed Bar Date Order further provides that proofs of claim must be mailed or delivered by messenger or overnight courier; proofs of claim sent by facsimile, telecopy, or e-mail will **not** be accepted.

26.     Abuse Proof of Claim Form. The Debtor submits that, due to the circumstances of this case and the unique and personal aspects of Abuse Claims, that a modified proof of claim form similar to those utilized by other dioceses and religious order debtors should be employed. Accordingly, the Debtor proposes a confidential proof of claim form to be submitted by an Abuse Claimant in connection with their claims (the "**Abuse Proof of Claim Form**"). A copy of the proposed Abuse Proof of Claim Form is attached hereto as **Exhibit A**.  The information requested in the Abuse Proof of Claim Form is designed to, and will, assist the Debtor, the Committee and necessary parties in evaluating and negotiating a settlement of the Abuse Claims.

27.     The Debtor submits that the proposed Abuse Proof of Claim Form is appropriate under the circumstances of this case. It is well established that the Court has the authority to authorize the modification of Official Bankruptcy Form 410. *See In re A.H. Robins Co.,* 862 F.2d 1092 (4th Cir. 1988); *In re Eagle-Picher Indus., Inc.,* 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993). While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and necessary alterations to the Official Forms:

> the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue

>additional forms under the Code. The forms shall be construed to
>be consistent with these rules and the Code.

Fed. R. Bankr. P. 9009; *see also In re I.G. Servs., Ltd.,* 244 B.R. 377, 384 (Bankr. W.D. Tex. 2000) (citing *In re A.H. Robins Co.,* 862 F.2d 1092) (noting that proof of claim forms that deviate from the Official Proof of Claim Form 10 may be used when special circumstances exist). Further, in *A.H. Robins*, the court recognized that substantial alteration to Official Proof of Claim Form 10 may be necessary when dealing with tort claims. *See In re A.H. Robins Co*., 862 F.2d at 1092.

28.     Similar forms have been approved in cases similar to this one involving the assertion of claims arising out of Abuse. *See, e.g*., *In re Diocese of Helena,* Case No. 14-60074, Docket #242, (Bankr. D. Mont. May 6, 2014); *In re Catholic Diocese of Wilmington, Inc.,* Case No. 09-13560 (Bankr. D. Del. Feb. 1, 2010*); In re Roman Catholic Church of The Diocese. of Tucson*, Case No. 04-04721 (Bankr. D. Ariz. Nov. 5, 2004*); In re Catholic Bishop of Northern Alaska*, Case No. 08-00110 (Bankr. D. Alaska May 30, 2008); *In re Diocese of Davenport*, Case No. 06-02229 (Bankr. S.D. Iowa Mar. 16, 2007); *In re the Roman Catholic Bishop of San Diego*, Case No. 07-00939 (Bankr. S.D. Cal. Aug, 20, 2007); and *In re the Roman Catholic Church of the Diocese of Gallup*, Case No. 13-13676-11 (Bankr. D.N.M. 2013).

29.     The Debtor respectfully asserts that the use of the Abuse Proof of Claim Form is necessary and appropriate in this case. The form requires information necessary to allow the Debtor to evaluate the claims of Abuse Claimants.

30.     The Debtor requests that it need not provide further notices to any holder of a Claim, whether a General Creditor Claim Government Unit Claim or Abuse Claim, that is not subject to one of the exceptions enumerated above who fails to timely file a proof of claim on the appropriate form.

## **Confidentiality Protocol**

31.     Due to the nature of the information that is requested in the Abuse Proof of Claim

Form, the Debtor seeks approval through this Motion of the following confidentiality protocol

(the "**Confidentiality Protocol**"):

(a) Abuse Claimants are directed to mail or deliver the original of each Abuse Proof of Claim Form as follows:  If sent by mail, send to: Donlin, Recano & Company, Inc., Re: The Roman Catholic Church of the Archdiocese of New Orleans, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219, or if sent by hand delivery or overnight courier, send to: Donlin, Recano & Company, Inc., Re: The Roman Catholic Church of the Archdiocese of New Orleans, 6201 15th Avenue, Brooklyn, NY 11219.

