**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**DOCKET NO. 2019-1371          DIVISION "C"          SECTION: 10**

**JAMES DOE**

**VERSUS**

**ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC.,
THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,
THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,
FATHER MICHAEL FRASER AND FATHER PAUL CALAMARI**

**FILED BY:** _____          _____

                                                                    **DEPUTY CLERK**

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

NOW INTO COURT, through undersigned counsel, comes defendant, The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese"), which responds to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things as follows:

**GENERAL OBJECTIONS**

1.      The responses herein are stated solely on behalf of the Archdiocese. The Archdiocese does not respond on behalf of any other person and/or entity, including but not limited to any affiliate, related entity, parish, school, employee or representative. Any such persons and/or entities are, or were, separate and distinct from the Archdiocese.

2.      The Archdiocese objects to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things on the grounds that they seek to obtain information and/or documentation beyond the scope of permissible discovery under the Louisiana Code of Civil Procedure.

3.      The Archdiocese objects to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things on the grounds that they seek documents which may have contained pertinent information but may have been previously discarded in the ordinary course of business when their expected usefulness had ended, may have been previously lost, misfiled

{N3948671.2}

1

EXHIBIT 8

and/or otherwise misplaced, or may have been previously discarded as part of a records retention program. Because of the passage of time, many of the documents sought may no longer exist, may no longer be in the possession or control of the Archdiocese, or may no longer be in the same form or location.

4.      The Archdiocese's responses will be made to the best of its knowledge and/or belief based upon the information and documentation presently available and known to it. If the Archdiocese obtains any additional information and/or documentation, the Archdiocese reserves the right to supplement and/or modify its objections and responses at any time up to and throughout the trial of this matter.

5.      The Archdiocese's responses use words to convey their ordinary meanings unless otherwise indicated. As used by the Archdiocese in these responses, the term "document(s)" is limited to records or files in its possession (as opposed to the possession of entities set forth in 1 herein) and does not include privileged documents or documents pertaining to persons and/or events unrelated to this action.

6.      The Archdiocese objects on the grounds that   as the Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and/or are not reasonably tailored toward doing so.  Additionally, the Archdiocese objects because Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things are, as drafted, not sufficiently related to the alleged sexual abuse that forms the basis of this action. Furthermore, the Archdiocese objects on the grounds that  as Plaintiff's discovery seeks documents regarding events that occurred after the date Plaintiff was last allegedly abused.  When a party makes such an overly broad request that "will undoubtedly retrieve information completely irrelevant to the [party's] claims, the court must limit discovery." *Prine v. Bailey,* 42,282 (La. App. 2 Cir. 8/15/07), 964 So.2d 435, 443. As many courts have recognized, discovery cannot be used as a "fishing expedition." *E.g., Petch v. Humble,* 41,301 (La. App. 2 Cir. 8/23/06), 939 So.2d 499, 506; *see also Feil v. Greater Lakeside Corp.,* 09-441 (La. App. 5 Cir. 1/26/10), 31 So.3d 525 ("[T]he court may limit requests for indiscriminate or blanket inspection of

{N3948671.2}

2

documents that it considers to be 'fishing expeditions.' In other words, the scope of inspection is determined by the 'proper and reasonable purpose' for which it is sought.").

7.     The Archdiocese further objects to the Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things as overly broad and unduly burdensome on the ground that the requests as written have no specified time period and, therefore, are without a reasonable limitation on its scope. After discussions between counsel, the Archdiocese proposed a five-year time period and Plaintiff requested a time period back to 1968. The Archdiocese maintains that Plaintiff's requested 1968 time period is unduly burdensome, not reasonable and impracticable, if not impossible, to comply with.

8.     The Archdiocese objects on the grounds that   as Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things seeks private and/or confidential information and documents involving non-parties. In particular, the Archdiocese objects to any inquiry regarding alleged victims of sexual abuse other than Plaintiff or sexual abuse by any other person other than the named Defendant based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy interest of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing any documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only produce such documents in response to a court order requiring it to do so.

9.     The Archdiocese also objects on the grounds that as Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things seeks production of documents regarding compromises and/or offers to compromise. Generally speaking, settlement agreements are not discoverable unless the party seeking their production establishes that they are relevant and material evidence in the case at issue. Furthermore, evidence of conduct or statements made in compromise negotiations and evidence of offering, promising or paying anything of value in compromise or attempting to compromise a claim is not admissible to prove liability. *See* La. C.E. art. 408. Because of the public policy favoring settlement, as well as the

{N3948671.2}

3

fact that La. C.E. art. 408 makes it unlikely that disclosure of confidential settlement information would lead to discovery of admissible evidence, the Archdiocese submits that Plaintiff must establish that settlement documents are relevant and material to his case and that there is no other, less intrusive method, whereby he could glean the same or similar information. Furthermore, if the court orders the production of settlement documents, the Archdiocese submits that the amount paid in settlement is not relevant and should be redacted pursuant to La. C.E. art. 413, which states "[a]ny amount paid in settlement or by tender shall not be admitted into evidence unless the failure to make a settlement or tender is an issue in the case."

10.     The Archdiocese further objects on the grounds that as Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things calls for written communications and records made in connection with a mediation. Pursuant to La. R.S. 9:412, "written communications and records made during mediation . . . are not subject to disclosure, and may not be used as evidence in a judicial or administrative proceeding."

11.     The Archdiocese objects on the grounds that  as Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things seeks materials subject to the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges including the clergyman privilege. *See* La. C.C.P. art. 1424; La. C.E. art. 506; La. C.E. art. 511.  This objection includes but is not limited to any documents: (a) which have been prepared by or for counsel (or those working under the supervision of counsel) for purposes of pending or anticipated litigation; or (b) which entail confidential communications between counsel and the Archdiocese or among counsel for the Archdiocese concerning pending or anticipated litigation.  Requiring production of such documents would infringe upon the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges as recognized in this state.  To the extent that the Archdiocese is aware of any specific responsive document that it claims is privileged, and that is related to either the Plaintiff or Defendants, it will specifically separate out and retain such documents and identify them in a Privilege Log.

12.     The Archdiocese also objects on the grounds that as Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things seeks documents subject to

{N3948671.2}

4

the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* As a further example, but without limitation to, the Archdiocese objects to the production of information and/or documentation regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

13.     The Archdiocese does not concede that any of the documents it may produce in response to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things are or will be admissible evidence at trial of this action. The Archdiocese does not waive any objection, on any ground, whether or not asserted, to the use of such documents and/or responses at trial. The Archdiocese reserves the right to withdraw, amend, revised, correct, add to, supplement, and/or clarify any of its responses and/or objections at any time.

14.     The Archdiocese objects to the scope of the Discovery Requests as exceeding the agreement of the Parties to limit discovery to the matter of prescription.

Subject to the foregoing and without waiving these or any other objections, all of which are incorporated by reference into each response set forth below, the Archdiocese responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORIES

#### INTERROGATORY NO. 1:

*Please state the name, address, and telephone number of each individual who participated in responding to this discovery and identify each discovery request for which each individual was responsible. Please also provide a "Verification" for each individual.*

#### RESPONSE TO INTERROGATORY NO. 1:

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it improperly requests the name, address, and telephone number of each individual who participated in responding to this discovery and seeks a Verification for each individual. Such a request seeks information beyond the requirements imposed by Louisiana Code of Civil Procedure article 1458.

{N3948671 2}

5

Subject to this objection and the General Objections, the Archdiocese states: Emilie Gagnet Leumas, Ph.D. ("Dr. Leumas"), Director of Archives and Records for the Archdiocese. Ms. Leumas will provide a Verification in accordance with Louisiana Code of Civil Procedure article 1458.

**INTERROGATORY NO. 2:**

*Please identify all paper and/or electronically stored documents, communications, audio recordings, video recordings, medical records, data compilations, internal memoranda, and all tangible things relative to Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO INTERROGATORY NO. 2:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to identify all documents and tangible things "relative" to Defendant Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it asks the Archdiocese to identify all documents relating to Defendants Fraser and Calamari irrespective of the subject matter and therefore, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any inquiry regarding alleged victims of sexual abuse other than Plaintiff based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to providing information which is subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only produce such information in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that it seeks information regarding the Independent Review Board ("IRB"), which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects because this Interrogatory seeks information

{N3948671.2}

6

regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving every document relating to Defendants Fraser and Calamari without any specific time limitation constitutes an undue burden and expense and is oppressive.

**Objection 6:** The Archdiocese objects to this Interrogatory on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, the Archdiocese conducted a reasonable and thorough search for documents relating to Defendants Fraser and Calamari and will produce such documents in response to Plaintiff's Request for Production after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) documents prepared and maintained solely by the IRB and/or any of its members; (3) protected health information; and (4) personally identifiable information of alleged third-party victims of sexual abuse. The Archdiocese is still reviewing electronically stored information to determine if there are any relevant emails. Pursuant to La. C.C.P. art. 1460, the answer to this Interrogatory may be derived or ascertained from the records of the Archdiocese that will be produced.

**INTERROGATORY NO. 3:**

*Please identify each oral, written, recorded, or electronically transmitted or stored statement of any person concerning the subject matter of this lawsuit, including the identity of the person(s) making the statement, the identity of the person(s) to whom the statement was made, the date the statement was made, and a description of the substance of the statement.*

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to the General Objections, the Archdiocese is unaware of any written or oral statements that have been given regarding the subject matter of this lawsuit.

**INTERROGATORY NO. 4:**

*Please provide the identities of all clergymen who have been accused of sexual misconduct with minors within the Archdiocese of New Orleans.*

**RESPONSE TO INTERROGATORY NO. 4:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it requests the identity of "all clergymen" accused of sexual misconduct without any reasonable limitation as to time, place, or scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory requests information regarding "all clergymen" "within the Archdiocese of New Orleans." Therefore, such a request is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any inquiry regarding alleged victims of sexual abuse other than Plaintiff or allegations involving third-party clergymen based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to providing information which is subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only produce such documents in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating such information without any specific time or geographic limitation constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that the terms "accused" and "clergymen" are vague and ambiguous such that it is impossible to respond without speculation.

**Objection 6:** The Archdiocese objects to this Request on the grounds that the request for documents and information regarding any and all priests and deacons who have been "accused" of

{N3948671.2}

8

sexually molesting minors is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Objections, the Archdiocese states that the names of Archdiocese of New Orleans clergy who are alive and have been accused of sexually abusing a minor which led to their removal from ministry, and the names of Archdiocese of New Orleans clergy who are deceased and who admitted or have been publicly accused of sexually abusing a minor are identified in the original 2018 Report Regarding Clergy Abuse attached as Exhibit A and the updated 2018 Report Regarding Clergy Abuse (updated June 24, 2019 and December 23, 2019) attached as Exhibit B.

**INTERROGATORY NO. 5:**

*Please provide the names of all members of the lay review board or Independent Review Board (IRB), the documents it considered, and the basis for its recommendations since its inception.*

**RESPONSE TO INTERROGATORY NO. 5:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad, because it asks the Archdiocese to identify the names of all members of the lay review board or Independent Review Board ("IRB"), all documents it considered, and all bases for its recommendations without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory requests all documents and recommendations of the IRB irrespective of the subject matter or clergyman involved and therefore, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because it asks the Archdiocese to identify the names of all members of the IRB, the documents it considered, and the basis for its recommendations since its inception in 1993. Locating or retrieving information all the way back to the IRB's inception constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Interrogatory because it seeks information regarding the IRB, which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects because this Interrogatory seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**INTERROGATORY NO. 6:**

*Please provide a list of all civil and criminal filings which have been filed against the Archdiocese and/or any Archbishop by Individuals and/or public entities who allege sexual abuse.*

**RESPONSE TO INTERROGATORY NO. 6:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to identify "all" civil and criminal filings that have been filed against the Archdiocese and/or any Archbishop involving sexual abuse without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory requests information regarding all civil and criminal filings against the Archdiocese irrespective of the clergyman or personnel involved and therefore, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. The Archdiocese objects to providing information pertaining to particular clergymen other than the defendants in this case, Defendants Fraser and Calamari.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving all civil and criminal filings without any specified time period constitutes an undue burden and expense and is oppressive.

{N3948671.2}

10

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that "civil and criminal filings" is vague and ambiguous, and therefore it is impossible to respond without speculation.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that civil and criminal filings are publicly available and therefore equally available to all parties.

### INTERROGATORY NO. 7:

*Please explain the obligations of the Archbishop when confronted with an allegations of clergy sex abuse.*

### RESPONSE TO INTERROGATORY NO. 7:

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because "obligations" is so broad it is impossible to determine what amongst various information falls within the scope of this Interrogatory.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because it asks the Archdiocese to explain the Archbishop's obligations without any specified time period and, therefore, is without a reasonable limitation on its scope.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that the term "obligations" is vague and ambiguous, and therefore it is impossible to respond without speculation.

Subject to these objections and the General Objections, the Archdiocese states that the Archbishop's obligations are to respond to allegations of sexual abuse in a pastoral manner in accord with the Catholic faith and the teachings of the Catholic Church, the policies of the Catholic Church and of the Archdiocese of New Orleans, and in accord with canon law, civil law, and criminal law.

{N3948671.2}

11

**INTERROGATORY NO. 8:**

*Please identify the Archdiocese's policies for responding to allegations of sexual abuse of children from 1960 to the present.*

**RESPONSE TO INTERROGATORY NO. 8:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to identify every policy for responding to allegations of sexual abuse of children from 1960 to the present.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving every such policy dating all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that the term "policies" is vague and ambiguous, and it is not practically possible for the Archdiocese to identify or describe non-written policies.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that this Interrogatory is redundant and has, in substance, been previously propounded in Interrogatory No. 7. *See* Response to Interrogatory No. 7.

