CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

DOCKET NO. 2019-3947         DIVISION "D"              SECTION: 12

J.W. DOE

VERSUS

ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC.,
THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,
THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS
AND FATHER LAWRENCE A. HECKER

FILED BY: _____     _____
                                              DEPUTY CLERK

**THE ARCHDIOCESE'S MOTION FOR EXTENSION OF TIME,
PROTECTIVE ORDER, AND STATUS CONFERENCE**

NOW INTO COURT, through undersigned counsel, comes defendant, The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese"), who files this Motion for Extension of Time, Protective Order, and Status Conference for the reasons set forth herein.

1.

To date, including this case, there have been at least 14 cases which have been recently filed in Civil District Court against the Archdiocese involving alleged sexual abuse claims, which were alleged to have occurred decades ago, similar to those alleged in this case. In each of these 14 cases, the lead counsel for the plaintiff is the same, John H. Denenea, Jr. with Shearman-Denenea, LLC and/or Soren Gisleson with Herman & Katz, LLC.[1] The claims in all 14 cases involve substantially similar claims and the discovery of the Archdiocese in each case significantly and substantially overlaps.

2.

In the *first filed* of the pending 14 cases, *John Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al*, No. 2018-10864, Division A (the "First Filed Doe Case"), Judge Hazeur quickly determined that the case would involve significant discovery issues which would require extensive resources of the Court and, on August 19, 2019, ordered that Judge Gill-

---

[1] The Archdiocese is aware of 5 additional cases which were recently filed, but the Archdiocese has not been served with these new suits.

{N3930222.1}                                1                        **EXHIBIT 9**

Jefferson be appointed as a special master to handle discovery issues. *See* attached to memorandum in support, Exhibit A, Order appointing Special Master.

3.

In seven (7) of these cases, including the above-captioned matter, on or about October 3, 2019, plaintiffs served on the Archdiocese their First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests"), requesting an extensive amount of information and documents. Plaintiffs agreed to one 30 day extension of time, and the Archdiocese's responses in each are currently due on December 2, 2019.

4.

The Discovery Requests demand information and documents dating all the way back to the 1960s and require a significant amount of time and resources in order to respond. Despite a diligent and good faith effort to obtain information and documents to respond to this discovery, the Archdiocese needs additional time to respond and requests an extension of at 30 days to respond to plaintiffs' Discovery Requests.

5.

Further, the Discovery Requests call for the production of private, confidential information and communications that involve the Archdiocese and third parties which should be protected from public disclosure. In the First Filed Doe Case, Judge Hazeur has already entered a protective order that protects confidential information.[2] However, as of yet, no protective order has been entered in the other 13 cases. Accordingly, the same protective order that is in place in the First Filed Doe Case should be issued in the other 13 cases so as to protect the disclosure of private, confidential information communications. At this time, the Archdiocese moves for entry of the protective order in this case and has moved for a protective order in the other cases in which plaintiffs' Discovery Requests are pending.

---

[2] *See* attached to memorandum in support, Exhibit B, Protective Order; Exhibit C, Special Master's 9/25/19 Report and Recommendations and 9/27/19 Supplemental Report and Recommendations; Exhibit D, Special Master's 11/7/19 Report and Recommendations; Exhibit F, Judgment adopting Special Master's Report and Recommendations.

{N3930222.1} 2

6.

Finally, the Archdiocese requests that the Court order a status conference for purposes of issuing an approved discovery order to manage the substantially identical discovery in the 14 related cases currently pending against the Archdiocese. The Archdiocese further suggests that, to maintain consistency and uniformity, the court consider appointment of Judge Gill-Jefferson as Special Master for discovery issues, as has already been ordered by Judge Hazeur in the First Filed Doe Case.

