CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NUMBER: 2018-10864  DIVISION: A-16

JOHN DOE

VERSUS

THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF
NEW ORLEANS, AND DEACON GEORGE BRIGNAC

FILED: _____  DEPUTY CLERK: _____

## JUDGMENT

The Defendants Motion for Protective Order was heard on July 25, 2019.

**Present:**

Richard C. Trahant and John H. Denenea, Jr. attorneys for plaintiff, John Doe; and

Dwight C. Paulsen, III, David Adams, and Richard Bordelon, attorneys for Defendant, The Roman Catholic Church of the Archdiocese of New Orleans.

Considering the Motion, the law, and argument of counsel,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the Motion for Protective Order is continued without date;

IT IS FURTHER ORDERED THAT the Court will select and appoint a Special Master pursuant to LSA-R.S. 13:4165, to handle the discovery matters as will be specified in a separate Order to be issued by Friday, August 2, 2019, and that the parties will have until Friday, August 9, 2019 to file objections to the Order appointing the Special Master.

Thus, done and signed, this ____, day of JUL 3 1 2019 New Orleans, Louisiana.

CIVIL DISTRICT COURT JUDGE, DIV. A
(Sgd.) ELLEN M. HAZEUR
Judge - Division "A"



EXHIBIT 10

-AND-

**COLVIN LAW FIRM**
BENJAMIN T. SANDERS (#30842)
MATTHEW R. FRANSEN (#26286)
230 Huey P. Long Avenue
Gretna, LA 70053
Telephone: (504) 367-9001
FAX: (504) 367-0650
Email: bsanders@dcolvinlaw.com
Email: mfransen@dcolvinlaw.com

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

2019 AUG 12 AM 8: 54

NO.: 2018-10864  DIVISION "A"  Section - 16

JOHN DOE

VERSUS

THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS, ET AL.

FILED:_____

_____
DEPUTY CLERK

## ORDER APPOINTING SPECIAL MASTER

Having previously notified the parties on July 25, 2019 that the legal and factual issues presented in this case are complex, require an inordinate amount of attention and oversight from the Court which goes beyond the Court's limited resources, and that exceptional circumstances warrant an appointment of a Special Master pursuant to La. R.S. 13:4165 and the Court's inherent judicial power to facilitate an orderly and efficient disposition of this litigation:

**IT IS HEREBY ORDERED** that Hon. Carolyn W. Jefferson, 201 St. Charles Avenue, Suite 3800, New Orleans, Louisiana 70170, e-mail: cjefferson@aarongianna.com, telephone (504) 569-1810, be and is hereby appointed as a Special Master in accordance with La. R.S. 13:4165. The Court has carefully considered the fairness of imposing the likely expenses on the parties and has concluded that appointing a Special Master will materially advance the resolution of this litigation in an efficient manner.

1. **DUTIES AND POWERS.**

The Special Master shall have the power to resolve any and all discovery-related matters, including but not limited to: motions to compel discovery responses, motions for protective orders, motions to compel depositions, motions to compel compliance with subpoenas, motions to quash subpoenas, motions for issuance of letters rogatory, *in camera* inspection of purportedly confidential and privileged documents, and issuance of Scheduling Orders. Further, the Special Master shall have all of the powers permitted by La. R.S. 13:4165, shall exercise her power to regulate all proceedings properly brought before her, and is empowered to do all acts and take all measures necessary or proper for the efficient performance of her duties.

VERIFIED 8/2/19

All status conferences pertinent to the aforementioned issues shall be held before the Special Master with advance notice to all parties. The Special Master shall have the discretion to schedule status conferences in person or via telephone, depending—*inter alia*—on the urgency of the matter and availability of counsel. Moreover, the Special Master shall have the discretion whether or not to hold oral argument on any discovery motion that may be filed. Unless otherwise specified herein, all hearings and status conferences brought before the Special Master in this case shall be transcribed, and the cost of such transcription shall be divided equally between the parties.

