# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: § <br> § <br> THE ROMAN CATHOLIC CHURCH § <br> OF THE ARCHDIOCESE OF NEW § <br> ORLEANS, § <br> § <br> Debtor.[1] § <br> § | Case No. 20-10846 <br><br> Section "A" <br><br> Chapter 11 |

## DEBTOR'S OPPOSITION TO EX PARTE MOTION OF A CERTAIN ABUSE VICTIM-SURVIVOR FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 107 AND BANKRUPTCY RULE 9018 AUTHORIZING PARTIAL FILING UNDER SEAL

The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), through undersigned counsel, files this Opposition to the *Ex Parte Motion of a Certain Abuse Victim-Survivor for an Order Pursuant to Bankruptcy Code Sections 105(A) and 107 and Bankruptcy Rule 9018 Authorizing Partial Filing Under Seal* [Rec. Doc. 225] (the "**Motion to Seal**") filed by J.W. Doe. In support of this Opposition, the Debtor states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

{N4045483.2}

## INTRODUCTION

In a separate proceeding filed by J.W. Doe[2] in state court, the Archdiocese produced confidential documents pursuant to a protective order entered by the state court (the "**J.W. Doe Protective Order**"), which, among other things, specifically prohibits such confidential information from being used *in any other legal proceeding* other than the J.W. Doe case. The protective order also limited disclosure of such documents to those specifically named in the order, including the parties' experts and consultants, court staff, deponents, and witnesses in the J.W. Doe case.

J.W. Doe has filed an Objection of a Certain Abuse Victim-Survivor to Debtor's Motion for Entry of an Order Authorizing the Debtor to Employ Professionals in the Ordinary Course of Business and Request to Make Documents Public under 11 U.S.C. § 107 [Rec. Doc. 224] (the "**Objection**"), which improperly and wrongfully seeks to use, in this case, confidential documents of the Archdiocese, which were produced in the J.W. Doe case, in direct violation of the J.W. Doe Protective Order. The confidential documents that J.W. Doe wrongfully seeks to use in this case are those which he is attempting to file pursuant to the Motion to Seal. The Archdiocese will address J.W. Doe's Objection in a separate opposition, but is compelled to object to the Motion to Seal at this time because if the Court grants the Motion to Seal, the Archdiocese's confidential documents will be wrongfully disclosed in violation of the J.W. Doe Protective Order.

The Motion to Seal should be denied for two (2) reasons:

---

[2] J.W. Doe is the Plaintiff in a separate lawsuit which the Debtor has removed to the United States District Court for the Eastern District, Case No. 2:20-cv-01321, *J.W. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans*.

{N4045483.2}  2

1. The mere filing of the Archdiocese's confidential documents under seal will result in the wrongful disclosure of such documents to persons not authorized under the express terms of the J.W. Doe Protective Order, including but not limited to Court personnel, the Official Committee of Unsecured Creditors and the Office of the United States Trustee.[3]

2. J.W. Doe's Objection and Motion to Seal is nothing more than an obvious attempt at an end run around the J.W. Doe Protective Order and a subterfuge to broach the confidentiality designations imposed by the J.W. Doe Protective Order by use of the documents in this proceeding. This is demonstrated by J.W. Doe's Objection, which argues for more than fourteen (14) pages the reasons J.W. Doe self-servingly contends the Archdiocese's confidential documents should not be confidential, instead of the merits of the actual motion at issue. Pursuant to the J.W. Doe Protective Order, the documents at issue must be maintained as confidential and can only be used in compliance with the protective order. Relief from the J.W. Doe Protective Order can only be sought in the J.W. Doe case. J.W. Doe cannot use such confidential documents in this case unless he first obtains relief from the J.W. Doe Protective Order in the J.W. Doe case.

Accordingly, the Court should deny J.W. Doe's Motion to Seal and prevent the unauthorized disclosure of the Archdiocese's confidential documents, which are subject to the J.W. Doe Protective Order.

---

[3] Counsel for the Archdiocese has had discussions with counsel for the Official Committee of Unsecured Creditors regarding an agreed upon protective order for documents produced in this bankruptcy proceeding, but no protective order has been entered or agreed upon as of this date.

## LAW AND ARGUMENT

I. **J.W. Doe's attempt to file in this Court the confidential documents of the Archdiocese, which are subject to the J.W. Doe Protective Order, is in direct violation of the protective order and should be denied.**

J.W. Doe's motion seeks to file under seal confidential documents the Archdiocese produced in discovery *pursuant to the J.W. Doe Protective Order* entered by Honorable Nakisha Ervin-Knott in the J.W. Doe case on March 12, 2020. The J.W. Doe Protective Order is attached hereto as Exhibit "A." The Archdiocese produced documents marked as "confidential" pursuant to the terms of the protective order. The J.W. Doe Protective specifically provides that "all such documents designated as 'Confidential' shall be treated as confidential for purposes of this Order." Exhibit A, J.W. Doe Protective Order. Further, *such information may only be used in connection with the J.W. Doe case and may not be used in any other case or proceeding*. Id. The J.W. Doe Protective Order provides in key part:

> Any documents designated as "Confidential" may be disclosed only to independent experts, consultants, and support personnel retained by the Parties for the purpose of this litigation; the Court and its staff; court reporters; deponents; and trial witnesses; and **such information may be used or disclosed only in connection with, or preparation for, the prosecution, defense, or appeal of this case and shall not be used or disclosed for any other purpose, including,** without limitation, any publicity, press release, marketing, research, or in any other context or **in any other legal case, lawsuit proceeding, or investigation**, or otherwise except as ordered by the Court.

Id.

J.W. Doe's attempt to use and disclose the Archdiocese's confidential documents in this bankruptcy proceeding is in direct violation of the terms of the J.W. Doe Protective Order. J.W.

Doe's attempts to file these documents under seal in this proceeding is not an authorized use of the documents under the J.W. Doe Protective Order and prohibited by the J.W. Doe Protective Order. Accordingly, the Court should deny J.W. Doe's Motion to Seal.

## II. The J.W. Doe Protective Order must be enforced by this Court pursuant to the *Rooker-Feldman* Doctrine.

This Court does not have the authority to modify the J.W. Doe Protective Order. The *Rooker-Feldman* doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citations omitted). In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States [trial] court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Jurisdiction to review valid state court judgments lies exclusively with the state courts and, ultimately, the United States Supreme Court. *Id*; *see also Carbonell v. La. Dep't of Health & Human Resources*, 772 F.2d 185, 188-89 (5th Cir. 1985). When issues raised in a federal court are "inextricably intertwined" with a state judgment and the court is "in essence being called upon to review the state-court decision," the court lacks subject matter jurisdiction to conduct such a review. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). Issues concerning the Archdiocese's confidentiality designations are inextricably intertwined with the J.W. Doe Protective Order. The Court lacks subject matter jurisdiction to conduct such a review pursuant to the *Rooker-Feldman* Doctrine. If J.W. Doe seeks relief from the J.W. Doe Protective Order, it must seek such relief before the Court in the J.W. Doe case, not this Court.

## CONCLUSION

For the foregoing reasons, the Archdiocese respectfully requests that the Court deny J.W. Doe's Motion to Seal and prevent the unauthorized disclosure of the Archdiocese's confidential documents, which are subject to the J.W. Doe Protective Order.

Dated: July 10, 2020

/s/ Mark A. Mintz
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: lashley@joneswalker.com

**ATTORNEYS FOR THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**