# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:** | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | Section "A" |
| Debtor.[1] | Chapter 11 |

**DEBTOR'S EXPEDITED MOTION TO STRIKE OBJECTION TO MOTION TO EMPLOY PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS AND REQUEST TO MAKE DOCUMENTS PUBLIC UNDER 11 U.S.C. § 107**

> **EXPEDITED RELIEF HAS BEEN REQUESTED. A TELEPHONIC HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 16, 2020, AT 1:30 P.M. THE DIAL-IN INFORMATION FOR SECTION A IS 1-888-684-8852; CONFERENCE CODE 9318283. IF YOU OBJECT TO THE RELIEF REQUESTED, OR YOU BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU MUST MAKE YOUR OBJECTION AT THE TELEPHONIC HEARING, OR FILE A WRITTEN OBJECTION BEFORE THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

{N4045824.7}

**NOW INTO COURT,** through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or the "**Archdiocese**"), who files this *Motion to Strike* (the "**Motion to Strike**") the *Objection of a Certain Abuse Victim-Survivor to the Debtor's Motion for Entry of an Order Authorizing the Debtor to Employ Professionals in the Ordinary Course of Business and Request to Make Documents Public under 11 U.S.C. § 107* (the "**Objection**") [ECF No. 224]. The Objection suffers from numerous procedural deficiencies, which evidence a complete disregard for this Court's rules and procedures, the Federal Rules of Bankruptcy Procedure, and the authority of other courts. For the following reasons, the Objection should be stricken from the record:

### Authority

1. The authority for the relief requested herein is § 105(a) of the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "**Bankruptcy Code**"), Rule 2019(e) of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), as well as, the Uniform Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Local Rules**") and General Order 2019-4 (the "**Complex Case Procedures**").

### Procedural Background

2. On May 1, 2020 (the "**Petition Date**"), the Archdiocese filed a voluntary petition for relief under the Bankruptcy Code (this "**Chapter 11 Case**").

3. The Archdiocese remains in possession of its property and is managing its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Official Committee of Unsecured Creditors (the "**Creditors' Committee**") was appointed on May 20, 2020 [ECF Nos. 94 and 114], as amended on June 10, 2020 [ECF No. 151].

**Factual Background**

5. J.W. Doe is the Plaintiff in a separate lawsuit that the Debtor has removed to the United States District Court for the Eastern District of Louisiana, Case No. 2:20-cv-01321, *J.W. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans.*

6. While the J.W. Doe case was still in state court, the Honorable Nakisha Ervin-Knott entered a protective order (the "**J.W. Doe Protective Order**"), attached hereto as **Exhibit "A."**

7. The J.W. Doe Protective Order provides that:

> Any documents designated as "Confidential" may be disclosed only to independent experts, consultants, and support personnel retained by the Parties for the purpose of this litigation; the Court and its staff; court reporters; deponents; and trial witnesses; and **such information may be used or disclosed only in connection with, or preparation for, the prosecution, defense, or appeal of this case and shall not be used or disclosed for any other purpose, including,** without limitation, any publicity, press release, marketing, research, or **in any other context or in any other legal case, lawsuit proceeding, or investigation**, or otherwise except as ordered by the Court.

*Exhibit A.*

8. The Archdiocese produced confidential documents pursuant to the J.W. Doe Protective Order, which among other things, specifically prohibits such confidential information from being used *in any other legal proceeding* other than the J.W. Doe case. *See Id.*

9. The protective order also limits the disclosure of such documents to those specifically named in the order, including the parties' experts and consultants, court staff, deponents, and witnesses in the J.W. Doe case. *Id.*

10. Counsel for J.W. Doe represent numerous plaintiffs in various tort cases involving the Archdiocese. *See Notice of Appearance and Request for Notices of Papers* [ECF No. 37].

