UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-10846 |
| | * | |
| THE ROMAN CATHOLIC CHURCH | * | CHAPTER 11 |
| FOR THE ARCHDIOCESE OF | * | |
| NEW ORLEANS | * | SECTION A |
| | * | |
| DEBTOR | * | |

**************************************

## MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY SECURED CLAIM WITH INCORPORATED MEMORANDUM

NOW INTO COURT, through undersigned counsel, comes Couhig Partners, LLC ("Couhig") who moves this court to authorize The Roman Catholic Church for the Archdiocese of New Orleans ("Debtor") to pay Couhig's secured claim for attorney fees, for the following reasons.

### I. JURISDICTION

1.

On May 1, 2020, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Eastern District of Louisiana.

2.

This Court has jurisdiction over the matters presented herein, which are core in nature, pursuant to 28 U.S.C. § 157, and 28 U.S.C. §1334.

### II. FACTUAL BACKGROUND

3.

On or about October 4, 2012, Couhig and Debtor entered into an attorney-client engagement agreement ("Engagement Agreement") whereby Couhig agreed to represent Debtor in its damages claim against BP Exploration & Production, Inc. ("BP") regarding the Oil Spill by

the Oil Rig "Deepwater Horizon."[1] This Engagement Agreement included an attorney fee agreement provision which provided that Couhig shall receive a percentage of all sums awarded on Debtor's Deepwater Horizon claim.

4.

Couhig negotiated and obtained a settlement ("Confidential Settlement Agreement") on behalf of Debtor for its economic and property damages claim against BP. A Confidentiality Order was issued by Judge Carl J. Barbier for the U.S. District Court for the Eastern District of Louisiana on August 19, 2016, pertaining to any settlement reached in the Deepwater Horizon case. Without disclosing in full the terms of the Confidential Settlement Agreement, Couhig provides the following details regarding the structure of the settlement disbursement. Under the terms of the Engagement Agreement and on account of the Confidential Settlement Agreement, Debtor is to receive eight periodic payments ("Settlement Payments") which are to be distributed on January 15th and July 15th of each year beginning with the first payment due on July 15, 2018 and the last payment due on January 15, 2022. The Settlement Payments are sent to Couhig's IOLTA Trust Account along with payments for one other case Couhig handled as attorney. Couhig then disburses to each client, including the Debtor, the client's portion of the Settlement Payments less Couhig's attorney fee.

---

[1] When Couhig entered into the Engagement Agreement with Debtor, Susan A. Zeringue was "Of Counsel" to the firm. Pursuant to Couhig's agreement with Susan Zeringue, she was entitled to 40% of Couhig's fee. Ms. Zeringue is in no longer "Of Counsel" to Couhig. Pursuant to Couhig's agreement with her, she is entitled to 40% of Couhig's fee. Ms. Zeringue is currently general counsel of the Debtor.

5.

As part of the Engagement Agreement between Couhig and Debtor, Couhig is to receive attorney fees of a fixed percent[2] of each structured Confidential Settlement Payment made to the Debtor beginning July 15, 2018 and ending January 15, 2022. Couhig's fee is $125,000.00 for each structured payment. From July 15, 2018 through January 15, 2020 Couhig has received the structured Settlement Payments and disbursed to the Debtor its portion of the proceeds while retaining the attorney fee. Couhig now claims it is due a payment of $125,000.00 for July 15, 2020, and then periodic payments thereafter on January 15, 2021, July 15, 2021, and January 15, 2022.

### III. COUHIG'S CLAIM IS SECURED AND AFFORDED A SPECIAL PRIVILEGE UNDER LSA-R.S. 37:218

6.

Couhig's written Engagement Agreement with Debtor affords Couhig an "interest" in the Deepwater Horizon Settlement claim and a privilege on the recovery obtained by the settlement. *See Calk v. Highland Constr. & Mfg.*, 376 So.2d 495, 499 (La. 1979). In *Calk*, the Louisiana Supreme Court cited LSA-R.S. 37:218 in finding that the attorney's written contract with its client gave rise to a privilege on the settlement proceeds. *Id*. No recordation of the written agreement is necessary to be effective. *Id*. For an attorney to succeed on his claim he must assert his claim by intervening or other legal proceeding prior to disbursement of the proceeds to a third party. *Id* citing to *Selly v. Watson*, 210 So.2d 113 (La.App. 1st Cir. 1968). See also *Richards v. La. Citizens Prop. Ins. Corp.*, 623 F.3d 241, 247 (5th Cir. 2010) (citing to *Calk*). ("The statute explains that an

---

[2] Couhig is not including the percentage, since doing so would allow a calculation of the amount of the Confidential Settlement Payment. However, Couhig's fee percentage is lower than the percentage regularly allowed by this Court and the contingency fee amounted permitted by Judge Barbier in the BP settlement program.

attorney may secure an interest in litigation for which he has been retained and that such interest effectively trumps all other interests relevant here.").

7.

Louisiana Revised Statute 37:218 provides that the attorney's interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws.

8.

Couhig asserts its secured claim in these bankruptcy proceedings and requests the court to authorize Couhig upon receipt of the structured settlement payments (received on 7/15/2020 and to be received on 1/15/2021, 7/15/2021, and 1/15/2022) to disburse the Debtor's settlement proceeds to the Debtor-in-possession and to retain as attorney fees the fixed-fee percentage as agreed under the Engagement Agreement which amounts to $125,000.00 for each structured settlement payment.

WHEREFORE, Couhig, Couhig Partners, LLC prays that after all legal delays and a hearing on this matter, this motion be granted and Couhig be authorized to disburse to Debtor-in-Possession the settlement proceeds from the Deepwater Horizon Economic and Property Damages Settlement and for Couhig to retain the contractually agreed upon attorney fee from the settlement proceeds, and for all further just and equitable relief as the court deems proper.

Respectfully submitted,

*/s/ Eric J. Derbes*
ERIC J. DERBES (23464)
DAVID M. SERIO (34760)
**THE DERBES LAW FIRM, L.L.C.**
3027 Ridgelake Drive
Metairie, LA 70002
Phone: (504) 837-1230
Facsimile: (504) 832-0323

*Attorneys for Couhig Partners, LLC*

*Attorneys for Couhig Partners, LLC*