**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** | |
| | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | Section "A" |
| | Chapter 11 |
| Debtor. | |

## DECLARATION AND DISCLOSURE STATEMENT OF MARC EHRHARDT, ON BEHALF OF THE EHRHARDT GROUP

Pursuant to 28 U.S.C. § 1746, I, Marc Ehrhardt, declare:

1. I am a President of the Ehrhardt Group located at 1100 Poydras Street, Suite 1325, New Orleans, LA 70163 (the "**Firm**").

2. The above-captioned debtor and debtor in possession (the "**Debtor**") has requested that the Firm provide corporate communications services to the Debtor, and the Firm has consented to provide such services (the "**Services**").

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this Chapter 11 Case, for persons that are parties in interest in the Chapter 11 Case.

4. The Firm HAS provided Services to the Debtor prior May 1, 2020 (the "**Petition Date**").

5. The Firm, through myself and other professionals and paraprofessionals of the Firm, has provided certain corporate communications consulting to the Debtor with respect to various aspects of communications of the Debtor's business.

6. The Debtor has requested, and the Firm has agreed, to continue to provide services to the Debtor pursuant to section 327 of Title 11 of the United States Code (the "**Bankruptcy Code**") with respect to such matters. Additionally, the Debtor has requested, and the Firm proposes, to render the following services to the Debtor.

7. These services include but are not limited to communications consulting, media engagement and coordination, content creation and marketing evaluation.

8. The Firm's current customary rates are $10,000 monthly fee. In the normal course of business, the Firm revises its regular rates on January 1st of each year and requests that, effective January 1st of each year, the aforementioned rates be revised to the regular rates which will be in effect at that time.

9. In the past year, the Firm has rendered services to the Debtor for which the Debtor has been invoiced in the amount of **$60,000,** and for which the Debtor has not been invoiced in the amount of $0. The Firm has agreed to waive all unpaid amounts for services rendered prior to the Petition Date. Additionally, since the Petition Date, the Firm has provided services to the Debtor that has not yet been billed or that have been billed but for which payment has not been received. The value of such services does not exceed $0.

10. Except as set forth herein, no promises have been received by the Firm as to compensation in connection with the Chapter 11 Case other than in accordance with the Bankruptcy Code. the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the

{N4045264.1}  3

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Louisiana and any orders of this Court.

11. As of the Petition Date, the Firm **was not** party to an agreement that provides for indemnification.

12. The Firm understands that the Firm shall not be entitled to indemnification, contribution, or reimbursement for services provided under an agreement other than those described in such an agreement, unless such services and indemnification therefor are approved by the Court.

13. The Firm understands that notwithstanding anything to the contrary in an agreement, the Debtor shall have no obligation to indemnify the Firm, or provide contribution or reimbursement to the Firm, for any claim or expense related to such an agreement that is either: (i) judicially determined (the determination having become final) to have arisen from the Firm's gross negligence or willful misconduct, fraud. bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtor alleges the breach of the Firm's contractual obligations under an agreement; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which the Firm should not receive indemnity, contribution, or reimbursement under the terms of an Agreement as modified by the Court's Order.

14. The Firm and its professionals may have in the past, currently, and may in the future provide services to entities that are creditors of the Debtor in matters totally unrelated to the matters with respect to which the Firm **is** to be engaged by the Debtor. However,

{N4045264.1}  4

neither I, the Firm, nor any professional thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in the matters upon which the Firm is to be engaged.

15. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor or other parties in interest in this Chapter 11 Case.

16. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person, other than the principals and regular employees of the Firm.

17. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described in this declaration, the Firm will supplement the information contained in this Declaration.

18. The Firm understands that Debtor's counsel will file this Ordinary Course Declaration with this Court and serve a copy on: (i) the Office of the United States Trustee for the Eastern District of Louisiana (the "**U.S. Trustee**"); and (ii) attorneys for any statutory committee appointed in this Chapter 11 Case (the "**Reviewing Parties**").

19. The Firm understands that the Reviewing Parties and parties in interest will have **<u>ten (10) days</u>** after service of this Ordinary Course Declaration (the "**Objection Deadline**") to serve upon the Debtor, the other Reviewing Parties, and the Firm a written objection to the retention, employment, or compensation of the Firm, based upon the contents of the Ordinary Course Declaration.

20. The Firm understands that if no objection is served by the Objection Deadline, the retention, employment, and compensation of the Firm will be deemed approved, pursuant to §§ 327 and 328 of the Bankruptcy Code, without the need for a hearing and without further order of the Court; **provided, however,** if an objection is served by the Objection Deadline and such objection cannot be resolved within **twenty (20) days**, the Debtor will schedule the matter for a hearing before the Court.

21. The foregoing constitutes the statement of the Firm pursuant to Bankruptcy Code sections 329 and 504 and Bankruptcy Rule 2014.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: July 22, 2020

By: /s/ Marc Ehrhardt
Marc Ehrhardt
1100 Poydras Street
Suite 1325
New Orleans, LA 70163
marc@tegpr.com