IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**,<br><br>Debtor. [1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**THE OFFICIAL CREDITOR'S COMMITTEE'S APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 1103(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING RETENTION OF DR. JON R. CONTE AS EXPERT CONSULTANT ON SEXUAL ABUSE AND EXPERT WITNESS EFFECTIVE AS OF AUGUST 4, 2020**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 17, 2020, AT 1:30 P.M. BY TELEPHONE THROUGH THE DIAL-IN FOR SECTION A 1-888-684-8852; CONFERENCE CODE 9318283**. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

The official committee of unsecured creditors in this case appointed by the United States Trustee (the "Committee") hereby submits its application (the "Application") for entry of an order, pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules"), authorizing the retention of Jon R. Conte, Ph.D. ("Dr. Conte") as an expert consultant on sexual abuse and expert witness effective as of August 4, 2020. In support of the

Application, the Committee submits the Declaration of Dr. Conte (the "Conte Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Code sections 1103(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1.

### Background

3. On May 1, 2020 (the "Petition Date"), the Debtor commenced its chapter 11 case (the "Case") by filing a voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate as a debtor in possession.

4. On May 26, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee.

### Relief Requested

5. By this Application, the Committee requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, pursuant to sections 1103(a) and 328(a)

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

83491971v.1

of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing the Committee to employ and retain Dr. Conte to provide expert consulting services and expert witness services to the Committee effective as of August 4, 2020, in accordance with the terms and conditions set forth herein. Dr. Conte's Curriculum Vitae is set forth in **Exhibit C** attached hereto.

6. The Committee proposes to retain Dr. Conte for the purpose of providing the expert consulting and testimony services described below. For the reasons set forth herein, the Committee submits that the relief requested in this Application is in the best interests of the Committee, survivors of childhood sexual abuse, and the Debtor's estate, and, therefore, should be granted.

### Services to be Rendered

7. The Committee seeks to retain Dr. Conte for the purpose of providing the following services (collectively, the "Services"):

   a. expert consulting services and expert testimony regarding notice and information procedures relating to claims of sexual abuse victims in this Case;

   b. expert consulting services and expert testimony regarding the form of sexual abuse proof of claim forms;

   c. expert consulting services and expert testimony in connection with the Debtor's *Ex Parte Motion for an Order Establishing Deadlines for Filing Proofs of Claims; Approving Proof of Claim Form; and Approving Form and Manner of Notice Thereof* (the "Bar Date Motion") and any contested matters and/or litigation arising in this Case as reasonably requested by the Committee;

   d. expert consulting services and expert testimony in the review and evaluation of reports prepared by the Debtor and its professionals;

   e. as may be requested by the Committee, assisting with the preparation of affidavits/declarations, depositions, and briefing in this Case concerning

     the issues for which Dr. Conte is providing expert consulting services and expert testimony;

  f.  preparing for and providing both deposition and court testimony in this Case regarding the issues for Dr. Conte is providing expert consulting services and expert testimony; and

  g.  such other consulting and advisory services as may be requested by the Committee.

8. Dr. Conte will coordinate and work with estate professionals in order to minimize any duplication of services on behalf of the Committee.

### Basis for Relief

9. The Debtor has purported to have commenced this case to address sexual abuse claims with the espoused goal of paying allowed claims in full. The actual number of sexual abuse claims is unknown but likely to be greater than those identified to date. It is essential that the claims notice process and claims procedures be appropriately geared to reach potential sexual abuse survivors by taking into account the unique psychological obstacles faced by many to their disclosure of abuse and filing of a proof of claim. Dr. Conte has extensive experience on the impact of childhood sexual abuse on individuals and on what constitutes fair notice to potential abuse survivors. The Committee seeks to retain Dr. Conte to provide expert consultation to the Committee regarding the claims noticing process and procedures, the form of sexual abuse proof of claim, and other matters that arise in this Case unique to holders of sexual abuse claims including, without limitation, review, analysis, and consultation in connection with reports prepared by abuse and claim experts retained by the Debtor and deposition and expert testimony in connection with those matters.

