**<u>Exhibit A</u>**

**(Conte Declaration)**

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**,<br>　　　　　　　　　　Debtor. [1] | Case No. 20-10846<br><br>Section "A"<br><br>**Chapter 11** |

**DECLARATION OF JON R. CONTE IN SUPPORT OF THE OFFICIAL CREDITORS' COMMITTEE'S APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 1103(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING RETENTION AS EXPERT CONSULTANT ON SEXUAL ABUSE AND EXPERT WITNESS EFFECTIVE AS OF AUGUST 4, 2020**

I, Dr. Jon R. Conte, make this Declaration under 28 U.S.C. § 1746:

1. I am an individual over the age of 21 years and suffer no disability that would interfere with my ability to testify truthfully to the matters set forth herein.

2. I submit this declaration ("Declaration") in support of the Application ("Application")[2] of the official committee of unsecured creditors for entry of an order, pursuant to sections 328(a), 330 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing my employment to provide consulting and expert witness services to the Committee effective as of August 4, 2020. . The statements set forth below are based upon my personal knowledge.

3. I am a Professor Emeritus in the School of Social Work at the University of Washington in Seattle, Washington and Director of the Joshua Center on Child Sexual

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

Abuse Prevention at the University. My academic Curriculum Vitae is attached to the Application as **Exhibit C**.

4. I have almost four decades in the study of childhood sexual abuse, am published in that area and have trained multidisciplinary audiences on various aspects of childhood sexual abuse, including issues in forensic practice nationally and internationally. My early research on the effects of childhood sexual abuse was funded by the National Institute of Mental Health and began a career-long interest in childhood sexual abuse; especially the harms and damages resulting from childhood sexual abuse on children, youth and adults. For a number of years I maintained a private psychotherapy practice specializing in the treatment of victims of childhood sexual abuse.

5. Over the course of my career, I have served on a Panel on Child Abuse and Neglect at the National Academy of Sciences; on a research review committee at the National Institute of Mental Health; was the founding President of the American Professional Society on the Abuse of Children; was on the Board of Councilors of the International Society for the Prevention of Child Abuse and Neglect; and served on State and local committees in Illinois, Washington, and Kentucky.

6. I am the founding Editor and currently serve as the Editor of two scientific journals which publish research on various aspects of interpersonal violence: the <u>Journal of Interpersonal Violence</u> and the journal <u>Trauma, Violence, and Abuse</u>. I am generally aware of the research on various aspects of childhood sexual abuse. I have coauthored four manuscripts in the last 12 months. All manuscripts have been based on a review of extensive research on various issues surrounding childhood sexual abuse.

2

7. I have been retained and testified as an expert over one hundred and sixty times in Washington, Oregon, California, Arizona, Colorado, Delaware, Nebraska, New Hampshire, Florida, South Carolina, and British Columbia Canada. I have previously served as an expert to Creditors' Committees in the Bankruptcies of the Archdioceses of Portland and Milwaukee, and in the Boy Scouts of America. A partial list of my expert testimony is attached as Appendix 1 to my Curriculum Vitae.

8. On August 4, the Committee, subject to Court approval, retained me to provide expert consulting and testimony services as described below and in the Application.

9. I will provide the following services to the Committee (the "Services"):

a. expert consulting services and expert testimony regarding notice and information procedures relating to claims of sexual abuse victims in this Case;

b. expert consulting services and expert testimony regarding the form of sexual abuse proof of claim forms;

c. expert consulting services and expert testimony in connection with the Debtor's *Ex Parte Motion for an Order Establishing Deadlines for Filing Proofs of Claims; Approving Proof of Claim Form; and Approving Form and Manner of Notice Thereof* (the "Bar Date Motion") and any contested matters and/or litigation arising in this Case as reasonably requested by the Committee;

d. expert consulting services and expert testimony in the review and evaluation of reports prepared by the Debtor and its professionals;

e. as may be requested by the Committee, assisting with the preparation of affidavits/declarations, depositions and briefing in this Case concerning the issues I am providing expert consulting services and expert testimony;

f. preparing for and providing both deposition and court testimony in this Case regarding the issues for which I am providing expert consulting services and expert testimony; and

g. such other consulting and advisory services as may be requested by the Committee.

3

10. I will coordinate and work with estate professionals in order to minimize any duplication of services on behalf of the Committee.

11. I understand that section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a) on proposed professionals to an official committee of unsecured creditors. However, I also understand that Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtors, their estates, professionals, and the U.S. Trustee.

12. In connection with my proposed retention by the Committee, I undertook to determine whether I had any conflicts or other connections that might cause me to hold or represent an interest adverse to the Committee with respect to the matters on which I am to be employed. I obtained from the Committee a conflicts checklist with the names of individuals and entities to be reviewed ("Potential Parties in Interest"). The categories of the Potential Parties in Interest that I reviewed include: the Debtors, their affiliates, lenders, litigation parties, committee members and their counsel, governmental – regulators, insurers, contract parties, professionals that provide services to the Debtor, major utility providers, bondholders, contract parties, U.S. Trustee and the Judge.

13. In preparing this Declaration, I have reviewed my connections with the Potential Parties in Interest. Based on this review, to the best of my current knowledge and except as otherwise set forth herein, I do not have an actual conflict of interest with any of the Potential Parties in Interest. I have no connection to the Debtor, its creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee or any

4

person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Eastern District of Delaware, except as follows:

(a) I have consulted with creditors' committees in bankruptcy cases against chapter 11 debtors including the following cases whose committees were represented by Pachulski Stang Ziehl & Jones LLP, counsel for the Committee in this Case: Archdiocese of Portland, the Archdiocese of Milwaukee, and The Boy Scouts of America.

14. In addition, I have evaluated thousands of survivors of sexual abuse during my professional career and may in the future evaluate individuals, certain of whom may be creditors of the Debtor or survivors of sexual abuse in this Case.

15. I do not believe that the foregoing connections create an actual conflict of interest. Further, I believe I hold no adverse interest to the Committee or the estate in the matters for which I am being retained.

16. If, at any time during the course of this Case, I learn of any representation which may give rise to a conflict, I will promptly file with the Court an amended declaration identifying and specifying such involvement.

17. I will apply to the Court for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Orders of the Court.

18. My current standard hourly rate, subject to change from time to time, is $575. I estimate that my fees in connection with the Bar Date Motion will range between $12,000 and $15,000.

19. I am not a prepetition creditor of the Debtor. To the best of my knowledge, (a) I have received no promises as to compensation or payment in connection with this retention other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court and (b) I have no agreement with any non-affiliated person or entity to share with such entity any compensation received in connection with this retention.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 21st day of August, 2020 in Langley, WA.

*Jon R. Conte*

Jon R. Conte, Ph.D.