**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | Section "A" |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER CONCERNING COMMUNICATIONS WITH CREDITORS**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 17, 2020, AT 1:30 P.M. BY TELEPHONE THROUGH THE DIAL-IN FOR SECTION A 1-888-684-8852; CONFERENCE CODE 9318283. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor" or "Archdiocese") hereby moves this Court (the "Motion") for the entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide access to confidential or privileged information to creditors. In support of the Motion, the Committee respectfully states as follows:

83403372v.3

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 107(b), and 1102 of the Bankruptcy Code.

## BACKGROUND

4. On May 1, 2020 (the "Petition Date"), the Archdiocese filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

5. The Archdiocese remains in possession of its property and is managing its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Official Committee of Unsecured Creditors was appointed on May 20, 2020 [ECF Nos. 94 and 114], and was reconstituted on June 10, 2020 [ECF No. 151].

## INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

7. The Committee files this Motion seeking entry of an order clarifying the Committee's obligations as to communications with creditors under Section 1102 of the Bankruptcy Code. Specifically, the requested order, similar to that entered in many other Chapter 11 cases, clarifies that confidential information will not be provided to creditors except under the specific conditions set forth in the order.

## RELIEF REQUESTED

8. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide

access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

9. The lack of specificity in section 1102(b)(3)(A) has created issues for debtors and creditors' committees in other cases. Typically, a debtor and other parties will share with a creditors' committee various information that is asserted to be confidential, non-public and/or proprietary information (the "Confidential Information").[1] Creditors' committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan. Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor. In this case, the parties have already entered into a Protective Order [Docket #305] (the "Protective Order") governing the use and designation of certain Confidential Information.[2]

---

[1] For purposes of this Motion, the term "Confidential Information" shall mean information that is asserted to be confidential, non-public and/or proprietary information and includes non-public financial information, trade information and other confidential research, development, marketing, pricing, financial information, or proprietary commercial information, or contains sensitive, private, non-public, or personal information., and shall include without limitation all information marked or designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order [Docket #305] as defined above.

[2] As used herein, "Confidential Information" refers to information that is asserted to be confidential; however, the Committee reserves all rights (as set forth under the Protective Order and elsewhere) to challenge the designation of material as confidential, and the use of the term "Confidential Information" is not a waiver or acknowledgment that any particular documents or materials are properly designated confidential.

3

83403372v.3

10. Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege or doctrine). Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information (collectively, the "<u>Privileged Information</u>").[3] Clearly, any obligation to disseminate Privileged Information could hamstring the Committee counsel's ability to effectively communicate with and advise the Committee.

11. Following orders entered in numerous other cases, in this case, and to be consistent with the Protective Order, the Committee submits that the requested order is appropriate to clarify obligations under Section 1102. The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable). *See* 17 C.F.R. §§ 243.100 to 243.103 (2005). The Committee submits that the relief requested herein is appropriate and consistent with the Protective Order, Sections 105(a) and 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, among other provisions.

---

[3] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party.

12. The relief sought by the Committee is not only for the benefit of the Debtor's estate and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process.

13. Accordingly, bankruptcy courts within the Fifth Circuit that have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g.*, *In re EP Energy Corp.*, Case No. 19-35654 (Bankr. S.D. Tex. Feb. 5, 2020); *In re Sanchez Energy Corp.*, Case No. 19-34508 (Bankr. S.D. Tex. Nov. 15, 2019); *In re iHeartMedia, Inc.*, Case No. 18-31274 (Bankr. S.D. Tex. May 15, 2018).

14. In order to carry out its statutory reporting obligations in an orderly manner, the Committee proposes the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

   a. Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

   b. Information Obtained Through Discovery. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery and by the Protective Order. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

5

    c. <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or the Protective Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information, subject to the requirements of the Protective Order. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an <u>in camera</u> review.

15. The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected creditors.

16. The Committee, through its proposed counsel, will also expand and maintain the website authorized under Paragraphs 16 and 20 of this Court's previous October 1, 2020 *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing for Confidentiality Protocols; and Approving Form and Manner of Notice* [Docket #461]. For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep

6

creditors informed by directing them to a website to make non-confidential and non-privileged information available to unsecured creditors. The Committee website will contain links to the Court's CM/ECF website and posts of relevant pleadings, and will provide creditors with the information necessary to email or contact Committee counsel. Further, in order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtor's logo on the website during the period that these chapter 11 cases are active.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an order granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: November 25, 2020

Respectfully submitted,

*/s/ C. Davin Boldissar*
Omer F. Kuebel, III (La #21682)
C. Davin Boldissar (La. #29094)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Facsimile: (504) 558-5200
Email: dboldissar@lockelord.com

-and-

James I. Stang (CA Bar No. 94435)
Linda F. Cantor (CA Bar No.153762)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

*Co-Counsel to the Official Committee of Unsecured Creditors*

7

83403372v.3

**CERTIFICATE OF SERVICE**

   I hereby caused a copy of the foregoing *Motion* to be served on November 25, 2020 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* through the Master Service List via first-class United States mail, postage prepaid, to be sent on November 25, 2020.


                */s/ C. Davin Boldissar*
                C. Davin Boldissar