**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** | **CASE NO. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | **SECTION "A"** |
| | **CHAPTER 11** |
| **Debtor.** | |

**UNITED STATES TRUSTEE'S OBJECTION TO THE**
**FIRST INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP**

**NOW INTO COURT,** comes David W. Asbach, Acting United States Trustee for Region 5, by and through undersigned counsel, who objects to the "First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Official Committee of Unsecured Creditors for the Period of May 22, 2020 through September 30, 2020" [P-571] (the "First Fee Application"). The First Fee Application seeks approval of $900,175.50 in fees and $6,859.09 in expenses incurred over a period of approximately five months. For the reasons set forth below, the United States Trustee objects to the allowance of fees in the amount of at least $6,920 and calls upon the applicant to justify the remaining fees as necessary and beneficial.

**STANDING AND JURISDICTION**

1. The U.S. Trustee is an official of the United States Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases in this district. 28 U.S.C. § 581(a)(6).

2. Congress has expressly authorized United States Trustees to review, comment upon, and object to fee applications filed by bankruptcy professionals where appropriate. 28 U.S.C. § 586(a)(3)(A); 11 U.S.C. § 307 and § 330(a)(2).

3. The Bankruptcy Court also has a duty to examine the First Fee Application to "allow only reasonable compensation for actual, necessary services." *In re Kitchen Lady, Inc*., 144 B.R. 544, 546 (Bankr. M.D. Fla. 1992). *See also In re Ridgeway*, No. 16-10643, 2018 WL 1116531 at *3 fn. 5 (Bankr. E.D. La. Feb. 27, 2018) ("[T]he court has an independent duty to review fee applications.")

4. Applying this guidance, the U.S. Trustee submits the following comments and objections to the First Fee Application.

## BACKGROUND

5. The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 1, 2020 (the "Petition Date").

6. On May 20, 2020, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). [P-91].

7. The Committee filed an application to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as co-counsel for the Committee.[1] [P-181]. The Committee sought to employ PSZJ to provide legal services and assist the Committee in fulfilling its statutory duties under the Bankruptcy Code. *Id*.

8. On July 17, 2020 the Court granted the application to employ PSZJ by "Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Official Committee of Unsecured Creditors." [P-257].

---

[1] The Committee also filed an application to employ Locke Lord LLP as co-counsel to PSZJ [P-179], which was approved on July 17, 2020. [P-256].

9. On November 25, 2020, PSZJ filed its First Fee Application seeking compensation and reimbursement of expenses. [P-571]. PSZJ seeks $900,175.50 in professional fees and $6,859.09 in expenses for services between May 22, 2020 through September 30, 2020. *Id.*

10. The U.S. Trustee objects to the fees because the hours spent on certain tasks appear excessive, and the necessity of the services and the benefit to the estate has not been demonstrated. The U.S. Trustee notes that, pursuant to the Procedures for Complex Chapter 11 Cases,[2] prior to filing the First Fee Application, PSZJ provided Monthly Fee Statements to the Professional Fee Notice Parties. The U.S. Trustee responded to the First Monthly Fee Statement, and PSZJ agreed to reduce its fees by $12,250.00 for the reasons cited by the U.S. Trustee. The following objection does not repeat or include the reductions already accounted for by PSZJ.

## LAW AND ARGUMENT

**A. Legal Standard**

    i. Statutory Framework

11. Bankruptcy Code section 330(a)(1) provides that:

> After notice to the parties in interest and the Untied States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, […] an examiner, […] or a professional person employed under section 327 or 11103 –
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, […] professional person, or attorney, and by any paraprofessional personal employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

12. Section 330(a) also gives the bankruptcy court the authority, upon motion or sua sponte, to "award compensation that is less than the amount of compensation that is requested."

---

[2] General Order 2019-4.

*Id*. at § 330(a)(2); *In re Babcock & Wilcox Co.*, No. 06-9964, 2007 WL 854304, at * (Bankr. E.D. La. March 15, 2007). Section 330(a)(3) provides an illustrative (but not exclusive) list of factors in determining reasonable compensation, including:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* at § 330(a)(3).

