# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

No. 2019-06200      DIVISION "D"      Section 12

### A.A. DOE
### VERSUS
### ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC. ET AL

FILED: _____             _____
                                                                                       DEPUTY CLERK

## WRITTEN REASONS FOR JUDGMENT

This matter was set for hearing before the Court on September 27, 2019, pursuant to *Declinatory Exception of Partial Lack of Jurisdiction Over the Subject Matter, Dilatory Exceptions of Nonconformity of the Petition With the Requirements of La. C.C.P. Art. 891, Vagueness or Ambiguity, Prematurity, and Peremptory Exceptions of No Cause of Action and No Right of Action; and Motion to Strike* by Defendants, The Roman Catholic Church of the Archdiocese of New Orleans, the Archdiocese of New Orleans Indemnity, Inc., and Catholic Mutual Relief Society of America.

Prior to the scheduled hearing, Defendants expressed their desire to submit the issues on the briefs and waived oral argument. Therefore, considering the law and argument provided in the briefs, the Court issues these written reasons for judgment.

**Background/Procedural History**

This action arises out of a Catholic priest's alleged sexual abuse of Plaintiff, A.A. Doe. Defendant, Henry Brian Highfill was an ordained priest in the Roman Catholic Church, and in the mid to late 1970s, Defendant, Archdiocese of New Orleans placed Father Highfill at several churches throughout Southeast Louisiana. Following transfers within the Dioceses of Southern Louisiana, Father Highfill was moved to England Air Force Base from 1982 to 1984, where he was assigned as a Chaplain. In 1979, Plaintiff joined the United States Air Force Delayed Enlisted Program. In the summer of 1982, Plaintiff relocated to England Air Force Base (where Father Highfill was a Chaplain). Plaintiff's allegations of sexual abuse stem from his interactions with Father Highfill during his time in the Air Force. On June 12, 2019, Plaintiff filed *Petition for Damages* against Defendants, The Roman Catholic Church of the Archdiocese of New Orleans, Archdiocese of New Orleans Indemnity, Inc., Catholic Mutual Relief Society of America, and

Page 1 of 5

*A.A. Doe v. Archdiocese of New Orleans Indemnity, Inc., et al*
CDC # 2019-06200, Division D, Section 12
Written Reasons for Judgment

**EXHIBIT 1**

Father Highfill. On August 1, 2019, Defendants, The Roman Catholic Church of the Archdiocese of New Orleans, Archdiocese of New Orleans Indemnity, Inc., and Catholic Mutual Relief Society of America filed several Exceptions.

**Declinatory Exception of Partial Lack of Jurisdiction over the Subject Matter**

The *Charter for the Protection of Children and Young People* was published in June 2002 by the United States Conference of Catholic Bishops (USCCB) and was developed by the *Ad Hoc* Committee on Sexual Abuse of the USCCB. The *Charter* included special mandates for the protection of children. The First Amendment of the United States Constitution and Article 1, Sec. 4 of the Louisiana Constitution both guarantee religious freedom and have been interpreted to forbid courts from interfering in the ecclesiastical matters of religious groups. *Roppolo v. Moore*, 93-2361 (La.App. 4 Cir. 1994) 644 So.2d 206, 210, *writ denied*, 650 So.2d 253 (La. 1995). This prohibition extends to matters of religious discipline, faith or custom, as well as to the appointment and removal of ministers. *Id.*

Defendants assert that Plaintiff is claiming breach of Cannon Law and internal church policies (i.e. The *Charter*) as a cause of action. Let this Court be clear – Church policies are for the Church to govern, and it is against the Constitution for secular courts to rule on these policies. However, this case is not about internal church policies. It is a case about alleged child sexual abuse. And, as such, it is difficult to reason that this Court does not have subject matter jurisdiction over this matter.

**Dilatory Exception of Nonconformity of the Petition With the Requirements of La. C.C.P. Art. 891**

This Exception is moot. On July 29, 2019, the Court signed an Ex Parte Order allowing Plaintiff to file a Supplemental and Amending Petition, which identifies Plaintiff by name, but placing the Supplemental and Amending Petition under seal. Plaintiff has rectified any objection as to the challenge of filing with a fictitious name.

**Dilatory Exception of Vagueness or Ambiguity**

La. C.C.P. Art. 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." An exception of vagueness will be denied if the petition fairly informs the defendant of the nature of the cause of action and includes sufficient particulars for the defendant to prepare a defense. *Joseph v. Wasserman*, 2016-0528, (La.App. 4 Cir. 12/7/16),

Page 2 of 5

*A.A. Doe v. Archdiocese of New Orleans Indemnity, Inc., et al*
CDC # 2019-06200, Division D, Section 12
Written Reasons for Judgment

206 So.3d 970, 973; citing *Smart v. Gold, Weems, Bruser, Sues and Rundell*, 2006-1414, (La.App. 3 Cir. 4/4/07), 955 So.2d 263, 267.

The allegations contained in the Petition are factually detailed and clear. Each section of the "causes of action" incorporate the factual allegations made in the Petition and support the legal causes of action asserted by the Plaintiff.

