## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH OF | § | Section "A" |
| THE ARCHDIOCESE OF NEW | § | |
| ORLEANS | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

---

### FEE APPLICATION COVER SHEET
### *SECOND INTERIM* APPLICATION OF LOCKE LORD LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

| | |
|---|---|
| **Name of Applicant:** | Locke Lord LLP |
| **Authorized to Provide Professional Services to:** | The Official Committee of Unsecured Creditors |
| **Petition Date:** | May 1, 2020 |
| **Date of Retention:** | Effective *nunc pro tunc* to May 22, 2020 |
| **Date Order Signed Authorizing Employment:** | July 17, 2020 [Docket #256] |
| **Date and Amounts of Compensation Approved in Previous Requests:** | December 29, 2020 / $616,628.22 |
| **Period for which compensation and reimbursement is sought:** | October 1, 2020 through January 31, 2021 (the "Application Period") |
| **Total Amount of Compensation sought as actual, reasonable, and necessary:** | **$490,612.50** |
| **Total Amount of Expense Reimbursement sought as actual, reasonable, and necessary:** | **$7,988.69** |
| **Fee Application:** | Second Interim Fee Application |
| **Total:** | **$498,601.19** |

Locke Lord LLP professionals who rendered services for The Official Committee of

Unsecured Creditors (the "Committee")[1] in this Chapter 11 case concerning the above captioned

debtor and debtor-in-possession (the "Debtor") during the Application Period are:

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| C. Davin Boldissar | Partner | $500.00 | 463.7 | $231,850.00 |
| O. F. Kuebel | Partner | $500.00 | 232.7 | $116,350.00 |
| W. Steven Bryant | Partner | $500.00 | 225.4 | $112,700.00 |
| R. W. Mouton | Partner | $500.00 | .40 | $200.00 |
| S. J. Humeniuk | Associate | $375.00 | 29.9 | $11,212.50 |
| Ashley L. Lohr | Paralegal | $125.00 | 146.20 | $18,275.00 |
| D. Hidalgo | Paralegal | $125.00 | .20 | $25.00 |
| **Total Professional Hours and Fees Sought** | | | **1,098.50[2]** | **$490,612.50[3]** |

The total hours and fees incurred by Task Code for the Committee during the Application Period are:

| Task Code | Subject Matter Category | Total Hours | Total Fees |
|---|---|---|---|
| B110 | CASE ADMINISTRATION | 89.1 | $38,025.00 |
| B120 | ASSET ANALYSIS AND RECOVERY | 47.7 | $23,850.00 |
| B130 | ASSET DISPOSITION | 2.5 | $1,250.00 |

---

[1] Pursuant to the Court's Order dated February 8, 2021 [Docket #746], the designation of the Committee may be changed; however as of the date of this Motion, the designation has not yet been changed.

[2] In addition to the professional hours of 1,098.50 on the invoices, an additional 328.10 hours were worked but are marked as "no charge" and are voluntary reductions already reflected in the invoices, for a total of 1,426.60 hours worked.

[3] These invoice amounts total $490,612.50, but as discussed below, additional voluntary reductions of $159,295.50 are marked as "no charge" and are voluntary reductions already reflected in the invoices, for a total of $649,908.00.

| Task Code | Subject Matter Category | Total Hours | Total Fees |
|---|---|---|---|
| B140 | Relief from Stay/Adequate protection proceedings | 27.4 | $12,875.00 |
| B150 | Meetings & Communications with Creditors | 107.4 | $53,287.50 |
| B160 | Fee/Employment Applications | 19.5 | $2,625.00 |
| B170 | Fee/Employment Objections | 5.0 | $1,875.00 |
| B180 | Avoidance Action Analysis | 1.0 | $500.00 |
| B190 | Other Contested Matters | 613 | $264,975.00 |
| B210 | Business Operations | 51.9 | $25,875.00 |
| B240 | Tax Issues | 0.1 | $50.00 |
| B250 | Real Estate | 0.8 | $400.00 |
| B310 | Claims Administration and Objections | 30.2 | $13,575.00 |
| B320 | Plan and Disclosure Statement | 102.7 | $51,350.00 |
| P240[4] | Real and Personal Property | 0.2 | $100.00 |
| | **Total Professional Hours and Fees Sought=** | **1,098.5[5]** | **$490,612.50[6]** |

The total amount of expenses by expense type for the Committee during the Application Period are:

| Expense Category | Amount |
|---|---|
| PACER Online Research | $267.90 |
| Lexis Research | $96.90 |

[4] As discussed below, the task code of P240 was used through a clerical error and should be considered as B250.

[5] In addition to the professional hours of 1,098.50 on the invoices, an additional 328.10 hours were worked but are marked as "no charge" and are voluntary reductions already reflected in the invoices, for a total of 1,426.60 hours worked.

