# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § § | |
| | § | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH** | § | |
| **OF THE ARCHDIOCESE OF NEW** | § | Section "A" |
| **ORLEANS,** | § | |
| | § | Chapter 11 |
| Debtor.[1] | § § | |

## SECOND SUPPLEMENTAL AND AMENDED PROTECTIVE ORDER

The Court, having previously entered an Amended Protective Order [ECF Doc. 729] and a Supplemental and Amended Protective Order [ECF Doc. 885] in the above-captioned chapter 11 case (this "Chapter 11 Case"); and, upon the *Joint Motion for Entry of Second Supplemental and Amended Protective Order*, (the "Motion"), [ECF Doc. 1084], filed by The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "Debtor") and the Official Committee of Unsecured Commercial Creditors (the "Commercial Committee"), to further supplement the Amended Protective Order;

WHEREAS, on August 3, 2020, prior to the appointment of the Commercial Committee, the Court entered the Protective Order [ECF No. 305] to protect confidential information and documents in connection with this Chapter 11 Case. The Protective Order was entered into by and among: (a) the Debtor; (b) the Official Committee of Unsecured Creditors (the "Original Committee" or "Tort Committee"); "(c) any of the Debtor's creditors or other constituents that are listed on the signature pages [t]hereto (either directly or through counsel); or (d) any other persons

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

or entities who become bound by th[e] Protective Order by signifying their assent through execution of Exhibit 1 [t]hereto." [ECF No. 305, p. 1];

WHEREAS, on January 25, 2021, also prior to the appointment of the Commercial Committee, the Court entered the Amended Protective Order, which amended and superseded the Protective Order signed on August 3, 2020;

WHEREAS, on May 24, 2021, the Court entered the Supplemental and Amended Protective Order, which supplemented the Amended Protective Order signed on January 25, 2021 to include additional confidentiality provisions protecting certain documents and information; and

WHEREAS, the Debtor and the Commercial Committee agree that the Amended Protective Order should be further amended and supplemented to specifically add the Commercial Committee as a party to the Amended Protective Order and allow the Debtor's insurers to receive documents produced in discovery in the Chapter 11 Case.

**THEREFORE, IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and the Amended Protective Order is hereby amended and supplemented as follows:

1. The Amended Protective Order is hereby supplemented to add the Commercial Committee as a party thereto.

2. The defined term "Committee," as used in the Amended Protective Order and the Supplemental and Amended Protective Order, shall refer to the Original Committee, as well as the Commercial Committee.

3. Paragraph 7 of the Amended Protective Order shall be amended and supplemented to allow the Receiving Party to disclose Discovery Material designated or marked "CONFIDENTIAL" to the following persons, in addition to those already identified in Paragraph 7 of the Amended Protective Order:

a. The Debtor's insurers and their reinsurers, retrocessionaires, regulators, and auditors, in each case only as necessary to resolve issues relating to coverage, for reinsurance and regulatory purposes, and for the purposes outlined in the Amended Protective Order [that is, the "Committee's obligations under the Bankruptcy Code, for purposes of the Chapter 11 Case, and/or for purposes of any judicial proceedings relating thereto (including informal discovery and any contested matters and adversary proceedings commenced in connection with the Chapter 11 Case); and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function, or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court"], after such insurer, reinsurer, retrocessionaire, regulator, or auditor and/or counsel for such insurer, reinsurer, retrocessionaire, regulator, or auditor agrees in writing to be bound by the Amended Protective Order as supplemented and amended.

4. Paragraph 8 of the Amended Protective Order shall be amended and supplemented to allow the Receiving Party to disclose Discovery Material designated or marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the following persons, in addition to those already identified in Paragraph 8 of the Amended Protective Order:

a. Counsel, and staff working under the express direction of such counsel, for the Debtor's insurers and their reinsurers, retrocessionaires, regulators, and auditors that agree in writing to be bound by the Amended Protective Order as supplemented and amended.

5. Paragraph 4.1 of the Amended Protective Order shall be amended and supplemented to allow the Receiving Party to disclose Discovery Material designated or marked

3

"Confidential – Class A" and/or "Confidential – Class B" to the following persons, in addition to those already identified in Paragraph 4.1 of the Amended Protective Order:

      a.      The Debtor's insurers and their reinsurers, retrocessionaires, regulators, and auditors, in each case only as necessary to resolve issues relating to coverage, for reinsurance and regulatory purposes, and for the purposes outlined in the Amended Protective Order [that is, the "Committee's obligations under the Bankruptcy Code, for purposes of the Chapter 11 Case, and/or for purposes of any judicial proceedings relating thereto (including informal discovery and any contested matters and adversary proceedings commenced in connection with the Chapter 11 Case); and not for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function, or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court"], after such insurer, reinsurer, retrocessionaire, regulator, or auditor and/or counsel for such insurer, reinsurer, retrocessionaire, regulator, or auditor agrees in writing to be bound by the Amended Protective Order as supplemented and amended.

6.      Paragraph 14 of the Amended Protective Order shall be amended and supplemented to add the following Subparagraph 14.1:

      a.      14.1. Notwithstanding any other provision in Paragraph 14 of the Amended Protective Order, the Debtor's insurers and their reinsurers, retrocessionaires, regulators, and auditors, and their counsel are permitted to retain Protected Material until all issues relating to coverage have been finally resolved or as otherwise obligated for reinsurance and regulatory purposes and/or in order to comply with existing document retention policies, but must continue

to protect such Protected Material from disclosure subject to the provisions of the Amended Protective Order as supplemented and amended.

**IT IS FURTHER ORDERED** that, except as specifically provided herein, the terms and conditions of the Amended Protective Order, as supplemented and amended by the Supplemental and Amended Protective Order, shall govern.

New Orleans, Louisiana, October 18, 2021.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE