**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | § | SECTION "A" |
| | § | CHAPTER 11 |
| DEBTOR.[1] | § | |
| | § | COMPLEX CASE |

---

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENT AGREEMENT WITH THE UNITED STATES OF AMERICA AND ROBERT ROMERO, PURSUANT TO BANKRUPTCY RULE 9019, AND (II) GRANTING RELATED RELIEF**

The Court has considered the *Debtor's Motion for Entry of an Order (I) Approving Settlement Agreement with the United States of America and Robert Romero, Pursuant to Bankruptcy Rule 9019, and (II) Granting Related Relief* (the "Motion"), [ECF Doc. 1032],[2] filed by the above-captioned debtor and debtor-in-possession (the "Debtor") and the Objections filed by the Unsecured Creditors Committee and the Commercial Creditors Committee, [ECF Docs. 1099 & 1102].

The Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); the Court finding that entry of this Order is fair and equitable and in the best interests of the estate and its creditors under Bankruptcy Rule 9019;

---

1 The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and it appearing to the Court that proper and adequate notice of the Motion has been given and that no other or further notice is necessary,

**IT IS ORDERED** that:

1. The Motion is **GRANTED** as provided for in this Order.

2. The Objections are **OVERRULED**.

3. The Settlement Agreement, a copy of which is attached to the Motion as **Exhibit A**, is hereby approved.

4. The Debtor is authorized, but not directed, to take all other steps necessary to implement the compromise set forth in the Settlement Agreement, including the authorization to execute any other documents as may be necessary to give the compromise and settlement full force and effect.

5. The Debtor is authorized, but not directed, to remit the Settlement Payments, in accordance with the terms of the Settlement Agreement. The Settlement Payments due under the Settlement Agreement are non-dischargeable pursuant to Bankruptcy Code § 1141(d)(6).

6. Notwithstanding any provisions herein, any and all claims, rights and recourse, including without limitation actions to seek reimbursement, indemnity, contribution or any recovery whatsoever relating to the subject matter of the FCA Lawsuit or the Settlement Payment are hereby expressly preserved. For the avoidance of doubt, this reservation of claims, rights and recourse does not include such claims, rights and recourse against the United States or the Relator.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**IT IS FURTHER ORDERED** that counsel for Debtor shall serve this Order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, October 26, 2021.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE