IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**,<br><br>Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>**Chapter 11** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO COMPEL THE DEBTOR TO TERMINATE
PENSION BENEFITS TO CREDIBLY ACCUSED PERSONS**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON **APRIL 14, AT 1:30 P.M. IN COURTROOM B-709, 500 POYDRAS STREET, NEW ORLEANS, LA 70130, OR BY TELEPHONE THROUGH THE DIAL-IN FOR SECTION A 1-888-684-8852; ACCESS CODE 9318283**. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case") of The Roman Catholic Church of The Archdiocese of New Orleans (the "Debtor") hereby moves this Court (the "Motion") for the entry of an order pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), compelling the Debtor to terminate pension payments to

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

112285834v.1

persons against whom there have been substantiated allegations of abuse of a minor or vulnerable adult. In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363 and 1114 of the Bankruptcy Code.

## BACKGROUND

**A.     General Background**

4. On May 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

5. On May 20, 2020, the Office of the United States Trustee for Region 5 (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket #94], consisting of: (i) James Adams, (ii) Jackie Berthelot, (iii) Theodore Jackson, (iv) Eric Johnson, (v) George Coulon, (vi) Patricia Moody, and (vii) Hancock Whitney Bank, as Trustee for Louisiana Public Facilities Authority Revenue Refunding Bonds (Archdiocese of New Orleans Project) Series 7. On June 10, 2020, the U.S. Trustee filed its Notice of Reconstituted

112285834v.1

Committee of Unsecured Creditors, replacing member Hancock Whitney Bank with TMI Trust Company. On October 8, 2020, the U.S. Trustee filed its Notice of Reconstituted Committee of Unsecured Creditors, removing TMI Trust Company.

**B.      The Retirement Plan Obligations**

6. The Debtor's employment policies manual provides that incardinated priests of the Archdiocese, whose retirement from active service is duly accepted by the Archbishop, are eligible for pension and health insurance (the "Retirement Plan").[2] The Retirement Plan is unfunded.[3] The Debtor has elected to account for these retirement benefits under accounting principles generally accepted in the United States of America, as a defined benefit pension plan.[4]

7. Pursuant to the Court's Wage Order entered on May 5, 2020 [Docket #47], the Debtor has been authorized generally to pay prepetition employee obligations as set forth in the Debtor's first day motion. However, the Wage Order specifically excludes from the Debtor's authority any payments to persons against whom there have been substantiated allegations of abuse of a minor or vulnerable adult as listed in the Debtor's 2018 Report Regarding Clergy Abuse and published on the Debtor's website, as amended, except for health insurance reimbursement as required by Bankruptcy Code section 1114(a).[5]

---

[2] Archdiocese of New Orleans Pastoral Handbook of Policies [**Exhibit A**], at § 3.7.

[3] *Expedited Motion for an Order (I) Authorizing But Not Directing, the Debtor to Pay Certain Prepetition (A) Wages, Salaries and Other Compensation, (B) Employee Medical and Similar Benefits, and (II) Authorizing and Directing the Applicable Banks and Financial Institutions to Honor and Pay All Checks and Transfers Associated with the Foregoing* [Docket #7] (the "Wage Motion"), at ¶ 44.

[4] *Id.*

[5] The Wage Order provides in full as follows:

3

112285834v.1

C. **The Additional Credibly Accused Persons**

8. In 2018, the Debtor published its 2018 Report Regarding Clergy Abuse, which it subsequently amended to add more persons to the list. (The 2018 Report, as amended, shall be referred to herein as the "Credibly Accused List".)



---

<sup>6</sup> Notwithstanding anything to the contrary set forth herein, nothing in this Order shall authorize payment to any person against whom there have been substantiated allegations of abuse of a minor or vulnerable adult (as identified in the 2018 Report Regarding Clergy Abuse and published on the Debtor's website) in respect of any prepetition Employee Obligation, except that the Debtor is instructed to continue provision of "retiree benefits" as that term is defined in 11 U.S.C. § 1114(a).

[Docket #100, ¶ 7].

4

112285834v.1





112285834v.1



112285834v.1

█████████████████████████████████████

█████████████████████████████████████

███

16. The Debtor's records reflect that each of the Credibly Accused Persons has received pension and other payments from the Debtor post-petition.[21]

17. In light of the evidence and gravity of the accusations made against the Credibly Accused Persons, and to provide consistent treatment of the Debtor's credibly accused personnel, the Committee submits that an Order should be entered prohibiting the Debtor from making pension benefit payments to the Credibly Accused Persons.

## ARGUMENT

18. Bankruptcy Code section 105 grants the bankruptcy court power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. It also provides that the court is not precluded from "sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

19. The specific issue of the propriety of payment of pensions to credibly accused persons was initially brought before the Court pursuant to correspondence of a person appearing on the list, Gerard Howell, seeking an order compelling the Debtor to recommence

---

[20] █████████████████████████

[21] Declaration of Matthew K. Babcock, **Exhibit K**.

