**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>Debtor. [1] | Case No. 20-10846<br><br>Section "A"<br><br>**Chapter 11** |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>Plaintiff,<br><br>   v.<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS; PHILMAT INC.; SECOND HARVEST FOOD BANK; PROPAGATION OF FAITH; CATHOLIC COMMUNITY FOUNDATION; CHRISTOPHER HOMES, INC.; CATHOLIC CHARITIES, ARCHDIOCESE NEW ORLEANS; NOTRE DAME SEMINARY; ARCHDIOCESE CEMETERIES OFFICE; SCHOOL FOOD AND NUTRITION SERVICES OF NO, INC.; ST. ANN SCHOOL; IMMACULATE CONCEPTION SCHOOL; ST. PETER SCHOOL; HOLY NAME OF JESUS SCHOOL; ST. ELIZABETH ANN SETON SCHOOL; OUR LADY OF THE LAKE SCHOOL; ST. CELTUS SCHOOL; NOTRE DAME HEALTH SYSTEM; MARY QUEEN OF VIETNAM PARISH; OUR LADY OF THE LAKE PARISH; ST. MARIA GORETTI PARISH; ST. EDWARD THE CONFESSOR PARISH; OUR LADY OF LOURDES PARISH; OUR LADY OF PERPETUAL HELP PARISH; ST. RAYMOND & ST. LEO THE GREAT PARISH; OUR LADY OF PROMPT SUCCOR PARISH; ST. PATRICK PARISH; ST. ANN PARISH; AND ST. PAUL THE APOSTLE PARISH**<br><br>Defendants. | Adv. Proc. No. _____ |

---

[1]  The last four digits of the Debtor's federal tax identification number are 8966.  The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

1

## COMPLAINT FOR DECLARATORY RELIEF

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Church of the Archdiocese of New Orleans, ("ANO") brings this adversary proceeding against the defendants named herein and alleges as follows:

## INTRODUCTION

1.      By this complaint, the Committee seeks, *inter alia*, a determination from the Court  (i) that cash and investments owned, managed and controlled by ANO worth  more than $270 million held in accounts which it refers to as Portfolio A (Hancock Whitney Account #3228)[2] and Portfolio B (Hancock Whitney Account #3049) described in more detail below, are not held in trust for ANO's Parishes and Non-Debtor Affiliates (as defined below); (ii) that the assets in Portfolio A and Portfolio B, along with the assets in ANO's Operating Account (Hancock Whitney Account #2118) are not subject to enforceable donor restrictions; and (iii) even if express or other trusts and/or donor restrictions are found to exist, the purported trust funds and restricted funds were commingled with ANO's operating cash and other non-trust funds and unrestricted assets and cannot be traced or identified so that the assets in Portfolio A, Portfolio B and the Operating Account constitute property of ANO's estate.

2.      ANO contends that it holds cash and investments in trust for the benefit of the Parishes and certain other Non-Debtor Affiliates.  As a result, ANO contends that these assets purportedly held in trust are not part of ANO's estate, and thus cannot be reached by creditors of ANO, including the abuse survivors comprising the Committee's constituency.

---

[2] Hancock Whitney Account #3228 is described as the "master" account and consists of no less than 18 individual cash and investment accounts maintained in the name of ANO at Hancock Whitney.

125690231v.1

3.      ANO, the Parishes and Non-Debtor Affiliates also contend that portions of Portfolio A, Portfolio B and the Operating Account are subject to "restrictions" which prohibit the assets from being used to pay the claims of ANO's creditors.

4.      As set forth below, the Committee contends that ANO, the Parishes and Non-Debtor Affiliates cannot meet their burden to establish that valid trusts exist with respect to the cash and investments in Portfolio A and Portfolio B.  In particular, ANO cannot establish that a valid trust was created with the requisite intent, that the legal and beneficial interests in the alleged trust are sufficiently separate. , or that the funds allegedly placed in trust can be identified or "traced" by ANO, the Parishes or the Non-Debtor Affiliates, after they were commingled with ANO's operating cash and other non-trust funds of ANO and prior to being invested in Portfolio A and Portfolio B.

5.      As set forth below, the Committee contends that ANO, the Parishes and Non-Debtor Affiliates cannot meet their burden to identify the specific assets allegedly placed in trust for the benefit of the Parishes and Non-Debtor Affiliates after the funds were commingled with ANO funds in Portfolio A and Portfolio B.

6.      Similarly, ANO, the Parishes and Non-Debtor Affiliates cannot meet their burden to prove that assets in Portfolio A, Portfolio B and Operating Account are subject to enforceable donor restrictions; or if there is evidence of purported donor restrictions, to identify or trace the purportedly restricted investments after they were commingled with ANO's operating funds and other unrestricted funds in both the Operating Account (and other

commingled accounts, together with the Operating Account, the "Operating Accounts") and commingled again with ANO's funds in Portfolio A and Portfolio B.

7.      Therefore, for the reasons set forth below, the Committee respectfully requests a judgment from this Court declaring that Portfolio A, Portfolio B and the Operating Account constitute unrestricted assets of ANO's estate.

