**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>Debtor.[1] | CASE NO. 20-10846<br><br>CHAPTER 11 |

**UNITED STATES TRUSTEE'S EX PARTE MOTION FOR ORDER LIMITING NOTICE REQUIRED FOR FRBP 2004 EXAMINATIONS CONDUCTED PURSUANT TO COURT'S APRIL 25, 2022 ORDER [DOC. 1468]**

**NOW INTO COURT** comes David W. Asbach, Acting U.S. Trustee for Region 5, by and through undersigned counsel, and respectfully moves this Honorable Court for an order limiting the notice otherwise required by Local Rule 2004-1 for Fed. R. Bankr. P. 2004 examinations conducted pursuant to the Court's April 25, 2022 Order requiring the United States Trustee to conduct an investigation. [Doc. 1468].

## JURISDICTION

1.  The United States Trustee is a Department of Justice official charged with, among other things, supervising bankruptcy case administration. 28 U.S.C. § 586(a)(3). United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6049; *In re Youk-See*, 450 B.R. 312, 321 (Bankr. D. Mass. 2011).

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTS**

5. On May 1, 2020, the Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor") commenced its voluntary case under Chapter 11 of the Bankruptcy Code. [Doc. 1]. The Debtor is authorized to continue to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code.

6. No Chapter 11 trustee has been appointed, and the Debtor remains in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7. On May 20, 2020, the U.S. Trustee appointed an official committee of unsecured creditors (the "Official Committee") pursuant to 11 U.S.C. § 1102(a). [Doc. 94]. The U.S. Trustee reconstituted the Official Committee on June 10, 2020 [Doc. 151] and on October 8, 2020 [Doc. 478].

8. On March 5, 2021, the United States Trustee appointed an Official Committee of Unsecured Commercial Creditors (the "Commercial Committee"). [Doc. 772].

9. During the course of this bankruptcy proceeding, the Debtor agreed to produce to certain confidential internal documents to the Official Committee. [*See* Docs. 722, 755, 804, 909, 962, 1016, 1018, 1166, 1171, 1271, 1336].

10. These productions were made subject to a Protective Order entered on August 3, 2020 [Doc. 305], which was superseded with an Amended Protective Order on January 25, 2021 [Doc. 729] and supplemented twice, on May 24, 2021 [Doc. 885] and October 18, 2021 [Doc. 1120] (collectively, the "Protective Orders").

11. To date, the signatories bound by the Protective Orders are (i) the Debtor, its counsel, other professionals, and insurers; (ii) the members of the Official Committee, the

Official Committee's counsel and other professionals, and the individual members' counsel; (iii) the Commercial Committee and its counsel; and (iv) any other persons or entities who have signed a Confidentiality Agreement and consented to be bound by the Protective Orders. [Doc. 1468].

12. On January 20, 2022, the Debtor filed under seal a *Motion for Entry of an Order: (A) Compelling the Tort Committee and/or Its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order* (the "Motion to Compel"). [Doc. 1256].

13. On April 25, 2022, the Court entered an Order, directing the U.S. Trustee to independently investigate the allegations presented by the Debtor in the Motion to Compel (the "Order to Investigate"). [Doc. 1468]. The Order to Investigate further directs the U.S. Trustee to prepare a Statement of Position on or before June 3, 2022. *Id*. The Order makes provision for the U.S. Trustee to conduct Fed. R. Bankr. P. 2004 examination as part of that investigation. *Id.*

14. Local Rule 2004-1 states that *"[e]xcept as otherwise ordered by the court*, motions pursuant to FRBP 2004 must be served upon the examinee, the debtor, debtor's counsel, all counsel of record, the trustee, trustee's counsel, counsel for all official committees (or the twenty (20) largest unsecured creditors if an unsecured creditors' committee has not been formed), and the United States Trustee." (Emphasis added.)

## RELIEF REQUESTED

15. By this Ex Parte Motion, the U.S. Trustee seeks an order allowing the U.S Trustee to limit the notice required for any Fed. R. Bankr. P. 2004 examination it conducts pursuant to the Court's Order to Investigate to: (1) the examinee and their counsel; (2) the Debtor; (3) the Official Committee.

**BASIS FOR RELIEF**

16. Local Rule 2004-1 directly provides that the Court may, by order, limit the scope of the notice required by the Rule. Here, the U.S. Trustee will be conducting a significant number of Fed. R. Bankr. P. 2004 examinations in a short window of time. The full notice required by Local Rule 2004-1 would be a substantial burden on the U.S. Trustee's investigation.

17. Furthermore, the examinations involve confidential information subject to the Court's Protective Orders. The motions for the examinations will all likely be filed under seal, further making the full notice required by Local Rule 2004-1 inappropriate. The U.S Trustee will also be seeking in each motion to limit attendance to the examination in order to protect confidential information and to avoid compromising the investigation. As a result, the full notice required by Local Rule 2004-1 would not serve any immediate purpose, given that those who would receive the notice will likely be barred from attending or participating the examination.

WHEREFORE, the United States Trustee prays that this Court grant this motion and order that the notice required for any Fed. R. Bankr. P. 2004 examination conducted by the U.S. Trustee pursuant to the Order to Investigate is limited to: (1) the examinee and their counsel; (2) the Debtor; and (3) the Official Committee.

Dated: April 29, 2022

Respectfully submitted,

DAVID W. ASBACH
Acting United States Trustee, Region 5

by: *s/Amanda Burnette George*
AMANDA BURNETTE GEORGE (31642)
Trial Attorney, Office of the U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Fax no. (504) 589-4096
Amanda.B.George@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>Debtor. | **CASE NO. 20-10846**<br><br>**CHAPTER 11** |

## ORDER

**CONSIDERING** the United States Trustee's Ex Parte Motion for Order Limiting Notice Required for FRBP 2004 Examinations Conducted Pursuant to Court's April 25, 2022 Order (the "Motion to Limit Notice"), the case record, and applicable law:

**IT IS ORDERED** that the United States Trustee's Motion to Limit Notice is **GRANTED**.

**IT IS FURTHER ORDERED** that service of Motions and Orders for Examination and Production of Documents pursuant to Fed. R. Bankr. P. 2004 issued by the United States Trustee in connection with this Court's Order entered on April 25, 2022 [Doc. No. 1468] shall be limited to:

a. the examinee and their counsel;

b. the above-captioned Debtor and its counsel; and

c. the Official Committee of Unsecured Creditors and its counsel.

New Orleans, Louisiana, April 2022.