**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT FOR LOUISIANA**

| | | |
|---|---|---|
| IN RE | § | CASE NO. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH OF | § | |
| THE ARCHDIOCESE OF NEW | § | CHAPTER 11 |
| ORLEANS, | § | |
| | § | |
| | § | |
| DEBTOR. | § | COMPLEX CASE |

**ORDER**

The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor" or, prepetition, the "Archdiocese") filed for bankruptcy protection under chapter 11 of the Bankruptcy Code on May 1, 2020. On May 20, 2020, the Office of the United States Trustee ("UST") constituted the Official Committee of Unsecured Creditors (the "Committee"). [ECF Doc. 94]. The Committee is currently comprised of six holders of unsecured tort claims: James Adams, Patricia Moody, George Coulon, Theodore Jackson, Jackie Berthelot, and Eric Johnson. [ECF Doc. 478].

On August 3, 2020, this Court granted the motion for a protective order filed by the Debtor and entered a Protective Order to protect highly confidential and sensitive information from disclosure during the course of discovery. [ECF Doc. 305]. The Court amended its Protective Order several times to accommodate the needs of the parties. [ECF Docs. 729, 885 & 1120]. Paragraphs 7 and 8 of the Protective Order set forth use and disclosure limits for material designated as "Confidential" and "Confidential—Attorneys' Eyes Only." [ECF Doc. 729]. Although the Protective Order authorizes the use of confidential material for the Debtor to fulfill its fiduciary duties in its chapter 11 case and the Committee to fulfill its own responsibilities under the Bankruptcy Code, other uses are prohibited. *See id*. ¶ 7. Those prohibited uses include "without limitation any business, governmental, competitive, commercial, administrative,

publicity, press release, marketing or research purpose or function or in any other legal case, lawsuit, proceeding, investigation or otherwise except as expressly provided herein or as ordered by the Court . . . ." *Id.* Paragraph 9 of the Protective Order defines "Protected Material" as "Discovery Material designated by a Producing Party as 'CONFIDENTIAL' or 'CONFIDENTIAL—ATTORNEYS' EYES ONLY' under this Protective Order." *Id.* ¶ 9. That paragraph further provides that any Protected Material "shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, or for any purpose whatsoever other than for Authorized Uses." *See id.*

On January 20, 2022, the Debtor, with leave of Court, filed under seal *Debtor's Motion for Entry of an Order: (A) Compelling the Tort Committee and/or Its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order*. [ECF Doc. 1256]. On April 25, 2022, after allowing time for the Debtor and the Committee at their request to engage in limited discovery, this Court issued an Order instructing the UST to conduct an independent investigation into credible allegations regarding the intentional dissemination of highly confidential and sensitive information in violation of this Court's Protective Order by an individual or individuals associated with the Committee. [ECF Doc. 1468]. As described in the April 25, 2022 Order, the Court was—and remains—very concerned about a willful breach of the Protective Order, as well as the timing of the breach and its negative impact on the functioning of the Committee, the rights of parties in interest in the bankruptcy process, and the ability of the parties to proceed in good-faith mediation of abuse claims asserted against the estate.

The UST submitted its thorough report to the Court under seal as instructed on June 3, 2022 (the "UST Report"). [ECF Doc. 1572]. The UST Report remains under seal at this time.

The Court has reviewed the UST Report and the attachments thereto, which include 78 sworn declarations; 18 transcripts of sworn examinations provided under Rule 2004 of the Federal Rules of Bankruptcy Procedure; one transcript and one summary of two unsworn telephonic interviews; and numerous documents produced to the UST pursuant to Rule 2004, including relevant telephone and text message logs, electronic transaction reports, and e-mail and letter correspondence.

The sworn testimony of attorney Richard Trahant accompanying the UST Report supports the UST's statement that Trahant serves as co-counsel with attorneys John Denenea and Soren Gisleson to represent the personal interests of four individual members of the Committee; prepetition, the three attorneys pursued those members' claims against the Archdiocese in state court. Trahant's testimony confirmed that he, Denenea, and Gisleson practice law as a group, even though they each may be sole proprietors or partners in different law firms.

Trahant's testimony, as well as documents attached to the UST Report, also confirm the UST's finding that Trahant received confidential information produced by the Debtor in the course of discovery in this case. Finally, Trahant's testimony and certain documents support the UST's findings that (i) Trahant had read and was bound by the Protective Order; (ii) knew that he was bound by the Protective Order; and (iii) beginning on December 31, 2021, provided on multiple occasions confidential information he received to a third party and the media in direct violation of this Court's Protective Order. The Court finds, based on its review of Trahant's testimony, that his disclosures and violation of the Protective Order was knowing and willful.

No dispute exists that the information that reached the media was information that could not have come from any other source but the Debtor's production of discovery in this case. Although the Court commends the UST's diligence and expeditiousness in investigating the

disclosure of highly confidential information in violation of the Protective Order, as the UST Report acknowledges, serious questions remain regarding the extent of the information that was provided to third parties and the media by Trahant and whether documents or sensitive information contained therein was also provided to the media by someone else. The fact that no one may ever be able to uncover the extent of the breach, however, does not affect this Court's duty to protect the integrity of the bankruptcy process and enforce its own Orders.

Trahant's willful breach of this Court's Protective Order clearly disqualifies him from further receiving Protected Material in this case and participating in any confidential Committee proceedings, including meetings, deliberations, and mediation. To be sure, Trahant has never served as a member of the Committee; yet, as personal counsel to individual Committee members, Trahant and his team of co-counsel received confidential information from the Debtor. The Court acknowledges that individual Committee members may retain the attorney of their choosing to represent their personal interests in this chapter 11 case and have chosen Trahant and his group. This Court certainly has no intention of invading the attorney-client privilege to modulate the communications between those Committee members and their attorneys; indeed, any attempt to regulate or stop the flow of information or candor that must exist between a client and her attorney is not only a futile endeavor, but would offend a fundamental facet of effective legal representation. Thus, an impasse has been reached.

This Court must nevertheless act to protect against disruption of the bankruptcy process, to guard the rights of all parties in interest, and, most immediately in light of the current posture of this case, to preserve the trust in the confidentiality of mediation. Given Trahant's willful breach and disregard of this Court's Protective Order and the dynamics present on the Committee, the

Court is forced to impute Trahant's actions to those of his clients on the Committee and finds cause for their removal from the Committee. Therefore,

**IT IS ORDERED** that, pursuant to § 105(a),[1] and § 1102(a)(4), to prevent an abuse of process and to ensure adequate representation of creditors, the United States Trustee will immediately relieve the following members of the Committee from service on the Committee: James Adams, Theodore Jackson, Jackie Berthelot, and Eric Johnson.

**IT IS FURTHER ORDERED** that, to the extent that the United States Trustee in her discretion finds it necessary, she is free to add members to the Committee, provided that none of the conflicts identified herein exist for new Committee members; otherwise, the Committee may continue to function with its two remaining members.

**IT IS FURTHER ORDERED** that counsel for the Debtor serve this Order via first-class U.S. Mail on those parties in interest who will not receive service via this Court's CM/ECF system and file a certificate of service within three days.

The Court will issue a separate Order To Show Cause to determine appropriate sanctions for Trahant's disclosure of confidential information in violation of this Court's Protective Order.

New Orleans, Louisiana, this 7th day of June, 2022.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUTPCY COURT

---

[1] That section of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).