Yes!**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT FOR LOUISIANA**

| | | |
|---|---|---|
| IN RE | § | CASE NO. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH OF | § | |
| THE ARCHDIOCESE OF NEW | § | CHAPTER 11 |
| ORLEANS, | § | |
| | § | |
| | § | |
| DEBTOR. | § | COMPLEX CASE |

**ORDER TO SHOW CAUSE**

On June 7, 2022, this Court issued an Order, which in pertinent part, adopted the findings of the independent investigation of the Office of the United States Trustee (the "Trustee Report"), [ECF Doc. 1574],[1] that (i) attorney Richard Trahant received confidential information in connection with his representation of individual members of the Official Committee of Unsecured Creditors (the "Committee") that was produced by the Debtor in the course of discovery in this case; (ii) Trahant had read and was bound by the Protective Order issued by this Court to guard against the unauthorized disclosure of highly confidential and sensitive information during the course of discovery in this case; (iii) Trahant knew that he was bound by the Protective Order; and (iv) beginning on December 31, 2021, Trahant provided on multiple occasions confidential information he received to a third party and the media in direct violation of this Court's Protective Order. The Court also found, based on its review of documents appended to the Trustee Report, including Trahant's own sworn testimony, that his disclosures and violation of the Protective Order was knowing and willful.

The Court's June 7, 2022 Order stated that the Court would issue a separate Order To Show Cause to determine appropriate sanctions for Trahant's disclosure of confidential information in

---

[1]     The UST Report is currently filed under seal and remains under seal pursuant to 11 U.S.C. § 107(b)(2), "to protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

violation of this Court's Protective Order.  This Court holds both "inherent contempt authority and

equitable authority under § 105 [of the Bankruptcy Code]."  *In re Cano*, 410 B.R. 506, 538 (Bankr.

S.D. Tex. 2009).  "Federal courts have inherent powers which include the authority to sanction a

party or attorney when necessary to achieve the orderly and expeditious disposition of their

dockets."  *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (citations omitted);

*see also In re Spectee Grp., Inc.*, 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995) ("A Court has inherent

authority to supervise and control its own proceedings, and to require the payment of the other

party's attorney's fees by one who has 'acted in bad faith, vexatiously, wantonly, or for oppressive

reasons.'" (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986))).

This Court also has a statutory grant of authority under § 105(a) of the Bankruptcy Code

"to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of this title."  11 U.S.C. § 105(a).  In addition to granting broad power to implement provisions of

the Bankruptcy Code, § 105(a) "has been interpreted as supporting the inherent authority of the

bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process."  *In re Carroll*,

850 F.3d at 816 (quoting *Walton v. LaBarge, Jr. (In re Clark)*, 223 F.3 859, 864 (8th Cir. 2000);

*Friendly Fin. Discount Corp. v. Tucker (In re Tucker)*, No. 99-31069, 2000 WL 992448, at *3 (5th

Cir. June 28, 2000)); *see also In re Tabor*, 583 B.R. 155, 177 (Bankr. N.D. Ill. 2018) (citing *In re

Volpert*, 110 F.3d 494, 500 (7th Cir. 1997)).

Thus,

**IT IS ORDERED** that Richard Trahant shall **APPEAR on Monday, July 25, 2022, at

10:00 a.m. AND SHOW CAUSE** before this Court as to why he should not be sanctioned for his

willful violation of this Court's Protective Order;

2

**IT IS FURTHER ORDERED** that the United States Trustee shall provide the Trustee Report and all exhibits appended to the report to Mr. Trahant and any counsel he may retain to represent him in this matter; **PROVIDED THAT** Trahant's counsel reviews, signs, and agrees to be bound by the Protective Order in this case and submits an executed Protective Order to the United States Trustee and counsel for the Debtor and the Committee.  **Mr. Trahant and counsel are reminded that the UST Report is currently filed under seal pursuant to 11 U.S.C. § 107(b)(2) and is considered to be highly confidential Protected Material and subject to the Protective Order.**

**IT IS FURTHER ORDERED** that counsel for the Debtor and the Committee are instructed to compile invoices identifying attorney and paralegal time spent on services related to the *Debtor's Motion for Entry of an Order:  (A) Compelling the Tort Committee and/or Its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order,* [ECF Doc. 1256].  Those invoices are to be redacted for privilege and filed into the docket in this case, with unredacted copies delivered by hand to the Court, on or before **Friday, July 1, 2022**.

**IT IS FURTHER ORDERED** that Mr. Trahant shall file a written response for this Court's consideration regarding impositions of sanctions against him on or before **Monday, July 18, 2022**.

New Orleans, Louisiana, this 13th day of June, 2022.

 

 

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE