## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | § § § § § | CHAPTER 11 SECTION A |
| DEBTOR.[1] | § | |

### AGREED ORDER CONCERNING DEBTOR'S EXPEDITED MOTION FOR AUTHORITY TO LEASE PROPERTY PURSUANT TO §§ 105(a) AND 363(b) OF THE BANKRUPTCY CODE

Having considered the *Debtor's Expedited Motion for Authority to Lease Property Pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code* (the "Motion"), [ECF No. 1584][2], and *Notice of Filing of Supplemental and Revised Exhibits*, [ECF No. 1612], filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); the *Limited Objection to Debtor's Expedited Motion for Authority to Lease Property Pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code*, [ECF No. 1597], filed by the Official Committee of Unsecured Commercial Creditors (the "Commercial Committee"); the *Objection of the Official Committee of Unsecured Creditors to the Debtor's Expedited Motion for Authority to Lease Property Pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code*, [ECF No. 1599], filed by the Official Committee of Unsecured

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Creditors (the "Committee")[3]; and having been advised that the parties have consented the following relief,

**IT IS ORDERED** that:

1. The Motion is **GRANTED** as provided for in this Order, without prejudice to the right of (a) the Debtor to seek further relief as set forth in paragraphs 5-6 below or (b) the Committees to lodge and pursue further objections thereto.

2. The proposed lease of certain limited portions of the Debtor's church and school campus bearing Municipal Nos. 1000 N. Starrett Road and 917 North Atlanta Street, Metairie, Louisiana, commonly known as Our Lady of Divine Providence Roman Catholic Church, (the "Leased Premises") to Jefferson Parish, through its Department of Community Action Programs, a political subdivision of the State of Louisiana, (the "Lessee"), the terms of which are memorialized in the Lease Agreement attached hereto as **Exhibit A** (the "Revised Lease"), is hereby approved.

3. The Debtor is authorized, but not directed, to take all steps necessary to consummate the transaction contemplated by the Revised Lease, including authorization to execute any other documents as may be necessary to give the Revised Lease full force and effect.

4. The Court finds that the Lessee is a good-faith lessee within the meaning of Bankruptcy Code § 363(m) and, therefore, is entitled to all of the protections afforded under § 363(m).

5. The hearing on this matter is **CONTINUED** to **August 18, 2022, at 1:30 p.m. Central Time** for purposes of considering whether the term of the Revised Lease should be

---

[3] Together, the Commercial Committee and the Committee are referred to herein as the "**Committees**".

extended for additional time. Pursuant to General Order 2021-2 and 21-17, parties in interest and their counsel may attend the hearing either **IN PERSON**, in Courtroom B-709, 500 Poydras Street, New Orleans, LA 70130, or **BY TELEPHONE** through the dial-in for Section A: 1-888- 684-8852; Access Code 9318283.

6. Any pleadings or evidence that the Debtor intends to file to support its request for an extension of the term of the Revised Lease must be filed no later than **August 4, 2022**. Any objections to the Debtor's request for an extension of the term of the Revised Lease must be filed no later than **August 11, 2022**.

7. This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 7062, 9014, or otherwise. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

9. The Debtor shall serve this Order on the required parties who will not receive a copy through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, June 22, 2022.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## LEASE AGREEMENT

1) <u>PARTIES; PROPERTY</u>. THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, a Louisiana non-profit corporation, represented by it undersigned agent, duly authorized ("Lessor"), hereby leases to JEFFERSON PARISH through its Department of Community Action Programs, a political subdivision of the State of Louisiana, herein represented by its undersigned agent, duly authorized ("Lessee"), the following described premises:

   Certain limited portions of the church and school campus bearing Municipal Nos. 1000 N. Starrett Road and 917 North Atlanta Street and being commonly known as Our Lady of Divine Providence Roman Catholic Church, together with the improvements thereon consisting of approximately 13,128 square feet including the Bahan Center Classrooms, Cafeteria, and Hall (collectively, 11,640 sq. ft) and the Library (1,488 square feet) (hereinafter, collectively, the "Leased Premises").

