UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | § § § § | CHAPTER 11 SECTION A |
| DEBTOR. | § § | |

**ORDER AUTHORIZING AND REQUIRING THE OFFICIAL COMMITTEE TO SHARE DISCOVERY PRODUCED BY THE APOSTOLATES**

Considering the *Official Committee of Unsecured Commercial Creditors' Motion for Entry of an Order Authorizing and Requiring the Official Committee to Share Discovery Produced by the Apostolates* (the "Motion")[1], [ECF Doc. 1410], filed by the Official Committee of Unsecured Commercial Creditors (the "Commercial Committee") and the *Response to Official Committee of Unsecured Commercial Creditors' Motion for Entry of an Order Authorizing and Requiring the Official Committee to Share Discovery Produced by the Apostolates* [Doc. No. 1542] (the "Response"), [ECF Doc. 1542], filed the Apostolates,[2] the Motion having come before the Court on May 19, 2022, with Paul Douglas Stewart, Jr., counsel to the Commercial Committee, and Douglas S. Draper, counsel to the Apostolates, present in open court, the arguments of counsel and for reasons orally assigned;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Apostolates shall refer to those non-Debtor entities that are identified in the amended notice of appearance and Rule 2019 statement at ECF Doc. 1583, as that statement may be amended from time to time.

**IT IS ORDERED** that:

1. The Official Committee of Unsecured Creditors (the "Official Committee") shall promptly provide the Commercial Committee with copies of all data and materials that the Official Committee has received as of the date of this Order, or will receive in the future, from the Apostolates (the "Discovery Materials") that (i) are responsive to the *Official Committee of Unsecured Creditors' Motion for Order for Issuance of Subpoenas for Discovery from the Apostolates Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Discovery Motion"), [ECF Doc. 1381], filed by the Official Committee in this Bankruptcy Case and (ii) do not relate to an "Abuse Claim," as that phrase is defined in ¶ H of *Exhibit 1* to the *Rule 2004 Document Requests from the Official Committee of Unsecured Creditors to the Apostolates*, [ECF Doc. 1381-1]. For the avoidance of doubt, requests for production nos. 5 and 6 of Exhibit 1 to the Discovery Motion relate to an Abuse Claim and shall not be provided to the Commercial Committee under this Order.

2. The Official Committee shall notify (via electronic mail) counsel for the Apostolates and the Commercial Committee of the proposed delivery of any Discovery Materials to the Commercial Committee under this Order at least three (3) business days before the date that the Official Committee proposes to deliver such Discovery Materials to the Commercial Committee. Such notice shall describe the Discovery Materials to be delivered in general terms. If the Apostolates oppose the delivery of such Discovery Materials to the Commercial Committee because they believe that the Discovery Materials do not qualify for delivery to the Commercial Committee under this Order, then the Apostolates must file an objection to the delivery of such Discovery Materials to the Commercial Committee in this Court prior to the scheduled date for the delivery of such Discovery Materials to the Commercial Committee. Any failure by the Apostolates to object to the delivery of such Discovery Materials by this deadline shall constitute,

and be deemed a waiver of, any and all objections to the delivery of those Discovery Materials to the Commercial Committee, and the Official Committee may thereafter deliver such Discovery Materials to the Commercial Committee notwithstanding any such objections (if any).

3. Contemporaneous with the notification to the Apostolates and Commercial Committee regarding the proposed production of Discovery Materials described in paragraph 2 of this Order, the Official Committee shall provide (via electronic mail) counsel for the Apostolates and Commercial Committee a log identifying each individual item of Discovery Materials that is being withheld from production to the Commercial Committee under this Order. The log shall provide the Commercial Committee with sufficient information regarding any withheld Discovery Materials so that it can seek relief from the Court under this Order should it disagree with the non-production and shall at least include an identification by (i) Bates number (or other similar method of identification), (ii) title, and (iii) a simple explanation for why the item is being withheld under this Order.

4. The Commercial Committee reserves all rights to seek to obtain Discovery Materials that relate to an Abuse Claim at a later date.

5. All Parties reserve all rights regarding discovery not dealt with in this Order, including without limitation the Apostolates' rights to object to any request for discovery from either the Commercial or Official Committees.

6. All Discovery Materials provided to the Commercial Committee pursuant to this Order are subject to the terms of that certain *Second Supplemental and Amended Protective Order*, [ECF Doc. 1120], entered in this Bankruptcy Case. For example, if the Apostolates produce Discovery Materials that include a "counsel-eyes only" document viewable only by counsel for

the Official Committee, then only counsel for the Commercial Committee may view that same document when it is provided to the Commercial Committee as Discovery Materials.

7. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

8. The Movant shall serve this Order on the required parties who will not receive a copy through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, June 29, 2022.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE