UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | § § § § | Section "A" |
| | § | Chapter 11 |
| Debtor.[1] | § § | |

**DEBTOR'S OBJECTION TO RICHARD C. TRAHANT'S
EXPEDITED MOTION TO STAY SANCTION HEARING AND
ASSOCIATED DEADLINES PENDING APPEAL OF CONTEMPT ORDER**

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), who files this objection ("**Objection**") to the *Expedited Motion to Stay Sanction Hearing and Associated Deadlines Pending Appeal of Contempt Order* [ECF No. 1615] (the "**Motion**" or "**Motion to Stay**") filed by Richard C. Trahant ("**Trahant**"). In support of this Objection, the Debtor respectfully states as follows:

**Introduction**

1. Trahant asks this Court to stay proceedings on its Order to Show Cause pending the outcome of his appeal. As detailed below, Trahant's Motion must be denied on procedural and substantive grounds because it is procedurally deficient, misstates facts, and is devoid of legal support.

2. The Motion is procedurally defective for, among other reasons, Trahant's failure to comply with Local Rules concerning expedited hearing. The Motion is substantively deficient as

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

well because Trahant fails to apply the standard for granting a stay pending appeal, and his appeal is not properly before the District Court.

3. For these reasons, and for the reasons more fully set forth below, the Debtor respectfully asks this Court to deny the Motion.

## Procedural History

**A. The Petition Date and Appointment of the Committees.**

4. On May 1, 2020 (the "**Petition Date**"), the Archdiocese filed a voluntary petition for relief under the Bankruptcy Code, commencing the above-captioned chapter 11 case (this "**Chapter 11 Case**").

5. The Archdiocese remains in possession of its property and is managing its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. The Office of the United States Trustee (the "**UST**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") on May 20, 2020 [ECF No. 94], which Committee was reconstituted on June 10, 2020 [ECF No. 151], and again on October 8, 2020, to remove TMI Trust Company, Inc., in its capacity as indenture trustee for certain bonds [ECF No. 478]. As of October 8, 2020, the six-member Committee was comprised solely of tort claimants alleging abuse by clergy.

7. The Official Committee of Unsecured Commercial Creditors (the "**Commercial Committee**") was appointed by the UST on March 5, 2021. [ECF Nos. 772 and 792].

**B. The June 7, 2022 Order Finding Trahant Violated the Protective Order and the UST's Removal of the Committee Members Represented by Trahant.**

8. On June 7, 2022, this Court issued an Order (the "**June 7, 2022 Order**"), [ECF No. 1574], which in pertinent part, adopted the findings of the independent investigation of the UST (the "**UST Report**"), [ECF No. 1572], that (i) in connection with his representation of four

2

individual members of the Committee, attorney Trahant received confidential information produced by the Debtor in the course of discovery in this Chapter 11 Case; (ii) Trahant had read and was bound by the Protective Order issued by this Court to guard against the unauthorized disclosure of highly confidential and sensitive information during the course of discovery; (iii) Trahant knew that he was bound by the Protective Order; and (iv) beginning on December 31, 2021, Trahant provided on multiple occasions confidential information he received to a third party and the media in direct violation of this Court's Protective Order. The Court also found, based on its review of documents appended to the UST Report, including Trahant's own sworn testimony, that his disclosures and violation of the Protective Order was "knowing and willful." [ECF No. 1574, p. 3].[2]

9. In the June 7, 2022 Order, the Court also directed the UST to relieve the four members of the Committee represented by Trahant from service on the Committee. [ECF No. 1574, p. 5]. That same day, the UST filed a *Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors* [ECF No. 1575], by which the UST announced that two members not represented by Trahant remained on the Committee.

10. On June 21, 2022, the UST filed another *Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors* [ECF No. 1618] adding three new members to the Committee.

**C. Trahant's Appeal of the June 7, 2022 Order to the District Court.**

11. On June 10, 2022, Trahant filed a Notice of Appeal of the June 7, 2022 Order. [ECF No. 1582]. Trahant's appeal was docketed in the District Court as Civil Action No. 22-1740. [ECF No. 1606].

---

[2] *See also Order to Show Cause* [ECF No. 1589, p. 1].

**D. This Court's Order to Show Cause and the Motion to Stay.**

12. On June 13, 2022, this Court issued an Order to Show Cause, which, among other things, directed Trahant to appear in Court on Monday, July 25, 2022, at 10:00 a.m. (the "**Show Cause Hearing**") and show cause as to why he should not be sanctioned for his willful violation of the Court's Protective Order. [ECF No. 1589].

13. On June 21, 2022, Trahant filed the instant Motion, seeking to stay the Show Cause Hearing and related deadlines pending the outcome of his appeal.

## Law and Argument

**A. The Motion Is Procedurally Deficient.**

14. The Motion was filed on an expedited basis, and not in compliance with the Local Rules of this Court.

15. Pursuant to this Court's Complex Case Procedures,

> If a party in interest files a motion that it contends requires consideration on less than the required notice period, the party must file and serve a separate, written motion for expedited hearing with respect to the underlying motion which must comply with the Court's usual requirements for explanation and verification of the need for an expedited hearing.[3]

16. Accordingly, Trahant filed an *Ex Parte Motion for Expedited Hearing on Richard C. Trahant's Expedited Motion to Stay Sanction Hearing and Associated Deadlines Pending Appeal of Contempt Order* (the "**Motion for Expedited Hearing**") [ECF No. 1616]. The Local Rules of this Court provide that a motion for expedited hearing – like the one here – may be

---

[3] Complex Case Procedures, § III.E.

submitted *ex parte*, but must state whether consent to *ex parte* relief has been obtained from all interested parties.[4]

17. Trahant's Motion for Expedited Hearing does not provide any statement about whether Trahant attempted to contact other interested parties or obtain their consent for expedited consideration. On this basis, alone, the Motion is not procedurally proper and should be denied.

