UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | * * * | CIVIL NO. 22-1996 SECTION: T |

## ORDER

Before the Court is the Official Committee of Unsecured Creditors' (the "Committee") *Motion for Leave to Appeal*.[1] The Official Committee of Unsecured Commercial Creditors (the "Commercial Committee") and the Debtor filed a response.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Last month, the United States Bankruptcy Court for the Eastern District of Louisiana issued an order in *In re Archdiocese*, Case No. 20-10846, removing four people from the Official Committee of Unsecured Creditors (the "Committee") and dismissing their lawyer, Richard Trahant.[3] After an investigation by the United States Trustee, the Bankruptcy Court determined that Mr. Trahant, in violation of a court order, disseminated confidential information to a third-party.[4] Concerned about further leaks, the Bankruptcy Court ordered the removal of Mr. Trahant and his clients, the four committee members, pursuant to 11 U.S.C. § 105(a).[5] Additionally, the Bankruptcy Court instituted sanctions proceedings against Mr. Trahant.

---

[1] R. Doc. 1.
[2] R. Docs. 4, 7.
[3] R. Doc. 1-1 at 1.
[4] *Id.* at 2.
[5] *Id.* at 4-5.

Following their removal from bankruptcy proceeding, the former Committee members and Mr. Trahant filed separate appeals with this Court, raising due process and prejudice concerns.[6] Those appeals are on expedited briefing deadlines before this Court. In the meantime, the United States Trustee has appointed three new people to serve on the Committee, which is made up entirely of tort claimants, bringing its membership total to five.[7] Now, the Committee is also seeking to appeal the Bankruptcy Court's ruling.[8]

The Committee asks for leave to appeal and contends the Bankruptcy Court erred in three ways.[9] First, the Committee argues the court did not "comply with the Bankruptcy Code" because there was no "request by a party in interest" to reconstitute the committee.[10] Second, the Committee contends the Bankruptcy Court failed to properly consider all the factors for reconstituting a committee.[11] The Committee maintains that the Bankruptcy Court improperly relied on 11 USC § 105(a) to "avoid the required processes" of reconstitution.[12] Finally, the Committee argues the Bankruptcy Court "erred in imputing the conduct of Trahant" to the four members and removing all five individuals from the proceeding.[13]

The Official Committee of Unsecured Commercial Creditors (the "Commercial Committee") and the Debtor both filed responses, raising two arguments.[14] First, the Commercial Committee and the Debtor contend the Committee lacks standing to bring this appeal under Fifth Circuit precedent.[15] They argue that, because the Bankruptcy Court's order "simply directed the

---

[6] *Id.* at 4-5.
[7] *Id.* at 5.
[8] *Id.* at 1-5.
[9] Fed. R. Bank. Pro. 8004.
[10] R. Doc. 1-1 at 7.
[11] *Id.* at 10-11.
[12] *Id.* at 13.
[13] *Id.* at 14-15.
[14] R. Doc. 4, 7.
[15] R. Doc. 4 at 5-6; R. Doc. 7 at 6-7.

removal of certain members," it "in no way directly impacted a pecuniary interest of the Committee or its constituents."[16] Second, the Commercial Committee and the Debtor maintain the Committee fails to show "exceptional circumstances" warrant an interlocutory appeal.[17]

## LAW & ANALYSIS

Per Federal Rule of Bankruptcy Procedure 8004, a party must request leave from the district court to appeal an interlocutory order. In order to do so, there must be "(1) a controlling issue of law [] involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation."[18] The "decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion."[19]

The appellate standing standard in bankruptcy is "more exacting than the test for Article III standing."[20] Under Fifth Circuit precedent, the "narrow inquiry for bankruptcy standing" is governed by the "person aggrieved" test.[21]

> Because bankruptcy cases typically affect numerous parties, the "person aggrieved" test demands a higher causal nexus between act and injury; appellant must show that he was "directly and adversely affected pecuniarily by the order of the bankruptcy court" in order to have standing to appeal.[22]

While some courts have also considered whether an order "diminished [a party's] property, increased its burden or impaired its rights," the Fifth Circuit recently made clear that the "person

---

[16] R. Doc. 4 at 5.
[17] *Id.* at 8.
[18] *Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 290 (M.D. La. 2010).
[19] *Stumpf v. McGee*, 258 F.3d 392, 399-400 (5th Cir. 2001).
[20] *Matter of Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018).
[21] *Id.*; *Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 227 B.R. 788, 790–91 (E.D. Tex. 1998) (citing *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n. 18 (5th Cir. 1994)).
[22] *In re Coho Energy Inc.*, 395 F.3d 198, 202–03 (5th Cir. 2004).

aggrieved test" acts to "narrow[] the playing field" on appeal, "ensuring that only those with a direct, financial stake in a given order can appeal it."[23]

In the present motion, the Committee argues the Bankruptcy Court's order was erroneous, and it acted "without considering well-established factors applicable to reconstituting an official committee."[24] However, the Committee fails to address whether it meets the requirements of appellate standing. On the other hand, the Commercial Committee and the Debtor both contend the Committee lacks such standing. Specifically, they argue that, under Fifth Circuit precedent, the Bankruptcy Court's order "in no way directly impacted a pecuniary interest of the Committee or its constituents."[25] (R. Doc. 4 at 5). The Court agrees.

