**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | CASE NO. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | CHAPTER 11 |
| Debtor. | |

**MOTION FOR CLARIFICATION**

NOW INTO COURT comes David W. Asbach, the Acting United States Trustee for Region 5 (the "United States Trustee"), by and through the undersigned counsel, who respectfully submits this motion ("Motion") for an order clarifying and supplementing this Court's Protective Orders and Supplements thereto [Docs. 305, 729, 885, and 1120], as well as this Court's Order [Doc. 1468] directing the United States Trustee to investigate potential violations of the Protective Orders (the "Order to Investigate"). In support of the Motion, the United States Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Detection and prevention of criminal activity is a priority of the United States Trustee Program.[1] The United States Trustee has a statutory obligation to refer "any action which may constitute a crime under the laws of the United States" and assist the U.S. Attorney's office "in carrying out prosecutions based upon such actions." 28 U.S.C. § 586(a)(3)(F).

2. The Protective Orders entered in this case may, somewhat indirectly, limit the United States Trustee's ability to comply with his statutory duties. While the United States Trustee is not a signatory party to the Protective Orders, the Protective Orders designate that the United

---

[1] Department of Justice, *About the United States Trustee Program*, https://www.justice.gov/ust/about-program (last visited Jul. 18, 2022).

States Trustee may receive discovery materials marked "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY." *See* Docs. 305 and 729, ¶¶ 7-8. For parties who receive these specially-marked documents, the Protective Orders strictly limit the use of the documents and the information contained therein, excluding use for "any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court." *Id*. at ¶ 7. Although the United States Trustee has not signed a Confidentiality Statement and is therefore not a defined "Party," *id*. at 1, the Protective Orders also prohibit "any person" from using information "for any purpose whatsoever other than for the Authorized Uses." *Id*. at ¶ 9. This provision could be viewed as barring the United States Trustee from using information and documents for any other legal case or investigation, conflicting with his obligation to report criminal conduct under 28 U.S.C. 586(a)(3)(F). Accordingly, the United States Trustee respectfully submits that the Court should order, as follows:

> Nothing in the Court's previous Orders entered in this case, including (i) the Protective Orders and supplements [Docs. 305, 729, 885, and 1120] and (ii) the Order to Investigate [Doc. 1468] shall limit the United States Trustee's ability to disclose information to any government authority, or to use such information for the purpose of complying with the provisions of 28 U.S.C. § 586(a)(3)(F), and any requirement in the Court's prior Orders providing that such information may not be used in any other legal case, lawsuit, proceeding or investigation shall not apply to such government authorities, including representatives of the United States Department of Justice.

3. The same concerns apply to this Court's Order to Investigate. The Order to Investigate directed the United States Trustee to conduct "an independent investigation" into "the possibility of intentional dissemination of highly confidential information in violation of this Court's Protective Order," and "**file under seal** and hand-deliver to the Court a Statement of Position[.]" [Doc. 1468] (emphasis added). The United States Trustee indeed submitted his Statement of Position to the Court under seal, which included numerous attachments and exhibits,

including examination transcripts and documents produced under Rule 2004. The United States Trustee seeks clarification from this Court that nothing in the Order to Investigate, including the Court's directive that the United States Trustee's Statement of Position and appended materials be filed under seal, prohibits the United States Trustee from complying with his statutory duties and ability to disclose information filed under seal to government agencies, including within the Department of Justice.

## FACTUAL BACKGROUND

4. On May 1, 2020, the Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor") commenced its voluntary case under chapter 11 of the Bankruptcy Code. [Doc. 1]. The Debtor is authorized to continue to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code.

5. On May 20, 2020, the U.S. Trustee appointed an official committee of unsecured creditors (the "Official Committee") pursuant to 11 U.S.C. § 1102(a). [Doc. 94]. The U.S. Trustee reconstituted the Official Committee on June 10, 2020 [Doc. 151], October 8, 2020 [Doc. 478], June 7, 2022 [Doc. 1575], and June 21, 2022 [Doc. 1618].

6. On March 5, 2021, the United States Trustee appointed an Official Committee of Unsecured Commercial Creditors (the "Commercial Committee"). [Doc. 772].

7. During the course of this bankruptcy proceeding, the Debtor agreed to produce certain confidential internal documents to the Official Committee concerning abuse allegations against clergy members, including the records of the Debtor's investigations into the allegations. [*See* Docs. 722, 755, 804, 909, 962, 1016, 1018, 1166, 1171, 1271, 1336].

8. These productions were made subject to Protective Orders entered by this Court to protect confidential information and documents in connection with the Chapter 11 case. The first

Protective Order was entered on August 3, 2020 [Doc. 305], which was superseded by an Amended Protective Order entered on January 25, 2021 [Doc. 729]. On May 24, 2021, the Court entered the Supplemental and Amended Protective Order, which supplemented the Amended Protective Order to include additional confidentiality provisions concerning the Debtor's production of personnel and clergy files to creditors not serving on the Committee. [Doc. 885]. Most recently, on October 18, 2021, the Court entered the Second Supplemental and Amended Protective Order to add the Commercial Committee as a party to the Amended Protective Order and to allow the Debtor's insurers to receive documents produced in discovery in the chapter 11 case. [Doc. 1120]. (The Protective Order, the Amended Protective Order, and its supplements are hereby referred to as the "Protective Orders.")

9. On January 20, 2022, the Debtor filed under seal a *Motion for Entry of an Order: (A) Compelling the Tort Committee and/or Its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order (the "Motion to Compel")*. [Doc. 1256]. In the Motion to Compel, the Debtor alleged certain breaches of the Protective Orders, whereby confidential information was disclosed to third parties and the media. *Id*.

