## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| **Debtor.**[1] | § | |
| | § | |

---

## SUMMARY COVER SHEET TO FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE CLARO GROUP, LLC AS EXPERT CONSULTANT ON SEXUAL ABUSE AND EXPERT WITNESS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2022 THROUGH JUNE 30, 2022

| | | |
|---|---|---|
| **Name of Applicant:** | The Claro Group, LLC | |
| **Applicant's Professional Role in Case:** | Expert Consultant on Sexual Abuse and Expert Witness to the Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | Effective April 19, 2022 pursuant to Order entered May 19, 2022 [Docket No. 1555] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 06/01/2022 | 06/30/2022 |
| **Time period(s) covered by prior Applications:** | N/A | N/A |
| **Total amounts awarded in all prior Applications:** | | N/A |
| **Total fees requested in this Application:** | | $75,012.00 |
| **Total hours covered by this Application:** | | 219.90 |
| **Average hourly rate:** | | $341.12 |
| **Reimbursable expenses sought in this Application:** | | $0 |

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

1

The Claro Group, LLC ("Claro") professionals who rendered services for the Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 case concerning the above captioned debtor and debtor-in-possession (the "Debtor") during the period June 1, 2022 through June 30, 2022 (the "Application Period") are listed below.

**SUMMARY OF COMPENSATION AND HOURS BY PROFESSIONAL**
**JUNE 1, 2022 THROUGH JUNE 30, 2022**

| NAME OF PROFESSIONAL | POSITION | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| McNally, Katheryn | Managing Director | $635 | 4.8 | $3,048.00 |
| Schwab, Matthew | Managing Director | $625 | 0.5 | $312.50 |
| Trilla, Barry | Senior Manager | $415 | 19.7 | $8,175.50 |
| Nguyen, Hung | Manager | $370 | 50.8 | $18,796.00 |
| Boswell, Anne Margaret | Senior Consultant | $320 | 60.4 | $19,328.00 |
| Ross, Nick | Senior Consultant | $320 | 22.9 | $7,328.00 |
| Chung, Kevin | Consultant | $305 | 15.5 | $4,727.50 |
| Ricci, Elaina | Consultant | $305 | 9.0 | $2,745.00 |
| Ramljak, Daniel | Consultant | $305 | 8.8 | $2,684.00 |
| Aiello, Madison | Consultant | $305 | 6.7 | $2,043.50 |
| Smith, Hannah | Analyst | $280 | 20.8 | $5,824.00 |
| **Total** | | | **219.9** | **$75,012.00** |

**COMPENSATION AND HOURS BY TASK**
**JUNE 1, 2022 THROUGH JUNE 30, 2022**

| PROJECT CATEGORIES | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|
| Coverage Analysis | 3.1 | $1,440.50 |
| Claimant File Analysis | 216.0 | $73,239.50 |
| Fee Applications | 0.8 | $332.00 |
| **Total** | **219.9** | **$75,012.00** |

There were no expenses for Claro during the Application Period.

DOCS_LA:344556.2 05067/002

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| **Debtor.[2]** | § | |
| | § | |

---

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF THE CLARO GROUP, LLC**
**AS EXPERT CONSULTANT ON SEXUAL ABUSE AND EXPERT WITNESS**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD FROM JUNE 1, 2022 THROUGH JUNE 30, 2022**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 18, 2022, AT 1:30 PM. BY TELEPHONE THROUGH THE DIAL-IN FOR SECTION A 1-888-684-8852; CONFERENCE CODE 9318283. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Claro Group, LLC ("Claro"), as expert consultant on sexual abuse and expert witness to the Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor"), hereby files its *First Interim Application for Allowance of Compensation and Reimbursement of Expenses of The Claro Group, LLC as Expert Consultant on Sexual Abuse and Expert Witness to the Official Committee of*

---

[2] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

DOCS_LA:344556.2 05067/002

*Unsecured Creditors for the Period From June 1, 2022 Through June 30, 2022* (the "Application").  In support of the Application, Claro respectfully represents as follows:

## I.       INTRODUCTION

In this Application, Claro seeks interim allowance and payment of fees in the amount of $75,012.00 and expenses in the amount of $0.  To date, Claro has not been paid any compensation in this Chapter 11 case.

## II.       JURISDICTION AND VENUE

1.       The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Eastern District of Louisiana (the "Local Rules"), and Section XIII(B) of the Court's December 4, 2019 *General Order Regarding Procedures for Complex Chapter 11 Cases* (the "Complex Case Order").

## III.       BACKGROUND

### A.       Introduction

4.       On May 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.       The Debtor remains in possession of its property and is managing its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6.       On May 20, 2020, the Office of the United States Trustee for Region 5 appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 94], which was

4

reconstituted on June 10, 2020 [Docket No. No. 151], on October 8, 2020, to remove TMI Trust Company, Inc., in its capacity as indenture trustee for certain bonds [Docket No. 478], and on June 21, 2022 [Docket No. 1618].[3]

**B.** **Employment of Claro**

7.     On April 28, 2022, the Committee filed an *Application for Entry of an Order (I) Authorizing the Retention and Employment of The Claro Group, LLC, as Expert Consultant On Sexual Abuse and Expert Witness to the Official Committee of Unsecured Creditors Effective as of April 19, 2022 and (II) Allowing Claro Group, LLC Access to Claims* [Docket No. 1481] (the "Retention Application").  As more fully described in the Retention Application, the Committee retained Claro to render expert consultant and expert witness services to the Committee in this Chapter 11 case.

8.     On May 19, 2022, this Court entered its *Order (I) Authorizing the Retention and Employment of The Claro Group, LLC as Expert Consultant on Sexual Abuse and Expert Witness to the Official Committee of Unsecured Creditors Effective as of April 19, 2022, and (II) Allowing Claro Group, LLC Access to Claims* [Docket No. 1555] (the "Retention Order").  The Retention Order approved Claro's retention as the Committee's expert consultant on sexual abuse and expert witness in this Chapter 11 case.

