# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: § § | Case No. 20-10846 | |
| THE ROMAN CATHOLIC CHURCH § OF THE ARCHDIOCESE OF NEW § ORLEANS, § § | Section "A" Chapter 11 | |
| Debtor.[1] § § | | |

## DEBTOR'S OBJECTION TO
## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## TO AMEND RETENTION ORDERS OF ITS CO-COUNSEL AND AUTHORIZE
## INCREASED HOURLY RATE CAPS AND ANNUAL RATE-INCREASE PROCEDURE

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), who files this objection ("**Objection**") to the *Motion of the Official Committee of Unsecured Creditors to Amend Retention Orders of its Co-Counsel and Authorize Increased Hourly Rate Caps and Annual Rate-Increase Procedure* [ECF No. 2004] (the "**Motion**"). In support of this Objection, the Debtor respectfully states as follows:

### Introduction

1. The Official Committee of Unsecured Creditors (the "**Committee**") is represented by two large, national, law firms, Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") and Locke Lord LLP ("**LL**").

2. In two and a half years, PSZJ and LL have charged the estate approximately $6 million. This amount does not include fees charged by other professionals employed by the

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

Committee. Moreover, the hourly rates currently charged by PSZJ and LL are already higher than the hourly rates charged by the professionals of the Debtor and the Official Committee of Unsecured Commercial Creditors (the "**Commercial Committee**"). The Committee's request to raise hourly rates for its lawyers, while understandable for the law firms, is untenable given the financial strain facing this Debtor.

3. For these reasons, and for the reasons more fully set forth below, the Debtor respectfully asks this Court to deny the Motion.

## Procedural History

**A. The Petition Date and Appointment of the Committee.**

4. On May 1, 2020 (the "**Petition Date**"), the Archdiocese filed a voluntary petition for relief under the Bankruptcy Code, commencing the above-captioned chapter 11 case (this "**Chapter 11 Case**").

5. The Archdiocese remains in possession of its property and is managing its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. The Office of the United States Trustee (the "**UST**") appointed the Committee on May 20, 2020 [ECF No. 94], which Committee was reconstituted on June 10, 2020 [ECF No. 151], on October 8, 2020 [ECF No. 478], on June 7, 2022 [ECF No. 1575], and again on June 21, 2022 [ECF No. 1618].

**B. Retention Orders.**

7. On June 22, 2020, the Committee applied to employ PSZJ and LL as its co-counsel to render legal services to the Committee.[2] In its application, PSZJ agreed to a blended hourly rate cap of $700 for all attorneys whose standard rates exceeded $700 per hour. LL capped its rates

---
[2] ECF Nos. 179, 181.

based on its timekeepers' job title and functions. Partners were capped at $500 per hour, counsel at $450 per hour, associates at $325 per hour, and paraprofessionals at $125 per hour.

## Law and Argument

### A. PSZJ and LL Already Are Amongst the Highest Paid Estate Professionals.

8. The vast majority of PSZJ lawyers have been charging the estate $700 per hour. LL partners have been charging the estate $550 an hour. However, Stewart Robbins Brown & Altazan, LLC (counsel to the Commercial Committee) is charging a maximum of $550 per hour for partners,[3] and Jones Walker LLP (counsel to the Debtor) is charging a maximum of $490 per hour for partners with most partners charging $400 per hour.[4] Jones Walker has not increased its rates since the Petition Date despite facing the same pressures identified by PSZJ and LL.

9. PSZJ and LL's hourly rates are also higher than the rates charged in other Diocesan cases. For example, PSZJ is charging the estates of the Diocese of Rochester[5] and the Diocese of Buffalo[6] each $700 an hour for attorneys. PSZJ is charging the estate of the Archdiocese of Santa Fe $675 an hour for partners and counsel.[7] PSZJ is among the most expensive committee law firms in Diocesan cases. Zeisler & Zeisler, PC charges the estate of the Diocese of Norwich a maximum of $427 per hour.[8] The Committee has not explained why its two law firms should be

---

[3] ECF No. 2013.

[4] ECF No. 75.

[5] *In re Diocese of Rochester*, No. 19-20905 (Bankr. W.D.N.Y) [Dkt. No. 1699], available at http://strettodocs.s3.amazonaws.com/files/4951c39c-8527-4356-a789-b7b3bc411d15/ac037555-5490-40a0-8d70-ae46328d554f.pdf.

[6] *In re Diocese of Buffalo*, No. 20-10322 (Bankr. W.D.N.Y.) [Dkt. No. 2031], available at http://strettodocs.s3.amazonaws.com/files/7d9780f6-3440-4b40-ae2e-33371b1b32af/a902bcb0-3d00-4937-a061-1b8764b2c43b.pdf.

[7] *In re Roman Catholic Church of the Archdiocese of Santa Fe*, No. 18-13027 (Bankr. D.N.M.) [Dkt. No. 916].

[8] *In re Norwich Roman Catholic Diocesan Corp.*, No. 21-20687 (Bankr. D. Conn.) [Dkt. No. 878], available at

the highest paid lawyers in this Chapter 11 Case and amongst the highest paid lawyers in Diocesan cases nationally.

### B. The Estate Cannot Bear the Additional Fees.

10. PSZJ and LL have already charged the estate approximately $6 million. As of the Petition Date, the Debtor was facing significant financial distress, including weak cash flows and unsustainable revenues.[9]

11. The Debtor has unrestricted cash of $34 million available. From this, it is saddled with approximately $850,000 a month in administrative expenses in addition to monthly operating losses of $300,000.

12. Every dollar spent on administrative expenses is a dollar that cannot be recovered by claimants and that places further strain on a struggling estate.

13. Although the Debtor recognizes that it can object to fees at the interim and final fee application stages, it is compelled to object to the Motion because the requested rate increases will have a tangible negative impact on the estate.

WHEREFORE, the Debtor prays: (i) that this Court deny the Motion, and (ii) for all other relief to which it is entitled in law and equity.

[*Signature Page Follows*]

---

https://document.epiq11.com/document/getdocumentsbydocket/?docketId=971024&projectCode=DNW&docketNumber=878&source=DM.

[9] ECF No. 991.

Dated: January 12, 2023            Respectfully submitted,

*/s/ Mark A. Mintz*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: lashley@joneswalker.com

**ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH
OF THE ARCHDIOCESE OF NEW ORLEANS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Objection (a) is being filed through the Court's ECF system, which provides electronic notice to all attorneys registered to receive notice through such system, and (b) is being provided to Donlin Recano & Company, Inc. ("**DRC**"), to be served by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22]. DRC shall file a certificate of service to that effect once service is complete.

                                                               */s/ Mark A. Mintz*
                                                               Mark A. Mintz