# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: § | |
| § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH § | |
| OF THE ARCHDIOCESE OF NEW § | Section "A" |
| ORLEANS, § | |
| § | Chapter 11 |
| Debtor. § | |
| § | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

### Introduction

The Roman Catholic Church of the Archdiocese of New Orleans (the "**Debtor**") with the assistance of its advisors, has filed its Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Southern District of new York (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.



{N4016208.1}

The Debtor and its officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtor and its officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtor, on behalf of itself, its officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

Father Patrick Carr, in his capacity as the Third Vice President, Director and Vicar of Finance of the Debtor, has signed the Schedules and Statements. Fr. Carr is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Fr. Carr necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtor and its advisors. Fr. Carr has not (nor could have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("**Claim**") description, designation, dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non- bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

2. **Description of Case and "as of" Information Date**. On May 1, 2020 (the "**Petition**

Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this chapter 11 case.

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtor as of April 30, 2020, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the Petition Date.**

In addition, the Debtor owns and operates eight high schools and one special needs school (the "**Archdiocesan Schools**").[1] The Debtor's Schedules and Statements contain information with respect to each of the Archdiocesan Schools to the extent possible and separately classified and identified in the Schedules and Statements to the extent possible.

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for all of its assets. Accordingly, unless otherwise indicated, the Debtor's Schedules and Statements reflect net book values as of the close of business on April 30, 2020, in the Debtor's books and records. Additionally, because the book values of certain assets, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. **Recharacterization**. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's business. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. **Personal Property–Leased**. In the ordinary course of its business, the Debtor leased various articles of personal property, including, fixtures, and equipment, from certain third-party lessors. The Debtor has made reasonable efforts to list all such leases in the Schedules and Statements. The Debtor has made reasonable efforts to include lease obligations on Schedule D (secured debt) to the extent applicable and to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease

---

[1] The Archdiocesan Schools are (i) the Academy of Our Lady High School, (ii) Archbishop Chappelle High School, (iii) Archbishop Hannan High School, (iv) Archbishop Rummel High School, (v) Archbishop Shaw High School, (vi) Pope John Paul II High School, (vii) St. Charles Catholic High School, (viii) St. Scholastica Academy, and (ix) St. Michael's Special School.

{N4016208.1}

6. **Excluded Assets and Liabilities**. The Debtor has sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

   The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

   The Debtor has excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

   The Bankruptcy Court has authorized the Debtor to pay, in its discretion, certain outstanding Claims on a post-petition basis. Prepetition liabilities which have been paid post-petition have been excluded from the Schedules and Statements. To the extent the Debtor pays any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtor reserves all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

7. **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtor defines "insiders" to include the following: (a) directors; (b) senior level officers; (c) equity holders holding in excess of 5% of the voting securities of the Debtor; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtor). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtor does not take any position with respect to: (i) any insider's influence over the control of the Debtor; (ii) the management responsibilities or functions of any such insider; (iii) the decision-making or corporate authority of any such insider; or (iv) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9. **Executory Contracts and Unexpired Leases**. The Debtor has not necessarily set forth

(including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtor's estate. The Debtor's executory contracts and unexpired leases have been set forth in Schedule G.

10. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the Claimant, or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or leases or to exercise their rights to setoff against such Claims.

12. **Claims Description**. Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any Claim reflected on its Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtor expressly reserves all of its rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

13. **Causes of Action**. Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

14. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

   a. Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

{N4016208.1}

      b.      Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      c.      Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. **Estimates and Assumptions**. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

16. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **Intercompany**. The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtor of any obligation between the Debtor and any affiliate of the Debtor is a statement of what appears in the Debtor's books and records and does not reflect any admission or conclusion of the Debtor regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

18. **Setoffs**. The Debtor incurs certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtor and its suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statements.

19. **Confidential Information**. Pursuant to the *Interim Order Authorizing The Roman Catholic Church For The Archdiocese Of New Orleans To File Portions Of The Schedules And Sofa, The Master Creditor Mailing Matrix, And Other Pleadings And Documents Under Seal* [Docket No. 53], (the "**Seal Order**"), Confidential Information (as defined in the Seal Order) has been redacted on the Schedules and Statements. Unredacted versions of the Schedules and Statements will be made available to the Office of the United States Trustee and the Bankruptcy Court.

20. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

{N4016208.1}

## Specific Disclosures with Respect to the Debtor's Schedules

**Schedule A/B**. All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the close of business on April 30, 2020, unless otherwise noted below. The Debtor has not included leases and contracts on Schedule A/B. Leases and contracts are listed on Schedule G.

