# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**,<br>                    Debtor. [1] | Case No. 20-10846<br><br>Section "A"<br><br>**Chapter 11** |

### MOTION OF SEXUAL ABUSE SURVIVOR DAVID GORDON
### FOR PARTIAL RELIEF FROM AUTOMATIC STAY

1. David J. Gordon (hereinafter referred to as "Mr. Gordon" or "movant") is a victim of childhood sexual abuse that he suffered at the hands of Father Luis J. Fernandez, a former priest in The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese" or the "Debtor"). Acting through undersigned counsel, Mr. Gordon hereby requests that this Honorable Court enter an order pursuant to § 362 of the Bankruptcy Code allowing him to file and serve, but not prosecute, an action against the Archdiocese for sexual abuse of a minor in accordance with Louisiana law.

2. The purpose of this motion is to preserve Mr. Gordon's right to sue the Archdiocese under the Louisiana abuse of a minor statute, not to litigate said claim during the pendency of this bankruptcy.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

1

3. The Louisiana statute was amended last year to make it possible for survivors of childhood sexual abuse, whenever it occurred, to sue the responsible parties for damages. However, survivors over age 28 were granted only three (3) years to file an action, *i.e.*, until June 14, 2024. Mr. Gordon is 52 years old and therefore must file his claim for childhood sexual abuse on or before that date to preserve it, in the unfortunate event this bankruptcy proceeding does not resolve the sexual abuse survivor claims.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (G).

5. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the requested relief are sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001-1 and 2002-1(A)(2) of the Local Rules of Bankruptcy Practice and Procedure of the tern United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules").

## BACKGROUND

7. On May 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

8. As of the Petition Date, the Debtor was defending 34 lawsuits filed between 2018 and 2020 in Louisiana state court by claimants alleging sexual abuse by clergy (the "Pre-Petition Abuse Cases "). Upon filing for bankruptcy relief, the Pre-Petition Abuse Cases were stayed pursuant to Bankruptcy Code section 362(a). The Debtor subsequently removed each of the Pre-Petition Abuse Cases to the United States Bankruptcy Court for the Eastern District of Louisiana, where they remain stayed.

9. On October 1, 2020, this Court entered an *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing for Confidentiality Protocols; and Approving Form and Manner of Notice* [Docket #461] (the "Bar Date Order"). The Bar Date Order set a claims bar date of March 1, 2021 (the "Bar Date") for general unsecured claims, including claims related to sexual abuse.

10. Prior to 1993, civil claims for sexual abuse of a minor were subject to a one-year prescriptive period in Louisiana. La. Civ. Code Art. 3492.

11. In 1993, the Louisiana legislature extended the prescriptive period to ten years after the age of majority (age 28). La. R.S. 9:2800.9. This was the law in Louisiana when the Debtor filed this chapter 11 case.

12. On June 14, 2021, the Louisiana legislature amended La. R.S. 9:2800.9 by eliminating prescription regarding all future claims of child sexual abuse. The 2021 Amendment reads in part, "An action against a person for sexual abuse of a minor or for physical abuse of a

134258904v.1

minor resulting in permanent impairment or permanent physical injury or scarring does not prescribe."

13. The 2021 Amendment also created a three-year revival window (the "revival window") for all past claims that had prescribed:

> For a period of three years following the effective date of this Act, any party whose action under R.S. 9:2800.9 was barred by liberative prescription prior to the effective date of this Act shall be permitted to file an action under R.S. 9:2800.9 against a party whose alleged actions are the subject of R.S. 9:2800.9. It is the intent of the legislature to revive for a period of three years any claim against a party, authorized by R.S. 9:2800.9, that prescribed prior to the effective date of this Act.

2021 La. Acts 322.

14. Effective June 10, 2022, the Louisiana Legislature again amended the abuse of a minor statute to make clear that all older victims of childhood sexual abuse, regardless of when it occurred, were entitled to sue before expiration of the three-year revival window, *i.e.*, by June 14, 2024. The 2022 Amendment provides,

> Any person whose cause of action related to sexual abuse of a minor was barred by liberative prescription shall be permitted to file an action under R.S. 9:2800.9 on or before June 14, 2024. ***It is the express intent of the legislature to revive until June 14, 2024, any cause of action related to sexual abuse of a minor that previously prescribed under any Louisiana prescriptive period.*** (Emphasis added)

2022 La. Acts 386.

15. Mr. Gordon attended St. Christopher School in Metairie, Louisiana ("St. Christopher's") from 3d to 8th grade and served as an altar boy in St. Christopher the Martyr Catholic Church (the "Church"). He also served under priests at funerals and weddings and went to these events in a funeral limousine that was used by the Church.

16. During 5th grade, Mr. Gordon had two surgeries for muscular dystrophy and was fitted with leg braces that he has had to wear for the rest of his life.

17. The following year, in 6th grade at St. Christopher's, he was sexually molested by Father Luis J. Fernandez, who was both an assistant pastor at the Church and the head of its altar boy program.

18. The molestation occurred in the sacristy of the Church after school, and in the funeral limousine. It included numerous acts of oral sex and oral rape.

