**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**, | Section "A" |
| Debtor. [1] | **Chapter 11** |

### MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY FILED ON BEHALF OF SEXUAL ABUSE SURVIVOR (11 U.S.C. § 362(d) (1))

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 14, 2023, AT 1:30 P.M. IN COURTROOM B-709, 500 POYDRAS STREET, NEW ORLEANS, LOUISIANA 70130, OR BY TELEPHONE THROUGH THE DIAL-IN 1-504-517-1385, CONFERENCE CODE 129611. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING ASUNOPPOSED AND GRANT THE RELIEF REQUESTED.**

T.M., a survivor of sexual abuse ("Movant")[2], moves this Court for an order, pursuant to 11 U.S.C. § 362(d)(1), lifting the automatic stay for the limited purpose of permitting the Movant (a) to file a petition or complaint (the "Petition") in the jurisdictionally appropriate non-bankruptcy court (state or federal) (the "Non-Bankruptcy Courts") arising from alleged

---

[1] The last four digits of the Debtor's federal tax identification number are 8966.  The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Pursuant to the *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing for Confidentiality Protocols; and Approving Form and Manner of Notice* [Docket #461], the identity of claimants and the contents of the claims they file against the Debtor are confidential.

sexual abuse against entities including but not limited to The Roman Catholic Church of The Archdiocese of New Orleans (the "Debtor"), "Pope John Paul, II, High School," "St. Luke the Evangelist Roman Catholic Church, Slidell, Louisiana," Patrick Wattigny, certain affiliated non-debtor entities, such as church parishes, schools, nursing homes, senior living facilities, and other community service agencies and facilities (the "Affiliated Non-Debtor Defendants")[3] and any insurance carrier that issued a policy that may provide coverage to the Debtor or Affiliated Non-Debtor Defendants for the acts alleged in the Petition (the "Insurance Companies") (collectively, the Debtor, the Affiliated Non-Debtor Defendants and the Insurance Companies are, the "Defendants"), (b) to serve process on the Defendants ("Service of Process") and (c) to file proof of Service of Process in the action (the "Action").  As such, the automatic stay[4] will remain in effect with respect to all other aspects of the Action (both in the applicable state court and if removed to federal court), including but not limited to responsive pleadings, dispositive motions, discovery, mediation and/or trial.

As discussed in more detail below, this limited relief is critical to ensure that Movant, who did not file a lawsuit against the Defendants prior to the chapter 11 filing, be able to do so by June 14, 2024, the end of the "revival window" on sexual abuse claims passed by the Louisiana legislature after this chapter 11 case was filed. Neither the Debtor nor other creditors in this case will be prejudiced by granting the relief requested because the stay will remain in

---

[3] In response to *Sexual Abuse Survivor J.W. Doe's Motion to Lift Stay* [Doc. No. 378], this Court held that the section 362(a) automatic stay did not extend to non-debtor defendant priests. *See Order and Reasons* dated November 2, 2020 [Doc. No. 528] at 15. Accordingly, Movant does not seek relief from stay with respect to non-debtor defendant priests.

[4] As is explained in greater detail below, Movant does not concede that section 362(a) applies to the Affiliated Non-Debtor Defendants or the Insurance Companies.

effect as to all other aspects of the Action. Accordingly, (1) the Debtor will not incur administrative expenses in the form of defense costs, (2) any insurance coverage will not be depleted by defense costs, (3) the Debtor's time and resources (and that of its professionals) will not be "diverted" from resolution of the bankruptcy case (now pending over three years), and (4) there will be no "race to the courthouse" because the Action (and those filed by other similarly situated (collectively, "Claimants"), the "Actions") will be stayed.  Claimants will simply be able to preserve their rights by filing a Petition and effecting Service of Process. For these reasons, Movant respectfully requests that this Court grant the Motion.

