IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**,<br>Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER IN MOTIONS FOR LIMITED RELIEF FROM THE AUTOMATIC STAY FILED ON BEHALF OF SEXUAL ABUSE SURVIVORS**
[Relates to Docket Nos. 2512, 2519, 2521, 2523, 2525, 2527, 2529, 2531, 2533, 2535, 2538, 2542, 2544, 2545, 2547, 2550, 2552, 2554, 2556, 2558, 2560, 2562, 2564, 2566, 2568, 2570, 2571, 2573, 2574, 2575, 2578, 2579, 2580, 2581, 2582, 2583]

The Official Committee of Unsecured Creditors (the "Committee") submits this joinder to the above-referenced motions for limited relief from the automatic stay filed on behalf of various sexual abuse survivors (the "Motions"). For the reasons set forth below, the Committee supports the Motions and recommends that the "opt in" procedure proposed by the movants (the "Movants") be available to all claimants who assert Abuse Claims[2] ("Survivors"), including but not limited to those who are not represented by counsel.

This case faces a unique procedural challenge. As the Motions detail, the Louisiana legislature passed a "window" statue to eliminate the prescriptive period for child sexual abuse claims as long as those claims are brought by June 14, 2024. While this bankruptcy case included a process to assert claims against the Debtor, no claims process exists for asserting claims against the nearly 200 non-debtor affiliates, some of whom are potential defendants to Abuse Claims. Meanwhile, counsel has made clear that the Debtor intends to pursue a plan of

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

reorganization that includes a channeling injunction for these non-debtor affiliates, extending them releases and other benefits of the Debtor's reorganization. A process that allows claimants to preserve their legal rights before the revival window expires will avoid a substantial flurry of stay relief practice leading up to June 14, 2024. The Committee supports the relief requested by Movants and, in addition, suggests a process below that allows *all* Survivors to assert claims with minimal burden on the bankruptcy estate.

By the Motions, sexual abuse survivors seek an order lifting the automatic stay for the limited purpose of permitting the Movants to (a) file a Petition in the jurisdictionally appropriate Non-Bankruptcy Courts arising from alleged sexual abuse against the Debtor, Affiliated Non-Debtor Defendants and Insurance Companies (collectively, the "<u>Defendants</u>"), (b) serve the Defendants and (c) to file proof of Service of Process in the Actions. The Motions propose that the automatic stay remain in effect with respect to all other aspects of the Actions (both in the applicable state court and if removed to federal court), including but not limited to responsive pleadings, dispositive motions, discovery, mediation and/or trial. The Motions also propose a mechanism whereby additional clients of the Movants' counsel who assert Abuse Claims can "opt in" to the Court's order on the Motions (the "<u>Stay Order</u>") upon the filing, by Movants' counsel, of a notice filed and served on the Debtor and Affiliated Non-Debtor Defendants that identifies any such additional clients.

**<u>The Limited Requested Relief Provides Essential Benefits Without Causing Any Harm or Prejudice.</u>**

Unlike motions for relief from stay filed early in this bankruptcy case to continue pre-petition litigation against the Defendants, the current motions seek essential relief for the Movants that does not raise any concern for the diminution or exhaustion of insurance coverage

---

[2] Capitalized terms that are not defined in this Joinder shall have the meanings given to them in the Motions.

2

or proceeds that should be preserved for the benefit of all abuse claimants. The Committee supports the limited relief sought by Movants for several reasons.

First, the requested limited relief is quite pertinent to the resolution of this bankruptcy case. Any reorganization plan submitted by the Debtor will almost certainly include a channeling injunction and releases for claims against many, if not all, of the Affiliated Non-Debtor Defendants.[3] The abuse claims to be implicated in these releases are not necessarily disclosed in the proofs of claim filed in the bankruptcy case because (a) they reflect claims against the Debtor asserted to be viable as of the bar date; (b) often do not identify parishes or other non-debtor affiliates potentially subject to the abuse claims; and (c) some survivors may have been unaware of a potential claim against the Debtor, believing only that they have a claim against one or more parishes or non-debtor affiliates. In order for the Committee (and the Survivors that it represents) to make informed decisions about the adequacy of monetary compensation offered by the Debtor and Affiliated Non-Debtor Defendants pursuant to any proposed plan, it is essential to understand the universe of claimants that might share in the funds. There could be numerous more abuse claimants of which the parties are unaware. By providing Movants (and other Survivors) the opportunity to opt into the proposed relief and to file Actions, the likelihood of identifying such claims will be greatly enhanced.

