UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-10846 |
| | * | |
| THE ROMAN CATHOLIC CHURCH | * | |
| OF THE ARCHDIOCESE OF | * | SECTION "A" |
| NEW ORLEANS | * | |
| | * | |
| *Debtor*[1] | * | CHAPTER 11 |

THE OFFICIAL COMMITTEE OF UNSECURED COMMERCIAL CREDITORS'
OMNIBUS RESPONSE TO MULTIPLE MOTIONS FOR LIMITED RELIEF FROM
THE AUTOMATIC STAY TO FILE SUIT RELATED TO ALLEGED SEXUAL ABUSE
AND SUPPORTIVE PLEADINGS

**Relates to Doc. Nos.**
**2512, 2538, 2542, 2544, 2545, 2547, 2550, 2552, 2554, 2556, 2558, 2560, 2562, 2564, 2566, 2568, 2570, 2571, 2573, 2574, 2575, 2578, 2579, 2580, 2581, 2582, 2583, 2604, 2605, and 2607**

**COMES NOW**, through undersigned counsel, The Official Committee of Unsecured Commercial Creditors (the "*Commercial Committee*"), appointed in the above captioned chapter 11 bankruptcy case (the "*Bankruptcy Case*") of The Roman Catholic Church of The Archdiocese of New Orleans (the "*Debtor*"), who respectfully submits this omnibus[2] response to the following (i) lift stay motions (collectively, the "*Stay Motions*") filed by certain[3] alleged sexual abuse survivors ("*Movants*"); and (ii) memorandums filed in support of the Stay Motions filed by certain sexual abuse survivors, James Adams and the Official Committee of Unsecured Creditors (the "*Abuse Committee*") (collectively, the "Stay Relief Supporters"):

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Doc. No. 2478 ("Any party filing a supporting, opposing, or reply memorandum may file a single 'omnibus' document that concerns all motions set for hearing.").

[3] The overwhelming majority of the Movants have filed under anonymity.

| Caption | Doc. No. | Filing Attorney(s) |
|---|---|---|
| *Motion of Sexual Abuse Survivor David Gordon for Partial Relief from Automatic Stay* | 2512 | Roger A. Stetter |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2538 | Brittany R. Wolf-Freedman |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor G.K.H. (11 U.S.C. § 362(d)(1))* | 2542 | Daniel A. Meyer |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2544 | Kristi S. Schubert |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2545 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2547 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2550 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2552 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2554 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2556 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2558 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2560 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2562 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2564 | Frank J. D'Amico, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2566 | Frank J. D'Amico, Jr. |

| | | |
|---|---|---|
| *Motion of Sexual Abuse Survivor Identified As Claim No. ESAS-110 For Partial Relief From Automatic Stay* | 2568 | Adam Horowitz and Jacques F. Bezou, Jr. |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2570 | Soren E. Gislseon, Richard C. Trahant, and John H. Denenea, Jr.[4] |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2571 | Soren E. Gislseon, Richard C. Trahant, and John H. Denenea, Jr.[5] |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2573 | William H. Arata |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2574 | William H. Arata |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2575 | William H. Arata |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2578 | Reagan Charleston Thomas |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2579 | Craig M. Robinson |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2580 | Craig M. Robinson |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2581 | Craig M. Robinson |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2582 | Craig M. Robinson |
| *Motion for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1))* | 2583 | Craig M. Robinson and George G. Angelus |
| *Memorandum in Support of Motions for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor (11 U.S.C. § 362(d)(1)) Rec. Docs. 2570 and 2571)* | 2604 | Soren E. Gislseon, Richard C. Trahant, and John H. Denenea, Jr.[6] |

---

[4] This pleading does not appear to actually be signed.

[5] This pleading does not appear to actually be signed.

[6] This pleading does not appear to actually be signed.

| | | |
|---|---|---|
| *Official Committee of Unsecured Creditors' Joinder in Motions for Limited Relief From the Automatic Stay Filed on Behalf of Sexual Abuse Survivors* | 2605 | Bradley Knapp |
| *Memorandum in Support of Motions for Limited Relief From the Automatic Stay Filed on Behalf of James Adams (11 U.S.C. § 362(d)(1)) Rec. Docs. 2570 and 2571)* | 2607 | Soren E. Gislseon, Richard C. Trahant, and John H. Denenea, Jr.[7] |

In support, the Commercial Committee represents as follows:

1. The Commercial Committee remains sensitive to the plight of sexual abuse survivors and understands the desire to preserve their claims against their abusers and those complicit in such abuse. The Commercial Committee in no way wishes to be a barrier to such efforts and does not necessarily take a position on whether Movants and the Stay Relief Supporters have articulated cause for lifting the stay.

2. However, in light of an ongoing and lengthy bankruptcy case, the Commercial Committee is compelled to voice its concerns about the manner in which Movants and the Stay Relief Supporters propose proceeding.

