**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** | § | |
| **OF THE ARCHDIOCESE OF NEW** | § | **Section "A"** |
| **ORLEANS,** | § | |
| | § | **Chapter 11** |
| Debtor.[1] | § | |
| | § | |

---

**DEBTOR'S <u>EXPEDITED</u> MOTION IN LIMINE OR IN THE ALTERNATIVE**
**<u>MOTION TO STRIKE LATE-FILED WITNESS AND EXHIBIT LIST</u>**

**NOW INTO COURT**, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Archdiocese**" or "**Debtor**"), who files this *Expedited Motion in Limine or in the Alternative Motion to Strike Late-Filed Witness and Exhibit List* (the "**Motion**") and in support thereof does state as follows.

**<u>Introduction</u>**

In connection with contemplated motions for partial relief from the automatic stay (the "**Partial Lift-Stay Motions**"), this Court entered an *Amended and Superseding Scheduling Order* [ECF No. 2478] (the "**Scheduling Order**") setting various deadlines related to the filing of the Partial Lift-Stay Motions. The Scheduling Order provided:

> Parties will exchange electronic copies of all exhibits and file witness and exhibit lists as well as the exhibits themselves into the record on or before **Friday, November 10, 2023, at 5:00 p.m. CT.** Each exhibit must be filed as a separate attachment to the exhibit list and must be identified and offered into evidence by reference to the CM/ECF docket number of the filed exhibit.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[ECF No. 2478, ¶ 9].

As contemplated by the Scheduling Order, ten groups of attorneys filed twenty-seven Partial Lift-Stay Motions set for hearing on November 14, 2023.[2]  Those Partial Lift-Stay Motions included motions on behalf of claimants Tim Doe [ECF No. 2570] and Jane Doe [ECF No. 2571], which were filed on October 17, 2023.  Additionally, on October 27, 2023, as contemplated in the Scheduling Order, "Certain Sexual Abuse Survivors"[3] filed a *Memorandum in Support of Motions for Limited Relief from the Automatic Stay Filed on Behalf of Sexual Abuse Survivor* [ECF No. 2604].  Later that day, James Adams filed his *Memorandum in Support of Motions for Limited Relief from the Automatic Stay Filed on Behalf of James Adams* [ECF No. 2607] (the "**James Adams Memo**").  The same three attorneys represent Tim Doe, Jane Doe, James Adams, and "Certain Sexual Abuse Survivors."[4]

On November 10, 2023, again, as contemplated by the Scheduling Order, multiple parties timely filed Witness and Exhibit Lists.[5]  Nearly forty-nine hours after the deadline, Jane Doe, Tim Doe, and James Adams filed their Witness and Exhibit List [ECF No. 2635] (the "**List**").  The late-filed List names James Adams as a witness and sets forth unidentified documents as proposed

---

[2] *See* ECF Nos. 2512, 2538, 2542, 2544, 2545, 2547, 2550, 2552, 2554, 2556, 2558, 2560, 2562, 2564, 2566, 2568, 2570, 2571, 2573, 2574, 2575, 2578, 2579, 2580, 2581, 2582, & 2583.

[3] "Certain Sexual Abuse Survivors" are identified in the *Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [ECF No. 2340] (the "**Rule 2019 Statement**").  The name "Tim Doe" does not appear on the Rule 2019 Statement.  The claim number related to "Tim Doe" corresponds to the claim number for "John Doe 5."  The claim number for "Jane Doe" corresponds to the claim number for "Jane Doe 13" in the Rule 2019 Statement.

[4] The attorneys are Soren E. Gisleson, John H. Denenea, Jr., and Richard C. Trahant.

[5] *See, e.g.,* Witness and Exhibit List Filed by Official Committee of Unsecured Creditors [ECF No. 2627]; Witness and Exhibit List Filed by International Insurance Company and United States Fire Insurance Company [ECF No. 2629]; Joint Witness and Exhibit List Filed by the Apostolates and the Debtor [ECF No. 2630]; Witness and Exhibit List filed by the Official Committee of Unsecured Commercial Creditors [ECF No. 2632].

#101800787v1

exhibits, including (1) the Evidentiary Memorandum[6] purportedly filed under seal,[7] and (2) "documents cited in the Evidentiary Memorandum."

The List should be stricken for the following reasons: (1) the List is late filed, (2) the List does not comply with the Scheduling Order or this Court's Local Rules, and (3) the contemplated exhibits are irrelevant to the issue before the Court.

