UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,<br><br>Debtor.[1] | § § § § § § § § § § | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

### DEBTOR'S RESPONSE TO APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KROLL, LLC AS PENSION ANALYST TO THE OFFICIAL COMMITTEE OF UNSECURED COMMERCIAL CREDITORS

The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), hereby files this response (the "**Response**") to the *Application for Entry of an Order Authorizing the Retention and Employment of Kroll, LLC as Pension Analyst to the Official Committee of Unsecured Commercial Creditors* [ECF No. 2687] (the "**Retention Application**"), filed by The Official Committee of Unsecured Commercial Creditors (the "**Commercial Committee**"). In support of this Response, the Debtor respectfully states as follows:

1. Pursuant to the Retention Application, the Commercial Committee seeks to employ and retain Kroll, LLC ("**Kroll**") to facilitate the Commercial Committee's evaluation of certain pension disclosures and the ultimate impact on feasibility of pension related obligations and Other Post-Employment Benefits. Just as the Debtor did with the Official Committee of Unsecured Creditors' (the "**Committee**") retention of Actuarial Value, LLC, the Debtor does not object to the

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

#101874930v4

Retention Application at this time. However, the Debtor wishes to express its continued dissatisfaction and concerns with the type of relief requested.

2. Seven months after retaining Rock Creek Advisors, LLC as its pension financial advisor, the Committee retained Actuarial Value, LLC as its actuarial advisor. At the time, the Debtor expressed concern that the continued administrative burden on the estate would harm creditors as the Committees engaged in a never-ending arms race, adding numerous duplicative and often wasteful professionals to an already bloated fee schedule.

3. Indeed, eight (8) of the Committee's retained professionals continue to accrue fees and expenses for services rendered on a monthly basis. As of October 31, 2023, the Debtor had paid the Committee's professionals over $12.4 million for services rendered and expenses incurred since the Petition Date. *See* ECF No. 2673-6. Notably, the Committee's financial advisor, Berkeley Research Group, LLC, has charged more than double the fees and expenses of the Debtor's two (2) financial advisors combined. *See id.*

4. The Commercial Committee is certainly more economical, but even its two professionals had collected from the estate over $2.6 million as of October 31, 2023. *See id.*

5. Certainly, every dollar spent on these professional fees is a dollar that cannot be recovered by claimants and that places further strain on a struggling estate. Thus, to control costs at this time, it is crucial that the parties in this Chapter 11 Case only seek to employ necessary professionals. *See Official Joint Comm. of Unsecured Creditors v. Bashas', Inc. (In re Bashas', Inc.)*, No. AZ-09-1305, 2010 Bankr. LEXIS 3519, at *9 (B.A.P. 9th Cir. Jan. 14, 2010) ("[A]bsent extraordinary circumstances, bankruptcy estates should not be consumed by the fees and expenses of court-appointed professionals.").

6. This Court has repeatedly admonished these Committees to share resources when possible. The Committee, worried about potential conflicts, agreed only to share information with the Commercial Committee under the mediation privilege, and only to present "findings" as opposed to sharing any methodology or other analysis. Given the Committee's intransigence, it is not at all surprising to see the Commercial Committee apply for the retention of Kroll. However, it is disappointing that the Committees are continuing to deplete estate resources when they could have relied on analyses of the Debtor or even each other. Courts certainly encourage the sharing of information among professionals in a bankruptcy case. *In re Bashas', Inc.*, 2010 Bankr. LEXIS 3519, at *21-22 (denying retention application, in part, because the Committee could "utilize information and analysis" prepared by the Debtor's financial advisor).

7. The Debtor accepts that because the Committee has hired both Rock Creek and Actuarial Value, but refused to share their analyses, the Commercial Committee feels the need to hire Kroll. The Debtor expresses disappointment that the Committees cannot work together to lighten the administrative burden on the estate. Although the retention of Kroll is unnecessary, wasteful, and duplicative, the Debtor does not, at this time, oppose the relief requested in the Retention Application. The Debtor reserves all of its rights to object to fees and expenses requested in any application for compensation submitted by Kroll in the future.

Dated: December 14, 2023

Respectfully submitted,

*/s/ Mark A. Mintz*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: lashley@joneswalker.com

**ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response is being served (a) on December 14, 2023 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, Inc. ("**DRC**"). DRC shall file a certificate of service to that effect once service is complete.

*/s/ Mark A. Mintz*
Mark A. Mintz

#101874930v4