UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: § | |
| § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH § | |
| OF THE ARCHDIOCESE OF NEW § | Section "A" |
| ORLEANS, § | |
| § | Chapter 11 |
| Debtor.[1] § | |
| § | |

# DEBTOR'S OBJECTION TO
# MOVING INSURERS' *EXPEDITED* BANKRUPTCY RULE 2004 MOTION

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), who files this objection ("**Objection**") to the *Moving Insurers' Expedited Bankruptcy Rule 2004 Motion* [ECF No. 2721] (the "**Rule 2004 Motion**") filed by U.S. Fire Insurance Company and International Insurance Company (collectively, the "**Moving Insurers**").[2]  In support of this Objection, the Debtor states as follows:

## Introduction

1.  The Moving Insurers, two of the Debtor's excess carriers, seek authority to serve a subpoena on the Debtor to request the following documents: (1) drafts of a plan of reorganization, trust distribution procedures, and any term sheets exchanged between the Debtor and the Official Committee of Unsecured Creditors (the "**Committee**"); and (2) documents that the Debtor and the

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] For the same reasons articulated herein, the Debtor also objects to *Travelers' Joinder to Moving Insurers' Expedited Bankruptcy Rule 2004 Motion* [ECF No. 2727].

#101874156v2

Committee have exchanged concerning the sexual abuse survivor claims that are the subject of a plan in the above-captioned case (this "**Chapter 11 Case**"). [ECF No. 2721-2, p. 11].

2. The Rule 2004 Motion advances the false narrative that the Debtor refuses to speak to the Moving Insurers or share any information with them. In reality, the vast majority of the documents requested by the Moving Insurers already have been provided to them or do not exist.

3. With respect to plan-related documents, the Debtor has shared with the Committee a draft plan of reorganization, plan definitions, and a list of Non-Debtor Catholic Entities. Shortly after the Rule 2004 Motion was filed, the Debtor agreed to provide these draft documents to all mediation parties, including the Moving Insurers, pursuant to the mediation privilege. Although the Moving Insurers speculate about trust distribution procedures, term sheets, and other hypothetical plan documents, drafts of such documents have not been exchanged with the Committee. To be sure, the Debtor and the Committee have exchanged drafts of only ***one*** plan-related document that is not being provided to the Moving Insurers: a child protection protocol. These non-monetary provisions are still being negotiated by the Debtor and the Committee, are highly sensitive, and simply are of no concern to the Moving Insurers at this time.

4. The Moving Insurers also complain that the Debtor has not provided them with "documents and communications about the abuse claims and other issues that it has exchanged with the Tort Committee other than its initial production at the outset of the case." [ECF No. 2721, ¶ 13]. This, too, is false. The Debtor has provided the Moving Insurers with all claims data that it has shared with the Committee. The Committee, in turn, has not shared its claims data with the Debtor.

5. During a call on December 15, 2023, Debtor's counsel communicated the above summary to counsel for the Moving Insurers in the hopes of resolving the apparent confusion on

their part. For good measure, on December 16, 2023, Debtor's counsel sent counsel for the Moving Insurers a timeline of the abuse claim-related productions given to the insurers.[3] Having provided such clarification to the Moving Insurers, the Debtor is perplexed as to why they have not withdrawn the Rule 2004 Motion.

6.      As further detailed below, the Rule 2004 Motion is inappropriate insofar as it seeks to compel the Debtor to produce documents, rather than merely authorize the Moving Insurers to serve the Debtor with a subpoena. Even if the Rule 2004 Motion is considered on the merits, the Moving Insurers have not established good cause for the production of drafts of a child protection protocol—the only requested documents that the Moving Insurers have not already received.

7.      For these reasons, and for the reasons more fully set forth below, the Debtor respectfully asks this Court to deny the Rule 2004 Motion.

## Law and Argument

**A. The Proposed Order Is Inappropriate Because the Rule 2004 Motion Is Not a Motion to Compel.**

8.      As a threshold matter, the Debtor objects to the Moving Insurers' attempt to treat the Rule 2004 Motion as a motion to compel the Debtor to produce documents. The proposed order submitted with the Rule 2004 Motion provides that "the Debtor shall furnish to the Moving Insurers the documents requested in the Document Requests and shall produce same to the Moving Insurers' counsel within fourteen (14) days of service of the Subpoena upon entry of this Order." [ECF No. 2721-1, p. 1].

9.      The Moving Insurers have not moved to compel the Debtor to produce documents. Nor have they served the Debtor with a subpoena. Thus, any language directing the Debtor to

---

[3] Attached hereto as **Exhibit A** is a true and correct copy of the December 16, 2023 email that Debtor's counsel sent to counsel for the Moving Insurers.

#101874156v2

produce documents is inappropriate at this time. To the extent that the Court grants the Rule 2004 Motion, any order must preserve the Debtor's rights to object to any subpoena issued by the Moving Insurers.

### B. The Moving Insurers Have Failed to Establish "Good Cause" for the Requested Relief.

10. Without waiving any of its rights to object, the Debtor contends that the Moving Insurers have not established that good cause exists for this Court to order the requested relief, or that the Moving Insurers will suffer any prejudice if the Rule 2004 Motion is denied.

11. Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Rule 2004**") authorizes this Court to order the examination of any entity relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a)-(b). While the scope of a Rule 2004 examination is broad, it is not limitless. *See, e.g.*, *In re Buccaneer Res., LLC*, No. 14-60041, 2015 Bankr. LEXIS 4203, at *19 (Bankr. S.D. Tex. Dec. 10, 2015) ("Though long recognized that the scope of a 2004 examination is broad, it is not limitless.") (citing *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994); *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987)). The discovery requested "should not be so broad as to be more disruptive and costly to the debtor than beneficial to the [movant]." *In re Brown*, No. 18-10617, 2018 Bankr. LEXIS 3138, at *11 (Bankr. S.D.N.Y. Oct. 11, 2018) (citations omitted).

12. In evaluating the propriety of Rule 2004 discovery, "the Court must 'balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.'" *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)).

Significantly, "[t]hat documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production." *Id.* (quoting *Drexel Burnham*, 123 B.R. at 712.

13. The Moving Insurers, as the parties seeking Rule 2004 discovery, bear "the burden to show good cause for the examination [they] seek[ ], and relief lies within the sound discretion of the Bankruptcy Court." *Id.* (citing *Picard v. Marshall (In re Bernard L. Madoff Inv. Secs. LLC)*, Adv. No. 08-01789, 2014 Bankr. LEXIS 4603, 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014); *In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.,* 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001)).

14. As detailed above, the Moving Insurers have received all of the documents that they request with the exception of drafts of the Debtor's child protection protocol. *See supra*, ¶¶ 3-5. The Moving Insurers have failed to articulate any need to review these non-monetary provisions, which concern highly sensitive information and are still being negotiated by the Debtor and the Committee. Because the Moving Insurers have failed to demonstrate good cause to support their request, the Rule 2004 Motion must be denied.

## Conclusion

For the foregoing reasons, the Debtor respectfully requests: (i) that this Court deny the Rule 2004 Motion; and (ii) such other relief to which the Debtor may be entitled in law and equity.

[*Signature Page Follows*]

Dated: December 20, 2023

Respectfully submitted,

*/s/ Mark A. Mintz*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: lashley@joneswalker.com

**ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Objection is being served (a) on December 20, 2023 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, Inc. ("**DRC**"). DRC shall file a certificate of service to that effect once service is complete.

*/s/ Mark A. Mintz*
Mark A. Mintz

#101874156v2