## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | Section "A" |
| Debtor.[1] | Chapter 11 |

### ELEVENTH INTERIM APPLICATION OF JONES WALKER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AS COUNSEL TO THE DEBTOR AND THE DEBTOR IN POSSESSION, FOR THE PERIOD FROM NOVEMBER 1, 2023 THROUGH FEBRUARY 29, 2024

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 25, 2024, AT 1:30 P.M. AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B-709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO USING HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | Section "A" |
| Debtor.[1] | Chapter 11 |

**SUMMARY SHEET FOR ELEVENTH INTERIM APPLICATION OF JONES WALKER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AS COUNSEL TO THE DEBTOR AND THE DEBTOR IN POSSESSION, FOR THE PERIOD FROM NOVEMBER 1, 2023 THROUGH FEBRUARY 29, 2024**

| Name of Applicant: | Jones Walker LLP |
|---|---|
| Authorized to Provide Services to: | The Debtor and Debtor-in-Possession |
| Petition Date: | May 1, 2020 |
| Retention Date: | June 19, 2020 *nunc pro tunc* to May 1, 2020 |
| Time Period Covered by this Application: | November 1, 2023 – February 29, 2024 |
| Total Fees Sought to be Allowed in this Application: | $857,676.00 |
| Total Expenses Sought to be Allowed in this Application: | $30,595.15 |
| Total Fees Approved by Interim Order to Date: | $11,573,236.00[2] |
| Total Expenses Approved by Interim Order to Date: | $315,725.90 |
| Total Fees Paid Pursuant to Prior Fee Applications: | $11,573,236.00 |
| Total Expenses Paid Pursuant to Prior Fee Applications: | $315,725.90 |
| Blended Rate in this Application for all Attorneys: | $395.98 |
| Blended Rate in this Application for all Timekeepers: | $394.95 |
| Number of Professionals in this Application: | 24 |
| If Applicable, Number of Professionals Included in this Application but not Included in Staffing Plan: | 0 |
| Number of Professionals Billing Fewer than 15 Hours in Connection with this Application: | 14 |
| Are Any Rates Higher than Those Approved or Disclosed at Retention? | Yes, *see* ECF No. 2371 |
| Remaining Balance of Pre-Petition Retainer: | $0.00 |

This is a(n): ___ monthly _X_ interim ___ final application

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA  70125.

[2] This amount reflects the reduction of fees by $60,000.00 to Jones Walker's First Interim Fee Application, which was agreed to with the U.S. Trustee's Office and acknowledged in the *Order Approving First Interim Application of Jones Walker LLP For Allowance of Compensation and Reimbursement of Expenses, as Counsel to the Debtor and the Debtor In Possession, for the Period from May 1, 2020 through September 30, 2020* [ECF No. 682].

#102177946v1

COMES NOW, Jones Walker LLP ("Jones Walker"), pursuant to §§ 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), *General Order 2019-4,* section XIII, which establishes procedures for Professional Retention, Compensation, and Reimbursement of Expenses (the "Complex Case Procedures"), and the *Order Approving Employment of Jones Walker LLP as Attorneys for the Debtor* [ECF No. 170] (the "Retention Order"), and who hereby submits this Eleventh Fee Application (the "Eleventh Fee Application"), seeking interim approval and allowance of compensation and reimbursement of expenses incurred as counsel to the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), for the period from November 1, 2023 through February 29, 2024.  In support of this Eleventh Fee Application, Jones Walker respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On May 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.       The Debtor remains in possession of its property and is managing its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.      The Office of the United States Trustee (the "UST") appointed the Official Committee of Unsecured Creditors (the "Committee") on May 20, 2020 [ECF No. 94], which Committee was reconstituted on June 10, 2020 [ECF No. 151], October 8, 2020 [ECF No. 478], June 7, 2022 [ECF No. 1575], June 21, 2022 [ECF No. 1618], and February 13, 2023 [ECF No. 2081].  The UST appointed the Official Committee of Commercial Unsecured Creditors (the "Commercial Committee") on March 5, 2021 [ECF Nos. 772, 792].

