# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 17, 2024
Lyle W. Cayce
Clerk

No. 23-30565

In the Matter of Roman Catholic Church of the Archdiocese of New Orleans,

*Debtor*,

Minor Children,

*Plaintiff—Appellee*,

*versus*

Roman Catholic Church of the Archdiocese of New Orleans,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-4552

Before King, Jones, and Oldham, *Circuit Judges*.

## JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the order of the Bankruptcy Court is REVERSED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that Appellant pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

UNITED STATES COURT OF APPEALS FIFTH JUDICIAL CIRCUIT

**Certified as a true copy and issued as the mandate on Aug 08, 2024**

**Attest:** Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 17, 2024
Lyle W. Cayce
Clerk

No. 23-30565

In the Matter of Roman Catholic Church of the Archdiocese of New Orleans,

*Debtor*,

Minor Children,

*Plaintiff—Appellee*,

*versus*

Roman Catholic Church of the Archdiocese of New Orleans,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-4552

Before King, Jones, and Oldham, *Circuit Judges*.

Edith H. Jones[1], *Circuit Judge*

[1] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Appellant-Debtor Roman Catholic Church of the Archdiocese of New Orleans ("Archdiocese") appeals the district court's reversal of the bankruptcy court's order that enforced the automatic stay against Minor Children pursuing a state court suit against the Archdiocese. We agree with the district court that the bankruptcy court erred in enforcing the automatic stay against Minor Children Appellees. Thus, we REVERSE the bankruptcy court's order.

## I. BACKGROUND

The Archdiocese filed for bankruptcy in May 2020 after more than 500 alleged instances of child sexual abuse by local clergy came to light. Minor Children's suit, however, has no connection with the tort claims at issue in the underlying bankruptcy. Instead, Minor Children are a group of disabled Catholic school-aged children in the New Orleans area whose parents wish for them to attend Catholic schools that are either directly or indirectly controlled by the Archdiocese. Minor Children assert that the Catholic schools they seek to attend are asking pre-admission questions about disabilities and/or requesting medical evaluations of students in violation of Louisiana civil rights laws. As a result, Minor Children claim that they have been dissuaded from applying to the Catholic schools they wish to attend.

Minor Children filed a (later amended) class action lawsuit in Louisiana state court in August 2022, alleging that Catholic schools in the New Orleans area directly or indirectly controlled by the Archdiocese are violating Louisiana civil rights laws. The lawsuit seeks an injunction to prevent the Archdiocese from asking such questions of prospective applicants, as well as attorney's fees. The lawsuit also explicitly disclaims any claims to damages for past misconduct.

Later that month, the Archdiocese removed the action to federal district court under 28 U.S.C. § 1452(a), premising removal on the court's

"related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) as a result of the Archdiocese's bankruptcy case. Minor Children moved to remand and requested a "comfort order" from the bankruptcy court, seeking judicial confirmation that their action against the Archdiocese was not subject to the automatic stay.[1] On October 3, 2022, before the bankruptcy court could rule on the comfort order motion, the district court granted Minor Children's motion to remand, as it concluded that their suit was not "related to" the Archdiocese's bankruptcy because it could not conceivably affect the bankruptcy estate. The Archdiocese did not appeal this decision because remand orders predicated on jurisdictional decisions are unappealable. 28 U.S.C. § 1447(d).

Notwithstanding the district court's ruling, the bankruptcy court orally denied the motion for a comfort order and enforced the automatic stay against Minor Children's state court lawsuit at a hearing. The bankruptcy court subsequently signed a formal order confirming its ruling, which is the order presently on appeal. Minor Children appealed to the district court without seeking leave to appeal under 28 U.S.C. § 158. In the district court, the Archdiocese moved to dismiss, arguing that Minor Children lack standing to appeal and the bankruptcy court's underlying order was interlocutory and unappealable. In June 2023, the district court rejected the

---

[1] "'[C]omfort order' is a bankruptcy term of art". *In re Hill*, 364 B.R. 826, 827 n.1 (Bankr. M.D. Fla. 2007). Its origins are "elusive, but comfort orders are generally sought as declarations from a bankruptcy judge that the automatic stay has been terminated or else never came into existence with regard to some element of a bankruptcy case. Comfort orders are usually sought so that the movant can proceed with legal action in some other court." *In re Ross*, No. 18-11356, 2019 WL 480269, at *3 (Bankr. N.D. Miss. Feb. 6, 2019). *See also* 11 U.S.C. 362(j)(authorizing bankruptcy court to issue an order confirming that the automatic stay has been "terminated").

