# EXHIBIT D

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,<br><br>Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

### ORDER ADOPTING RULE 706 EXPERT'S
### RECOMMENDATIONS AND IMPLEMENTING CERTAIN CASE DEADLINES

Upon consideration of the *Rule 706 Expert Witness' Report* (the "Expert Report") [Docket No. [●]], the Court finds that there is good cause for the Court to adopt the recommendations of the Expert as set forth in the Expert Report and ORDER as follows:

1. The Debtor, the Official Committee of Unsecured Creditors, the Apostolates, counsel to the Certain Abuse Survivors, the insurers, the Bond Trustee, and/or any other party in interest in this Chapter 11 Case (the "Parties") shall work in good faith over the 90-day period commencing on the date of this Order (the "90-Day Period") to reach a consensual resolution of open issues, including through continued mediation.

2. During the 90-Day Period, the Court will hold any further rulings in connection with the *Certain Abuse Survivors' Motion to Appoint a Chapter 11 Trustee and Fee Examiner Pursuant to 11 U.S.C. § 1104* [Docket No. 3246] or the pending professional fee-related filings[2]

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] The pending professional fee-related filings include: (i) *Eleventh Interim Application of Jones Walker LLP for Allowance of Compensation and Reimbursement of Expenses, as Counsel to the Debtor and the Debtor in Possession, for the Period from November 1, 2023 Through February 29, 2024* [Docket No. 2927], and the objection thereto, [Docket No. 2943]; (ii) *U.S. Fire Insurance Company's and International Insurance Company's (I) Statement in Connection with the Court's Order on the Continuance of the Hearing on Jones Walker, LLP's*

in abeyance, and the Parties are directed not to file other motions or pleadings absent further relief from the Court or as otherwise provided in this Order.

3. As to all counsel and advisors for which fees are paid by the Debtor's estate, no fees or expenses shall be paid or approved for payment during the shorter of (a) the conclusion of the 90-Day Period or (b) the date on which a plan of reorganization is filed that has the support of at least the Debtor and the Official Committee of Unsecured Creditors (the "Moratorium Period"). Upon the conclusion of the Moratorium Period, the Debtor shall pay 80% of the incurred and documented fees payable, and the Debtor shall pay the remaining 20% when the Court next considers interim approval of fees covering that period.

4. The Parties shall use the first 30 days of the 90-Day Period to complete the exchange of all remaining information that is identified as essential to plan-related discussions, and shall promptly bring any remaining disputes related to requested information or documents to the attention of the Court for expedient resolution.

5. During the 90-Day Period, the Debtor and the Official Committee of Unsecured Creditors are directed jointly to file reports every two weeks, beginning on the date that is two weeks from entry of this Order, addressing the status and progress of the Chapter 11 Case.

6. Each of the Mediators[3] is permitted, but not required, to provide periodic reports to the Court (either contemporaneously with the reports submitted by the Debtor and Official

---

*Eleventh Interim Application for Allowances of Compensation and Reimbursement, (II) Response to Jones Walker's Fee Application (Dkt. 2927) and Gisleson's Objection (Dkt. 2943), and (III) Motion for (A) Implementation of Fee Holdback for Estate Professional Interim Fee Applications and (B) Granting Related Relief* [Docket No. 3168], and the responses thereto [Docket Nos. 3234, 3236, 3244, 3245, 3253, and 3258]; and (iii) *Motion To Consider Whether the Materials in Question Should Be Sealed Pursuant to Local Rule 5.6(D)(2)* [Docket No. 3248], and the response thereto [Docket No. 3260].

[3] On September 15, 2021, upon joint motion of the Debtor and the Official Committee of Unsecured Creditors, the Court entered the *Order Granting Joint Motion to Appoint Mediator* [Docket No. 1058], pursuant to which Hon. Gregg W. Zive was appointed as a mediator in the Chapter 11 Case effective October 1, 2021. On March 11, 2024, upon joint motion of the Debtor and the Official Committee of Unsecured Creditors, the Court entered an order appointing John W. Perry, Jr. as an additional mediator, effective February 1, 2024, for an initial period of 120

Committee of Unsecured Creditors or at any other point in time during the 90-Day Period), weighing in on the status of mediation efforts and/or the Parties' good faith participation in mediation. Either Mediator shall immediately inform the Court if he believes that continued mediation is no longer a good use of the parties' time and resources such that he recommends the 90-Day Period should be terminated.

7. At the conclusion of the 90-Day Period or earlier if the Court so determines, the Court will hold a further status conference, at which time the Court will consider, among other things, appointment of an examiner pursuant to 11 U.S.C. § 1104(c) with expanded duties and powers, as further determined by the Court, including but not limited to (A) to investigate and provide independent evaluation of, among other things, (i) the value of all of the Debtor's assets, including cash, real estate, personal property, insurance proceeds, and estate claims (including against the Apostolates and others) to fund a plan, (ii) the value and validity of claims asserted against the Debtor and any viable defenses, (iii) the Debtor's good faith in filing the Chapter 11 Case, and (iv) whether the Chapter 11 Case should be dismissed; and (B) the ability to propose and file a single plan on behalf of the Debtor.

8. Notwithstanding anything to the contrary, the terms and conditions of this Order are effective immediately and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

10. Notwithstanding any Order limiting notice in this case, counsel for the Debtor, in cooperation with counsel for the other Parties, shall serve this Order via first-class mail on ALL

---

days. *See Order* [Docket No. 2892]. On October 11, 2024 and October 21, 2024, the Court extended the appointment of each of Judge Zive [Docket No. 3413] and Mr. Perry [Docket No. 3430] (the "Mediators"), respectively, until March 31, 2025.

parties in interest not receiving electronic notice via this Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and shall file a certificate of service to that effect within three days.

New Orleans, Louisiana, [●], 2024

                                                                                          MEREDITH S. GRABILL
                                                 UNITED STATES BANKRUPTCY JUDGE