IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br>　　　　　　　　　　**Debtor.** [1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**CERTAIN SEXUAL ABUSE SURVIVORS'**
**RESPONSE TO COURT APPOINTED EXPERT REPORT**

**NOW INTO COURT,** through undersigned counsel, come **CERTAIN SEXUAL ABUSE SURVIVORS,**[2] who submit the instant Response to the Court Appointed Expert Report filed on October 23, 2024 [Rec. Doc. 3436].

Certain Abuse Survivors support the three primary recommendations contained in the Expert Report, namely: (1) a 90 day reprieve of any litigation for the interested parties to focus on settlement and plan efforts, (2) a contemporaneous reprieve of payment of any professional and legal fees incurred during the 90 days, and (3) if no settlement or mutual plan is agreed upon at the resolution of 90 days, appointment of an examiner pursuant to 11 U.S.C. 1104(c) to investigate and independently evaluate "(i) the value of all of the Debtor's assets, including cash, real estate, personal property, insurance proceeds, and estate claims (including against the Apostolates and others) to fund a plan, (ii) the value and validity of claims against the Debtor and any viable defenses, (iii) the Debtor's good faith in filing the Chapter 11 case, and (iv) whether the Chapter 11 case should be dismissed". *Expert Report*, at 31-32.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] "Certain Sexual Abuse Survivors" are those identified in Rec. Doc. 2340.

1

Certain Abuse Survivors further support the scheduling of discovery and depositions related to their *Motion to Appoint Trustee*, [Rec. Doc. 3246], to take place within 60 days after the 90 day reprieve period concludes. After a brief written discovery period, depositions of a limited number of witnesses would take place: (1) Archbishop Gregory Aymond; (2) a corporate representative of the Archdiocese (to the extent that person is not the Archbishop); (3) Mohsin Meghji; (4) Susan Zeringue; and (5) Wayne Zeringue. An evidentiary hearing could be scheduled 60 days after the conclusion of the 90 day reprieve.

**Background**

1. On August 15, 2024, the Court issued an *Order to Show Cause* informing interested parties that the Court was considering the appointment of an expert pursuant to Federal Rule of Evidence 706 to engage in "accurate fact-finding", assist in resolving four pending motions, and address the financial and management condition of the Archdiocese. *Id.* at 1-2. The Court informed the parties that the expert's assistance would include "trial(s)" or evidentiary hearing(s) on these motions. *Id.* at 2 (emphasis supplied). The expert would provide a public report and be subject to examination. *Id.*

2. Certain Sexual Abuse Survivors did not oppose the appointment of an expert, as long as the appointment does not delay discovery, the Archbishop's deposition, or an evidentiary hearing on the Motion to Appoint Trustee.

3. On August 21, 2024, the Court entered an Order appointing Mohsin Meghji as an expert pursuant to Federal Rule of Evidence 706. [Rec. Doc. 3308] The Court defined the scope of the Expert's duties as financial and managerial with an ultimate goal to determine whether there was a path forward to a final resolution of this Chapter 11 in terms of a consensual plan that could be approved by this Court. The Court ordered Mr. Meghji to issue his report within 60 days.

4. On October 23, 2024, Mr. Meghji issued his report. [Rec. Doc. 3436] In the Report, Mr. Meghhi determined that a path forward did, in fact exist, as long as three primary recommendations were followed: (1) a 90 day reprieve of any litigation for the interested parties to focus on settlement and plan efforts, (2) a contemporaneous reprieve of payment of any professional and legal fees incurred during the 90 days, and (3) if no settlement or mutual plan is agreed upon at the resolution of 90 days, appointment of an examiner pursuant to 11 U.S.C. 1104(c) to investigate and independently evaluate "(i) the value of all of the Debtor's assets, including cash, real estate, personal property, insurance proceeds, and estate claims (including against the Apostolates and others) to fund a plan, (ii) the value and validity of claims against the Debtor and any viable defenses, (iii) the Debtor's good faith in filing the Chapter 11 case, and (iv) whether the Chapter 11 case should be dismissed". *Expert Report*, at 31-32.

5. On October 25, 2024, this Court issued a Notice that it would discuss the Expert Report and its recommendations with interested parties at the November 21, 2024 status conference. [Rec. Doc. 3439]

**All Three Recommendations Should Be Adopted and Discovery Ordered to Commence After the Reprieve**

6. The three primary recommendations in the Expert Report must be implemented immediately. The expert appointment, issuance of the report, and deferring to the November omnibus have already resulted in a 90 day delay. When including the motions that precipitated the appointment of the expert, the delay is <u>more than seven months</u>:

- 4/5/2024 -- *Eleventh Interim Application of Jones Walker for Allowance Of Compensation And Reimbursement of Expenses, As Counsel To The Debtor And The Debtor In Possession, for The Period From November 1, 2023 Through February 29, 2024*, [Rec. Doc. 2927];

3

- 4/18/2024 -- *Certain Abuse Survivor's Objection to Jones Walker's Eleventh Interim Application,* [Rec. Doc. 2943];

