UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF LOUISIANA

In re: The Roman Catholic Church for the Archdiocese of New Orleans

Case No. 20-10846, Section "A"

RESPONSE TO DEBTOR'S OBJECTION TO MOTION TO INTERVENE AND SALE OF 1941 DAUPHINE STREET

TO THE HONORABLE MEREDITH S. GRABILL, UNITED STATES BANKRUPTCY JUDGE:

Comes now, Kim M. Braud ("Movant"), by and through undersigned counsel, and respectfully submits this response to the Debtor's objection to her Motion to Intervene and Objection to the Sale of 1941 Dauphine Street. Movant acknowledges that the sale of the property has been finalized. However, this response seeks post-sale remedies to ensure compliance with donor-imposed restrictions and preservation of the legacy of Marie Couvent. Movant further acknowledges that the hearing on this matter may be rescheduled to January 24, 2025. However, this response is submitted to preserve Movant's objections and ensure timely compliance with procedural requirements. Movant is actively reviewing additional documentation, including the quiet title action from 2020, and reserves the right to supplement this response as necessary. In support thereof, Movant states as follows:

I. INTRODUCTION

1. The property at issue, 1941 Dauphine Street, holds immense historical and cultural significance as a cornerstone of the New Orleans community. Originally donated by

1

   Marie Couvent, a free woman of color, this property was intended to serve educational and charitable purposes.

2. Movant's objection to the sale of the property stems from a genuine concern to honor Marie Couvent's legacy and ensure the property continues to serve the community in alignment with its original purpose.

3. The Debtor's objections fail to adequately address the donor-imposed restrictions, community importance, and viable alternatives presented by the Movant.

II. RESPONSE TO DEBTOR'S ARGUMENTS

A. Post-Sale Remedies Are Warranted

4. While the Debtor argues that Section 363(m) of the Bankruptcy Code shields the sale from reversal, it does not preclude the Court from investigating violations of donor-imposed restrictions or equitable remedies to preserve the property's legacy.

5. Movant respectfully requests that the Court exercise its equitable powers to investigate whether the donor conditions tied to Marie Couvent's bequest were properly addressed. Remedies such as directing the use of sale proceeds in alignment with the bequest or imposing conditions on the property's future use remain within the Court's authority.

B. The 2020 Quiet Title Judgment Is Insufficient

6. The Debtor relies on the 2020 quiet title judgment to assert that there are no donor-imposed restrictions on the property. Movant contends that this judgment does not explicitly address or extinguish all donor conditions tied to the property's original bequest.

7. Movant requests that the Court direct the Debtor to produce comprehensive documentation related to the quiet title action, including any evidence that conditions tied to Marie Couvent's bequest were lawfully resolved.

C. Viable Alternatives Were Ignored

8. The Debtor's assertion that Movant's proposal was financially uncertain fails to recognize the detailed planning and alignment with community goals demonstrated in the 100-page submission identified as Offer Activity #22.

9. The Archdiocese's decision to dismiss Movant's alternative without engagement undermines its fiduciary duty to maximize community benefit. Movant's proposal includes converting the property into a co-working and community development space that aligns with Marie Couvent's vision.

D. Historical and Community Value Must Be Preserved

10. Movant emphasizes that the property's historical and cultural significance cannot be reduced to a financial transaction. The site's role in educating and empowering underserved communities reflects Marie Couvent's enduring legacy.

11. The Archdiocese has publicly acknowledged the importance of 1941 Dauphine Street. In 2019, Archdiocese spokesperson Sarah McDonald stated that clearing the title would allow the property to be used for the ministry or other community-serving purposes, stating, "By clearing the title it does give us the option of putting the property back into use for our ministry or perhaps, in the future, the opportunity to allow others who may have a better use for it to serve the community from the site." This public representation

led the community to believe the property would continue to serve a mission aligned with its historical purpose.

12. The decision to sell the property to a private developer, ostensibly to liquidate assets for unrelated financial obligations, undermines these assurances and appears disingenuous. The sale disregards the property's historical purpose and the trust placed in the Archdiocese by the community and stakeholders.

III. REQUESTED RELIEF

Movant respectfully requests that the Court:

1. Grant Movant's motion to intervene as an interested party.
2. Investigate whether the sale violated donor-imposed restrictions and historical conditions tied to the property.
3. Direct the Debtor to produce all documentation related to the property's bequest, quiet title history, and conditions of sale.
4. Investigate whether the Archdiocese's public assurances and stated intent for the property in 2019, as communicated by spokesperson Sarah McDonald, were consistent with its actions leading to the sale. If not, impose equitable conditions on the proceeds of the sale or property use to ensure they benefit the community.
5. Impose equitable conditions on the sale proceeds or property use to ensure alignment with the legacy of Marie Couvent.
6. Provide any other relief the Court deems just and equitable.

IV. CONCLUSION

1941 Dauphine Street is more than a financial asset; it is a symbol of community resilience, education, and cultural heritage. Movant respectfully urges the Court to investigate the historical and legal claims, impose equitable remedies, and ensure that any use of the property honors the legacy of Marie Couvent and benefits the community.

Dated: January 9, 2025

Respectfully submitted,

/s/ Kim M. Braud

Kim M. Braud

PO Box 741505

New Orleans, LA 70174

info@thecouventcollective.com

(770) 652-7103