UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC CHURCH<br>OF THE ARCHDIOCESE OF<br>NEW ORLEANS,<br><br>    Debtor | NO.: 20-10846<br><br>SECTION: A<br><br>CHAPTER 11 |

**CAMBRONNE REAL ESTATE, L.L.C.'S JOINDER IN THE
DEBTOR'S RESPONSE TO "MOTION TO INTERVENE
AND OBJECTION TO SALE OF 1941 DAUPHINE STREET"**

MAY IT PLEASE THE COURT:

On December 19, 2024, the Court entered an order authorizing the Debtor to sell 1941 Dauphine Street, New Orleans, Louisiana, to Cambronne Real Estate, L.L.C. ("Purchaser"). ECF No. 3597. That sale closed on December 20, 2024, and the Act of Cash Sale was recorded in the Orleans Parish conveyance records on December 23, 2024. ECF No. 3605. Also on December 23, 2024—but after Purchaser had already paid for the property and the sale was recorded—Kim M. Braud filed the instant "Motion to Intervene and Objection to Sale of 1941 Dauphine Street." ECF No. 3603. The Debtor filed a response to Ms. Braud's motion (ECF No. 3649), in which Purchaser joins in all respects.

In addition to the sound reasons in Debtor's response, Purchaser asserts that Ms. Braud's motion should be denied because she lacks standing, particularly given that she has not identified a serious defect in the structure of the sale process. *See, e.g., In re HST Gathering Co.*, 125 B.R. 466, 468 (W.D. Tex. 1991) (noting that "the statutes governing the sale of assets of bankruptcy estates are intended to protect the creditors of such estates and not prospective purchasers" and

1

further that a disappointed prospective purchaser "is not within the 'zone of interests intended to be protected' under the bankruptcy statutes and regulations."); *In re Moran*, 566 F.3d 676, 681 (6th Cir. 2009) (recognizing the general rule that "[f]rustrated bidders do not have standing to object to the sale of property.").

Finally, Ms. Braud's motion is based on considerations such as the property's "historical value and community role." ECF No. 3603, at p. 3. While laudable, these non-monetary considerations reduce the value of the estate and do not maximize creditor recovery. As such, they are not relevant to the Court's analysis. *See, e.g., In re Royal Alice Properties, LLC*, 637 B.R. 465, 483 n.11 (Bankr. E.D. La. 2021).

Respectfully submitted,

McCABE LAW FIRM, LLC

 s/ Ryan McCabe
RYAN McCABE (31254)
214 Friedrichs Avenue
Metairie, Louisiana 70005
Telephone: (504) 782-3436
Facsimile: (504) 607-7063
E-mail: ryan@mccabefirm.com

Attorney for Cambronne Real Estate, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January 2025, a true and correct copy of the above and foregoing pleading will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District. I further certify that a true and correct copy of the above and foregoing pleading has been sent by e-mail addressed to Kim M. Braud at the address she lists in her "Motion to Intervene and Objection to Sale of 1941 Dauphine Street" (ECF No. 3603), info@thecouventcollective.com.

 s/ Ryan McCabe