**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

**In re:**

The Roman Catholic Church of the Archdiocese of New Orleans

**Case No. 20-10846, Section "A"**

**SUPPLEMENTAL RESPONSE TO DEBTOR'S OBJECTION TO MOTION TO INTERVENE AND OBJECTION TO SALE OF 1941 DAUPHINE STREET**

TO THE HONORABLE MEREDITH S. GRABILL, UNITED STATES BANKRUPTCY JUDGE:

Comes now, **Kim M. Braud ("Movant")**, by and through undersigned counsel, and respectfully submits this **Supplemental Response** to address additional concerns regarding the sale of 1941 Dauphine Street (the "Property") to Cambronne Real Estate, L.L.C. (the "Purchaser"). Movant highlights procedural deficiencies, missed opportunities to engage community stakeholders, and the failure of the Debtor to evaluate mission-aligned alternatives in good faith. Movant also seeks to address specific issues surrounding the motion to clear the deed. In support thereof, Movant states as follows:

**I. Failure to Provide Movant an Opportunity to Present Financials**

1. Movant submitted a 100-page proposal ("Offer Activity #22") outlining a comprehensive vision to transform 1941 Dauphine Street into a co-working and community development space aligned with Marie Couvent's legacy.

2. Despite the thoroughness of the submission, the Archdiocese made no effort to engage Movant, request financial details, or schedule discussions to assess the viability of her proposal.

3. The Debtor's argument that Movant's proposal was financially uncertain lacks merit, as the Archdiocese preemptively dismissed the opportunity to evaluate or discuss Movant's financials, violating its fiduciary duty to maximize community benefit and estate value.

4. **Request:** Movant respectfully requests that the Court investigate whether the Debtor's decision-making process complied with the fiduciary duty and standards under the business judgment rule.

## II. Quiet Title Judgment Failed to Address Donor-Imposed Restrictions

5. The Archdiocese relies on a quiet title judgment entered on June 25, 2020, to assert that all donor-imposed restrictions were extinguished. However, this judgment fails to provide detailed analysis or evidence addressing the specific donor-imposed restrictions outlined in Marie Couvent's original bequest, including:

    - The requirement that the property serve charitable and educational purposes.
    - The prohibition against selling the property under any circumstances.

6. The judgment appears to rely on a generalized argument of acquisitive prescription without addressing whether the Archdiocese complied with donor intent during its decades of possession. Additionally, Movant and other community stakeholders were not included in the process or given an opportunity to weigh in on these critical issues.

7. **Request:** Movant respectfully requests that the Court revisit the quiet title judgment to determine whether donor restrictions were adequately reviewed and whether the Archdiocese met its obligations as a steward of this charitable bequest.

### III. Failure to Facilitate Community Engagement

8. The Archdiocese's public statements in 2019 emphasized its intent to honor the property's mission, with spokesperson Sarah McDonald stating:

   - *"By clearing the title, it does give us the option of putting the property back into use for our ministry or perhaps, in the future, the opportunity to allow others who may have a better use for it to serve the community from the site."*

9. However, the Archdiocese's subsequent actions demonstrate a departure from this public commitment, as no meaningful efforts were made to engage with community stakeholders, including Movant, who submitted a proposal aligned with this mission.

10. **Request:** Movant asks the Court to consider whether the Debtor's actions were inconsistent with public assurances and whether its dismissal of mission-driven proposals constituted a breach of trust.

### IV. Lack of Transparency and Procedural Fairness

11. The Debtor's broker marketed the property primarily to commercial buyers without ensuring equitable access to mission-aligned stakeholders. The marketing efforts did not adequately target nonprofit or community-focused entities that could align with the property's historical purpose.

12. Movant's submission was dismissed without consideration, raising concerns about whether the Archdiocese prioritized expedience over due diligence.

13. **Request:** Movant requests that the Court require the Debtor to produce:

- Marketing materials and outreach strategies used to list the property.

- Documentation detailing the evaluation process for all offers received.

- Correspondence regarding the dismissal of Movant's proposal.

**V. Violations of the Business Judgment Rule**

14. Under the business judgment rule, the Debtor must demonstrate that the sale was based on sound business justification and aimed to maximize value for the estate and its creditors.

15. The failure to engage Movant or other mission-driven stakeholders undermines this justification and calls into question whether the Archdiocese's decision-making process prioritized financial recovery over the preservation of donor intent and community benefit.

16. **Supporting Case Law:** The importance of articulated business justification has been emphasized in cases such as *In re Crutcher Res. Corp.,* 72 B.R. 628 (Bankr. N.D. Tex. 1987).

**VI. Proposed Relief**

Movant respectfully requests that the Court:

1. Investigate whether the Archdiocese fulfilled its fiduciary duty by engaging with all interested parties and conducting a thorough evaluation of mission-aligned proposals.

2. Revisit the quiet title judgment to determine whether donor-imposed restrictions were adequately addressed and whether proper notice was given to community stakeholders.

3. Require the Debtor to produce documentation and correspondence related to the marketing and evaluation of offers for the property.

4. Impose equitable conditions on the proceeds of the sale to ensure they are directed toward purposes consistent with the historical and charitable intent of Marie Couvent's bequest.

5. Provide any other relief the Court deems just and equitable.

**Conclusion**

1941 Dauphine Street holds immense historical and cultural significance as a cornerstone of the New Orleans community. The sale process, as executed, raises significant concerns regarding transparency, fairness, and adherence to donor intent. Movant respectfully urges the Court to investigate these issues and ensure that any use of the property's proceeds honors the legacy of Marie Couvent and benefits the community.

Dated: January 22, 2025

**Respectfully submitted,**

/s/ Kim M. Braud

Kim M. Braud

PO Box 741505

New Orleans, LA 70174

info@thecouventcollective.com

(770) 652-7103