**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:                                                        CASE NO. 20-10846

**THE ROMAN CATHOLIC CHURCH**
**OF THE ARCHDIOCESE OF**                   SECTION "A"
**NEW ORLEANS**

      *Debtor[1]*                                        CHAPTER 11

---

**FEE APPLICATION COVER SHEET**
**SECOND INTERIM FEE APPLICATION OF KROLL LLC FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS PENSION ANALYST TO THE OFFICIAL COMMITTEE OF**
**UNSECURED COMMERCIAL CREDITORS FOR THE PERIOD OF**
**AUGUST 1, 2024 THROUGH NOVEMBER 30, 2024**

---

| | | | |
|---|---|---|---|
| Name of Applicant | Kroll LLC | | |
| Name of Client | The Official Committee of Unsecured Commercial Creditors | | |
| Petition Date | May 1, 2020 | | |
| Retention Date | December 27, 2023 | | |
| Date of Order Approving Employment | December 27, 2023 [ECF Doc. 2772] | | |
| Dates and Amounts of Compensation Approved in Previous Requests | Dates | Amounts | Docket |
| | 1.1.24 – 3.31.24[2] | Fees: $34,700.00 Expenses: $0.00 Total: $34,700.00 | 3173 |
| Time Period Covered by this Application | August 1, 2024 through November 30, 2024 (the "Interim Application Period") | | |
| Total Compensation Sought this Period | $762.50 | | |
| Total Expenses Sought this Period | $0.00 | | |
| Fee Application Type | Second Interim Fee Application | | |
| Total Amount Sought | $762.50 | | |

In the above captioned Chapter 11 case, Kroll, LLC ("Kroll") rendered services in favor

of the Official Committee of Unsecured Commercial Creditors (the "Commercial Committee")

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] For purposes of completeness, Kroll did not incur any fees or expenses, and thus, did not file an interim fee application for the period between April 1, 2024 through July 31, 2024.

during the Interim Application Period. The fee statements for each month covered by the Interim

Application Period can be summarized as follows:

| Invoices Circulated | | | | Approved per Procedure in Complex Case Rules | | Payments |
|---|---|---|---|---|---|---|
| Invoice Date | Period Covered | Fees | Expenses | Fees (at 80%) | Expenses | Amount Paid |
| 9/11/24 | Aug. 1, 2024 – Aug. 31, 2024 | $762.50 | $0.00 | $610.00 | $0.00 | $610.00 |
| **TOTALS** | | **$762.50** | **$0.00** | **$610.00** | **$0.00** | **$610.00** |

The Kroll professionals who rendered services in favor of the Commercial Committee

during the Interim Application Period are:

| Professional | Title | Rate | Hours | Amount |
|---|---|---|---|---|
| S. Fliegler | Managing Director | $875.00 | 0.50 | $437.50 |
| S. Fisher | Vice President | $650.00 | 0.50 | $325.00 |
| | | | | |
| | **Total** | | **1.00** | **$762.50** |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:                                                  CASE NO. 20-10846

**THE ROMAN CATHOLIC CHURCH**
**OF THE ARCHDIOCESE OF**                               SECTION "A"
**NEW ORLEANS**

       *Debtor[1]*                                      CHAPTER 11

---

**SECOND INTERIM FEE APPLICATION OF KROLL LLC FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS PENSION ANALYST TO THE OFFICIAL COMMITTEE OF
UNSECURED COMMERCIAL CREDITORS FOR THE PERIOD OF
<u>AUGUST 1, 2024 THROUGH NOVEMBER 30, 2024</u>**

---

> A HEARING WILL BE CONDUCTED ON THIS MATTER
> ON APRIL 17, 2025, AT 1:30 P.M. AT THE UNITED STATES
> BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM
> B709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN
> INTEREST MAY PARTICIPATE IN THE HEARING (I) IN
> PERSON; (II) BY TELEPHONE ONLY (DIAL IN:
> 504.517.1385, ACCESS CODE: 129611); OR (III) BY
> TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO
> USING HTTPS://GOTOMEET.ME/JUDGEGRABILL
> (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT
> TO THE RELIEF REQUESTED IN THIS PLEADING, YOU
> MUST RESPOND IN WRITING. UNLESS DIRECTED
> OTHERWISE BY THE COURT, YOU MUST FILE YOUR
> RESPONSE WITH THE CLERK OF THE BANKRUPTCY
> COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE
> HEARING DATE. YOU MUST SERVE A COPY OF YOUR
> RESPONSE ON THE PERSON WHO SENT YOU THE
> NOTICE; OTHERWISE, THE COURT MAY TREAT THE
> PLEADING AS UNOPPOSED AND GRANT THE RELIEF
> REQUESTED.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

