## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| Debtor.[1] | § | |
| | § | |

---

### SUMMARY COVER SHEET TO TENTH INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ROCK CREEK ADVISORS, LLC AS PENSION FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM NOVEMBER 1, 2024 THROUGH JANUARY 31, 2025

| **Name of Applicant:** | Rock Creek Advisors, LLC | |
|---|---|---|
| **Applicant's Professional Role in Case** | Pension Financial Advisor to the Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed** | Effective December 20, 2021 pursuant to Order dated January 19, 2022 [Docket No. 1249] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 07/01/2024 | 10/31/2024 |
| **Time period(s) covered by prior Applications:** | 02/01/2022 | 02/28/2022 |
| | 03/01/2022 | 06/30/2022 |
| | 07/01/2022 | 10/31/2022 |
| | 11/01/2022 | 02/28/2023 |
| | 03/01/2023 | 06/30/2023 |
| | 07/01/2023 | 10/31/2023 |
| | 11/01/2023 | 02/28/2024 |
| | 03/01/2024 | 06/30/2024 |
| | 07/01/2024 | 10/31/2024 |

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

| | |
|---|---|
| **Total amounts awarded in all prior Applications:** | $160,615.00 |
| **Total fees requested in this Application:** | $3,575.00 |
| **Total hours covered by this Application:** | 6.5 |
| **Average hourly rate:** | $550.00 |
| **Reimbursable expenses sought in this Application:** | $0.00 |

Rock Creek professionals who rendered services for the Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 case concerning the above captioned debtor and debtor-in-possession (the "Debtor") during the period November 1, 2024 – January 31, 2025 (the "Application Period") are listed below.

## SUMMARY OF HOURS BILLED BY PROFESSIONALS AND PARAPROFESSIONALS NOVEMBER 1, 2024 THROUGH JANUARY 31, 2025

| NAME OF PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| John L. Spencer | Managing Director | $900 | 0.0 | $0.00 |
| Chris Peirce | Director | $550 | 6.5 | $3,575.00 |
| **Total** | | | **6.5** | **$3,575.00** |

**COMPENSATION BY CATEGORY**
**NOVEMBER 1, 2024 THROUGH JANUARY 31, 2025**

| Description | Hours | Amount |
|---|---|---|
| Fee Application | 6.5 | $3,575.00 |
| **TOTAL** | **6.5** | **$3,575.00** |

**EXPENSES BY CATEGORY**
**NOVEMBER 1, 2024 THROUGH JANUARY 31, 2025**

| Expense Category | Amount |
|---|---|
| N/A | N/A |
| **TOTAL** | **$0.00** |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| **Debtor.[2]** | § | |
| | § | |

---

**TENTH INTERIM APPLICATION FOR**
**ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES OF ROCK CREEK ADVISORS, LLC AS**
**PENSION FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR THE PERIOD**
**FROM NOVEMBER 1, 2024 THROUGH JANUARY 31, 2025**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON <u>APRIL 17, 2025, AT 1:30 P.M. (CDT)</u> IN COURTROOM B-709, 500 POYDRAS STREET, NEW ORLEANS, LA 70130, OR BY TELEPHONE THROUGH THE DIAL-IN FOR SECTION A: 1-504-517-1385; CONFERENCE CODE 129611. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Rock Creek Advisors, LLC ("<u>Rock Creek</u>" or the "<u>Firm</u>"), pension financial advisor for the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of The Roman Catholic Church of the Archdiocese of New Orleans (the "<u>Debtor</u>"), hereby submits its *Tenth Interim*

---

[2] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

*Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Rock Creek Advisors, as Pension Financial Advisor for the Official Committee of Unsecured Creditors for the Period From November 1, 2024 Through January 31, 2025* (the "Application"). In support of the Application, Rock Creek respectfully represents as follows:

## I.     INTRODUCTION

In this Application, the Firm seeks interim allowance and payment of fees in the amount of $3,575.00. To date Rock Creek has been paid $0.00 in fees incurred during the Application Period.

## II.     JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Eastern District of Louisiana (the "Local Rules"), Section XIII(B) of the Court's *December 4, 2019 General Order Regarding Procedures of Complex Chapter 11 Cases* (the "Complex Case Order").

## III.     BACKGROUND

### A.     Introduction

4.      On May 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code.

5.      The Debtor remains in possession of its property and is managing its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*

6.      On May 20, 2020, the Office of the United States Trustee for Region 5 appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 94], which was reconstituted on June 10, 2020 [Docket No. No. 151], and on October 8, 2020, to remove TMI Trust Company, Inc., in its capacity as indenture trustee for certain bonds [Docket No. 478].  The Committee was further reconstituted on June 21, 2022 [Docket No. 1618], and on February 13, 2023 [Docket No. 2081].[3]

7.      On May 22, 2020, the Committee conducted its first meeting and at that meeting unanimously selected Pachulski, Stang, Ziehl & Jones ("PSZJ") and Locke Lord LLP ("Locke Lord") to serve as co-counsel.

**B.      Employment of the Firm**

8.      On December 30, 2021, the Committee filed an *Application for Entry of an Order Authorizing the Retention and Employment of Rock Creek Advisors, LLC as Pension Financial Advisor to the Official Committee of Unsecured Creditors* [Docket No. 1221] (the "Retention Application").  As more fully described in the Retention Application, the Committee retained the Firm to render pension financial advisory services to the Committee in this Bankruptcy Case.

9.      On January 19, 2022, this Court entered the *Order Authorizing the Retention and Employment of Rock Creek Advisors, LLC as Pension Financial Advisor to the Official Committee of Unsecured Creditors* [Docket No. 1249] (the "Retention Order").  The Retention

---

[3] A separate official committee of unsecured commercial creditors was appointed by the US Trustee on March 5, 2021. [Docket Nos. 772 and 792].

Order approved the Firm's retention as the Committee's pension financial advisor in this Bankruptcy Case.

## IV.    WORK PERFORMED AND RESULTS OBTAINED / EXTRAORDINARY CIRCUMSTANCES

10.    The Firm provided, and continues to provide, financial advisory services to the Committee in this Bankruptcy Case. The Firm has attached to this Application copies of the Firm's Monthly Fee Statements to which are appended invoices (the "Invoices") setting forth the time-keeping entries generated by those Firm personnel who worked on this matter during Application Period from November 1, 2024 through January 31, 2025.