(b) Abuse Proof of Claim Forms submitted by Abuse Claimants will not be available to the general public unless an Abuse Claimant affirmatively indicates his or her desire that the proof of claim be made public in Part 1 of the Abuse Proof of Claim Form. The Confidentiality Protocol is for the benefit of the Abuse Claimants. Accordingly, Abuse Claimants may elect to make any of the information contained in their own Abuse Proof of Claim Form public, even if they elected to file the Proof of Claim confidentially; provided, however, that notwithstanding that an Abuse Claimant may disclose information on such claimant's Abuse Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Abuse Proof of Claim, except as allowed by Permitted Parties, as defined below.

(c) Abuse Proof of Claim Forms submitted by an Abuse Claimant shall be held and treated as confidential by the Debtor and Debtor's counsel and copies thereof may be provided to the parties listed below (the "**Permitted Parties**") and to such other persons that may be granted access to the Abuse Proofs of Claim by order of the Court. No party (included a Permitted Party) may obtain copies of Abuse Proofs of Claim unless such party executes a confidentiality agreement substantially in the form attached hereto as **Exhibit C** (the "**Confidentiality Agreement**"). All parties with access to the Abuse Proof of Claim Forms shall keep the information provided in an Abuse Proof of Claim Form confidential (unless the Abuse Claimant elects otherwise in Part 1 of the Abuse Proof of Claim Form). Executed Confidentiality Agreements shall be provided to counsel to the Debtor and counsel to the Committee. Permitted Parties shall not disclose the contents of any Abuse Claim Form unless expressly authorized pursuant to Part 1 of the Abuse Claim Form,[7] even if the Abuse Claimant

---

[7] Unless otherwise specified herein, access to the Abuse Proof of Claim Forms extends only to the natural person who executes the Confidentiality Agreement. A separate Confidentiality Agreement must be signed by each natural person who seeks access to the records on behalf of a Permitted Party.

disclosed some or all of the information contained in the form. Counsel to the Debtor shall only be required to execute a single Confidentiality Agreement per law firm.

(d) The Permitted Parties (the "**Permitted Party List**") include:

    (i)    Counsel to the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel;

    (ii)    The Archbishop of the Archdiocese of New Orleans (the "**Archbishop**") and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Abuse Claims;

    (iii)    Counsel for any Committee formed, including partners, counsel, associates, and employees of such counsel;

    (iv)    Any insurance company that provided insurance that may cover the claims described in the Abuse Proof of Claim Forms upon consent of the Debtor and the Committee;

    (v)    Any unknown claims representative appointed pursuant to an order of the Court in this case, including but not limited to DRC, the claims, noticing and solicitation agent in this case, and any employees of DRC;

    (vi)    Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;

    (vii)    Any special arbitrator/claims reviewer appointed to review and resolve the claims of Abuse Claimants;

    (viii)    Any trustee, or functional equivalent thereof, appointed to administer payments to Abuse Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

    (ix)    Authorized representatives of a department of corrections if the Abuse Claimant is incarcerated but only to the extent disclosure is authorized or required under applicable non-bankruptcy law;

    (x)    Members of the Committee and their personal counsel (after the Abuse Proof of Claim Form has been redacted to remove the Abuse Claimant's name, address, and any other information identified in Part 2(A) of the Abuse Proof of Claim Form and the signature block);

    (xi)    Any Person with the express written consent of the Debtor and any Committee formed upon 10 business days' notice to Abuse Claimants;

(xii)   Insurance companies or their successors, including any authorized claim administrators of such insurance companies, that issued or allegedly issued policies to the Debtor and their reinsurers and attorneys;

(xiii)  Such other persons as the Court determines should have the information in order to evaluate Abuse Claims; provided, however, that any such determination shall be made on no less than 7 days' notice to Abuse Claimants.