Subject to these objections and the General Objections, the Archdiocese's policy is and always has been to respond to allegations of sexual abuse in a pastoral manner in accord with the Catholic faith and the teachings of the Catholic Church, the policies of the Catholic Church and of the Archdiocese of New Orleans with and in accord with canon, civil, and criminal law. The Archdiocese has identified the following written policies, which are all of the written policies it could reasonably locate since 1968:

- 1977 Employee Policy Manual [1442 ARCH 000038-000046]
- 1984 Employee Policy Manual [1442 ARCH 000047-000054]
- 1992 Employee Policy Manual (revision of 1984 policy) [1442 ARCH 000055-000067]

{N3948671.2}

- 1993 Policy concerning the Abuse and Neglect of Minors [1442 ARCH 000068-000080, 000081-000089]
- 1994 Archdiocesan Policies Book [1442 ARCH 000090-000316]
- 1996 Policy on Outside Work [1442 ARCH 000317-000319]
- 1997 Policy Regarding Employee Contracts [1442 ARCH 000320-000321]
- 1998 Policy concerning the Abuse and Neglect of Minors [1442 ARCH 000322-000333]
- 1999 Policy concerning Sexual Harassment [1442 ARCH 000334-000349]
- 2000 Addendum to Policy Concerning Abuse or Neglect of Minors [1442 ARCH 000350-361, 000362-000365]
- 2003 Employee Screening Policy[1442 ARCH 000366-000370]
- 2003 Policy concerning Abuse or Neglect of Minors [1442 ARCH 000371-000391]
- 2010 General Policy and Procedure on Technology [1442 ARCH 000392-000400]
- 2010 General Records Policy [1442 ARCH 000401-000402]
- 2010 Personnel Policies [1442 ARCH 000403-000431]
- 2011 Employee Handbook [1442 ARCH 000432-000459]
- 2011 Policy Concerning Abuse or Neglect of Minors [1442 ARCH 000460-000472]
- 2011 Principles of Ethics and Integrity Code of Ethics [1442 ARCH 000473-000483]
- 2015 Parental Bonding Policy [1442 ARCH 000484-000485]
- Current Archdiocesan Policy Manual [1442 ARCH 000486-000713]
- Website Policy [1442 ARCH 000037]
  Technology Policy for Pastoral Work with Young People [1442 ARCH 000714-000720]

**INTERROGATORY NO. 9:**

*Please identify all investigations by the Archdiocese of sexual abuse of children by Father Michael Fraser and Father Paul Calamari, including the findings of the lay review board or IRB.*

**RESPONSE TO INTERROGATORY NO. 9:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to identify all such investigations without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because as drafted, it is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any inquiry regarding alleged victims of sexual abuse other than Plaintiff based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy

{N3948671.2}

13

interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to providing information which is subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such documents in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that it seeks information regarding the Independent Review Board ("IRB"), which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects because this Interrogatory seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating such information without any specific time limitation constitutes an undue burden and expense and is oppressive.

**Objection 6:** The Archdiocese objects to this Interrogatory on the grounds that "investigations" is vague and ambiguous such that it is impossible to respond without speculation.

Subject to these objections and the General Objections, see Response to Interrogatory No. 2 and the documents that will be produced which identify instances of alleged sexual abuse by Fraser and Calamari of which the Archdiocese was made aware. The Archdiocese will produce such documents after the Court enters a protective order as requested by the Archdiocese to protect confidential information.

**INTERROGATORY NO. 10:**

*Please state the Archbishop's duties and responsibilities towards the priests within the Archdiocese.*

**RESPONSE TO INTERROGATORY NO. 10:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to identify all of the Archbishop's duties and responsibilities towards priests without a reasonable limitation as to the time period or subject matter.

{N3948671.2}

14

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it seeks information which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.*

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because the Interrogatory as written has no specified time period or limitation and, therefore, locating such information would constitute an undue burden and expense.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that "duties" and "responsibilities" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 6:** The Archdiocese objects to this Interrogatory on the grounds that "the Archbishop" is vague and ambiguous, and therefore it is impossible to make a response without speculation. The Interrogatory, as drafted, does not indicate whether it is asking for information about the current Archbishop, past Archbishops, or both and is overly broad.

Subject to these objections and the General Objections, the Archdiocese states that generally an Archbishop is a brother priest to all priests and serves as an overseer of their ministry in the Archdiocese, all in accord with canon law.

**INTERROGATORY NO. 11:**

*Please state the Archbishop's knowledge of allegations of clergy abuse claims against the Archdiocese.*

**RESPONSE TO INTERROGATORY NO. 11:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it requests information regarding all abuse claims against the Archdiocese without any reasonable limitation as to time or scope.

{N3948671.2}

15

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory requests information regarding abuse claims irrespective of the parties involved and therefore, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. The Archdiocese objects to providing information pertaining to particular clergymen other than the defendants in this case, Defendants Fraser and Calamari.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because the Interrogatory as written has no specified time period or limitation and, therefore, locating such information would constitute an undue burden and expense.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that the term "knowledge" is vague and ambiguous, which makes it virtually impossible to respond without speculation.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that "the Archbishop" is vague and ambiguous, and therefore it is impossible to make a response without speculation. The Interrogatory, as drafted, does not indicate whether it is asking for information about the current Archbishop, past Archbishops, or both and is overly broad.

Subject to these objections and General Objections, pursuant to La. C.C.P. art. 1460, the current Archbishop's and prior Archbishops' knowledge of allegations of clergy abuse generally is set forth in the records of the Archdiocese and various written pronouncements, which any Archbishop has made regarding this subject and which are publicly available. Regarding allegations against Defendants Fraser and Calamari, see Response to Interrogatories Nos. 2 and 10 and the objections therein.

### INTERROGATORY NO. 12:

*Please state the Archdiocese's past and present policies for responding to claims of clergy sexual abuse, including the deliberations and recommendations that led to those policies.*
{N3948671.2}

**RESPONSE TO INTERROGATORY NO. 12:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to identify all of the Archdiocese's past and present policies regarding sexual abuse and the deliberations and recommendations that led to those policies without a reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because the Interrogatory as written has no specified time period or limitation and locating all past and present policies would constitute an undue burden and expense.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that the term "policies" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 5:** The Archdiocese objects to this Interrogatory on the grounds that this Interrogatory is redundant and has, in substance, been previously propounded in Interrogatory Nos. 8-9.

Subject to these objections and the General Objections, see Responses to Interrogatory Nos. 8-9 and the objections therein.

**INTERROGATORY NO. 13:**

*Please identify any and all efforts to conceal sex abuse allegations, including, but not limited to, transferring alleged sex abuse offenders of children, failing to report alleged offenders to law enforcement or civil protection authorities, and/or sending the alleged offenders to treatment.*

**RESPONSE TO INTERROGATORY NO. 13:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it falsely assumes the Archdiocese did anything improper or failed to comply with civil or criminal law.

{N3948671.2}

17

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it requests information regarding "efforts to conceal" without indicating whose efforts the Interrogatory is asking about and without any limitation as to time, place, or scope.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that it is vague and ambiguous because the Interrogatory, as written, does not indicate whose efforts it is asking about. It is impossible to determine whether the Interrogatory is asking about efforts made by particular clergymen, the Archbishop, or the Archdiocese, generally. To the extent it is requesting information about actions made by any person and/or entity within the Archdiocese, throughout its entire history, it is practically impossible to provide such information. The Archdiocese encompasses 8 civil parishes in the New Orleans metropolitan area and includes approximately 1,200,000 people.

Subject to these objections and the General Objections, the Archdiocese states that it has never attempted to wrongfully conceal any sexual abuse allegations and has responded to allegations of sexual abuse in accordance with Roman Catholic Church law and doctrine and in accordance with all canon, civil, and criminal laws.

**INTERROGATORY NO. 14:**

*Please identify the Archdiocese's corporate structure from 1960 to today.*

**RESPONSE TO INTERROGATORY NO. 14:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that the term "corporate structure" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to this objection and the General Objections, the Archdiocese states that it is a non-profit religious corporation incorporated on August 14, 1941.

**INTERROGATORY NO. 15:**

*Please identify the various Archbishops' involvement in criminal actions against Church personnel accused of sexual misconduct from 1960 to the present.*

**RESPONSE TO INTERROGATORY NO. 15:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to provide information dating all the way back to 1960 and requests information regarding all "Church personnel" and therefore is without any reasonable limitation as to scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory requests information relating to all "Church personnel" and therefore, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects on the grounds it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Further, the Archdiocese objects to providing information pertaining to particular clergymen other than the defendants in this case, Defendants Fraser and Calamari.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving information dating all the way back to 1960 constitutes an undue burden and expense, which would require a narrative from each Archbishop.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that "involvement," "accused," "Church personnel," and "criminal actions" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, the Archdiocese states that the past and present Archbishops have cooperated with the authorities with respect to any criminal actions against persons employed by or associated with the Archdiocese.

{N3948671.2}

19

**INTERROGATORY NO. 16:**

*Please identify the various Archbishops' involvement in returning priests accused of sexual misconduct to ministry from 1960 to the present.*

**RESPONSE TO INTERROGATORY NO. 16:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to provide information dating all the way back to 1960 and is without any reasonable limitation as to scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese objects to providing information pertaining to particular clergymen other than the defendants in this case, Defendants Fraser and Calamari.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving information dating all the way back to 1960 constitutes an undue burden and expense, which would require a narrative from each Archbishop.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that "involvement", "accused", and "returning priests accused of sexual misconduct to ministry" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, the Archdiocese responds that the Archbishops acted in accordance with the policies of the Catholic Church and of the Archdiocese, and in accord with canon law, civil law and criminal law based on the particular facts and circumstances involved.

**INTERROGATORY NO. 17:**

*Please identify the Archbishops' conduct in responding to allegations that priests had sexually abused children from 1960 to the present.*

**RESPONSE TO INTERROGATORY NO. 17:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because "conduct" is so broad that it is impossible to determine what falls within the scope of the Interrogatory.

{N3948671.2}

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving information dating all the way back to 1960 constitutes an undue burden and expense, which would require a narrative from each Archbishop.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that the terms "conduct" and "allegations" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

### INTERROGATORY NO. 18:

*Please answer the following questions concerning the Report of the Massachusetts Attorney General dealing with the sexual abuse of children in the Catholic Church, including findings that then Bishop Hughes:*

(i) *knew of the clergy sex abuse problem for many years;*

(ii) *maintained a practice of not reporting clergy sexual abuse allegations to the authorities;*

(iii) *refused to conduct thorough investigations;*

(iv) *transferred abusive priests to other parishes;*

(v) *provided accused priests with unfettered access to children after they were sent to psychiatric institutions for evaluation and "treatment;"*

(vi) *placed the interests of accused priests over those of their childhood victims; and*

(vii) *failed to warn parish priests that clerics accused of sexually molesting children had been transferred to their parishes.*

### RESPONSE TO INTERROGATORY NO. 18:

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it is vague and ambiguous because it asks the Archdiocese to "answer the following questions"; the following

{N3948671.2}

21

list, however, does not include any questions but rather appears to be a list of statements made in

the Report of the Massachusetts Attorney General.

Subject to these objections and the General Objections, the Archdiocese states that it was

not involved in the Report of the Massachusetts Attorney General.

**INTERROGATORY NO. 19:**

*Please identify any and all statements in draft or final format regarding the allegations in the petition, including, but not limited to:*

a. *Who drafted the statements;*

b. *Who reviewed the statements;*

c. *Who provided the factual basis for the statement; and*

d. *Why are statements issued relative to some lawsuits, but not others.*

**RESPONSE TO INTERROGATORY NO. 19:**

Subject to the General Objections, the Archdiocese is unaware of any written or oral

statements that have been given regarding the subject matter of this lawsuit.

**INTERROGATORY NO. 20:**

*Please state whether the Archdiocese has knowledge of any facts or allegations made against any of its agents, or people working within the Archdiocese including but not limited to, priests (including, but not limited to, Father Michael Fraser and Father Paul Calamari) for sexual misconduct, attempted sexual misconduct, or misconduct with any individual including the Plaintiff, before, during or after the incidents which are the subject matter of this action.*

**RESPONSE TO INTERROGATORY NO. 20:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly

broad because the Interrogatory as written has no specified time period and, therefore, is without

a reasonable limitation on its scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks

irrelevant information that is not reasonably calculated to lead to the discovery of admissible

evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse

that forms the basis of this action. The Archdiocese further objects to this Interrogatory on the

grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff or

allegations against clergymen other than Defendants Fraser and Calamari. Such information

implicates legitimate privacy interests of third parties and seeks private and/or confidential

{N3948671.2}

information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving such information without any specified time limitation constitutes an undue burden and expense.

Subject to these objections and the General Objections, see Response to Interrogatory No. 11 and the objections therein. Based on its objections, the Archdiocese will not provide information regarding allegations made by third parties against third-party clergymen.

**INTERROGATORY NO. 21:**

*Please state whether the Archdiocese has ever had or currently has any claims, complaints and/or allegations against it regarding sexual abuse of minors' other than the allegations which are the subject matter of this litigation.*

**RESPONSE TO INTERROGATORY NO. 21:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because the Interrogatory as written has no specified time period and, therefore, is without a reasonable limitation on its scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Interrogatory on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff or allegations against clergyman other than Defendants Fraser and Calamari. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving such information without any specified time limitation constitutes an undue burden and expense.

{N3948671.2}

**Objection 4:** The Archdiocese objects to this Interrogatory because the question is vague and ambiguous and it is unclear as to whether the question is asking for claims, complaints, and/or allegations against the Archdiocese specifically or employees or persons associated with the Archdiocese.

Subject to these objections and the General Objections, the Archdiocese states: yes.

## INTERROGATORY NO. 22:

*Please identify all priests who have worked or continue to work in the Archdiocese who have been accused of sexually molesting minors, whether the accusations have been found to be credible or not.*

## RESPONSE TO INTERROGATORY NO. 22:

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because the Interrogatory as written has no specified time period and, therefore, is without a reasonable limitation on its scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Interrogatory on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff or allegations against clergymen other than Defendants Fraser and Calamari. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because locating or retrieving such information without any specified time limitation constitutes an undue burden and expense.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that "accused", "worked or continue to work", and "in the Archdiocese" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

{N3948671.2}

24

Subject to the objections and the General Objections, the Archdiocese states that there has

not been a substantiated allegation of sexual abuse of a minor committed in well over a decade by

a member of the clergy and ministry in the Archdiocese of New Orleans and there are no priests

against whom any substantiated allegation has been made who continue to work in ministry in the

Archdiocese.

### INTERROGATORY NO. 23:

*Please describe the Archdiocese's policies and/or procedures regarding the duties and obligations of priests, bishops, and other serving within the structure of the Archdiocese pertaining to reports, allegations, and suspicions of sexual misconduct which were in effect during the period of time covering the allegations of this lawsuit.*

### RESPONSE TO INTERROGATORY NO. 23:

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that "policies",

"procedures", "duties", "obligations", and "suspicions" are vague and ambiguous, and it is not

possible for the Archdiocese to identify or describe non-written policies.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it is

redundant and has, in substance, been previously propounded in Interrogatory Nos. 7, 8, 16, 17.

Subject to these objections and the General Objections, see Responses to Interrogatory

Nos. 7, 8, 16, 17 and the objections therein.

### INTERROGATORY NO. 24:

*Identify any and all people the Archdiocese compensated for abuse caused by priests, deacon, or brother through the payment of money or reimbursement of medical and/or psychological treatment, where the alleged abuse happened more than one year before the Archdiocese was made aware of the abuse.*

### RESPONSE TO INTERROGATORY NO. 24:

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it seeks

irrelevant information that is not reasonably calculated to lead to the discovery of admissible

evidence. Whether the Archdiocese has paid any amounts, has reimbursement any amounts, or

settled any claim for "abuse" is not relevant to any issue in this proceeding.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks

irrelevant information that is not reasonably calculated to lead to the discovery of admissible

evidence because the Interrogatory, as drafted, is not sufficiently related to the alleged sexual abuse

{N3948671.2}

25

that forms the basis of this action. The Archdiocese further objects to this Interrogatory on the grounds that it seeks information regarding alleged victims of "abuse" other than Plaintiff or allegations against clergymen other than Defendants Fraser and Calamari. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential settlement information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that "compensated," "abuse" and "caused" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, the Archdiocese states that it has settled claims and/or paid for medical and/or psychological treatment on a case by case basis, where the alleged sexual abuse happened more than one year before the Archdiocese was made aware of the abuse, but did so without any admission of civil liability and without any legal obligation to do so. Based on its objections, the Archdiocese will not identify these third parties.