WHEREFORE, for the foregoing reasons, the Archdiocese respectfully requests that the Court grant this motion and order the following:

1. an order granting the Archdiocese an extension of time of at least 30 days, within which to respond to plaintiff's First Set of Interrogatories and Request for Production of Documents and Things;

2. a protective order in the form attached to the memorandum in support as Exhibit B, which is the protective order entered in the First Filed Doe Case, to govern and protect confidential information; and

3. an order for a status conference for the purpose of issuing an appropriate discovery order to manage the substantially identical discovery in the 14 related cases currently pending against the Archdiocese.

Respectfully submitted,

WAYNE G. ZERINGUE, JR. (#18516)
JOSEPH J. LOWENTHAL, JR. (#08909)
JEFFERSON R. TILLERY (#17831)
EDWARD D. WEGMANN (#13315)
ALLISON B. KINGSMILL (#36532)
JONES WALKER, LLP
201 St. Charles Avenue, Floor 48
New Orleans, LA 70170
Telephone:  504-582-8682
Facsimile:  504-589-8682
Email: wzeringue@joneswalker.com
       jlowenthal@joneswalker.com
       jtillery@joneswalker.com
       dwegmann@joneswalker.com
       akingsmill@joneswalker.com

AND

RICHARD A. BORDELON (#14091)
Denechaud and Denechaud, L.L.C.
201 St. Charles Avenue, Suite 3920
New Orleans, LA 70170
Phone: 504-522-4756 | Fax: 504-568-0783

*Attorneys for Defendant, The Roman Catholic Church of the Archdiocese of New Orleans*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded this day to all counsel of record, ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, postage prepaid and properly addressed, this 3rd day of December, 2019.

EDWARD D. WEGMANN

{N3930222.1}   4

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

DOCKET NO. 2019-3947　　　　DIVISION "D"　　　　SECTION: 12

J.W. DOE

VERSUS

ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC.,
THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,
THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS
AND FATHER LAWRENCE A. HECKER

FILED BY: _____　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

### THE ARCHDIOCESE'S MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME, PROTECTIVE ORDER, AND STATUS CONFERENCE

This memorandum is submitted on behalf of defendant, The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese"), in support of its Motion for Extension of Time, Protective Order, and Status Conference.

To date, including this case, there are at least 14 cases which have been recently filed in Civil District Court against the Archdiocese involving alleged sexual abuse claims, which were alleged to have occurred decades ago, similar to those alleged in this case.[1] In all 14 of these cases, the lead counsel for the plaintiff is the same, John H. Denenea, Jr. with Shearman-Denenea, LLC and/or Soren Gisleson with Herman Herman & Katz. The claims in all 14 cases involve substantially similar claims, and the discovery of the Archdiocese that the plaintiff seeks in each case significantly and substantially overlaps. In the *first filed* of the 14 cases, *John Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al*, No. 2018-10864, Division A (the "First Filed Doe Case"), Judge Hazeur quickly determined that the case would involve significant discovery issues which would require extensive resources of the Court and, on August 19, 2019, ordered that Judge Gill-Jefferson be appointed as a special master to handle discovery issues. *See* Exhibit A, Order appointing Special Master.

In this motion, the Archdiocese requests the following:

---

[1] The Archdiocese is aware of 5 additional cases which were recently filed, but the Archdiocese has not been served with these new suits.

{N3930222.1}　　　　　　　　　　　　　　　1

First, in 7 of the 14 pending cases, including the above-captioned matter, on or about October 3, 2019, plaintiffs served on the Archdiocese their First Set of Interrogatories and Request for Production of Documents and Things (the "Discovery Requests"), requesting an extensive amount of information and documents. Exhibit E, Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things. Plaintiffs agreed to one 30 day extension of time. Therefore, responses are currently due on December 2, 2019. The Discovery Requests demand information and documents dating all the way back to the 1960s and require a significant amount of time and resources in order to respond. Despite a diligent and good faith effort to obtain information and documents to respond to this discovery, the Archdiocese needs additional time to respond and requests at least an additional extension of 30 days to respond to plaintiff's extensive Discovery Requests.