2. **PROCEDURAL MATTERS.**

The parties shall bring the discovery disputes that arise between them before the Special Master by filing their discovery pleadings, motions, memoranda, and associated materials, and by serving them by electronic mail upon counsel for all parties and upon the Special Master. A party against whom a discovery motion is filed shall have fifteen (15) days after the motion is served via electronic mail to file and serve an opposition thereto. Thereafter, the moving party shall have five (5) days from having been served with the opposition to file and serve a reply thereto. Any such motion, opposition, or reply shall be filed with the Clerk of Court, including any memorandum of law and exhibits.

Any party has the right to request the Special Master for a determination of their motion on an expedited basis by providing a good cause for such request. If the Special Master grants expedited consideration, any opposition and/or reply memorandum shall be filed and served within the deadlines set by the Special Master.

If the disposition of the parties' motions shall be after a contradictory hearing, the Special Master shall schedule the hearing with advance notice to all parties of the date thereof. Regardless of whether or not an oral argument was held, the Special Master shall prepare a report upon the matters submitted to her and, if in the course of her duties she is required to make findings of fact or conclusions of law, the Special Master shall include such findings of fact and conclusions of law in her report. In accordance with La. R.S. 13:4165, all such reports shall be filed with the Clerk of Court and notice of such filing shall be served upon all parties via electronic mail.

Any party that disagrees with the Special Master's report regarding a discovery issue may seek a review thereof by the Court by filing written objections thereto within ten (10) days after being served with the notice of filing of the report. Objections shall be specific and accompanied by

*Doe v. The RCC, et al.*
2018-10864
**Order of Appointment**                                                                      Page 2 of 6

a memorandum describing the legal and factual basis for the objection. If a party so objects, the Court may—after a contradictory hearing—adopt the Special Master's report in whole or in part, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. If no party files a timely objection to the Special Master's report, the Court shall adopt the report as submitted, unless to do so would be clearly erroneous.

3. **OUTSTANDING ISSUES.**

The parties shall each provide to the Special Master a copy of their respective filings in connection with the Archdiocese's June 20, 2019 *Motion for Entry of Protective Order and Motion to Stay the Return Date on Plaintiff's Notices/Subpoenas Duces Tecum* and any memoranda filed on that issue for determination. With respect thereto, the Archdiocese shall produce all purportedly confidential documents responsive to the Plaintiff's two subpoenas for an *in camera* inspection by the Special Master. With them, the Archdiocese shall also produce a comprehensive privilege log written using Times New Roman font, size twelve (12), with detailed description of the documents, classifying the documents in separate categories, bates-labeling the pages within the categories, dating the documents, and stating—with respect to each document—its objections, the grounds for its objections, and the applicable legal authority in support thereof, if any. The Archdiocese has thirty (30) days to do so from the issuance of this Order.

Further, counsel for the parties shall confer with the Special Master as soon as is practicable to formulate a Scheduling Order and select discovery deadlines.

All future discovery disputes are to be submitted to the Special Master prior to submission to the Court.

4. **COMPENSATION.**

The Special Master shall be compensated at a rate of three hundred dollars ($300.00) per hour for her services, billing in the $1/10^{th}$ hour increments. The Special Master shall have the discretion to hire a supporting staff member to assist her in performance of her duties, such as an associate attorney, a paralegal, or a legal assistant. However, compensation for any and all services carried out by the Special Master's support personnel shall not be paid by the parties, but by the Special Master herself. If the Special Master decides to hire a supporting staff member, such staff member shall be bound by all of the provisions of this Order. The Special Master's compensation

shall be taxed as costs of court and shall be funded equally from the parties to this litigation.

The Special Master shall be paid from a fund held in the registry of the Court (hereinafter, "the Fund"). The Special Master shall create, keep, and regularly update billing records of her time spent on this matter, with reasonably detailed descriptions of her activities and matters worked upon as a Special Master in these proceedings. From time to time, on approximately a monthly basis, the Special Master shall submit her Itemized Statement of Fees and Expenses to counsel for all parties and the Court for approval, which the Court will inspect carefully for regularity and reasonableness. If no party files an objection thereto and the bill is approved by the Court, the Special Master will be paid from the Fund upon the Special Master's motion.