11. Counsel for J.W. Doe, in emails to the Court, has complained that he does not understand bankruptcy procedure, and begs for the Court's forgiveness and legal advice instead of hiring competent counsel to advance his interests. On July 9, 2020, counsel for J.W. Doe filed his *Ex Parte Motion of A Certain Abuse Victim-Survivor for an Order Pursuant to Bankruptcy Code Sections 105(a) and 107 and Bankruptcy Rule 9018 Authorizing Partial Filing Under Seal* (the "Motion to Seal")[ECF No. 225]. There is no local rule that allows for the filing of the Motion to Seal ex parte. *See* LBR 9013-1(D). If a motion is filed ex parte, the Local Rules require that the movant inform the Court "whether consent to ex parte relief has been obtained from all interested parties, and if not, which parties have not consented to the relief." Counsel to J.W. Doe flouted this rule by glibly stating, "J.W. Doe is requesting that the Archdiocese consent to this Motion [to Seal] and proposed order." [ECF No. 225 at para. 11]. The first time that the Archdiocese learned that the Motion to Seal would be filed was upon its filing. Counsel for J.W. Doe did not request consent as required by the Local Rules.

12. Moreover, the Motion to Seal suggested that the Committee and the United States Trustee be served with the sealed documents in direct contradiction of the J.W. Doe Protective Order. On July 10, 2020, counsel for J.W. Doe inappropriately asked this Court for legal advice with regards to the documents he wished to disclose.

> Frankly, since I do not practice bankruptcy law, I would like some guidance as to whether I can provide these documents to the United States Trustee at the same time as I send to the Court and copy Mr. Mintz. I am not sure of the procedure.[2]

---

[2] Email from Soren Gisleson to Abigail Markowitz and Anna Mangham attached hereto as **Exhibit "B."**

{N4045824.7} 4

13. Shortly thereafter, in violation of the Protective Order, and without waiting for a court order, or a promised objection from the Debtor, J.W. Doe sent the sealed documents to Court personnel.[3] On July 12, 2020, counsel for J.W. Doe again revealed his lack of knowledge about bankruptcy court procedure when he asked the Court for legal advice on how to set an expedited hearing.[4] "Please advise us if we should file anything to have the Motion for Leave [sic] scheduled for contradictory hearing with oral argument."[5] Despite choosing to become involved in this bankruptcy proceeding, counsel for J.W. Doe has decided to remain willfully ignorant of the rules governing his conduct.

## Relief Requested

14. The Archdiocese requests that the Court strike the Objection in its entirety for its failure to comply with the Local Rules, the Complex Case Procedures, and the Bankruptcy Rules. Any one of the numerous procedural defects provides independent grounds for striking the objection, but taken together, they demonstrate an utter disregard for this Court's procedures and the independent authority of other courts.

## Basis for Relief

**A. The Objection Improperly Requests Relief that May Only Be Sought Through a Motion**

15. Although styled as an objection to the *Motion for Entry of an Order Authorizing the Debtor to Employ Professionals in the Ordinary Course of Business* [ECF No. 191], the

---

[3] Email from Soren Gisleson to Abigail Markowitz and Anna Mangham attached hereto as **Exhibit "C."**

[4] Email from Soren Gisleson to Abigail Markowitz and Anna Mangham attached hereto as **Exhibit "D."**

[5] It is unclear in this correspondence with the Court, which is entirely written in the first person plural, who Mr. Gisleson is representing.

Objection does not argue the actual merits of the motion at issue. Instead, the Objection spends fourteen pages rehashing supposed grievances with counsel for the Debtor and requesting that the Court unseal documents subject to the J.W. Doe Protective Order.

16. Even if such a request were properly before this Court—which it is not—for reasons discussed later in this Motion to Strike, relief from the J.W. Doe Protective Order must be sought through a properly noticed motion.

17. The Objection requests affirmative relief pursuant to Bankruptcy Code § 107 and an evidentiary hearing. Regardless of the title that J.W. Doe's counsel chooses to bestow on the Objection, this request is in fact and in substance a motion. *See* Bankruptcy Rule 9013 ("A request for an order . . . shall be by written motion").

18. The Objection's request for affirmative relief suffers from numerous deficiencies. *See* Local Rule 9013-1(B) (failure to provide twenty-one days' notice); 9013-1(C) (no request for expedited hearing); 9013-1(D) (improper ex parte motion); Complex Case Procedures III(B)-(E) (improper noticing and heading).