10. It is necessary and essential that the Committee employ an expert consultant and witness to render the foregoing Services. In light of the unique nature of the claims of sexual abuse victim survivors in this Case, the Committee requires the services of an expert who can enable the Committee to adequately assess issues concerning sexual abuse survivors, whose claims this case was purportedly initiated to address. Dr. Conte is well-qualified to provide the Services in a cost-effective, efficient, and timely manner. As described in his Curriculum Vitae and more fully in the Conte Declaration, Dr. Conte has extensive experience in the matters for which he will be engaged by the Committee. Accordingly, Dr. Conte is well-qualified to perform the Services and assist the Committee in this Case.

### Disclosure of Connections

11. To the best of the Committee's knowledge, as set forth in the Conte Declaration, Dr. Conte does not have an actual conflict with any of the Debtor's creditors, and Dr. Conte has no connection to the Debtor, its creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court in this District except as set forth in the Conte Declaration. As set forth in the Conte Declaration, to the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise, Dr. Conte will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Professional Compensation**

12. Dr. Conte intends to seek compensation for services rendered and expenses incurred in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable Orders of the Court.

13. The Committee proposes to compensate Dr. Conte for services rendered at the hourly rates in effect from time to time and to reimburse Dr. Conte for his actual costs and expenses. Dr. Conte's current standard hourly rate, subject to change from time to time, is $575. As set forth in the Conte Declaration, Dr. Conte estimates that his fees in connection with the Bar Date Motion will range between $12,000 and $15,000.

14. As set forth in the Conte Declaration, Dr. Conte believes, and the Committee agrees, that the foregoing compensation arrangements are (a) reasonable, (b) market-based, and (c) merited by Dr. Conte's extensive knowledge and experience in the matters for which he is being retained.

15. As more fully described in the Conte Declaration, Dr. Conte is not a prepetition creditor of the Debtor. No promises have been received by Dr. Conte as to compensation or payment in connection with this retention other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court. Dr. Conte has no agreement with any non-affiliated person or entity to share with such entity any compensation received in connection with this retention except as set forth in the Conte Declaration.

83491971v.1

**Applicable Authority**

16. To assist a committee with its statutory rights and duties under section 1103(c) of the Bankruptcy Code, a committee may retain experts and consultants. *See* 11 U.S.C. §§ 328(a) and 1103(a); *see also In re Motors Liquidation Co.*, Case No. 09-50026 (Apr. 30, 2010) [Dkt. No. 5683] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of asbestos liabilities under sections 328 and 1103 of the Bankruptcy Code); *In re SFX Entertainment, Inc.*, Case No. 16-10238 (Sept. 27, 2016) [Dkt. No. 1068] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of the business pursuant to a plan of reorganization).

17. Bankruptcy Rule 2014 requires that an application for retention of a professional person include:
> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

18. Based on the foregoing and as further supported by the Conte Declaration, the Committee believes that the retention of Dr. Conte to provide expert consulting and witness services is necessary and appropriate, and in the best interests of the Committee, the estate, and its creditors.

83491971v.1

## Notice

19. The Committee will provide notice of this Application to counsel for the Debtor and the parties set forth on the Master Service List maintained by the Debtor. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Previous Request

20. No previous request for the relief sought herein has been made by the Committee to this Court or any other court.

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court enter an order granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: August 24, 2020

Respectfully submitted,

*/s/ C. Davin Boldissar*
Omer F. Kuebel, III (La #21682)
C. Davin Boldissar (La. #29094)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Facsimile: (504) 558-5200
Email: dboldissar@lockelord.com

James I. Stang (CA Bar No. 94435)
Linda F. Cantor (CA Bar No.153762)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

*Co-Counsel to the Official Committee of Unsecured Creditor*

83491971v.1

## CERTIFICATE OF SERVICE

       I hereby caused a true and correct copy of the foregoing Application to be served on August 24, 2020 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Special Notice List as defined and required under the Court's May 1, 2020 *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* via first-class United States mail, postage prepaid, to be sent on August 25, 2020.

                                                                           */s/ C. Davin Boldissar*
                                                                           C. Davin Boldissar

83491971v.1