13. Further, bankruptcy courts "shall not allow compensation for unnecessary duplication of services […] or […] services that were not […] reasonably likely to benefit the debtor's estate […] or [… ]necessary to the administration of the estate[.]" 11 U.S.C. § 330(a)(4).

14. Overall, the court has wide discretion in awarding fees. In *In re U.S. Golf Corp.*, 639 F.2d 1197 (5th Cir. 1981), the court explained:

> We have long recognized the importance of the bankruptcy judge's closeness to issues raised in an application for attorneys fees; the bankruptcy judge has not only presided over the evidentiary hearing, but has also had the opportunity to observe the performance of the attorney throughout his employment before the bankruptcy court.

*Id*. at 1201.

15. The applicant bears the burden of proof for its claim of compensation. *Id.* at 1207 (5th Cir. 1981). The burden must not be taken lightly, "since every dollar received by the applicant results in one dollar less for creditors, justification for compensation is a necessity." *In re Evangeline Refining Co.*, 890 F.2d 1312, 1326 (5th Cir. 1989) (citing *In re Hotel Assoc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981).

  ii. <u>Lodestar</u>

16. In the Fifth Circuit, the determination of a reasonable attorney's fee award involves a two-step process. *See Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). The Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" method serves as the initial estimate of a reasonable attorney's fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

17. The second step involves the application of twelve factors the Fifth Circuit applies in determining what amount is warranted. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

18. Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the Court may adjust the lodestar upward or downward depending on its

analysis of the twelve factors espoused in *Johnson*. *Dodge v Hunt Petroleum Corp.*, 174 F.Supp.2d 505, 508 (N.D. Tex. 2001).

19. Considering the *Johnson* factors, the Court may reduce the award resulting from the lodestar calculation if the documentation of hours worked is inadequate or if the calculation includes hours that were not "reasonably expended." *See Hensley*, 461 U.S. at 433-34. However, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

    iii.    <u>Other Considerations</u>

20. In large fee applications, courts may "use a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when fee documentation is voluminous." *Equis Equine, LLC v. Rose (In re Rose)*, No. 17-4131, 2020 WL 6877145, at * 18 (Bankr. E.D. Tex. Sept. 30, 2020) (citing *Tow v. Speer*, 2015 U.S. Dist. LEXIS 108553, 2015 WL 12765414, at *6 (S.D. Tex. Aug. 17, 2015)) (internal quotations omitted). An hour-by-hour analysis contemplates that a judge can "feasibly and expeditiously engage in such a precise review." If "fee documentation is voluminous," an hour-by-hour review may be "impractical" and "a waste of judicial resources." *Id. citing Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). *See also, e.g., Hopwood v. State of Tex.*, 236 F.3d 256, 279 (5th Cir. 2000) (Fifth Circuit concluded that district court did not abuse its discretion by ordering a flat, twenty-five percent reduction to attorney's hours because it was impractical for the court to wade through hundreds of time entries).

21. A fee applicant should exercise 'billing judgment' and "make a good-faith effort to exclude from a fee request [the] hours that are excessive, redundant, or otherwise

unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Lead attorneys are expected to delegate tasks to attorneys within their firm, or to local counsel, whose rates and skills are appropriate for the particular task. Hence, an expensive partner should not be doing work that a less-expensive associate is quite capable of doing. The Court is charged with an independent review of the reasonableness of an applicant's billing practices. *See In re Tak Commc'ns, Inc.*, 154 B.R. 514, 516 (Bankr. W.D. Wis. 1993) (*citing In re Bonneville Pacific Corp.*, 147 Bankr. 803, 805 (Bankr D. Utah 1992) ('The ultimate determination that all requirements of the statute have been met rests with the Court").