**Dilatory Exception of Prematurity**

La. C.C.P. Art. 423 states, in pertinent part, "When an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature, but it may be brought again after this right has accrued." Defendants have filed an Exception of Prematurity and cite Paragraphs 76 and 77 of the Petition that allege the Defendants "…will likely seek to impugn Plaintiff's credibility, character, and veracity in direct contradiction of [the *Charter*]," and "should the Defendants default on these recognized obligations of reparation, they will be in violation of *The Charter*, and will be responsible for additional damages to Doe…" Defendants assert that Plaintiff is attempting to hold them liable based on future, "likely" breaches of certain alleged obligations under Church doctrine, and because Plaintiff is attempting to bring an action based on an alleged obligation before the right to enforce it has accrued, these allegations are premature under La. C.C.P. Art. 423.

Unfortunately, Plaintiff fails to address Defendants' La. C.C.P. Art. 423 argument in the Opposition. In the Opposition, Plaintiff states that Defendants argue that La. R.S. 9:2800.9 is applicable as an initial requirement for pursuing a case of sexual assault such as this one. However, this statement is untrue. Although the Defendants have attempted the La. R.S. 9:2800.9 argument in other similar suits before the Court, Defendants have not utilized the argument in this action.

**Peremptory Exceptions of No Cause of Action**

The exception of no cause of action "tests the legal sufficiency of a petition by examining whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy." *Koch v. Convenant House New Orleans*, 2012-0965, (La.App. 4 Cir. 2/6/13), 109 So.3d 971, 972; *citing Meckstroth v. Louisiana Dept. of Transp. & Dev.*, 07-0236, (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492.

Louisiana law recognizes Plaintiff's right to pursue claims under the causes of actions that were specifically pled in the Petition, specifically, vicarious liability, public nuisance, fraudulent

Page 3 of 5

*A.A. Doe v. Archdiocese of New Orleans Indemnity, Inc., et al*
CDC # 2019-06200, Division D, Section 12
Written Reasons for Judgment

concealment, negligent infliction of emotional distress, and invasion of privacy. After a review of the Petition, this Court finds that Plaintiff has adequately alleged the requirements of these claims. Plaintiff should have the opportunity to conduct discovery and develop his case based on what he has pled in his Petition.

**Peremptory Exception of No Right of Action**

> The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Babineaux v. Pernie–Bailey Drilling Co.*, 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.

*Harvey v. Cole*, 2002-1704, (La.App. 4 Cir. 4/30/03), 845 So.2d 591, 595.

Defendants have filed an Exception of No Right of Action asserting (1) Plaintiff has attempted to assert a breach of contract claim based on *The Charter*, which Plaintiff is neither a party nor third party beneficiary; and (2) Plaintiff has pled certain allegations regarding the Archdiocese's alleged actions or inactions with respect to other alleged victims besides Plaintiff himself.

Although Defendants maintain that Plaintiff is attempting to assert a breach of contract claim based on *The Charter* that Plaintiff is neither a party nor third party beneficiary, Plaintiff refutes Defendants' position. In his Opposition, Plaintiff states that he has not proposed that the *Charter* is a legal contract, nor does his Petition consider the *Charter* to be a contract. The Court does not believe that the *Charter* is a contract, nor that Plaintiff is utilizing the *Charter* to assert a breach of contract claim. In the Petition, Plaintiff utilizes the *Charter* to demonstrate that the Church has a process of how it handles allegations of clergy sexual abuse, and to assert that the Church has not followed its own practices under the *Charter*. As an alleged abuse victim, Plaintiff has a legal interest in this matter; therefore, he has a right of action against the Defendants.

As it relates to Defendants' assertion that Plaintiff has pled certain allegations regarding the Archdiocese's alleged actions or inactions with respect to other alleged victims besides Plaintiff himself, i.e. Victim X, the Court does not believe it is Plaintiff's intentions to assert any claims on behalf of Victim X or any other victims. Rather, Plaintiff uses Victim X's situation to provide context on the alleged actions of the Archdiocese to support his case. Plaintiff should be permitted to plead supporting facts to assist him in asserting his allegations in the Petition.

Motion to Strike

La. C.C.P. Art. 964 states, "The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's Petition includes allegations regarding Victim X, and the Archdiocese's response to the reports of his abuse. Defendants assert that Plaintiff's references to Victim X and his alleged abuse have no bearing on Plaintiff's own claims, and Plaintiff has no right to assert his claims.

As stated above, Plaintiff should be permitted to plead supporting facts to assist him in asserting his allegations in the Petition. It is Plaintiff's contention that the allegations regarding Victim X explain the full account of his claims, and the Defendants should not control the context of his allegations and explanation of his claims. At this early stage of litigation, Plaintiff should be given the opportunity to fully assert his allegations, and as the discovery process progresses, each side will be able to explore the claims and defenses of the opposing side.

READ, RENDERED, AND SIGNED on the 10th day of October, 2019, in NEW ORLEANS, LOUISIANA.

_____
JUDGE NAKISHA ERVIN-KNOTT

A TRUE COPY
CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

Page 5 of 5

*A.A. Doe v. Archdiocese of New Orleans Indemnity, Inc., et al*
CDC # 2019-06200, Division D, Section 12
Written Reasons for Judgment