[6] These invoice amounts total $490,612.50, but as discussed below, additional voluntary reductions of $159,295.50 are marked as "no charge" and are voluntary reductions already reflected in the invoices, for a total of $649,908.00.

| Expense Category | Amount |
|---|---|
| Westlaw Research | $1,270.64 |
| Photocopies | $996.00 |
| Litigation Support Vendors 01/28/21, Legal Support Services picked up an audio file | $50.00 |
| Court Fees | $32.00 |
| Filing Fees 01/06/2021, Ordered and paid - Transcript for Hearing | $68.40 |
| Filing Fees 01/11/2021, Ordered and Paid - Transcript | $54.90 |
| Filing Fees 12/31/2020, Transcript for Hearing held 12/17/20 | $356.40 |
| Filing Fees 12/31/2020, Transcript for Hearing held 9/30/20 | $62.10 |
| Filing Fees 12/31/2020, Transcript for Hearing held on 12/4/20 | $383.15 |
| Business expense of C. Davin Boldissar/Transcript from Archdiocese Hearing held on Nov. 5, 2020 | $21.60 |
| Deposition Transcripts 12/11/20, Deposition of and transcript for James | $489.60 |
| Deposition Transcripts C. Davin Boldissar/Transcript from yesterday's hearing in the Archdiocese | $126.10 |
| Deposition Transcripts Inv:20256; United States Bankruptcy Court/Orig. check date 09/22/20 Audio file from hearing on Motion to Set Last Day to file proofs of claim | $31.00 |
| Deposition Transcripts Inv:76440; Kim Tindall & Associates LLC/Transcript for various speakers on Bond Investor call for Archdiocese of N.O. | $405.00 |
| Other Inv:46451; Alliance Overnight Document Service LLC/Mailing of the Committee's Witness and Exhibit List for Hearing on December 17th and the Committee's Objection to TMI's Motion to Separate the Committee (Doc. Nos. 624 and 626) | $445.62 |
| Outside Copy Costs 01/29/21, Mailing of the Notice of Hearing on Co | 81.76 |
| Outside Copy Costs Inv:45813; Alliance Overnight Document Service LLC/Mailing of the Orders Granting Retention of Dr. Conte and Kinsella Media and the Committee's Supplemental Objection to the Bar Date Motion. [Doc. Nos. 409-410 and 412]. | $347.78 |
| Outside Copy Costs Inv:45862; Alliance Overnight Document Service LLC/Mailing of Committee's Objection to Debtor's Settlement Motion with TMI. [Doc. No. 444]. | $102.01 |
| Outside Copy Costs Inv:45963; Alliance Overnight Document Service LLC/Mailing of the Pro Hac Vice for S. Bryant [Dkt. No. 475]. | $89.31 |
| Outside Copy Costs Inv:45964; Alliance Overnight Document Service LLC/Mailing of the Stipulation regarding the Debtors' Settlement Motion with the Bond Trustee [Dkt. No. 472]. | $82.96 |

| Expense Category | Amount |
|---|---|
| Outside Copy Costs Inv:46035; Alliance Overnight Document Service LLC/Mailing of the attached docs, Nos. 485, 486, 488, and 495. | $102.10 |
| Outside Copy Costs Inv:46213; Alliance Overnight Document Service LLC/Mailing of the Stipulation re: Exhibits and Pro Hac Vice for K. Brown docs, Nos. 537 and 542. | $102.01 |
| Outside Copy Costs Inv:46276; Alliance Overnight Document Service LLC/Mailout of the Order Granting Pro Hac Vice for K. Brown, No. 549. | $81.53 |
| Outside Copy Costs Inv:45677; Alliance Overnight Document Service LLC/Mailing of Notice of Hearing on Employment Application of Dr. Conte and Order Granting Employment Application of BRG. [Doc. Nos. 361-362]. | $81.53 |
| Outside Copy Costs Inv:46452; Alliance Overnight Document Service LLC/Mail out of the following documents: Notice of Remote Witness for each person (Kevin Dobrava, Davin Boldissar and James Adams) and Order Granting Motion to Redact - Doc Nos. 603, 605-607. | $87.77 |
| Outside Copy Costs Inv:46454; Alliance Overnight Document Service LLC/Mail out of Locke Lord's Reply to Objections of the Debtor and TMI Trust to Fee App.; PSZJ's Reply to Objections of the Debtor and TMI Trust to Fee App; Locke Lord's Reply to Trustee's Objections to Fee App; PSZJ's response to Trustee's Objection to Fee App, Pleadings Doc. Nos. 651-654. | $549.51 |
| Outside Copy Costs Inv:46490; Alliance Overnight Document Service LLC/Mail out of Committee's Post Hearing Brief on Motion for Separate Committee pleading, Doc. No. 687. | $104.62 |
| Services Rendered 01/27/21, Mailing of the Order regarding communi | $420.47 |
| Services Rendered 01/29/21, Mailing of the Notice of Hearing on Co | $5.03 |
| Services Rendered Inv:46334; Alliance Overnight Document Service LLC/The mailing of the Committee's Objections to the Motions to Compel filed by the Debtor and TMI. | $375.30 |
| Services Rendered Inv:46354; Alliance Overnight Document Service LLC/Mailout of the Committee's Motions to Redact Exhibit 1 to Objections to Compel Motions. Please pay the attached invoice for Davin as this is for a mailing of the attached pleading, Doc. No. 595 | $217.69 |
| **Total Out-of-Pocket Expenses** | **$7,988.69** |

5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH OF | § | Section "A" |
| THE ARCHDIOCESE OF NEW ORLEANS | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| | § | |