112285834v.1

payment of his pension.[22] As the Court ruled at that time, the Debtor has not made any showing that any persons accused of abuse should continue to receive pension benefits postpetition:

> And if the debtor, you know, wants to present something else before the Court, it may. However, as I explained to begin with, the first day motions, you know, people, the debtor enters bankruptcy and has to get permission. It can't just pay money out to whomever it wants to without permission of the Court once it files for bankruptcy, okay? And it asked for permission. There were objections to some of the things that it wanted to pay and there has not been a showing that payment of the pension influences its ability to reorganize. There's just not been that showing.[23]

20. It is appropriate to supplement the Wage Order, which properly limits the Debtor's authority to pay prepetition employee obligations only to those that are necessary and supported by a business justification. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wage claims pursuant to § 363(b)). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Id.* at 175. *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (Section 105(a) authorizes a court to "permit pre-plan payment of a pre-petition obligation ***when essential to the continued operation of the debtor***.") (emphasis added); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999).

21. The Credibly Accused Persons are not active employees. They have been removed from all postings and, thus, the continuation of their service is of no benefit to the estate. There is no business justification for continuing to pay their pension benefits.[24]

---

[22] Docket No. 70.

[23] Transcript of Proceeding Before the Honorable Meredith S. Grabill, United States Bankruptcy Judge on May 20, 2020, at 48:15-49:9. The relevant excerpts of the hearing are attached as **Exhibit L** hereto.

[24] Indeed, the acts of abuse committed by the Credibly Accused Persons have caused damage to the Debtor

8

112285834v.1

22. No section of the Bankruptcy Code or Rules requires debtors to continue to pay prepetition pension obligations.[25] The Debtor did not, in its first day employee benefits motion, specifically request authority to pay pensions to the Credibly Accused Persons or to any other current or former employees.[26] Indeed, in response to Father Howell's motion, the Debtor objected to payment of his pension indicating that such payments have been frozen since the bankruptcy filing.[27]

23. In light of the evidence of credible accusations against the Credibly Accused Persons summarized above and as set forth on Exhibits B-K hereto, the Committee submits that an Order should be entered that prohibits the Debtor from making payments to or for the benefit of the Credibly Accused Persons other than "retiree benefits" within the meaning of Bankruptcy Code section 1114. The Debtor's choice not to list such individuals should not control their receipt of pension payments.

24. As its investigation continues (with the Debtor's production of additional documents in accordance with this Court's order on the Committee's motion to compel), the

---

through claims of their victims, which would, in turn, give rise to claims by the Debtor against perpetrators.

[25] Bankruptcy Code section 1114 only requires the continuation of "retiree benefits", which are defined as: "payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under this title." Bankruptcy Code section 1114(a).

[26] In the Wages Motion, the Archdiocese sought authority to pay and honor, in the ordinary course of business and in its sole discretion, prepetition claims and obligations related to (a) Unpaid Compensation, including related Payroll Services, (b) Deductions and Payroll Taxes, (c) Reimbursable Expenses, (d) the Employee Benefit Programs, and (e) the Housing Expenses (as those terms are defined in the Wage Motion). (Wage Motion, at ¶ 47). Pension benefits were not included.

[27] *Debtor's Response to Motion to Consider* at ¶ 13.

Committee reserves all rights as to this issue and to the identification of additional individuals to which this consistent treatment should be applied.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an order granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: March 24, 2022

Respectfully submitted,

*By: /s/ Andrew W. Caine*
James I. Stang (CA Bar No. 94435)
(admitted pro hac vice)
Andrew W. Caine (CA Bar No. No.110345)
(admitted pro hac vice)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-and-

Omer F. Kuebel, III (La #21682)
Bradley C. Knapp (La #35867)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Facsimile: (504) 558-5200
Email: rkuebel@lockelord.com
         bknapp@lockelord.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

112285834v.1

## **CERTIFICATE OF SERVICE**

I hereby caused a true and correct copy of the foregoing redacted *Motion of the Official Committee of Unsecured Creditors to Compel the Debtor to Terminate Pension Benefits to Credibly Accused Persons* to be served on March 24, 2022 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Special Notice List as defined and required under the Court's May 1, 2020 *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* via first-class United States mail, postage prepaid on March 25, 2022.

Furthermore, I hereby caused a true and correct copy of the sealed *Motion of the Official Committee of Unsecured Creditors to Compel the Debtor to Terminate Pension Benefits to Credibly Accused Persons* to be served on March 24, 2022, upon the below parties by electronic mail:

| | |
|---|---|
| R. Patrick Vance | Amanda Burnette George |
| Elizabeth J. Futrell | Office of the U.S. Trustee |
| Mark A. Mintz | 400 Poydras Street |
| Laura F. Ashley | Suite 2110 |
| Jones Walker LLP | New Orleans, LA 70130 |
| 201 St. Charles Avenue, 51st Floor | Amanda.B.George@usdoj.gov |
| New Orleans, LA 70170 | |
| Telephone: (504) 582-8000 | |
| Facsimile: (504) 589-8260 | |
| Email: pvance@joneswalker.com | |
| Email: efutrell@joneswalker.com | |
| Email: mmintz@joneswalker.com | |
| Email: lashley@joneswalker.com | |

*/s/ Andrew W. Caine*
Andrew W. Caine

112285834v.1