8.      The resolution of this litigation is critical to ANO's ability to exit chapter 11 because it will determine what constitutes property of the estate, the value of assets available for distributions to creditors, including the survivors of the childhood sex abuse ("Survivors") enabled by ANO and whether ANO can continue to avoid being held accountable to the Survivors.

## JURISDICTION

9.      This Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334; 11 U.S.C. § 105; and Federal Rules of Bankruptcy Procedure 7001 and 7013.

10.     Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1409.

11.     This adversary proceeding, constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

## PARTIES

12.     On or about May 20, 2020, the United States Trustee appointed, the Committee, to represent ANO's unsecured creditors pursuant to 11 U.S.C. § 1102(a)(1).

125690231v.1

13.     The Roman Catholic Church of New Orleans is a non-profit religious corporation incorporated under the laws of the State of Louisiana and the debtor in the above-captioned chapter 11 case.

14.     The following entities are Catholic-related entities affiliated with ANO that claim interests in Portfolio A as of the Petition Date: (i) Philmat Inc.-$6,478,744.90; (ii) Second Harvest Food Bank-$2,723,836; and (iii) Propagation of Faith-$1,194,316.70.

15.     The following entities are Catholic-related entities affiliated with ANO that claim interests in Portfolio A and B as of the Petition Date: (i) Catholic Community Foundation-$93,602,491.19 in Portfolio A and $8,200,340.07 in Portfolio B; (ii) Christopher Homes, Inc.-$106,677.47 in Portfolio A and $6,676384.22 in Portfolio B; (iii) Catholic Charities, Archdiocese New Orleans-$1,711,175.84 in Portfolio A and $5,411,385.89 in Portfolio B and (iv) Notre Dame Seminary-$5,533,457.64 in Portfolio A and $3,487,580.42 in Portfolio B.

16.     The following entities are Catholic-related entities affiliated with ANO that claim interests in Portfolio B as of the Petition Date: (i) Archdiocese Cemeteries Office-$7,490,490.52; (ii) School Food and Nutrition Services of NO, Inc.-$5,732,125.54; (iii) St. Ann School-$4,691,874.20; (iv) Immaculate Conception School-$2,154,611.96; (v) St. Peter School-$1,970,909.02; (vi) Holy Name of Jesus School-$1,571,736.37; (vii) St. Elizabeth Ann Seton School-$1,479,283.79; (viii) Our Lady of the Lake School-$1,454,661.03; (ix) St. Celtus School-$1,132,334.43; and (x) Notre Dame Health System-$1,000,635.55.  These entities identified in paragraphs 14-16 are sometimes collectively referred to herein as the "Non-Debtor Affiliates."

17.      The following are parishes of ANO located in the State of Louisiana that claim interests in Portfolio B as of the Petition Date:  (i) Mary Queen of Vietnam Parish-$5,915,126.15; (ii) Our Lady of the Lake Parish-$3624209.24; (iii) St. Maria Goretti Parish-$2,234,680.87; (iv) St. Edward the Confessor Parish-$1,901,136.10; (v) Our Lady of Lourdes Parish-$1,842,560.59; (vi) Our Lady of Perpetual Help Parish-$1,787,528.32; (vii) St. Raymond & St. Leo the Great Parish-$1,755,590.18; (viii) Our Lady of Prompt Succor Parish-$1,365,955; (ix) St. Patrick Parish-$1,363,132.57; (x) St. Ann Parish-$1,359,016.29; and (xi) St. Paul the Apostle Parish $1, 094,313.12.  These parishes are sometimes collectively referred to herein as the "Parishes."

## THE ANO BANKRUPTCY CASE

18.      On May 1, 2020 (the "Petition Date"), ANO filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"). ANO continues to operate its business as a debtor in possession.

19.      ANO's commencement of the above-captioned bankruptcy case as of the Petition Date created an "estate" as defined in 11 U.S.C. § 541(a).

## PROPERTY OWNED AND CONTROLLED BY ANO WHICH IT IMPROPERLY CONTENDS IS NOT PROPERTY OF THE ESTATE

20.      On May 1, 2020, ANO filed its *Expedited Motion for Entry of (A) Interim and Final Orders Authorizing (I) the Maintenance of Existing Accounts, Continued Use of Existing Cash Management System and Continued Use of Existing Business Forms, (II) Waiving the Requirements of Section 345(b) of the Bankruptcy Code, and (III) Granting Related Relief, and (B) An Order Scheduling Final Hearing* [Dkt. No. 9] ("Cash Management Motion").

6

**Portfolio A**

21.     The Parishes and Non-Debtor Affiliates provide funds to ANO. ANO pools these funds with ANO's own funds and for investment purposes, transfers the pooled funds to Portfolio A which ANO owns, controls and manages.

22.     The pooling of funds enables ANO, the Parishes and the Non-Debtor Affiliates to access investment opportunities that would not otherwise be available to any of them individually, and to benefit from the reduced transactions costs and the allocation of overhead.