   Lessee shall also be entitled to shared use with Lessor and its guests and invitees of such other of Lessor's contiguous property as is reasonably necessary for ingress and egress to and from the Leased Premises, including entrances and exits, hallways, stairwells, and restrooms, and to shared use of the entry corridors, sidewalks, and parking areas adjacent to the Leased Premises, accessed both from 1000 N. Starrett Road and 917 North Atlanta St., except that Lessor shall be entitled to exclusive use of the parking areas on Sundays and during church events, including but not limited to, weddings, funerals, and holy days of obligation.

   Lessee and Lessor shall have shared use of the Bahan Classrooms, Cafeteria, and Hall during the weekends and on other such times mutually agreed upon by Lessor and Lessee, which use shall be at no cost to Lessor nor offset of rent in favor of Lessee, provided such use does not interfere with Lessee's planned school activities. In order to facilitate the shared use contemplated herein, Lessor and Lessee agrees to provide a monthly calendar whereby the parties will coordinate desired use of the property.

   In addition to the foregoing, before, during and after Mass times on each Saturday and Sunday and on holy days of obligation, and from time-to-time other days for funeral services and other programs related to Lessor's ministry, Lessor anticipates that it will require a majority use of the parking area(s) and Lessee herein agrees to and shall accommodate Lessor's need for a majority use of the parking area(s) during such times. When such event occurs during a normal school day and time, Lessor agrees to provide sufficient prior notice to Lessee so that Lessee may plan accordingly.

2) <u>TERM; RENEWAL.</u> This Lease shall commence at 12:00 A.M. on July 1, 2022, and terminate at 11:59 P.M., on June 30, 202~~3~~5 (the "Term"). Notwithstanding the foregoing, Lessee shall be permitted to enter the Leased Premises commencing June 15, 2022 for the limited purpose of moving its personal property into the Leased Premises

("Early Entry"), provided that Lessor has the right to immediately modify or terminate any Early Entry rights with or without cause by providing written or verbal notice to Lessee. Except for the payment of rent, which shall commence as set forth in Section 3 hereinbelow, all other terms conditions and obligations of Lessee shall apply during Early Entry.

Provided Lessee is not in default of any of the terms hereof, Lessor hereby agrees to consider allowing Lessee the right to renew this Lease for one (1) additional separate, but immediately consecutive, three (3) year terms following the expiration of the initial lease Term, which renewal is anticipated to be on terms and conditions similar to those set forth herein, except that Lessee and Lessor acknowledge that the rent to be paid during any such renewal term is subject to mutual agreement of the parties. Lessee shall provide Lessor notice of its desire to renew at least ninety (90) days prior to the expiration of the primary term.

3) CONSIDERATION. Lessee shall pay to Lessor rent in the amount of FOUR THOUSAND THREE HUNDRED SEVENTY-SIX AND NO/100 ($4,376.00) DOLLARS, per month during the entire lease Term.

All rent shall be paid to Lessor on or before the first (1st) day of each month during the full Term of this Lease and delivered to Lessor at 1000 N. Starrett Road, Metairie, Louisiana 70003, or at any other location that Lessor may otherwise designate from time-to-time.

4) USE OF PREMISES. The Leased Premises shall be utilized by Lessee for the operation of JeffCap Head Start providing services for child care between the ages of 6 weeks to 5 years of age (hereinafter "Permitted Use"), but for no other purpose without the prior written consent of Lessor, which consent shall be in Lessor's sole discretion.