**B. There Is No Legal Support for the Motion to Stay.**

18. A party who seeks a stay pending appeal must show: "(1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay." *See Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986); *see also Ba-Mak Gaming Int'l v. Martin (In re Ba-Mak Gaming Int'l),* No. 95-1991, 1996 U.S. Dist. LEXIS 10642, *4 (E.D. La. July 22, 1996).

19. Failure to satisfy any one of the four prongs listed above defeats a motion to stay. *See Smith v. Schmidt*, No. 07-126, 2007 U.S. Dist. LEXIS 41901, *12 (S.D. Tex. June 8, 2007); *In re Tex. Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) ("In the Fifth Circuit, each of these elements must be met by the party requesting the stay."). While each prong must be met, the appellant need not always show a probability of success on the merits if movant presents a substantial case on the merits when a serious legal question is involved and shows that the balance of the equities weighs heavily in favor of granting the stay, i.e., that prongs 2-4 are satisfied. *S.C. of Okaloosa, Inc. v. Brignac*, No. 06-1058, 2006 U.S. Dist. LEXIS 57187, *9 (W.D. La. Aug. 14, 2006) (citing *In re First South Savs. Ass'n*, 820 F.2d 704 (5th Cir. 1987)). Here, Trahant has made no attempt to show that any of the prongs are satisfied.

---

[4] Local Bankruptcy Rule 9013-1(D).

20. Indeed, Trahant fails to cite a single case or provide any legal justification for his Motion. Trahant does argue that "good cause" exists for the stay pending appeal because if the District Court overturns this Court's decision, then the Order to Show Cause would be moot. Putting aside the circular nature of the argument, courts have held that "merely maintaining the status quo to protect the appellant's rights is not sufficient; the court should consider harm, including the effect of delay, to numerous other parties involved in the bankruptcy litigation." *In re Demay Int'l*, No. 10-2128, 2011 U.S. Dist. LEXIS 15849, *5 (S.D. Tex. Feb. 17, 2011).

21. Other than repeating some of the alleged grounds for the appeal, Trahant has not even attempted to legally justify his request for a stay pending the appeal. Trahant alleges that "good cause also exists for the requested stay" because he does not have access to the UST Report.[5] Trahant overlooks that this Court ordered the UST to provide the UST Report and all exhibits to Trahant and his counsel provided that counsel review, sign, and agree to be bound by the Protective Order. This Court, therefore, has permitted Trahant and his counsel to access the UST Report if they deliver executed Protective Orders to the UST, counsel for the Debtor, and counsel for the Committee. To date, neither Trahant nor his counsel have executed such Protective Orders. Trahant cannot use his willful ignorance of the UST Report as a reason to delay his Show Cause Hearing.

C. **Trahant's Appeal Is Not Properly Before the District Court.**

22. Trahant alleges that this Court lacks jurisdiction to conduct the Show Cause Hearing because the "appeals of the June 7, 2022 Order [divest] the Court of jurisdiction to order sanctions based on the alleged violation."[6]

---

[5] Motion [ECF No. 1615, ¶ 12].

[6] Motion [ECF No. 1615, ¶ 13].

23. "While it is generally true that a timely filing of a notice of appeal will divest a court of jurisdiction, this rule presupposes that there is a final judgment from which to appeal." *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S. (In re U.S. Abatement Corp.)*, 39 F.3d 563, 568 (5th Cir. 1994). The June 7, 2022 Order is not a final order.

24. "It is well-settled that a civil contempt order is not 'final' for purposes of appeal unless two actions occur: (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed." *Id.* at 567. The Fifth Circuit has explained:

> Determinations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater. The rule for appeals from bankruptcy decisions determining liability but not damages under 28 U.S.C. § 158(d) must . . . be the same as the rule under [28 U.S.C.] § 1291.

*Id.* (quoting *In re Morrell*, 880 F.2d 855, 856-57 (5th Cir. 1987)).

25. Here, even assuming that the June 7, 2022 Order is a determination of liability, there has been no assessment of damages. The June 7, 2022 Order is therefore not final as to Trahant.[7] As there is no right to appeal an interlocutory order, the Notice of Appeal filed by Trahant is simply premature and of no effect. *See id.* at 568.

26. The final reason offered by Trahant for a stay pending appeal is the unavailability of one of his two counsel on July 25.[8] The Debtor submits that Mr. Sterbcow's deposition schedule is a good reason for a continuance of the Show Cause Hearing but not a sufficient reason to stay the proceeding.

---

[7] The Committee agrees that the June 7, 2022 Order is interlocutory. *See The Official Committee of Unsecured Creditors' Memorandum in Support of its Motion for Leave to Appeal* [ECF No. 1631-1].

[8] Motion [ECF No. 1615, ¶ 14].

WHEREFORE, the Debtor prays that this Court deny the Motion and for all other relief to which it is entitled in law and equity.

Dated: June 29, 2022

Respectfully submitted,

/s/ Mark A. Mintz
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: lashley@joneswalker.com

**ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH
OF THE ARCHDIOCESE OF NEW ORLEANS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Objection is being served (a) on June 29, 2022 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, Inc. ("**DRC**"). DRC shall file a certificate of service to that effect once service is complete.

/s/ Mark A. Mintz
Mark A. Mintz