Under Fifth Circuit precedent, a party must be "directly and adversely affected pecuniarily by the order of the bankruptcy court."[26] Here, the Committee cannot point to any pecuniary interest in this matter. The Committee contends the Bankruptcy Court committed "reversible error" when it "terminated four (4) of the Committee's members…without a hearing or prior notice."[27] Therefore, as the basis for its standing, the Committee seemingly asserts the alleged procedural injuries of its former members. However, the Committee fails to highlight how its reconstitution impacted the financial interests of itself, or anyone for that matter.[28]

Notably, a "creditor's committee" has the right to "appear and be heard on any issue in a case" in bankruptcy. 11 U.S.C. § 1109(b). At least one federal court has interpreted § 1109(b) to give a creditor's committee an "expansive right of participation," including the right to file a brief

---

[23] *Technicool*, 896 F. 3d at 386; *Southern Pacific*, 227 B.R. at 791.
[24] R. Doc. 1-1 at 5.
[25] R. Doc. 4 at 5.
[26] *Coho*, 395 F. 3d at 202-03.
[27] R. Doc. 1-1 at 2.
[28] After all, it remains unanswered whether the financial interests of the former Committee members themselves were harmed or placed in jeopardy by the Bankruptcy Court's ruling. The Committee will still act on their behalf in the bankruptcy proceeding, including ensuring they receive appropriate compensation in satisfaction of their claims.

in an appeal.[29] However, this Court finds *Southern Pacific*, and its reasoning, unpersuasive for two reasons. First, *Southern Pacific* staked its decision on the "lack of binding authority to the contrary."[30] No such vacuum exists anymore. The Fifth Circuit has made clear that the "person aggrieved" test requires a "direct financial stake" in the resolution of the matter.[31] Consequently, the right to appeal may be warranted in a challenge to a proposed Chapter 11 plan or a dispute over a party's bankruptcy claim.[32] However, the Fifth Circuit has not found standing in matters that do not directly relate to an appealing party or affect its *financial* interests.[33] Here, the Committee is contesting the removal of its former members. Considering recent Fifth Circuit precedent, the Court cannot identify any direct impact or financial harm that would warrant standing.[34]

Second, *Southern Pacific* raised the distinct question of whether a creditor's committee could file briefing in an appeal, not raise an appeal itself. In that case, the district court found "there is no apparent reason why the Committee should not be 'heard' in this appeal under § 1109(b)"

---

[29] *Southern Pacific*, 227 B.R. at 792-93.
[30] *Id.*
[31] *Technicool*, 896 F.3d at 385.
[32] *See Southern Pacific*, 227 B.R. at 791 ("To begin with, it appears that the pecuniary interests of the Committee's members are adversely affected by entry of the order confirming VPG's Plan"); *Technicool*, 896 F. 3d at 386 ("That appointment does not directly affect whether the bankruptcy court approves or denies NOV's claim against the estate, and thus it does not directly affect Furlough's pecuniary interests").
[33] *See Technicool*, 896 F.3d at 386 ("Furlough cannot show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court.' Furlough's primary contention is that, but for NOV's proof of claim, Technicool's assets would exceed its debt, and he would be entitled to any estate surplus…This speculative prospect of harm is far from a direct, adverse, pecuniary hit. Furlough must clear a higher standing hurdle: The order must burden his pocket before he burdens a docket. SBPC was appointed to assist the Trustee in consolidating claims and piercing the corporate veil. That appointment does not directly affect whether the bankruptcy court approves or denies NOV's claim against the estate, and thus it does not directly affect Furlough's pecuniary interests"); *Fortune*, 806 F. 3d at 367 ("Fortune's argument concerning the merits—that the allocation of the sale proceeds violated substantive bankruptcy law—is unavailing because Fortune must first have standing before the merits can be addressed. Additionally, Fortune's argument that it meets the 'person aggrieved' standard because it has already received a letter from BOEM mandating that it decommission its Lease misses the mark. Fortune's payment of decommissioning costs may show an injury, but it does not show that the bankruptcy court's order caused this injury. This court's jurisprudence states that the order of the bankruptcy court must directly and adversely affect the appellant pecuniarily); *Coho*, 395 F. 3d at 203 ("Thomas's claim to injury due to exhaustion of the fund through the settlement is both indirect and improbable").
[34] *In re Roman Catholic Church of the Archdiocese*, Case No. 22-cv-1738.

through briefing.[35] Ultimately, such an interpretation of § 1109 may be warranted.[36] However, the question before this Court is whether a committee may bring an appeal parallel to one that has already been filed by the allegedly aggrieved parties. The Court finds the Committee does not have such a right under § 1109. The right to appear may be expansive, but it cannot be without limit.[37]

This decision is further reinforced by examining two other considerations at play in the Committee's request. One, the removed members have filed their own appeal to protect their interests. Presumably, no one is better suited to advocate on their behalf than themselves. Two, the Committee still possesses its right to participate in the bankruptcy process. As the Bankruptcy Court succinctly put it, the Committee can "continue to function with its two remaining members," carrying out its role as a representative entity for all applicable claimants, including its former members.[38] Considering the above factors, the motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, the *Motion for Leave to Appeal* is **DENIED**.

New Orleans, Louisiana this 14th day of July, 2022.

Hon. Greg Gerard Guidry
United States District Judge

---

[35] *Id.* ("Nothing in that provision, for example, suggests that its broad right to appear and be heard is inapplicable to proceedings held before an appellate court").
[36] After all, the right to "appear" seemingly would entitle a creditor committee to voice its opinion in a bankruptcy-related proceeding.
[37] Note that this decision is not an affirmative answer on whether the Committee may file briefing in the former members' pending appeal. The Court need not answer that question at this time considering it has not been raised.
[38] R. Doc. 1-7 at 5. *See In re Quality Beverage Co.*, 181 B.R. 887, 894 (Bankr. S.D. Tex. 1995) (noting that an unsecured committee "bears a strong duty to the interests of the unsecured creditors it represents, [but] it has neither the power nor the authority to bind each individual creditor").