10. The Court held four status conferences on the Motion to Compel, and joint discovery was issued by the Debtor and the Official Committee on a third party. [Doc. 1478, p. 2].

11. On April 25, 2022, the Court entered the Order to Investigate, directing the United States Trustee to independently investigate the allegations presented by the Debtor in the Motion to Compel, including the possibility of intentional dissemination of highly confidential information in violation of this Court's Protective Order. [Doc. 1468]. The Order to Investigate further directed

the United States Trustee to prepare a Statement of Position, and file it under seal with the Court, on or before June 3, 2022. *Id*.

12. The United States Trustee complied with the Order to Investigate, and he filed the Statement of Position on June 3, 2022. [Doc. 1572]. The Statement of Position included numerous attachments, specifically: "78 sworn declarations; 18 transcripts of sworn examinations provided under Rule 2004 of the Federal Rules of Bankruptcy Procedure; one transcript and one summary of two unsworn telephonic interviews; and numerous documents produced to the UST pursuant to Rule 2004, including relevant telephone and text message logs, electronic transaction reports, and e-mail and letter correspondence." [Doc. 1574]. To date, the Statement of Position and attachments remain under seal with the Court.

## LEGAL ANALYSIS

13. The United States Trustee is under a statutory obligation to notify the U.S. Attorney of any potential criminal matters. *United States v. Modanlo*, 954 F.Supp.2d 384, 388 (D. Md. 2013). Specifically, 28 U.S.C. § 586(a)(3)(F) states that United States Trustee **shall** refer "any action which may constitute a crime under the laws of the United States" and assist the U.S. Attorneys' office "in carrying out prosecutions based upon such actions."

14. Here, the United States Trustee is concerned that the Protective Orders and the Order to Investigate may be construed as limiting the United States Trustee's ability to comply with his statutory duties.

15. **Order to Investigate**: Because the materials generated from the United States Trustee's investigation and report are under seal, it could be argued that the United States Trustee is prohibited from sharing information in accordance with his statutory duties. The United States Trustee should be able to make any referral of documents or information to any government

agency, including the Department of Justice, in accordance with his statutory mandates, without risking violation of the Court's Orders.[2] For these reasons, the United States Trustee seeks affirmation from the Court that nothing in the Order to Investigate, including the Court's directive that the United States Trustee's Statement of Position and appended materials be filed under seal, prohibits the United States Trustee from complying with his statutory duties and ability to disclose information filed under seal to government agencies.

16. **Protective Orders**: The Protective Orders designate that United States Trustee may receive discovery materials marked "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY." *See* Docs. 305 and 729, ¶¶ 7-8. However, the Protective Orders only apply to signatories to the Orders and "any other persons or entities who become bound by this Protective Order by signifying their assent through execution of Exhibit 1 hereto (a 'Confidentiality Statement')." *See* Docs. 305 and 729 at p. 1. Only those persons are defined as "Parties." *Id.* However, the United States Trustee has never signed either the Protective Orders or a Confidentiality Statement, so he is not a "Party" or a "Receiving Party" under the Protective Orders. Nevertheless, the Protective Orders contain language that can be viewed as applicable to non-parties:

> Any Protected Material, and all information derived from Protected Material (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, or for any purpose whatsoever other than for the Authorized Uses.

*See* Docs. 305 and 729, ¶ 9. Thus, this could be viewed as incorporating for "any person" the prohibition on Parties' using information in any other "any other legal case, lawsuit, proceeding,

---

[2] "Government officials must be free to execute their duties without the threat of lawsuits." *Kirk v. Hendon (In re Heinsohn)*, 247 B.R. 237, 245 (E.D. Tenn. 2000).

[or] investigation" (*id.* ¶ 7). Insofar as this is applied to the United States Trustee and viewed as barring the use of documents and information for any other legal case or investigation, such interpretation is in direct conflict with the United States Trustee's obligation to report criminal conduct and comply with his disclosure obligations, including that under 28 U.S.C. § 586(a)(3)(F).

17. Accordingly, the United States Trustee also asks for the Court to enter an Order stating:

> Nothing in the Court's previous Orders entered in this case, including (i) the Protective Orders and supplements [Docs. 305, 729, 885, and 1120] and (ii) the Order to Investigate [Doc. 1468] shall limit the United States Trustee's ability to disclose information to any government authority, or to use such information for the purpose of complying with the provisions of 28 U.S.C. § 586(a)(3)(F), and any requirement in the Court's prior Orders providing that such information may not be used in any other legal case, lawsuit, proceeding or investigation shall not apply to such government authorities, including representatives of the United States Department of Justice.

18. Without this language, the Court's prior Orders, including the Protective Orders, may also have a chilling effect on the ability of the United States Trustee to comply with his statutory mandates.

## CONCLUSION

19. For these reasons, the United States Trustee asks this Court to enter an Order (i) stating that nothing in the Order to Investigate prohibits the United States Trustee from disclosing documents and information filed under seal to government agencies, including the Department of Justice, and (ii) supplementing the Protective Orders with the language contained in paragraph 18. The United States Trustee asks for all other and further relief as to which the Court deems just and proper.

Dated: July 26, 2022                Respectfully submitted,

DAVID W. ASBACH
Acting United States Trustee, Region 5
Judicial Districts of Louisiana and
Mississippi

by: *s/Amanda Burnette George*
AMANDA BURNETTE GEORGE (31642)
Trial Attorney
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Fax no. (504) 589-4096
Amanda.B.George@usdoj.gov