**IV.     WORK PERFORMED**

9.     Claro provided, and continues to provide, expert consultant and expert witness services to the Committee in this Chapter 11 case.  Attached hereto as **Exhibit A** is a copy of Claro's Monthly Fee Statement (the "First Monthly Fee Statement") setting forth the time-keeping

---

[3] A separate official committee of unsecured commercial creditors was appointed by the US Trustee on March 5, 2021. [Docket Nos. 772 and 792].

entries generated by those firm personnel who worked on this matter during the Application Period from June 1, 2022 through June 30, 2022.

### V.      NATURE AND EXTENT OF EXPERT SERVICES PROVIDED

10.      This Application has been prepared in accordance with sections 330 and 331 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules, Rules 2014-1 and 2016-1 of the Local Rules, the UST Guidelines, and the Complex Case Order.

11.      On or about July 26, 2022, Claro submitted its First Monthly Fee Statement.  Claro incurred fees at its standard rates in the total amount of $75,012.00.  Thus, in its First Monthly Fee Statement, Claro requested interim allowance of fees in the amount of $75,012.00 and further requested payment of 80% of such fees in the amount of $60,009.60.  Claro did not incur, nor seek reimbursement for any expenses in the First Monthly Fee Statement.

12.      To date, Claro has not been paid any compensation in this matter.  Claro provided, and continues to provide, extensive expert consultant and expert witness services to the Committee in this Chapter 11 case.  Claro has attached to this Application a copy of its Invoice (the "Invoice") setting forth the time-keeping entries generated by those firm personnel who worked on this matter during the Application Period.  A true and correct copy of the Invoice is appended to the First Monthly Fee Statement attached hereto and is incorporated herein by reference.

### VI.     SUMMARY OF EXPERT SERVICES RENDERED BY CATEGORY

15.      During the Application Period, Claro performed work primarily in the following three areas: (a) coverage analysis; (b) claimant file analysis; and (c) fee applications.  Claro attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  The services performed, by categories, are generally described below, with a more detailed identification of the actual services

6

provided set forth in **Exhibit A**.

**A.**     **Coverage Analysis**

16.     In order to provide the basis for expected allocation of claim valuations across the Debtor's available insurance coverage, Claro reviewed certain coverage summaries and documents provided by Counsel and identified additional information necessary to support the insurance allocation analysis.

Fees:  $1,440.50;             Hours:  3.1

**B.**     **Claimant File Analysis**

17.     In order to properly execute its scope to provide valuation expertise on the survivor claims at issue in this matter, Claro analyzed the Proof of Claim ("POC") forms and complaints filed by sexual abuse claimants in this case.  Claro extracted claim information from survivor POC forms, complaints, and other supplemental documents to create a database of information related to the 479 sexual abuse claims that the Committee asked Claro to review. Such claim attributes are potentially relevant to the valuation of the survivor claims, and therefore are necessary to both extract and analyze in order to properly opine on the valuation of such claims.  Services in this category included quality control of extracted data to ensure the consistency of attribute tracking and categorization among claimants.  Claro thoroughly analyzed the data for purposes of understanding the survivor population and identifying trends and patterns.  In addition, Claro investigated ambiguities and discrepancies related to specific claims raised when comparing results of Claro's claim file review to other data provided by the Debtor and/or Counsel related to the claims.

Fees:  $73,239.50;             Hours:  216.0

### C.     <u>Fee Applications</u>

18.     During the Application Period, Claro reviewed the Complex Case Order to begin draft preparation of its First Monthly Fee Statement. This Application, however, was finalized after the Application Period.

Fees: $332.00;        Hours: 0.8

## VII.     <u>STATEMENT IN COMPLIANCE WITH RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

19.     As more fully described in the Retention Application, the Committee agreed to retain Claro as its expert consultant and expert witness and to compensate Claro on an hourly basis in accordance with the firm's Retention Application, plus reimbursement of the actual and necessary expenses that Claro incurred in connection with this Chapter 11 case. All compensation for services rendered, and reimbursement for expenses incurred, are subject to this Court's approval in accordance with the Retention Order, Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Rules, and other procedures that this Court may put in place.

20.     No entity has promised to compensate Claro for any services rendered, or reimburse it for expenses incurred, in connection with this case except as this Court may approve. No agreement or understanding exists between Claro and any other person or entity for the sharing of any compensation or reimbursement (i) that Claro may receive for services rendered in, or in connection with, this Chapter 11 case or (ii) that such other person or entity has already received or may receive for services that they rendered in, or in connection with this case, except that Claro will share any compensation or reimbursement it receives in connection with this case with its members and other firm employees (as originally disclosed in the Retention Application).

DOCS_LA:344556.2 05067/002

## VIII.   THE REQUESTED COMPENSATION SHOULD BE ALLOWED

21.     Section 330 provides that a court may award a professional employed under 11 U.S.C. § 328 "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22.     Claro has a reputation for its expertise and experience in financial and bankruptcy reorganizations and restructurings, including without limitation, as a leading expert on the valuation of sexual abuse claims, and as noted above, the compensation is reasonably based on customary compensation charged by other practitioners in non-bankruptcy cases. Based on an application of the above factors and its compliance with the UST Guidelines, Claro respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and

9

value of such services to the Committee and, accordingly, that approval of the compensation sought herein is warranted.

23.     This Application substantiates the total amount Claro seeks for fees and expenses in accordance with this Court's standards applied to fee applications.  The factors that courts in this jurisdiction consider when making a discretionary award of reasonable attorneys' fees and reimbursable expenses were originally described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* Factors").  The Fifth Circuit has applied the *Johnson* Factors to the determination of awards of professionals' fees and expenses in bankruptcy cases.  *In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).  Many of these *Johnson* Factors have now been codified at Bankruptcy Code § 330(a)(3).  11 U.S.C. § 330(a)(3).

24.     The *Johnson* Factors are summarized as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the services; (4) the preclusion of other employment by the professionals due to acceptance of the bankruptcy case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amounts involved and the results obtained; (9) the experience, reputation and ability of the professionals; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Based upon the services described in this Application, Claro respectfully represents that it has fully satisfied the standards prescribed by the *Johnson* Court.