> **Schedule A/B 3**. Cash values held in financial accounts are listed on Schedule A/B 3 as of the close of business on April 30, 2020. Details with respect to the Debtor's cash management system and bank accounts are provided in the *Expedited Motion For Interim And Final Orders (A) Authorizing Postpetition Use Of Cash Collateral, (B) Granting Adequate Protection To Lender, (C) Modifying The Automatic Stay, (D) Scheduling A Final Hearing, And (E) Granting Related Relief* [Docket No. 5] (the "**Cash Management Motion**").
>
> **Schedule A/B 8**. The Debtor has included in Schedule A/B 8 under prepayments, the prepaid tuition for the 2020/2021 school year as well as payments received for certain special events such as summer camp, which events are to be held post filing.
>
> **Schedule A/B 11**. Accounts receivable do not include intercompany receivables.
>
> **Schedule A/B 21**. The value of the book store inventory reported in Schedule A/B 21 is valued as of March 30, 2020.
>
> **Schedule A/B 42**. The Debtor has listed collectables in response to Schedule A/B 42. Unless other disclosed, the value of such collectables is not recorded on the Debtor's financial statements and no current fair market value is available.
>
> **Schedule A/B 55**. The Debtor has listed owned real property in Schedule A/B 55 based upon information derived from its books and records, local Louisiana parish ad valorem assessments, and limited searches of the public conveyance records in pertinent Louisiana parishes. Addresses are listed for in Schedule A/B 55 for reference only. At this time, the Debtor is unable to assign property values to the real property, and/or improvement values.
>
> **Schedule A/B 74 & 75**. In the ordinary course of its business, the Debtor may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or warranty Claims. Additionally, the Debtor may be a party to pending litigation in which the Debtor has asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Because such Claims are unknown to the Debtor and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75. The Debtor's failure to list any contingent and/or unliquidated claim held by the Debtor in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

{N4016208.1}

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's right to recharacterize or reclassify such Claim or contract.

Moreover, the Debtor has not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or inchoate statutory lien rights.

**Schedule E/F part 2**. The Debtor has used reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F part 2, based upon the Debtor's books and records as of the Petition Date. Certain claim amounts, such as those relating to medical liability claims, may not be reported in their totality on Schedule E/F due to a delay in processing of up to three months. In addition, due to the COVID 19 pandemic, the Debtor has experienced a delay in processing invoices as a result of not having access to its offices.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor did not list a date for each Claim listed on Schedule E/F part 2. Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F part 2 also includes potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding representation of the Debtor's liabilities with respect to any of the potential suits and proceedings included therein. The Debtor expressly incorporates by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtor's Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and the Debtor has made diligent efforts to ensure the accuracy of the Debtor's Schedule G, inadvertent errors and omissions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtor's reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not

{N4016208.1}

constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease, was in effect on the Petition Date, or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtor and such supplier or provider. The Debtor expressly reserves its right to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G. The Debtor's omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

**Schedule H**. For purposes of Schedule H, the Debtor may not have identified certain guarantees associated with the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtor reserves all of its rights to amend the Schedules to the extent that additional guarantees are identified or guarantees are discovered to have expired or to be unenforceable.

In the ordinary course of its business, the Debtor may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of

{N4016208.1}

whom may assert cross-Claims and counter-Claims against other parties. Because the Debtor has treated all such Claims as contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on the Debtor's Schedule E/F part 2 and Statement 7, as applicable.

### Specific Disclosures with Respect to the Debtor's Statements

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtor within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), employees, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals). The amounts listed in Statement 3 reflect the Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 4**. Statement 4 accounts for the Debtor's intercompany/affiliate transactions, as well as other transfers to insiders as applicable. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance. Amounts paid on behalf of such employee for certain life and disability coverage, which coverage is provided to all of the Debtor's employees, has not been included.

The Debtor has included all consulting and payroll distributions and travel, entertainment, and other expense reimbursements made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider."

Additionally, for the purpose of completeness, the Debtor has listed payments made to the following Archdiocesan Schools. See footnote 1.

**Statement 7**. Any information contained in Statement 7 shall not be a binding representation of the Debtor's liabilities with respect to any of the suits and proceedings identified therein. The Debtor reserves all rights with respect to the suits and proceedings listed in Statement 7, and any claims filed in relation to such suits and proceedings.

**Statement 9**. For the purpose of completeness, the Debtor has listed contributions made to the Archdiocesan Schools. See footnote 1.

**Statement 10**. The Debtor occasionally incurs losses for a variety of reasons, including theft and property damage. The Debtor, however, may not have records of all such losses if such losses do not have a material impact on the Debtor's business or are not reported for insurance purposes.

**Statement 26d**. The Debtor has provided financial statements in the ordinary course of its business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtor's knowledge or consent or subject to confidentiality agreements, the Debtor has not disclosed any parties that may have received such financial statements for the purposes of Statement 26d.

**Statement 30**. Unless otherwise indicated in the Debtor's specific response to Statement 30, the Debtor has included a comprehensive response to Statement 30 in Statement 4.

{N4016208.1}

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** The Roman Catholic Church of the Archdiocese of New Orleans |
| **United States Bankruptcy Court for the:** Eastern District of Louisiana |
| **Case number (if known):** 20-10846 |

☑ Check if this is an amended filing

Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals    12/15

## Part 1: Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from Schedule A/B ........................................................................................    UNDETERMINED

    1b. **Total personal property:**
    Copy line 91A from Schedule A/B ......................................................................................    $204,958,953.23

    1c. **Total of all property:**
    Copy line 92 from Schedule A/B ........................................................................................    $204,958,953.23

## Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ................    $47,133,662.17

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of Schedule E/F .........................................    $626,458.55

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F ..........................    + $91,592,452.51

4. *Total liabilities*
   Lines 2 + 3a + 3b ...............................................................................................    $139,352,573.23