19. Mr. Gordon timely filed an original Proof of Claim and a Sexual Abuse Survivor Proof of Claim, along with his affidavit, in this Chapter 11 bankruptcy case.

## RELIEF REQUESTED

20. Movant requests that the Court partially lift the automatic stay so that he can file and serve a claim for childhood sexual abuse against the Debtor in state court under Louisiana law. Once the state court action has been filed and served, it would be stayed in all respects.

21. The relief requested in this motion is not intended to, nor should it in any way, affect any defense to an action filed by Mr. Gordon against the Archdiocese in state court under the Louisiana abuse of a minor statute.

22. The mere filing and service of a civil action in state court would not cause any prejudice to the Debtor or to any other creditor in this case. No defense to the state court action would be necessary or proper. The estate and other unsecured creditors would not bear the burden of increased administrative costs or the potential depletion of insurance proceeds.

134258904v.1

## ARGUMENT

### Partial Relief from the Automatic Stay is Necessary to Preserve Movant's Right to Seek Relief for Childhood Sexual Molestation

23. Relief from the automatic stay is necessary to preserve movant's rights under Louisiana law and would not result in any prejudice, or cause any hardship, to the Debtor or any other creditor in this case.

24. The automatic stay has three main purposes under the Bankruptcy Code: "(1) to provide the debtor a breathing spell from his or her creditors by stopping all collection efforts, (2) to protect creditors from each other by stopping the race for the debtor's assets and preserving the assets for the benefit of all creditors and (3) to provide for an orderly liquidation or administration of the estate." *Prewitt v. N. Coast Vill., Ltd. (In re N. Coast Vill., Ltd.),* 135 B.R. 641, 643 (9th B.A.P. Cir. 1992); see also *Commonwealth Oil Ref. Co. v. U.S. Envtl. Prot. Agency (In re Commonwealth Oil Ref. Co.),* 805 F.2d 1175, 1182 (5th Cir. 1986) ("The purpose of the automatic stay is to give the debtor a "breathing spell" from his creditors, and also, to protect creditors by preventing a race to the debtor's assets.")

25. Creditors may obtain relief from the automatic stay by showing "cause." 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code, and is determined on a case-by-case basis." *In re Xenon Anesthesia of Tex., PLLC,* 510 B.R. 106, 112 (Bankr. S.D.Tex. 2014).

26. Courts have broad discretion to provide appropriate relief from the automatic stay. As noted by the bankruptcy court in *In re Leblanc*:

6

134258904v.1

> When ruling on modifications to the automatic stay to allow litigation to proceed in another forum, some courts have considered whether the litigation that the movant wishes to continue would result in "great prejudice" to the estate or debtor and whether "the hardship to the [movant] caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay."

*In re Leblanc*, 2020 Bankr. LEXIS 3167, * 5 (Bankr. E.D. La. Nov. 10, 2020) (citing *In re Fowler*, 259 B.R. 856, 859-60 (Bankr. E.D. Tex. 2001).

27. In deciding whether to permit litigation to proceed in another forum, courts also evaluate one or more of the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). "A court need only apply the factors that are relevant to the particular case and does not need to give each factor equal weight." *In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010).

28. In the motion at bar, Mr. Gordon merely requests the opportunity to file and serve a claim against the Debtor under the recently enacted Louisiana statute that provides older survivors of childhood sex abuse with a brief revival window within which to assert their claims.

29. Such a partial stay would not result in any prejudice to the Debtor or the estate. Thus, as a result the partial stay: (1) the Debtor would not incur administrative expenses in the form of defense costs, (2) the Debtor's insurance coverage, if any, would not be depleted, (3) the Debtor's time and resources (and that of its professionals) would not be "diverted" from efforts to resolve the bankruptcy case, (4) no other creditor would be adversely affected, and (5) there would not be a "race to the courthouse" because all proceedings in the state court action, beyond the filing and service of a petition for damages, would be prohibited by the automatic stay.

30. On the other hand, failure to grant the requested partial lifting of the automatic stay would deprive Mr. Gordon of any opportunity to seek damages against the Archdiocese for the clergy sex abuse that he suffered during childhood, if the sexual abuse survivor claims were not resolved in this bankruptcy case. Such a result would be grossly unfair to alleged victims of childhood sexual abuse (including Mr. Gordon) for which the Archdiocese allegedly bears responsibility and would also be totally at odds with the professed aims of the Archdiocese in filing this case.

CONCLUSION

This Honorable Court should grant the foregoing motion for the reasons presented. Undersigned counsel requests that he be allowed to file claims against the Debtor on behalf of additional alleged victims of childhood sexual abuse, pursuant to La. R.S. 9:2800.9, without having to file additional partial lift-stay motions in this case.

RESPECTFULLY SUBMITTED:

*s/ Roger A. Stetter*
Roger A. Stetter, Esq.
La. Bar Roll # 01614
4429 Baronne Street
New Orleans, LA 70115
Tel. (504) 231-6045
Email: rastetter47@yahoo.com
Counsel for Movant, David J. Gordon

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2023, a copy of this document was served via the Court's CM/ECF system on all parties receiving electronic notice.

*s/ Roger A. Stetter*
Roger A. Stetter

134258904v.1