In addition, the requested relief will allow Claimants to be better informed as to the number of claims that would be treated under a consensual reorganization plan.  Movant understands that any plan is likely to include a channeling injunction and releases for claims against Affiliated Non-Debtor Defendants.  These claims are not necessarily disclosed in the filed proofs of claim that assert claims only against the Debtor.  It is essential for all parties to understand the universe of potential claims that may be channeled in order to negotiate a potentially agreed contribution to merit such an injunction.  By providing abuse claimants the opportunity to file the Actions, the likelihood of identifying such claims will be greatly enhanced.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (G).

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the requested relief are sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001-1 and 2002-1(A)(2) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules").

## BACKGROUND

### A.      General Background

4.      On May 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

5.      As of the Petition Date, the Debtor was defending 34 lawsuits filed between 2018 and 2020 in Louisiana state court by claimants alleging sexual abuse by clergy (the "Pre-Petition Abuse Cases ").  Upon filing for bankruptcy relief, the Pre-Petition Abuse Cases were stayed pursuant to Bankruptcy Code section 362(a). The Debtor subsequently removed each of the Pre-Petition Abuse Cases to the U.S. District Court for the Eastern District of Louisiana, where they remain stayed.[5]

---

[5] While there has been some activity in *J.W. Doe v. Roman Catholic Church of the Archdiocese of New Orleans, et al.*, Case No. 20-cv-1321, related to discovery and records access issues, the removed matters remain stayed with respect to any trial on the merits.

6.     On October 1, 2020, the Court entered the *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing for Confidentiality Protocols; and Approving Form and Manner of Notice* [Docket #461] (the "Bar Date Order"). The Bar Date Order set a claims bar date of March 1, 2021 (the "Bar Date") for general unsecured claims, including claims related to sexual abuse. No bar date exists for claims against the Debtor's non-debtor affiliates.

7.     Many claims have been filed both before and after the Bar Date alleging abuse (the "Abuse Claims")[6]. Movant filed an Abuse Claim against the Debtor. Movant has not filed a pre-petition lawsuit against the Debtor based on the belief that the claim against the Debtor was time-barred (or prescribed) under Louisiana law.

**B.     Background Related to the 3-Year Revival Window.**

8.     Before 1993, civil claims related to the sexual abuse of a minor were subject to a one-year prescriptive period in Louisiana. La. Civ. Code Art. 3492. In 1993, the Louisiana legislature enacted La. Rev. Stat. 9:2800.9, which gave individuals who were sexually abused as minors the right to bring a civil claim until ten years after the age of majority (or 28).[7] This was the law when the Debtor filed its chapter 11 case.

---

[6] The Court's orders as to the confidentiality of proof of claim information precludes Movant and counsel from determining the number and extent of sexual abuse claims, as well as the potential insurance coverage available for Movant's claims.

[7] Prior to its amendment in 2021, La. R.S. § 9:2800.9(a)(1) read, "An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603. This prescriptive period shall be subject to any exception of preemption provided by law."

9.      On June 14, 2021, months after the Bar Date had passed, the Louisiana legislature amended La. Rev. Stat. 9:2800.9(A)(1) and eliminated the prescription period applicable to civil claims for the sexual abuse of a minor (the "2021 Amendment"). It provides, "An action against a person for sexual abuse of a minor or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring does not prescribe." 2021 La. Act 322.   The 2021 Amendment also opened up a three-year revival window (the "Revival Window") for claims previously prescribed, providing:

> For a period of three years following the effective date of this Act, any party *whose action under R.S. 9:2800.9* was barred by liberative prescription prior to the effective date of this Act shall be permitted to file an action under R.S. 9:2800.9 against a party whose alleged actions are the subject of R.S. 9:2800.9. It is the intent of the legislature to revive for a period of three years any claim against a party, authorized by R.S. 9:2800.9, that prescribed prior to the effective date of this Act.

2021 La. Acts 322 (emphasis added).

10.      In response to challenges by Catholic institutions that the 2021 Amendment was unconstitutional and did not revive claims that arose before 1993 (when La. Rev. Stat. 9:2800.9 was first passed), the Legislature amended the statute again (effective June 10, 2022) to make crystal clear that pre-1993 claims are revived (the "2022 Amendment").[8] The 2022 Amendment provides, "Any person whose cause of action related to sexual abuse of a minor was barred by liberative prescription shall be permitted to file an action under R.S.