Second, the requested relief will enable Movants and other Survivors to preserve their rights under the Revival Window and avoid irreparable harm if the Movants are stayed from filing complaints to pursue recovery from the Defendants until after the Revival Window has

---

[3] The Debtor has previously represented that the parishes, along with other Affiliated Non-Debtor Third Parties will be seeking a discharge in this case through a plan channeling injunction. *See Objection To Motion Of The Official Committee Of Unsecured Creditors To Dismiss Chapter 11 Case* [Docket #341 filed August 13, 2020 by the Apostolates], at page 4 ("Most importantly, it is expected that the Archdiocese's plan will establish a trust fund for the payment and settlement of abuse claims in exchange for a release of the abuse claims against the Archdiocese and the Apostolates and a channeling injunction (similar to plans confirmed in other archdiocese cases).")

expired. If the Court declines to lift the stay, Survivors will lose these rights or face the difficult choice of proceeding against the Affiliated Non-Debtor Defendants and the Insurance Companies (who appear to have the benefit of the stay based on rulings and comments of the Court in the context of 2020 relief from stay motions[4]) or filing lawsuits to preserve their rights and face later motion practice in this Court to address any automatic stay implications. Thus, denying the Motions will either deprive Survivors of crucial rights or create burdensome case administration in this Court.

While some Survivors may have filed proofs of claim against the Debtor, if the Debtor's case is dismissed, it is not clear under Louisiana law that section 108(c) tolls the Revival Window, which would provide only 30 days to prepare, file and serve detailed petitions against the Debtor after dismissal. As the evidence presented at the hearing will establish, thirty (30) days is simply inadequate for an undertaking of this magnitude. Furthermore, Movants did not sit on their rights to pursue the Debtor pre-petition; the Debtor has continued to take its pre-petition position that substantially all of the Abuse Claims are prescribed. Moreover, section 108(c) would certainly not toll the Survivors' rights under the Revival Window with respect to claims against Affiliated Non-Debtor Defendants or Insurance Companies.

Finally, the limited relief requested will not require the Debtor or its personnel or professionals to expend time or resources on the Actions that might take detract from efforts to resolve the bankruptcy case in the very near term.

---

[4] In the Diocese of Rockville Centre case, faced with very similar facts, Judge Glenn decided otherwise, finding that the automatic stay does not preclude state court actions against entities that share insurance with the debtor. "[T]he insurance proceeds constitute property of the estate, but the State Court Actions do not constitute actions to obtain control over this estate property.....[N]othing on the face of the State Court Actions establishes that the relief sought must be satisfied from insurance proceeds. To the extent that the DRVC Related Parties contend that *they* will need to first access the insurance proceeds to defend against these claims, they may bring a lift stay motion as the co-insureds did in *Adelphia*." *Roman Cath. Diocese of Rockville Ctr. v. Ark320 Doe*, 651 B.R. 622, 644 (Bankr. S.D.N.Y. 2023)

**The Proposed Opt-In Procedure Should be Expanded to All Survivors to Avoid Unnecessary Time and Expense.**

The opt-in procedure proposed by Movants will avoid expending estate resources to litigate serial motions for relief from stay that seek the same relief for additional abuse claimants that may retain Movants' counsel. The Committee not only endorses this procedure, but also submits that the Court's Stay Order on the Motions authorize an expanded opt-in procedure (the "Opt-In Procedure") available to all Survivors, including those who are *pro se* or represented by other counsel, whether or not the Survivor has previously filed a proof of claim in the bankruptcy case, as follows:

1. Any individual with an Abuse Claim against the Defendants who either has commenced or, but for the automatic stay, could commence, an action seeking to hold any of the other Defendants liable for claims of abuse, may "opt-in" to the Stay Order by serving a "*Notice of Consent to Be Bound by Stay Order*" (an "Opt-In Notice"), in the form attached hereto as **Exhibit A,** via email on counsel to each of the Debtor, the Affiliated Non-Debtor Defendants, the Insurance Companies, the Committee and the Office of the United States Trustee (the "Notice Parties"). Any Survivor who serves an Opt-In Notice may do so using a pseudonym to maintain their confidentiality.