3. The catalyst for the Bankruptcy Case, as has been acknowledged by claimants and the Abuse Committee throughout its duration, was the substantial and mounting number of abuse claims against the Debtor. All Movants represent within the Stay Motions that they have filed proofs of claims against the Debtor, but seek stay relief to file suit against, *inter alia*, the Debtor because, if the Bankruptcy Case is dismissed, Movants would face an impossible task of preparing, filing and serving detailed petitions within 30 days after dismissal. However, Movants would certainly have more than 30 days to commence such efforts, as any dismissal would be preceded by, at the very least, 21 days notice and a hearing.

4. The Commercial Committee is concerned that lifting the stay so that a seemingly untold number of plaintiffs may file suit against the Debtor, its affiliates and its insurers in various

---

[7] This pleading does not appear to actually be signed.

state and federal courts (the "**_Proposed Course of Action_**") carries significant risk of unnecessary cost and distraction from ongoing plan mediation and confirmation efforts.

5. First, the Commercial Committee is concerned that the Proposed Course of Action could derail any current momentum in the Bankruptcy Case and set the stage for more disruption. Under the Proposed Course of Action, a multitude of plaintiffs, courts, claims, and defendants will suddenly be implicated, and none will be under the direct control and supervision of this Court, despite any limiting order this Court may enter. The Bankruptcy Case has been ongoing for over three-and-a-half years, at least the last year-and-a-half of which has been fraught with disruption and delay. Certainly, additional expensive, time-consuming and uncontrolled detours are not in the ultimate best interests of the Debtor or its creditors and should be avoided to the greatest extent possible.

6. Second, despite a clear October 17 deadline for stay motions under the Court's _Amended and Superseding Scheduling Order_[8] (the "**_Scheduling Order_**"), the Proposed Course of Action extends stay relief to additional claimants at some later date. After several status conferences and, seemingly, much discussion between the Debtor and the Abuse Committee, the Scheduling Order requires "[a]ny party who wishes to file [a motion for partial relief from the automatic stay to file, but not thereafter prosecute, lawsuits predicated on claims of sexual abuse]" to file such motion "no later than Tuesday, October 17, 2023." It is the Commercial Committee's understanding that much time and effort was expended by the Debtor and, perhaps more so, the Abuse Committee, in notifying potential movants of such deadline. However, should the Court approve the Proposed Course of Action, stay relief would be granted to far more than those who filed a timely stay relief motion – including those that may retain Movants' counsel (as proposed

---

[8] Doc. No. 2478.

by the Movants) and all other abuse survivors, including those who are acting *pro se* or represented by other counsel and regardless of whether they have previously filed a proof of claim in the Bankruptcy Case, so long as they file a proposed opt-in notice (as proposed by the Stay Relief Supporters). While the Commercial Committee certainly understands and appreciates the need for a streamlined process, which it understood the Scheduling Order was intended to provide, the Commercial Committee is loath to deviate from § 362(d)'s requirements of a motion, notice and hearing prior to the grant of stay relief. Such deviation, in the Commercial Committee's view, creates the possibility for the Court to lose control over a uniquely and fundamental bankruptcy process.

7. Given the risks associated with the Proposed Course of Action, the Commercial Committee re-urges[9] its suggestion that the parties consider a Tolling Agreement. In the Commercial Committee's view, a tolling agreement would accomplish the goals of all parties in interest – permit Movants to preserve their claims against the Debtor, its affiliates and insurers; preserve any defenses the would-be defendants may have; better define the scope of any channeling injunction; and keep all claims and issues squarely within the oversight and control of the Court.

8. However, in the event the Court countenances a modification of the automatic stay, the Commercial Committee respectfully requests that such relief is cautious, limited, and narrowly tailored.[10]

---

[9] Counsel for the Commercial Committee has previously, most recently on August 30, 2023, proposed tolling to the Debtor and Abuse Committee.

[10] *See*, *Browning v. Navarro*, 743 F.2d 1069, 1084 (5th Cir. 1984) (court has authority and discretion to fashion relief according to the needs in a particular bankruptcy proceeding); *see also*, *Eastern Refra. Co. Inc. v. Forty Eight Insul. Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) ("bankruptcy courts have the plastic powers to modify or condition an automatic stay so as to fashion the appropriate scope of relief.").

9. The Commercial Committee reserves all rights to supplement this response prior to, or at, the upcoming hearing, including, but not limited to, the right to join in and adopt the concerns expressed by other parties in interest in their objections and responses.

**WHEREFORE,** the Commercial Committee prays that this Court consider the substance of this Response, and grant all general and equitable relief to which it is justly entitled.

Dated: November 3, 2023         Respectfully submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By:    */s Brooke W. Altazan*
**Paul D. Stewart, Jr. (LA. Bar # 24661)**
dstewart@stewartrobbins.com
**William S. Robbins (LA. Bar # 24627)**
wrobbins@stewartrobbins.com
**Brandon A. Brown (La. Bar #25592)**
bbrown@stewartrobbins.com
**Brooke W. Altazan (La. Bar #32796)**
baltazan@stewartrobbins.com
301 Main St., Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED COMMERCIAL CREDITORS OF THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**