## Law and Argument

### A.  The List Is Late Filed.

The Scheduling Order required Witness and Exhibit Lists to be filed no later than Friday, November 10, 2023 at 5:00 p.m. CT.  [ECF No. 2478, ¶ 9].  This is an already-shortened timeline from this Court's usual practice of requiring that Witness and Exhibit Lists be filed on Thursdays at noon before Tuesday hearings.[8]  The untimeliness of the List is reason enough to exclude the witness and exhibits.  Indeed, section E(11) of this Court's General Order 2021-2 provides: "The failure to comply with this rule may be grounds for the denial of the admission of any or all exhibits and the exclusion of witness testimony."

---

[6] The "Evidentiary Memorandum" is described in the James Adams Memo as a document created using confidential information, including Proofs of Claim, and that relates solely to the alleged liability of the Debtor and the Apostolates.  [ECF No. 2607, pp. 2-4].  As discussed below, the Evidentiary Memo is wholly irrelevant to the issue of whether the stay should be lifted for the limited purposes described in the Partial Lift-Stay Motions.

[7] James Adams moved for leave to file the Evidentiary Memo under seal.  [ECF No. 2608].  The Motion for Leave was not set for hearing and has not been ruled upon.  It is unknown if James Adams hand delivered the sealed document to the Court, or if he submitted a proposed order to the Court in accordance with Section 10(D)(1) of the Court's Administrative Procedures Manual.

[8] *See* Section E(4) of Amended General Order 2021-2, available at

https://www.laeb.uscourts.gov/sites/laeb/files/AmendedGeneralOrder2021-2reHybridModelPlanForHearings.pdf

#101800787v1

Courts have held that scheduling orders may only be amended if there is good cause to do so. *S&W Enters. LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533,536 (5th Cir. 2003). A decision to exclude late-designated witnesses or exhibits is reviewed for an abuse of discretion using a four-factor test: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *In re M&M Wireline & Offshore Servs., LLC*, No. 15-4999, 2016 U.S. Dist. LEXIS 120547, at * 12 (E.D. La. Sept. 7, 2016) (citing *Betzel v. State Farm Lloyds*, 490 F.3d 704, 707 (5th Cir. 2007); *Barbosa v. City of El Paso*, 158 F.3d 584 (5th Cir. 1998)).

Here, no explanation has been provided for the delay, and the witness and exhibits are not important as they are irrelevant to the issue at bar. There is great prejudice to the objecting parties, as the documents are replete with confidential information, including proofs of claim that implicate various Protective Orders and Confidentiality Protocols entered by this Court. It would take significant time and effort to untangle what information in the Evidentiary Memorandum is subject to the Protective Orders and what information is not protected. Because the documents have not been exchanged as required, it is impossible to complete that task in this short timeframe.

### B. The List Does Not Comply With the Scheduling Order's Requirements Regarding Submission of Exhibits.

The Scheduling Order provides that the "[p]arties will exchange electronic copies of all exhibits and file witness and exhibit lists as well as the exhibits themselves into the record on or before **Friday, November 10, 2023, at 5:00 p.m. CT**." [ECF No. 2478, ¶ 9]. Even assuming that the movants had properly identified the Evidentiary Memorandum, they certainly did not properly identify or exchange with any party the "Documents cited in the Evidentiary Memorandum." The failure to identify and exchange the documents is an attempt to conduct "trial by ambush." *See Control Servs. v. Chason (In re Chason)*, 352 B.R. 52, 59 (Bankr. W.D. La. 2005) ("Neither the

Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure[ ] allow for trial by ambush.").

**C.  The Evidentiary Memorandum Is Irrelevant to the Partial Lift-Stay Motions.**

The Evidentiary Memorandum, according to the James Adams Memo, documents the alleged liability of the Archdiocese and the Apostolates.  But the alleged liability of the Debtor is not cause to lift the stay.  Because the Movants only ask to lift the stay for the "limited purpose" of filing suits against the Debtor and non-debtors, documents speaking to alleged liability of those parties are wholly irrelevant to the matters pending before the Court.

## <u>Conclusion</u>

Because the Witness and Exhibit List is late filed, does not comply with the Scheduling Order, and is irrelevant to the issues at bar, it should be stricken, and the Motion in Limine should be granted.

WHEREFORE, the Debtor prays that this Motion be granted and for all other relief to which it is entitled in law and equity.

*[Signature Page Follows]*

5

Dated: November 13, 2023

Respectfully submitted,

*/s/ Mark A. Mintz*

R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA   70170
Telephone: (504) 582-8000
Facsimile:  (504) 589-8260
Email:  pvance@joneswalker.com
Email:  efutrell@joneswalker.com
Email:  mmintz@joneswalker.com
Email:  lashley@joneswalker.com

**ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion is being served (a) on November 13, 2023 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, Inc. ("**DRC**").  DRC shall file a certificate of service to that effect once service is complete.

*/s/ Mark A. Mintz*
Mark A. Mintz

#101800787v1