6.      The Debtor retained Jones Walker as its counsel *nunc pro tunc* to the Petition Date, pursuant to the Retention Order, which was entered on June 19, 2020 [ECF No. 170].

7.      The Retention Order authorizes Jones Walker to apply for compensation for professional services rendered and reimbursement of expenses incurred in compliance with §§ 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Complex Case Procedures, and any other applicable procedures and orders of the Court. The Retention Order also directs Jones Walker to make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the UST Guidelines.

8.      As further explained in the *Application to Employ Jones Walker LLP as Attorneys for the Debtor* [ECF No. 75] (the "Retention Application"), Jones Walker agreed to be compensated on an hourly basis.

9.      To date, Jones Walker has submitted the following applications for interim approval and allowance of compensation and reimbursement of expenses:

#102177946v1

| Fee Application (Period) | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|
| First Interim Application (5/1/20 – 9/30/20) | $2,092,461.00 | $76,168.58 | $2,032,461.00 | $76,168.58 |
| Second Interim Application (10/1/20 – 1/31/21) | $1,120,960.00 | $17,958.76 | $1,120,960.00 | $17,958.76 |
| Third Interim Application (2/1/21 – 5/31/21) | $1,040,201.00 | $23,009.27 | $1,040,201.00 | $23,009.27 |
| Fourth Interim Application (6/1/21 – 9/30/21) | $1,180,440.50 | $16,811.60 | $1,180,440.50 | $16,811.60 |
| Fifth Interim Application (10/1/21 – 1/31/22) | $1,038,247.50 | $22,426.49 | $1,038,247.50 | $22,426.49 |
| Sixth Interim Application (2/1/22 – 5/31/22) | $1,127,452.00 | $25,650.80 | $1,127,452.00 | $25,650.80 |
| Seventh Interim Application (6/1/22 – 10/31/22) | $1,275,789.00 | $35,822.71 | $1,275,789.00 | $35,822.71 |
| Eighth Interim Application (11/1/22 – 2/28/23) | $841,486.00 | $33,743.87 | $841,486.00 | $33,743.87 |
| Ninth Interim Application (3/1/23 – 6/30/23) | $967,481.00 | $30,606.49 | $967,481.00 | $30,606.49 |
| Tenth Interim Application (7/1/23 – 10/31/23) | $948,718.00 | $33,527.33 | $948,718.00 | $33,527.33 |

## REQUEST FOR APPROVAL OF FEES AND EXPENSES

10.     This Application covers the period from November 1, 2023 through February 29, 2024 (the "Eleventh Interim Fee Period").  By this Application, Jones Walker seeks interim approval and allowance of fees in the amount of $857,676.00 and reimbursement of expenses in the amount of $30,595.15.  The total number of hours expended during the Eleventh Interim Fee

Period for which compensation is sought is approximately 2,171.60 hours.

## PRIOR MONTHLY FEE STATEMENTS

11.      In accordance with this Court's Complex Case Procedures, Jones Walker has submitted to the Debtor and to other Professional Fee Notice Parties (as defined in the Complex Case Procedures) its Thirty-Fifth, Thirty-Sixth, Thirty-Seventh, and Thirty-Eighth Monthly Fee Statements (each a "Monthly Fee Statement").

12.      The Complex Case Procedures authorize the Debtor to pay Jones Walker 80% of fees and 100% of expenses identified in each Monthly Fee Statement to which no objection has been served.  The applicable objection periods have expired in connection with Jones Walker's Thirty-Fifth, Thirty-Sixth, and Thirty-Seventh Monthly Fee Statements.  Jones Walker did not receive any formal objections in response to these fee statements.