Archdiocese's procedural contentions. The district court held that the bankruptcy court's order was appealable, and that Minor Children had standing to prosecute their appeal.

A month later, the district court ruled on the merits of the Minor Children's appeal. Consistent with its previous position, the district court reversed the bankruptcy court and held that the automatic stay does not apply to the Minor Children's lawsuit. *In re Roman Catholic Church of Archdiocese of New Orleans*, 653 B.R. 524 (E.D. La. 2023) [hereinafter "*Minor Children*"]. The Archdiocese timely appealed.

## II. STANDARD OF REVIEW

This Court reviews "a bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error." *Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663, 668 (5th Cir. 2018). Because the scope of an automatic stay is a legal question, this Court reviews that issue *de novo*. *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

## III. DISCUSSION

The parties dispute a number of threshold procedural issues, which, after analysis, are red herrings. Specifically, they dispute whether Minor Children have standing to prosecute this appeal; whether this court has appellate jurisdiction under 28 U.S.C. § 158(a), and whether the bankruptcy court had subject matter jurisdiction to enter its order denying the motion to lift the stay. After overcoming these issues, we consider on the merits whether the automatic stay applies to the Minor Children's state law claims and conclude that Minor Children's claims could not have been filed prepetition nor do they impermissibly interfere with the bankruptcy case.

*A. Standing*

The district court applied the "person aggrieved test" for bankruptcy appellate standing that has been applied by various panels of this court in recent years. *See In re Highland Cap. Mgmt. L.P.*, 74 F.4th 361, 366 (5th Cir. 2023); *In re Dean*, 18 F.4th 842, 844 (5th Cir. 2021); *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018); *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015); *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). But as we explained in another recent opinion, that test is based on a statute that Congress repealed in 1978 and was introduced into this court's post-1978 jurisprudence "by a footnote's worth of dicta in a 1994 opinion." *In re Roman Catholic Church of Archdiocese of New Orleans*, 101 F.4th 400, 408 (5th Cir. 2024) [hereinafter "*Adams v. Roman Catholic Church of Archdiocese of New Orleans*"] (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 210 n.18 (5th Cir. 1994)).

*Adams* reasoned:

> In light of the statutory change, the ground for imposing this superseded gloss on the provisions governing bankruptcy appeals to district courts and courts of appeals is uncertain at best. *See* 11 U.S.C. §§ 158(a), 158(d)(2); *see also In re Cap. Contracting Co.*, 924 F.3d 890, 896 (6th Cir. 2019). Indeed, this court's "exacting" "person aggrieved" test may be incompatible with the Supreme Court's decision in *Lexmark*, which cast doubt on the role of prudential standing rules in federal courts. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 1386 (2014); *see also In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 n.1 (7th Cir. 2016).

*Id.* Consistent with this view, we applied the traditional Article III standing test in *Adams*. *Id.* at 408–09. We do the same in this case, albeit with different results. Unlike the former members of the Official Committee of

Unsecured Creditors in *Adams*, Minor Children have demonstrated a cognizable injury in this case.

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) (quotation marks omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992)). In this case, Minor Children cannot prosecute their state court lawsuit so long as the automatic stay applies to their case. The Bankruptcy Code subjects parties that willfully violate the automatic stay to potentially severe penalties:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C.§ 362(k)(1). Contrary to the Archdiocese's assertions, this risk of sanctions is not "conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136. As the district court noted, the Archdiocese has accused Minor Children of violating the stay on *multiple* occasions. That the Archdiocese has not yet moved for sanctions is of no moment, because a party need not run afoul of the law in order to have Article III standing, and litigants can demonstrate standing before they face liability so long as they demonstrate a credible threat of enforcement.

Such a credible threat exists here. The actions of the Archdiocese demonstrate that it views any attempt by the Minor Children to litigate their state court lawsuit as unlawful and would seek to enforce sanctions against Minor Children for violating the automatic stay. Minor Children have thus established a sufficiently credible threat of enforcement to confer standing, consistent with the precedents of both the Supreme Court and this circuit.

*See Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 926–27 (5th Cir. 2023) (plaintiffs had demonstrated a credible risk of enforcement because the EEOC had a history of enforcing the guidance at issue, viewed the plaintiffs' actions as unlawful, and refused to affirmatively declare that it would not enforce Title VII against the plaintiffs).[2] In short, Minor Children have demonstrated far more than a "purely subjective fear," that would be insufficient to demonstrate standing. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008).