- 4/25/2024 -- Louisiana State Police Search Warrant signed;

- 6/7/2024 -- *Motion for Summary Judgment on Eleventh Interim Application of Jones Walker LLP for Allowance of Compensation and Reimbursement of Expenses, as Counsel to the Debtor and the Debtor in Possession, for the Period from November 1, 2023 Through February 29, 2024*, [Rec. Doc. 3060];

- 6/18/2024 -- *Order Denying Motion for Summary Judgment*, [Rec. Doc. 3080];

- 7/1-2/2024 -- Lee Eagan and Mark Mintz are deposed;

- 7/17/2024 -- *International Insurance Company US Fire Insurance Company's Motion Statement in Connection with the Courts Order on the Continuance of the Hearing on Jones Walker, LLPs Eleventh Interim Application for Allowances of Compensation and Reimbursement, (Ii) Response to Jones Walkers Fee Application (Dkt. 2927) and Gislesons Objection (Dkt. 2943), and (Iii) Motion for (A) Implementation of Fee Holdback for Estate Professional Interim Fee Applications and (B) Granting Related Relief*, [Rec. Doc. 3168];

- 8/5/2024 -- *Application for Compensation Twelfth Interim Application of Jones Walker LLP for Allowance of Compensation and Reimbursement of Expenses, as Counsel to the Debtor and the Debtor in Possession, for the Period from March 1, 2024 through June 30, 2024*, [Rec. Doc. 3240];

- 8/8/2024 -- *Certain Abuse Survivors' Motion to Appoint a Chapter 11 Trustee and Fee Examiner Pursuant to 11 U.S.C. § 1104*, [Rec. Doc. 3246];

- 8/8/2024 -- *Motion To Consider Whether the Materials in Question Should Be Sealed Pursuant to Local Rule 5.3(D)(2)*, [Rec. Doc. 3248];

- 8/21/2024 -- *Order Appointing an Expert Witness Under Federal Rule of Evidence 706*, [Rec. Doc. 3308];

- 9/9/2024 -- *Certain Abuse Survivor's Objection to Jones Walker's Twelfth Interim Application*, [Rec. Doc. 3363];

- 9/9/2024 -- *Order* continuing Status Conference to 11/21/2024, [Rec. Doc. 3364];

- 10/23/2024 -- *Rule 706 Expert Witness' Report* filed by Mohsin Meghji, [Rec. Doc. 3436]; and

- 11/21/2024 – status conference to discuss Expert Report and Certain Abuse Survivors' four pending motions.

7. This Chapter 11 needs to be resolved or dismissed. The Expert's report is clear as to one central theme – this proceeding can not continue as it has for the last four and a half years. Otherwise, the Archdiocese will continue to pay its lawyers and professionals instead of the abuse survivors. This is unacceptable to everyone but the Archdiocese.

8. The Expert's primary recommendations are toothless without the appointment of a Section 1104(c) examiner on the 91st day. Without an examiner, the 90 day reprieve will do little more than save the Archdiocese time and money without any pressure to make the difficult decisions to resolve the bankruptcy.

9. Also ordering discovery on the Motion to Appoint Trustee and other filings to commence on the 91st day will also force resolution of this bankruptcy one way or another. Aymond's deposition, discovery, and an evidentiary hearing on the four motions will conclude this bankruptcy one way or another. Even the threat of it has <u>forced</u> the Archdiocese to file a plan after more than four years. An actual evidentiary hearing with Aymond's testimony and a handful of other witnesses will be revelatory and definite. Aymond will no longer be absent and will answer for what has transpired.

10. Certain Sexual Abuse Survivors respectfully submit that the discovery could conclude and an evidentiary hearing scheduled within 90 days.

11. By the time these issues get sorted out, the <u>five year anniversary</u> of this bankruptcy filing of May 1, 2025 will be upon the Archdiocese and the Survivors with nothing to show for it but bloated attorneys' fees for Jones Walker and an absent Archbishop.

WHEREFORE Certain Sexual Abuse Survivors file the instant Response to the Expert's Report.

Respectfully submitted,

S/John H. Denenea
JOHN H. DENENEA, JR. (#18861)
SHEARMAN~DENENEA, L.L.C.
3004 David Drive
Metairie, LA 70003
Tel: 504-304-4582
Fax: 504-304-4587
jdenenea@gmail.com

-AND-

SOREN E. GISLESON (#26302)
HERMAN, HERMAN & KATZ
909 Poydras Street, Suite 1860
New Orleans, La 70112
Tel: (504) 581-4892
Fax: (504) 561-6024
sgisleson@hhklawfirm.com

-AND-

RICHARD C. TRAHANT (# 22653)
ATTORNEY AT LAW
2908 Hessmer Avenue
Metairie, LA 70002
Tel: (504) 780-9891
Fax: (504) 780-9891
trahant@trahantlawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Response* will be served upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system.

        S/John H. Denenea