Kroll, LLC ("Kroll"), pension analyst to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans (the "Commercial Committee"), hereby files this *Second Interim Fee Application of Kroll LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Pension Analyst to the Official Committee of Unsecured Commercial Creditors for the Period of August 1, 2024 through November 30, 2024* (the "Interim Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules"), the General Order 2019-4 Establishing Procedures for Complex Chapter 11 Cases (the "Complex Case Rules"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines").

## RELIEF REQUESTED

By this Interim Application, which encapsulates the period between August 1, 2024 through November 30, 2024 (the "Interim Application Period"), Kroll seeks interim approval and allowance, for the aggregate sum of $762.50, which is comprised of:

(i)     Compensation for professionals in the amount of $762.50; and

(ii)    Reimbursement of actual and necessary expenses in the amount of $0.00.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Interim Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

2.      The statutory predicates for the relief requested in this Interim Application include 11 U.S.C. §§ 330 and 331, Federal Rules of Bankruptcy Procedure 2014 and 2016, Rule 2016-1 of the Local Rules, and § XIII of the Complex Case Rules.

## BACKGROUND

3.      On May 1, 2020 (the "Petition Date"), The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor" or "Archdiocese") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above captioned Bankruptcy Case. That same date, this Court entered an order designating the case as a Complex Chapter 11 Case [ECF Doc. 18]. The Archdiocese continues to operate and maintain their non-profit organization and manage their properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On March 5, 2021, the Office of the United States Trustee filed that certain *Notice of Appointment of Commercial Creditor's Committee* [Docket No. 772], appointing the Commercial Committee pursuant to section 1102 of the Bankruptcy Code, followed by a *Supplemental Notice of Appointment of Unsecured Commercial Creditor's Committee to Designate Name* [Docket No. 792]. The Commercial Committee consists of the following committee members: (i) BankPlus f/k/a First Bank and Trust; (ii) Crescent Door & Hardware, Inc.; (iii) Brown Rice Marketing, LLC; and (iv) MetroStudio, LLC.[2]

5.      To determine the feasibility of the Debtor's draft plan and future filed plan(s) and participate intelligently in any mediation, the Commercial Committee must analyze the Debtor's

---

[2] On March 16, 2021, the Commercial Committee received a communication from counsel to TMI Trust Company ("TMI") requesting the opportunity to join the Commercial Committee in an *ex officio* capacity. After careful consideration, on April 7, 2021, the Commercial Committee determined to grant TMI's request to become an *ex officio* member of the Commercial Committee. For the avoidance of doubt, TMI is a non-voting member of the Commercial Committee and does not owe any fiduciary duties to unsecured creditors as a result of its *ex officio* seat on the Commercial Committee.

pension and Other Post-Employment Benefit Plans. In furtherance of such, the Commercial Committee selected Kroll to serve as its pension analyst, and on November 30, 2023, filed that certain *Application for Entry of an Order Authorizing the Retention and Employment of Kroll, LLC as Pension Analyst to the Official Committee of Unsecured Commercial Creditors* [Doc. No. 2687].

6.      On December 27, 2023, the Court entered that certain *Order* [Doc. No. 2772], which approved the Commercial Committee's retention of Kroll as its pension analyst on a final basis.

7.      On June 27, 2024, Stewart Robbins Brown & Altazan ("SRBA") filed that certain *First Interim Fee Application of Kroll LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Pension Analyst to the Official Committee of Unsecured Commercial Creditors for the Period of January 1, 2024 through March 31, 2024* [ECF Doc. 3127] (the "First Interim Application") which sought interim approval and allowance of $34,700.00 for Kroll's fees and $0.00 for expenses incurred by Kroll for the period of January 1, 2024 through and including March 31, 2024 (the "First Application Period").