## V.    NATURE AND EXTENT OF PENSION FINANCIAL ADVISORY SERVICES PROVIDED

11.    This Application has been prepared in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, the UST Guidelines, and Section XIII(B) of the Court's *December 4, 2019 General Order Regarding Procedures for Complex Chapter 11 Cases.*

12.    On December 18, 2024, Rock Creek submitted its November fee statement (the "November Monthly Fee Statement") covering the period November 1, 2024 through November 30, 2024.  Rock Creek incurred fees in the amount of $1,925.00.  Therefore, in its November Monthly Fee Statement, Rock Creek requested payment of 80% of its fees totaling $1,540.00. Attached hereto as **Exhibit A** is a true and correct copy of the November Monthly Fee Statement.

13.    On January 27, 2025, Rock Creek submitted its December fee statement (the "December Monthly Fee Statement") covering the period December 1, 2024 through December 31, 2024.  Rock Creek incurred fees in the amount of $825.00.  Therefore, in its December

Monthly Fee Statement, Rock Creek requested payment of 80% of its fees totaling $660.00.

Attached hereto as **Exhibit B** is a true and correct copy of the December Monthly Fee Statement.

14.     On February 26, 2025, Rock Creek submitted its January fee statement (the

"January Monthly Fee Statement") covering the period January 1, 2025 through January 31,

2025.  Rock Creek incurred fees in the amount of $825.00.  Therefore, in its January Monthly

Fee Statement, Rock Creek requested payment of 80% of its fees totaling $660.00.  Attached

hereto as **Exhibit C** is a true and correct copy of the January Monthly Fee Statement.

<h3 align="center">VI.     SUMMARY OF FINANCIAL PENSION ADVISORY SERVICES RENDERED BY CATEGORY</h3>

15.     The services rendered by Rock Creek during the Application Period can be

grouped into the categories set forth below. Rock Creek attempted to place the services

provided in the category that best relates to such services. Certain services may relate to one

or more categories, but have only been included once to prevent any duplication.  These

services performed, by categories, are generally described below, with a more detailed

identification of the actual services provided set forth in the attached Fee Statements.

**A.     Fee Application**

16.     Time spent includes formatting in LEDES, organizing time entries, and

preparing the Ninth Interim Fee Application as well as preparing monthly invoices.

Fees: $3,575.00                Hours: 6.5

**B.     Actual and Necessary Expenses Incurred By Rock Creek**

17.     Rock Creek did not incur any expenses on the Committee's behalf during the

Application Period.

## VII.   STATEMENT OF COMPLIANCE WITH BANKRUPTCY RULE 2016

18.     As more fully described in the Retention Application, the Committee agreed to retain the Firm as its pension financial advisor and to compensate the Firm on an hourly basis in accordance with the Firm's retention application, plus reimbursement of the actual and necessary expenses that the Firm incurred in connection with the Bankruptcy Case.  All compensation for services rendered, and reimbursement for expenses incurred, are subject to this Court's approval in accordance with the Retention Order, Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Rules, and other procedures that this Court may fix.  No entity has promised to compensate the Firm for any services rendered, or reimburse it for expenses incurred, in connection with this case except as this Court may approve.

19.     No agreement or understanding exists between the Firm and any other entity for the sharing of any compensation or reimbursement (i) that the Firm may receive for services rendered in, or in connection with, this Bankruptcy Case or (ii) that such other entity has already received or may receive for services that entity rendered in, or in connection with this Bankruptcy Case, except that the Firm will share any compensation or reimbursement it receives in connection with this Bankruptcy Case with its members and other Firm employees (as originally disclosed in the Retention Application).

## VIII.   THE REQUESTED COMPENSATION SHOULD BE ALLOWED

20.     Section 330 provides that a court may award a professional employed under 11 U.S.C § 328 "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." *See* 11 U.S.C. Section 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded . . . , the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.     Rock Creek has a reputation for its expertise in financial and bankruptcy reorganizations and restructurings and as noted above, the compensation is reasonable based on customary compensation charged by other practitioners in non-bankruptcy cases.  Based on an application of the above factors and its compliance with the UST Guidelines, Rock Creek respectfully submits that the compensation requested herein is reasonable and in light of the nature, extent and value of such services to the Committee and, accordingly, that approval of the compensation sought herein is warranted.

22.     Section 330 of the Bankruptcy Code authorizes the Court to award the Firm reasonable compensation for its actual and necessary financial advisory services rendered and reimbursement of actual and necessary expenses incurred in the rendering of those financial advisory services as counsel to the Committee in this case.  Bankruptcy Code § 330(a)(1)

provides as follows:

> (a)(1)   After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>
> (A)   reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)   reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

23.   This Application substantiates the total amount the Firm seeks for fees and expenses in accordance with this Court's standards applied to fee applications.  The factors that courts in this jurisdiction consider when making a discretionary award of reasonable attorneys' fees and reimbursable expenses were originally described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* Factors").  The Fifth Circuit has applied the *Johnson* Factors to the determination of awards of professionals' fees and expenses in bankruptcy cases.  *In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied* 431 U.S. 904 (1977).  Many of these *Johnson* Factors have now been codified at Bankruptcy Code § 330(a)(3).  11 U.S.C. § 330(a)(3).

24.   The *Johnson* Factors are summarized as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the financial advisory services; (4) the preclusion of other employment by the professionals due to acceptance of the bankruptcy case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amounts involved and the results obtained; (9) the experience, reputation and ability of the professionals; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship

with the client; and (12) awards in similar cases.[4]  Based upon the services described in this

Application, the Firm respectfully represents that it has fully satisfied the standards prescribed

by the *Johnson* Factors.

**The Time and Labor Required**

25.     Firm professionals and case assistants, in the performance of financial advisory

services, expended 6.5 hours during the Application Period, for a total fee of $3,575.00.  The

names of the professionals who worked on this case during the Application Period appear in the

Invoices and on the cover sheet attached to this Application.  The Firm submits that the time

and labor these professionals expended in the Bankruptcy Case are appropriate and reasonable

and that this *Johnson* Factor supports the Firm's requested award.  Further, the amount of time

multiplied by a reduced, and reasonable, fee suggests that the fee award is appropriate in this

Circuit under the "lodestar" doctrine.