32.     The proposed Bar Date Order provides that each Abuse Proof of Claim Form filed must: (a) be written in English or Spanish; (b) be denominated in lawful currency of the United States as of the Petition Date; and (c) be originally executed and <u>mailed or delivered</u> by the Abuse Bar Date as follows:  If sent by mail, send to: Donlin, Recano & Company, Inc., Re: The Roman Catholic Church of the Archdiocese of New Orleans, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219, or if sent by hand delivery or overnight courier, send to: Donlin, Recano & Company, Inc., Re: The Roman Catholic Church of the Archdiocese of New Orleans, 6201 15th Avenue, Brooklyn, NY 11219 on or before the Abuse Bar Date. The proposed Bar Date Order further provides that proofs of claim must be mailed or delivered by messenger or overnight courier; proofs of claim sent by facsimile, telecopy, or e-mail will **<u>not</u>** be accepted. The Debtor requests that the Court maintain any filed Abuse Claims forms under seal subject to the Confidentiality Protocols.

33.     The Debtor submits the Confidentiality Protocol is both necessary and appropriate under the circumstances of this case. The Debtor is sensitive to the issues that may arise for an Abuse Claimant asserting a claim against the Debtor's estate. Through the Confidentiality Protocol and the Abuse Proof of Claim Form, the Debtor is attempting to obtain the information that they need in order to evaluate the Abuse Claimants' claims, while at the same time providing a form that will not discourage Abuse Claimants from coming forward and asserting their claims.

### Notice Procedures

34.     In order to satisfy the requirements of due process, notice of the Bar Dates must be reasonably calculated to apprise interested persons of the deadlines. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the Debtor. *See Grant v. U.S. Home Corp. (In re U.S.H. Corp of NY)*, 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998); *see also Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). "Known" creditors must receive actual, mail notice of bankruptcy proceedings. *See id.* at 345. By contrast, notice by media publication is sufficient to satisfy the requirements of due process for "unknown" creditors. *See id.* at 346-47.

35.     A "known" creditor is one whose identity is either known or "reasonably ascertainable by the Debtor." *Id.* at 346 (*citing Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478 (1988)). In identifying "known" creditors, due process requires debtors to perform reasonable diligence of their books and records – but it does not require that debtors engage in "impracticable and extended searches." *Mullane*, 339 U.S. at 317; *see also In re Thomson McKinnon Securities Inc.*, 130 B.R. 717, 720 (Bankr. S.D.N.Y. 1991) (noting that the Debtor is not required to search out each conceivable or possible creditor).

36.     By contrast, the Supreme Court has held that an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge" of the Debtor. *Mullane*, 339 U.S. at 317. Moreover, in bankruptcy cases, when determining whether a creditor is "known" or "unknown," the appropriate form of notice, and how much to spend on notice, courts must balance the interests of the Debtor's existing and potential creditors as well as other parties in interest. *See Vancouver Women's Health Collective Soc. v. A.H. Robins Co., Inc.*, 820 F.2d

1359, 1364 (4th Cir. 1987); *see also Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000); *In re GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982); *In re Circuit City Stores, Inc.*, 439 B.R. 652, 660 (Bankr. E.D. Va. 2010) ("[t]he totality of the circumstances in each case must be analyzed to determine whether a particular creditor is known or unknown").

37.     As part of the Debtor's goal to obtain a fresh start the Debtor needs to ensure that the reorganized organization will be free from the threat of additional claims being brought after their emergence from Chapter 11. In order to obtain this discharge, and in order to provide any person who believes he or she has an Abuse Claim or an unsecured general claim the opportunity to appear and be heard, the Debtor proposes to implement the noticing protocol set forth below.