**INTERROGATORY NO. 25:**

*Identify any priests, deacon, or brother who has been removed from the priesthood, diaconate, or brotherhood including those who were removed at the request of the Vatican, Holy See, Archbishop and/or Archdiocese.*

**RESPONSE TO INTERROGATORY NO. 25:**

**Objection 1:** The Archdiocese objects to this Interrogatory on the grounds that it is overly broad because it asks the Archdiocese to identify every any priest, deacon, and brother who has been removed from the priesthood, diaconate, or brotherhood because the Interrogatory, as written, has no specified time period and no specific geographic area and, therefore, is without a reasonable limitation on its scope.

**Objection 2:** The Archdiocese objects to this Interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

{N3948671.2}

**Objection 3:** The Archdiocese objects to this Interrogatory on the grounds that it is unduly burdensome because identifying all clergy in the Catholic Church throughout the world from the beginning of time to date constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Interrogatory on the grounds that the phrase "removed from the priesthood, diaconate, or brotherhood" is vague and ambiguous. It is unclear whether the Interrogatory is asking the Archdiocese to identify clergymen removed from ministry or laicized.

<div align="center">

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

</div>

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

*All Archdiocesan Directories published between 1960 and the present.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce "all Archdiocesan Directories" published since 1960 to present. The term "Directories" is so broad that it is impossible to determine what amongst numerous documents fall within the scope of the Request.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving documents dating all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that the term "Directories" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, the Archdiocese states that it has located all of the documents it could reasonably locate since 1968. These documents will be made available for inspection as they are maintained in the regular course of business by the Archdiocese

{N3948671.2}

27

at a mutually convenient date and time after the Court enters a protective order as requested by the Archdiocese to protect confidential information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

*All documents referring or relating to document retention and/or destruction policies, practices and instruction of the Archdiocese from 1960 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document relating to document retention and/or destruction policies, practices and instruction of the Archdiocese dating all the way back to 1960. The terms "policies", "practices", and "instruction" is so broad that it is impossible to determine what amongst numerous documents falls within the scope of this Request.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving information all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that the terms "policies", "practices", and "instruction" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, the Archdiocese has already produced the following documents in the JW Doe case[1] regarding document retention policies, which are all of the documents it could reasonably locate since 1968, and it has not withheld any documents. This production serves as the response to the Request in this case:

- 1995 Archdiocese of New Orleans Records Retention Schedule [1442 ARCH 000721-000730]
- 1997 Retention Schedules revision [1442 ARCH 000731-000757]

---

[1] *J.W. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al*, No. 2019-3947, Division D (Judge Ervin-Knott).

{N3948671.2}

- 2001 Retention Schedules revision [1442 ARCH 000758-000778]
- 2003 Parish Records Retention Guide [1442 ARCH 000779-000790]
- 2012 Finance and Accounting Records Retention [1442 ARCH 000791-000799]
- 2014 Insurance Records Retention [1442 ARCH 000800-000801]
- 2019 Schools Records Retention [1442 ARCH 000802-000804]

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

*All documents referring to or relating to the sexual abuse reporting policies, procedures, instructions, and guidelines in effect in the Archdiocese from 1960 to the present.*

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to identify every policy, procedure, instruction, and guideline for responding to allegations of sexual abuse of children from 1960 to the present. The terms "policies", "procedures", "instructions", and "guidelines" is so broad that it is impossible to determine what amongst numerous documents fall within the scope of this Request.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, if interpreted literally, requests documents not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every such policy, procedure, instruction, and guideline dating all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that the terms "policies", "procedures", "instructions", and "guidelines" are vague and ambiguous, and it is not possible for the Archdiocese to produce or describe non-written policies, procedures, instructions, and guidelines.

Subject to these objections and the General Objections, the Archdiocese has already produced the following written policies in the JW Doe case[2], which are all of the documents it

---

[2] *J.W. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al*, No. 2019-3947, Division D (Judge Ervin-Knott).

{N3948671.2}

could reasonably locate since 1968, and it has not withheld any documents. This production serves

as the response to the Request in this case:

- 1977 Employee Policy Manual [1442 ARCH 000038-000046]
- 1984 Employee Policy Manual [1442 ARCH 000047-000054]
- 1992 Employee Policy Manual (revision of 1984 policy) [1442 ARCH 000055-000067]
- 1993 Policy concerning the Abuse and Neglect of Minors [1442 ARCH 000068-000080, 000081-000089]
- 1994 Archdiocesan Policies Book [1442 ARCH 000090-000316]
- 1996 Policy on Outside Work [1442 ARCH 000317-000319]
- 1997 Policy Regarding Employee Contracts [1442 ARCH 000320-000321]
- 1998 Policy concerning the Abuse and Neglect of Minors [1442 ARCH 000322-000333]
- 1999 Policy concerning Sexual Harassment [1442 ARCH 000334-000349]
- 2000 Addendum to Policy Concerning Abuse or Neglect of Minors [1442 ARCH 000350-361, 000362-000365]
- 2003 Employee Screening Policy[1442 ARCH 000366-000370]
- 2003 Policy concerning Abuse or Neglect of Minors [1442 ARCH 000371-000391]
- 2010 General Policy and Procedure on Technology [1442 ARCH 000392-000400]
- 2010 General Records Policy [1442 ARCH 000401-000402]
- 2010 Personnel Policies [1442 ARCH 000403-000431]
- 2011 Employee Handbook [1442 ARCH 000432-000459]
- 2011 Policy Concerning Abuse or Neglect of Minors [1442 ARCH 000460-000472]
- 2011 Principles of Ethics and Integrity Code of Ethics [1442 ARCH 000473-000483]
- 2015 Parental Bonding Policy [1442 ARCH 000484-000485]
- Current Archdiocesan Policy Manual [1442 ARCH 000486-000713]
- Website Policy [1442 ARCH 000037]
  Technology Policy for Pastoral Work with Young People [1442 ARCH 000714-000720]

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

*All documents referring or relating to policies, procedures, instructions or guidelines for investigating a complaint or allegation of sexual misconduct or abuse by clergy, employees, or volunteers in the Archdiocese in effect from 1960 to the present.*

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad

because it asks the Archdiocese to identify every document relating to every policy, procedure,

instruction, and guideline for investigating an allegation of sexual abuse from 1960 to the present.

The terms "policies", "procedures", "instructions", and "guidelines" is so broad that it is

impossible to determine what amongst numerous documents fall within the scope of this Request.

{N3948671.2}

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, if interpreted literally, requests documents not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document relating to every such policy, procedure, instruction, and guideline dating all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that the terms "policies", "procedures", "instruction", and "guidelines" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 5:** The Archdiocese objects to this Request on the grounds that this Request is redundant and has, in substance, been previously propounded in Request for Production No. 3.

Subject to these objections and the General Objections, see Response to Request for Production No. 3 and the objections therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

*All communication and/or documents relating to child sexual abuse from 1960 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese produce every document and communication relating to child sexual abuse from 1960 to the present without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff or allegations against clergyman other than Defendants Fraser and Calamari. Such information implicates legitimate

privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document and communication dating all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, the Archdiocese will produce documents regarding Defendants Fraser and Calamari after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) documents prepared and maintained solely by the Independent Review Board ("IRB") and/or any of its members; (3) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted; (4) protected health information; and (5) documents regarding clergy who are not named as a defendant or otherwise implicated in this case. The Archdiocese is still reviewing electronically stored information to determine if there are any relevant emails.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

*All documents relating to the Archdiocese Diocese's awareness or knowledge of alleged child sexual abuse by its agents.*

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document relating to the Archdiocese's alleged knowledge of alleged child sexual abuse without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request seeks documents regarding alleged sexual abuse by any of the Archdiocese's "agents" and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects on the grounds that it seeks

{N3948671.2}

32

information regarding alleged victims of sexual abuse other than Plaintiff or allegations against clergyman other than Defendants Fraser and Calamari. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request because "agents" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, see Response to Request for Production No. 5 and the objections therein.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

*All documents identifying, referring, or relating to any and all priests and deacons who have worked or continue to work in the Archdiocese who have been accused of sexually molesting minors.*

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese produce every document relating to any and all priests and deacons who have worked or continue to work in the Archdiocese who have been accused of such conduct without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request seeks documents relating to "all priests and deacons" and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff or allegations against clergyman other than Defendants Fraser and Calamari. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

{N3948671.2}

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document relating to every priest and deacon without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that "accused" and "have worked or continue to work in the Archdiocese" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is vague and appears to be asking either for all documents regarding all priests and deacons who have worked in the Archdiocese who were accused of sexually molesting minors or all of such priests and deacons who worked but continue to work in the Archdiocese.

**Objection 6:** The Archdiocese objects to this Request on the grounds that the request for documents and information regarding any and all priests and deacons who have been "accused" of sexually molesting minors is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

*All documents relating, referring, or otherwise pertaining to Father Michael Fraser and Father Paul Calamari as referenced in interrogatory #2.*

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese produce every document relating to Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it asks the Archdiocese to produce all documents relating to Defendants Fraser and Calamari irrespective of the subject matter and therefore, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any inquiry regarding alleged victims of sexual abuse other than Plaintiff based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy

{N3948671.2}

interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only produce such information in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it seeks documents regarding the Independent Review Board ("IRB"), which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects because this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document relating to Defendants Fraser and Calamari without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, the Archdiocese conducted a reasonable and thorough search for documents relating to Defendants Fraser and Calamari and will produce such documents after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) documents prepared and maintained solely by the IRB and/or any of its members; (3) protected health information; and (4) personally identifiable information of alleged third-party victims of sexual abuse. In addition, the Archdiocese is still reviewing electronically stored information to determine if there are any relevant emails.

{N3948671.2}

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

*The personnel file of Father Michael Fraser and Father Paul Calamari including but not limited to the archive file, documents relating to assignment histories, transfer letters, transfer requests, sabbaticals, administrative leaves, sick leaves or leaves of absence, termination (as an employee, volunteer or agent of the Archdiocese), seminary or other scholastic records, evaluations by the faculty, evaluations of diaconate work, disciplinary actions taken against Father Michael Fraser and Father Paul Calamari during diaconate training or other schooling, requests for Holy Orders, Accounts of Conscience, pagellas, summaries of files, red flags, training, parish bulletins, parish directors, Judicial Vicar Reports.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce Defendants Fraser and Calamari's "personnel file" which, as described in the Request, includes a broad range of various documents without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, if interpreted literally, requests documents not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any inquiry regarding alleged victims of sexual abuse other than Plaintiff based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only produce such information in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving the requested documents without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "personnel file" is vague and ambiguous, and therefore it is impossible to make a response without speculation. Priests are not employees of the Archdiocese.

**Objection 6:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, the Archdiocese will produce the documents in the file for Defendants Fraser and Calamari after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted; and (3) protected health information.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

*All personnel files and/or documents created or maintained by any priests, agent, employee, or official of the Archdiocese referring or relating to Father Michael Fraser and Father Paul Calamari that is kept separate and apart from the main personnel file or "priest file" for Father Michael Fraser and Father Paul Calamari, including but not limited to files created or maintained by the Office of Communications, the Director of the Safe Environment Program, review boards.*

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document relating to Defendants Fraser and Calamari that is kept separate from his personnel file without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, if interpreted literally, requests documents not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any request regarding alleged victims of sexual abuse other than Plaintiff based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only produce such information in response to a court order requiring it to do so.

{N3948671.2}

37

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving the requested documents without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "personnel file" is vague and ambiguous, and therefore it is impossible to make a response without speculation. Priests are not employees of the Archdiocese.

**Objection 6:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 9.

Subject to these objections and the General Objections, see Response to Request No. 9 and the objections therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

*All minutes and/or documents of the Personnel Board, Senate, Board of Consultors, Definitorium or other advising body referring to Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document of the Personnel Board, Senate, Board of Consultors, Definitorium or other advising body relating to Defendant without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, if interpreted literally, requests documents not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any request regarding alleged victims of sexual abuse other than Plaintiff based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

{N3948671.2}

**Objection 4:** The Archdiocese objects to this Request on the grounds that it seeks documents prepared and maintained solely by the Independent review Board ("IRB") and/or any of its members because such documents are subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving the requested documents without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 6:** The Archdiocese objects to this Request on the grounds that "Personnel Board, Senate, Board of Consultors, Definitorium or other advising body" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, the Archdiocese states that the Archdiocese does not have a board or advising body called the "Senate", "Definitorium", or "Board of Consultors" and therefore no such documents exist and none have been withheld. Further, there are no documents of the Personnel Board relating or referring to Defendants Fraser and Calamari, therefore, none of these documents have been withheld. Documents prepared and maintained solely by the Independent Review Board ("IRB") and/or any of its members have not been produced based on the Archdiocese's objections.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

*The restricted access file and/or documents for Deacon Father Michael Fraser and Father Paul Calamari.*

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document for Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

{N3948671.2}

39

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, if interpreted literally, requests documents not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** In particular, the Archdiocese objects to any request regarding alleged victims of sexual abuse other than Plaintiff based upon relevancy pursuant to La. C.C.P. art. 1422. Moreover, the Archdiocese objects to any such requests because they implicate legitimate privacy interests of third parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only produce such information in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it seeks documents subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving the requested documents without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 6:** The Archdiocese objects to this Request on the grounds that the term "restricted access" is vague and ambiguous such that it is impossible to respond without speculation.

**Objection 7:** The Archdiocese objects to this Request on the grounds that "Deacon Father Michael Fraser" is vague and ambiguous such that it is impossible to respond without speculation. The Request, as written, is unclear whether it is requesting information about Father Michael Fraser or another individual named "Deacon Father Michael Fraser."

{N3948671.2}

**Objection 8:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, the Archdiocese will produce the documents located in the portions of Defendants Fraser and Calamari's file that were maintained under a restricted access designation after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted; and (3) protected health information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

*All documents relating to or referring to Father Michael Fraser and Father Paul Calamari's employment with, services for, transfer to or departure from any parish, school or other entity affiliated with the Archdiocese.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce all documents "relating" to or "referring" to Father Michael Fraser and Father Paul Calamari's "employment with" and "services for" "any parish, school or other entity affiliated with the Archdiocese" without any reasonable limitation as to time or scope. This Request, as written, is so broad that it is impossible to determine what amongst numerous documents fall within the scope of the Request.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, if interpreted literally, requests documents not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document relating to Defendants Fraser and Calamari's "employment with" or "services for" any entity affiliated with the Archdiocese without any specified time period constitutes an undue burden and expense and is oppressive.