Second, the Discovery Requests call for the production of private, confidential information and communications that involve the Archdiocese and third parties which should be protected from public disclosure. In the First Filed Doe Case, Judge Hazeur has already entered a protective order that protects confidential information. However, as of yet, no protective order has been entered in the other 14 cases. Accordingly, the same protective order that is in place in the First Filed Doe Case should be issued in each case so as to protect the disclosure of private, confidential information communications. At this time, the Archdiocese has moved for entry of the protective order in this cases and is moving for the same protective order in the other cases in which plaintiffs' Discovery Requests are pending.

Third, the Archdiocese requests that the Court order a status conference for the purpose of issuing a discovery order to manage the substantially identical discovery in this case and the related cases currently pending against the Archdiocese. The Archdiocese further suggests that, to maintain consistency and uniformity, the Court consider appointing Judge Gill-Jefferson as Special Master for discovery issues, as has already been ordered by Judge Hazeur in the First Filed Doe Case.

## FACTS

### I. The Lawsuits

Since October 29, 2018, there have been at least 14 lawsuits filed against the Archdiocese and other defendant clergyman, alleging similar claims of sexual abuse in the late 1970s and early 1980s.[2] In each of these cases, the lead counsel for the plaintiff is the same, John H. Denenea, Jr. with Shearman-Denenea, LLC and/or Soren Gisleson with Herman Herman & Katz. To date, the following lawsuits have been filed and served on the Archdiocese:

|    | DATE     | CASE |
|----|----------|------|
| 1  | 10-29-18 | John Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2018-10864, Division A (Judge Hazeur) |
| 2  | 11-13-18 | John Roe I v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2018-11369, Division A (Judge Hazeur) |
| 3  | 12-12-18 | C.J. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2018-12393, Division L (Judge Reese) |
| 4  | 02-06-19 | James Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-1371, Division C (Judge Cates IV) |
| 5  | 04-11-19 | J.W. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-3947, Division D (Judge Ervin-Knott) |
| 6  | 06-12-19 | A.A. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-06200, Division D (Judge Ervin-Knott) |
| 7  | 08-15-19 | Linda Lee Stonebreaker v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-8551, Division I (Judge Griffin) |
| 8  | 08-15-19 | Tom Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-8552, Division B (Judge Johnson) |
| 9  | 09-26-19 | B.B. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-10149, Division A (Judge Hazeur) |
| 10 | 10-23-19 | John Roe II v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-11169, Division M (Judge Irons) |

---

[2] *See supra* note 1.

{N3930222.1}          3

| 11 | 10-23-19 | John Roe III v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-11171, Division N (Judge Julien) |
|----|----------|---|
| 12 | 10-23-19 | John Roe IV v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-11173, Division J (Judge Sheppard) |
| 13 | 11-04-19 | F.F. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-11587, Division I (Judge Griffin) |
| 14 | 11-04-19 | Lon Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al, No. 2019-11575, Division I (Judge Griffin) |

## II. The John Doe Case

The plaintiff in the First Filed Doe Case, which is pending before Judge Hazeur, was the first to issue discovery to the Archdiocese. On March 23, 2019, plaintiff John Doe sent the Archdiocese 2 Notices of Records Depositions and Subpoenas Duces Tecum (the "Archdiocese Subpoenas"). The Archdiocese's counsel attempted to work with plaintiff's counsel to confect a protective order because certain responsive documents would contain confidential and private information about defendant Brignac and third parties who are not part of the First Filed Doe Case. However, plaintiff's counsel refused. Consequently, on June 20, 2019, the Archdiocese filed a Motion for Entry of Protective Order and Motion to Stay the Return Date on plaintiff's Notices/Subpoenas Duces Tecum, which was referred by Judge Hazeur to Special Master Judge Gill-Jefferson.