In the first instance, the Fund shall be subsidized by all parties depositing three thousand dollars ($3,000.00) into the registry of the Court within thirty (30) days from the issuance of this Order. A party whose involvement in this case will not necessitate the Special Master's services, as delineated *supra*, may be discharged from the obligation to deposit its share into the registry of the Court, as well as any additional funds as discussed *infra*. However, once that party's involvement in these proceedings mandates intervention by the Special Master, the Court shall immediately—upon being notified by the other parties and/or by the Special Master—order the party so discharged to deposit its share into the Fund. In the event a party is dismissed from the litigation before the initial funding is depleted, its unspent share of the deposit will be returned to it upon its motion. In the event the Special Master completes her duties before the initial funding is depleted, the parties' respective unspent share of the deposit will be returned to them upon their motion. Upon the request by either of the parties and/or by the Special Master, any further allocation of funding of the Fund for payment of the Special Master's services shall require the approval by the Court. If a party objects to the proposed allocation of further funding of the Special Master, the Court shall decide the issue in the most equitable and fair fashion possible under the circumstances.

5. **COMMUNICATIONS.**

Communications and submissions to and from the Special Master shall be by way of electronic mail with all counsel of record copied. Submissions to the Special Master that are too large for transmission via electronic mail shall be by other electronic means (such as Dropbox or an FTP Site), commercial carrier, or hand delivery, with a copy of the transmittal or cover letter sent contemporaneously therewith to all counsel. In such an event, the date of the cover or transmittal

letter shall be deemed the date of transmission for the purpose of determining any deadlines.

The Special Master shall not engage in *ex parte* communications with any of the parties or with the Court. However, when circumstances so require, *ex parte* communications are authorized for scheduling, administrative purposes, emergencies that do not deal with substantive matters or issues on the merits (provided the Special Master reasonably believes that no party will gain a procedural or strategic advantage as a result thereof), and to the extent the Special Master determines *ex parte* communication is necessary to maintain the confidentiality of privileged communications (for instance, in conducting *in camera* review). Additionally, the Special Master may also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistical matters, the nature of her activities, management of the litigation, and other appropriate procedural matters. The Court will aim to protect the parties against unreasonable expense and delay through communication with them and the Special Master, as appropriate.

The Special Master shall proceed in the undertaking of her duties and powers with all reasonable diligence and shall not discuss any aspect of this litigation with any media outlets, issue statements, hold or partake in any press conferences, and so on.

### 6. MISCELLANEOUS.

The Special Master is subject to the same conflicts of interest and disqualification standards as of that of a district court judge under La. C.C.P. Article 151 and Canon 3(C) of the Code of Judicial Conduct. The Special Master shall schedule a status conference with all parties within fifteen (15) days from issuance of this Order to discuss any potential conflicts of interest and make any necessary disclosures, if applicable. This status conference shall not be transcribed or charged to the parties.

The Special Master shall have the full cooperation of the parties and their counsel. As an officer of the Court, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other judicial adjuncts performing similar functions. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's duties under this Order. In the exercise of her discretion, and by providing good cause therefor, the Special Master may request from the Court that some parts of the record be filed under seal. The Special Master shall preserve records relating to her work as Special Master until

*Doe v. The RCC, et al.*
2018-10864
**Order of Appointment**  Page 5 of 6

relieved of this obligation by order of the Court.

Once appointed, the Special Master shall not be terminated until her duties are completed or the Court terminates the appointment, whichever comes first.

Nothing herein shall act or be interpreted to preclude any party from attending any meeting, conference, or argument on any motion brought before the Special Master.

Nothing herein otherwise limits the powers of the Court regarding special masters under La. R.S. 13:4165 or otherwise impacts the inherent powers of the Court. The Court may amend this Order at any time after notice to the parties and an opportunity to be heard.

Any objections to this Order shall be filed in writing within seven (7) days of issuance of this Order, but in any event no later than Friday, August 9, 2019.