19. At a minimum, the Court is well within its right to strike the offending Objection for its numerous deficiencies. *Morrison v. Walker*, No. 1:13-cv-327, 2014 U.S. Dist. LEXIS 187234, *10-11 (E.D. Tex. Dec. 2, 2014) (striking pleadings for failure to include a proper certificate of conference and warning that "[t]he next violation will be met with harsher sanctions than just striking the offending document, including, but not limited to: dismissal of the lawsuit with prejudice"); *see also Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (unpublished) (per curiam) (a court's "discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad" and only the granting of a dispositive motion based on a failure to comply warrants heightened scrutiny); *In re King*, No. 06-40146, 2006 Bankr.

LEXIS 1416, *13 (Bankr. N.D. Ind. 2006) ("Ignorance of the court's local rules does not excuse failing to comply with them.").

20. Indeed, the repeated violation of the court's Local Rules borders on the willful, which could open up counsel for J.W. Doe to sanctions. See In re Depugh, 409 B.R. 125, 141 (Bankr. S.D. Tex. 2009 ("Only a violation of a requirement of form must be willful before the court may sanction the party; a court may sanction any other violation of its local rules even if nonwillful" (quoting Barbosa v. Cnty. of El Paso, No. 97-51098, 158 F.3d 584, 1998 U.S. App. LEXIS 39641, *6-7, at *2 n.1 (5th Cir. Sept. 8, 1998) (unpublished)).

21. This Court should treat the Objection as what it really is—a disguised motion to unseal documents. Because it does not comply with this Court's procedures for noticing and filing motions, it should be stricken from the record.

**B. The Objecting Attorneys Have Failed to Comply with Bankruptcy Rule 2019**

22. The Court should further strike the Objection because J.W. Doe's attorneys, who represent multiple claimants in this bankruptcy proceeding, have failed to comply with Bankruptcy Rule 2019.

23. Bankruptcy Rule 2019 provides that:

> In a chapter 9 or 11 case, a verified statement . . . shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another.

Fed. R. Bankr. P. 2019(b)(1).

24. "Bankruptcy Rule 2019 applies to attorneys that seek to represent more than one creditor or equity interest holder." *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 443, 452 (Bankr. S.D. Tex. 2009); *Muralo Co. v. All Defendants Listed on Exhibits A Through D to Complaint (In re*

*Muralo Co.)*, 295 B.R. 512, 524 (Bankr. D.N.J. 2003) ("Rule 2019(a) requires entities, including counsel, who would represent in a chapter 11 case more than one creditor, to file a verified statement listing those creditors.").

25. Rule 2019 is a "'disclosure provision' designed to ensure that lawyers involved in the Chapter 11 reorganization process adhere to certain ethical standards and approach all reorganization related matters openly and subject to the scrutiny of the court." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 165 (D.N.J. 2005); *see also In re CF Holding Corp.*, 145 B.R. 124, 126 (Bankr. D. Conn. 1992) ("The purpose of Rule 2019 is to further the Bankruptcy Code's goal of complete disclosure during the business reorganization process, and was designed to cover entities which, during the bankruptcy case, act in a fiduciary capacity to those they represent, but are not otherwise subject to the control of the court."). It is the height of irony for J.W. Doe to demand openness from the Archdiocese while at the same time eschewing the disclosures that apply to him.

26. The failure to comply with Rule 2019 is not a mere technicality. "[A]pplication of Rule 2019 prevent[s] conflicts of interest among Creditors' counsel from undermining the fairness of the Plan, bringing to bear the values of good faith and fairness in the reorganization process that pervade the bankruptcy code." *Baron & Budd, P.C.*, 321 B.R. at 167. Counsel for J.W. Doe is also counsel for another claimant, James Doe. J.W. Doe's attorneys have, in violation of the J.W. Doe Protective Order, used confidential information from that case to bolster their position in the cases of other plaintiffs that they represent. *See, James Doe v. The Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-cv-1338 [ECF No. 9-1 at p. 18] (attaching documents from the J.W. Doe case to a motion to remand pending before the Honorable Carl Barbier). The

{N4045824.7} 8

failure disclose his multiple representations prejudices the Archdiocese and other parties in interest.