**B. Statistical Analysis of the Fee Application**

22. PSZJ invoiced the Debtor 1,367.60 hours for 139 days included in the First Fee Application, for a total cost of professional fees in the amount of $900,175.50.[3]

23. According to the U.S. Trustee's calculations, the blended rate for PSZJ professionals (all staff) was $667.86.

24. PSZJ billed the Debtor for nineteen (19) separate professionals, as follows:

| Timekeeper | Hours Worked | Avg. Rate | Total Fees |
|---|---|---|---|
| Brandt, Gina | 19.9 | $700.00 | $13,930.00 |
| Brown, Gillian | 183 | $700.00 | $128,100.00 |
| Brown, Kenneth | 6.3 | $700.00 | $4,410.00 |
| Cantor, Linda | 558.4 | $700.00 | $390,880.00 |
| Canty, La Asia | 75.6 | $425.00 | $32,130.00 |
| Dassa, Beth | 49.8 | $425.00 | $21,165.00 |
| DesJardien, Melisa | 0.9 | $395.00 | $355.50 |
| Forrester, Leslie | 9.4 | $450.00 | $4,230.00 |
| Fried, Joshua | 72.5 | $700.00 | $50,750.00 |
| Hochman, Harry | 29.4 | $700.00 | $20,580.00 |
| Hunter, James | 8.3 | $700.00 | $5,810.00 |
| Kevane, Henry | 3.4 | $700.00 | $2,380.00 |
| Litvak, Maxim | 0.5 | $700.00 | $350.00 |
| Lockwood, Nancy | 24.1 | $425.00 | $10,242.50 |
| Lucas, John | 0.7 | $700.00 | $490.00 |
| Mackle, Cia | 9.6 | $677.34 | $6,502.50 |
| Morris, John | 99 | $700.00 | $69,300.00 |
| Nasatir, Iain | 13.4 | $700.00 | $9,380.00 |
| Stang, James | 203.4 | $700.00 | $142,380.00 |

---

[3] This amount includes voluntary reductions of $12,500 (requested by the U.S. Trustee after reviewing the first monthly fee statement per the Chapter 11 Complex Case Order) and $690.00 (accounting adjustment).

**C. Objections to the First Fee Application**

    i.      General Staffing Objections

25.      As stated above, PSZJ seeks compensation for nineteen (19) separate timekeeper-professionals billed to the Bankruptcy Matters category, for a total of 1,367.60 hours at a professional cost of $900,175.50. The professionals fall under the following breakdown:

|  | NUMBER OF PROFESSIONALS: | TOTAL HOURS BILLED: | RATE: | TOTAL PROFESSIONAL COSTS: |
|---|---|---|---|---|
| Senior Partner | 1 | 203.40 hours | $700/hr | $142,380.00 |
| Partner | 8 | 754.2 hours | $700/hr | $527,940.00 |
| Of Counsel | 5 | 250.2 hours | $700/hr | $174,922.50 |
| Paralegal | 3 | 149.5 hours | $425/hr | $63,537.50 |
| Law Librarian | 1 | 9.4 hours | $450/hr | $4,230.00 |
| Case Assistant | 1 | 0.9 hours | $395/hr | $355.50 |

[P-571, p. 2 of 45]. Thus, of the 19 professionals working on this matter, 14 are attorneys charging at the $700/hr blended rate cap. In contrast, the application to employ PSJZ discloses the names and rates of **three** lawyers "who will primarily work on this matter."[4] [P-181, ¶ 7].

26.      Further, when viewed holistically, given that the Committee has hired two law firms to represent it in this proceeding, there are a total of 29 timekeepers working on this matter (10 from Locke Lord and 19 from PSZJ), eighteen of which are partners (or billed at the partner level). The burden is on the applications to show that this case is not overstaffed and the number of professionals working on this case is reasonable.[5]

---

[4] For the first time filed into the record, the First Fee Application includes a "Staffing Plan." [P-568, Exhibit C]. The Staffing Plan now assigns seventeen (17) timekeepers to all matters, which still far exceed the six timekeepers disclosed in the application to be employed.