---

*SECOND INTERIM* APPLICATION OF LOCKE LORD LLP AS CO-COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 20,
AT 1:30 P.M. BY TELEPHONE THROUGH THE DIAL-IN FOR
SECTION A 1-888-684-8852; CONFERENCE CODE 9318283. IF YOU
OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU
MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY
THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK
OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS
BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR
RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE;
OTHERWISE, THE COURT MAY TREAT THE PLEADING AS
UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

LOCKE LORD LLP (the "Firm") files its *Second Interim Application of Locke Lord LLP
as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation
and Reimbursement of Expenses for the Period from October 1, 2020 through January 31, 2021*
(the "Application"). In support of this Application covering October 1, 2020 through January 31,
2021 (the "Application Period"), the Firm respectfully states as follows:

## I.   INTRODUCTION

In this Application, the Firm seeks the amounts set forth below for work performed

between October 1, 2020 through January 31, 2021:

1

| | Fees (at Standard Rates) | (Reductions due to Standard Rates) | (Further Voluntary Reductions on Invoices) | Expenses | Final Amounts Sought |
|---|---|---|---|---|---|
| October 2020 | $198,572.50 | ($62,120.00) | ($43,915.00) | $1,921.32 | $94,458.82 |
| November 2020 | $263,512.00 | ($76,443.00) | ($43,644.00) | $1,228.38 | $144,653.38 |
| December 2020 | $328,073.00 | ($100,774.00) | ($53,611.50) | $3,495.33 | $177,182.83 |
| January 2021 | $157,034.00 | ($57,946.50) | ($18,125.00) | $1,343.66 | $82,306.16 |
| | | | | | |
| | | | | **TOTAL =** | **$498,601.19** |

## II.      JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.      BACKGROUND FACTS

### A.      Introduction

3.      On May 1, 2020 (the "Petition Date"), The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese" or the "Debtor") filed a voluntary petition for relief under the Bankruptcy Code.

4.      The Debtor remains in possession of its property and is managing its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, 11 U.S.C. §101 et. seq.

5.      On May 20, 2020, the Office of the United States Trustee for Region 5 (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code

[Docket #94].

6.      On May 22, 2020, the Committee conducted its first meeting and at that meeting unanimously selected Locke Lord and Pachulski Stang Ziehl & Jones ("PSZJ") to serve as co-counsel.

**C.     Employment of the Firm**

7.      On June 22, 2020, the Committee filed an *Application to Employ Locke Lord LLP as Co-Counsel* [Docket # 179] (the "Retention Application").  As more fully described in the Retention Application, the Committee retained the Firm to render legal services to the Committee in the Bankruptcy Case.

8.      On July 17, 2020, this Court entered the *Order Authorizing the Employment and Retention of Locke Lord LLP as Co-Counsel for the Official Committee of Unsecured Creditors* [Docket # 256] (the "Retention Order"). The Retention Order approved the Firm's retention as the Committee's co-counsel in the Bankruptcy Case.

## IV.     WORK PERFORMED AND RESULTS OBTAINED  / EXTRAORDINARY CIRCUMSTANCES

9.      The Firm provided, and continues to provide, extensive legal services to the Committee in this Bankruptcy Case. The Firm has attached to this Application copies of the Firm's Invoices (the "Invoices") setting forth the time-keeping entries generated by those Firm personnel who worked on this matter during the Application Period.[1]

10.     The Committee and its counsel have undertaken strenuous efforts to move this case forward towards a resolution of creditor claims, to achieve the goal of the most favorable

---

[1] True and correct copies of the Invoices are attached to the Application as Exhibit "1" and are incorporated by reference herein.

resolution to unsecured creditors possible.[2]

11.     The actions undertaken include the following:

**A.     Action to Move Forward Resolution of Claims and Plan Negotiations**

12.     The Committee recognizes that, if this case is not dismissed, that the most likely outcome and resolution of claims will come through a plan of reorganization.  To that end, the Committee has worked to move this process forward, beginning with a comprehensive investigation and analysis of the Debtor's financial circumstances and structure, which is necessary to inform negotiations and mediation concerning potential resolution of claims.

13.     The Committee, together with its counsel, has undertaken significant work in this regard, including without limitation during the Application Period:

- Investigation, including through analysis of information and documents provided by the Debtor.  During the Application Period, the Committee formulated and sent to the Debtor comprehensive document and information requests, and as became necessary, formulated and filed a Rule 2004 motion to formalize the requests.  The Committee negotiated with the Debtor concerning the requests and addressed numerous objections and limitations proposed by the Debtor.  The Committee also formulated and sent document and information requests to the more than 150 affiliates of the Debtor.

- Analysis and preliminary review of non-abuse claims (the abuse claims bar date occurred after the end of the Application Period).

- Review of potential mediator candidates and mediation structure.

- Review and investigation of potential plan structuring and terms including financial and non-monetary terms.

**B.     Rule 9019 Motion Concerning Bond Trustee and Request Concerning Appointment of Second Committee and/or Reconstitution of Committee**

---

[2] During the Application Period, the Committee was the sole unsecured creditors committee in this case.  Pursuant to the Court's February 8, 2021 Order [Docket #746], a committee of commercial unsecured creditors was appointed as of March 5, 2021.  In addition, the Motion to Dismiss Chapter 11 Case [Docket #203] is still pending, and the Committee reserves all rights in connection with that motion.