23.     On information and belief, Portfolio A is maintained at Whitney Trust & Asset Management / Hancock Whitney ("Hancock") in the "master" Account #3228.  This master account consists of 18 individual cash and investments accounts at Hancock. All accounts are in the name of ANO and are owned by ANO.

24.     The assets in Portfolio A include cash, cash equivalents, equity mutual funds, and other securities.  As of the Petition Date, ANO had created approximately 300 "participant funds" within the 18 actual Portfolio A accounts.  These "participant funds" are not actual separate accounts or investment funds but rather are merely accounting entries (sometimes referred to as sub-funds) ANO uses to earmark the purported allocation of ownership of funds within the 18 investment accounts to each participant.

25.     On information and belief, ANO is responsible for accounting for transactions regarding Portfolio A across the various sub-funds.

125690231v.1

26.     As of the Petition Date, Portfolio A cash and investments in the actual Portfolio A investment accounts totaled over $204.2 million.

27.     On information and belief, ANO acknowledges that approximately $90.7 million is owned by ANO or an ANO "unit."[3]  Of this amount, ANO contends that (a) approximately $8.1 million is attributable to "units" of ANO that are not legally separate entities and are restricted; (b) approximately $21.0 million is attributable to ANO and is subject to donor restrictions; and (c) the remaining $61.6 million is attributable to ANO and is unrestricted.

28.     The approximately $90.7 million of the investments in Portfolio A that ANO acknowledges are attributable to accounting entries on behalf of ANO and its units are referred to as the "ANO Portfolio A Sub Funds."

29.     ANO, the Parishes and Non-Debtor Affiliates contend that the remaining $113.5 million of the investments in Portfolio A are attributable to accounting entries on behalf of the Parishes and Non-Debtor Affiliates (collectively, the "Non-Debtor Portfolio A Sub Funds") and are not property of the ANO estate.  *See* Amended Statement of Financial Affairs [Dkt.197] Part 11 item 21.

30.     Of the $113.5 million attributable to Non-Debtor Portfolio A Sub Funds, ANO contends that $19.9 million is owned by ANO apostolates and/or affiliates and $93.6

---

[3]  The ANO "units" include: (a) Academy Of Our Lady, (b) Archbishop Chapelle High School, (c) Archbishop Hannan High School, (d) Archbishop Rummel High School, (e) Archbishop Shaw High School, (f) Pope John Paul II High School, (g) St. Charles Catholic School, (h) St. Michael's Special School, (i) St. Scholastica Academy, (j) Our Lady of Guadalupe, and (k) St. Louis Cathedral. Each of these ANO "units" is included in ANO's Monthly Operating Reports and is not a separate legal entity from ANO.

million is attributable to the Catholic Community Foundation, an affiliate of ANO, as a custodian, but is an asset of various Parishes and Non-Debtor Affiliates.

31.     ANO contends that a portion of the approximately $90.7 million it accounts for in the ANO Portfolio A Sub Funds contains investments that are subject to donor restrictions and is not available to satisfy the claims of the Survivors or other unsecured creditors of ANO (the "ANO Portfolio A Purported Restricted Funds").

32.     ANO has failed to provide the Committee with sufficient documentation supporting its contention that the ANO Portfolio A Purported Restricted Funds are, in fact, subject to enforceable donor restrictions.

33.     The Parishes and Non-Debtor Affiliates contend that a portion of the Non-Debtor Portfolio A Sub Funds contains investments that are subject to donor restrictions and is not available to satisfy the claims of the Survivors or other unsecured creditors of ANO (the "Non-Debtor Portfolio A Purported Restricted Funds").

34.     The Parishes and Non-Debtor Affiliates have failed and refused to provide the Committee with documentation sufficient to support their contention that the Non-Debtor Affiliates Portfolio A Purported Restricted Funds are, in fact, subject to enforceable donor restrictions

35.     On information and belief, a significant portion of the funds in Portfolio A, including ANO Portfolio A Sub Funds and Non-Debtor Portfolio A Sub Funds were initially deposited in the ANO Operating Accounts which contained ANO's operating funds and other non-trust funds and unrestricted funds and were commingled with ANO's operating funds, other

9

non-trust funds and unrestricted funds before any transfers were made from the Operating Accounts into Portfolio A.

36.     On information and belief, after ANO received funds into its Operating Accounts, it made periodic transfers from the Operating Accounts, into Portfolio A.  These periodic transfers were unrelated to when funds were deposited into the Operating Accounts, but rather were driven by liquidity and cash management needs of ANO.

37.     On information and belief, the purported trust and/or restricted funds transferred  into Portfolio A via ANO's Operating Accounts cannot be traced or identified since the funds were commingled with ANO's other operating cash, other non-trust funds and other unrestricted funds and cash is fungible.

38.     On information and belief, neither ANO nor the Parishes and Non-Debtor Affiliates understood or intended that any funds in the Portfolio A were to be held in trust by ANO for the benefit of the Parishes and Non-Debtor Affiliates or that ANO owed the Parishes or the Non-Debtor Affiliates a fiduciary duty with regard to funds provided to ANO.  Portfolio A is in fact owned and controlled by ANO, and none of the assets in the Portfolio A are held in trust for the Parishes and Non-Debtor Affiliates.