Lessee shall be responsible for providing at its sole cost sufficient and properly trained staff and/or volunteers capable of adequately supervising all uses of the Leased Premises. Lessee shall retain exclusive control over its employees, volunteers, and agents. Employees of Lessee are not intended to be employees of Lessor under the meaning or application of any federal, state, or local unemployment insurance laws, social security law, or any workers' compensation law, labor law, or otherwise. Neither Lessor nor Lessee shall represent itself as an agent or partner or joint venturer of the other. Neither Lessor nor Lessee shall have any authority to bind the other party in any respect or to enter into contracts or agreements on behalf of the other party.

During any and all uses of the Leased Premises, Lessee agrees to and shall provide, at its sole cost and expense, proper and adequate security taking into account all relevant circumstances.

5)     <u>CONDITION, REPAIR, MAINTENANCE, AND UPKEEP.</u> Lessee acknowledges that it has made an inspection of the Leased Premises and finds the same suitable for its intended purpose and accepts said premises in its present "AS-IS" condition. Lessor does not warrant that the Leased Premises are free of defects or any other hazards. Lessee shall ensure that the Leased Premises are at all times in compliance with federal, state or local codes for health, safety, and/or accessibility, including but not limited to the requirements as set forth by the Life Safety Code, any health code, the Louisiana Department of Education, the Department of Environmental Protection, the Fire Marshal, or any other such regulatory agencies or codes. Lessee shall at its own cost and expense obtain any and all licenses and permits necessary for its intended use of the Leased Premises.

Lessee accepts the Leased Premises in its present condition. Lessee will at Lessee's sole expense keep and maintain in good repair the Leased Premises, including, without limitation, making all ordinary repairs, which shall consist of repairs that arise from normal use of the Leased Premises by Lessee as required to keep the Leased Premises in good working order, including but not limited to minor repairs to the HVAC, plumbing, lighting (including fixtures), broken glass, and cosmetic repairs to walls, floors and ceilings. Any ordinary repairs caused to be made by Lessee shall be performed in a good and workmanlike manner and in accordance with all applicable regulations and laws of the Parish of Jefferson, State of Louisiana, and any other applicable governing or licensing agency.

Lessor shall be responsible for any necessary major repairs and/or replacement of the roof, foundation, electrical systems, HVAC system, underground plumbing, and structural elements of interior and exterior walls, and such repairs shall be made by Lessor at its cost and expense.

Lessor shall not be obliged to make any repair for which it is responsible hereunder unless it has been notified in writing by the Lessee of the need for such repair and shall have had a reasonable period of time to make such repair. Lessor shall not be liable for any damage or loss caused by leaks, stoppage of water, sewer or drains or any other defects about the Leased Premises, unless it shall have failed to repair the defect within a reasonable time following written demand to do so. Lessor, its employees, agents, and/or contractors shall have the right to enter the Leased Premises at any reasonable time for the purpose of making repairs necessary for the preservation of the property.

6)     <u>UTILITIES; OTHER COSTS</u>. Lessee and Lessor agree to and shall share in the actual monthly cost to maintain utilities to the Leased Premises including the cost of water, sewerage, gas, and electric current in the following percentages:

        Bahan Classrooms, Cafeteria, and Hall – 50% <u>each; and</u>
        Library - 100% <u>to be paid by Lessee.</u>

   Lessee shall be responsible for payment of the full cost of any telephone, internet services, and security alarm monitoring, and for the full cost of janitorial services required to maintain the Leased Premises in a clean and orderly condition at all times. Lessee and Lessor further agree to shall share equally in the actual cost for dumpster services and termite contract/inspections and Lessee will reimburse Lessor for 30% of grounds upkeep and lawn care costs. Lessee is solely responsible for the cost of any required inspections of the kitchen hood and other kitchen equipment.

7)  IMPROVEMENTS/PRIOR APPROVAL. Lessee is obligated not to make any major additions, alterations, or improvements to the Leased Premises without Lessor's prior written consent, which consent shall be in Lessor's sole discretion. In the event that Lessor approves any addition, alteration or improvement, then, before the commencement of any demolition and/or construction, any and all plans and specifications for any proposed improvement(s) and/or alteration(s) shall be approved in writing by The Archdiocese of New Orleans Building Office. Lessee shall not perform any work in or about the Leased Premises on any occasion unless the work is supervised by a contractor properly licensed to do business in the state of Louisiana.