**The Time and Labor Required**

25.     As expert consultant on sexual abuse and expert witness to the Committee, Claro expended 219.9 hours during the Application Period, for a total fee of $75,012.00.  The blended

hourly rate for this Application is $341.12 per hour.  The names of the professionals who worked on this case during the Application Period are listed in **Exhibit A**, attached hereto.  All of the services were performed by Claro at the request and direction of the Committee, and were necessary to assist Committee in the performance of its duties.  Claro submits that the time and labor its professionals expended in this case are appropriate and reasonable given the complexity of the case.

## The Novelty and Difficulty of the Questions Presented

26.      This Chapter 11 case is designated as a "complex" case and involves a significant number of complex issues in the areas of restructuring, finance, insurance coverage, and tort law. *See Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [Docket No. 18].  The provision of expert consulting services and expert testimony regarding valuation of sexual abuse claims presents intricate, novel and difficult questions.   Accordingly, Claro's services to the Committee satisfy this factor.

## The Skill Required to Perform the Services

27.      Representing the Committee in this Chapter 11 case required considerable skill and expertise.  Claro believes that its recognized expertise in the area of valuation of sexual abuse claims will facilitate the resolution of certain matters in connection with the Chapter 11 case.  Claro has considerable experience in complex bankruptcy matters.  Further, Claro has been engaged as an expert witness by numerous creditors' committees in cases with abuse claims, and has extensive experience in cases involving dioceses and archdioceses of the Catholic Church, and thus has a unique understanding of the structure and history of that institution and its sub-entities, and of the nature of its assets.  Claro submits that its unique skill and expertise are also relevant as a factor suggesting a fee award under Local Rule 2016-1 (A)(13) ("If the work required any particular

expertise or was undesirable."). Claro employed professionals of varying levels of skill and expertise to efficiently resolve the issues in this case. Claro respectfully submits that its professionals have provided significant benefits to the Committee during the Application Period.

**The Customary Fee**

28.     Claro computed the amount of compensation it seeks in this Application according to its customary rates, which rates the firm previously disclosed in the Retention Application. Claro also maintained detailed time and disbursement records for the expert witness services for which it seeks compensation. The rates charged for Claro's expert witness services in this case are comparable to other similar-situated firms. Thus, the blended hourly rate on this matter of $341.12 per hour is reasonable and reflects market rates for expert witness services in Chapter 11 bankruptcy cases of this size and complexity.

**Whether the Fee is Fixed or Contingent**

29.     Claro's fees for services rendered in this Chapter 11 case are based on its hourly rates, subject in all respects to this Court's approval. Claro has not requested any contingent fee in this case.

**Time Limitations Imposed by the Client or Other Circumstances**

30.     Claro's valuation work and related findings are important to the Committee's work in this Chapter 11 case and Claro provides such assistance to the Committee on an expedited basis to support ongoing efforts. Matters often arose throughout the Application Period that required Claro's immediate attention.

**The Amounts Involved and the Results Obtained**

31.     The Invoice summarizes the individual tasks that Claro personnel performed during the Application Period as well as the amounts charged for those tasks. The total fees Claro seeks

interim allowance of in this Application are $75,012.00. Claro's services have been and will be instrumental in facilitating the resolution of certain matters in this case. Claro submits that the fees requested in the Application are reasonable and appropriate when considering the results obtained on behalf of the Committee.

**The Experience, Reputation, and Ability of the Professionals**

32.     Claro has extensive experience and a strong reputation related to claims valuation for these types of claims throughout the United States. The Claro professionals working on this Chapter 11 case have prior experience in other cases with similar complex issues including the following: (i) claims valuation advisor to the official Tort Claimants Committee in In re Boy Scouts of America and Delaware BSA, LLC (Bankr. D. Del., Case No. 20-10343 (LSS)); (ii) claims valuation advisor to the Official Committee of Tort Claimants in In re Diocese of Camden, New Jersey (Bankr. D.N.J., Case No. 20-21257 (JNP)); (iii) claims valuation advisor to the Official Committee of Unsecured Creditors in In re Diocese of Rochester (Bankr. W.D.N.Y. Case No. 19-20905); and (iv) assisting Michigan State University in connection with the Dr. Larry Nassar molestation/abuse claims. As mentioned, Claro has considerable expertise in cases, such as this one, involving numerous abuse claims and sub-entities of the Catholic Church. The substantial experience, reputation, and ability of Claro's professionals working on this Chapter 11 case favor granting Claro the fee award it seeks.

**The "Undesirability" of the Bankruptcy Case**

33.     From Claro's perspective, serving as expert witness to the Committee in this Chapter 11 case was not undesirable. However, bankruptcy cases involving abuse claims and religious entities can involve intensive and hard-fought disputes, for example, regarding the claims

13

process and the recovery and liquidation of assets.  These issues could lead to potential fee risk and other uncertainties. This factor therefore favors granting Claro the award it has requested.

**The Nature and Length of the Professional Relationship with the Client**

34.     Claro has no prior professional relationship with the Committee, which was only formed after this case began.  However, members of Claro have worked in similar matters, thus making the representation of the Committee more efficient.  For this reason, this *Johnson* Factor supports granting Claro its fees in this case.

**Awards in Similar Cases**

35.     The fee award Claro seeks compares favorably to awards granted in other bankruptcy cases with a size and complexity similar to this case, including cases in the Fifth Circuit.  In light of these considerations, this last *Johnson* factor also supports granting the Firm its award.

36.     In conclusion, the *Johnson* Factors favor granting Claro the fee and expense award it seeks.

## IX.     RESERVATION OF RIGHTS

37.     It is possible that some professional time expended or expenses incurred by Claro are not reflected in this Application.  Claro reserves the right to file a supplemental fee application to submit additional fees and expenses not previously included in the Application, or to include such time and costs in a future fee application.

## X.     NO PRIOR REQUEST

38.     No prior application for the relief requested herein has been made to this or any other court.

## XI.    **CONCLUSION**

WHEREFORE, Claro respectfully requests that this Court enter an order (i) awarding Claro an interim allowance of fees for the Application Period in the amount of 75,012.00; (ii) authorizing and directing the Debtor to pay such allowed fees and costs, less amounts previously submitted; and (iii) granting such other or additional relief as is just and proper.