---

[8] On June 23, 2023, the Louisiana Supreme Court declined to rule on the constitutionality of the 2021 Amendment, but held that it did not a revive a claim brought prior to the enactment of La. Rev. Stat. 9:2800.9 in 1993. *See T.S v. Congregation of Holy Cross Southern Province, Inc*., 2023 La. LEXIS 1368, *8 (La. June 27, 2023).  The Supreme Court remanded the case and observed that the complaint might be amended to plead the window under the 2022 Amendment which does not reference La. Rev. Stat. 9:2800.9.  On or about August 17, 2023, the Louisiana Court of Appeal for the Third Circuit issued its decision in *Sam Doe v. The Society of the Roman Catholic Church of the Diocese of Lafayette*, finding that "Act 322, as interpreted by Act 386, is constitutional and applies retroactively to revive all claims prescribed under the prior law governing claims for the sexual abuse of minors." (Decision at p. 21)

9:2800.9 on or before June 14, 2024. ***It is the express intent of the legislature to revive until June 14, 2024, any cause of action related to sexual abuse of a minor that previously prescribed under any Louisiana prescriptive period***." 2022 La. Acts 386 (emphasis added).

11.     The Debtor and other Catholic institutions are challenging the constitutionality of the 2022 Amendment as well.[9]   The requested relief in the Motion is not intended to, nor should it in any way affect any defense to an Action, including the constitutionality of the 2021 Amendment or the 2022 Amendment.

## C.     Background Related to Movant's Abuse Claims

12.     Movant has a claim for damages for injuries suffered as a result of sexual abuse by an individual (the "Abuser") for which the Debtor and/or the Affiliated Non-Debtor Defendants are liable.

## RELIEF REQUESTED

13.     Before the Petition Date, faced with the prospect of pursuing claims facially prescribed by the 10-year post-majority prescriptive period, Movant did not pursue the Abuse Claim, notwithstanding the possible argument that the period had been tolled under the doctrine of *contra non valentem*.[10]

---

[9] These cases include *Lousteau v. Holy Cross College, et al.*, Case No. 22-30407 (5th Cir.) and *T.S. v. Congregation of Holy Cross Southern College, Inc. and Holy Cross College*, Case No. 2022-CA-01826 (La. S.C.). The *Lousteau* case had oral argument in July 2023 but has not yet been decided. The *T.S.* case was remanded to Orleans Parish Civil District Court for further proceedings without a decision on the constitutionality issue.  As noted above, the Louisiana Court of Appeal for the Third Circuit has rejected the Diocese's position.

[10] As the Louisiana Supreme Court has noted, "[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished . . ." *Carter v. Haygood*, 892 So. 2d 1261, 1268 (La. 2005). Louisiana law recognizes four categories of *contra non valentem* that operate to prevent the running of prescription:" (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the

7

14.     Movant's Abuse Claim has been revived by the 2022 Amendment, and each has only until June 14, 2024 to file suit.[11] However, Movant is now prevented from filing suit by the imposition of the automatic stay with respect to the Debtor and, with respect to the Affiliated Non-Debtor Defendants and the Insurance Companies, concern that the stay may be determined to apply. Accordingly, Movant requests relief from the automatic stay for the limited purpose of (1) filing a Petition, (b) effecting Service of Process and (c) filing proof of Service of Process in the Action. Relief is essential now to allow counsel for Claimants the necessary and significant amount of time to draft, file, and serve dozens of petitions, including the intensely factual allegations to support arguments supporting *contra non valentem* to preserve rights to establish that the prior prescriptive period was tolled if the 2022 Amendment is ultimately overturned.

15.     As discussed in depth below, as the Actions will remain stayed in all other respects, there is no prejudice to the Debtor or other creditors in this case. Neither the Debtor, nor the Affiliated Non-Debtor Defendants nor any of their personnel or professionals will be required to expend time or energy responding to the petitions, attending to discovery, preparing for trial or otherwise. The estate and other unsecured creditors will not bear the burden of increased administrative costs or the potential depletion of insurance proceeds.