2. Each Survivor who duly serves an Opt-In Notice will be treated as an additional Movant for the purpose of the Stay Order, and entitled to the relief therein and bound by its terms.

3. Every 60 days, the Debtor will file an amended Exhibit A ("Amended Exhibit A") to the Stay Order that identifies the Survivors (by name or pseudonym as provided in the Notice) who have served an Opt-In Notice since the date of the original Stay Order.

4. The Notice Parties shall treat each Survivor's identifying information (including name, address, and any details related to the Abuse Claim) as confidential (the "<u>Confidential Information</u>") and will not disclose the Confidential Information. The Amended Exhibit A shall be redacted or filed under seal as necessary to protect the Confidential Information.

WHEREFORE, the Committee respectfully requests that this Court grant the relief sought by Movants and the expanded Opt-In Procedure outlined herein, and such other and further relief as this Court deems appropriate.

Dated: October 27, 2023

Respectfully submitted,
*/s/ Bradley Knapp*
Omer F. Kuebel, III (La #21682)
Bradley Knapp (La. #35867)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Facsimile: (504) 558-5200
Email: bknapp@lockelord.com

James I. Stang (CA Bar #94435)
Andrew W. Caine (CA Bar #110345)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: acaine@pszjlaw.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

DOCS_LA:350529.5 05067/002

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**,<br>Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>**Chapter 11** |

**NOTICE OF OPT-IN TO ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY (*pro se* claimant)**
**[Relates to Docket No. ____]**

_____ [insert Survivor name] submits this *Notice of Opt-In* pursuant to the *Order Granting Motions for Limited Relief from the Automatic Stay filed on behalf of Sexual Abuse Survivors* [Docket No. ____] entered by this Court on November ___, 2023 (the "Stay Order"). I have a claim related to arising from sexual abuse (the "Abuse Claim") against The Roman Catholic Church of The Archdiocese of New Orleans (the "Debtor"), _____, _____, _____ (the "Affiliated Non-Debtor Defendants") and any insurance carrier that issued a policy that may provide coverage to the Debtor or Affiliated Non-Debtor Defendant for the acts alleged in the Complaints (the "Insurance Companies") (collectively, the Debtor, the Affiliated Non-Debtor Defendants and the Insurance Companies are, the "Defendants"). I intend to file a lawsuit for damages arising from my Abuse Claim against the Defendants. I am unrepresented by counsel at this time. I have reviewed and agree to be bound by the terms of the Stay Order.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

1

Dated: October 27, 2023

Respectfully submitted,

_____
Claimant Name
Claimant Address
Telephone:
Facsimile:
Email:

2

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**,<br><br>Debtor. [2] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**NOTICE OF OPT-IN TO ORDER GRANTING
LIMITED RELIEF FROM THE AUTOMATIC STAY (represented claimant)
[Relates to Docket No. ___]**

The Survivors identified in Exhibit A hereto (the "Claimants") submit this *Notice of Opt-In* pursuant to the *Order Granting Motions for Limited Relief from the Automatic Stay* [Docket No. ___] entered by this Court on November ___, 2023 (the "Stay Order"). Each of the Claimants has an Abuse Claim[3] against the Debtor, the Affiliated Non-Debtor Defendants and the Insurance Companies (collectively, the Debtor, the Affiliated Non-Debtor Defendants and the Insurance Companies are the "Defendants") as identified in **Exhibit A**. Each of the Claimants intends to file a lawsuit for damages arising from an Abuse Claim against the Defendants, and has reviewed and agreed to be bound by the terms of the Stay Order.

Dated:  October 27, 2023                           Respectfully submitted,

                                                                        _____
                                                                        Law Firm/counsel for Claimant

---

[2] The last four digits of the Debtor's federal tax identification number are 8966.  The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[3] Unless otherwise defined herein, capitalized terms are as defined in the Stay Order and underlying motions.

3