13.      The following is a summary of the amounts requested by Jones Walker and paid by the Debtor pursuant to Monthly Fee Statements relating to the Eleventh Interim Fee Period:

| Monthly Fee Statement (Period) | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid |
|---|---|---|---|---|
| Thirty-Fifth Monthly Fee Statement (11/1/23 – 11/30/23) | $168,884.00 (80% of $211,105.00) | $7,291.33 | $168,884.00 | $7,291.33 |
| Thirty-Sixth Monthly Fee Statement (12/1/23 – 12/31/23) | $143,165.60 (80% of $178,957.00) | $8,040.89 | $143,165.60 | $8,040.89 |
| Thirty-Seventh Monthly Fee Statement (1/1/24 – 1/31/24) | $205,297.60 (80% of $256,622.00) | $9,258.38 | $0.00 | $0.00 |

#102177946v1

| | | | | |
|---|---|---|---|---|
| Thirty-Eighth Monthly Fee Statement (2/1/24 – 2/29/24) | $168,793.60 (80% of $210,992.00) | $6,004.55 | $0.00 | $0.00 |

## FEES AND EXPENSES

14.     Jones Walker is handling this Chapter 11 Case and approximately 32 other proceedings on behalf of the Debtor (the "Litigation Matters").

15.     Jones Walker has voluntarily capped its rates in this Chapter 11 Case at $490.00, enabling it to staff the case with its most experienced attorneys who are knowledgeable about the issues in this case.   Taking into account Jones Walker's reduced hourly rates, the amounts requested in this Application represent voluntary reductions by Jones Walker totaling approximately $309,423.[3]

16.     Attached hereto as **Exhibit A** are summary sheets for the Litigation Matters and this Chapter 11 Case during the Eleventh Interim Fee Period.[4]  Each summary sheet contains the following:

   a.  A list of the Jones Walker professionals performing legal services on behalf of the Debtor during the Eleventh Interim Fee Period, along with their respective titles, practice areas, years of admission, hourly billing rates, total hours billed, and total fees billed;

   b.  A breakdown, by project category, of the services rendered and compensation sought by Jones Walker during the Eleventh Interim Fee Period; and

   c.  An itemization of expenses incurred and for which reimbursement is sought, by

---

[3] This does not take into account entries on the invoices billed at "no charge."

[4] The Litigation Matters are depicted on Exhibit A as matter 1, while the work performed in connection with this Chapter 11 Case is depicted as matter 2, which is titled "Post-Petition Reorganization Advices."

expense category, during the Eleventh Interim Fee Period.

17.     Attached hereto as **Exhibit B** are customary and comparable compensation disclosures for the Eleventh Interim Fee Period.

18.     Attached hereto as **Exhibit C** is a budget and staffing plan for the Eleventh Interim Fee Period.

19.     Attached hereto as **Exhibit D** is a copy of the Thirty-Fifth Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the period from November 1, 2023 through November 30, 2023, consisting of contemporaneously maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

20.     Attached hereto as **Exhibit E** is a copy of the Thirty-Sixth Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the period from December 1, 2023 through December 31, 2023, consisting of contemporaneously maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

21.     Attached hereto as **Exhibit F** is a copy of the Thirty-Seventh Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the period from January 1, 2024 through January 31, 2024, consisting of contemporaneously maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

22.     Attached hereto as **Exhibit G** is a copy of the Thirty-Eighth Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the period from February 1, 2024 through February 29, 2024, consisting of contemporaneously

maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

23.     Finally, attached hereto as **Exhibit H** is a proposed order granting the relief requested herein.

## SUMMARY OF SERVICES RENDERED TO THE DEBTOR
## DURING THE ELEVENTH INTERIM FEE PERIOD

24.     The following summary of services rendered during the Eleventh Interim Fee Period is not intended to be a detailed description of the work performed.  Rather, it merely highlights certain categories in which significant services were rendered by Jones Walker. Detailed descriptions of the day-to-day services provided by Jones Walker and the time expended performing such services in each project billing category are attached to the Monthly Fee Statements in **Exhibits D-G**.

### a.  *Appeals*

25.     Jones Walker continued to spend a substantial amount of time during the Eleventh Interim Fee Period in connection with Richard Trahant's appeal, the Former Committee Members' appeal, and Minor Children's appeal.  Specifically, Jones Walker, among other things, engaged in comprehensive appellate motion practice, drafted appeal briefs, and extensively prepared for and appeared at oral argument in the Former Committee Members' appeal and Minor Children's appeal.