Further, unlike *Adams*, the bankruptcy court's imposition of the automatic stay order on Minor Children affects rights that exist completely outside the bankruptcy context and are based on Louisiana state law. The bankruptcy court's order prevents Minor Children from vindicating those rights, despite the fact that their lawsuit has been remanded to state court because the federal district court held that it lacked subject matter jurisdiction. Hence, unlike the *Adams* plaintiffs, Minor Children have not "lost nothing." 101 F.4th at 400. Minor Children have standing to prosecute this appeal.

---

[2] *See also Holder v. Humanitarian Law Project*, 561 U.S. 1, 15–16, 130 S. Ct. 2705, 2717 (2010) (holding that there was a credible risk of enforcement because about 150 people had been previously charged with violating the relevant statue—several for violating the statutory terms at issue in that case); *Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383, 392-93, 108 S. Ct. 636, 642–43 (1988) (holding that the plaintiffs had standing because they faced immediate compliance costs and the government did not "suggest[] that the newly enacted law will not be enforced," with the Court seeing "no need to assume otherwise"); *Steffl v. Thompson*, 415 U.S. 452, 459, 94 S. Ct. 1209, 1215–16 (1974) (holding that the plaintiff had standing because he was twice warned that if he did not cease the challenged conduct, he would be prosecuted).

*B. Appellate Jurisdiction*

28 U.S.C. § 158(a) governs appeals from the decisions of bankruptcy courts. That statute provides:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> > **(1)** from final judgments, orders, and decrees;
> >
> > . . . . and
> >
> > **(3)** with leave of the court, from other interlocutory orders and decrees.

Rule 8004(d) of the Federal Rules of Bankruptcy Procedure allows a district court "to treat the notice of appeal [of an interlocutory order] as a motion for leave and either grant or deny it." *See* FED. R. BANKR. P. 8004(d)(1). This court has held, however, that "a district court cannot *impliedly* grant leave to appeal by merely ruling on an appeal before it from the bankruptcy court." *In re Delta Produce*, 845 F.3d 609, 618 (5th Cir. 2016) (emphasis added) (citations and quotation marks omitted). The district court here expressly elected to treat the Minor Children's notice of appeal as a motion for leave to appeal.

The Archdiocese complains that the district court's reasoning was deficient based on some Fifth Circuit district court authority holding that a 28 U.S.C. § 1292(b) analysis is required before a district court can grant leave to appeal under Rule 8004. *See Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 290 (W.D. La. 2010). But this circuit has never so held. And in tension with the Archdiocese's position, this court concluded that Sections 158(a) and 1292(b) are alternative, and thus *distinct*, means for our exercise of appellate jurisdiction over interlocutory orders of the bankruptcy court. *See In re Sullivan*, 20 F.3d 468, 1994 WL 122169, at *2 (5th Cir. Mar. 25, 1994).

In any case, the district court's comprehensive analysis of its jurisdiction, resulting in its well-reasoned footnote approving an interlocutory appeal, was more than sufficient to comply with the requirements of Section 158, Rule 8004, and *Delta Produce*.

*C. Bankruptcy Court Jurisdiction over Motion for a Comfort Order*

Minor Children argue now that the bankruptcy court lacked jurisdiction because the automatic stay could not apply to a suit that has been remanded for lack of jurisdiction under Section 1334. To be sure, the bankruptcy court may have been imprudent in ruling on a stay motion in the teeth of the district court's remand order, but that raises no question of jurisdiction. Instead, Minor Children's rather confusing argument puts the merits cart before the jurisdictional horse.

"The automatic stay provision of section 362 is a key component of federal bankruptcy law" and only exists because of Title 11. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987). Bankruptcy court proceedings concerning the scope of the automatic stay are "core proceedings" within Section 1334's basic "arising under" language. 28 U.S.C. § 1334(b) ("the district courts shall have original . . . jurisdiction of all civil proceedings arising under title 11 . . . . "). This court has treated the bankruptcy court's jurisdiction to enforce the automatic stay as a broad grant that applies even to property "arguabl[y]" within the bankruptcy estate. *In re Chesnut*, 422 F.3d 298, 300 (5th Cir. 2005). And if practical recognition of the bankruptcy court's jurisdiction were needed, it is demonstrated in the fact that Minor Children themselves chose to file their comfort order motion in the bankruptcy court, seeking its judicial declaration that the automatic stay did not apply to their claims against the Archdiocese. *Minor Children*, 653 B.R. at 532.