8.      On July 17, 2024, the Court entered that certain *Order* [ECF Doc. 3173] (the "First Application Order"), which awarded Kroll, for the First Application Period, $34,700.00 in fees and $0.00 in expenses.[3]

9.      Kroll has been paid by the Debtor for all prior awards.

## COMPENSATION AND ITS SOURCE

10.     All services for which compensation is requested by Kroll were performed for or

---

[3] Kroll did not bill any services between April 1, 2024 and July 31, 2024 and therefore, no monthly fee statements were circulated for this time period, nor was an interim application filed.

on behalf of the Commercial Committee.

11.     During the period covered by this Interim Application, Kroll has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Interim Application. There is no agreement or understanding between Kroll and any other person other than the partners of Kroll for the sharing of compensation to be received for services rendered in this chapter 11 case.

12.     Kroll's individual fee statements for each month covered by the Interim Application Period are attached hereto as **Exhibit** "**A**". Each fee statement contains daily time logs describing the time spent by each professional for each month. The hourly rates set forth in the monthly fee statements are those customarily charged by Kroll for similar services. Kroll's fees for pension analysis services are customary and usual in the community in which Kroll practices. To the best of Kroll's knowledge, this Interim Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Complex Case Rules, and the UST Guidelines. The fee statements for each month covered by the Interim Application Period can be summarized as follows:

| Invoices Circulated | | | | Approved per Procedure in Complex Case Rules | | Payments |
|---|---|---|---|---|---|---|
| Invoice Date | Period Covered | Fees | Expenses | Fees (at 80%) | Expenses | Amount Paid |
| 9/11/24 | Aug. 1, 2024 – Aug. 31, 2024 | $762.50 | $0.00 | $610.00 | $0.00 | $610.00 |
| **TOTALS** | | **$762.50** | **$0.00** | **$610.00** | **$0.00** | **$610.00** |

13.     The fee statements for each month covered by the Interim Application Period were circulated and no portion of the fees or expenses were objected to.

14.     The Commercial Committee has been provided the opportunity to review this

5

Interim Application. The Commercial Committee approves of the Interim Application.

## ACTUAL AND NECESSARY EXPENSES

15.     During the Interim Application Period, Kroll did not incur any expenses in connection with its representation of the Commercial Committee, and therefore, none are included in this Interim Application.

## SUMMARY OF SERVICES RENDERED

16.     During the Interim Application Period, Kroll spent de-minimis time communicating with the Commercial Committee.

## FACTORS SUPPORTING AWARD

17.     In *In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012), the Fifth Circuit ruled that the six factors found in 11 U.S.C. §330(a)(3) are to be considered when awarding compensation to professionals. Under § 330, the court "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including –

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

6

18.     Rejecting the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998), the Fifth Circuit adopted a prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time in which they were rendered. *See In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015). All services rendered by Kroll satisfy the *Woerner* standard because they were reasonably likely to benefit the Debtor's estate at the time rendered.

19.     Kroll also believes that as applied to the firm's services in this chapter 11 case, the following analysis of section §330(a)(3) factors are appropriate:

a.  **The Time and Labor Expended** - The charge for Kroll's services in this case for the Interim Application Period totals $762.50. The actual time expended by Kroll in the Interim Application Period is set forth in detail in **Exhibit** "**A**" attached hereto. Kroll believes the time spent performing pension analysis services was commensurate with the issues involved in its employment by the Commercial Committee.

b.  **The Rate Charged for Such Services.** Kroll has applied for allowance of compensation for fees that reflect its billing rates charged to clients by Kroll and previously approved and/or set by courts in which Kroll has appeared. Kroll believes that its customary fees for services are equal to or below those of other firms in the national pension analyst community and should be within the range of fees approved for pension analysts of similar experience within this district.

c.  **Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title.** Kroll asserts that all services provided to the Commercial Committee were necessary to the administration of and/or beneficial to the bankruptcy case at the time the services were rendered. Where Kroll deemed the time spent not to be a benefit, it either indicates "no charge" or "reduced" or, in some situations, did not put the time into its billing system.

d.  **Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed**. Kroll submits that the time put into this case is commensurate with the level of difficulty of the issues presented. When possible, particular projects have been handled by an analyst or a director with a lower billing rate.

7

    e.   **With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy restructuring.** Kroll believes and respectfully submits that its pension analysts are highly regarded as experts in the area of pension analysis. Kroll has extensive experience in analyzing complex financial and pension issues.