**The Novelty and Difficulty of the Questions Presented**

26.     This Bankruptcy Case presents many novel and difficult questions.  Addressing

these questions have necessitated considerable financial advisory expertise.  In light of these

considerations, this *Johnson* Factor strongly favors awarding the Firm the fees and expenses it

has requested.

**The Skill Required to Perform the Services**

27.     Representing the Committee in this Bankruptcy Case required considerable skill

and expertise in bankruptcy issues.  The Firm has considerable experience in complex

---

[4] The factors enunciated in *Johnson* have been adopted by four other courts of appeals.  *See Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green*, 778 F.2d 890, 896 (1st Cir. 1985); *Harman v. Levin*, 772 F.2d 1151, 1152-53 (4th Cir. 1985); *Mann v. McCombs*, 751 F.2d 286, 287-88 (8th Cir. 1984); *Yermakov v. Fitzsimmons*, 718 F.2d 1465, 1471 (9th Cir. 1983).

bankruptcy matters.  Further, the Firm has been engaged as pension financial advisor in other creditors' committees in cases with abuse claims, and has experience in cases involving dioceses and archdioceses of the Catholic Church, and thus has a unique understanding of the structure and history of that institution and its sub-entities, and of the nature of its assets. Applicant submits that this expertise is also relevant as a factor suggesting a fee award under Local Rule 2016-1 (A)(13). The Firm employed professionals of varying levels of skill and expertise to efficiently resolve the issues in this case.  The Firm strived to limit the number of professionals who worked on this case and to use the most appropriate professional and case assistant staff for any given task.  For this reason, the compensation the Firm is requesting for the services rendered by its professionals compares favorably to the compensation awarded in other bankruptcy cases of a similar size and complexity.  This factor therefore supports the award the Firm has requested.

**<u>The Customary Fee</u>**

28.     The Firm computed the amount of compensation it seeks in this Application according to its customary rates, which rates the Firm previously disclosed in the Retention Application. The Firm also maintained detailed time and disbursement records for all financial advisory services for which it seeks compensation. The rates charged for the Firm's financial advisory services in this case are comparable to other similar-situated firms. Thus, the blended hourly rate on this matter of $800.00 per hour is reasonable and reflects market rates for pension financial advisory services in Chapter 11 bankruptcy cases of this size and complexity. Similarly, the amounts sought for the reimbursement of expenses reflect the prevailing rates for expense reimbursement by financial advisory firms similar in size and reputation to the Firm.

**Whether the Fee is Fixed or Contingent**

29.     The Firm's fees for services rendered in this Bankruptcy Case are based on its hourly rates, subject in all respects to this Court's approval.  The Firm has not requested any contingent fee in this Bankruptcy Case.

**Time Limitations Imposed by the Client or Other Circumstances**

30.     The Firm has had to respond to tight time constraints arising in this Bankruptcy Case.  Matters often arose throughout the Application Period that required the Firm's immediate attention.  This imposed time demands on the Firm's personnel and required them to devote considerable financial advisory resources to these matters.  Taken together, these considerations suggest that this *Johnson* Factor supports the fee award requested.

**The Amount Involved and the Results Obtained**

31.     The Invoices summarize the individual tasks that Firm personnel performed during the Application Period as well as the amounts charged for those tasks.  The total fees the Firm seeks to approve in this Application are $3,575.00.  This figure is commensurate with the Firm's achievements.  This *Johnson* Factor strongly supports the fee award requested.

**The Experience, Reputation, and Ability of the Professionals**

32.     The Firm's professionals have significant experience in bankruptcy, financial advisory and investigative matters, and have an excellent reputation in the bankruptcy and financial advisory communities.  In particular, the Firm's professional have appeared in bankruptcy cases throughout the United States and have provided services to secured creditors, unsecured creditors, creditors' committees, and debtors-in-possession.  The quality of the Firm's services is consistently high.  In addition, the Firm's professionals also speak and write on various financial, valuation, accounting and investigative topics throughout the country.  As

mentioned, the Firm has expertise in cases, such as this one, involving numerous abuse claims and sub-entities of the Catholic Church.  The substantial experience, reputation, and ability of the Firm's professionals working on this Bankruptcy Case favor granting the Firm the fee award it seeks.

### The "Undesirability" of the Bankruptcy Case

33.     From the Firm's perspective, serving as pension financial advisor to the Committee in this Bankruptcy Case was not undesirable.  However, bankruptcy cases involved abuse claims and religious entities can involve intensive and hard-fought disputes, for example, regarding the claims process and the recovery and liquidation of assets.  These concerns mean that any professional services firm being employed could face potential fee risk and other uncertainties. This factor therefore favors granting the Firm the award it has requested.

### The Nature and Length of the Professional Relationship with the Client

34.     The Firm has no prior professional relationship with the Committee, which was only formed after this case began.  However, members of the Firm have worked in similar matters, thus making the representation of the Committee more efficient.  For this reason, this *Johnson* Factor supports granting the Firm its fee award in this case.

### Awards in Similar Cases

35.     The fee award the Firm seeks compares favorably to awards granted in other bankruptcy cases with a size and complexity similar to this case, including cases in the Fifth Circuit.  In light of these considerations, this last *Johnson* factor also supports granting the Firm its award.

36.     In conclusion, the *Johnson* Factors favor granting the Firm the fee and expense award it seeks.

## X.    RESERVATION OF RIGHTS

37.     It is possible that some professional time expended or expenses incurred by Rock Creek are not reflected in this Application.  Rock Creek reserves the right to file a supplemental fee application to submit additional fees and expenses not previously included in the Application, or to include such time and costs in a future fee application.

## XI.    NO PRIOR REQUEST

38.     No prior application for the relief requested herein has been made to this or any other court.

## XII.    CONCLUSION

WHEREFORE, Rock Creek respectfully requests that this Court enter an order (i) awarding Rock Creek an interim allowance of fees for the Application Period in the amount of $3,575.00; (ii) authorizing and directing the Debtor to pay such allowed fees and costs, less amounts previously paid; and (iii) granting such other or additional relief as is just and proper.