### Notice of the General Bar Date and Government Unit Bar Date

38.     No later than fourteen (14) days after the entry of an order by this Court setting the Bar Dates, the Debtor shall serve by United States mail, first-class postage prepaid: (i) notice of the General Bar Date and the Government Unit Bar Date, substantially in the form attached hereto as **Exhibit D** and incorporated herein by reference (the "**General Creditor Bar Date Notice**"); and (ii) Proof of Claim form substantially in the form attached hereto as **Exhibit B** (together with the General Creditor Bar Date Notice and Government Unit Bar Date Notice, the "**General Creditor Bar Date Notice Package**"), upon (a) the Office of the United States Trustee for the Eastern District of Louisiana; (b) counsel to any Committee formed in this case; (c) all entities who have filed a notice of appearance in the Debtor's case; (d) all entities listed in Debtor's schedules; (e) all parties to executory contracts and unexpired leases of the Debtor; (f) all entities that have previously filed proofs of claims in the Debtor's case; (g) any other entities or their counsel, including governmental units, known to the Debtor as entities who may

have claims against the estate; and (h) such additional persons and entities as deemed appropriate by the Debtor.

39.     The General and Government Unit Creditor Bar Date complies with the notice period required by Bankruptcy Rules 2002(a)(7).

**<u>Notice of the Abuse Bar Date</u>**

40.     No later than fourteen (14) days after the entry of an order by this Court setting the Bar Dates, the Debtor shall serve by United States mail, first-class postage prepaid: (i) notice of the Abuse Bar Date substantially in the form attached here to as **<u>Exhibit E</u>** and incorporated herein by reference (the "**Abuse Bar Date Notice**" and, together with the General and Government Unit Creditor Bar Date Notice, each a "**Bar Date Notice**" and collectively the "**Bar Date Notices**"); (ii) an Abuse Proof of Claim Form; (iii) the Bar Date Order (together with the Abuse Bar Date Notice and the Abuse Proof of Claim Form, the "**Abuse Bar Date Notice Package**" and, together with the General and Government Unit Creditor Bar Date Notice Package, the "**Bar Date Packages**").

41.     The Debtor shall provide notice of the Abuse Bar Date by serving the Abuse Bar Date Notice Package no later than fourteen (14) days after the entry of an order by this Court setting the Bar Dates on known Abuse Claimants who:

(a)     Filed, or threatened to file, lawsuits against the Debtor that allege they were abused; and

(b)     Contacted the Debtor to report that they were abused, whether or not that individual's claim was considered to be substantiated and whether or not the report was written or verbal.

42.     The Debtor believes this timeframe and the manner of the Bar Date Packages are adequate due to the extensive pre-petition outreach made by attorneys representing the vast majority of Abuse Claimants against the Debtor.

**Publication Notices**

43.     The Debtor has determined, pursuant to Bankruptcy Rule 2002(l), that it would be in the best interest of its estate to give notice by publication of the Abuse Bar Date so that unknown Abuse Claimants to whom no other notice was sent by the Debtor will be notified of the Abuse Bar Date and the requirement to file a proof of claim on account of such Abuse. Additionally, Debtor will give notice by publication of the General Bar Date and the Government Unit Bar Date so that unknown potential claimants of the Debtor to whom no other notice was sent by the Debtor will be notified of the General Bar Date, the Government Unit Bar Date and the requirement to file a proof of claim. Accordingly, the Debtor proposes to provide notice of the Abuse Bar Date, General Claims Bar Date and the Government Unit Bar Date by causing a copy of the notice attached hereto as **Exhibit F** (the "**Publication Notice**") to be published as follows in community/local publications for areas in proximity of the Archdiocese and its Parishes.

(i)     Publication twice (in English) in each of the following publications; the first publication to occur within two weeks of the service of the Bar Date Notice Package and the second publication to two weeks thereafter, with copy to the Associated Press of New Orleans:[8]

The Times-Picayune | The New Orleans Advocate (New Orleans, Baton Rouge, and Lafayette editions)
The Shreveport Times
The American Press
The Lafayette Daily Advertiser
The Monroe News-Star
The Daily Star (Hammond)
The Courier (Houma)
The Town Talk (Alexandria)

---

[8] The Debtor reserves the right to modify the publication list.