{N3948671.2}

41

**Objection 4:** The Archdiocese objects to this Request on the grounds that "services", "transfer", "departure", "relating to or referring to", and "entity affiliated with the Archdiocese" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, documents responsive to this Request can be found in Defendants Fraser and Calamari's personnel file, which will be produced after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted; and (3) protected health information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

*All documents referring to suspicions or information that Father Michael Fraser and Father Paul Calamari's engaged in sexual misconduct, violated Canon Law, and/or violated the Sixth Commandment of the Decalogue.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document relating to any information involving Defendants Fraser and Calamari and violations of sexual misconduct, Canon Law, and the Sixth Commandment of the Decalogue without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that any request for documents regarding violation of Canon law or any religious law or principle, including but not limited to Sixth Commandment of the Decalogue, is irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it is not sufficiently related to the alleged sexual abuse underlying this action. The Archdiocese further objects on the grounds that it seeks documents regarding alleged victims of sexual abuse other than Plaintiff. Such documents implicate legitimate privacy interests of third parties and contain private and/or confidential settlement information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E.

{N3948671.2}

42

Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it seeks documents prepared and maintained solely by the Independent review Board ("IRB") and/or any of its members because such documents are subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 4:** The Archdiocese objects to this Request on the grounds that the terms "suspicions" and "information" are vague and ambiguous such that it is impossible to respond without speculation.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving the requested documents without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 6:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, the Archdiocese will produce responsive documents after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) documents prepared and maintained solely by the IRB and/or any of its members; (3) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted; and (4) protected health information.

{N3948671.2}

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

*All documents related to the removal and/or termination of Father Michael Fraser and Father Paul Calamari's from the clerical state, including but not limited to, petitions, applications, processes, declarations and votum.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that any request for information regarding any removal or termination based on Canon law or any religious law or principle is irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it is not sufficiently related to the alleged sexual abuse underlying this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks documents prepared and maintained solely by the Independent review Board ("IRB") and/or any of its members because such documents are subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving the requested documents without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request because the terms "removal" and "termination", as used in this Request, is vague and ambiguous such that it is impossible to respond without speculation.

Subject to these objections and the General Objections, documents responsive to this Request can be found in Defendants Fraser and Calamari's personnel file, which will be produced after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents prepared and maintained solely by the IRB and/or any of its members and (2) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

*All communication and/or documents with third parties referring or relating to Father Michael Fraser and Father Paul Calamari's.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document and communication with third parties relating to Defendants Fraser and Calamari without any reasonable limitation as to time or scope relative to the issues in this lawsuit.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every document with third parties relating to Defendants Fraser and Calamari and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it seeks documents prepared and maintained solely by the Independent review Board ("IRB") and/or any of its members because such documents are subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana

{N3948671.2}

Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every communication and document with third parties relating to Defendants Fraser and Calamari without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, see Response to Request for Production No. 8 and the objections therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

*All documents relating or referring to the excardination of Father Michael Fraser and Father Paul Calamari's.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it seeks documents subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

{N3948671.2}

46

Subject to this objection and the General Objections, the Archdiocese states that Defendants Fraser and Calamari were never excardinated. Therefore, there are no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

*All documents conferring faculties to minister upon Father Michael Fraser and Father Paul Calamari's.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document conferring faculties to minister upon Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, responsive documents may be found in Defendants Fraser and Calamari's file, which will be produced after the Court enters a protective order as requested by the Archdiocese to protect confidential information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

*All communications between anyone in the Archdiocese and Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every communications between anyone in the Archdiocese and Defendants Fraser and Calamari without any reasonable limitation as to time or scope. The Archdiocese encompasses 8 civil parishes in the New Orleans metropolitan area and includes approximately 1,200,000 people. Therefore, such a request is impermissibly broad.

{N3948671.2}

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every communication from "anyone in the Archdiocese" and Defendants Fraser and Calamari irrespective of the subject matter and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every communication between "anyone in the Archdiocese" and Defendants Fraser and Calamari without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that "anyone in the Archdiocese" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, see Response to Request for Production No. 8 and the objections therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

*All secret, secreto, confidential, and/or "Archbishop's Eyes Only" documents created, kept or maintained that refer or relate to Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible

{N3948671.2}

48

evidence because it requests every confidential document relating to Defendants Fraser and Calamari irrespective of the subject matter and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks information regarding the Independent Review Board ("IRB"), which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 3:** The Archdiocese objects to this Request because the Request assumes the truth of matters not established or matters that are not correct. All records at the Archdiocese are restricted in some form. Not all records are open to all staff members. Regarding "restricted access files," many of the records of the Archdiocese are restricted for various reasons.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every confidential document relating to Defendants Fraser and Calamari. Such a request is impermissibly broad.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every confidential document relating to Defendants

{N3948671.2}

49

Fraser and Calamari without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 6:** The Archdiocese objects to this Request on the grounds that the terms "secret," "secreto," and "confidential" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 7:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, documents from the portions of Defendants Fraser and Calamari's file that were maintained under a restricted access designation will be produced after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) documents prepared and maintained solely by the Independent Review Board ("IRB") and/or any of its members; (3) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted; and (4) protected health information.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:

*All Canon 489 files created, kept, or maintained referring or relating to Father Michael Fraser and Father Paul Calamari.*

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:

Subject to the General Objections, the Archdiocese states that there are no responsive documents. Subject to any objections, any restricted files have been produced in response to other requests.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:

*All documents generated or maintained by members of the Priests' Personnel Board referring to or relating to Father Michael Fraser and Father Paul Calamari.*

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every document maintained by the Priests' Personnel Board relating

{N3948671.2}

to Defendants Fraser and Calamari irrespective of the subject matter and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document maintained by the Priests' Personnel Board relating to Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document maintained by the Priests' Personnel Board relating to Defendants Fraser and Calamari without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 11.

Subject to these objections and the General Objections, none.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:

*All Archdiocesan statutes and norms in effect between 1960 and the present that Father Michael Fraser and Father Paul Calamari was expected to follow.*

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every statute and norm dating all the way back to 1960 that Defendants Fraser and Calamari were expected to follow without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, asks the Archdiocese to produce statutes and norms that are not related to the alleged sexual abuse that forms the basis of this action.

{N3948671.2}

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every statute and norm dating all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that the term "norms" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 5:** The Archdiocese objects to this Request because it requests information about "Archdiocesan statutes and norms" which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects because this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 6:** The Archdiocese objects to this Request because the requested statutes and norms are publicly available and therefore equally available to all parties.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

*Communication and/or documents generated by any Archbishop or Archbishop's designee referring or relating to Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document and communication generated by any Archbishop or Archbishop's designee relating to Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510;

{N3948671.2}

La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it seeks information regarding the Independent Review Board ("IRB"), which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq*. Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document and communication generated by any Archbishop or Archbishop's designee relating to Defendants Fraser and Calamari without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, see Response to Request for Production No. 8 and the objections therein.

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25</u>:**

*All documents referring to relating to complaints, claims, demands, allegations, investigative reports, statements, internal memoranda, or documents relating to inappropriate behavior, inappropriate comments, inappropriate touching, or sexual abuse by Father Michael Fraser and Father Paul Calamari.*

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25</u>:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document relating to any claim of sexual abuse by Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

{N3948671.2}

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every document relating to any claim of sexual abuse by Defendants Fraser and Calamari irrespective of the Claimant and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it seeks documents regarding the Independent Review Board ("IRB"), which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects on the grounds that this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine and/or is fit to serve in ministry.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document and communication generated by any Archbishop or Archbishop's designee relating to Defendants Fraser and Calamari without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "inappropriate behavior, inappropriate comments, inappropriate touching, or sexual abuse" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

{N3948671.2}

**Objection 6:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, see Response to Request for Production No. 8 and the objections therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

*Diaries and calendars referring or relating to Father Michael Fraser and Father Paul Calamari created or otherwise maintained by any archbishop, bishop, vicar general, vicar for clergy, dean, director of ministry to priests, provincial minister, prior, socius, house superior, definitor, mentor, superior, guardian, or aftercare monitor.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every diary and calendar relating to Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every calendar and diary relating to Defendants Fraser and Calamari and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every diary and calendar relating to Defendants Fraser and Calamari without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that "director of ministry to priests, provincial minister, prior, socius, house superior, definitor, mentor, superior, guardian, or aftercare monitor" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

{N3948671.2}

**Objection 5:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, the Archdiocese states that to the best of its knowledge, there are no responsive documents and no documents have been withheld.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

*All claims, charges, documents, complaints, and/or records thereof, made against or to the Archdiocese, or brought to the Archdiocese's attention in any form, for alleged misconduct by Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that the terms "claims", "charges", "complaints", and "alleged misconduct" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every document relating to any claim of misconduct by Defendants Fraser and Calamari irrespective of the claimant and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 3:** The Archdiocese objects to this Request because the term "misconduct" is vague and ambiguous such that it is impossible to respond without speculation.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

{N3948671.2}

Subject to these objections and the General Objections, see Response to Request for Production No. 8 and the objections therein.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:

*All documents referring or relating to Father Michael Fraser and Father Paul Calamari mental health treatment or evaluation, including but not limited to, intake reports and aftercare supervisor's reports.*

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document relating to Defendants Fraser and Calamari's mental health treatment without any reasonable limitation as to time or scope.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every document relating to Defendants Fraser and Calamari's mental health treatment and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document relating to Defendants Fraser and Calamari's mental health treatment without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "intake reports and aftercare supervisor's reports" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 6:** The Archdiocese objects to this Request on the grounds that it is redundant

and has, in substance, been previously propounded in Request for Production No. 8.

**Objection 7:** The Archdiocese objects to this Request on the grounds that it seeks protected

health information.

Subject to these objections and the General Objections, the Archdiocese will produce

responsive documents after the Court enters a protective order as requested by the Archdiocese to

protect confidential information.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:

*All documents referring or relating to monies paid or loans made and their current status by the Archdiocese to Deacon Brignac or paid on Father Michael Fraser and Father Paul Calamari's behalf for (1) medical, psychological or psychiatric treatment and/or evaluation, (2) the settlement with victims of sexual misconduct, or (3) legal expenses related to allegations of sexual misconduct.*

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad

because it asks the Archdiocese to produce every document relating to monies paid by the

Archdiocese on Defendants Fraser and Calamari's behalf for treatment, settlement with victims,

or legal expenses for allegations of sexual misconduct without any reasonable limitation as to time

or scope.

**Objection 2:** Further, the Archdiocese objects to this Request on the grounds that it seeks

irrelevant information that is not reasonably calculated to lead to the discovery of admissible

evidence because documents regarding monies paid or loans made and their current status by the

Archdiocese to Deacon Brignac is irrelevant to the claims made against Defendants Fraser and

Calamari.

**Objection 3:** Further, the Archdiocese objects to this Request on the grounds that it seeks

irrelevant information that is not reasonably calculated to lead to the discovery of admissible

evidence because it requests every document relating to monies paid by the Archdiocese on

Defendants Fraser and Calamari's behalf for treatment, settlement with victims, or legal expenses

for allegations of sexual misconduct irrespective of the claimant and therefore is not sufficiently

related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further

{N3948671.2}

58

objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document relating to monies paid by the Archdiocese on Defendants Fraser and Calamari's behalf for treatment, settlement with victims, or legal expenses for allegations of sexual misconduct without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "victims" and "sexual misconduct" are vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 6:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

**Objection 7:** The Archdiocese objects to this Request on the grounds that it seeks protected health information.

Subject to these objections and the General Objections, the Archdiocese will produce responsive documents after the Court enters a protective order as requested by the Archdiocese to protect confidential information. Based on the objections herein, the Archdiocese will not produce: (1) documents relating to settlement agreements involving third-party claimants; (2) personally identifiable information of alleged third-party victims of sexual abuse, which has been redacted; and (3) protected health information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

*All school yearbooks for the years in which Father Michael Fraser and Father Paul Calamari was assigned to or otherwise provided services to an Archdiocesan school.*

{N3948671.2}

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every school yearbook for the years in which Defendants Fraser and Calamari provided services to an Archdiocesan school without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every school yearbook for the years in which Defendants Fraser and Calamari provided services to an Archdiocesan school without any specified time limitation constitutes an undue burden and expense and is oppressive.

Subject to these objections and the General Objections, the Archdiocese states that it does not collect or maintain any school yearbooks and there are no responsive documents. No documents have been withheld.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

*All documents referring or relating to the organizational structure of the parishes where Father Michael Fraser and Father Paul Calamari lived, worked, or was otherwise assigned during the period in which he was living, working, or otherwise assigned to the parish.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document relating to the organizational structure of the parishes where Defendants Fraser and Calamari lived, worked, or was assigned without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document relating to the organizational structure of the parishes where Defendants Fraser and Calamari lived, worked, or was assigned without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that the parishes are separate and distinct entities from the Archdiocese.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "organizational structure of the parishes" vague and ambiguous, and therefore it is impossible to make a response without speculation.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

*All reports, communications, and/or documents to the Holy See, referring or relating to priests accused, suspected, or investigated for violations of Canon Law from 1960 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document to the "Holy See" relating to every priest accused, suspected, or investigation for alleged violations of "Canon Law" without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it requests every document to the "Holy See" relating to every priest accused, suspected, or investigation for alleged violations of "Canon Law" and therefore is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315.

**Objection 3:** The Archdiocese objects to this Request because it seeks documents regarding alleged violations of Canon Law, which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the

{N3948671.2}

Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects because this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every document and communication dating all the way back to 1960 constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "accused, suspected, or investigated for violations of Canon Law" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

Subject to these objections and the General Objections, there are no documents to the Holy See regarding Defendants Fraser and Calamari. The Archdiocese is still reviewing electronically stored information to determine if there are any relevant emails.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

*All communication and/or documents indemnifying or otherwise limiting the liability of the Archdiocese for the misconduct of Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that the phrase "indemnifying or otherwise limiting the liability of the Archdiocese" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every document limiting the liability of the Archdiocese for the misconduct of Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because it is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates

{N3948671.2}

legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every such document without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that "limiting the liability of the Archdiocese for the misconduct of Father Michael Fraser and Father Paul Calamari" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:

*All communication and/or document with the U.S. Conference of Catholic Bishops relating to the sexual abuse of children.*

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every communication and document with the U.S. Conference of Catholic Bishops relating to alleged sexual abuse without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties.