## III. The John Doe Protective Order

After a hearing on the matter, on September 25, 2019, Special Master Judge Gill-Jefferson found that there was good cause to protect confidential information and recommended to Judge Hazeur that a protective order be issued to protect the disclosure of private, confidential information and communications. Exhibit C, Special Master's 9/25/19 Report and Recommendations and 9/27/19 Supplemental Report and Recommendations. And, on October 28, 2019, Judge Hazeur, in accordance with the Special Master's recommendation, entered a protective order which includes protection of confidential information. Exhibit B, Protective Order. Further, on November 14, 2019, Judge Hazeur entered a Judgment adopting the Special

Master's Report and Recommendations and Supplemental Special Master's Report and Recommendations. Exhibit F, Judgment.

On November 7, 2019, after another hearing on a discovery motion involving a subpoena requesting documents which plaintiff had issued to a third party, the Special Master reiterated the importance of a protective order to protect confidential information and denied, in part, plaintiff's motion to compel and ruled that the documents be produced subject to a protective order in accordance with her previous ruling. The Special Master explained, "[g]iven the nature of these proceedings and the confidentiality of certain documents, it is imperative that a Protective Order issue." Exhibit D, Special Master's 11/7/19 Report and Recommendations, p. 2.

### IV. Additional Discovery in the Lawsuits

In the J.W. Doe Case,[3] on October 1, 2019, plaintiff issued a La. C.C.P. art. 1441 request for documents to the Archdiocese requesting many of the same documents requested in the pending Discovery Requests issued by plaintiffs in 7 of the cases. On November 8, 2019, the Archdiocese served its response to plaintiff J.W. Doe's 1441 request and produced 806 pages of documents. In addition, plaintiff J.W. Doe issued a notice for the 1442 deposition of the Archdiocese regarding 20 topics. This deposition took place on November 21, 2019. Counsel for plaintiff in the J.W. Doe Case has also requested the deposition of Archbishop Gregory M. Aymond.

Accordingly, there is significant overlap between the discovery in all the pending cases. It would be unduly burdensome, inefficient, and improper, for example, if the Archdiocese would be required to give 14 separate corporate depositions or if the Archbishop would be required to give 14 separate depositions on the same or similar topics. As a result, in addition to a protective order, the Archdiocese requests that the Court issue an order for a status conference for the purpose of issuing an appropriate discovery order to manage and coordinate discovery in each of the pending cases, and that the Court consider appointing Judge Gill-Jefferson as special master for discovery issues, as has already been ordered by Judge Hazeur in the First Filed Doe Case.

---

[3] *J.W. Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al*, No. 2019-3947, Division D (Judge Ervin-Knott)

## LAW AND ARGUMENT

I. **The Archdiocese has good cause for an extension of time to respond to plaintiff's extensive discovery requests, which request information and documents dating all the way back to the 1960s.**

In 7 of the 14 cases pending against the Archdiocese, plaintiffs have issued their Discovery Requests to the Archdiocese. A side by side comparison reveals that these 7 sets of discovery are virtually identical, except for the name of the particular defendant clergyman in the case. *See* Exhibit E, Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things. Searching for records and information responsive to the requests regarding each particular clergyman requires a significant expenditure of time and resources to locate, review, and identify the responsive documents. Indeed, most of the discovery requests demand information and documents dating all the way back to the 1960s, and most of the information and documents must be located by hand because it is not stored or maintained in an electronic database. Therefore, while the Director of Archives and Records and other personnel at the Archdiocese are diligently searching electronically stored information and hard copy files to respond to the Discovery Requests in the 7 separate cases, the Archdiocese needs additional time to respond, and it is not possible to respond to the Discovery Requests at this time. *See Nolan v. Exxon Mobil Corp.*, No. 13-439-JJB-EWD, 2016 U.S. Dist. LEXIS 80409, at *5-6 (M.D. La. June 21, 2016) (granting motion for extension finding that 45 day extension to respond to party's discovery requests was reasonable considering number of parties' involved and amount of time it would take to properly respond).