**READ, RENDERED, AND SIGNED** in New Orleans, Louisiana, this 2nd day of August, 2019.

Hon. Ellen M. Hazeur
Judge, Civil District Court for the
Parish of Orleans, Division "A-16"

**SERVED via Electronic Mail**
**and Orleans Sheriff's Department ONLY:**

John H. Denenea
*Attorney for Plaintiff:*
Shearman-Denenea
4240 Canal St.
New Orleans, LA 70119
jdenenea@midcitylaw.com

Richard C. Trahant
*Attorney for Plaintiff:*
2908 Hessmer Ave.
Metairie, LA 70002
trahant@trahantlawoffice.com

Richard Bordelon
*Attorney for Defendant, The Archdiocese:*
Denechaud and Denechaud, LLC
1010 Common St., Ste. 3010
New Orleans, LA 70112
rbordelon@denechaudlaw.com

Dwight C. Paulsen
*Attorney for Defendant, The Archdiocese:*
Bradley Murchison Kelly & Shea LLC
1100 Poydras St., Ste. 2700
New Orleans, LA 70163
tpaulsen@bradleyfirm.com

Lionel D. Adams
*Attorney for Defendant, The Archdiocese:*
Bradley Murchison Kelly & Shea LLC
1100 Poydras St., Ste. 2700
New Orleans, LA 70163-2700
dadams@bradleyfirm.com

Richard P. Bullock
*Attorney for Defendant, Brignac:*
619 Barracks St.
New Orleans, LA 70116
rbullock@bullockham.com

Hon. Carolyn W. Jefferson
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
cjefferson@aarongianna.com

*Doe v. The RCC, et al.*
2018-10864
Order of Appointment

VERIFIED
8/12/19

relieved of this obligation by order of the Court.

Once appointed, the Special Master shall not be terminated until her duties are completed or the Court terminates the appointment, whichever comes first.

Nothing herein shall act or be interpreted to preclude any party from attending any meeting, conference, or argument on any motion brought before the Special Master.

Nothing herein otherwise limits the powers of the Court regarding special masters under La. R.S. 13:4165 or otherwise impacts the inherent powers of the Court. The Court may amend this Order at any time after notice to the parties and an opportunity to be heard.

Any objections to this Order shall be filed in writing within seven (7) days of issuance of this Order, but in any event no later than Friday, August 9, 2019.

READ, RENDERED, AND SIGNED in New Orleans, Louisiana, this 2nd day of August, 2019.

August 29, 2019
Received $3,000.00 CK # 103298
Herman Herman & Katz, LLC
to be deposited in Registry of Court.
Receipt No. 53966 - Court Order
_____Camphan_____
Clerk

Hon. Ellen M. Hazeur
Judge, Civil District Court for the
Parish of Orleans, Division "A-16"

**SERVED via Electronic Mail
and Orleans Sheriff's Department ONLY:**

John H. Denenea
*Attorney for Plaintiff:*
Shearman-Denenea
4240 Canal St.
New Orleans, LA 70119
jdenenea@midcitylaw.com

Richard C. Trahant
*Attorney for Plaintiff:*
2908 Hessmer Ave.
Metairie, LA 70002
trahant@trahantlawoffice.com

Richard Bordelon
*Attorney for Defendant, The Archdiocese:*
Denechaud and Denechaud, LLC
1010 Common St., Ste. 3010
New Orleans, LA 70112
rbordelon@denechaudlaw.com

Dwight C. Paulsen
*Attorney for Defendant, The Archdiocese:*
Bradley Murchison Kelly & Shea LLC
1100 Poydras St., Ste. 2700
New Orleans, LA 70163
tpaulsen@bradleyfirm.com

Lionel D. Adams
*Attorney for Defendant, The Archdiocese:*
Bradley Murchison Kelly & Shea LLC
1100 Poydras St., Ste. 2700
New Orleans, LA 70163-2700
dadams@bradleyfirm.com

Richard P. Bullock
*Attorney for Defendant, Brignac:*
619 Barracks St.
New Orleans, LA 70116
rbullock@bullockham.com

Hon. Carolyn W. Jefferson
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
cjefferson@aarongianna.com

*Doe v. The RCC, et al.*
2018-10864
**Order of Appointment**


VERIFIED
9/3/19


VERIFIED
8/12/19