27. Further, Rule 2019 expressly provides that the Court may sanction a failure to comply with its provisions:

> If the court finds such a failure to comply, it may:
>
> (A) *refuse to permit the entity, group, or committee to be heard or to intervene in the case*;
>
> (B) *hold invalid any authority, acceptance, rejection, or objection given, procured, or received by the entity, group, or committee*; or
>
> (C) *grant other appropriate relief*.

Fed. R. Bankr. P. 2019(e)(2) (emphasis added).

28. "The consequences of a purported agent's failure to comply with Bankruptcy Rule 2019 are largely a matter for the bankruptcy court's discretion." *N. Bay Gen. Hosp.*, 404 B.R. at 453. And courts have granted severe sanctions for failure to comply. *See, e.g.*, *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 89 B.R. 358 (Bankr. S.D.N.Y. 1988) (disallowing a proof of claim for failure to comply with Rule 2019); *In re Vestra Indus. Inc.*, 82 B.R. 21, 22-23 (Bankr. D.S.C. 1987) (precluding a party that failed to comply with Rule 2019 from representing multiple creditors in a chapter 11 case).

29. This bankruptcy case has been pending for over two months, yet J.W. Doe's attorneys have still not filed a verified statement pursuant to Bankruptcy Rule 2019. Without such disclosures, it is difficult for the Court and the Debtor to tell whether the Objection represents a

good faith attempt to represent the interests of J.W. Doe, or a procedural posture in an attempt to gain leverage for a select group of claimants in this Chapter 11 Case and related proceedings.[6]

30. At a minimum, this Court should refuse to permit J.W. Doe's attorneys to participate further in this case, including by filing and arguing the Objection, until they have complied with Rule 2019.

### C. The Objection Is Nothing More Than an Attempted End Run Around the State Court Protective Order

31. The Objection is nothing more than an obvious attempt to circumvent the J.W. Doe Protective Order, originally entered by the state court prior to removal to the district court, which is not allowed under the *Rooker-Feldman* doctrine.

32. Issues concerning the production and unsealing of these documents are inextricably intertwined with the J.W. Doe Protective Order. This Court lacks jurisdiction to conduct such a review pursuant to the *Rooker-Feldman* Doctrine. Jurisdiction regarding the J.W. Doe Protective Order now lies with the district court in the matter, entitled *J.W. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al*, Case No. 2:20-cv-01321, Section T-5, United States District Court, Eastern District of Louisiana. If J.W. Doe seeks relief from the J.W. Doe Protective Order, it must seek such relief before the district court in the J.W. Doe case, not this Court.

### Notice

33. Notice of this Motion has been provided to the parties identified in this Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], including: (a) creditors who claim to hold security interests or liens, including Hancock

---

[6] This question is more than mere speculation, as shown by the filings in the James Doe case referred to *supra*.

Whitney Bank, KS State Bank, and Dell Financial Services LP, together with any of their known counsel; (b) the Archdiocese's twenty (20) largest unsecured creditors, together with any of their known counsel; (c) the creditors appointed to serve on the Creditors' Committee, together with any counsel for the Creditors' Committee; (d) all parties who have requested special notice pursuant to Bankruptcy Rule 2002, together with any of their known counsel; (e) the Office of the United States Trustee for the Eastern District of Louisiana; and (f) all applicable governmental agencies to the extent required by the Bankruptcy Rules and Local Rules, together with any of their known counsel. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## Conclusion

**WHEREFORE**, the Archdiocese respectfully requests that the Court issue an order an order striking the improperly filed Objection and for such other relief as the Court may deem just and proper.

**Dated:** July 13, 2020

Respectfully submitted,

/s/ Mark A. Mintz
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
LUCAS H. SELF (#37301)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: lashley@joneswalker.com
Email: lself@joneswalker.com

**ATTORNEYS FOR THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**