[5] See e.g. *Equis Equine, LLC v. Rose (In re Rose)*, No. 17-4131, 2020 WL 6877145, at * 35-36 (Bankr. E.D. Tex. Sept. 30, 2020) (In determining reasonableness of fees, "a court pays attention to whether cases are overstaffed and whether the hours expended were excessive, redundant, and unnecessary.")

      ii.      <u>Senior Staffing Issues</u>

27. A review of the First Fee Application demonstrates that partners expended hours on tasks that were clerical in nature. Specifically:

| Date | Timekeeper | Task | Hours | Fees |
|---|---|---|---|---|
| 9/21/2020 | Brown, Gillian | Locate documents for C. Davin Boldissar. | 1.2 | $ 840.00 |
| 9/23/2020 | Cantor, Linda | Review and revise forms of notice | 1.5 | $ 1,050.00 |
| 5/25/2020 | Fried, Joshua | Review docket and draft summary of pending case issues and entered orders. | 2.1 | $ 1,470.00 |

28. The U.S. Trustee requests that PSJZ bill these hours at the reduced paralegal rate of $425.00, resulting in a $1,320.00 fee reduction.

      iii.      <u>Conference and Hearing Time Discrepancies</u>

29. The U.S. Trustee identified 7.3 hours of conference time and hearing time discrepancies between various PSZJ professionals. *See* <u>Exhibit A</u>, attached. The U.S. Trustee requests that PSZJ reduce its fees by $5,110.00.

      iv.      <u>Redundant Staffing</u>

30. Professionals should ensure that matters have been staffed efficiently, and timekeepers should not bill for unnecessary tasks that are redundant of the work of another timekeeper. *See In re Deresinski*, 250 B.R. 764, 769 (Bankr. M.D. Fla. 2000). Here, the First Fee Application reflects instances where multiple professionals work on substantially the same assignment on the same day, *see* <u>Exhibit B</u>, attached. The burden is on PSJZ to show that the fees charged were reasonable and not duplicative.

      v.      <u>Vague Time Entries</u>

31. The U.S. Trustee objects to fee entries that do not contain sufficient detail for a reviewer to assess the reasonableness, necessity, or benefit to the client of the fee. <u>Exhibit C</u> identifies fees that do not identify the subject of the task performed and/or fail explain the exactly

type of work being performed by the timekeeper. The U.S. Trustee highlights this issue so that, going forward, all time entries will be made with specificity.

    v.    *High Daily Hours*

32.    In several instances, the First Fee Application includes records of unusually high numbers of hours recorded in a single day for a single task:

| Date | Timekeeper | Task | Hours | Fee |
|---|---|---|---|---|
| 8/12/2020 | Canty,La Asia | Prepare for and assist at depositions of Father Carr and Jeff Entwistle (10.1) | 10.10 | $4,292.50 |
| 8/11/2020 | Canty,La Asia | Preparation for Carr and Entwistle depositions, including retrieval of exhibits, premarking of exhibits, coordination of logistics, and review of same. | 9.70 | $4,122.50 |
| 9/6/2020 | Stang,James | Review and comments on bar date order. | 9.30 | $6,510.00 |
| 9/10/2020 | Cantor,Linda | Work on draft pleadings including opposition, notices, bar date order, declarations and exhibits | 7.50 | $5,250.00 |

The U.S. Trustee requests PSJZ to explain these occurrences as reasonable and necessary.

    vi.    <u>Duplicate Entry</u>

33.    The U.S. Trustee identified one seemingly duplicative entry:

| Date | Timekeeper | Task | Hour | Duplicate Task | Hours |
|---|---|---|---|---|---|
| 7/29/2020 | Cantor,Linda | Further call with debtor's counsel re: discovery dispute | 0.70 | [Line 644] [7/29/2020] Further call with debtor's counsel re: discovery dispute (0.7) | 0.70 |

The U.S. Trustee requests that the fees be reduced by $490.00 to delete the duplicative entry.

## **<u>CONCLUSION</u>**

34.    While the U.S. Trustee has presented $6,920.00 in specific, line item reductions, a larger concern is the staffing, number of timekeepers on this matter, and other issues identified in this objection.

**WHEREFORE**, the above premises considered, the United States Trustee requests that this objection be deemed good and sufficient, that the fee application of Counsel be reduced or deferred commensurate with this objection, and for all other and further relief that is appropriate.

Respectfully submitted,

DAVID W. ASBACH.
Acting United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

By: */s/ Amanda B. George*
AMANDA B. GEORGE (31642)
Trial Attorney
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone: (504) 589-4018
Direct: (504) 589-4092
Facsimile: (504) 589-4096
Amanda.B.George@usdoj.gov