4

14.     During the first half of the Application Period, the Committee was required to address two matters raised by the Bond Trustee.  First, the Committee responded to, and negotiated a resolution of, the extraordinary and unprecedented request by the Bond Trustee for payment of pre- and post-petition interest and attorney's fees, in advance of filing and confirmation of a plan.  After necessary factual and legal analysis was performed, the Committee negotiated significant changes includes withdrawal of the request for payment of attorney's fees, and reservation of rights to protect the rights of the unsecured creditors in light of the uncertain outcome of this case.

15.     Second, the Bond Trustee filed its motion [Docket #521] to reconstitute the Committee and/or for appointment of a second unsecured creditors committee.  The Committee was forced to respond to a myriad of positions and allegations made by the Bond Trustee and the Debtor.  This contested matter included a December 17 trial with four witnesses, extensive document discovery and four depositions, and resolution of issues including privilege and confidentiality of Committee materials.  Discovery propounded by the Bond Trustee (with access also requested by the Debtor) implicated more than 4,200 documents, with more than 12,000 pages ultimately produced by the Committee.  (More than 2,600 pages of material were also produced by the Bond Trustee and reviewed.)

**C.     Other Motions and Requests for Relief**

16.     Additional matters include:

- Addressing motions to lift stay, motion for protective order, motion for authority to dedicate servitude, Section 363 motion to sell property, a Rule 9019 motion to settle matters in connection with succession proceedings, and a motion for relief based on allegations of willful violation of the automatic stay.

- Responding to discovery requests propounded by the Debtor in connection with the motion for relief based on allegations of willful violation of the automatic

stay, including review of approximately 1,100 documents and production of responsive, non-privileged documents.

- Confirming noticing and service matters under the claims bar date order.

## V.     PROJECT CATEGORIES

17.     The Invoices break down the legal services rendered into project categories as required by the Office of the United States Trustee. The nineteen (19) pertinent project categories are: (1) Case Administration (B110), (2) Asset Analysis and Recovery (B120), (3) Asset Disposition (B130), (4) Relief from Stay/Adequate Protection Proceedings (B140), (5) Meetings & Communications with Creditors (B150), (6) Fee/Employment Applications (B160), (7) Fee/Employment Objections (B170), (8) Avoidance Action Analysis (B180), (9) Other Contested Matters (B190), (10) Business Operations (B210), (11) Tax Issues (B240), (12) Real Estate (B250), (13) Claims Administration and Objections (B310), (14) Plan and Disclosure Statement (B320), and (15) Real and Personal Property (P240).[3]

18.     The Invoices identify each Firm attorney, paraprofessional, or staff person who provided services during the Application Period. The Invoices reflect the name of the person as well as the following: (1) his or her billing rate, (2) the total number of hours expended by that person, and (3) the total fees incurred. The Invoices also provide this information by project category. The following narrative summarizes the services rendered by the Firm to the Committee in each of the fifteen (15) project categories during the Application Period:

## A.     Case Administration (Category Code B110)

19.     The category of **Case Administration** concerns activities arising out of compliance with Chapter 11 requirements.

---

[3] Due to a clerical error, the matters billed under task code P240 should have been categorized under task code B250 (Real Estate) and should be considered to be as such.

20.     The Firm expended <u>89.1</u> hours of professional time on services in this category. The Firm's professional fees in this category total <u>$38,025.00</u>. Therefore, the Firm's blended hourly rate is <u>$426.77/hour</u>.[4]

**B.      Asset Analysis and Recovery (Category Code B120)**

21.     The category of **Asset Analysis and Recovery** concerns the identification and review of potential assets of the Debtors' bankruptcy estates.

22.     The Firm expended <u>47.7</u> hours of professional time on services in this category. The Firm's professional fees in this category total <u>$23,850.00</u>. Therefore, the Firm's blended hourly rate is <u>$500.00/hour</u>.

**C.      Asset Disposition (Category Code B130)**

23.     The category of **Asset Disposition** concerns sales of estate assets under Bankruptcy Code § 363, abandonment of estate assets, and other matters related to transactions involving Chapter 11 debtors and their estates.

24.     The Firm expended <u>2.5</u> hours of professional time on services in this category. The Firm's professional fees in this category total <u>$1,250.00</u>. Therefore, the Firm's blended hourly rate is <u>$500.00/hour</u>.

**D.      Relief from Stay/Adequate Protection Proceedings (Category Code B140)**

25.     The category of **Relief from Stay/Adequate Protection Proceedings** covers the termination or continuation of the automatic stay in the Bankruptcy Cases under 11 U.S.C. § 362 as well as motions for adequate protection under 11 U.S.C. § 361.

26.     The Firm expended <u>27.4</u> hours of professional time on services in this category.

---

[4] The blended rates as broken out by project categories do not reflect the substantial voluntary discounts and "no charge" entries on the invoices. Therefore the actual blended rates are lower. As noted in Paragraph 63 below, the overall blended rate, when taking into account all voluntary reductions, is <u>$446.62</u> per hour.