39.     On information and belief, ANO cannot meet its burden to prove that the ANO Portfolio A Purported Restricted Funds are subject to enforceable donor restrictions.

40.     On information and belief, the Parishes and Non-Debtor Affiliates cannot meet their burden to prove that the Non-Debtor Portfolio A Purported Restricted Funds are subject to enforceable donor restrictions.

125690231v.1

**Portfolio B and the Deposit and Loan Program and Fund**

41.     Portfolio B operates as an internal bank in which ANO acts as the bank and the Parishes and Non-Debtor Affiliates are the depositors and borrowers.  ANO receives deposits of funds from its Parishes and Non-Debtor Affiliates and loans funds from these deposits to the Parishes and Non-Debtor Affiliates.

42.     The Archdiocese owns, controls and manages Portfolio B.

43.     On information and belief, ANO maintains Portfolio B at Hancock in Account #3049.

44.     The assets in Portfolio B include cash, cash equivalents and fixed income securities (including corporate bonds and government securities).  ANO uses Portfolio B to manage and invest its cash and the cash deposited by the Parishes and Non-Debtor Affiliates.

45.     ANO contends that the assets in Portfolio B are used to provide the Archdiocese and certain of Parishes and Non-Debtor Affiliates with low interest loans (the "Deposit and Loan Fund" or "DLF") for construction, renovations, expansions, and other necessities (collectively, the "Loans").

46.     On information and belief, the Parishes and Non-Debtor Affiliates are required to "deposit" funds in excess of 90 days of operating cash with the DLF.  The "deposit" rate is based on the 90 day U.S. Treasury Bill plus 100 basis points.  The Loan rate is based on the 90-day Treasury Bill plus 400 basis points.

47.     Portfolio B consists of one actual account at Hancock.  As of the Petition Date, ANO had created over 450 purported "deposit accounts" and approximately 80 purported

"loan accounts" in Portfolio B.  These purported deposit accounts and loan accounts are not actual separate accounts or investment funds but are merely accounting entries (sometimes referred to as sub-funds) used to allocate activity within the one actual account in Portfolio B among the various participants.

48.     On information and belief, ANO is responsible for accounting for purported transactions across the Portfolio B sub-funds.

49.     As of the Petition Date, Portfolio B cash and investments totaled over $68.1 million.

50.     The current amount of outstanding Loans is unknown to the Committee.

51.     In the Cash Management Motion, ANO contends that approximately 2% of Portfolio B is attributable to accounting entries on behalf of ANO ("ANO Portfolio B Sub Funds").

52.     ANO, the Parishes and Non-Debtor Affiliates contend that the remaining 98% of Portfolio B is  attributable to accounting entries on behalf of the Parishes and Non-Debtor Affiliates (collectively, the "Non-Debtor Portfolio B Sub Funds") and is not property of the ANO estate.  Amended Statement of Financial Affairs [Dkt.197] Part 11 item 21 identifies assets that ANO contends are held for others.

53.     ANO contends that a portion of the ANO Portfolio B Sub Funds contains investments that are subject to donor restrictions and are not available to satisfy the claims of the Survivors or other unsecured creditors of ANO (the "ANO Portfolio B Purported Restricted Funds").

125690231v.1

54.     ANO has failed to provide the Committee with sufficient documentation to support its contention that the ANO Portfolio B Purported Restricted Funds are, in fact, subject to enforceable donor restrictions

55.     On information and belief, the Parishes and Non-Debtor Affiliates contend that a portion of the Non-Debtor Portfolio B Sub Funds contains investments that are subject to donor restrictions and are not available to satisfy the claims of the Survivors or other unsecured creditors of ANO (the "Non-Debtor Portfolio B Purported Restricted Funds").

56.     The Parishes and Non-Debtor Affiliates have failed and refused to provide the Committee with sufficient documentation to support their contention that the Non-Debtor Portfolio B Purported Restricted Funds are, in fact, subject to enforceable donor restrictions.

57.     On information and belief, a significant portion of the funds in Portfolio B, including funds attributable to both ANO Portfolio B Sub Funds and Non-Debtor Portfolio B Sub Funds were initially deposited in the ANO Operating Accounts which contained ANO's operating funds, other non-trust funds and other unrestricted funds and were commingled with ANO's operating funds,  other non-trust funds and other unrestricted funds before any transfers were made from the Operating Accounts, into Portfolio B.

58.     On information and belief, after ANO received funds into its Operating Accounts, it made periodic transfers from the Operating Accounts, into Portfolio B.  These periodic transfers were unrelated to when funds were deposited into the Operating Accounts, but rather were driven by liquidity and cash management needs of ANO.

125690231v.1

59.     On information and belief, the purported trust and/or purported restricted funds transferred into Portfolio B via ANO's Operating Accounts cannot be traced or identified since the funds were commingled with ANO's operating cash, other non-trust funds and other unrestricted funds, and cash is fungible.