   If Lessor grants consent for any improvement(s) and/or alteration(s) hereunder, Lessee warrants that all improvement(s) and/or alteration(s) shall be performed in a good and workmanlike manner and in accordance with all applicable regulations and laws of the Parish of Jefferson, State of Louisiana, and any other applicable governing or licensing agency.

8)  OWNERSHIP OF IMPROVEMENTS. Notwithstanding Louisiana Civil Code Article 2695 or any provision of Louisiana law to the contrary, any improvements, alterations, additions, permanent attachments, component parts, and permanent fixtures installed by Lessee in or about the Leased Premises shall, upon expiration or termination of this Lease for any reason, become the property of Lessor, and Lessor shall owe no compensation or payment therefore to Lessee. In the alternative, Lessor may require Lessee to remove any improvements, alterations, permanent attachments, component parts, and/or permanent fixtures installed by Lessee. Such removal shall be at the sole cost and expense of Lessee and Lessee shall be obligated to return the Leased Premises to Lessor in the same or better condition as it existed prior to any installation or alteration.

9)  EQUIPMENT: Lessee shall be permitted to install the following equipment within the Leased Premises:

    1 Stainless Steel Milk Cooler
    2 Stainless Steel Refrigerator
    2 Stainless Steel Freezers
    1 small Residential Deep Freezer
    1 Convection Oven
    1 Small Commercial Stove

        1 Small Commercial Refrigerator Stainless Steel with storage drawers
        1 commercial Microwave
        1 Commercial dishwasher
        3 Stainless Steel Prepping tables
        1 Commercial Slicing Machine
        1 Commercial Mixer

Notwithstanding any other provision of this Lease, Lessor shall have no right to use any of the foregoing equipment.

10)     LIABILITY; INDEMNITY. Lessor is not responsible for damages caused by any defects in the Leased Premises or the consequences thereof. Lessor shall not be liable for any damage to person or property sustained by Lessee or any other person(s), and any such liability is assumed by Lessee. Lessee agrees to defend, indemnify, and hold harmless Lessor and Our Lady of Divine Providence Roman Catholic Church, Metairie, Louisiana and their members, directors, officers, employees, agents, successors, assigns and their related entities from any and all claims, causes of action and/or lawsuits, judgments, damages, (including consequential damages), penalties, fines, liabilities, losses, costs, and expenses of any kind or nature, which arise out of or are in anyway related to this Lease or Lessee's use of the Leased Premises, including but not limited to, any such claims, causes of action and/or lawsuits alleging bodily injury, personal injury, sexual misconduct, pain, mental anguish and/or death, and/or property loss or damage, arising from the negligence, intentional acts, fault or willful misconduct of Lessee, its employees, agents, invitees, visitors, or contracting parties, premises liability and/or defects in the Leased Premises, or Lessee's performance of and/or failure to perform its obligations under this Lease, and to pay reasonable attorneys' fees related thereto.

    This assumption of responsibility and liability by Lessee includes without limitation all liability assumable by a Lessee under Louisiana Civil Code Article 2699 and Louisiana Revised Statute Section 9:3221. LESSEE ACKNOWLEDGES THAT THIS LIABILITY AND INDEMNITY PROVISION IS AN ESSENTIAL ELEMENT OF THE CONSIDERATION OF THIS LEASE, AND THAT THE LESSOR WOULD NOT HAVE ENTERED INTO THIS LEASE WITHOUT LESSEE AGREEING TO THIS ASSUMPTION OF RISK.

    Acknowledged by Lessee: _____

    For the purposes of this Section 10, the term Leased Premises shall under all circumstances be deemed to include all Shared Use Areas and sidewalks, driveways, parking areas, and walkways servicing the Leased Premises.