Dated:  July 26, 2022                                       Respectfully submitted,

                                                                   By: */s/ Katheryn McNally*
                                                                   The Claro Group, LLC
                                                                   123 N. Wacker Street, Suite 2100
                                                                   Chicago, IL 60606
                                                                   Email: kmncally@theclarogroup.com

                                                                   **Expert Consultant and Expert Witness to the Official Committee of Unsecured Creditors**

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | Section "A" |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS | § | Chapter 11 |
| | § | |
| Debtor.[1] | § | Objection Deadline:  August 9, 2022 |
| | § | |

**MONTHLY FEE AND EXPENSE STATEMENT OF
THE CLARO GROUP, LLC, AS EXPERT CONSULTANT
ON SEXUAL ABUSE AND EXPERT WITNESS TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD JUNE 1, 2022 – JUNE 30, 2022**

1.    In accordance with Section XIII(B) of the Court's *December 4, 2019 General Order Regarding Procedures for Complex Chapter 11 Cases* (the "Complex Case Order"), The Claro Group, LLC ("Claro"), expert consultants on sexual abuse and expert witness to the Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor"), hereby submits its **Monthly Fee and Expense Statement** (the "Statement") for the period from June 1, 2022 through June 30, 2022 (the "Statement Period") for the above-styled Chapter 11 bankruptcy case (the "Bankruptcy Case").

**RELIEF REQUESTED**

2.    The total amounts sought by Claro for fees for professional services rendered and reimbursement of actual, reasonable, and necessary expenses incurred for the Statement Period

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

1

are as follows:

| June 1, 2022 to June 30, 2022 | |
| --- | --- |
| Fees | $75,012.00 |
| Expenses | $0.00 |
| **Total** | **$75,012.00** |

## SERVICES RENDERED AND EXPENSES INCURRED

3.     The Claro timekeepers (collectively, the "Timekeepers") who rendered services to the Committee in connection with the Bankruptcy Case during the Statement Period, including the rate and fees earned by each Timekeeper, is attached hereto as **Exhibit A**.  Also included in **Exhibit A** is a schedule of fees incurred by Claro during the Statement Period summarized by task code, along with the detailed time records which describe the time spent by each Claro Timekeeper for the Statement Period.

4.     Claro also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. At this time Claro is not requesting reimbursement for any expenses incurred during the Statement Period but reserves the right to request reimbursement therefor in the future.

## SUMMARY OF PRIOR FEES SOUGHT

5.     This is Claro's first Monthly Fee and Expense Statement and no prior fee applications have been filed by Claro in this Bankruptcy Case.

2

## NO PRIOR REQUEST

6.      With respect to the amounts requested herein, as of the date of this Statement, Claro has received no payments and no previous application for the relief sought herein has been made to this or any other Court.

## NOTICE AND OBJECTION PROCEDURES

7.      In accordance with the Interim Compensation Order, notice of the Statement has been served upon the following parties ("Notice Parties") as required by the Complex Case Order: (i) counsel for the Debtor, Mark Mintz, Esq., Jones Walker LLP, 201 St. Charles Ave, New Orleans, LA 70170-5100; (ii) counsel for the prepetition secured lender, Hancock Whitney Bank, David F. Waguespack, Esq., Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, L.L.C., 1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70163-1102; (iii) KS State Bank, 1010 Westloop, P.O. Box 69, Manhattan KS 66505-0069; (iv) Dell Financial Svc LP, Mail Stop P82DF, 23 One Dell Way, Round Rock TX 78682; (v) David S. Rubin, Butler Snow LLP, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802; (vi) Colleen Murphy, Greenberg Traurig, One International Place, Suite 2000, Boston, MA 02110; (vii) Annette Jarvis, Greenberg Traurig, 222 S. Main Street, Fifth Floor, Salt Lake City, UT 84101; and (viii) Amanda George, Esq., Office of The United States Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130; and (ix) Stewart Robbins Brown & Altazan, LLC, 301 Main Street, Suite 1640, P.O. Box 2348, Baton Rouge, LA 70821-2348.

8.      Also pursuant to the Complex Case Order, any objections to this Statement must be asserted on or before August 9, 2022 (the "Objection Deadline"), setting forth the nature of the objection and the specific amount of fees or expenses at issue.

9.      If no objections to the Statement are received on or before the Objection Deadline, the Debtor, pursuant to the Complex Case Order, is authorized to pay Claro on an interim basis

the total amount of $60,009.60, which consists of eighty percent (80%) of Claro's total fees of $75,012.00 for the Statement Period.

10.     To the extent an objection to the Statement is received on or before the Objection Deadline, the Debtor is to withhold payment of that portion of the Statement to which the objection is directed and will promptly pay the remainder of the fees and disbursements in the percentages set forth above. To the extent such objection is not resolved, it shall be preserved and scheduled for consideration at the next interim fee application hearing.

Dated:  July 26, 2022                                    Respectfully submitted,

                                                        By: /s/ Katheryn McNally
                                                        The Claro Group, LLC
                                                        123 N. Wacker Street, Suite 2100
                                                        Chicago, IL 60606
                                                        Email: kmncally@theclarogroup.com

                                                        *Expert Consultants and Expert Witness to the*
                                                        *Official Tort Claimants' Committee*

# EXHIBIT A

**the Claro group**
resolve with clarity

123 N. Wacker Drive, Suite 2100
Chicago, IL 60606
312-546-3400

TO   James Adams
     Pachulski Stang Ziehl & Jones LLP
     10100 Santa Monica
     Suite 1300
     Los Angeles, CA 90067

July 19, 2022

Invoice No: 121701
Project ID: DIOCESENOLA001

Re: Archdiocese of New Orleans

First Claro Monthly Fee Application

Total Due: $75,012.00

PLEASE NOTE NEW REMITTANCE ADDRESS

Please remit payment to:
**The Claro Group, LLC**
**P O Box 6715**
**Carol Stream, IL  60197-6715**
Contact Shawn Philip at SPhilip@theclarogroup.com, 312.546.3356.