16.     On the other hand, if the Court refuses to lift the stay, Claimants will lose their rights to proceed against the Affiliated Non-Debtor Defendants and the Insurance Companies, who appear to have the benefit of the stay based on rulings and comments of the Court in the context of 2020 relief from stay motions. While some may have filed proofs of

---

cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *Id.*

[11] As noted above, approval of this Motion is not intended to be a judicial determination of any defense to an Action, including but not limited to the constitutionality of the 2021 Amendment or the 2022 Amendment.

claim against the Debtor, if the Debtor's case is dismissed, it is not clear under Louisiana law that section 108(c) tolls the Revival Window, which would provide only 30 days to prepare, file and serve detailed petitions after dismissal, an almost impossible task. The detriment of maintaining the stay is grave, while the burden to the Debtor and the other creditors from the request stay relief it is minimal, if any. Additionally, the likelihood that parties in interest will be better informed about the claims that would be treated under a consensual plan will enhance the possibility of a consensual plan. Accordingly, Movant requests that the Court grant the Motion.

## ARGUMENT

### A.  Relief from the Automatic Stay to Assert Claims Against the Debtor.

17.  Section 362(a) of the Bankruptcy Code provides, "[A] petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Section 362(a) prevents Movant from filing a Petition based on Abuse Claims against the Debtor. While claims against the Debtor will be resolved as a part of the claims resolution process before this Court, relief from stay to file a Petition against the Debtor is necessary to meaningfully preserve the rights of Claimants under state law should this chapter 11 case should be dismissed.[12]

---

[12] Without conceding the argument, Movant and similarly situated claimants would arguably have, at most, 30 days to file and serve a Petition after a dismissal. *See* 11 U.S.C. § 108(c). The Fifth Circuit, applying Louisiana law, has held that the imposition of the automatic stay does not suspend or "toll" the running of prescriptive periods. Section 108(c) has instead been interpreted to provide a 30-day "grace period" or "extension" for a creditor to perform any act necessary to commence or continue a claim following the expiration of a bankruptcy stay. *Rogers v. Corrosion Products, Inc.*, 42 F.3d 292, 297 (5th Cir. 1995) ("We . . . find that § 108(c) does not create a separate tolling provision. The statute plainly states that for the time period to be suspended, other federal or state law must mandate it and then be incorporated through that § 108(c). Otherwise a party must file suit within the 30 day grace period after the end of the stay."), *cert. denied* 1995 U.S. LEXIS 4327 (June 26, 1995).

**B.**     **Relief from the Automatic Stay to Assert Claims Against the Affiliated Non-Debtor Defendants and Insurance Companies.**

18.     Section 362(a)(3) also acts to stay "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).  As discussed in hearings in Fall 2020 regarding prior motions[13], stay relief might implicate insurance policies that may cover the Abuse Claims (the "Insurance Policies").  Indeed, insurance policies and their proceeds may be property of the estate that is protected by the automatic stay. *See e.g. In re BSA*, 642 B.R. 504, 571 (Bankr. D. Del 2022), *aff'd*, 650 B.R. 87 (D. Del. 2023)(holding that the insurance policies covering sexual abuse claims are property of the estate); *Diocese of Buffalo v. JMH 100 (In re Diocese of Buffalo*, 626 B.R. 866, 869 (Bankr. W.D.N.Y., 2021)("The property of a bankruptcy estate can include insurance policies of a debtor. . . . If the abuse claims are not insured, the litigation does not impact any insurance asset and section 362(a)(3) would not prohibit litigation against separately incorporated affiliates.").

19.     Courts have held that the stay applies to post-petition actions against non-debtor third parties that are also covered by the debtor's liability insurance policy where the policy is property of the debtor's estate and would be depleted by defense costs. *SN Liquidation, Inc. v. Icon Int'l, Inc. (In re SN Liquidation, Inc.)*, 388 B.R. 579, 584-85 (Bankr. D. Del. 2008)(holding that creditor violated the stay when it filed a post-petition lawsuit against non-debtor third parties because debtor's insurance policy was property of the estate and would be depleted by the defendants indemnification claims for defense costs); *Roman Catholic Diocese v. LG 35 Doe (In re Roman Catholic Diocese of Syracuse),* 628 B.R. 571, 579 (Bankr. N.D.N.Y.