### b.  *Claims Motions*

26.     During the Eleventh Interim Fee Period, Jones Walker received numerous Motions for Leave to File Sexual Abuse Survivor Claims [ECF Nos. 2609, 2674, 2676, 2701, 2714, 2730, 2796, 2803, 2806, 2810, 2825, 2830, 2853, 2861, 2867, 2869, 2871, 2873, 2875, 2877].  Jones Walker subsequently conferred and negotiated with counsel to reach several Stipulations [ECF

Nos. 2710, 2711, 2712, 2720, 2774, 2813, 2814, 2815] resolving the Motions for Leave.  Pursuant to the Stipulations, the parties agreed that certain claimants may file a Sexual Abuse Survivor Proof of Claim, but the Archdiocese and all parties in interest maintain and reserve their rights to object to the claims on any basis.

### c. *Fee Applications and Employment Applications*

27.     Additionally, Jones Walker's professionals prepared, revised, and served (i) the Thirty-Fourth, Thirty-Fifth, Thirty-Sixth, and Thirty-Seventh Monthly Fee Statements of Jones Walker and Carr, Riggs & Ingram ("CRI"), (ii) the Thirty-Third, Thirty-Fourth, Thirty-Fifth, and Thirty-Sixth Monthly Fee Statements of Blank Rome LLP ("Blank Rome"), and (iii) the Twentieth, Twenty-First, Twenty-Second, and Twenty-Third Monthly Fee Statements of  Keegan Linscott & Associates, PC ("KLA") during the Eleventh Interim Fee Period.  In connection with preparing these Fee Statements, Jones Walker, among other things: (i) reviewed extensive billing prebills to ensure that time narratives and costs incurred complied with the UST Guidelines and local rules and regulations for interim compensation; and (ii) broke down time and fees billed by timekeeper and task category, in accordance with the UST Guidelines.   Jones Walker communicated with Blank Rome, CRI, and KLA to obtain the required information used in connection with preparing the Monthly Fee Statements.

28.     During the Eleventh Interim Fee Period, Jones Walker also prepared, revised, and filed (i) the *Tenth Interim Application of Jones Walker LLP for Allowance of Compensation and Reimbursement of Expenses, as Counsel to the Debtor and the Debtor in Possession, for the Period from July 1, 2023 through October 31, 2023* [ECF No. 2693] ("Jones Walker's Tenth Fee Application"); (ii) the *Tenth Interim Application of Blank Rome LLP for Allowance of Compensation and Reimbursement of Expenses, as Special Insurance Counsel to the Debtor, for*

*the Period from July 1, 2023 through October 31, 2023* [ECF No. 2690] ("Blank Rome's Tenth Fee Application"); (iii) the *Tenth Interim Fee Application of Carr, Riggs & Ingram, LLC, for Allowance of Compensation and Reimbursement of Expenses Incurred as Financial Advisor to the Debtor for the Period July 1, 2023 through October 31, 2023* [ECF No. 2692] ("CRI's Tenth Fee Application"); and (iv) the *Fifth Interim Application of Keegan Linscott & Associates, PC for Allowance of Compensation and Reimbursement of Expenses Incurred as Financial Advisor to the Debtor, for the Period July 1, 2023 through October 31, 2023* [ECF No. 2691] ("KLA's Fifth Fee Application").

29.     In connection with preparing the Fee Applications, Jones Walker, among other things: (i) reviewed extensive billing prebills; (ii) drafted a comprehensive list of services rendered for the relevant time periods; (iii) broke down time and fees billed by timekeeper and task category, in accordance with the UST Guidelines, for this Chapter 11 Case and other proceedings on behalf of the Debtor; (iv) applied the *Johnson* factors to evidence that the services rendered to the Debtor were performed efficiently and effectively; and (v) addressed unanticipated issues that arose in the preparation of the Fee Applications.  Notably, Jones Walker spent considerable time reviewing the UST Guidelines, Complex Case Procedures, and Local Rules to format and draft the Fee Applications appropriately.

30.     Further, during the Eleventh Interim Fee Period, Jones Walker continued to review other professional's fee statements and fee applications and work with other estate professionals to be more efficient and cost effective.  Jones Walker's professionals reviewed and analyzed approximately ten (10) fee applications during the Eleventh Interim Fee Period.  Jones Walker worked with the Debtor throughout the Eleventh Interim Fee Period to ensure continued payment of outstanding amounts owed.