### *D. Application of the Automatic Stay*

#### *1. Waiver Under Rule 8009*

One more technical threshold issue is whether Minor Children sufficiently designated their issues on appeal to the district court. *See* FED. R. BANKR. PRO. 8009. That designation stated:

> Whether the Bankruptcy Court has jurisdiction to enforce the automatic stay with regard to a lawsuit that the district court has already concluded is not within its jurisdiction, because the suit is not conceivably "related to" the debtor's bankruptcy case.

The Archdiocese contends that this statement of issues lacked precision and accordingly, Minor Children waived any argument that the automatic stay does not apply to the state court action.

We disagree. Under Rule 8009, "the statement of issues need not 'be precise to the point of pedantry' to avoid waiver." *In re Galaz*, 841 F. 316, 324 (5th Cir. 2016) (quoting *In re Am. Cartage, Inc.*, 656 F.3d 82, 91 (1st Cir. 2011)). The statement of issues clearly put the Archdiocese and the district court on notice that the scope of the automatic stay would be at the heart of the issues litigated on appeal at the district court. Specifically, whether the Minor Children's case is sufficiently "related to" the debtors' bankruptcy case overlaps exactly with the applicability of the automatic stay to the Minor Children's bankruptcy case.

#### *2. Possibility of Prepetition Filing*

Finally, we reach the merits. The Archdiocese argues that the Minor Children's state court lawsuit is subject to the automatic stay because it could have been filed prepetition, thus invoking Section 362(a)(1), and because it

affects property of the estate, invoking Section 362(a)(3). We disagree with both arguments.

Under Section 362(a)(1) of the Bankruptcy Code, the automatic stay applies to

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or *could have been commenced before the commencement of the case under this title*, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (emphasis added). As this court has put it, "[t]he stay simply does not apply to post-bankruptcy events." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 996 (5th Cir. 1985).[3] The district court correctly determined that Minor Children's state court lawsuit implicated only post-petition conduct. Nothing in the record indicates that the named plaintiffs in this class action were aware of the Archdiocese's alleged discrimination against children with disabilities, or that they were in any way aggrieved by the Archdiocese prior to May 2020. Simply put, a lawsuit filed in 2022 that only seeks prospective relief cannot enjoin conduct that occurred in 2020, before the Archdiocese filed for bankruptcy.

---

[3] We must also consider the underlying function of the automatic stay. As our court has put it:

> The automatic stay is designed to protect creditors as well as debtors. Without the stay, creditors might scramble to obtain as much property of the debtor's limited estate as possible. The automatic stay prevents such a scramble by providing "breathing room" for a debtor and the bankruptcy court to institute an organized repayment plan.

*In re Chesnut*, 422 F.3d at 301.

*3. Property of the Estate*

The Archdiocese also argues that the automatic stay applies to Minor Children's claims under Section 362(a)(3) of the Bankruptcy Code, which states that "any act to obtain possession of property of the estate or of property from the estate or *to exercise control over property of the estate*." 11 U.S.C. § 362(a)(3) (emphasis added.) The Archdiocese argues that Minor Children's state court lawsuit seeks to exert control over the operations of the Archdiocese's estate property by designating how children can be admitted to its schools, and by seeking recovery of attorney's fees. This broad reading of Section 362(a)(3), if accepted, would effectively immunize debtors from all suits seeking post-petition prospective equitable relief to abate a debtor's post-petition tortious conduct. After all, the debtor is specifically authorized to operate its business pursuant to Section 1108 of the Bankruptcy Code. *See* 11 U.S.C. § 1108. Operating the business necessarily implies operation in conformity with non-bankruptcy law. We agree with the district court that this provision of the automatic stay does not cover Minor Children's post-petition suit.

Moreover, the automatic stay is not implicated merely because the debtor may be required to "expend funds." *In re Commonwealth Oil Ref. Co., Inc.*, 805 F.2d 1175, 1186–88 (5th Cir. 1986). This court rejected that argument in *Commonwealth Oil* because it was premised on inappropriately collapsing the distinction between government agencies' efforts to enforce monetary judgments and injunctions. *Id.* The same principle applies here. As the Sixth Circuit stated, "[t]he automatic bankruptcy stay 'protects interests in a debtor's property, not tortious uses of that property by the debtor.'" *Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012) (quoting *Larami Ltd. v. Yes! Ent. Corp.*, 244 B.R. 56, 60 (D.N.J. 2000)). The bankruptcy automatic stay "was intended to prevent interference with a bankruptcy court's orderly disposition of the property of

the estate, it was not intended to preclude post-petition suits to enjoin unlawful conduct." *Id.* (quoting *Larami*, 244 B.R. at 60).