20.    "The Fifth Circuit uses the 'lodestar' method to calculate fees." *Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994) (citation omitted). The lodestar is the number of hours reasonably expended multiplied by "the prevailing hourly rate in the community for similar work." *Id.* The request for fees is then adjusted upward or downward based on the iconic "*Johnson* factors." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). A detailed description of the application of each of these factors relevant to this Application is set forth below:

    a.   **The Novelty and Difficulty of Issues** – This case has presented issues of greater complexity than cases customarily brought before this Court.

    b.   **The Skills Required for Performance of Services** – Kroll's pension analysts have appeared before courts throughout the country in bankruptcy cases on behalf of debtors, creditors, trustees, and creditor committees as a financial advisor for many years. Kroll believes and respectfully submits that it is highly regarded in the areas of valuation, expert services, investigations, cyber security, corporate finance, restructuring, legal and business solutions, data analytics and regulatory compliance. Kroll's pension analysts possess the experience, reputation, and ability to merit an award of the requested compensation and reimbursement.

    c.   **Preclusion from Other Employment** – While Kroll was not precluded from other employment during this application period, the professionals who have devoted time to this case were prevented from working on other matters.

    d.   **Contingent Nature of Fees** – These fees were contingent to the extent that all fees due counsel in a pending bankruptcy proceeding are contingent upon the success of the case, the availability of cash, review by the Office of the United States Trustee, Region 5, and the approval of the Court.

    e.   **Time Limitations and Other Circumstances** – Since Kroll's employment thus far, there have not been any exigent circumstances; however, Kroll's professionals continue to render their services in a quick and efficient manner.

    f.   **The Amount Involved and the Results Obtained** – Kroll submits that the amount

8

sought is fully commensurate with the services rendered. Kroll respectfully submits that its services were, at the time rendered, believed to be necessary for and beneficial to the Commercial Committee and were rendered to protect and preserve the interests of the Commercial Committee during the pendency of the chapter 11 case. The services were commensurate within the complexity, exigency, and importance of the issues involved.

g.   **Experience, Reputation, and Ability** – The Commercial Committee selected Kroll based on its extensive experience and knowledge in the field of pension analysis.

h.   **The Undesirability of the Case** – This case was not undesirable.

i.   **The Nature and Length of the Professional Relationship with the Client** – Kroll has rendered services in favor of the Commercial Committee since January of 2024.

j.   **Awards in Similar Cases** – Kroll avers that an order of compensation on the basis provided for is comparable to that awarded in similar cases in this district and in other Louisiana bankruptcy courts.

## <u>CERTIFICATION</u>

21.   By my signature on this Interim Application, I, Seth Fliegler, do hereby certify that (i) I have read this application; (ii) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with these guidelines, except as specifically noted in the application; and (iii) the compensation and expense reimbursement requested are billed at rates in accordance with practices no less favorable than those customarily employed by Kroll and generally accepted by Kroll's clients.

## <u>EXHIBITS TO INTERIM APPLICATION</u>

22.   Additionally, attached to this Interim Application are the following:

a.   **Exhibit A**: Kroll's monthly fee statements previously circulated under the Complex Case Order.

b.   **Exhibit B**: Aggregate valuation of services chart identifying the professionals who rendered pension analysis services during the Interim Application Period, along with the aggregate number of hours for each individual and the total billed amount.

c.   **Exhibit C**: The proposed order (the "<u>Proposed Order</u>") Kroll requests this Court

enter.

**WHEREFORE**, Kroll respectfully requests that the Court enter the Proposed Order: (a) approving the Interim Application; (b) allowing compensation and reimbursement of expenses in the aggregate sum of $762.50, as the sum of (i) compensation in the sum of $762.50; (ii) reimbursement of actual and necessary expenses in the sum of $0.00; (c) directing the Debtor to pay the aforementioned amounts; and (d) grant such other and further relief as this Court may deem just and proper.