 Dated:  March 27, 2025                                 Respectfully submitted,

                                                        *By: /s/ James Gansman*
                                                        James Gansman
                                                        Rock Creek Advisors, LLC
                                                        1738 Belmar Blvd
                                                        Belmar, NJ 07719
                                                        Email: jgansman@rockcreekfa.com

                                                        *Pension Financial Advisor to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| **Debtor.[1]** | § | |
| | § | |
| | § | |

---

**ORDER APPROVING TENTH INTERIM APPLICATION FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF ROCK CREEK ADVISORS, LLC AS
PENSION FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE PERIOD
<u>FROM NOVEMBER 1, 2024 THROUGH JANUARY 31, 2025</u>**

CAME ON for consideration the *Tenth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Rock Creek Advisors, LLC as Pension Financial Advisors for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period from November 1, 2024 through January 31, 2025* [**Docket No.        **] (the "<u>Application</u>") filed by Rock Creek Advisors, LLC (the "<u>Firm</u>") for the period from November 1, 2024 through January 31, 2025 (the "<u>Application Period</u>"). The Court finds that the Application was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure, with proper notice language incorporated therein. The Court, having examined the Application, and having determined on an interim basis whether the services and expenses as outlined in the Application were actual, reasonable and necessary in representing the

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

4928-1821-4191.2 05067.002

interests of the Committee, finds that just cause exists for entry of the following order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is **APPROVED** in its entirety. The Firm is allowed and awarded, on an interim basis, fees for services rendered in the amount of **$3,575.00** for the Application Period as an administrative expense claim under Bankruptcy Code § 503 against the estate of the Debtor.

2.      The Debtor is further authorized and directed to pay the balance of the Award to the Firm on an interim basis as an administrative expense claim under Bankruptcy Code § 503 against the estates of the Debtor, within ten (10) calendar days after the entry of this Order.

New Orleans, Louisiana, this _____ day of _____, 2025.

_____
**MEREDITH S. GRABILL**
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| Debtor.[1] | § | Objection Deadline:  January 10, 2025 |
| | § | |

---

**MONTHLY FEE AND EXPENSE STATEMENT OF**
**ROCK CREEK ADVISORS, LLC**
**AS PENSION FINANCIAL ADVISOR FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD NOVEMBER 1, 2024 – NOVEMBER 30, 2024**

1.       In accordance with Section XIII(B) of the Court's *December 4, 2019 General Order Regarding Procedures for Complex Chapter 11 Cases* (the "Complex Case Order"), Rock Creek Advisors, LLC ("Rock Creek" or the "Firm"), pension financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor"), hereby submits its **Monthly Fee and Expense Statement** (the "Statement") for the period from November 1, 2024 through November 30, 2024 (the "Statement Period") for the above-styled Chapter 11 bankruptcy case (the "Bankruptcy Case").

**RELIEF REQUESTED**

2.       The total amounts sought by Rock Creek for fees for professional services rendered and reimbursement of actual, reasonable, and necessary expenses incurred for the Statement Period are as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

| November 1, 2024 to November 30, 2024 | |
|---|---|
| Fees | $1,925.00 |
| Expenses | $   0.00 |
| **Total** | **$1,925.00** |

### SERVICES RENDERED AND EXPENSES INCURRED

3.      The Rock Creek timekeepers (collectively, the "Timekeepers") who rendered services to the Committee in connection with the Bankruptcy Case during the Statement Period, including the rate and fees earned by each Timekeeper, is attached hereto as **Exhibit A**.  Also included in **Exhibit A** is a schedule of fees incurred by Rock Creek during the Statement Period summarized by task code, along with the detailed time records which describe the time spent by each Rock Creek Timekeeper for the Statement Period.

4.      Rock Creek also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  At this time Rock Creek is not requesting reimbursement for any expenses incurred during the Statement Period but reserves the right to request reimbursement therefore in the future.

### SUMMARY OF FEE STATEMENTS AND APPLICATIONS SUBMITTED AND FILED

| Application Period | Requested | | Paid to Date | | Total Unpaid | |
|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 7/1/2022 – 7/31/2022 | $5,550.00 | $0.00 | $5,550.00 | $0.00 | $0.00 | N/A |
| 8/1/2022-8/31/2022 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 9/1/2022-9/30/2022 | $550.00 | $0.00 | $550.00 | $0.00 | $0.00 | N/A |
| 10/1/2022-10/31/2022 | $660.00 | $0.00 | $660.00 | $0.00 | $0.00 | N/A |
| 11/1/2022 – 11/30/2022 | $1,650.00 | $0.00 | $1,650.00 | $0.00 | $0.00 | N/A |
| 12/1/2022 – 12/31/2022 | $440.00 | $0.00 | $440.00 | $0.00 | $0.00 | N/A |
| 1/1/2023 – 1/31/2023 | $550.00 | $0.00 | $550.00 | $0.00 | $0.00 | N/A |
| 2/1/2023 – 2/28/2023 | $11,480.00 | $0.00 | $11,480.00 | $0.00 | $0.00 | N/A |

| | | | | | |
|---|---|---|---|---|---|
| 3/1/2023 – 3/31/2023 | $2,190.00 | $0.00 | $2,190.00 | $0.00 | $0.00 | N/A |
| 4/1/2023 – 4/30/2023 | $1,375.00 | $0.00 | $1,375.00 | $0.00 | $0.00 | N/A |
| 5/1/2023 – 5/31/2023 | $38,660.00 | $0.00 | $38,660.00 | $0.00 | $0.00 | N/A |
| 6/1/2023 – 6/30/2023 | $5,410.00 | $0.00 | $5,410.00 | $0.00 | $0.00 | N/A |
| 7/1/2023 – 7/31/2023 | $5,830.00 | $0.00 | $5,830.00 | $0.00 | $0.00 | N/A |
| 8/1/2023 – 8/31/2023 | $8,475.00 | $0.00 | $8,475.00 | $0.00 | $0.00 | N/A |
| 9/1/2023 – 9/30/2023 | $1,280.00 | $0.00 | $1,280.00 | $0.00 | $0.00 | N/A |
| 10/1/2023 – 10/31/2023 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 11/1/2023 – 11/30/2023 | $1,925.00 | $0.00 | $1,925.00 | $0.00 | $0.00 | N/A |
| 12/1/2023 – 12/31/2023 | $1,100.00 | $0.00 | $1,100.00 | $0.00 | $0.00 | N/A |
| 1/1/2024 – 1/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 2/1/2024 – 2/29/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 3/1/2024 – 3/31/2024 | $1,925.00 | $0.00 | $1,925.00 | $0.00 | $0.00 | N/A |
| 4/1/2024 – 4/30/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 5/1/2024 – 5/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 6/1/2024 – 6/30/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 7/1/2024 – 7/31/2024 | $1,925.00 | $0.00 | $1,540.00 | $0.00 | $385.00 | N/A |
| 8/1/2024 – 8/31/2024 | $825.00 | $0.00 | $0.00 | $0.00 | $825.00 | N/A |
| 9/1/2024 – 9/30/2024 | $825.00 | $0.00 | $0.00 | $0.00 | $825.00 | N/A |
| 10/1/2024 – 10/31/2024 | $825.00 | $0.00 | $0.00 | $0.00 | $825.00 | N/A |

## <u>NO PRIOR REQUEST</u>

5.      With respect to the amounts requested herein, as of the date of this Statement, Rock Creek has received no payments and no previous application for the relief sought herein has been made to this or any other Court.