44.     In the Debtor's judgment, the publication protocol described above (the "**Publication Protocol**") is likely to reach the widest possible audience of creditors who may not otherwise have notice of the Debtor's case.

45.     Additionally, the Bar Date Notices and/or the Publication Notice will: (i) set forth the respective Bar Dates; (ii) advise creditors under what circumstances they must file a proof of claim in respect to a pre-petition claim (which include Abuse Claims); (iii) alert creditors to the consequences of failing to timely file a proof of claim, as set forth in Bankruptcy Rule 3003(c)(2) or an order of this Court, as applicable; (iv) set forth the address to which proofs of claim must be sent for filing; and (v) notify creditors that: (a) proofs of claim must be filed with original signatures; and (b) facsimile or e-mail filings of proofs of claim are not acceptable and are not valid for any purpose. The Debtor submits that the Publication Protocol is appropriate, and that the Bar Date Notices and Publication Notice will provide creditors with sufficient information to file properly prepared and executed proofs of claim in a timely manner, while simultaneously protecting the confidentiality of Abuse Claimants.

## **Reservation of Rights**

46.     The Debtor reserves its right to object to any claim or proof of claim on any grounds, including, but not limited to, the passing of the applicable statutes of limitations. The Debtor reserves its right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

47.     Nothing contained in this Motion should be construed as an admission as to the validity of any claim against the Archdiocese, a waiver of the Archdiocese's right to dispute any claim, the approval or assumption of any contract or lease under § 365 of the Bankruptcy Code,

or the Archdiocese's waiver any of its rights under any applicable law, including, without limitation, the 1983 Code of Canon Law for the Church, the First Amendment of the United States Constitution, the Constitution of the State of Louisiana, the Religious Freedom Restoration Act, the church autonomy doctrine, any applicable charitable trust law, the right to object to disclosure of information, and the right to contend that assets that may be discussed in this Motion are not property of the estate.

### **Notice**

48.     Notice of this Motion has been provided to the parties identified in this Court's Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures [ECF No. 22], including:  (a) creditors who claim to hold security interests or liens, including Hancock Whitney Bank, KS State Bank, and Dell Financial Services LP, together with any of their known counsel; (b) the Archdiocese's twenty (20) largest unsecured creditors, together with any of their known counsel; (c) the creditors appointed to serve on the Creditors' Committee, together with any counsel for the Creditors' Committee; (d) all parties who have requested special notice pursuant to Bankruptcy Rule 2002, together with any of their known counsel; (e) the Office of the United States Trustee for the Eastern District of Louisiana; and (f) all applicable governmental agencies to the extent required by the Bankruptcy Rules and Local Rules, together with any of their known counsel. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

### **No Prior Request**

49.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit G**: (i) Establishing the Bar Dates as the deadlines to file claims against the Debtor; (ii) approving the proposed Proof of Claim Forms; (iii) approving the form and manner of notice of the Bar Date Notice Packages, pursuant to Bankruptcy Rule 2002(a)(7); (iv) approving the form and manner of publication of the Publication Notice pursuant to Bankruptcy Rule 2002(1); and (vi) granting such other and further relief as the Court may deem proper.

Dated:  July 1, 2020.

Respectfully submitted,


 _/s/ *Lucas H. Self*_____
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
LUCAS H. SELF (#37301)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA   70170
Telephone: (504) 582-8000
Facsimile:  (504) 589-8260
Email:  pvance@joneswalker.com
Email:  efutrell@joneswalker.com
Email:  mmintz@joneswalker.com
Email:  lashley@joneswalker.com
Email:  lself@joneswalker.com

**ATTORNEYS FOR THE ROMAN CATHOLIC
CHURCH OF THE ARCHDIOCESE OF NEW
ORLEANS**