**Objection 3:** The Archdiocese objects to this Request because it seeks documents regarding the U.S. Conference of Catholic Bishops, which is subject to the protections implicated and/or afforded by the First Amendment of the United States Constitution and Article 1, §8 of the

{N3948671.2}

Louisiana Constitution, as well as the Preservation of Religious Freedom Act, La. R.S. 13:5231, *et seq.* Further, the Archdiocese objects because this Request seeks information regarding the Archdiocese's internal church processes for determining whether a cleric or religious committed an offense under Roman Catholic Church law or doctrine.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every such document without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 5:** The Archdiocese objects to this Request on the grounds that certain documents are subject to confidentiality restrictions**.**

**Objection 6:** The Archdiocese objects to this Request on the grounds that as "sexual abuse" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

*All media coverage in any format regarding Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

**Objection 1:** The Archdiocese objects to this Request because it seeks documents or information that is publicly available and therefore equally accessible by Plaintiff as the Archdiocese.

**Objection 2:** The Archdiocese objects to this Request on the grounds that the term "media coverage" is vague and ambiguous, and therefore it is impossible to make a response without speculation.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every such document without any specified time limitation constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

*All communications from anyone to the Archdiocese regarding Father Michael Fraser and Father Paul Calamari.*

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every communication from anyone to the Archdiocese regarding Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties. *See* La. Const. Art. 1, Sec. 5, La. C.E. Art. 510; La. R.S. 13:3517.1 and La. C.C. Art. 2315. Finally, the Archdiocese objects to producing documents which are subject to a confidentiality agreement or provision and/or court order sealing a record. The Archdiocese can only provide such information in response to a court order requiring it to do so.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every communications between anyone to the Archdiocese regarding Defendants Fraser and Calamari without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, see Response to Request for Production No. 8 and the objections therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

*All communications from anyone in the Archdiocese to any civil, criminal, or canon lawyer representing Father Michael Fraser and Father Paul Calamari.*

{N3948671.2}

65

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

**Objection 1:** The Archdiocese objects to this Request on the grounds that it is overly broad because it asks the Archdiocese to produce every communication from anyone in the Archdiocese to any lawyer representing Defendants Fraser and Calamari without any reasonable limitation as to time or scope.

**Objection 2:** The Archdiocese objects to this Request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because the Request, as drafted, is not sufficiently related to the alleged sexual abuse that forms the basis of this action. The Archdiocese further objects to this Request on the grounds that it seeks information regarding alleged victims of sexual abuse other than Plaintiff. Such information implicates legitimate privacy interests of third parties and seeks private and/or confidential information involving non-parties.

**Objection 3:** The Archdiocese objects to this Request on the grounds that it is unduly burdensome because locating or retrieving every communications between anyone in the Archdiocese to any lawyer representing Defendants Fraser and Calamari without any specified time period constitutes an undue burden and expense and is oppressive.

**Objection 4:** The Archdiocese objects to this Request on the grounds that it is redundant and has, in substance, been previously propounded in Request for Production No. 8.

Subject to these objections and the General Objections, see Response to Request for Production No. 8 and the objections therein.

Respectfully submitted,

WAYNE G. ZERINGUE, JR. (#18516)
JOSEPH J. LOWENTHAL, JR. (#08909)
JEFFERSON R. TILLERY (#17831)
EDWARD D. WEGMANN (#13315)
ALLISON B. KINGSMILL (#36532)
JONES WALKER, LLP
201 St. Charles Avenue, Floor 48
New Orleans, LA 70170
Telephone:    504-582-8682
Facsimile:    504-589-8682
Email: wzeringue@joneswalker.com
         jlowenthal@joneswalker.com

{N3948671.2}

66

jtillery@joneswalker.com
dwegmann@joneswalker.com
akingsmill@joneswalker.com

AND

DWIGHT C. PAULSEN III (#19729)
BRODIE G. GLENN (#33152)
L. DAVID ADAMS (#37008)
Bradley Murchison Kelly & Shea LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
Phone: 504-596-6300 | Fax: 504-596-6301

AND

RICHARD A. BORDELON (#14091)
Denechaud and Denechaud, L.L.C.
201 St. Charles Avenue, Suite 3920
New Orleans, LA 70170
Phone: 504-522-4756 | Fax: 504-568-0783

*Attorneys for Defendant, The Roman Catholic
Church of the Archdiocese of New Orleans*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded this

day to all counsel of record, ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States

mail, postage prepaid and properly addressed, this 15th day of January, 2020.

_____
EDWARD D. WEGMANN

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

**DOCKET NO. 2019-1371**          **DIVISION "C"**          **SECTION: 10**

JAMES DOE

VERSUS

ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC.,
THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,
THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,
FATHER MICHAEL FRASER AND FATHER PAUL CALAMARI

FILED BY: _____          _____

**DEPUTY CLERK**

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, personally came and appeared:

**Emilie Gagnet Leumas, Ph.D.,**

who, after being first duly sworn, did depose and state that she appears herein as a representative of The Roman Catholic Church of the Archdiocese of New Orleans and that she has read the foregoing Answers to Plaintiff's First Set of Interrogatories and that all of the information contained therein is true and correct to the best of her knowledge, information and belief.

_____
Emilie Gagnet Leumas, Ph.D.

Sworn to and subscribed before me

this _____ day of January, 2020.

_____
NOTARY PUBLIC

{N3948671.2}

68



**Archdiocese of New Orleans**

Office of the Archbishop

7887 Walmsley Avenue
New Orleans, LA 70125-3496
Office: (504) 861-9521
Fax (504) 314-9614
Email: archbishop@arch-no.org

November 2, 2018

To the People of God in the Archdiocese of New Orleans:

Dear Sisters and Brothers in Christ,

To the victims and survivors of sexual abuse, my heart and prayerful support go out to you that you may know God's healing and compassion. Anyone who is a victim or survivor of sexual abuse, please know of my willingness to meet with you so that I may walk with you in healing.

After much prayer and consultation with many people, including the Priests' Council and lay leadership, I have decided to publish the names of Archdiocesan clergy (priests and deacons) who have been removed from ministry for an allegation of sexual abuse of a minor. This report also includes deceased Archdiocesan clergy and religious order priests.

I have received many calls and emails asking me to publish the names. I have also received many calls and emails suggesting <u>not</u> to publish the names. I believe it is the right thing to do in order to foster the healing of victims, in a spirit of transparency, and in the pursuit of justice. Jesus reminds us, "The truth will set you free" *(John 8:32).*

For those against whom the accusation came after their death, a very careful examination took place in order to justify the reporting of the person's name. The more recent cases were and continue to be presented to the Archdiocesan Review Board, an independent board made up of lay experts, who review the cases and make recommendations. For earlier cases, the way in which allegations were reported and investigated varied. This is a weakness that was corrected by the bishops in 2002 with the Charter for the Protection of Children and Young People.

A team of more than ten women and men that included staff and outside legal professionals reviewed the files of 2,432 priests who have served in the Archdiocese of New Orleans since 1950. For priests with accusations received after their death, additional people reviewed the file to ensure accuracy to the extent that is possible after death. Of the 2,432 priests who have served in the Archdiocese of New Orleans since 1950, the review identified 57 who are included in this report. This entire list has been given to the Orleans Parish District Attorney and will be made available to any other District Attorney.

Some will be surprised to see the name of a priest who served in your parish or who you personally knew very well. As you experience this disappointment, I raise you to the Lord and ask him to give you comfort and his peace.

**EXHIBIT**

**A**

Since the Charter for the Protection of Children and Young People was established in 2002, the number of cases has been reduced significantly. Most of the accusations are from incidents that occurred decades ago, even as long as 70 years ago. There has not been a substantiated allegation of sexual abuse of a minor committed in well over a decade by a member of the clergy in ministry in the Archdiocese of New Orleans. In the United States during the last two years, there have been eight substantiated allegations of abuse by clergy according to the 2017 Annual Report on the Implementation of the Charter for the Protection of Children and Young People. There are 33,917 priests currently in the United States; therefore, .025% of priests have had substantiated allegations against them.

While just one case of sexual abuse is one too many, these statistics give evidence that our Safe Environment Program of background checks for those who work with minors, trainings for both adults and children, and extensive psychological testing and formation for seminarians has had a very positive impact on protecting our children. One may have the impression from either the media or on social media that such abuse is rampant in our churches and schools today. This is simply untrue.

I would be remiss if I did not extend my heartfelt gratitude to the very good and faithful clergy who serve in the Archdiocese of New Orleans. Daily, they give of themselves to lead and serve God's people. My brothers, thank you as you continue to shepherd God's people today. I also thank all those who support our clergy and appreciate their ministry.

We have done our very best to make this report as accurate and complete as possible. If anyone wishes to raise a question about someone not on the list, I invite you to come forward. The phone number for Victims Assistance Coordinator Br. Stephan Synan, F.M.S. is (504) 522-5019. If necessary, the list will be updated if other cases are presented.

For our sins of the past, we ask for your forgiveness and the mercy of God. Our sin is public and it calls us as church leaders to repentance in order that our church can experience renewal. As a church, our rock foundation is Jesus Christ. It is His church and has been for over 2,000 years. In spite of our sins, He will not desert the church but will lead us towards healing and renewal.

Wishing you God's peace, I am

Sincerely in Christ,

Most Reverend Gregory M. Aymond
Archbishop of New Orleans

The names of Archdiocese of New Orleans clergy who are alive and have been accused of sexually abusing a minor which led to their removal from ministry. In each case, the cleric remains out of ministry.

GEORGE BRIGNAC (DEACON)
Date of Birth: 1935
Ordination: 1976
Estimated Timeframe of Abuse: late 1970s; early 1980s
Allegation Received: 1977
Removed from Ministry: 1988
Pastoral Assignments
  Cabrini High School, New Orleans
  Our Lady of the Rosary, New Orleans
  St. Frances Cabrini School, New Orleans
  St. Louise de Marillac School, Arabi
  St. Matthew the Apostle School, River Ridge

MICHAEL FARINO
Date of Birth: 1942
Ordination: 1969
Estimated Timeframe of Abuse: 1970s and 1980s
Allegation Received: 1990
Removed from Ministry: 1990
Pastoral Assignments
  Our Lady of Prompt Succor, Chalmette
  St. Benilde, Metairie
  St. Maurice, New Orleans

THOMAS GASPARD GLASGOW
Date of Birth: 1938
Ordination: 1969
Estimated Timeframe of Abuse: late 1970s
Allegation Received: 2007
Removed from Ministry: 2008
Pastoral Assignments
  Mater Dolorosa, New Orleans
  St. Brigid, New Orleans
  St. Gabriel, New Orleans
  St. James Major, New Orleans
  St. John the Baptist, Edgard
  St. Philip the Apostle, New Orleans
  St. Simon Peter, New Orleans

PAUL CALAMARI
Date of Birth: 1944
Ordination: 1980
Estimated Timeframe of Abuse: 1970s
Allegation Received: 2003
Removed from Ministry: 2003
Pastoral Assignments
  Our Lady of Perpetual Help, Belle Chasse
  Our Lady of the Rosary, New Orleans, in residence
  St. Stanislaus School, Bay St. Louis, MS
  St. Raphael, New Orleans
  St. Rita, New Orleans, in residence
  Holy Cross Church, Dover, DE
  St. Mary of the Assumption, Hockenin, DE
  St. Peter the Apostle, New Castle, DE

MICHAEL FRASER
Date of Birth: 1949
Ordination: 1975
Estimated Timeframe of Abuse: 1980s; 1990s
Allegation Received: 1998
Removed from Ministry: 2004
Pastoral Assignments
  Sts. Peter and Paul, Pearl River
  St. Raphael the Archangel, New Orleans
  St. Rita Church, New Orleans
  The Visitation of Our Lady, Marrero

LAWRENCE HECKER
Date of Birth: 1931
Ordination: 1958
Estimated Timeframe of Abuse: late 1960s; 1970s
Allegation Received: 1996
Removed from Ministry: 2002
Pastoral Assignments
  Christ the King, Terrytown
  Holy Family, Luling
  Holy Rosary, New Orleans
  Our Lady of Lourdes, New Orleans
  St. Anthony, Luling
  St. Bernadette, Houma
  St. Charles Borromeo, in residence
  St. Frances Cabrini, New Orleans
  St. Francis Xavier, Metairie
  St. Joseph, Gretna
  St. Louise de Marillac, Arabi
  St. Mary, New Roads
  St. Theresa of Child Jesus, New Orleans

The names of Archdiocese of New Orleans clergy who are alive and have been accused of sexually abusing a minor which led to their removal from ministry. In each case, the cleric remains out of ministry.

GERARD HOWELL
Date of Birth: 1939
Ordination: 1964
Estimated Timeframe of Abuse: 1960s; 1970s
Allegation Received: 1978
Removed from Ministry: 1980
Pastoral Assignments
  Holy Trinity, New Orleans
  Mater Dolorosa, New Orleans
  Our Lady of Prompt Succor, Westwego
  Prince of Peace, Chalmette
  St. Gerard, New Orleans
  St. Henry, New Orleans
  St. Lawrence the Martyr, Kenner
  Sts. Peter and Paul, New Orleans
  St. Pius X, Baton Rouge

JAMES KILGOUR
Date of Birth: 1946
Ordination: 1982
Estimated Timeframe of Abuse: 1980s
Allegation Received: 1987
Removed from Ministry: 1988
Pastoral Assignments
  St. Pius X, New Orleans

JAMES LOCKWOOD (DEACON)
Date of Birth: 1933
Ordination: 1974
Estimated Timeframe of Abuse: late 1970s
Allegation Received: 1978
Removed from Ministry: 1978
Pastoral Assignments
  Center of Jesus the Lord, New Orleans
  Our Lady of Prompt Succor, Chalmette

PATRICK KEANE
Date of Birth: 1948
Ordination: 1973
Estimated Timeframe of Abuse: 1980s
Allegation Received: 1994
Removed from Ministry: 1995
Pastoral Assignments
  Holy Family, Luling
  St. Anselm, Madisonville
  St. Catherine of Siena, Metairie
  St. Cecilia, New Orleans
  St. Edward the Confessor, Metairie
  St. Mary Magdalen, Metairie

GERARD KINANE
Date of Birth: 1945
Ordination: 1973
Estimated Timeframe of Abuse: 1970s; 1980s
Allegation Received: 1993
Removed from Ministry: 2004
Pastoral Assignments
  Our Lady of the Isle, Grand Isle
  St. Cecilia, New Orleans, in residence
  St. Edward the Confessor, Metairie
  St. Gabriel the Archangel, New Orleans
  St. Henry, New Orleans
  St. Hilary, Matthews
  St. Luke the Evangelist, Slidell, in residence
  St. Mark, Chalmette
  St. Mary's Nativity, Raceland
  Assumption Catholic Church, Jacksonville, FL
  Mother Seton Catholic Church, Palm Springs, FL
  St. John Catholic Church, Atlanta Beach, FL
  St. Bernadette Church, Canadensis, PA

GERALD PRINZ
Date of Birth: 1939
Ordination: 1968
Estimated Timeframe of Abuse: 1970s
Incardinated Diocese of Houma-Thibodaux: 1977
Allegation Received: 1995
Resigned from Priesthood: 1990
Pastoral Assignments
  St. Frances de Sales, Houma
  St. Gregory Barbarigo, Houma

The names of Archdiocese of New Orleans clergy who are alive and have been accused of sexually abusing a minor which led to their removal from ministry. In each case, the cleric remains out of ministry.