Further, while plaintiffs in the 7 cases granted the Archdiocese one extension, the extended deadline to respond to plaintiffs' Discovery Requests falls on the Monday after Thanksgiving (December 2, 2019), and, in light of the upcoming religious and New Years' holidays, an additional 30 days is reasonable. *Id.* (finding 45 day extension reasonable to respond to discovery requests).

Finally, plaintiff will not be prejudiced by this brief extension of time. The Court has not issued any scheduling order, and thus an extension will not interfere with any court-imposed deadlines.

Accordingly, in light of the number of cases pending against the Archdiocese, the scope of the Discovery Requests, and intervening holidays, there is good cause for an extension to respond to plaintiff's Discovery Requests, and an extension of at least 30 days is reasonable. At that time, the Archdiocese anticipates that it will be in a position to submit written responses and objections to plaintiff's Discovery Requests and start a rolling production of documents.

## II. The Archdiocese has good cause to move for a protective order to protect private, confidential information and communications.

Louisiana Code of Civil Procedure article 1426 provides that upon motion, the court "for good cause" may make any order which justice requires to protect a party or person, such as to protect a party's confidential communications or information. La. C.C.P. art. 1426(A). "Good cause," the Louisiana Supreme Court has observed, is a "relatively low standard." *Copeland v. Copeland*, 2007-0177 (La. 10/16/07); 966 So.2d 1040, 1045. Under Louisiana law, the public generally has no right to access materials exchanged during discovery that have not yet become court records. Indeed, "there is no presumptive right to public access to discovery materials, as discovery rules allow for broad and searching review of a party's files and review of these materials traditionally takes place in private and the documents may never be presented to, or introduced in, a court." *Id*. The Louisiana Supreme Court has long recognized that individuals have a right to privacy in their private communications. *State v. Reeves*, 427 So. 2d 403, 405 (La. 1982). A constitutional right to privacy in information exists where the party (1) has "an actual or subjective expectation of privacy," and (2) "that expectation is of a type which society at large is prepared to recognize as being reasonable." *Copeland*, 966 So.2d at 1047, n. 7 (internal citations omitted).

Here, plaintiff's Discovery Requests call for the production of private, confidential information and communications that involve the Archdiocese and third parties and therefore should be protected from public disclosure. Indeed, the Special Master in the First Filed Doe Case has already ruled that similar information requested by the plaintiff is confidential and that there is good cause to enter a protective order to maintain the confidentiality of such information. *See* Exhibit C Special Master's 9/25/19 Report and Recommendations, p. 3 ("the public does not have the right to private confidential information."); Exhibit D Special Master's 11/7/19 Report

and Recommendations, p. 2 ("Given the nature of these proceedings and the confidentiality of certain documents, it is *imperative* that a Protective Order issue.") (emphasis added); Exhibit B, Protective Order.

Accordingly, the Archdiocese objects to producing any documents in response to the Discovery Requests unless such documents and information are protected by a protective order which protects the confidentiality of such documents. The Court should enter the same protective order that was agreed upon by the same counsel for plaintiff in this case and entered by Judge Hazeur in the First Filed Doe Case. Exhibit B, Protective Order.

III. **The Archdiocese has good cause to request that the Court issue an order for a status conference for the purpose of issuing a discovery order to manage and coordinate discovery in each of the pending cases.**

Pursuant to La. C.C.P. art. 1426, this Court may make any order which justice requires to protect a party from oppression or undue burden, including that discovery be had on specified terms and conditions, that the discovery be limited, or that it only be had by a particular method. Given the fact that there are at least 14 separate actions against the Archdiocese, the Archdiocese will be required to participate in discovery in the 14 separate actions. While there are certain factual distinctions among the pending cases against the Archdiocese and certain clergymen, there is significant overlap related to discovery. In the 7 cases in which discovery has been issued, discovery has been propounded that is in large measure duplicative. *See* Exhibit E, Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things. In all 7 cases, there are 25 interrogatories and 37 requests for production of documents. All of the interrogatories and requests for production of documents in each case are identical except for the name(s) of the clergyman who allegedly committed the abuse. It is anticipated that identical or similar requests will be propounded in the other cases. The Archdiocese is seeking this Court's assistance to coordinate and consolidate discovery in the 14 cases to eliminate duplicative requests from plaintiff's counsel in this proceeding and the similar proceedings in other divisions of this Court.