The Firm's professional fees in this category total $12,875.00. Therefore, the Firm's blended hourly rate is $469.89/hour.

**E.      Meetings & Communications with Creditors (Category Code B150)**

27.      The category of **Meetings & Communications with Creditors** encompasses all services related to communicating with the Debtor's creditors and the Committee, including without limitation all consultation with the Committee including its regular meetings.

28.      The Firm expended 107.4 hours of professional time on services in this category. The Firm's professional fees in this category total $53,287.50. Therefore, the Firm's blended hourly rate is $496.16/hour.

**F.      Fee/Employment Applications (Category Code B160)**

29.      The category of **Fee/Employment Applications** involves, *inter alia*, preparing and filing employment and fee applications.

30.      The Firm expended 19.5 hours of professional time on services in this category. The Firm's professional fees in this category total $2,625.00. Therefore, the Firm's blended hourly rate is $134.62/hour.

**G.      Fee/Employment Objections (Category Code B170)**

31.      The category of **Fee/Employment Objections** involves, preparing and filing objections to employment and fee applications.

32.      The Firm expended 5 hours of professional time on services in this category. The Firm's professional fees in this category total $1,875.00. Therefore, the Firm's blended hourly rate is $375.00/hour.

**H.      Avoidance Action Analysis (Category Code B180)**

33.      The Firm expended 1.0 hours of professional time on services in the category of

8

Avoidance Action Analysis. The Firm's professional fees in this category total $500.00. Therefore, the Firm's blended hourly rate is $500.00/hour.

**I.       Other Contested Matters (Category Code B190)**

34.     The category of **Other Contested Matters** covers litigation and contested matters that do not properly fall within any other project categories.

35.     The Firm expended 613 hours of professional time on services in this category. The Firm's professional fees in this category total $264,975.00. Therefore, the Firm's blended hourly rate is $432.26/hour.

**J.       Business Operations (Category Code B210)**

36.     The category of **Business Operations** consists of all matters that concern the Debtor operating as a debtor-in-possession under Chapter 11 of the Bankruptcy Code and its operations, including issues, objections, and resolution of "first day" motions and other motions concerning operations.

37.     The Firm expended 51.9 hours of professional time on services in the category of Business Operations. The Firm's professional fees in this category total $25,875.00. Therefore, the Firm's blended hourly rate is $498.55/hour.

**K.      Tax Issues (Category Code B240)**

38.     The Firm expended 0.1 hours of professional time on services in the category of Tax Issues. The Firm's professional fees in this category total $50.00. Therefore, the Firm's blended hourly rate is $500.00/hour.

**L.       Real Estate (Category Code B250)**

39.     The category of **Real Estate** covers real estate-related matters.

40.     The Firm expended 0.8 hours of professional time on services this category. The

9

Firm's professional fees total $400.00. Therefore, the Firm's blended hourly rate is $500.00/hour.

**M.      Claims Administration & Objections (Category Code B310)**

41.      The category of **Claims Administration and Objections** includes all legal services that relate to claims against the Debtor.

42.      The Firm expended 30.2 hours of professional time on services in this category. The Firm's professional fees in this category total $13,575.00. Therefore, the Firm's blended hourly rate is $449.50/hour.

**N.      Plan and Disclosure Statement (Category Code B320)**

43.      The category of **Plan and Disclosure Statement** encompasses matters related to the formulation and presentation of a Chapter 11 plan.

44.      The Firm expended 102.7 hours of professional time on services in this category. The Firm's professional fees in this category total $51,350.00.  Therefore, the Firm's blended hourly rate is $500.00/hour.

**O.      Real and Personal Property (Category Code P240)**

45.      The time under the task code P240 should be considered as under task code B250 (Real Estate). The Firm expended 0.20 hours of professional time in this category. The Firm's professional fees in this category total $100.00. Therefore, the Firm's blended hourly rate is $500.00/hour.

**VI.      REQUEST FOR REIMBURSEMENT OF EXPENSES INCURRED**

46.      In addition to providing legal services, the Firm also incurred out-of-pocket expenses while representing the Committee. A detailed record of these expenses appears in the Invoices (the "Expense Record"). Expenses for computerized research and miscellaneous

business expenses were billed at actual cost.  The Firm has made no request for general overhead expenses.

47.     The Firm's various expenses were necessary and reasonable. For instance, copying and postage charges were incurred serving pleadings and other relevant documents on interested parties in this Bankruptcy Case—a significant expense given the large number of parties on the Debtor's service list and the multiple pleadings and other filings made in these cases.

48.     In general, the Firm strived to minimize all expenses. Online and PACER research was utilized only when an attorney believed that the benefits of computerized research outweighed the cost of such research and that the costs would be less than those incurred in utilizing traditional research methods.