60.     When funds are transferred into Portfolio B from ANO's Operating Accounts, the funds are commingled again with ANO's operating cash that is already in Portfolio B at the time of such transfer.

61.     On information and belief, neither ANO, the Parishes, nor Non-Debtor Affiliates understood or intended that any funds in the Portfolio B were to be held in trust by ANO for the benefit of the Parishes and Non-Debtor Affiliates or that ANO owed the Parishes or the Non-Debtor Affiliates a fiduciary duty with regard to funds provided to ANO. Portfolio B is in fact owned and controlled by ANO, and none of the assets in the Portfolio B are held in trust for the Parishes and Non-Debtor Affiliates.

62.     On information and belief, ANO cannot meet its burden to prove that the ANO Portfolio B Purported Restricted Funds are subject to enforceable donor restrictions.

63.     On information and belief, the Parishes and Non-Debtor Affiliates cannot meet their burden to prove that the Non-Debtor Portfolio B Purported Restricted Funds are subject to enforceable donor restrictions.

125690231v.1

**Operating Account**

64.     According to ANO's Amended Schedules of Assets and Liabilities [Docket 198], ANO maintains an Operating Account at Hancock (Account #2118), with a balance of approximately $3.4 million as of the Petition Date.

65.     On information and belief, the Operating Account is ANO's general account in which it makes deposits and withdrawals and funds its operations.

66.     ANO contends that a portion of the approximately $3.4 million in the Operating Account contains investments that are subject to donor restrictions and are not available to satisfy the claims of the Survivors or other unsecured creditors of ANO (the "Operating Account Purported Restricted Funds").

67.     ANO has failed to provide the Committee with sufficient documentation to support its contention that the Operating Account Purported Restricted Funds are, in fact, subject to enforceable donor restrictions.

68.     On information and belief, all of the Operating Account Purported Restricted Funds have been commingled with ANO's unrestricted funds in the Operating Account and cannot be traced.

69.     On information and belief, ANO cannot meet its burden to prove that the Operating Account Purported Restricted Funds are subject to enforceable donor restrictions.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief: No valid trust exists with respect to the Non-Debtor Portfolio A Sub Funds)**

70.     The Committee repeats and realleges the allegations of paragraphs 1 through 69 above as if fully set forth herein.

71.     ANO, the Parishes, and the Non-Debtor Affiliates contend that the assets accounted for in the Non-Debtor Portfolio A Sub Funds are held in either an express or other trust by ANO for the benefit of the Parishes and the Non-Debtor Affiliates.  ANO, the Parishes, and the Non-Debtor Affiliates further contend that the assets allegedly held in trust do not constitute property of ANO's estate.

72.     The Committee, on the other hand, contends that no valid trust exists with respect to any of the assets held by ANO in Portfolio A.  The Committee contends that neither ANO, the Parishes, nor the Non-Debtor Affiliates understood or intended that any funds in Portfolio A were to be held in trust by ANO for the benefit of the Parishes and Non-Debtor Affiliates or that ANO owed the Parishes or the Non-Debtor Affiliates a fiduciary duty with regard to the funds in Portfolio A.  The Committee further contends that both the legal and beneficial interest in Portfolio A and all of the funds and assets therein, are property of ANO's estate, free and clear of the interests of any other person or entity.

73.     An actual, justiciable controversy exists as to whether the assets that ANO has accounted for in the Non-Debtor Portfolio A Sub Funds, are (as ANO, the Parishes and the Non-Debtor Affiliates contend) held in trust by ANO for the benefit of the Parishes and the Non-Debtor Affiliates or are (as the Committee contends) owned by ANO and constitute property of ANO's estate.

125690231v.1

74.     Wherefore, the Committee respectfully prays for a judgment declaring that the assets accounted for in the Non-Debtor Portfolio A Sub Funds are not held in trust by ANO for the benefit of the Parishes and the Non-Debtor Affiliates, and that Portfolio A, and all of the funds and assets therein, constitute property of ANO's estate.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief: No valid trust exists with
respect to the Non-Debtor Portfolio B Sub Funds)**

75.     The Committee repeats and realleges the allegations of paragraphs 1 through 74 above as if fully set forth herein.

76.     ANO, the Parishes, and the Non-Debtor Affiliates contend that the assets accounted for in the Non-Debtor Portfolio B Sub Funds are held in either an express or other trust by ANO for the benefit of the Parishes and the Non-Debtor Affiliates.  ANO, the Parishes, and the Non-Debtor Affiliates further contend that the funds allegedly held in trust do not constitute property of ANO's estate.

77.     The Committee, on the other hand, contends that no valid trust exists with respect to any of the assets held by ANO in Portfolio B.  The Committee contends that neither ANO, the Parishes, nor the Non-Debtor Affiliates understood or intended that any funds in Portfolio B were to be held in trust ANO for the benefit of the Parishes and Non-Debtor Affiliates or that ANO owed the Parishes or the Non-Debtor Affiliates a fiduciary duty with regard to the funds in Portfolio B.  The Committee further contends that both the legal and beneficial interest in Portfolio B and all of the funds and assets therein, are property of ANO's estate, free and clear of the interests of any other person or entity.