11)     INSURANCE. Lessee shall at all times during the full term of this Lease and during the full term of any hold-overs, extensions, or other rental agreements carry and maintain at

its own cost and expense a policy or policies of commercial general liability insurance against all claims for personal injury or injuries, including death and property damage occurring in, on, or about the Leased Premises, such insurance to afford protection to the limits of not less than $1,000,000.00 Dollars combined single limit, per occurrence, and $3,000,000.00 Dollars aggregate, in respect to injury to persons (including death), including damage to leased premises and loss of use thereof. Lessee shall also maintain in full force a policy of insurance with regard to sexual and physical abuse of minors with limits of not less than $1,000,000.00 combined single limit, per occurrence, and $3,000,000.00 Dollars aggregate. Any and all policies of insurance shall include the following endorsements: 1) any policy or policies of insurance shall not contain nor require a waiver of subrogation by Lessor or Divine Providence Roman Catholic Church, their self-insurance and/or any self-insurance administrator or any self-insurance program in which they may participate; 2) Lessee shall waive all rights of subrogation in favor of Lessor and the Archdiocese; 3) written notice of cancellation of or any material change in any such policy or policies of insurance must be given by the insurer to Lessor no less than thirty (30) days prior to the cancellation or change of any such policy at the address listed in the Notice Provision below with a copy to: General Counsel, Archdiocese of New Orleans,7887 Walmsley Avenue, New Orleans, LA 70125; and, 4) any such policy or policies of insurance shall also be primary to any insurance or self-insurance of Lessor or Divine Providence and/or any self-insurance program in which they may participate. Said policy or policies of insurance shall name Lessor and Divine Providence Roman Catholic Church, Metairie, Louisiana as additional insureds, not merely as a certificate holder, and such policy or policies shall be endorsed as such if necessary. All such insurance shall be procured from an insurance company or companies satisfactory to Lessor and authorized to do business in the state of Louisiana.

Lessor makes no representation that the limits of liability specified to be carried by Lessee under the terms of this Lease are adequate to protect Lessee against Lessee's undertaking under this Lease, and in the event Lessee believes that any such insurance coverage called for under this Lease is insufficient, Lessee shall provide, at its own expense, such additional insurance as Lessee deems adequate.

Lessee understands that neither Lessor, its agents and/or representatives carries Hazard or Flood Insurance on Lessee's contents in the Leased Premises. Lessor is not responsible for damage or loss of Lessee's personal property. Lessor encourages Lessee to acquire adequate insurance to protect itself and its personal property. In the event that any loss, cost, damage or expense resulting from theft, fire or any other casualty or occurrence is incurred by Lessee, Lessee hereby releases Lessor from any and all liability it may have on account of such loss, costs, damage, or expense and waives any right of subrogation which might otherwise exist in, or accrue to, any person to the full extent of such losses, costs, damages, or expenses. Under no circumstances shall any insurance or self-insurance of Lessor inure to the benefit of Lessee.

12) <u>SAFE ENVIRONMENT</u>. Lessee agrees that it and any and all of its employees, volunteers, agents and/or representatives will abide by any and all laws in regard to abuse and/or neglect of children and, further, will abide by any and all policies of the Archdiocese of New Orleans, including, but not limited to, the policies in regard to abuse and/or neglect of minors, background checks, and the Archdiocese of New Orleans Safe Environment Program. Lessor reserves the right from time-to-time to have an auditor(s) of its choice, including but not limited to an employee of Lessor, audit Lessee for compliance with the above-referenced requirements, and Lessee's failure to comply therewith shall constitute an Event of Default, entitling Lessor to exercise any right(s) pursuant to this Lease.