Page 1 of 1

**Exhibit A**
**Compensation and Hours by Professional**

| Name of Professional | Position | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| McNally, Katheryn | Managing Director | $      635 | 4.80 | $      3,048.00 |
| Schwab, Matthew | Managing Director | 625 | 0.50 | 312.50 |
| Trilla, Barry | Senior Manager | 415 | 19.70 | 8,175.50 |
| Nguyen, Hung | Manager | 370 | 50.80 | 18,796.00 |
| Boswell, Anne Margaret | Senior Consultant | 320 | 60.40 | 19,328.00 |
| Ross, Nick | Senior Consultant | 320 | 22.90 | 7,328.00 |
| Chung, Kevin | Consultant | 305 | 15.50 | 4,727.50 |
| Ricci, Elaina | Consultant | 305 | 9.00 | 2,745.00 |
| Ramljak, Daniel | Consultant | 305 | 8.80 | 2,684.00 |
| Aiello, Madison | Consultant | 305 | 6.70 | 2,043.50 |
| Smith, Hannah | Analyst | 280 | 20.80 | 5,824.00 |
| Total Hours and Fees: | | | 219.90 | $      75,012.00 |
| Blended Rate: | | $      341.12 | | |

**Exhibit A**

**Compensation and Hours by Task**

| Project Categories | Total Hours June 2022 | Total Compensation |
|---|---:|---:|
| Coverage Analysis | 3.1 | $ 1,440.50 |
| Claimant File Analysis | 216.0 | $ 73,239.50 |
| Fee Applications | 0.8 | $ 332.00 |
| **Total** | **219.9** | **$ 75,012.00** |

**Exhibit A**
**Detailed Time Records**

| Date | Employee Name | Task Category | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 6/1/2022 | McNally, Katheryn | Claimant File Analysis | Download poc form data provided by counsel | 0.3 | $ 635.00 | $ 190.50 |
| 6/2/2022 | Trilla, Barry | Claimant File Analysis | Call with KMcNally to discuss project team set up and POC Form analysis | 0.4 | $ 415.00 | $ 166.00 |
| 6/3/2022 | Trilla, Barry | Claimant File Analysis | POC Form process and attribute template analysis | 0.5 | $ 415.00 | $ 207.50 |
| 6/4/2022 | Nguyen, Hung | Claimant File Analysis | Design plan to extract the proof of claim data in order to perform claim analysis. | 2.5 | $ 370.00 | $ 925.00 |
| 6/4/2022 | Nguyen, Hung | Claimant File Analysis | Perform exploratory analysis on proof of claim data. | 3.7 | $ 370.00 | $ 1,369.00 |
| 6/6/2022 | Nguyen, Hung | Claimant File Analysis | Analysis - proof of claim files to determine the type of form used in order to implement the correct method to capture the data. | 1.8 | $ 370.00 | $ 666.00 |
| 6/6/2022 | Nguyen, Hung | Claimant File Analysis | Create data capture template layout for capture system to capture proof of claim files. | 2.3 | $ 370.00 | $ 851.00 |
| 6/6/2022 | Nguyen, Hung | Claimant File Analysis | Prepare proof of claims files for data capture. | 2.8 | $ 370.00 | $ 1,036.00 |
| 6/7/2022 | McNally, Katheryn | Claimant File Analysis | partial attendance at mediation (virtually) with Debtor and Committee/counsel | 1.5 | $ 635.00 | $ 952.50 |
| 6/7/2022 | Trilla, Barry | Claimant File Analysis | Meeting with AMBoswell to discuss claim form analysis process | 0.5 | $ 415.00 | $ 207.50 |
| 6/7/2022 | Nguyen, Hung | Claimant File Analysis | Continue data capture of proof of claims for claim analysis. | 1.6 | $ 370.00 | $ 592.00 |
| 6/7/2022 | Ross, Nick | Claimant File Analysis | Perform data capture of Proof of Claim forms | 3.4 | $ 320.00 | $ 1,088.00 |
| 6/7/2022 | Chung, Kevin | Claimant File Analysis | Perform data capture of proof of claims for claim analysis | 0.6 | $ 305.00 | $ 183.00 |
| 6/7/2022 | Boswell, Anne Margaret | Claimant File Analysis | Correspondence with team about status update and work plan for POC analysis | 0.4 | $ 320.00 | $ 128.00 |
| 6/7/2022 | Nguyen, Hung | Claimant File Analysis | Perform data capture of proof of claims for claim analysis. | 4.0 | $ 370.00 | $ 1,480.00 |
| 6/7/2022 | Boswell, Anne Margaret | Claimant File Analysis | Meeting w/ BTrilla to discuss claim form analysis process | 0.5 | $ 320.00 | $ 160.00 |
| 6/7/2022 | Boswell, Anne Margaret | Claimant File Analysis | Creation of Scoring Memo and process for claim form analysis | 3.0 | $ 320.00 | $ 960.00 |
| 6/8/2022 | McNally, Katheryn | Claimant File Analysis | Call with BTrilla to discuss POC form analysis and project team set up | 0.4 | $ 635.00 | $ 254.00 |
| 6/8/2022 | Chung, Kevin | Claimant File Analysis | Continue data capture of proof of claims for claim analysis | 3.3 | $ 305.00 | $ 1,006.50 |
| 6/8/2022 | Chung, Kevin | Claimant File Analysis | Perform data capture of proof of claims for claim analysis | 4.0 | $ 305.00 | $ 1,220.00 |
| 6/8/2022 | McNally, Katheryn | Claimant File Analysis | Email to BKnapp and JStang to request follow up information after mediation with debtor on 6/7 | 0.3 | $ 635.00 | $ 190.50 |
| 6/8/2022 | McNally, Katheryn | Coverage Analysis | Call with BTrilla to discuss documents received vs. outstanding and work plan to begin claim valuation and coverage review | 0.5 | $ 635.00 | $ 317.50 |
| 6/8/2022 | Nguyen, Hung | Claimant File Analysis | Continue data capture of proof of claims for claim analysis. | 3.7 | $ 370.00 | $ 1,369.00 |
| 6/8/2022 | Nguyen, Hung | Claimant File Analysis | Perform data capture of proof of claims for claim analysis. | 4.0 | $ 370.00 | $ 1,480.00 |
| 6/8/2022 | Ross, Nick | Claimant File Analysis | Perform data capture of Proof of Claim forms | 3.8 | $ 320.00 | $ 1,216.00 |
| 6/8/2022 | Ross, Nick | Claimant File Analysis | Continue to perform data capture of Proof of Claim forms | 2.9 | $ 320.00 | $ 928.00 |
| 6/8/2022 | Trilla, Barry | Coverage Analysis | Status call with KMcNally to discuss documents received vs. outstanding and work plan to begin claim valuation and coverage review | 0.5 | $ 415.00 | $ 207.50 |
| 6/9/2022 | Nguyen, Hung | Claimant File Analysis | Perform data capture of proof of claims for claim analysis. | 4.0 | $ 370.00 | $ 1,480.00 |
| 6/9/2022 | Ross, Nick | Claimant File Analysis | Perform data capture of Proof of Claim forms | 1.7 | $ 320.00 | $ 544.00 |
| 6/9/2022 | Ross, Nick | Claimant File Analysis | Continue to perform data capture of Proof of Claim forms | 2.5 | $ 320.00 | $ 800.00 |
| 6/9/2022 | Chung, Kevin | Claimant File Analysis | Continue data capture of proof of claims for claim analysis | 0.8 | $ 305.00 | $ 244.00 |
| 6/9/2022 | Nguyen, Hung | Claimant File Analysis | Continue data capture of proof of claims for claim analysis. | 4.0 | $ 370.00 | $ 1,480.00 |
| 6/9/2022 | Chung, Kevin | Claimant File Analysis | Perform data capture of proof of claims for claim analysis | 4.0 | $ 305.00 | $ 1,220.00 |
| 6/10/2022 | Nguyen, Hung | Claimant File Analysis | Perform data capture of proof of claims for claim analysis. | 4.0 | $ 370.00 | $ 1,480.00 |
| 6/10/2022 | Ross, Nick | Claimant File Analysis | Perform data capture of Proof of Claim forms | 3.7 | $ 320.00 | $ 1,184.00 |