---

[13] Hearings held on August 20 [re ECF Doc. 131], September 30 [ECF Doc. 378 and 380] and October 20, 2020 [ECF Doc. 378, 380, 401]

2021) ("Diminishing the estate's joint insurance policies and the corresponding $25.7 million fund through continued litigation will not only violate § 362(a)(3) but also reduce coverage available to the approximately 96% of child-victims who chose not to object to a stay of state court actions.").

20.     As the proceeds of the Insurance Policies may be property of the estate and the Affiliated Non-Debtor Defendants may be covered by these same policies and have asserted claims for indemnification, Movant seeks relief from stay to file the Petition against the Insurance Companies and Affiliated Non-Debtor Defendants.[14]

## C.     Cause Exists to Lift the Stay with Respect to the Debtor and (if it Applies) the Affiliated Non-Debtor Defendants and the Insurance Companies.

21.     The automatic stay has three main purposes: "(1) to provide the debtor a breathing spell from his or her creditors by stopping all collection efforts, (2) to protect creditors from each other by stopping the race for the debtor's assets and preserving the assets for the benefit of all creditors and (3) to provide for an orderly liquidation or administration of the estate." *Prewitt v. N. Coast Vill., Ltd. (In re N. Coast Vill., Ltd.),* 135 B.R. 641, 643 (9th B.A.P. Cir. 1992) (citing House Report No. 95-595, 95th Cong., 1st Sess. At 340-41 (1977); *see also Commonwealth Oil Ref. Co. v. U.S. Envtl. Prot. Agency (In re Commonwealth Oil Ref. Co.),* 805 F.2d 1175, 1182 (5th Cir. 1986) ("The purpose of the automatic stay is to give the debtor a "breathing spell" from his creditors, and also, to protect creditors by preventing a race of the debtor's assets.")

---

[14] Movant does not concede that the Affiliated Non-Debtor Defendants or the Insurance Companies are covered by the automatic stay, but merely acknowledge the risk of a determination of a stay violation absent the requested stay relief.

22.    Creditors may obtain relief from the automatic stay by showing "cause." 11 U.S.C. § 362(d)(1). "Cause" as used in 11 U.S.C. § 362(d)(1) is not defined in the Bankruptcy Code and whether cause exists must be determined on a case by case basis." *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D.Tex. 2014). The Bankruptcy Code gives courts broad discretion to provide appropriate relief from the automatic stay. *In re Leblanc*, 2020 Bankr. LEXIS 3167, * 5 (Bankr. E.D. La. Nov. 10, 2020).

23.    As this Court has noted:

> When ruling on modifications to the automatic stay to allow litigation to proceed in another forum, some courts have considered whether the litigation that the movant wishes to continue would result in "great prejudice" to the estate or debtor and whether "the hardship to the [movant] caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay."

*In re Leblanc*, 2020 Bankr. LEXIS 3167, * 5 (*citing In re Fowler*, 259 B.R. 856, 859-60 (Bankr. E.D. Tex. 2001) (quoting *In re McGraw*, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982)).

24.    To the extent relevant, courts also evaluate the so-called *Sonnax* Factors in deciding whether to permit litigation to proceed in another forum:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc*., 907 F.2d 1280, 1286 (2d Cir. 1990). *See also In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. at 112.  Not all of the *Sonnax* factors may be relevant to each case. *In re Leblanc*, 2020 Bankr. LEXIS 3167, * 9.  "A court need only apply the factors that are relevant to the particular case, and does not need to give each factor equal weight." *In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010).