#102177946v1

31.     Jones Walker's professionals also responded to retention applications during the Eleventh Interim Fee Period.  Specifically, Jones Walker reviewed and responded to the *Application for Entry of an Order Authorizing the Retention and Employment of Kroll, LLC as Pension Analyst to the Official Committee of Unsecured Commercial Creditors* [ECF No. 2687].

### d.   Lift Stay Motions

32.     During the Eleventh Interim Fee Period, Jones Walker's professionals continued to review and analyze numerous Lift Stay Motions filed in connection with the Court's Scheduling Order [ECF No. 2467].  Among other things, Jones Walker (i) prepared the *Debtor's Objection to Motions for Limited Relief from the Automatic Stay* [ECF No. 2611], (ii) reviewed and analyzed various objections, oppositions, responses, and replies filed in connection with the Lift Stay Motions [ECF Nos. 2612, 2613, 2615, 2616, 2628], (iii) prepared a Witness and Exhibit List in preparation of the hearing on the Lift Stay Motions, (iv) drafted the *Debtor's Expedited Motion in Limine or in the Alternative Motion to Strike Late-Filed Witness and Exhibit List* [ECF No. 2645], and (v) appeared and successfully argued at the hearing on the Lift Stay Motions.

### e.   Sale Motions

33.     Jones Walker's professionals also continued litigating the Debtor's *Motion for Authority to Sell 400 North Rampart Street, Free and Clear of All Claims, Liens, Interests, and Encumbrances Pursuant to §§ 363(b) and 363(f) of the Bankruptcy Code* [ECF No. 2595] (the "Sale Motion").  In particular, Jones Walker reviewed the (i) *Limited Response to the Debtor's Motion for Authority to Sell 400 North Rampart Street, Free and Clear of All Claims, Liens, Interests, and Encumbrances Pursuant to §§ 363(b) and 363(f) of the Bankruptcy Code* [ECF No. 2618] and (ii) *Limited Objection of the Official Committee of Unsecured Creditors to the Debtor's Motion for Authority to Sell 400 North Rampart Street, Free and Clear of All Claims, Liens,*

*Interests, and Encumbrances Pursuant to §§ 363(b) and 363(f) of the Bankruptcy Code* [ECF No. 2621]. Jones Walker's professionals continued to work with the Debtor's real estate broker and numerous parties in interest to effectuate the sale [ECF Nos. 2709, 2768].

### f.   Monthly Operating Reports

34.     During the Eleventh Interim Fee Period, Jones Walker prepared and filed monthly operating reports for the months of October, November, December, and January, addressed follow-up questions regarding such reports, and assembled and communicated additional information requested by parties in interest.

### g.   Mediation

35.     Jones Walker hosted and participated in mediation and numerous mediation-related conferences during the Eleventh Interim Fee Period. In preparation of the mediation, Jones Walker spent considerable time, among other things, researching issues related to mediation, communicating with the client regarding mediation, working with the Debtor's financial advisors, and attending mediation preparation meetings. Jones Walker's professionals also conferred with the mediation parties frequently on an informal basis during the Eleventh Interim Fee Period.

36.     Further, Jones Walker and the Committee filed the *Expedited Joint Motion of the Debtor and the Official Committee of Unsecured Creditors to Appoint Additional Mediator* [ECF Doc. No. 2828] (the "Mediator Motion") on February 19, 2024, seeking to appoint John W. Perry to assist Judge Gregg W. Zive in conducting the mediation. The Mediation Motion was approved on March 11, 2024 [ECF No. 2892].

### h.   The Rule 2004 Motion.

37.     On December 12, 2023, two of the Debtor's excess carriers (the "Moving Insurers") filed the *Moving Insurers' Expedited Bankruptcy Rule 2004 Motion* [ECF No. 2721] (the "Rule

13

2004 Motion"), seeking authority to serve a subpoena on the Debtor to request certain documents. In response, Jones Walker's professionals prepared the *Debtor's Objection to Moving Insurers' Expedited Bankruptcy Rule 2004 Motion* [ECF No. 2754].  The Rule 2004 Motion was ultimately denied without prejudice on January 16, 2024 [ECF No. 2791].