A reading of Section 362(a)(3) that blocks suits seeking purely injunctive relief from proceeding in state court because the debtor might incur compliance costs would allow "bankrupt businesses . . . operat[ing] post-petition [to] violate plaintiffs' rights with impunity." *Id.* at 760–61; *see also Larami*, 244 B.R. at 60. "Because this matter involves the [Archdiocese's] use of [schools it operates] to commit a tort, specifically the tort of [violation of state civil rights laws], application of the automatic stay would permit [the Archdiocese] to continue to commit this tort." *Id.* at 761. "As for any tort, [the Archdiocese's] bankruptcy does not protect it from liability" in suits to abate ongoing violations of state law. *Seiko Epson Corp. v. Nu-Kote Intern., Inc.*, 190 F.3d 1360, 1365 (Fed. Cir. 1999).

In sum, Section 362(a)(3) does not stymie Minor Children's state court suit for prospective injunctive relief. This lawsuit does not implicate the automatic stay's core function of preventing a race to the courthouse among creditors and does not undermine the provision's role in "preserv[ing] property for use in the reorganization of the debtor and . . . prevent[ing] the dismemberment of the estate." *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 586 (9th Cir. 1993).

Further, the possibility of an award of attorney's fees by the Louisiana state court does not invoke the automatic stay. Any such fees should be considered "administrative expenses" under Section 503 of the Bankruptcy Code, because those expenses would be the necessary and predictable consequences of post-petition tortious activity by a debtor. *See* 11 U.S.C. § 503; *Reading Co. v. Brown*, 391 U.S. 471, 482, 88 S. Ct. 1759, 1765 (1968) (holding that tort claims that arise against a debtor under bankruptcy protection are "actual and necessary expenses" of the bankruptcy and not

debts of the bankrupt). A fee award would be analogous to interest expenses awarded to a public authority because of a debtor's decision "not to carry out its statutory obligations under [state] law in a prompt manner." *In re Al Copeland Enterprises, Inc.*, 991 F.2d 233, 240 (5th Cir. 1993) (concluding that interest costs added to the debtor's liability for failing to transfer tax revenues on time were administrative expenses under Section 503).[4] Any potential attorney's fees award plays no role in evaluating the Section 362(a)(3) issue.

For the foregoing reasons, the bankruptcy court's order enforcing the automatic stay is REVERSED.[5]

---

[4] Similarly, the First Circuit concluded that compensatory fines and attorney's fees awarded against a Chapter 11 debtor for violation of an injunction were administrative expenses under Section 503. *In re Charlesbank Laundry, Inc.*, 755 F.2d 200, 201, 203 (1st Cir. 1985). "If fairness dictates that a tort claim based on negligence should be paid ahead of pre-reorganization claims, then, *a fortiori*, an intentional act which violates the law and damages others should be so treated." *Id.* at 203.

[5] We further DENY the Minor Children's motion for summary affirmance of the district court and DENY the Archdiocese's motion for fees and costs.

Case 2:22-cv-04552-BWA Document 37-4 Filed 08/08/24 Page 1 of 1

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 08, 2024

Ms. Carol L. Michel
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

No. 23-30565 Minor Child v. Roman Cath Ch
USDC No. 2:22-CV-4552

Dear Ms. Michel,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

Sincerely,

LYLE W. CAYCE, Clerk

By: ____________________
Monica R. Washington, Deputy Clerk
504-310-7705

cc w/encl:
Ms. Laura F. Ashley
Mr. Christopher F. Edmunds
Ms. Caroline M. Lee
Mr. Mark Alan Mintz

Print Form

# BILL OF COSTS

**NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.**

Minor Children v. Roman Catholic Church of Archdiocese of New Orleans **No.** 23-30565

The Clerk is requested to tax the following costs against: Appellant, Roman Catholic Church of the Archdiocese of New Orleans

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 7 | 60 | 0.21 | 88.2 | 7 | 60 | 0.15 | 63 |
| Appellant's Reply Brief | | | | | | | | |
| Other: Coil | 7 | 1 | 4.99 | 34.93 | 7 | 1 | ~~4.99~~ 1.50 | ~~34.93~~ 10.50 |
| | | | Total $ | 123.13 | | | Costs are taxed in the amount of $ | ~~97.93~~ 73.50 |

Costs are hereby taxed in the amount of $ ________ this 8th day of August, 2024.

State of
County of __________

LYLE W. CAYCE, CLERK

By *Majella A. Sutton*
Deputy Clerk

I Christopher Edmunds, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 17 day of July, 2024.

(Signature)

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

Attorney for __________