Dated: February 28, 2025                         Respectfully Submitted,

                                          **STEWART ROBBINS BROWN & ALTAZAN, LLC**

                                 By:    */s/ Paul D. Stewart, Jr.*
                                               Paul D. Stewart, Jr. (LA. Bar # 24661)
                                               dstewart@stewartrobbins.com
                                             William S. Robbins (LA. Bar # 24627)
                                             wrobbins@stewartrobbins.com
                                             Brandon A. Brown (La. Bar #25592)
                                             bbrown@stewartrobbins.com
                                             Brooke W. Altazan (La. Bar #32796)
                                             baltazan@stewartrobbins.com
                                             301 Main St., Suite 1640
                                             Baton Rouge, LA 70801-0016
                                             Telephone: (225) 231-9998
                                             Facsimile: (225) 709-9467

                                             *Counsel to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans*

                                 By:    /s/ Seth Fliegler
                                                 Seth Fliegler
                                               Kroll, LLC

10

**EXHIBIT A**

**KROLL'S MONTHLY FEE STATEMENTS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDOCESE OF NEW ORLEANS** | Chapter 11 |
| **Debtor.** | Section A |

**FOURTH MONTHLY STATEMENT OF SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD ENDING AUGUST 31, 2024 BY KROLL, LLC AS PENSION ANALYST TO THE OFFICIAL COMMITTEE OF UNSECURED COMMERCIAL CREDITORS**

Kroll, LLC ("Kroll"), pension analyst to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans (the "Commercial Committee"), hereby submits this Fourth Monthly Fee Statement for Services Rendered and Expenses Incurred (the "Monthly Fee Statement") for the period ending August 31, 2024 (the "Statement Period"), in accordance with the Court's *General Order Regarding Procedures for Complex Chapter 11 Cases* establishing interim compensation procedures (the "Complex Rules"). In support of the Monthly Fee Statement, Kroll respectfully represents as follows:

1.      Kroll respectfully submits this Monthly Fee Statement for (i) compensation of fees for reasonable, actual and necessary services rendered by Kroll on behalf of the Commercial Committee during the Statement Period; and (ii) reimbursement of reasonable, actual and necessary expenses incurred by Kroll on behalf of the Commercial Committee during the Statement Period.

2.      Kroll seeks compensation for professional services rendered and reimbursement of expenses incurred during the Statement Period in the amounts set forth as below:

| | |
|---|---|
| Total Fees: | $610.00 (80% of $762.50) |
| Total Expenses: | $0 |
| Total: | $610.00 |

3.      Kroll's invoice covering the Statement Period and providing a detailed statement of hours spent rendering pension analysis to the Commercial Committee and detailed list of disbursements made or incurred by Kroll in connection with services performed on behalf of the Commercial Committee during the Statement Period is attached hereto as Exhibit "A."

4.      Pursuant to the Compensation Order, Kroll seeks payment of $610.00 from the Debtor for the Statement Period, representing (a) 80% of Kroll's total fees for services rendered and (b) 100% of the total expenses incurred during the Statement Period.

5.      In accordance with the Compensation Order, notice of this Monthly Fee Statement has been served upon the following parties (collectively, as further defined in the Compensation Order, the "Professional Fee Notice Parties"): (a) counsel for the debtor(s); (b) counsel for the prepetition secured lender(s); (c) counsel for any post-petition lender(s); (d) counsel to all official committees; (e) the Office of the United States Trustee; and (f) any other party the Court may designate.

Dated:          September 13, 2024          **STEWART ROBBINS BROWN & ALTAZAN, LLC**

By:      */s/ Paul Douglas Stewart, Jr.*
Paul D. Stewart (LA. Bar # 24661)
dstewart@stewartrobbins.com
William S. Robbins (La. #24627)
wrobbins@stewartrobbins.com
Brandon A. Brown (La. #25592)
bbrown@stewartrobbins.com

Brooke W. Altazan (La. # 32796)
baltazan@stewartrobbins.com
301 Main Street; Suite 1640
Baton Rouge, LA 70801
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Counsel for the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans***

**THE ROMAN CATHOLIC CHURCH FOR**
**THE ARCHDIOCESE OF NEW ORLEANS**

**EXHIBIT A**

**DETAILED TIME AND EXPENSE ENTRIES**
**Time Period – August 1, 2024 – August 31, 2024**

# KROLL

Stewart Robbins Brown & Altazan
Brooke W. Altazan, Esq
301 Main Street
Suite 1640
Baton Rouge, LA 70821
United States

| | |
|---|---|
| **Total Amount:** | **USD 762.50** |
| Invoice No: | TI000012076-2000 |
| Invoice Date: | September 11, 2024 |
| Due Date: | October 13, 2024 |
| Project ID | E030881C |
| Contract No. | ORD-30842-B6C7R4 |
| Contact: | Seth Fliegler |