## NOTICE AND OBJECTION PROCEDURES

6.      In accordance with the Interim Compensation Order, notice of the Statement has been served upon the following parties ("Notice Parties") as required by the Complex Case Order: (i) counsel for the Debtor, Mark Mintz, Esq., Jones Walker LLP, 201 St. Charles Ave, New Orleans, LA 70170-5100; (ii) counsel for the prepetition secured lender, Hancock Whitney Bank, David F. Waguespack, Esq., Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, L.L.C., 1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70163-1102; (iii) KS State Bank, 1010 Westloop, P.O. Box 69, Manhattan KS 66505-0069; (iv) Dell Financial Svc LP, Mail Stop P82DF, 23 One Dell Way, Round Rock TX 78682; (v) David S. Rubin, Butler Snow LLP, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802; (vi) Colleen Murphy, Greenberg Traurig, One International Place, Suite 2000, Boston, MA 02110; (vii) Annette Jarvis, Greenberg Traurig, 222 S. Main Street, Fifth Floor, Salt Lake City, UT 84101; and (viii) Amanda George, Esq., Office of The United States Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130; and (ix) Stewart Robbins Brown & Altazan, LLC, 301 Main Street, Suite 1640, P.O. Box 2348, Baton Rouge, LA 70821-2348.

7.      Also pursuant to the Complex Case Order, any objections to this Statement must be asserted on or before January 10, 2025 (the "Objection Deadline"), setting forth the nature of the objection and the specific amount of fees or expenses at issue.

8.      If no objections to the Statement are received on or before the Objection Deadline, the Debtor, pursuant to the Complex Case Order, is authorized to pay Rock Creek on an interim basis the total amount of $1,5400.00, which consists of eighty percent (80%) of Rock Creek's total fees of $1,925.00 for the Statement Period.

9.      To the extent an objection to the Statement is received on or before the Objection Deadline, the Debtor is to withhold payment of that portion of the Statement to which the objection

4

is directed and will promptly pay the remainder of the fees and disbursements in the percentages set forth above. To the extent such objection is not resolved, it shall be preserved and scheduled for consideration at the next interim fee application hearing.

Dated:  December 27, 2024                          Respectfully submitted,

                                                   By: /s/ James Gansman
                                                   James Gansman
                                                   Rock Creek Advisors, LLC
                                                   1738 Belmar Blvd
                                                   Belmar, NJ 07719
                                                   Email: jgansman@rockcreekfa.com

                                                   *Pension Financial Advisor to the Official*
                                                   *Committee of Unsecured Creditors*

5

# EXHIBIT A



James I Stang
Pachulski Stang Ziehl & Jones
10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067

December 18, 2024
Invoice #: 2279
Tax ID # 82-3649705

_____

Services Rendered from November 1, 2024 Through November 30, 2024

**RE:  The Official Committee of Unsecured Creditors for the Roman Catholic of the Archdiocese of New Orleans**

| | | |
|---|---|---|
| Professional Services | $    1,925.00 | USD |
| **CURRENT CHARGES** | **$    1,925.00** | **USD** |

Please direct questions regarding this invoice to: John Spencer at (203) 524-8990 or jspencer@rockcreekadvisor.com.

**Please remit wire/ACH payment to:**
Bank Name:            TD Bank N.A.
ABA #:                   026013673
Account Name:      ROCK CREEK ADVISORS, LLC
Account #:             4357257124

**Please remit check payment to:**
ROCK CREEK ADVISORS, LLC
1738 BELMAR BLVD
BELMAR, NJ  07719

**1738 Belmar Blvd**                                                                                          **Belmar, NJ 07719**



**Summary of Professional Services:**

| Name | Rate | Hours | Fee |
|---|---|---|---|
| Chris Peirce | 550.00 | 3.5 | 1,925.00 |
|  |  |  |  |
| Total Professional Services |  | 3.5 | 1,925.00 |

**Summary by Task:**

| Task | Hours | Fee |
|---|---|---|
| Fee Application | 3.5 | 1,925.00 |
| Total Tasks: | 3.5 | 1,925.00 |



**Detail of Professional Services:**

| Date | Task | Notes | Hours | Last Name | Billable Rate | Billable Amount |
|------|------|-------|-------|-----------|---------------|-----------------|
| 11/1424 | Fee Application | Review prior month time entries and complete fee statement and LEDES formatted file. | 1.5 | Peirce | 550.00 | 825.00 |
| 11/1424 | Fee Application | Prepare Ninth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses | 2.0 | Peirce | 550.00 | 1,100.00 |

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| **Debtor.**[1] | § | Objection Deadline:  February 12, 2025 |
| | § | |

---

**MONTHLY FEE AND EXPENSE STATEMENT OF**
**ROCK CREEK ADVISORS, LLC**
**AS PENSION FINANCIAL ADVISOR FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD DECEMBER 1, 2024 – DECEMBER 31, 2024**

1.      In accordance with Section XIII(B) of the Court's *December 4, 2019 General Order Regarding Procedures for Complex Chapter 11 Cases* (the "Complex Case Order"), Rock Creek Advisors, LLC ("Rock Creek" or the "Firm"), pension financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor"), hereby submits its **Monthly Fee and Expense Statement** (the "Statement") for the period from December 1, 2024 through December 31, 2024 (the "Statement Period") for the above-styled Chapter 11 bankruptcy case (the "Bankruptcy Case").