PATRICK SANDERS
Date of Birth: 1963
Ordination: 1990
Estimated Timeframe of Abuse: 1990s
Allegation Received: 2004
Removed from Ministry: 2005
Pastoral Assignments
  Our Lady of Perpetual Help, Belle Chasse
  Resurrection of Our Lord, New Orleans
  St. Angela Merici, Metairie
  St. Frances Xavier Cabrini, New Orleans
  St. Peter, Reserve
  St. Thomas, Pointe-a-la-Hache

JOHN SAX
Date of Birth: 1948
Ordination: 1973
Estimated Timeframe of Abuse: 1980s
Allegation Received: 2000
Removed from Ministry: 2004
Pastoral Assignments
  Resurrection, New Orleans
  St. Cecilia Church, New Orleans
  St. Clement of Rome, Metairie
  St. Francis of Assisi, New Orleans, in residence
  St. Gabriel the Archangel, New Orleans
  St. Jerome Church, Kenner
  St. John of the Cross, in residence
  St. Louis Cathedral, New Orleans
  St. Peter, Reserve
  St. Raphael, New Orleans
  St. Rita, New Orleans, in residence

The names of Archdiocese of New Orleans clergy who are deceased and who admitted or have been publicly accused of sexually abusing a minor.

JOHN BASTY
Date of Birth: 1882
Date of Ordination: 1908
Estimated Timeframe of Abuse: 1940s
Allegation Received: 1946
Date of Death: 1956
Pastoral Assignments
  St. Augustine, New Orleans
  St. Charles Borromeo, Destrehan
  Sts. Peter and Paul, New Orleans
  St. Vincent de Paul, New Orleans

JAMES BENEDICT
Date of Birth: 1913
Date of Ordination: 1939
Estimated Timeframe of Abuse: Late 1950s
Allegation Received: 2003
Date of Death: 1984
Pastoral Assignments
  Mater Dolorosa Church, New Orleans
  Our Lady of Lourdes, New Orleans
  St. Augustine Church, New Orleans
  St. Henry Church, New Orleans
  Ursuline Convent and Academy

PIERRE CELESTIN CAMBIAIRE
Date of Birth: 1871
Ordination: 1898
Estimated Timeframe of Abuse: late 1910s
Allegation Received: 1917
Removed from Ministry: 1917
Date of Death: 1955
Pastoral Assignments
  Sacred Heart of Jesus, Cameron
  St. George, Baton Rouge
  St. Joseph, Grosse-Tete
  St. Leon, Leonville

DINO CINEL
Date of Birth: 1941
Ordination: 1966
Estimated Timeframe of Abuse: late 1980s
Allegation Received: 1988
Removed from Ministry: 1988
Date of Death: 2018
  Professor at Tulane University
  St. Rita, New Orleans in residence

CARL DAVIDSON
Date of Birth: 1940
Ordination: 1964
Estimated Timeframe of Abuse: early 1980s
Allegation Received: 1989
Removed from Ministry: 2002
Date of Death: 2007
Pastoral Assignments
  Annunciation, New Orleans
  St. James Major, New Orleans
  St. John Prep, New Orleans
  St. Raphael the Archangel, New Orleans
  St. Theresa of the Child Jesus, New Orleans

VINCENT FEEHAN
Date of Birth: 1945
Ordination: 1977
Estimated Timeframe of Abuse: late 1970s; early 1980s
Allegation Received: 1987
Voluntary leave of absence: 1987
Date of Death: 2010
Pastoral Assignments
  Our Lady of Perpetual Help, Belle Chasse
  St. Anselm, Madisonville
  St. Catherine of Siena, Metairie
  St. Frances Xavier Cabrini, New Orleans

The names of Archdiocese of New Orleans clergy who are deceased and who admitted or have been publicly accused of sexually abusing a minor.

**JOHN FRANKLIN**
A Priest of the Diocese of Savannah, GA
Serving at the Archdiocese of New Orleans
Date of Birth: 1925
Ordination: 1956
Estimated Timeframe of Abuse: late 1950s
Allegation Received: 1959
Removed from Ministry: 1959
Date of Death: unknown
Pastoral Assignments
  Ascension, Donaldsonville
  St. Gabriel, New Orleans

**MICHAEL HURLEY**
Date of Birth: 1915
Ordination: 1943
Estimated Timeframe of Abuse: 1940s
Allegation Received: 1945
Left Archdiocese: 1955
Date of Death: 2005
Pastoral Assignments
  Immaculate Conception Church, Marrero
  St. Agnes, Baton Rouge
  St. Francis de Sales, Houma
  St. Maurice, New Orleans
  Sts. Peter and Paul, New Orleans

**WESLEY MICHAEL LANDRY**
Date of Birth: 1923
Ordination: 1948
Estimated Timeframe of Abuse: late 1950s
Allegation Received: 1993
Retired from Ministry: 1993
Date of Death: 2002
Pastoral Assignments
  Christ the King, Gretna
  Incarnate Word, New Orleans
  St. Anthony, Gretna
  St. Cecilia, New Orleans
  St. Gabriel the Archangel, New Orleans
  St. Joseph, Thibodaux
  St. Leo the Great, New Orleans
  St. Theresa of the Child Jesus, New Orleans

**HOWARD HOTARD**
Date of Birth: 1926
Ordination: 1955
Estimated Timeframe of Abuse: early 1980s
Allegation Received: 1995
Removed from Ministry: 2002
Date of Death: 2013
Pastoral Assignments
  Our Lady of Lourdes, Slidell
  Sacred Heart Church, Lacombe
  St. Catherine of Siena, Metairie
  St. Charles Borromeo, Destrehan
  St. Mary Pamela, Raceland
  St. Matthias, New Orleans

**JAMES KIRCHER**
A Priest of the Diocese of Jackson, MS
In Residence at the Archdiocese of New Orleans
Date of Birth: 1931
Ordination: 1963
Estimated Timeframe of Abuse: 1970s
Allegation Received: 2010
Removed from Ministry: 1991
Date of Death: 2007
In Residence: 1970s
  St. Julian Eymard, Algiers

**RALPH LAWRENCE**
Date of Birth: 1890
Ordination: 1916
Estimated Timeframe of Abuse: early 1930s
Allegation Received: 1935
Leave of absence: 1935
Date of Death: 1992
Pastoral Assignments
  Mater Dolorosa, New Orleans
  Our Lady of Good Harbor, Buras
  Our Lady of Lourdes, Winnfield
  Sacred Heart Church, Rayville
  St. Anthony, Baton Rouge

The names of Archdiocese of New Orleans clergy who are deceased and who admitted or have been publicly accused of sexually abusing a minor.

GORHAM JOSEPH PUTNAM
Date of Birth: 1929
Ordination: 1955
Estimated Timeframe of Abuse: early 1950s
Allegation Received: 2002
Date of Death: 1993
Pastoral Assignments
  St. Agnes, Jefferson
  St. Andrew the Apostle, New Orleans
  St. Francis de Sales, New Orleans
  St. John the Baptist, Edgard
  St. Rita Church, New Orleans

JOHN SEERY
Date of Birth: 1953
Ordination: 1976
Estimated Timeframe of Abuse: late 1970s
Allegation Received: 1978
Left the USA: 1978
Date of Death: 2011
Pastoral Assignments
  Our Lady of Prompt Succor, Westwego

JOHN THOMANN
Date of Birth: 1930
Ordination: 1958
Estimated Timeframe of Abuse: 1960s
Allegation Received: 1966
Removed from Ministry: 1967
Date of Death: 1989
Pastoral Assignments
  Our Lady of Lourdes, New Orleans
  Our Lady of Prompt Succor, Chackbay
  Resurrection of Our Lord, New Orleans
  St. Charles Borromeo Church, Destrehan
  St. Frances Cabrini, New Orleans
  St. Henry, New Orleans
  St. Joseph Church, Gretna
  St. Joseph, Galliano
  St. Leo the Great, New Orleans
  St. Rose of Lima Church, New Orleans

BERNARD SCHMALTZ
Date of Birth: 1947
Ordination: 1973
Estimated Timeframe of Abuse: 1970s
Allegation Received: 1993
Removed from Ministry: 1993
Date of Death: 2010
Pastoral Assignments
  Anunziata, Houma
  St. Clement of Rome
  St. Francis Xavier, Metairie
  St. Gabriel the Archangel, New Orleans
  St. Rose of Lima, New Orleans, in residence

MALCOLM STRASSEL
Date of Birth: 1908
Ordination: 1934
Estimated Timeframe of Abuse: late 1960s; early 1970s
Allegation Received: 2006
Date of Death: 1987
Pastoral Assignments
  Holy Rosary Church, St. Amant
  Our Lady of Lourdes, New Orleans
  Sacred Heart, LaCombe
  St. Agnes, Baton Rouge
  St. Charles Borromeo, Destrehan
  St. Joseph, Gretna
  St. Mary Pamela, Raceland

JOHN WEBER
Date of Birth: 1919
Ordination: 1945
Estimated Timeframe of Abuse: 1940s
Incardinated into Diocese of Baton Rouge: 1961
Allegation Received: 2005
Date of Death: 2000
Pastoral Assignments
  Assumption Parish, Plattenville
  Holy Trinity, New Orleans
  St. Ann, Morganza
  St. Eloi, Theriot
  St. Rita, New Orleans

The names of religious order priests who were serving in the Archdiocese of New Orleans at the time of the allegation and the archdiocese was notified of the allegation. The investigation and final disposition of the allegation was the responsibility of the religious order.

PAUL AVALLONE, S.D.B.
Date of Birth: 1921
Date of Ordination: 1950
Estimated Timeframe of Abuse: late 1950s, early 1960s
Notification from Religious Order: 2011
Date of Death: 2008
Pastoral Assignments
  Archbishop Shaw High School
  Hope Haven, Marrero

PATRICK BRADY, O.P.
Date of Birth: unknown
Ordination: unknown
Estimated Timeframe of Abuse: 1960s; 1970s
Allegation Received: 2002
Date of Death: 1999
Pastoral Assignments
  St. Anthony of Padua, New Orleans

STANISLAUS CEGLAR, S.D.B.
Date of Birth: unknown
Ordination: unknown
Estimated Timeframe of Abuse: 1960s
Allegation Received: 2010
Pastoral Assignments
  Hope Haven, Marrero

PAUL CSIK, S.D.B.
Date of Birth: 1898
Date of Ordination: unknown
Estimated Timeframe of Abuse: 1960s
Allegation Received: 2010
Date of Death: 1970
Pastoral Assignments
  Hope Haven, Marrero

CLAUDE BOUDREAUX, S.J.
Date of Birth: 1925
Date of Ordination: 1955
Notification from Religious Order: 2005
Date of Death: 2016
Pastoral Assignments
  Jesuit High School, New Orleans

CORNELIUS CARR, S.J.
Date of Birth: 1920
Ordination: 1951
Estimated Timeframe of Abuse: late 1970s; early 1980s
Notification via Media Reports: 2018
Pastoral Assignments
  Jesuit High School, New Orleans

JAMES COLLERY, C.S.Sp
Date of Birth: 1920
Ordination: 1948
Estimated Timeframe of Abuse: early 1980s
Allegation Received: 2013
Date of Death: 1987
Pastoral Assignments
  St. Ann, Metairie

JEROME DUCOTE, O.S.B.
Date of Birth: 1929
Ordination: 1954
Estimated Timeframe of Abuse: early 1960s
Allegation Received: 2002
Date of Death: 2006
Pastoral Assignments
  St. Joseph Abbey, St. Benedict

The names of religious order priests who were serving in the Archdiocese of New Orleans at the time of the allegation and the archdiocese was notified of the allegation. The investigation and final disposition of the allegation was the responsibility of the religious order.

ANTHONY ESPOSITO, S.D.B.
Date of Birth: unknown
Ordination: unknown
Estimated Timeframe of Abuse: 1950s; 1960s
Allegation Received: 2006
Pastoral Assignments
　Hope Haven, Marrero

JUSTIN FALER, O.S.B.
Date of Birth: 1919
Ordination: 1945
Estimated Timeframe of Abuse: late 1950s
Allegation Received: 2002
Date of Death: 1979
Pastoral Assignments
　Annunciation, Bogalusa
　St. Benedict, St. Benedict
　St. Christopher, Metairie
　St. Jane de Chantal, Abita Springs
　St. Joseph Abbey

ANDREW MASTERS, S.V.D.
Date of Birth: unknown
Ordination: unknown
Allegation Received: 1993
Pastoral Assignments
　Our Lady of Perpetual Help, Belle Chasse
　St. Augustine, New Orleans

JOSEPH PANKOWSKI, S.D.B.
Date of Birth: 1915
Ordination: unknown
Estimated Timeframe of Abuse: 1940s; 1950s
Allegation Received: 2006
Deceased 1981
Pastoral Assignments
　Hope Haven, Marrero

ALFRED PIMPLE, O.F.M.
Date of Birth: 1911
Ordination: 1938
Estimated Timeframe of Abuse: late 1950s
Allegation Received: 1959
Date of Death: 1983
Pastoral Assignments
　St. Mary of the Angels, New Orleans
　St. Patrick, Port Sulphur

ERNEST FAGIONE, S.D.B.
Date of Birth: 1917
Ordination: 1947
Estimated Timeframe of Abuse: 1950s; 1960s
Allegation Received: 2006
Date of Death: 2006
Pastoral Assignments
　Archbishop Shaw High School
　Hope Haven, Marrero
　St. John Bosco, Harvey

AUGUST KITA, S.D.B.
Date of Birth: 1931
Ordination: 1960
Estimated Timeframe of Abuse: 1960s; 1970s
Allegation Received: 2006
Date of Death: 2008
Pastoral Assignments
　Hope Haven, Marrero

WILLIAM MILLER, C.Ss.R.
Date of Birth: 1896
Ordination: 1922
Estimated Timeframe of Abuse: late 1940s
Allegation Received: 1946
Date of Death: 1972
Pastoral Assignments
　St. Alphonsus, New Orleans

DONALD PEARCE S.J.
Date of Birth: 1925
Ordination: 1959
Estimated Timeframe of Abuse: 1960s
Allegation Received: 2003
Notification from Religious Order: 2010
Date of Death: 2016
Pastoral Assignments
　Jesuit High School, New Orleans

ALFRED SOKOL, S.D.B.
Date of Birth: 1911
Ordination: unknown
Estimated Timeframe of Abuse: 1960s; 1970s
Allegation Received: 2006
Deceased 2004
Pastoral Assignments
　Hope Haven, Marrero

The names of religious order priests who were serving in the Archdiocese of New Orleans at the time of the allegation and the archdiocese was notified of the allegation. The investigation and final disposition of the allegation was the responsibility of the religious order.