The Archdiocese is also concerned about successive depositions being taken of the Archbishop or other personnel of the Archdiocese. For example, the deposition of Emilie Leumas, the Director of Archives and Records for the Archdiocese, was recently taken in the

J.W. Doe Case and lasted approximately 7 hours. Ms. Leumas should not have to go through 13 more depositions on the same topic just because of the number of suits. Obviously, the disruptive potential of successive depositions of the same witness is magnified when there are 14 separate suits on the same subject.

The Archdiocese believes plaintiffs' counsel, to the extent possible, should be required to coordinate and consolidate their discovery requests to eliminate duplicative requests, such that the Archdiocese is not required to respond to the same interrogatory or document request on multiple occasions and that depositions of witnesses can be coordinated and taken once to be used in all cases. This could be accomplished by allowing discovery responses to be shared and, to the extent relevant and admissible, used in all of the cases. To the extent, Ms. Leumas or any witness of the Archdiocese needs to be deposed a second time, the scope of the deposition should be limited to areas of inquiry which were not covered in the first deposition so that the witness is not re-asked questions previously answered. *See Meredith v. Asbestos Corp.*, 2000-0137 (La. 03/17/00), 755 So.2d 892.

This Court enjoys a broad measure of discretion in managing pre-trial affairs, including the conduct of discovery. La. C.C.P. art. 1426. Decisions regarding the scope of discovery and the protections to be afforded parties in the discovery process, are ordinarily left to the trial court, who is in a unique position to gauge and balance the potential conflicting interests of all. The Archdiocese respectfully requests that this Court enter an order for a status conference for purposes of issuing a discovery order to manage the nearly identical discovery in the 14 related cases currently pending against the Archdiocese.

Finally, once again, the Archdiocese suggests that the Court consider appointing Judge Gill-Jefferson as special master regarding discovery issues in order to maintain consistency and uniformity as to discovery in these proceedings.

## CONCLUSION

For the foregoing reasons, the Archdiocese respectfully requests that the Court grant this motion and issue the following:

1. an order granting the Archdiocese an extension of time of at least 30 days, within which to respond to plaintiff's First Set of Interrogatories and Request for Production of Documents and Things;

2. a protective order in the form attached as Exhibit B, which is the protective order entered in the First Filed Doe Case, to govern and protect confidential information; and

3. an order for a status conference for the purpose of issuing a discovery order to manage the nearly identical discovery in the 14 related cases pending against the Archdiocese.

Respectfully submitted,

WAYNE G. ZERINGUE, JR. (#18516)
JOSEPH J. LOWENTHAL, JR. (#08909)
JEFFERSON R. TILLERY (#17831)
EDWARD D. WEGMANN (#13315)
ALLISON B. KINGSMILL (#36532)
JONES WALKER, LLP
201 St. Charles Avenue, Floor 48
New Orleans, LA 70170
Telephone:    504-582-8682
Facsimile:    504-589-8682
Email: wzeringue@joneswalker.com
       jlowenthal@joneswalker.com
       jtillery@joneswalker.com
       dwegmann@joneswalker.com
       akingsmill@joneswalker.com

AND

RICHARD A. BORDELON (#14091)
Denechaud and Denechaud, L.L.C.
201 St. Charles Avenue, Suite 3920
New Orleans, LA 70170
Phone: 504-522-4756 | Fax: 504-568-0783

*Attorneys for Defendant, The Roman Catholic Church of the Archdiocese of New Orleans*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded this day to all counsel of record, ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, postage prepaid and properly addressed, this 3rd day of December, 2019.

EDWARD D. WEGMANN

{N3930222.1}                    10