49.     The Firm's specific expenses are as outlined below:

| Expense Category | Amount |
|---|---|
| PACER Online Research | $267.90 |
| Lexis Research | $96.90 |
| Westlaw Research | $1,270.64 |
| Photocopies | $996.00 |
| Litigation Support Vendors 01/28/21, Legal Support Services picked up an audio file | $50.00 |
| Court Fees | $32.00 |
| Filing Fees 01/06/2021, Ordered and paid - Transcript for Hearing | $68.40 |
| Filing Fees 01/11/2021, Ordered and Paid - Transcript | $54.90 |
| Filing Fees 12/31/2020, Transcript for Hearing held 12/17/20 | $356.40 |
| Filing Fees 12/31/2020, Transcript for Hearing held 9/30/20 | $62.10 |
| Filing Fees 12/31/2020, Transcript for Hearing held on 12/4/20 | $383.15 |

| Expense Category | Amount |
|---|---|
| Business expense of C. Davin Boldissar/Transcript from Archdiocese Hearing held on Nov. 5, 2020 | $21.60 |
| Deposition Transcripts 12/11/20, Deposition of and transcript for James | $489.60 |
| Deposition Transcripts C. Davin Boldissar/Transcript from yesterday's hearing in the Archdiocese | $126.10 |
| Deposition Transcripts Inv:20256; United States Bankruptcy Court/Orig. check date 09/22/20 Audio file from hearing on Motion to Set Last Day to file proofs of claim | $31.00 |
| Deposition Transcripts Inv:76440; Kim Tindall & Associates LLC/Transcript for various speakers on Bond Investor call for Archdiocese of N.O. | $405.00 |
| Other Inv:46451; Alliance Overnight Document Service LLC/Mailing of the Committee's Witness and Exhibit List for Hearing on December 17th and the Committee's Objection to TMI's Motion to Separate the Committee (Doc. Nos. 624 and 626) | $445.62 |
| Outside Copy Costs 01/29/21, Mailing of the Notice of Hearing on Co | 81.76 |
| Outside Copy Costs Inv:45813; Alliance Overnight Document Service LLC/Mailing of the Orders Granting Retention of Dr. Conte and Kinsella Media and the Committee's Supplemental Objection to the Bar Date Motion. [Doc. Nos. 409-410 and 412]. | $347.78 |
| Outside Copy Costs Inv:45862; Alliance Overnight Document Service LLC/Mailing of Committee's Objection to Debtor's Settlement Motion with TMI. [Doc. No. 444]. | $102.01 |
| Outside Copy Costs Inv:45963; Alliance Overnight Document Service LLC/Mailing of the Pro Hac Vice for S. Bryant [Dkt. No. 475]. | $89.31 |
| Outside Copy Costs Inv:45964; Alliance Overnight Document Service LLC/Mailing of the Stipulation regarding the Debtors' Settlement Motion with the Bond Trustee [Dkt. No. 472]. | $82.96 |
| Outside Copy Costs Inv:46035; Alliance Overnight Document Service LLC/Mailing of the attached docs, Nos. 485, 486, 488, and 495. | $102.10 |
| Outside Copy Costs Inv:46213; Alliance Overnight Document Service LLC/Mailing of the Stipulation re: Exhibits and Pro Hac Vice for K. Brown docs, Nos. 537 and 542. | $102.01 |
| Outside Copy Costs Inv:46276; Alliance Overnight Document Service LLC/Mailout of the Order Granting Pro Hac Vice for K. Brown, No. 549. | $81.53 |
| Outside Copy Costs Inv:45677; Alliance Overnight Document Service LLC/Mailing of Notice of Hearing on Employment Application of Dr. Conte and Order Granting Employment Application of BRG. [Doc. Nos. 361-362]. | $81.53 |
| Outside Copy Costs Inv:46452; Alliance Overnight Document Service LLC/Mail out of the following documents: Notice of Remote Witness for each person (Kevin Dobrava, Davin Boldissar and James Adams) and Order Granting Motion to Redact - Doc Nos. 603, 605-607. | $87.77 |

| Expense Category | Amount |
|---|---|
| Outside Copy Costs Inv:46454; Alliance Overnight Document Service LLC/Mail out of Locke Lord's Reply to Objections of the Debtor and TMI Trust to Fee App.; PSZJ's Reply to Objections of the Debtor and TMI Trust to Fee App; Locke Lord's Reply to Trustee's Objections to Fee App; PSZJ's response to Trustee's Objection to Fee App, Pleadings Doc. Nos. 651-654. | $549.51 |
| Outside Copy Costs Inv:46490; Alliance Overnight Document Service LLC/Mail out of Committee's Post Hearing Brief on Motion for Separate Committee pleading, Doc. No. 687. | $104.62 |
| Services Rendered 01/27/21, Mailing of the Order regarding communi | $420.47 |
| Services Rendered 01/29/21, Mailing of the Notice of Hearing on Co | $5.03 |
| Services Rendered Inv:46334; Alliance Overnight Document Service LLC/The mailing of the Committee's Objections to the Motions to Compel filed by the Debtor and TMI. | $375.30 |
| Services Rendered Inv:46354; Alliance Overnight Document Service LLC/Mailout of the Committee's Motions to Redact Exhibit 1 to Objections to Compel Motions. Please pay the attached invoice for Davin as this is for a mailing of the attached pleading, Doc. No. 595 | $217.69 |
| **Total Out-of-Pocket Expenses** | **$7,988.69** |

50.     The Firm requests that the Court grant it reimbursement for $7,988.69 in reimbursable expenses it incurred on the Committee's behalf during the Application Period.