125690231v.1

78.     An actual, justiciable controversy exists as to whether the assets that ANO has accounted for in the Non-Debtor Portfolio B Sub Funds are (as ANO, the Parishes and the Non-Debtor Affiliates contend) held in trust by ANO for the benefit of the Parishes and the Non-Debtor Affiliates or are (as the Committee contends) owned by ANO and constitute property of ANO's' estate.

79.     Wherefore, the Committee respectfully prays for a judgment declaring that Portfolio B is not held in trust by ANO for the benefit of the Parishes and the Non-Debtor Affiliates, and that Portfolio B, and all of the funds and assets therein, constitute property of ANO's estate.

## THIRD CLAIM FOR RELIEF

**(Declaratory Relief: No valid trust exists with
respect to the Loans made by the DLF)**

80.     The Committee repeats and realleges the allegations of paragraphs 1 through 79 above as if fully set forth herein.

81.     On information and belief, ANO, the Parishes, and the Non-Debtor Affiliates contend that Loans made by the DLF, or some portion of the Loans, are held in either an express or other trust by ANO for the benefit of the Parishes and the Non-Debtor Affiliates. ANO, the Parishes, and the Non-Debtor Affiliates further contend that the Loans allegedly held in trust do not constitute property of ANO's estate.

82.     The Committee, on the other hand, contends that no valid trust exists with respect to any of the Loans.  The Committee contends that neither ANO, nor the Parishes and Non-Debtor Affiliates understood or intended that any of the Loans were to be held in trust ANO

18
125690231v.1

for the benefit of the Parishes and Non-Debtor Affiliates or that ANO owed the Parishes or the

Non-Debtor Affiliates a fiduciary duty with regard to the Loans.  The Committee further

contends that both the legal and beneficial interest in Portfolio B and all of the funds and assets

therein (including Loans), are property of ANO's estate, free and clear of the interests of any

other person or entity.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Relief: Funds deposited into the ANO's Operating
Accounts before being transferred to Portfolio A are untraceable)**

83.    The Committee repeats and realleges the allegations of each of paragraphs

1 through 82 above as if fully set forth herein.

84.    ANO, the Parishes and Non-Debtor Affiliates contend that they can trace

the funds deposited into ANO's Operating Accounts, and commingled with ANO's operating

funds, other non-trust funds and other unrestricted funds, into the Non-Debtor Portfolio A Sub

Funds.

85.    The Committee contends that the funds allegedly deposited by the

Parishes and the Non-Debtor Affiliates into ANO's Operating Accounts and commingled with

ANO's operating funds, other non-trust funds and other unrestricted funds, cannot be traced into

Non-Debtor Portfolio A Sub Funds.  Therefore, even if an express or other trust is found to exist,

Portfolio A, and all of the funds and assets therein, constitute property of ANO's estate.

86.    An actual, justiciable controversy exists as to whether ANO, the Parishes

and Non-Debtor Affiliates can meet their burden to prove that the funds deposited into ANO's

Operating Accounts, and commingled with the ANO's operating funds, other non-trust funds and

other unrestricted funds, can be traced to the assets that ANO has accounted for in the Non-Debtor Portfolio A Sub Funds.

87.     Wherefore, the Committee respectfully prays for a judgment declaring that that Portfolio A, and all of the funds and assets therein, constitute property of ANO's estate.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief: Funds deposited into the ANO's Operating Accounts before being transferred to Portfolio B are untraceable)

88.     The Committee repeats and realleges the allegations of each of paragraphs 1 through 87 above as if fully set forth herein.

89.     ANO, the Parishes and Non-Debtor Affiliates contend that they can trace the funds deposited into ANO's Operating Accounts, and commingled with ANO's operating funds, other non-trust funds and other unrestricted funds, into the Non-Debtor Portfolio B Sub Funds.

90.     The Committee contends that the funds allegedly deposited by the Parishes and the Non-Debtor Affiliates into ANO's Operating Accounts and commingled with ANO's operating funds, other non-trust funds and other unrestricted funds cannot be traced into the Non-Debtor Portfolio B Sub Funds.  Therefore, even if an express or other trust is found to exist, Portfolio B, and all of the funds and assets therein, constitute property of ANO's estate.

91.     An actual, justiciable controversy exists as to whether ANO, the Parishes and Non-Debtor Affiliates can meet their burden to prove that the funds deposited into ANO's Operating accounts, and commingled with ANO's operating funds, other non-trust funds and

125690231v.1

other unrestricted funds, can be traced to the assets ANO has accounted for in the Non-Debtor

Portfolio B Sub Funds.

92.     Wherefore, the Committee respectfully prays for a judgment declaring that

that Portfolio B, and all of the funds and assets therein, constitute property of ANO's estate.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Relief: Funds deposited into the Portfolio A and commingled with ANO's funds are untraceable)

93.     The Committee repeats and realleges the allegations of each of paragraphs

1 through 92 above as if fully set forth herein.