13) <u>SIGNS OR DECORATIONS.</u> Lessee is obligated not to display in, on, or above the Leased Premises any sign or decoration, the nature of which, in the sole discretion of Lessor, is dangerous, unsightly, or detrimental to the Property or to Lessor. Before installation of any sign, Lessee shall provide to Lessor the proposed wording, location and design and a description of where/how any such sign will be affixed to the property or any building for consideration and approval by Lessor. Lessee is obligated to promptly remove at or before the expiration of this Lease any and all signs placed in or upon any part of the Leased Premises and is obligated to pay the cost of said removal.

14) <u>SERVICE CHARGES AND ASSESSMENTS.</u> The Leased Premises presently are exempt from Louisiana <u>ad</u> <u>valorem</u> property taxes under Article 7, Section 21(B) of the Louisiana Constitution of 1974, as amended. Should, during the term of this Lease or any renewal thereof, the State of Louisiana, Parish of Jefferson, or any other Louisiana state or municipal agency or entity, assess a tax, fee, <u>ad</u> <u>valorem</u> tax, or assessment on the Leased Premises based upon Lessee's Lease or use of the Leased Premises, Lessee shall be obligated, at its own expense, to pay said tax, fee or assessment, and Lessor shall have no responsibility in connection therewith. Lessor shall send all such bills which it receives to Lessee, and Lessee shall be obligated to timely pay the same, or Lessee shall be in default of this Lease.

Notwithstanding anything to the contrary, Lessee or Lessor shall retain the right to challenge any determination by any agency or entity that the Leased Premises is subject to any such tax, assessment, or fee. In the event that Lessor or Lessee challenges said tax, assessment, or fee the parties hereto agree to mutually cooperate with the efforts of each other in said challenge.

15) <u>DAMAGE BY FIRE OR OTHER CASUALTY</u>. If the Leased Premises are destroyed, or damaged to an extent so as to render it wholly unfit for the purposes for which it is leased, by fire or other casualty, this Lease shall automatically terminate, provided such destruction or damage is not caused by the act(s) or negligence of Lessee, its invitees, guests, agents, or servants, or in any way arising out of the Lessee's use of the Leased Premises and/or any shared use areas. In such an event all self-insurance benefits relating to destruction of the building or the Leased Premises shall be the property of

Lessor, regardless of whether such insurance was obtained and/or paid by Lessor or Lessee. If Lessee failed to provide coverage in the full amount specified herein, Lessee shall pay to Lessor the amount of the deficiency. The Lessee shall also pay to Lessor the amount of any deductible.

16) <u>DEFAULT BY LESSEE</u>.  Should the Lessee at any time violate any of the conditions of this Lease, or fail to keep the premises in a clean and orderly condition, or discontinue the use of premises for the purpose for which it is rented, or abandon the Leased Premises, or fail to pay the rent punctually when due, as stipulated; and should such violation continue for a period of fifteen (15) days after written notice has been given, then at the option of Lessor, Lessor shall have the option to terminate this Lease, to evict Lessee by any legal means available, and to proceed against Lessee for any other damages that may be due Lessor as a result of the default by Lessee.

17) <u>SUBLEASE; ASSIGNMENT</u>.  Lessee shall not assign, or permit any assignment by operation of law of this Lease or any interest hereunder, or sublet or permit the Leased Premises or any part thereof to be used by any party other than Lessee without the prior consent of Lessor, which consent will be in Lessor's sole discretion. If the Leased Premises or any part thereof is sublet, any such sublease agreement shall be approved by Lessor and shall contain all of the provisions of this Lease.  Regardless of Lessor's consent, no subletting or assignment shall release Lessee of Lessee's obligations or alter the primary liability of Lessee to perform all of its obligations under this Lease. In the event of default by any assignee or any sub lessee, Lessor may proceed directly against Lessee without the necessity of exhausting remedies against any assignee or sub lessee.