| Date | Employee Name | Task Category | Description | Hours | Rate | Amount |
|------|---------------|---------------|-------------|-------|------|--------|
| 6/10/2022 | Ross, Nick | Claimant File Analysis | Continue to perform data capture of Proof of Claim forms | 0.9 | $ 320.00 | $ 288.00 |
| 6/10/2022 | Nguyen, Hung | Claimant File Analysis | Continue data capture of proof of claims for claim analysis. | 3.8 | $ 370.00 | $ 1,406.00 |
| 6/13/2022 | Chung, Kevin | Claimant File Analysis | Perform data capture of proof of claims for claim analysis | 2.8 | $ 305.00 | $ 854.00 |
| 6/13/2022 | McNally, Katheryn | Claimant File Analysis | Email update on Claro claim valuation progress to JStang per request | 0.3 | $ 635.00 | $ 190.50 |
| 6/13/2022 | Nguyen, Hung | Claimant File Analysis | Complete capture handwritten proof of claim data for claim analysis. | 4.0 | $ 370.00 | $ 1,480.00 |
| 6/13/2022 | Nguyen, Hung | Claimant File Analysis | Perform backfill captured data for questions where POCs referenced "see attachment" | 3.1 | $ 370.00 | $ 1,147.00 |
| 6/13/2022 | Ross, Nick | Claimant File Analysis | Perform data capture of Proof of Claim forms | 2.7 | $ 320.00 | $ 864.00 |
| 6/13/2022 | Trilla, Barry | Claimant File Analysis | Email to KMcNally to give status update to counsel | 0.3 | $ 415.00 | $ 124.50 |
| 6/13/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 1.0 | $ 320.00 | $ 320.00 |
| 6/13/2022 | Boswell, Anne Margaret | Claimant File Analysis | Drafting and creation of claim form analysis template to be used by review team | 4.0 | $ 320.00 | $ 1,280.00 |
| 6/14/2022 | Trilla, Barry | Claimant File Analysis | Call with HNguyen to discuss claim form database structure and results | 0.3 | $ 415.00 | $ 124.50 |
| 6/14/2022 | Trilla, Barry | Claimant File Analysis | Claim form database results analysis | 2.2 | $ 415.00 | $ 913.00 |
| 6/14/2022 | Nguyen, Hung | Claimant File Analysis | Update claim data extraction report with new layout. | 0.5 | $ 370.00 | $ 185.00 |
| 6/14/2022 | Ross, Nick | Claimant File Analysis | Quality check results of data capture of Proof of Claim forms | 1.3 | $ 320.00 | $ 416.00 |
| 6/14/2022 | Nguyen, Hung | Claimant File Analysis | Call with BTrilla to discuss claim form database structure and results | 0.3 | $ 370.00 | $ 111.00 |
| 6/14/2022 | Nguyen, Hung | Claimant File Analysis | QC data extraction result for correctness and completeness. | 0.7 | $ 370.00 | $ 259.00 |
| 6/15/2022 | Trilla, Barry | Claimant File Analysis | Claim form database results analysis | 1.8 | $ 415.00 | $ 747.00 |
| 6/16/2022 | Boswell, Anne Margaret | Claimant File Analysis | Meeting with BTrilla to discuss Proof of claim form database | 0.4 | $ 320.00 | $ 128.00 |
| 6/16/2022 | Trilla, Barry | Claimant File Analysis | Meeting with AMBoswell to discuss POC form database | 0.4 | $ 415.00 | $ 166.00 |
| 6/16/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.2 | $ 320.00 | $ 704.00 |
| 6/17/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis and cleaning of data provided by HNguyen for use in POC template continued | 1.9 | $ 320.00 | $ 608.00 |
| 6/17/2022 | Boswell, Anne Margaret | Claimant File Analysis | Edits to claim form analysis template in order for review team to capture all relevent info | 4.0 | $ 320.00 | $ 1,280.00 |
| 6/20/2022 | Trilla, Barry | Claimant File Analysis | Claim form database results analysis | 1.4 | $ 415.00 | $ 581.00 |
| 6/20/2022 | Trilla, Barry | Claimant File Analysis | Debtor's review of claims analysis | 0.8 | $ 415.00 | $ 332.00 |
| 6/20/2022 | Trilla, Barry | Claimant File Analysis | Call with KMcNally to discuss project status and debtor's review | 0.5 | $ 415.00 | $ 207.50 |
| 6/20/2022 | McNally, Katheryn | Claimant File Analysis | Call with BTrilla to discuss project status and debtor's review | 0.5 | $ 635.00 | $ 317.50 |
| 6/20/2022 | Boswell, Anne Margaret | Claimant File Analysis | Set up template for Claimant file analysis - continued | 2.0 | $ 320.00 | $ 640.00 |
| 6/20/2022 | Boswell, Anne Margaret | Claimant File Analysis | Edits to scoring memo for claim form analysis | 2.0 | $ 320.00 | $ 640.00 |
| 6/20/2022 | Boswell, Anne Margaret | Claimant File Analysis | Set up template for Claimant file analysis | 4.0 | $ 320.00 | $ 1,280.00 |
| 6/21/2022 | Boswell, Anne Margaret | Claimant File Analysis | Proof of claim overview meeting with team | 0.3 | $ 320.00 | $ 96.00 |
| 6/21/2022 | Boswell, Anne Margaret | Claimant File Analysis | Meeting with BTrilla to discuss proof of claim process & template | 0.5 | $ 320.00 | $ 160.00 |
| 6/21/2022 | Boswell, Anne Margaret | Claimant File Analysis | Proof of claim overview meeting with ERicci | 0.5 | $ 320.00 | $ 160.00 |
| 6/21/2022 | Boswell, Anne Margaret | Claimant File Analysis | Consolidate questions for BTrilla about scoring / template questions | 1.0 | $ 320.00 | $ 320.00 |
| 6/21/2022 | Trilla, Barry | Claimant File Analysis | Meeting with AMBoswell to discuss POC template and process | 0.5 | $ 415.00 | $ 207.50 |
| 6/21/2022 | Smith, Hannah | Claimant File Analysis | Proof of claim overview meeting with team | 0.3 | $ 280.00 | $ 84.00 |
| 6/21/2022 | Ricci, Elaina | Claimant File Analysis | Meeting with AMBoswell to discuss proof of claim overview | 0.5 | $ 305.00 | $ 152.50 |
| 6/21/2022 | Ramljak, Daniel | Claimant File Analysis | Proof of claim overview with team | 0.3 | $ 305.00 | $ 91.50 |
| 6/21/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis and cleaning of data provided by HNguyen for use in POC template | 1.7 | $ 320.00 | $ 544.00 |
| 6/21/2022 | Aiello, Madison | Claimant File Analysis | Proof of Claim overview meeting with team | 0.3 | $ 305.00 | $ 91.50 |
| 6/21/2022 | Boswell, Anne Margaret | Claimant File Analysis | Creating various formulas to pull all debtor's review info from HNguyen into template and adding additional tabs for valuation/discounting purposes | 4.0 | $ 320.00 | $ 1,280.00 |