25.     Here, Movant requests relief only to file and serve a Petition based on rights granted by the Louisiana legislature after this chapter 11 case was filed. Relief is necessary to preserve these rights. There is ***no prejudice*** to the debtor or the estate, much less "great prejudice." The requested stay relief is strictly limited to what Movant must do to preserve rights under the Revival Window - file a Petition, effect Service of Process and file proof of service. The stay will remain in effect as to all other aspects of the Actions. Accordingly, (1) the Debtor will not incur administrative expenses in the form of defense costs, (2) the Debtor's insurance coverage, if any, will not be depleted, (3) the Debtor's time and resources (and that of its professionals) will not de "diverted" from efforts to resolve the bankruptcy case, (4) there will be no "race to the courthouse" as all the litigation will be stayed, and (5) any Affiliated Non-Debtor Defendant that asserts an indemnification claim against the Debtor likewise will not suffer any prejudice.

26.     On the other hand, without relief from stay, Claimants will lose their rights under the Revival Window. Movant has concern for a ruling that, based on the rationales discussed in the 2020 hearings on relief from stay motions, filing suit against the Affiliated Non-Debtor Defendants or the Insurance Companies may violate the automatic stay.  Further, if this case is dismissed, claimants will arguably have only 30 days to prepare and file Petitions against the Debtor pursuant to Bankruptcy Code section 108(c). Thirty days is simply inadequate for an

undertaking of this magnitude. Furthermore, Movant did not sit on these rights pre-petition. The Debtor has continued to take its pre-petition position that substantially all of the Abuse Claims are prescribed.[15]

27.     Post-petition, the automatic stay has protected the Debtor from further abuse claim litigation. Without relief from stay, Claimants will be unable to assert the rights that the Louisiana legislature has unequivocally given them – twice - to pursue claims against the parties responsible for their abuse. In this case, the hardship to claimants by maintaining the stay greatly outweighs the hardship, if any, caused to the Debtor by the requested very limited modification of the stay.

28.     Finally, granting relief to file and serve a Petition will not interfere with the administration of this case and, in fact, likely facilitate its resolution.  Since any proposed plan of reorganization will most likely include a channeling injunction for Affiliated Non-Debtor Defendants, all parties must understand the universe of potential claims that may be channeled in order to negotiate a potentially agreed contribution to merit such an injunction.  Should the constituencies in this case reach a global settlement, the Actions can be dismissed. They cannot, however, be resuscitated if Petitions are  not filed by June 14, 2024.

---

[15] The Debtor and Catholic institutions continue to actively work (expending estate resources and diverting itself from the important work of finalizing this case) to have the Revival Window declared unconstitutional. In a case that is on appeal to the Fifth Circuit, the District Court in *Lousteau v. Congregation of Holy Cross Southern Province, Inc.*, 2022 U.S. Dist. LEXIS 102796  (E.D.La. June 7, 2022) held that reviving plaintiff's prescribed sexual abuse claim under the 2021 Amendment violated Holy Cross' due process right to assert prescription as a defense and was invalid under Louisiana law. The Debtor filed an amicus brief in the appeal in which it argues that its right to enforce the prescriptive period is a vested property right that is property of the bankruptcy estate and has asked the court of appeals to declare the 2021 Amendment and the Revival Window unconstitutional. Brief of Amicus Curiae Roman Catholic Archdiocese of New Orleans (Doc. No 87), *Lousteau v. Congregation of Holy Cross Southern Province, Inc.*, NO. 2022-30407 (5th Cir Nov. 29, 2022).

**D.**     **Request to Include Future Clients of Movant's Counsel.**

29.     To avoid serial motions if Movant's counsel is retained to represent additional similarly situated abuse claimants, Movant requests an order that the relief sought herein be available upon the filing, by counsel, of a notice filed and served on the Debtor and Affiliated Non-Debtor Defendants that identifies each additional claimant.

## CONCLUSION

For the foregoing reasons, Movant requests that the Court grant the foregoing Motion.

Dated:   October 17, 2023                         Respectfully submitted,

                                                  */s/ William H. Arata*
                                                  WILLIAM H. ARATA (23431)
                                                  Arata Law Office, LLC
                                                  216 Austin Street
                                                  Bogalusa, LA 70427
                                                  Phone: (985) 735-1368
                                                  Facsimile: (985) 732-7282
                                                  Email: info@Aratalaw.net
                                                  Counsel to Movant