### i.  *Other Tasks*

38.     During the Eleventh Interim Fee Period, Jones Walker participated in planning and strategy conferences, coordinated tasks among Jones Walker professionals to ensure efficiency and to avoid duplication of efforts, and communicated with other parties in interest regarding case management issues.  Jones Walker also participated in regularly scheduled meetings with the Debtor's leadership and other professionals to coordinate with respect to open business and legal issues facing the Debtor.

39.     Jones Walker also engaged in regular discussions with counsel for the Committee, Commercial Committee, and other parties in interest regarding a wide variety of issues and responded to multiple inquiries concerning this Chapter 11 Case.

40.     Jones Walker's professionals continued to strategize on issues related to the preparation of the Debtor's disclosure statement and plan during the Eleventh Interim Fee Period. Jones Walker devoted time drafting and revising various documents and pleadings related to the disclosure statement and plan.  Further, Jones Walker's professionals participated in regular meetings to discuss certain plan and disclosure statement matters, such as non-monetary provisions.

41.     Moreover, Jones Walker continued litigating the Litigation Matters and, among other things, conducted research, drafted pleadings, and prepared for hearings and conferences with respect to the those matters during the Eleventh Interim Fee Period.

#102177946v1

42.     All of the services for which compensation is requested by Jones Walker were performed for, or on behalf of, the Debtor, and not on behalf of any creditor, examiner, trustee, or any other entity.  In addition, Jones Walker has not entered into any agreements to fix fees or to share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

## REASONABLENESS OF FEES AND EXPENSES

43.     As set forth in the charts attached hereto as **Exhibit A** and further detailed in the itemized time records attached hereto as **Exhibits D-G**, the professionals of Jones Walker expended a total of 2,171.60 hours during the Eleventh Interim Fee Period.  Jones Walker has charged hourly rates for work of this character.  The reasonable value of the services rendered by Jones Walker to the Debtor during the Eleventh Interim Fee Period is $857,676.00.

44.     In accordance with the factors enumerated in § 330 of the Bankruptcy Code, Jones Walker respectfully submits that the foregoing amounts requested are fair and reasonable given (a) the complexity of this Chapter 11 Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services for non-bankruptcy cases.  Moreover, Jones Walker has reviewed the requirements set forth in Local Rule 2016-1 and believes this Application complies with such Rule.  As explained above, Jones Walker has voluntarily capped its rates in this Chapter 11 Case at $490, enabling it to staff the case with its most experienced attorneys who are knowledgeable about the issues in this case.  Taking into account Jones Walker's reduced hourly rates, the amounts requested in this Application represent voluntary reductions by Jones Walker totaling approximately $309,423.00.[5]

## ACTUAL AND NECESSARY DISBURSEMENTS

45.     As set forth in **Exhibit A**, a total of $30,595.15 of actual, necessary expenses were

---

[5] This does not take into account entries on the invoices billed at "no charge."

incurred by Jones Walker during the Eleventh Interim Fee Period.  Jones Walker's disbursement policies pass through all expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEY'S FEES

46.     Bankruptcy Code § 330 authorizes the Court to award professional persons employed pursuant to Bankruptcy Code § 327 reasonable compensation for actual and necessary services rendered and reimbursement for actual and necessary expenses incurred.  *See* 11 U.S.C. § 330.  Specifically, Bankruptcy Code § 330(a) provides:

(1)     After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103-

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses . . .

* * *

(3)     In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(1) and (a)(3).

47.     The Fifth Circuit traditionally has used the lodestar method to calculate reasonable attorneys' fees.  *See Combs v. City of Huntington Texas,* 829 F.3d 388, 392 (5th Cir. 2016); *see also In re Fender,* 12 F.3d 480, 487 (5th Cir. 1994).  The lodestar is derived by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community.  *See Shipes v. Trinity Indus*., 987 F.2d 311, 319 (5th Cir. 1993).  A court then may adjust the lodestar up or down based on the factors contained in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  *See Am. Benefit Life Ins. Co. v. Braddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1298 (5th Cir. 1977) (applying the *Johnson* factors in the bankruptcy context).   The *Johnson* factors include: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the professional services properly; (4) the preclusion of other employment by the professional due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the professionals; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19; *see also In re ASARCO LLC*, No. 05-21207, 2011 WL 2975691, at *7 (Bankr. S.D. Tex. July 20, 2011) (applying the *Johnson* factors).