**INVOICE**

**RE: StewartRobbins_Archdiocese of New Orleans**

**Invoice for Professional services rendered from August 1, 2024 through August 31, 2024**

| Fees for Hourly Professional Services Rendered | | | USD 762.50 |
|---|---|---|---|
| S. Fliegler | 0.5 hrs @ 875.00 | 437.50 | |
| S. Fisher | 0.5 hrs @ 650.00 | 325.00 | |
| Subtotal: | | | 762.50 |

| **Total Due:** | **USD  762.50** |
|---|---|

**Remittance Instructions**

| | | **Billing Questions** |
|---|---|---|
| Account Name: | Kroll LLC | T: +1 952-563-3077 |
| Bank Name: | Bank of America | E: EliteAR@Kroll.com |
| Account No: | 1233035833 | |
| ACH ABA#: | 122000030 | |
| Wire ABA#: | 026009593 | **Tax ID:** |
| Swift Code: | BOFAUS3N | 82-3616841 |

**Important Note: Please include our invoice number and name of your organization with all payments and send remittance advice to AR@kroll.com.**

Hourly Professional Services

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 8/5/24 | S. Fliegler  - Meeting with client or counsel | 0.50 | 875.00 | 437.50 |
| 8/5/24 | S. Fisher  - Meeting with client or counsel | 0.50 | 650.00 | 325.00 |
| | | | Subtotal: | 762.50 |

**EXHIBIT B**

**AGGREGATE VALUATION OF SERVICES CHART**

| Professional | Title | Rate | Hours | Amount |
|---|---|---|---|---|
| S. Fliegler | Managing Director | $875.00 | 0.50 | $437.50 |
| S. Fisher | Vice President | $650.00 | 0.50 | $325.00 |
|  |  |  |  |  |
|  | **Total** |  | **1.00** | **$762.50** |

**EXHIBIT C**

**PROPOSED ORDER**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:                                                    CASE NO. 20-10846

**THE ROMAN CATHOLIC CHURCH**
**OF THE ARCHDIOCESE OF**                                 **SECTION "A"**
**NEW ORLEANS**

       *Debtor*[1]                                          **CHAPTER 11**

---

### ORDER

---

Before the Court is the *Second Interim Fee Application of Kroll LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Pension Analyst to the Official Committee of Unsecured Commercial Creditors for the Period of August 1, 2024 through November 30, 2024* [ECF Doc. ____] (the "Interim Application"). The Court finds that the Interim Application was properly served in accordance with the Federal Rules of Bankruptcy Procedure and Local Rules, incorporated appropriate notice language and no objection has been filed by any party. After reviewing the Interim Application, the Court has determined the services and expenses indicated in the Interim Application were reasonable, actually rendered, and necessary to represent the interests of the Official Committee of Unsecured Commercial Creditors (the "Commercial Committee");

Considering the record and pleadings, the applicable law, and finding good cause,

**IT IS ORDERED** that the Interim Application is **APPROVED**.

**IT IS FURTHER ORDERED** that Kroll LLC ("Kroll") is allowed and awarded, on an interim basis, for the period of August 1, 2024 through November 30, 2024 (the "Interim

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

Application Period"), fees in the amount of $762.50 and expenses in the amount of $0.00, totaling $762.50 (the "Award") incurred in connection with its pension analyst services for the Commercial Committee.

**IT IS FURTHER ORDERED** that the Debtor is authorized and directed to pay the Award to Kroll promptly upon entry of this Order, less and except any amounts the Debtor previously remitted to Kroll for its fees and expenses incurred in connection with its pension analyst services for the Commercial Committee during the Interim Application Period as authorized under Section XV(C) of the *Procedures for Complex Chapter 11 Cases Filed in the United States Bankruptcy Court for the Eastern District of Louisiana*.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and consider all matters arising from the interpretation or implementation of this Order.

**IT IS FURTHER ORDERED** that Kroll is instructed to serve this Order by first-class U.S. Mail within three days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures (if applicable), and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, this _____ day of _____, 2025

 

 

_____
**THE HONORABLE MEREDITH S. GRABILL**
**UNITED STATES BANKRUPTCY JUDGE**