**RELIEF REQUESTED**

2.      The total amounts sought by Rock Creek for fees for professional services rendered and reimbursement of actual, reasonable, and necessary expenses incurred for the Statement Period are as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

| December 1, 2024 to December 31, 2024 | |
|---|---|
| Fees | $825.00 |
| Expenses | $  0.00 |
| **Total** | **$825.00** |

### SERVICES RENDERED AND EXPENSES INCURRED

3.      The Rock Creek timekeepers (collectively, the "Timekeepers") who rendered services to the Committee in connection with the Bankruptcy Case during the Statement Period, including the rate and fees earned by each Timekeeper, is attached hereto as **Exhibit A**.  Also included in **Exhibit A** is a schedule of fees incurred by Rock Creek during the Statement Period summarized by task code, along with the detailed time records which describe the time spent by each Rock Creek Timekeeper for the Statement Period.

4.      Rock Creek also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  At this time Rock Creek is not requesting reimbursement for any expenses incurred during the Statement Period but reserves the right to request reimbursement therefore in the future.

### SUMMARY OF FEE STATEMENTS AND APPLICATIONS SUBMITTED AND FILED

| Application Period | Requested | | Paid to Date | | Total Unpaid | |
|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 7/1/2022 – 7/31/2022 | $5,550.00 | $0.00 | $5,550.00 | $0.00 | $0.00 | N/A |
| 8/1/2022-8/31/2022 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 9/1/2022-9/30/2022 | $550.00 | $0.00 | $550.00 | $0.00 | $0.00 | N/A |
| 10/1/2022-10/31/2022 | $660.00 | $0.00 | $660.00 | $0.00 | $0.00 | N/A |
| 11/1/2022 – 11/30/2022 | $1,650.00 | $0.00 | $1,650.00 | $0.00 | $0.00 | N/A |
| 12/1/2022 – 12/31/2022 | $440.00 | $0.00 | $440.00 | $0.00 | $0.00 | N/A |
| 1/1/2023 – 1/31/2023 | $550.00 | $0.00 | $550.00 | $0.00 | $0.00 | N/A |
| 2/1/2023 – 2/28/2023 | $11,480.00 | $0.00 | $11,480.00 | $0.00 | $0.00 | N/A |

| | | | | | |
|---|---|---|---|---|---|
| 3/1/2023 – 3/31/2023 | $2,190.00 | $0.00 | $2,190.00 | $0.00 | $0.00 | N/A |
| 4/1/2023 – 4/30/2023 | $1,375.00 | $0.00 | $1,375.00 | $0.00 | $0.00 | N/A |
| 5/1/2023 – 5/31/2023 | $38,660.00 | $0.00 | $38,660.00 | $0.00 | $0.00 | N/A |
| 6/1/2023 – 6/30/2023 | $5,410.00 | $0.00 | $5,410.00 | $0.00 | $0.00 | N/A |
| 7/1/2023 – 7/31/2023 | $5,830.00 | $0.00 | $5,830.00 | $0.00 | $0.00 | N/A |
| 8/1/2023 – 8/31/2023 | $8,475.00 | $0.00 | $8,475.00 | $0.00 | $0.00 | N/A |
| 9/1/2023 – 9/30/2023 | $1,280.00 | $0.00 | $1,280.00 | $0.00 | $0.00 | N/A |
| 10/1/2023 – 10/31/2023 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 11/1/2023 – 11/30/2023 | $1,925.00 | $0.00 | $1,925.00 | $0.00 | $0.00 | N/A |
| 12/1/2023 – 12/31/2023 | $1,100.00 | $0.00 | $1,100.00 | $0.00 | $0.00 | N/A |
| 1/1/2024 – 1/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 2/1/2024 – 2/29/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 3/1/2024 – 3/31/2024 | $1,925.00 | $0.00 | $1,925.00 | $0.00 | $0.00 | N/A |
| 4/1/2024 – 4/30/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 5/1/2024 – 5/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 6/1/2024 – 6/30/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 7/1/2024 – 7/31/2024 | $1,925.00 | $0.00 | $1,540.00 | $0.00 | $385.00 | N/A |
| 8/1/2024 – 8/31/2024 | $825.00 | $0.00 | $0.00 | $0.00 | $825.00 | N/A |
| 9/1/2024 – 9/30/2024 | $825.00 | $0.00 | $0.00 | $0.00 | $825.00 | N/A |
| 10/1/2024 – 10/31/2024 | $825.00 | $0.00 | $0.00 | $0.00 | $825.00 | N/A |
| 11/1/2024 – 11/30/2024 | $1,925.00 | $0.00 | $0.00 | $0.00 | $1,925.00 | N/A |

### **NO PRIOR REQUEST**

5.     With respect to the amounts requested herein, as of the date of this Statement, Rock Creek has received no payments and no previous application for the relief sought herein has been made to this or any other Court.

## NOTICE AND OBJECTION PROCEDURES

6.      In accordance with the Interim Compensation Order, notice of the Statement has been served upon the following parties ("Notice Parties") as required by the Complex Case Order: (i) counsel for the Debtor, Mark Mintz, Esq., Jones Walker LLP, 201 St. Charles Ave, New Orleans, LA 70170-5100; (ii) counsel for the prepetition secured lender, Hancock Whitney Bank, David F. Waguespack, Esq., Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, L.L.C., 1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70163-1102; (iii) KS State Bank, 1010 Westloop, P.O. Box 69, Manhattan KS 66505-0069; (iv) Dell Financial Svc LP, Mail Stop P82DF, 23 One Dell Way, Round Rock TX 78682; (v) David S. Rubin, Butler Snow LLP, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802; (vi) Colleen Murphy, Greenberg Traurig, One International Place, Suite 2000, Boston, MA 02110; (vii) Annette Jarvis, Greenberg Traurig, 222 S. Main Street, Fifth Floor, Salt Lake City, UT 84101; and (viii) Amanda George, Esq., Office of The United States Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130; and (ix) Stewart Robbins Brown & Altazan, LLC, 301 Main Street, Suite 1640, P.O. Box 2348, Baton Rouge, LA 70821-2348.

7.      Also pursuant to the Complex Case Order, any objections to this Statement must be asserted on or before February 12, 2025 (the "Objection Deadline"), setting forth the nature of the objection and the specific amount of fees or expenses at issue.

8.      If no objections to the Statement are received on or before the Objection Deadline, the Debtor, pursuant to the Complex Case Order, is authorized to pay Rock Creek on an interim basis the total amount of $660.00, which consists of eighty percent (80%) of Rock Creek's total fees of $825.00 for the Statement Period.