ROGER TEMME, O.M.I.
Date of Birth: 1947
Ordination: 1976
Estimated Timeframe of Abuse: late 1970s
Allegation Received: 1995
Pastoral Assignments
    Ave Maria Retreat House, Lafitte
    Our Lady of Guadalupe, New Orleans

BENJAMIN WREN, S.J.
Date of Birth: 1931
Ordination: 1961
Estimated Timeframe of Abuse: late 1970s; early 1980s
Allegation Received: 2016
Date of Death: 2006
Pastoral Assignments
    Community of John the Evangelist, New Orleans
    Loyola University, New Orleans

The following religious order priests were taken out of ministry by the Archbishop of New Orleans in 2002, even though the abuse was not alleged to have occurred in the Archdiocese of New Orleans.

CHARLES COYLE, S.J.
Date of Birth: 1932
Ordination: 1965
Date of Death: 2015
Pastoral Assignments:
   Center for Jesus the Lord, New Orleans
   Holy Cross High School, New Orleans
   Jesuit High School, New Orleans
   St. Andrew the Apostle Church, Algiers
   St. Cecilia Parish (in residence)
   St. Louise de Marillac, Arabi
   St. Raphael, New Orleans

BERNARD KNOTH, S.J.
Date of Birth: 1949
Ordination: 1977
Pastoral Assignments
   Loyola University

BRYAN FONTENOT, O.P.
Date of Birth: 1953
Ordination: 1981
Pastoral Assignments
   Xavier University, New Orleans

JOSEPH PELLETTIERI, C.Ss.R.
Date of Birth: 1939
Ordination: 1965
Date of Death: 2018
Pastoral Assignments:
   Ave Maria Retreat House, Crown Point

C. RICHARD NOWERY, C.S.C.
Date of Birth: 1938
Ordination: 1968
Date of Death: 2018
Pastoral Assignments:
   Sacred Heart of Jesus, New Orleans

Pastoral Letter 2018 Clergy Report Regarding Abuse - Archdiocese of New Orleans, LA



HOME    OUR FAITH    MASS TIMES    MINISTRIES & OFFICES    CATHOLIC SCHOOLS    JOIN US!

**EXHIBIT B**

HOME

News

Archbishop Gregory M Ay...

Mission & History of the A...

Anti-Pornography Initiative

NOLACatholic Parenting

Public Policy Guide for C...

Women in Witness

2018 Report on Clergy A...

Clergy List

Religious Order Lists

Calendar

Contact us

Fantastic NOLACatholic ...

## Pastoral Letter
## 2018 Clergy Report Regarding Abuse

*Click here to access the complete 2018 Clergy Report Regarding Abuse*
*(Updated June 24, 2019 and December 23, 2019)*

November 2, 2018

To the People of God in the Archdiocese of New Orleans:

Dear Sisters and Brothers in Christ,

To the victims and survivors of sexual abuse, my heart and prayerful support go out to you that you may know God's healing and compassion. Anyone who is a victim or survivor of sexual abuse, please know of my willingness to meet with you so that I may walk with you in healing.

After much prayer and consultation with many people, including the Priests' Council and lay leadership, I have decided to publish the names of Archdiocesan clergy (priests and deacons) who have been removed from ministry for an

allegation of sexual abuse of a minor. This report also includes deceased Archdiocesan clergy and religious order priests.

I have received many calls and emails asking me to publish the names. I have also received many calls and emails suggesting not to publish the names. I believe it is the right thing to do in order to foster the healing of victims, in a spirit of transparency, and in the pursuit of justice. Jesus reminds us, "The truth will set you free" (John 8:32).

For those against whom the accusation came after their death, a very careful examination took place in order to justify the reporting of the person's name. The more recent cases were and continue to be presented to the Archdiocesan Review Board, an independent board made up of lay experts, who review the cases and make recommendations. For earlier cases, the way in which allegations were reported and investigated varied. This is a weakness that was corrected by the bishops in 2002 with the Charter for the Protection of Children and Young People.

A team of more than ten women and men that included staff and outside legal professionals reviewed the files of 2,432 priests who have served in the Archdiocese of New Orleans since 1950. For priests with accusations received after their death, additional people reviewed the file to ensure accuracy to the extent that is possible after death. Of the 2,432 priests who have served in the Archdiocese of New Orleans since 1950, the review identified 57 who are included in this report. This entire list has been given to the Orleans Parish District Attorney and will be made available to any other District Attorney.

Some will be surprised to see the name of a priest who served in your parish or who you personally knew very well. As you experience this disappointment, I raise you to the Lord and ask him to give you comfort and his peace.

Pastoral Letter 2018 Clergy Report Regarding Abuse - Archdiocese of New Orleans - New Orleans, LA

Since the Charter for the Protection of Children and Young People was established in 2002, the number of cases has been reduced significantly. Most of the accusations are from incidents that occurred decades ago, even as long as 70 years ago. There has not been a substantiated allegation of sexual abuse of a minor committed in well over a decade by a member of the clergy in ministry in the Archdiocese of New Orleans. In the United States during the last two years, there have been eight substantiated allegations of abuse by clergy according to the 2017 Annual Report on the Implementation of the Charter for the Protection of Children and Young People. There are 33,917 priests currently in the United States; therefore, .025% of priests have had substantiated allegations against them.

While just one case of sexual abuse is one too many, these statistics give evidence that our Safe Environment Program of background checks for those who work with minors, trainings for both adults and children, and extensive psychological testing and formation for seminarians has had a very positive impact on protecting our children. One may have the impression from either the media or on social media that such abuse is rampant in our churches and



ARCHDIOCESE OF
NEW ORLEANS

CONTACT US

Archdiocese of New Orleans
7887 Walmsley Ave.
New Orleans, LA 70125

https://nolacatholic.org/2018-report-on-clergy-abuse[1/13/2020 9:32:14 AM]



(504) 861-6200

Send us a message

SOCIAL MEDIA

RESOURCES

E-Bulletin

Human Resources/Job Bank

Policies and Procedures Manuals

Safe Environment

Statistics

Victims Assistance Coordinator -
504-522-5019

SHORT CUTS

Priest Portal

Pray with Us!

Make a Gift

Volunteer

I want to be a reader or
Extraordinary Minister of Holy
Communion in my parish

eCatholic Support

© 2017 Archdiocese of New Orleans. All Rights Reserved

Webmail Login | Login | powered by eCatholic®



2018 Report Regarding Clergy Abuse - Archdiocese of New Orleans - New Orleans, LA

**ARCHDIOCESE OF**
# NEW ORLEANS

HOME   OUR FAITH   MASS TIMES   MINISTRIES & OFFICES   CATHOLIC SCHOOLS   JOIN US!

Search

HOME

News

Archbishop Gregory M. Ay...

Mission & History of the A...

Anti-Pornography Initiative

NOLACatholic Parenting

Public Policy Guide for C...

Women in Witness

2018 Report on Clergy A...

**Clergy List**

Religious Order Lists

Calendar

Contact us

Fantastic NOLACatholic ...

# 2018 Report Regarding Clergy Abuse

The names of Archdiocese of New Orleans clergy who are alive and have been accused of sexually abusing a minor which led to their removal from ministry. In each case, the cleric remains out of ministry:

GEORGE BRIGNAC (DEACON)
Date of Birth: 1935
Ordination: 1976
Estimated Timeframe of Abuse: late 1970s; early 1980s
Allegation Received: 1977
Removed from Ministry: 1988
Pastoral Assignments
Cabrini High School, New Orleans
Our Lady of the Rosary, New Orleans
St. Frances Cabrini School, New Orleans
St. Louise de Marillac School, Arabi
St. Matthew the Apostle School, River Ridge

PAUL CALAMARI
Date of Birth: 1944
Ordination: 1980
Estimated Timeframe of Abuse: 1970s
Allegation Received: 2003
Removed from Ministry: 2003
Pastoral Assignments
Our Lady of Perpetual Help, Belle Chasse
Our Lady of the Rosary, New Orleans, in residence
St. Stanislaus School, Bay St. Louis, MS
St. Raphael, New Orleans
St. Rita, New Orleans, in residence
Holy Cross Church, Dover, DE

MICHAEL FARINO
Date of Birth: 1942
Ordination: 1969
Estimated Timeframe of Abuse: 1970s and 1980s
Allegation Received: 1990
Removed from Ministry: 1990
Pastoral Assignments
Our Lady of Prompt Succor, Chalmette
St. Benilde, Metairie
St. Maurice, New Orleans

MICHAEL FRASER
Date of Birth: 1949
Ordination: 1975
Estimated Timeframe of Abuse: 1980s; 1990s
Allegation Received: 1998
Removed from Ministry: 2004
Deceased: 2019*
Pastoral Assignments
Sts. Peter and Paul, Pearl River
St. Raphael the Archangel, New Orleans
St. Rita Church, New Orleans
The Visitation of Our Lady, Marrero
St. Mary of the Assumption, Hockenin, DE
St. Peter the Apostle, New Castle, DE

LLOYD GLAPION (DEACON)
Date of Birth: 1924
Ordination: 1976
Estimated Timeframe of Abuse: 1980s
Allegation Received: 2015
Retired from Ministry: 1999
Deceased: 2019*
Pastoral Assignments:
St. Augustine Church, New Orleans

THOMAS GASPARD GLASGOW
Date of Birth: 1938
Ordination: 1969
Estimated Timeframe of Abuse: late 1970s
Allegation Received: 2007
Removed from Ministry: 2008
Pastoral Assignments
Mater Dolorosa, New Orleans
St. Brigid, New Orleans
St. Gabriel, New Orleans
St. James Major, New Orleans
St. John the Baptist, Edgard
St. Philip the Apostle, New Orleans
St. Simon Peter, New Orleans

LAWRENCE HECKER

GERARD HOWELL

Date of Birth: 1931
Ordination: 1958
Estimated Timeframe of Abuse: late 1960s; 1970s
Allegation Received: 1996
Removed from Ministry: 2002
Pastoral Assignments
Christ the King, Terrytown
Holy Family, Luling
Holy Rosary, New Orleans
Our Lady of Lourdes, New Orleans
St. Anthony, Luling
St. Bernadette, Houma
St. Charles Borromeo, in residence
St. Frances Cabrini, New Orleans
St. Francis Xavier, Metairie
St. Joseph, Gretna

PATRICK KEANE
Date of Birth: 1948
Ordination: 1973
Estimated Timeframe of Abuse: 1980s
Allegation Received: 1994
Removed from Ministry: 1995
Pastoral Assignments
Holy Family, Luling
St. Anselm, Madisonville
St. Catherine of Siena, Metairie
St. Cecilia, New Orleans
St. Edward the Confessor, Metairie
St. Mary Magdalen, Metairie

GERARD KINANE
Date of Birth: 1945

Date of Birth: 1939
Ordination: 1964
Estimated Timeframe of Abuse: 1960s; 1970s
Allegation Received: 1978
Removed from Ministry: 1992
Pastoral Assignments
Holy Trinity, New Orleans
Mater Dolorosa, New Orleans
Our Lady of Prompt Succor, Westwego
Prince of Peace, Chalmette
St. Gerard, New Orleans
St. Henry, New Orleans
St. Lawrence the Martyr, Kenner
Sts. Peter and Paul, New Orleans
St. Pius X, Baton Rouge

JAMES KILGOUR
Date of Birth: 1946
Ordination: 1982
Estimated Timeframe of Abuse: 1980s
Allegation Received: 1987
Removed from Ministry: 1988
Pastoral Assignments
St. Pius X, New Orleans

JAMES LOCKWOOD (DEACON)
Date of Birth: 1933

2018 Report Regarding Clergy Abuse – Archdiocese of New Orleans – New Orleans, LA

Ordination: 1973
Estimated Timeframe of Abuse: 1970s;
1980s
Allegation Received: 1993
Removed from Ministry: 2004
Pastoral Assignments
Our Lady of the Isle, Grand Isle
St. Cecilia, New Orleans, in residence
St. Edward the Confessor, Metairie
St. Gabriel the Archangel, New Orleans
St. Henry, New Orleans
St. Hilary, Matthews
St. Luke the Evangelist, Slidell, in
residence
St. Mark, Chalmette
St. Mary's Nativity, Raceland
Assumption Catholic Church,
Jacksonville, FL
Mother Seton Catholic Church, Palm
Springs, FL
St. John Catholic Church, Atlanta
Beach, FL
St. Bernadette Church, Canadensis, PA

GERALD PRINZ
Date of Birth: 1939
Ordination: 1968
Estimated Timeframe of Abuse: 1970s
Incardinated Diocese of Houma-
Thibodaux: 1977
Allegation Received: 1995
Resigned from Priesthood: 1990
Pastoral Assignments
St. Frances de Sales, Houma
St. Gregory Barbarigo, Houma

Ordination: 1974
Estimated Timeframe of Abuse: late
1970s
Allegation Received: 1978
Removed from Ministry: 1978
Pastoral Assignments
Center of Jesus the Lord, New
Orleans
Our Lady of Prompt Succor,
Chalmette

PATRICK SANDERS
Date of Birth: 1963
Ordination: 1990
Estimated Timeframe of Abuse:
1990s
Allegation Received: 2004
Removed from Ministry: 2005
Pastoral Assignments
Our Lady of Perpetual Help, Belle
Chasse
Resurrection of Our Lord, New
Orleans

St. Angela Merici, Metairie
St. Frances Xavier Cabrini, New Orleans
St. Peter, Reserve
St. Thomas, Pointe-a-la-Hache

JOHN SAX
Date of Birth: 1948
Ordination: 1973
Estimated Timeframe of Abuse: 1980s
Allegation Received: 2000
Removed from Ministry: 2004
Pastoral Assignments
Resurrection, New Orleans
St. Cecilia Church, New Orleans
St. Clement of Rome, Metairie
St. Francis of Assisi, New Orleans, in residence
St. Gabriel the Archangel, New Orleans
St. Jerome Church, Kenner
St. John of the Cross, in residence
St. Louis Cathedral, New Orleans
St. Peter, Reserve
St. Raphael, New Orleans
St. Rita, New Orleans, in residence

The names of Archdiocese of New Orleans clergy who are deceased and who admitted or have been publicly accused of sexually abusing a minor.