## VII.     VOLUNTARY REDUCTIONS

51.     For purposes of this Application, the Firm made certain voluntary reductions from the award sought.  The invoices reflect reductions of $159,295.50 (328.1 billable hours) for work performed but not charged to the Committee during the Application Period, with such entries being marked as "No Charge."

## VIII.     STATEMENT IN COMPLIANCE WITH RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

52.     As more fully described in the Retention Application, the Committee agreed to retain the Firm as its co-counsel and to compensate the Firm on an hourly basis in accordance with the Firm's ordinary and customary rates (discounted as set forth in the Retention Application), plus reimbursement of the actual and necessary expenses that the Firm incurred in connection with the Bankruptcy Case. All compensation for services rendered, and

13

reimbursement for expenses incurred, are subject to this Court's approval in accordance with the Retention Order, Bankruptcy Code §§ 330 and 331, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of the Eastern District of Louisiana (the "Local Bankruptcy Rules"), and other procedures that this Court may fix. No entity has promised to compensate the Firm for any services rendered, or reimburse it for expenses incurred, in connection with these Bankruptcy Cases except as this Court may approve.

53.     As of today's date, the Firm has received $616,628.22 as approved by the Court (on December 29, 2020) on the Firm's first interim application, and in addition, the following payments from the Debtor under Section XIII(B) of the Court's December 4, 2019 General Order Regarding Procedures for Complex Chapter 11 Cases, on account of the following invoices:

| Invoice Number | Invoice Date | Invoice Amount | Payment Date | Payment Amount |
|---|---|---|---|---|
| 1630093 | 1/27/2021 | $94,458.82 | 3/22/2021 | ($75,951.32) |
| 1632824 | 2/12/2021 | $144,653.38 | 3/22/2021 | ($115,967.98) |
| 1645936 | 4/20/2021 | $177,182.83 | --- | --- |
| 1645938 | 4/20/2021 | $82,306.16 | --- | --- |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  | **TOTAL =** |  | **$191,919.30** |

54.     No agreement or understanding exists between the Firm and any other entity for the sharing of any compensation or reimbursement (i) that the Firm may receive for services rendered in, or in connection with, this Bankruptcy Case or (ii) that such other entity has already received or may receive for services that entity rendered in, or in connection with this Bankruptcy Case, except that the Firm will share any compensation or reimbursement it receives

14

in connection with this Bankruptcy Case with its members, partners, associates, and other Firm

employees (as originally disclosed in the Retention Application).

## IX. STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION AND REIMBURSEMENT OF EXPENSES

55.    Section 330 of the Bankruptcy Code authorizes the Court to award the Firm

reasonable compensation for its actual and necessary legal services rendered and reimbursement

of actual and necessary expenses incurred in the rendering of those legal services as counsel to

the Committee in these Bankruptcy Cases. Bankruptcy Code § 330(a)(1) provides as follows:

> (a)(1)    After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>
> (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

56.    This Application substantiates the total amount the Firm seeks for fees and

expenses in accordance with this Court's standards applied to fee applications. The factors that

courts in this jurisdiction consider when making a discretionary award of reasonable attorneys'

fees and reimbursable expenses were originally described in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* Factors"). The Fifth Circuit

has applied the *Johnson* Factors to the determination of awards of attorneys' fees and expenses

in bankruptcy cases. *In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977), *cert.*

*denied* 431 U.S. 904 (1977). Many of these *Johnson* Factors have now been codified at

Bankruptcy Code § 330(a)(3). 11 U.S.C. § 330(a)(3).

57.    The *Johnson* Factors are summarized as follows: (1) the time and labor required;

15

(2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the bankruptcy case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amounts involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[5] Based upon the services described in this Application, the Firm respectfully represents that it has fully satisfied the standards prescribed by the *Johnson* Factors.

## The Time and Labor Required

58.     Firm attorneys and paraprofessionals, in the performance of legal services, expended 1,426.60[6] hours during the Application Period for a total fee of $490,612.50. Including the 328.10 hours worked but not charged, the blended hourly rate is therefore **$343.90/hour**. The names of the professionals who worked on these Bankruptcy Cases during the Application Period appear in the Invoices and on the cover sheet attached to this Application. The Firm submits that the time and labor these professionals expended in the Bankruptcy Case are appropriate and reasonable and that this *Johnson* Factor supports the Firm's requested award.

## The Novelty and Difficulty of the Questions Presented

59.     This Bankruptcy Case present many novel and difficult questions as described above.  Addressing all these issues necessitated considerable legal expertise.

## The Skill Required to Perform the Services

---

[5] The factors enunciated in *Johnson* have been adopted by four other courts of appeals.  *See Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green*, 778 F.2d 890, 896 (1st Cir. 1985); *Harman v. Levin*, 772 F.2d 1151, 1152-53 (4th Cir. 1985); *Mann v. McCombs*, 751 F.2d 286, 287-88 (8th Cir. 1984); *Yermakov v. Fitzsimmons*, 718 F.2d 1465, 1471 (9th Cir. 1983).

[6] This includes the 328.10 hours worked but not charged.