94.     ANO, the Parishes and Non-Debtor Affiliates contend that they can trace

the assets accounted for in Non-Debtor Portfolio A Sub Funds after they were commingled with

ANO's funds in Portfolio A.

95.     The Committee contends that the funds accounted for in Non-Debtor

Portfolio A Sub Funds cannot be traced after they were commingled with ANO's funds in

Portfolio A.  Therefore, even if an express or other trust is found to exist, Portfolio A, and all of

the funds and assets therein, constitute property of ANO's estate.

96.     An actual, justiciable controversy exists as to whether ANO, the Parishes

and Non-Debtor Affiliates can meet their burden to prove that the funds accounted for in the

Non-Debtor Portfolio A Sub Funds, and commingled with the ANO's funds in Portfolio A can

be traced to the assets ANO has accounted for in the Non-Debtor Portfolio A Sub Funds.

97.     Wherefore, the Committee respectfully prays for a judgment declaring that

that Portfolio A, and all of the funds and assets therein, constitute property of ANO's estate.

125690231v.1

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Relief: Funds deposited into the Portfolio B and commingled with ANO's operating funds are untraceable)**

98.     The Committee repeats and realleges the allegations of each of paragraphs 1 through 97 above as if fully set forth herein.

99.     ANO, the Parishes and Non-Debtor Affiliates contend that they can trace the assets accounted for in Non-Debtor Portfolio B Sub Funds after they were commingled with ANO's operating funds in Portfolio B.

100.     The Committee contends that the funds accounted for in Non-Debtor Portfolio B Sub Funds cannot be traced after they were commingled with ANO's operating cash in Portfolio B.  Therefore, even if an express or other trust is found to exist, Portfolio B, and all of the funds and assets therein, constitute property of ANO's estate.

101.     An actual, justiciable controversy exists as to whether ANO, the Parishes and Non-Debtor Affiliates can meet their burden to prove that the funds accounted for in the Non-Debtor Portfolio B.  Sub Funds, and commingled with the ANO's operating funds in Portfolio B can be traced to the assets ANO has accounted for in the Non-Debtor Portfolio B Sub Funds.

102.     Wherefore, the Committee respectfully prays for a judgment declaring that that Portfolio B, and all of the funds and assets therein, constitute property of ANO's estate.

## EIGHITH CLAIM FOR RELIEF

**(Declaratory Relief: The ANO Portfolio A Purported Restricted Funds are unrestricted property of the estate)**

125690231v.1

103.     The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 102 above as if set forth here.

104.     The Committee contends that the ANO Portfolio A Purported Restricted Funds are unrestricted assets of ANO's estate that may be used to pay the claims of its creditors.

105.     ANO claims that the ANO Portfolio A Purported Restricted Funds are restricted assets of the estate and are not subject to the claims of general creditors.

106.     An actual controversy exists with respect to the interests of the estate in the ANO Portfolio A Purported Restricted Funds and whether or not these funds are in fact restricted.

## <u>NINTH CLAIM FOR RELIEF</u>

### (Declaratory Relief: The ANO Portfolio B Purported Restricted Funds are unrestricted property of the estate)

107.     The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 106 above as if set forth here.

108.     The Committee contends that the ANO Portfolio B Purported Restricted Funds are unrestricted assets of ANO's estate that may be used to pay the claims of its creditors.

109.     ANO claims that the ANO Portfolio B Purported Restricted Funds are restricted assets of the estate and are not subject to the claims of general creditors.

110.     An actual controversy exists with respect to the interests of the estate in the ANO Portfolio B Purported Restricted Funds and whether or not these funds are in fact restricted.

**TENTH CLAIM FOR RELIEF**

**(Declaratory Relief: The Non-Debtor Portfolio A Purported
Restricted Funds are unrestricted property of the estate)**

111.    The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 110 above as if set forth here.

112.    The Committee contends that the Non-Debtor Portfolio A Purported Restricted Funds are unrestricted assets of ANO's estate that may be used to pay the claims of its creditors.

113.    ANO, the Parishes and Non-Debtor Affiliates claim that the Non-Debtor Portfolio A Purported Restricted Funds are restricted assets, are not property of the estate and are not subject to the claims of general creditors.

114.    An actual controversy exists with respect to the interests of the estate in the Non-Debtor Portfolio A Purported Restricted Funds and whether or not these funds are in fact restricted.

**ELEVENTH CLAIM FOR RELIEF**

**(Declaratory Relief: The Non-Debtor Portfolio B Purported
Restricted Funds are unrestricted property of the estate)**

115.    The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 114 above as if set forth here.

116.    The Committee contends that the Non-Debtor Portfolio B Purported Restricted Funds are unrestricted assets of ANO's estate that may be used to pay the claims of its creditors.

24
125690231v.1

117. ANO, the Parishes and Non-Debtor Affiliates claim that the Non-Debtor Portfolio B Purported Restricted Funds are restricted assets, are not property of the estate and are not subject to the claims of general creditors.