18) <u>SURRENDER OF PREMISES</u>. At the expiration of this Lease, or its termination for other causes, Lessee is obligated to immediately surrender possession of the Leased Premises in substantially the same or better condition as it existed when delivered to Lessee at the commencement of this Lease.

19) <u>OTHER PROVISIONS</u>.

    The parties to this Lease understand and agree that the provisions herein shall, between them, have the effect of law, but in reference to matters not provided for herein, this Lease shall be governed by the laws of the State of Louisiana.

    All the provisions contained herein shall be binding upon and shall inure to the benefit of the parties hereto, their heirs, executors, administrators, successors, assigns, affiliates, nominees and representatives.

    Failure of Lessor to require strict performance by Lessee of any of the covenants, provisions, or conditions of this Lease, on one or more occasions, shall not constitute a waiver by Lessor of the right thereafter to require strict compliance with said covenants, provisions, and conditions.

Unless otherwise specified, the following rules of construction and interpretation apply: (i) captions are for convenience and reference only and in no way define or limit the construction of the terms and conditions hereof; (ii) use of the term "including" will be interpreted to mean "including but not limited to"; (iii) whenever a party's consent is required under this Agreement, except as otherwise stated in this Agreement or as same may be duplicative, such consent will not be unreasonably withheld, conditioned or delayed; (iv) exhibits, if any, are an integral part of this Agreement and are incorporated by reference into this Agreement; (v) use of the terms "termination" or "expiration" are interchangeable; (vi) reference to a default will take into consideration any applicable notice, grace and cure periods; (vii) to the extent there is any issue with respect to any alleged, perceived or actual ambiguity in this Agreement, the ambiguity shall not be resolved on the basis of who drafted the Agreement; (viii) the singular use of words includes the plural where appropriate and (ix) if any provision of this Agreement is held invalid, illegal or unenforceable, the remaining provisions of this Agreement shall remain in full force if the overall purpose of the Agreement is not rendered impossible and the original purpose, intent or consideration is not materially impaired.

Any provisions of this Lease relating to indemnification shall survive the termination or expiration hereof. In addition, any terms and conditions contained in this Lease that by their sense and context are intended to survive the termination or expiration of this Agreement shall so survive.

This Agreement may be executed in any number of counterparts, which taken together shall constitute one fully-executed agreement.

19) NOTICE. All notices (including, without limitation, approvals, consents and exercises of rights or options) required or permitted to be given hereunder may be served by a party or such party's attorneys (and may be given to the other party or its attorneys), shall be in writing and shall be deemed served, if by personal delivery or by facsimile, on the date the same is actually received by the addressee thereof, or if by mail, two business days after the same is deposited with the United States Postal Service (or its successors) for mailing by Certified Mail, Return Receipt Requested, postage fully prepaid, addressed as hereinafter set forth, or, if by overnight messenger service (e.g., Federal Express) on the date of delivery by such overnight messenger service to the address as hereinafter set forth. All notices shall be addressed as follows or to such other address as the party entitled to receive such notice may, from time to time hereinafter, designate by giving written notice pursuant hereto:

If to Lessor:

>    The Roman Catholic Church of the Archdiocese
>    of New Orleans
>    Attn: General Counsel

#100482622v1Page **9** of **10**

D&D File No. 19287

|  |  |
|---|---|
|  | 7887 Walmsley Ave.<br>New Orleans, LA 70125 |
| With a copy to: | Our Lady of Divine Providence<br>Attn: Pastor<br>1000 N. Starrett Road<br>Metairie, LA 70003 |
| If to Lessee: | Jefferson Parish<br>_____<br>_____ |

**IN WITNESS WHEREOF**, the Lessor and Lessee have caused this Lease to be executed on the dates set forth below

| **LESSOR** | **LESSEE** |
|---|---|
| **The Roman Catholic Church of the Archdiocese of New Orleans** | **Jefferson Parish** |
| _____<br>By:_____<br>Date: _____ | _____<br>By: _____<br>Date: _____ |