| Date | Employee Name | Task Category | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 6/22/2022 | Boswell, Anne Margaret | Claimant File Analysis | Correspondence to team about claim file analysis instructions and scoring memo | 0.6 | $ 320.00 | $ 192.00 |
| 6/22/2022 | Boswell, Anne Margaret | Claimant File Analysis | Edits to scoring memo for claim form analysis continued | 1.0 | $ 320.00 | $ 320.00 |
| 6/22/2022 | Boswell, Anne Margaret | Claimant File Analysis | Duplicate & triplicate analysis of claim forms | 1.3 | $ 320.00 | $ 416.00 |
| 6/22/2022 | Trilla, Barry | Claimant File Analysis | Claim form database results analysis | 0.9 | $ 415.00 | $ 373.50 |
| 6/22/2022 | Trilla, Barry | Claimant File Analysis | Email to KMcNally to give status update to counsel | 0.4 | $ 415.00 | $ 166.00 |
| 6/22/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis of claim forms that Debtor asserts are late, released, withdrawn, not affiliated w/ ANO, religious order perp | 3.1 | $ 320.00 | $ 992.00 |
| 6/22/2022 | Smith, Hannah | Claimant File Analysis | Analysis of Claim Forms to extract attributes potentially relevant to claim valuation | 1.3 | $ 280.00 | $ 364.00 |
| 6/23/2022 | Boswell, Anne Margaret | Claimant File Analysis | Cleaning HNguyen's data for claim form analysis | 0.9 | $ 320.00 | $ 288.00 |
| 6/23/2022 | Boswell, Anne Margaret | Claimant File Analysis | Answering Claro team's questions related to claim file analysis | 1.4 | $ 320.00 | $ 448.00 |
| 6/23/2022 | Boswell, Anne Margaret | Claimant File Analysis | Cleaning HNguyen's POC data to prepare for JStang per his request | 2.0 | $ 320.00 | $ 640.00 |
| 6/23/2022 | Trilla, Barry | Claimant File Analysis | Claim form database results analysis and updates | 3.4 | $ 415.00 | $ 1,411.00 |
| 6/23/2022 | Ramljak, Daniel | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.2 | $ 305.00 | $ 671.00 |
| 6/23/2022 | Smith, Hannah | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation continued | 2.0 | $ 280.00 | $ 560.00 |
| 6/23/2022 | Smith, Hannah | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 4.0 | $ 280.00 | $ 1,120.00 |
| 6/24/2022 | Trilla, Barry | Claimant File Analysis | Claim form scoring analysis | 0.8 | $ 415.00 | $ 332.00 |
| 6/24/2022 | McNally, Katheryn | Claimant File Analysis | prepare POC claim database for sharing with counsel | 0.3 | $ 635.00 | $ 190.50 |
| 6/24/2022 | Ramljak, Daniel | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.6 | $ 305.00 | $ 793.00 |
| 6/24/2022 | Ricci, Elaina | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.0 | $ 305.00 | $ 610.00 |
| 6/27/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 4.0 | $ 320.00 | $ 1,280.00 |
| 6/27/2022 | Trilla, Barry | Coverage Analysis | Meeting with KMcNally and MSchwab to discuss coverage materials received | 0.5 | $ 415.00 | $ 207.50 |
| 6/27/2022 | Trilla, Barry | Coverage Analysis | Analysis of coverage materials received to learn about the coverage program | 1.4 | $ 415.00 | $ 581.00 |
| 6/27/2022 | Ricci, Elaina | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.5 | $ 305.00 | $ 762.50 |
| 6/28/2022 | Aiello, Madison | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.4 | $ 305.00 | $ 732.00 |
| 6/28/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 3.6 | $ 320.00 | $ 1,152.00 |
| 6/28/2022 | McNally, Katheryn | Coverage Analysis | Email correspondence with INasatir regarding outstanding coverage documents and questions | 0.2 | $ 635.00 | $ 127.00 |
| 6/28/2022 | Schwab, Matthew | Claimant File Analysis | Call w/ BTrilla and KMcNally regarding claim file analysis and various coverage and settlement data received. | 0.5 | $ 625.00 | $ 312.50 |
| 6/28/2022 | McNally, Katheryn | Coverage Analysis | Call with BTrilla and MSchwab to discuss coverage documents received from counsel and discuss next steps and additional requests | 0.5 | $ 635.00 | $ 317.50 |
| 6/28/2022 | Ricci, Elaina | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 1.5 | $ 305.00 | $ 457.50 |
| 6/29/2022 | Boswell, Anne Margaret | Claimant File Analysis | Correspondence to team to answer all questions in regard to claim form analysis/template | 1.0 | $ 320.00 | $ 320.00 |
| 6/29/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 3.0 | $ 320.00 | $ 960.00 |
| 6/29/2022 | Ramljak, Daniel | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.0 | $ 305.00 | $ 610.00 |
| 6/29/2022 | Smith, Hannah | Claimant File Analysis | Analyze Diocese of New Orleans proof of claim forms | 4.0 | $ 280.00 | $ 1,120.00 |