48.     As more fully set forth below, Jones Walker respectfully submits that the *Johnson* factors and the elements governing awards of compensation pursuant to Bankruptcy Code §§ 330 and 331 justify the allowance of the fees and expenses incurred in its representation of the Debtor

17

during the Eleventh Interim Fee Period.

**APPLICATION OF THE *JOHNSON* FACTORS**

49.     The professional services rendered by Jones Walker during the Eleventh Interim Fee Period required a high degree of professional competence and expertise.  Jones Walker submits that the services rendered to the Debtor were performed efficiently and effectively, and that the results obtained have provided tangible, identifiable, and material benefits to the Debtor's estate.

**I.      The Time and Labor Required.**

50.     As stated above, Jones Walker's professionals have expended 2,171.60 hours during the Eleventh Interim Fee Period in the representation of the Debtor.  All of the time spent was necessary and appropriate for the representation of the Debtor in this Chapter 11 Case.  This is especially true when considering the nature and urgency of the issues and tasks that arose in this Chapter 11 Case, including, among other things, the time and skill required to advise the Debtor in connection with mediation efforts.

51.     Jones Walker's representation of the Debtor has required it to balance the need to provide quality services with the need to act quickly and to represent the Debtor in an effective, efficient, and timely manner.  Jones Walker submits that the hours spent were reasonable given the size and complexity of this case, and the significant, and often times urgent, legal issues raised.

**II.     The Novelty and Difficulty of the Questions Involved.**

52.     This Chapter 11 Case is designated as a "complex" case and involves a significant number of complex issues in the areas of restructuring, finance, insurance coverage, and tort law.  *See Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [ECF No. 18].   As such, Jones Walker's services to the Debtor involve intricate, novel, and difficult questions.

#102177946v1

III.     **The Skill Required to Perform the Professional Services Properly.**

53.     Jones Walker believes that its recognized expertise has facilitated the resolution of certain matters in connection with this Chapter 11 Case and benefited the Debtor's estate.  Due to the nature and complexity of the legal issues presented in this case, Jones Walker was required to exhibit a high degree of legal skill.  Additionally, Jones Walker's strong working relationship with various interested parties enabled Jones Walker to work with such professionals towards resolution of many salient issues.  Jones Walker respectfully submits that its professionals have provided significant benefits to the Debtor during the Eleventh Interim Fee Period.

IV.     **The Preclusion of Other Employment by the Professional Due to Acceptance of the Case.**

54.     Given the size of the firm, Jones Walker's representation of the Debtor did not preclude its acceptance of new clients.

V.     **The Customary Fee.**

55.     The rates charged by the Jones Walker's professionals in this Chapter 11 Case are similar to the rates charged by Jones Walker in connection with non-bankruptcy work.  The professional fees sought herein are based upon Jones Walker's discounted hourly rates for services of this kind.

56.     Jones Walker respectfully submits that the professional fees sought herein are not unusual given the magnitude and complexity of this case and the time expended in attending to the representation of the Debtor and are commensurate with fees Jones Walker has been awarded in other cases, as well as with professional fees charged by other attorneys of comparable experience.

VI.     **Whether the Fee is Fixed or Contingent.**

57.     Pursuant to Bankruptcy Code §§ 330 and 331, all fees sought by professionals employed under Bankruptcy Code § 327 are based on its regular hourly rates, discounted as set

forth herein and in the Retention Application and subject in all respects to this Court's final approval.  Jones Walker has not requested any contingent fee in this Chapter 11 Case.

**VII.    Time Limitations Imposed by the Client or the Circumstances.**

58.    As previously set forth herein, Jones Walker had to respond to tight time-constraints and was often required to tend to certain issues arising in this Chapter 11 Case on an expedited basis.  The emergency nature of these matters demanded that Jones Walker's professionals respond on very short notice to complicated and developing events as they unfold.