9.      To the extent an objection to the Statement is received on or before the Objection Deadline, the Debtor is to withhold payment of that portion of the Statement to which the objection

is directed and will promptly pay the remainder of the fees and disbursements in the percentages

set forth above. To the extent such objection is not resolved, it shall be preserved and scheduled

for consideration at the next interim fee application hearing.

Dated: January 29, 2025                         Respectfully submitted,

                                                By: /s/ James Gansman
                                                James Gansman
                                                Rock Creek Advisors, LLC
                                                1738 Belmar Blvd
                                                Belmar, NJ 07719
                                                Email: jgansman@rockcreekfa.com

                                                *Pension Financial Advisor to the Official*
                                                *Committee of Unsecured Creditors*

4901-8157-9796.1 05067.002                      5

# EXHIBIT A



James I Stang
Pachulski Stang Ziehl & Jones
10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067

January 27, 2025
Invoice #: 2312
Tax ID # 82-3649705

_____

Services Rendered from December 1, 2024 Through December 31, 2024

**RE: The Official Committee of Unsecured Creditors for the Roman Catholic of the Archdiocese of New Orleans**

| | | | |
|---|---|---|---|
| Professional Services | $ | 825.00 | USD |
| **CURRENT CHARGES** | **$** | **825.00** | **USD** |

Please direct questions regarding this invoice to: John Spencer at (203) 524-8990 or jspencer@rockcreekadvisor.com.

**Please remit wire/ACH payment to:**
Bank Name:          TD Bank N.A.
ABA #:               026013673
Account Name:      ROCK CREEK ADVISORS, LLC
Account #:           4357257124

**Please remit check payment to:**
ROCK CREEK ADVISORS, LLC
1738 BELMAR BLVD
BELMAR, NJ  07719



**Summary of Professional Services:**

| Name | Rate | Hours | Fee |
|------|------|-------|-----|
| Chris Peirce | 550.00 | 1.5 | 825.00 |
| | | | |
| Total Professional Services | | 1.5 | 825.00 |

**Summary by Task:**

| Task | Hours | Fee |
|------|-------|-----|
| Fee Application | 1.5 | 825.00 |
| Total Tasks: | 1.5 | 825.00 |



**Detail of Professional Services:**

| Date | Task | Notes | Hours | Last Name | Billable Rate | Billable Amount |
|------|------|-------|-------|-----------|---------------|-----------------|
| 12/18/24 | Fee Application | Review prior month time entries and complete fee statement and LEDES formatted file. | 1.5 | Peirce | 550.00 | 825.00 |

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | **Case No. 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **Section "A"** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS** | § | **Chapter 11** |
| | § | |
| Debtor.[1] | § | Objection Deadline:  March 13, 2025 |
| | § | |

---

### MONTHLY FEE AND EXPENSE STATEMENT OF
### ROCK CREEK ADVISORS, LLC
### AS PENSION FINANCIAL ADVISOR FOR THE
### OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### FOR THE PERIOD JANUARY 1, 2025 – JANUARY 31, 2025

1.      In accordance with Section XIII(B) of the Court's *December 4, 2019 General Order Regarding Procedures for Complex Chapter 11 Cases* (the "Complex Case Order"), Rock Creek Advisors, LLC ("Rock Creek" or the "Firm"), pension financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor"), hereby submits its **Monthly Fee and Expense Statement** (the "Statement") for the period from January 1, 2025 through January 31, 2025 (the "Statement Period") for the above-styled Chapter 11 bankruptcy case (the "Bankruptcy Case").

### RELIEF REQUESTED

2.      The total amounts sought by Rock Creek for fees for professional services rendered and reimbursement of actual, reasonable, and necessary expenses incurred for the Statement Period are as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

| January 1, 2025 to January 31, 2025 | |
|---|---|
| Fees | $825.00 |
| Expenses | $   0.00 |
| **Total** | **$825.00** |

## SERVICES RENDERED AND EXPENSES INCURRED

3.      The Rock Creek timekeepers (collectively, the "Timekeepers") who rendered services to the Committee in connection with the Bankruptcy Case during the Statement Period, including the rate and fees earned by each Timekeeper, is attached hereto as **Exhibit A**.  Also included in **Exhibit A** is a schedule of fees incurred by Rock Creek during the Statement Period summarized by task code, along with the detailed time records which describe the time spent by each Rock Creek Timekeeper for the Statement Period.

4.      Rock Creek also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  At this time Rock Creek is not requesting reimbursement for any expenses incurred during the Statement Period but reserves the right to request reimbursement therefore in the future.

## SUMMARY OF FEE STATEMENTS AND APPLICATIONS SUBMITTED AND FILED

| Application Period | Requested | | Paid to Date | | Total Unpaid | |
|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 7/1/2022 – 7/31/2022 | $5,550.00 | $0.00 | $5,550.00 | $0.00 | $0.00 | N/A |
| 8/1/2022-8/31/2022 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 9/1/2022-9/30/2022 | $550.00 | $0.00 | $550.00 | $0.00 | $0.00 | N/A |
| 10/1/2022-10/31/2022 | $660.00 | $0.00 | $660.00 | $0.00 | $0.00 | N/A |
| 11/1/2022 – 11/30/2022 | $1,650.00 | $0.00 | $1,650.00 | $0.00 | $0.00 | N/A |
| 12/1/2022 – 12/31/2022 | $440.00 | $0.00 | $440.00 | $0.00 | $0.00 | N/A |
| 1/1/2023 – 1/31/2023 | $550.00 | $0.00 | $550.00 | $0.00 | $0.00 | N/A |
| 2/1/2023 – 2/28/2023 | $11,480.00 | $0.00 | $11,480.00 | $0.00 | $0.00 | N/A |
| 3/1/2023 – 3/31/2023 | $2,190.00 | $0.00 | $2,190.00 | $0.00 | $0.00 | N/A |