JOHN BASTY
Date of Birth: 1882
Date of Ordination: 1908
Estimated Timeframe of Abuse:

JAMES BENEDICT
Date of Birth: 1913
Date of Ordination: 1939
Estimated Timeframe of Abuse: Late

1940s
Allegation Received: 1946
Date of Death: 1956
Pastoral Assignments
St. Augustine, New Orleans
St. Charles Borromeo, Destrehan
Sts. Peter and Paul, New Orleans
St. Vincent de Paul, New Orleans

1950s
Allegation Received: 2003
Date of Death: 1984
Pastoral Assignments
Mater Dolorosa Church, New Orleans
Our Lady of Lourdes, New Orleans
St. Augustine Church, New Orleans
St. Henry Church, New Orleans
Ursuline Convent and Academy

PIERRE CELESTIN CAMBIAIRE
Date of Birth: 1871
Ordination: 1898
Estimated Timeframe of Abuse:
late 1910s
Allegation Received: 1917
Removed from Ministry: 1917
Date of Death: 1955
Pastoral Assignments
Sacred Heart of Jesus, Cameron
St. George, Baton Rouge
St. Joseph, Grosse-Tete
St. Leon, Leonville

DINO CINEL
Date of Birth: 1941
Ordination: 1966
Estimated Timeframe of Abuse: late 1980s
Allegation Received: 1988
Removed from Ministry: 1988
Date of Death: 2018
Professor at Tulane University
St. Rita, New Orleans in residence

CARL DAVIDSON
Date of Birth: 1940
Ordination: 1964
Estimated Timeframe of Abuse:
early 1980s
Allegation Received: 1989
Removed from Ministry: 2002
Date of Death: 2007
Pastoral Assignments
Annunciation, New Orleans
St. James Major, New Orleans
St. John Prep, New Orleans

VINCENT FEEHAN
Date of Birth: 1945
Ordination: 1977
Estimated Timeframe of Abuse: late 1970s;
early 1980s
Allegation Received: 1987
Voluntary leave of absence: 1987
Date of Death: 2010
Pastoral Assignments
Our Lady of Perpetual Help, Belle Chasse
St. Anselm, Madisonville
St. Catherine of Siena, Metairie

St. Raphael the Archangel, New Orleans

St. Theresa of the Child Jesus, New Orleans

St. Frances Xavier Cabrini, New Orleans

**JOHN FRANKLIN**
A Priest of the Diocese of Savannah, GA
Serving at the Archdiocese of New Orleans
Date of Birth: 1925
Ordination: 1956
Estimated Timeframe of Abuse: late 1950s
Allegation Received: 1959
Removed from Ministry: 1959
Date of Death: unknown
Pastoral Assignments
Ascension, Donaldsonville
St. Gabriel, New Orleans

**MICHAEL HURLEY**
Date of Birth: 1915
Ordination: 1943
Estimated Timeframe of Abuse: 1940s
Allegation Received: 1945
Left Archdiocese: 1955
Date of Death: 2005
Pastoral Assignments
Immaculate Conception Church, Marrero
St. Agnes, Baton Rouge
St. Francis de Sales, Houma
St. Maurice, New Orleans
Sts. Peter and Paul, New Orleans

**HOWARD HOTARD**
Date of Birth: 1926
Ordination: 1955
Estimated Timeframe of Abuse: early 1980s
Allegation Received: 1995
Removed from Ministry: 2002
Date of Death: 2013
Pastoral Assignments
Our Lady of Lourdes, Slidell
Sacred Heart Church, Lacombe
St. Catherine of Siena, Metairie
St. Charles Borromeo, Destrehan
St. Mary Pamela, Raceland
St. Matthias, New Orleans

**JAMES KIRCHER**
A Priest of the Diocese of Jackson, MS
In Residence at the Archdiocese of New Orleans
Date of Birth: 1931
Ordination: 1963
Estimated Timeframe of Abuse: 1970s
Allegation Received: 2010
Removed from Ministry: 1991
Date of Death: 2007
In Residence: 1970s
St. Julian Eymard, Algiers

2018 Report Regarding Clergy Abuse - Archdiocese of New Orleans - New Orleans, LA

WESLEY MICHAEL LANDRY
Date of Birth: 1923
Ordination: 1948
Estimated Timeframe of Abuse: late 1950s
Allegation Received: 1993
Retired from Ministry: 1993
Date of Death: 2002
Pastoral Assignments
Christ the King, Gretna
Incarnate Word, New Orleans
St. Anthony, Gretna
St. Cecilia, New Orleans
St. Gabriel the Archangel, New Orleans
St. Joseph, Thibodaux
St. Leo the Great, New Orleans
St. Theresa of the Child Jesus, New Orleans

RALPH LAWRENCE
Date of Birth: 1890
Ordination: 1916
Estimated Timeframe of Abuse: early 1930s
Allegation Received: 1935
Leave of absence: 1935
Date of Death: 1992
Pastoral Assignments
Mater Dolorosa, New Orleans
Our Lady of Good Harbor, Buras
Our Lady of Lourdes, Winnfield
Sacred Heart Church, Rayville
St. Anthony, Baton Rouge

GORHAM JOSEPH PUTNAM
Date of Birth: 1929
Ordination: 1955
Estimated Timeframe of Abuse: early 1950s
Allegation Received: 2002
Date of Death: 1993
Pastoral Assignments
St. Agnes, Jefferson
St. Andrew the Apostle, New Orleans
St. Francis de Sales, New Orleans
St. John the Baptist, Edgard
St. Rita Church, New Orleans

BERNARD SCHMALTZ
Date of Birth: 1947
Ordination: 1973
Estimated Timeframe of Abuse: 1970s
Allegation Received: 1993
Removed from Ministry: 1993
Date of Death: 2010
Pastoral Assignments
Anunziata, Houma
St. Clement of Rome
St. Francis Xavier, Metairie
St. Gabriel the Archangel, New Orleans
St. Rose of Lima, New Orleans, in residence

JOHN SEERY
Date of Birth: 1953
Ordination: 1976
Estimated Timeframe of Abuse:
late 1970s
Allegation Received: 1978
Left the USA: 1978
Date of Death: 2011
Pastoral Assignments
Our Lady of Prompt Succor,
Westwego

JOHN THOMANN
Date of Birth: 1930
Ordination: 1958
Estimated Timeframe of Abuse:
1960s
Allegation Received: 1966
Removed from Ministry: 1967
Date of Death: 1989
Pastoral Assignments
Our Lady of Lourdes, New
Orleans
Our Lady of Prompt Succor,
Chackbay
Resurrection of Our Lord, New
Orleans
St. Charles Borromeo Church,
Destrehan
St. Frances Cabrini, New Orleans
St. Henry, New Orleans

MALCOLM STRASSEL
Date of Birth: 1908
Ordination: 1934
Estimated Timeframe of Abuse: late 1960s;
early 1970s
Allegation Received: 2006
Date of Death: 1987
Pastoral Assignments
Holy Rosary Church, St. Amant
Our Lady of Lourdes, New Orleans
Sacred Heart, LaCombe
St. Agnes, Baton Rouge
St. Charles Borromeo, Destrehan
St. Joseph, Gretna
St. Mary Pamela, Raceland

JOHN WEBER
Date of Birth: 1919
Ordination: 1945
Estimated Timeframe of Abuse: 1940s
Incardinated into Diocese of Baton Rouge:
1961
Allegation Received: 2005
Date of Death: 2000
Pastoral Assignments
Assumption Parish, Plattenville
Holy Trinity, New Orleans
St. Ann, Morganza
St. Eloi, Theriot
St. Rita, New Orleans

St. Joseph Church, Gretna
St. Joseph, Galliano
St. Leo the Great, New Orleans
St. Rose of Lima Church, New Orleans

The names of religious order priests who were serving in the Archdiocese of New Orleans at the time of the allegation and the archdiocese was notified of the allegation. The investigation and final disposition of the allegation was the responsibility of the religious order:

PAUL AVALLONE, S.D.B.
Date of Birth: 1921
Date of Ordination: 1950
Estimated Timeframe of Abuse: late 1950s, early 1960s
Notification from Religious Order: 2011
Date of Death: 2008
Pastoral Assignments
Archbishop Shaw High School
Hope Haven, Marrero

PATRICK BRADY, O.P.
Date of Birth: unknown
Ordination: unknown
Estimated Timeframe of Abuse: 1960s; 1970s
Allegation Received: 2002
Date of Death: 1999
Pastoral Assignments
St. Anthony of Padua, New Orleans

CLAUDE BOUDREAUX, S.J.
Date of Birth: 1925
Date of Ordination: 1955
Notification from Religious Order: 2005
Date of Death: 2016
Pastoral Assignments
Jesuit High School, New Orleans

CORNELIUS CARR, S.J.
Date of Birth: 1920
Ordination: 1951
Estimated Timeframe of Abuse: late 1970s; early 1980s
Notification via Media Reports: 2018
Pastoral Assignments
Jesuit High School, New Orleans

STANISLAUS CEGLAR, S.D.B.
Date of Birth: unknown
Ordination: unknown
Estimated Timeframe of Abuse: 1960s
Allegation Received: 2010
Pastoral Assignments
Hope Haven, Marrero

JAMES COLLERY, C.S.Sp
Date of Birth: 1920
Ordination: 1948
Estimated Timeframe of Abuse: early
1980s
Allegation Received: 2013
Date of Death: 1987
Pastoral Assignments
St. Ann, Metairie

PAUL CSIK, S.D.B.
Date of Birth: 1898
Date of Ordination: unknown
Estimated Timeframe of Abuse: 1960s
Allegation Received: 2010
Date of Death: 1970
Pastoral Assignments
Hope Haven, Marrero

LAWRENCE DARK, C.S.C.
Date of Birth: unknown
Ordination Date: 1952
Estimated Timeframe of Abuse: 1960s-
1970s
Notification from Religious Order: 2019
Date of Death: 1984
Pastoral Assignments in the
Archdiocese of New Orleans:
Sacred Heart, New Orleans

JEROME DUCOTE, O.S.B.
Date of Birth: 1929
Ordination: 1954
Estimated Timeframe of Abuse: early
1960s
Allegation Received: 2002
Date of Death: 2006
Pastoral Assignments
St. Joseph Abbey, St. Benedict

ANTHONY ESPOSITO, S.D.B.
Date of Birth: unknown
Ordination: unknown
Estimated Timeframe of Abuse: 1950s;
1960s
Allegation Received: 2006
Pastoral Assignments
Hope Haven, Marrero

ERNEST FAGIONE, S.D.B.
Date of Birth: 1917
Ordination: 1947
Estimated Timeframe of Abuse:
1950s; 1960s

JUSTIN FALER, O.S.B.
Date of Birth: 1919
Ordination: 1945
Estimated Timeframe of Abuse: late
1950s

Allegation Received: 2006
Date of Death: 2006
Pastoral Assignments
Archbishop Shaw High School
Hope Haven, Marrero
St. John Bosco, Harvey

Allegation Received: 2002
Date of Death: 1979
Pastoral Assignments
Annunciation, Bogalusa
St. Benedict, St. Benedict
St. Christopher, Metairie
St. Jane de Chantal, Abita Springs
St. Joseph Abbey

AUGUST KITA, S.D.B.
Date of Birth: 1931
Ordination: 1960
Estimated Timeframe of Abuse:
1960s, 1970s
Allegation Received: 2006
Date of Death: 2008
Pastoral Assignments
Hope Haven, Marrero

ANDREW MASTERS, S.V.D.
Date of Birth: unknown
Ordination: unknown
Allegation Received: 1993
Pastoral Assignments
Our Lady of Perpetual Help, Belle
Chasse
St. Augustine, New Orleans

WILLIAM MILLER, C.Ss.R.
Date of Birth: 1896
Ordination: 1922
Estimated Timeframe of Abuse: late
1940s
Allegation Received: 1946
Date of Death: 1972
Pastoral Assignments
St. Alphonsus, New Orleans

JOSEPH PANKOWSKI, S.D.B.
Date of Birth: 1915
Ordination: unknown
Estimated Timeframe of Abuse: 1940s;
1950s
Allegation Received: 2006
Deceased 1981
Pastoral Assignments
Hope Haven, Marrero

DONALD PEARCE, S.J.
Date of Birth: 1925
Ordination: 1959
Estimated Timeframe of Abuse: 1960s
Allegation Received: 2003
Notification from Religious Order:
2010
Date of Death: 2016

ALFRED PIMPLE, O.F.M.
Date of Birth: 1911
Ordination: 1938
Estimated Timeframe of Abuse: late
1950s
Allegation Received: 1959
Date of Death: 1983
Pastoral Assignments

Pastoral Assignments
Jesuit High School, New Orleans

ALFRED SOKOL, S.D.B.
Date of Birth: 1911
Ordination: unknown
Estimated Timeframe of Abuse:
1960s; 1970s
Allegation Received: 2006
Deceased 2004
Pastoral Assignments
Hope Haven, Marrero

BENJAMIN WREN, S.J.
Date of Birth: 1931
Ordination: 1981
Estimated Timeframe of Abuse: late
1970s, early 1980s
Allegation Received: 2016
Date of Death: 2006
Pastoral Assignments
Community of John the Evangelist,
New Orleans
Loyola University, New Orleans

St. Mary of the Angels, New Orleans
St. Patrick, Port Sulphur

ROGER TEMME, O.M.I.
Date of Birth: 1947
Ordination: 1976
Estimated Timeframe of Abuse: late
1970s
Allegation Received: 1995
Pastoral Assignments
Ave Maria Retreat House, Lafitte
Our Lady of Guadalupe, New Orleans

The following religious order priests were taken out of ministry by the Archbishop
of New Orleans in 2002, even though the abuse was not alleged to have
occurred in the Archdiocese of New Orleans:

CHARLES COYLE, S.J.

Date of Birth: 1932
Ordination: 1965
Date of Death: 2015
Pastoral Assignments:
Center for Jesus the Lord, New
Orleans
Holy Cross High School, New Orleans
Jesuit High School, New Orleans
St. Andrew the Apostle Church,
Algiers
St. Cecilia Parish (in residence)
St. Louise de Marillac, Arabi
St. Raphael, New Orleans

BERNARD KNOTH, S.J.
Date of Birth: 1949
Ordination: 1977
Pastoral Assignments
Loyola University

C. RICHARD NOWERY, C.S.C.
Date of Birth: 1938
Ordination: 1968
Date of Death: 2018
Pastoral Assignments:
Sacred Heart of Jesus, New Orleans

BRYAN FONTENOT, O.P.
Date of Birth: 1953
Ordination: 1981
Pastoral Assignments
Xavier University, New Orleans

JOSEPH PELLETTIERI, C.Ss.R.
Date of Birth: 1939
Ordination: 1965
Date of Death: 2018
Pastoral Assignments:
Ave Maria Retreat House, Crown
Point

The names of religious order priests with allegations of abuse that did not occur in the Archdiocese of New Orleans but who had pastoral assignments in the Archdiocese of New Orleans. These names have been published either by the

CONTACT US

Archdiocese of New Orleans
7887 Walmsley Ave.
New Orleans, LA 70125

(504) 861-6200

Send us a message

SOCIAL MEDIA

RESOURCES

E-Bulletin
Human Resources/Job Bank
Policies and Procedures Manuals
Safe Environment
Statistics
Victims Assistance Coordinator -
504-522-5019

SHORT CUTS

Priest Portal
Pray with Us!
Make a Gift



2018 Report Regarding Clergy Abuse – Archdiocese of New Orleans - New Orleans, LA

**Volunteer**

I want to be a reader or Extraordinary Minister of Holy Communion in my parish

eCatholic Support

© 2017 Archdiocese of New Orleans. All Rights Reserved.

Webmail Login:login | powered by eCatholic®