60.     Representing the Committee in this Bankruptcy Case required considerable skill and expertise in bankruptcy. The Firm employed attorneys and staff persons of varying levels of such skill and expertise to efficiently resolve these issues. The Firm strived to limit the number of attorneys who worked on this case and to use the most appropriate attorney or staff person for any given task. For this reason, the compensation the Firm is requesting for the services rendered by its attorneys and staff persons compares favorably to the compensation awarded in other bankruptcy cases of a similar size and complexity. This factor therefore supports the award the Firm has requested.

**Preclusion of Other Employment Due to Acceptance of the Case**

61.     The Firm has not declined any representation solely because it served as counsel for the Committee in this Bankruptcy Case. Nonetheless, the Firm did shift certain resources from matters involving other clients to address issues arising in the Bankruptcy Case. For this reason, this factor favors granting the award the Firm has sought.

**The Customary Fee**

62.     The Firm computed the amount of compensation it seeks in this Application according to its customary rates, which rates the Firm previously disclosed in the Retention Application. The Firm also maintained detailed time and disbursement records for all legal services for which it seeks compensation. The rates charged for the Firm's legal services in this Bankruptcy Case are comparable to other similar-situated firms. These rates also reflect substantial voluntary reductions of $159,295.50.

63.     Thus, the blended hourly rate on this matter of <u>$343.90/hour</u> is reasonable and reflects market rate or below-market rate for legal services in Chapter 11 bankruptcy cases of this size and complexity. Similarly, the amounts sought for the reimbursement of expenses

17

reflect the prevailing rates for expense reimbursement by law firms similar in size and reputation to the Firm.

**Whether the Fee is Fixed or Contingent**

64.    The Firm's fees for services rendered in this Bankruptcy Case are based on its regular hourly rates, discounted as set forth in the Retention Application and subject in all respects to this Court's approval. The Firm has not requested any contingent fee in this Bankruptcy Case.

**Time Limitations Imposed by the Client or Other Circumstances**

65.    The Firm has had to respond to tight time-constraints arising in this Bankruptcy Case. Matters often arose throughout the Application Period that required the Firm's immediate attention.  Again, the emergency nature of these matters demanded that the Firm's professionals respond on very short notice to complicated and developing events as they unfolded.

**The Amount Involved and the Results Obtained**

66.    The Invoices summarize the individual tasks that Firm personnel performed during the Application Period as well as the amounts charged for those tasks. The total fees the Firm seeks to approve in this Application are commensurate with the issues in this case.

**The Experience, Reputation, and Ability of the Attorneys**

67.    The Firm's attorneys have significant experience in bankruptcy and other areas of the law, possess a high level of expertise, and have excellent reputations in their communities. In particular, the Firm's bankruptcy attorneys have appeared in bankruptcy cases throughout the United States and have provided services to secured creditors, unsecured creditors, creditors' committees, and debtors-in-possession.  In addition, the Firm's attorneys also speak and write on various legal topics in Texas, Louisiana, and elsewhere.

**The "Undesirability" of the Bankruptcy Cases**

68.     From the Firm's perspective, serving as co-counsel to the Committee poses challenges and difficulties.  The effective rates charged are far below the Firm's standard rates. The complex, risky, and complicated nature of this Bankruptcy Case continued throughout the Application Period.

**The Nature and Length of the Professional Relationship with the Client**

69.     The Firm's engagement by the Committee commenced shortly after the Committee was formed.

**Awards in Similar Cases**

70.     The fee award the Firm seeks compares favorably to awards granted in other bankruptcy cases with a size and complexity similar to this Bankruptcy Case.  In addition, the fees sought by Committee counsel are substantially less than the fees sought by the Debtor's professionals.

71.     In conclusion, the *Johnson* Factors favor granting the Firm the fee and expense award it seeks.

## X.     CONCLUSION

72.     The fee and expense award the Firm seeks in this Application is justifiable and appropriate. This Application demonstrates that the Firm is entitled to this award. The Application and the Firm's request for payment meet all the criteria for granting an interim award of fees and expenses to the Firm, as set forth in the Retention Orders, the Fee Procedures Order, Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and this Court's procedures.

73.     The Firm therefore requests that this Court allow to the Firm, on an interim basis,

an award for fees and expenses incurred during the Application Period equal to ***$498,601.19.*** The

requested award (the "Award") consists of $490,612.50 in fees and $7,988.69 in expenses for the

Application Period.

WHEREFORE LOCKE LORD LLP respectfully requests that the Court enter an order:

(i) approving this Application; (ii) allowing, on an interim basis, the reasonable and necessary

attorneys' fees and expenses claimed herein as allowed administrative expenses of the Debtors'

estate under Bankruptcy Code § 503; (iii) directing the Archdiocese to pay these amounts on an

interim basis; and (iv) granting the Firm such other and further relief to which it may be justly

entitled.

Dated: April 29, 2021.

Respectfully submitted,

*/s/ C. Davin Boldissar*
Omer F. Kuebel, III (La #21682)
C. Davin Boldissar (La. #29094)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Facsimile: (504) 558-5200
Email: dboldissar@lockelord.com

*Co-Counsel to the Official Committee of Unsecured
Creditors*

## CERTIFICATE OF SERVICE

I hereby caused a copy of the foregoing *Application* to be served on April 29, 2021 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* through the Master Service List via first-class United States mail, postage prepaid.

*/s/ C. Davin Boldissar*
C. Davin Boldissar