118. An actual controversy exists with respect to the interests of the estate in the Non-Debtor Portfolio B Purported Restricted Funds and whether or not these funds are in fact restricted.

## TWELVTH CLAIM FOR RELIEF

**(Declaratory Relief: The Operating Account Purported
Restricted Funds are unrestricted property of the estate)**

119. The Committee repeats and realleges each of the allegations contained in paragraphs 1 through 118 above as if set forth here.

120. The Committee contends that the Operating Account Purported Restricted Funds are unrestricted assets of ANO's estate that may be used to pay the claims of its creditors.

121. ANO, the Parishes and Non-Debtor Affiliates claim that the Operating Account Purported Restricted Funds are restricted assets, are not property of the estate and are not subject to the claims of general creditors.

122. An actual controversy exists with respect to the interests of the estate in the Operating Account Purported Restricted Funds and whether or not these funds are in fact restricted.

**WHEREFORE**, the Committee prays for judgment as follows:

125690231v.1

1.      Declaring that Portfolio A, and the funds and assets therein, are not held by ANO in either an express or other trust and that Portfolio A, and all of the funds and assets therein, constitute property of ANO's' estate under 11 U.S.C. § 541(a)(1);

2.      Declaring that Portfolio B, and the funds and assets therein, are not held by ANO in either an express or other trust and that Portfolio B, and all of the funds and assets therein, constitute  property of ANO's' estate under 11 U.S.C. § 541(a)(1);

3.      Declaring that Loans made by Portfolio B are property of ANO's' estate under 11 U.S.C. § 541(a)(1)

4.      Declaring that the Parishes and Non-Debtor Affiliates cannot meet their burden to trace cash deposited into ANO's Operating accounts and commingled with other funds, prior to being transferred to Portfolio A, and therefore Portfolio A, and all of the funds and assets therein, constitute property of ANO's estate under 11 U.S.C. § 541(a)(1);

5.      Declaring that the Parishes and Non-Debtor Affiliates cannot meet their burden to trace cash  deposited into ANO's Operating accounts and commingled with other funds, prior to being transferred to Portfolio B, and therefore Portfolio B, and all of the funds and assets therein, constitute property of ANO's estate under 11 U.S.C. § 541(a)(1);

6.      Declaring that the Parishes and Non-Debtor Affiliates cannot meet their burden to trace cash deposited into Portfolio A and commingled with ANO's operating funds in Portfolio A, and all of the funds and assets therein, constitute property of ANO's estate under 11 U.S.C. § 541(a)(1);

7.      Declaring that the Parishes and Non-Debtor Affiliates cannot meet their burden to trace cash  deposited into Portfolio B and commingled with ANO's funds in Portfolio B, and all of the funds and assets therein, constitute property of ANO's estate under 11 U.S.C. § 541(a)(1);

8.      Declaring that the ANO Portfolio A Purported Restricted Funds are unrestricted assets of the estate, free and clear of the interests of others, and may be used to satisfy the claims of general creditors;

9.      Declaring that the Non-Debtor Portfolio A Purported Restricted Funds  are unrestricted assets of the estate, free and clear of the interests of others, and may be used to satisfy the claims of general creditors;

10.      Declaring that the ANO Portfolio B Purported Restricted Funds are unrestricted assets of the estate, free and clear of the interests of others, and may be used to satisfy the claims of general creditors;

11.      Declaring that the Non-Debtor Portfolio B Purported Restricted Funds are unrestricted assets of the estate, free and clear of the interests of others, and may be used to satisfy the claims of general creditors;

12.       Declaring that the Operating Account Purported Restricted Funds are unrestricted assets of the estate, free and clear of the interests of others, and may be used to satisfy the claims of general creditors; and

125690231v.1

13.    For such other and further relief as the Court may deem just and proper.

Dated:   April 14, 2022                                         Respectfully submitted,

                                                                By:  /s/  Bradley C. Knapp
                                                                Omer F. Kuebel, III (La #21682)
                                                                Bradley C. Knapp (La. #35867)
                                                                Locke Lord LLP
                                                                601 Poydras Street, Suite 2660
                                                                New Orleans, Louisiana 70130-6036
                                                                Telephone: (504) 558-5111
                                                                Facsimile: (504) 558-5200
                                                                Email: bknapp@lockelord.com

                                                                and

                                                                James I. Stang (CA Bar No. 94435)
                                                                (admitted pro hac vice)
                                                                Kenneth H. Brown (CA Bar No. 100396)
                                                                (admitted pro hac vice)
                                                                Andrew W. Caine (CA Bar No. No.110345)
                                                                (admitted pro hac vice)
                                                                Pachulski Stang Ziehl & Jones LLP
                                                                10100 Santa Monica Blvd., Suite 1300
                                                                Los Angeles, CA  90067
                                                                Telephone:  (310) 277-6910
                                                                Facsimile:  (310) 201-0760

                                                                *Co-Counsel to the Official Committee of Unsecured Creditors*

28
125690231v.1