| Date | Employee Name | Task Category | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 6/29/2022 | Trilla, Barry | Fee Applications | Fee application requirements analysis via docket and General Order | 0.8 | $ 415.00 | $ 332.00 |
| 6/29/2022 | Trilla, Barry | Claimant File Analysis | Claimant allegation and nature of abuse analysis for scoring purposes | 0.6 | $ 415.00 | $ 249.00 |
| 6/29/2022 | Ricci, Elaina | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 2.0 | $ 305.00 | $ 610.00 |
| 6/29/2022 | Smith, Hannah | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation continued | 4.0 | $ 280.00 | $ 1,120.00 |
| 6/30/2022 | Aiello, Madison | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 4.0 | $ 305.00 | $ 1,220.00 |
| 6/30/2022 | Boswell, Anne Margaret | Claimant File Analysis | Documenting differences between duplicate and triplicate claim forms | 2.1 | $ 320.00 | $ 672.00 |
| 6/30/2022 | Boswell, Anne Margaret | Claimant File Analysis | Analysis of duplicate / triplicate claim forms and documenting differences | 3.0 | $ 320.00 | $ 960.00 |
| 6/30/2022 | Ramljak, Daniel | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 1.7 | $ 305.00 | $ 518.50 |
| 6/30/2022 | Ricci, Elaina | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 0.5 | $ 305.00 | $ 152.50 |
| 6/30/2022 | Smith, Hannah | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation continued | 1.2 | $ 280.00 | $ 336.00 |
| 6/30/2022 | Smith, Hannah | Claimant File Analysis | Analysis of Proof of Claim forms to extract attributes potentially relevant to claim valuation | 4.0 | $ 280.00 | $ 1,120.00 |
| 6/30/2022 | Trilla, Barry | Claimant File Analysis | Claimant form scoring analysis | 0.8 | $ 415.00 | $ 332.00 |
| **GRAND TOTAL** | | | | **219.9** | | $ **75,012.00** |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| **Debtor.[4]** | § | |
| | § | |

## ORDER APPROVING FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE CLARO GROUP, LLC AS EXPERT CONSULTANT ON SEXUAL ABUSE AND EXPERT WITNESS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2022 THROUGH JUNE 30, 2022

CAME ON for consideration the *First Interim Application for Allowance of Compensation and Reimbursement of Expenses of The Claro Group, LLC as Expert Consultant on Sexual Abuse and Expert Witness to the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2022 through June 30, 2022* [Docket No. ___] (the "Application") filed by The Claro Group, LLC (the "Claro") for the period from June 1, 2022 through June 30, 2022 (the "Application Period"). The Court finds that the Application was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure, with proper notice language incorporated therein, and that no objection to the Application has been timely filed by any party. The Court, having examined the Application and having determined on an interim basis whether the services and expenses as outlined in the Application were actual, reasonable and necessary in representing the interests of the Committee, finds that just cause exists for entry of the

---

[4] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

following order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.       The Application is **APPROVED** in its entirety.  Claro is allowed and awarded, on

an interim basis, fees for services rendered and expenses incurred in the amount of **$75,012.00** for

the Application Period as an administrative expense claim under Bankruptcy Code § 503 against

the estate of the Debtor (the "Award").  This Award consists of **$75,012.00** in fees for services

rendered and **$0** in expenses incurred by Claro during the Application Period.

2.       The Debtor is further authorized, and directed, to pay the balance of the Award to Claro

on an interim basis as an administrative expense claim under Bankruptcy Code § 503 against the estate

of the Debtor, within ten (10) calendar days after the entry of this Order.

New Orleans, Louisiana, this _____ day of _____, 2022.


_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby caused a copy of the foregoing *Application* to be served on July 26, 2022 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* through the Master Service List via first-class United States mail, postage prepaid, to be sent on July 26, 2022.

*/s/ Nancy H. Brown*
Nancy H. Brown