**VIII.    The Amount Involved and the Results Obtained.**

59.    Jones Walker submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of the Debtor. The total fees Jones Walker seeks to approve in this Application are commensurate with the issues in this Chapter 11 Case.

**IX.    The Experience, Reputation and Ability of the Professionals.**

60.    Jones Walker believes and respectfully submits that its attorneys are highly regarded as experts in the areas of bankruptcy, litigation, and corporate matters.  Jones Walker's attorneys, over many years, have appeared in bankruptcy courts throughout the United States providing legal representation to trustees, debtors, secured creditors, and unsecured creditors in proceedings under the Bankruptcy Code.  Further, Jones Walker has a sophisticated bankruptcy and restructuring practice and is playing or has played a major role representing debtors in other cases.

61.    Jones Walker's experience enabled it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of reorganization, Jones Walker called upon the expertise of its partners and associates in other practice areas to perform

#102177946v1

the wide-ranging scope of the legal work necessitated by this Chapter 11 Case, including, corporate work and litigation.

## X.    The Undesirability of the Case.

62.    This matter was not undesirable for Jones Walker.

## XI.    The Nature and Length of the Professional Relationship with the Client.

63.    Jones Walker was appointed to serve as counsel to the Debtor on June 19, 2020, *nunc pro tunc* to the Petition Date.

## XII.    Awards in Similar Cases.

64.    Jones Walker respectfully submits that the foregoing amounts requested are fair and reasonable based on the customary compensation charged by comparably skilled practitioners at Jones Walker and other firms in comparable bankruptcy and non-bankruptcy cases.  The services provided in connection with the fees requested by Jones Walker during the Eleventh Interim Fee Period are more fully described in the invoices attached hereto as **Exhibits D-G**.

## NO PRIOR REQUEST

65.    Except for the submission of the Monthly Fee Statements, no prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Jones Walker respectfully requests that the Court enter an Order (i) approving and allowing on an interim basis compensation in the amount of $857,676.00 for the reasonable and necessary legal services that Jones Walker rendered to the Debtor during the Eleventh Interim Fee Period, and reimbursement of actual and necessary expenses incurred in the sum of $30,595.15; (ii) directing that Jones Walker be paid, from the Debtor's estate, the remaining unpaid balance of allowed fees and expenses; and (iii) granting such other and further relief as the Court may deem just and proper.

21

#102177946v1

Dated: April 4, 2024                    Respectfully submitted,

                                        */s/ Laura F. Ashley*
                                        R. PATRICK VANCE (#13008)
                                        ELIZABETH J. FUTRELL (#05863)
                                        MARK A. MINTZ (#31878)
                                        LAURA F. ASHLEY (#32820)
                                        SAMANTHA A. OPPENHEIM (#38364)
                                        Jones Walker LLP
                                        201 St. Charles Avenue, 51st Floor
                                        New Orleans, LA  70170
                                        Telephone: (504) 582-8000
                                        Facsimile:  (504) 589-8260
                                        Email:  pvance@joneswalker.com
                                        Email:  efutrell@joneswalker.com
                                        Email:  mmintz@joneswalker.com
                                        Email:  lashley@joneswalker.com
                                        Email:  soppenheim@joneswalker.com

                                        **ATTORNEYS FOR**
                                        **THE ROMAN CATHOLIC CHURCH OF**
                                        **THE ARCHDIOCESE OF NEW ORLEANS**

## CERTIFICATION OF COMPLIANCE

I, Laura F. Ashley, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief:

(A)     I am a partner with the applicant firm, Jones Walker LLP.

(B)     I personally performed many of the services rendered by Jones Walker LLP as attorney to the Debtor and am familiar with the other work performed on behalf of the Debtor by the professionals at Jones Walker LLP.

(C)     I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.  Moreover, I have reviewed Local Rule 2016-1, the Complex Case Procedures, and the UST Guidelines and submit that this Application substantially complies with the same.

Dated: April 4, 2024
New Orleans, Louisiana

                                        */s/ Laura F. Ashley*
                                        Laura F. Ashley

#102177946v1