| | | | | | |
|---|---|---|---|---|---|
| 4/1/2023 – 4/30/2023 | $1,375.00 | $0.00 | $1,375.00 | $0.00 | $0.00 | N/A |
| 5/1/2023 – 5/31/2023 | $38,660.00 | $0.00 | $38,660.00 | $0.00 | $0.00 | N/A |
| 6/1/2023 – 6/30/2023 | $5,410.00 | $0.00 | $5,410.00 | $0.00 | $0.00 | N/A |
| 7/1/2023 – 7/31/2023 | $5,830.00 | $0.00 | $5,830.00 | $0.00 | $0.00 | N/A |
| 8/1/2023 – 8/31/2023 | $8,475.00 | $0.00 | $8,475.00 | $0.00 | $0.00 | N/A |
| 9/1/2023 – 9/30/2023 | $1,280.00 | $0.00 | $1,280.00 | $0.00 | $0.00 | N/A |
| 10/1/2023 – 10/31/2023 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 11/1/2023 – 11/30/2023 | $1,925.00 | $0.00 | $1,925.00 | $0.00 | $0.00 | N/A |
| 12/1/2023 – 12/31/2023 | $1,100.00 | $0.00 | $1,100.00 | $0.00 | $0.00 | N/A |
| 1/1/2024 – 1/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 2/1/2024 – 2/29/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 3/1/2024 – 3/31/2024 | $1,925.00 | $0.00 | $1,925.00 | $0.00 | $0.00 | N/A |
| 4/1/2024 – 4/30/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 5/1/2024 – 5/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 6/1/2024 – 6/30/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 7/1/2024 – 7/31/2024 | $1,925.00 | $0.00 | $1,540.00 | $0.00 | $0.00 | N/A |
| 8/1/2024 – 8/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 9/1/2024 – 9/30/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 10/1/2024 – 10/31/2024 | $825.00 | $0.00 | $825.00 | $0.00 | $0.00 | N/A |
| 11/1/2024 – 11/30/2024 | $1,925.00 | $0.00 | $0.00 | $0.00 | $1,925.00 | N/A |
| 12/1/2024 – 12/31/2024 | $825.00 | $0.00 | $0.00 | $0.00 | $825.00 | N/A |

## <u>NO PRIOR REQUEST</u>

5.     With respect to the amounts requested herein, as of the date of this Statement, Rock Creek has received no payments and no previous application for the relief sought herein has been made to this or any other Court.

## NOTICE AND OBJECTION PROCEDURES

6.      In accordance with the Interim Compensation Order, notice of the Statement has been served upon the following parties ("Notice Parties") as required by the Complex Case Order: (i) counsel for the Debtor, Mark Mintz, Esq., Jones Walker LLP, 201 St. Charles Ave, New Orleans, LA 70170-5100; (ii) counsel for the prepetition secured lender, Hancock Whitney Bank, David F. Waguespack, Esq., Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, L.L.C., 1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70163-1102; (iii) KS State Bank, 1010 Westloop, P.O. Box 69, Manhattan KS 66505-0069; (iv) Dell Financial Svc LP, Mail Stop P82DF, 23 One Dell Way, Round Rock TX 78682; (v) David S. Rubin, Butler Snow LLP, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802; (vi) Colleen Murphy, Greenberg Traurig, One International Place, Suite 2000, Boston, MA 02110; (vii) Annette Jarvis, Greenberg Traurig, 222 S. Main Street, Fifth Floor, Salt Lake City, UT 84101; and (viii) Amanda George, Esq., Office of The United States Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130; and (ix) Stewart Robbins Brown & Altazan, LLC, 301 Main Street, Suite 1640, P.O. Box 2348, Baton Rouge, LA 70821-2348.

7.      Also pursuant to the March 13, 2025 (the "Objection Deadline"), setting forth the nature of the objection and the specific amount of fees or expenses at issue.

8.      If no objections to the Statement are received on or before the Objection Deadline, the Debtor, pursuant to the Complex Case Order, is authorized to pay Rock Creek on an interim basis the total amount of $660.00, which consists of eighty percent (80%) of Rock Creek's total fees of $825.00 for the Statement Period.

9.      To the extent an objection to the Statement is received on or before the Objection Deadline, the Debtor is to withhold payment of that portion of the Statement to which the objection is directed and will promptly pay the remainder of the fees and disbursements in the percentages

set forth above. To the extent such objection is not resolved, it shall be preserved and scheduled

for consideration at the next interim fee application hearing.

Dated:  February 27, 2025                    Respectfully submitted,

                                             By: /s/ James Gansman
                                             James Gansman
                                             Rock Creek Advisors, LLC
                                             1738 Belmar Blvd
                                             Belmar, NJ 07719
                                             Email:  jgansman@rockcreekfa.com

                                             *Pension Financial Advisor to the Official*
                                             *Committee of Unsecured Creditors*

# EXHIBIT A



James I Stang                                                                February 26, 2025
Pachulski Stang Ziehl & Jones                                               Invoice #: 2342
10100 Santa Monica Blvd.                                                Tax ID # 82-3649705
13th Floor
Los Angeles, CA 90067

_____

Services Rendered from January 1, 2025 Through January 31, 2025

**RE:  The Official Committee of Unsecured Creditors for the Roman Catholic of the Archdiocese of New Orleans**

| | | | |
|---|---|---|---|
| Professional Services | $ | <u>825.00</u> | USD |
| **CURRENT CHARGES** | **$** | **825.00** | **USD** |

Please direct questions regarding this invoice to: John Spencer at (203) 524-8990 or jspencer@rockcreekadvisor.com.

**Please remit wire/ACH payment to:**
Bank Name:              TD Bank N.A.
ABA #:                    026013673
Account Name:        ROCK CREEK ADVISORS, LLC
Account #:              4357257124

**Please remit check payment to:**
ROCK CREEK ADVISORS, LLC
1738 BELMAR BLVD
BELMAR, NJ  07719



**Summary of Professional Services:**

| Name | Rate | Hours | Fee |
|------|------|-------|-----|
| Chris Peirce | 550.00 | 1.5 | 825.00 |
| | | | |
| Total Professional Services | | 1.5 | 825.00 |

**Summary by Task:**

| Task | Hours | Fee |
|------|-------|-----|
| Fee Application | 1.5 | 825.00 |
| Total Tasks: | 1.5 | 825.00 |



**Detail of Professional Services:**

| Date | Task | Notes | Hours | Last Name | Billable Rate | Billable Amount |
|------|------|-------|-------|-----------|---------------|-----------------|
| 1/27/24 | Fee Application | Review prior month time entries and complete fee statement and LEDES formatted file. | 1.5 | Peirce | 550.00 | 825.00 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby caused a copy of the foregoing *Application* to be served on March 27, 2025 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* through the Master Service List via first-class United States mail, postage prepaid, to be sent on March 27, 2025.

*/s/ Nancy H. Brown*
Nancy H. Brown