## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | Section "A" |
| | Chapter 11 |
| Debtor.[1] | |

### FOURTEENTH INTERIM APPLICATION OF JONES WALKER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AS COUNSEL TO THE DEBTOR AND THE DEBTOR IN POSSESSION, FOR THE PERIOD FROM NOVEMBER 1, 2024 THROUGH FEBRUARY 28, 2025

A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 17, 2025, AT 1:30 P.M. AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B-709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO USING HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA  70125.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | Section "A" |
| | Chapter 11 |
| Debtor.[2] | |

**SUMMARY SHEET FOR FOURTEENTH INTERIM APPLICATION OF
JONES WALKER LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES, AS COUNSEL TO THE DEBTOR AND THE
DEBTOR IN POSSESSION, FOR THE PERIOD FROM
NOVEMBER 1, 2024 THROUGH FEBRUARY 28, 2025**

| Name of Applicant: | Jones Walker LLP |
|---|---|
| Authorized to Provide Services to: | The Debtor and Debtor-in-Possession |
| Petition Date: | May 1, 2020 |
| Retention Date: | June 19, 2020 *nunc pro tunc* to May 1, 2020 |
| Time Period Covered by this Application: | November 1, 2024 – February 28, 2025 |
| Total Fees Sought to be Allowed in this Application: | $713,279.00 |
| Total Expenses Sought to be Allowed in this Application: | $29,528.95 |
| Total Fees Approved by Interim Order to Date: | $11,573,236.00[3] |
| Total Expenses Approved by Interim Order to Date: | $315,725.90 |
| Total Fees Paid Pursuant to Prior Fee Applications: | $11,573,236.00 |
| Total Expenses Paid Pursuant to Prior Fee Applications: | $315,725.90 |
| Blended Rate in this Application for all Attorneys: | $384.54 |
| Blended Rate in this Application for all Timekeepers: | $365.71 |
| Number of Professionals in this Application: | 22 |
| If Applicable, Number of Professionals Included in this Application but not Included in Staffing Plan: | 0 |
| Number of Professionals Billing Fewer than 15 Hours in Connection with this Application: | 10 |
| Are Any Rates Higher than Those Approved or Disclosed at Retention? | Yes, *see* ECF No. 2371 |
| Remaining Balance of Pre-Petition Retainer: | $0.00 |

This is a(n): ___ monthly _X_ interim ___ final application

---

[2] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[3] This amount reflects the reduction of fees by $60,000.00 to Jones Walker's First Interim Fee Application, which was agreed to with the U.S. Trustee's Office and acknowledged in the *Order Approving First Interim Application of Jones Walker LLP For Allowance of Compensation and Reimbursement of Expenses, as Counsel to the Debtor and the Debtor In Possession, for the Period from May 1, 2020 through September 30, 2020* [ECF No. 682].

2

COMES NOW, Jones Walker LLP ("Jones Walker"), pursuant to §§ 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), *General Order 2019-4,* section XIII, which establishes procedures for Professional Retention, Compensation, and Reimbursement of Expenses (the "Complex Case Procedures"), and the *Order Approving Employment of Jones Walker LLP as Attorneys for the Debtor* [ECF No. 170] (the "Retention Order"), and who hereby submits this Fourteenth Fee Application (the "Fourteenth Fee Application"), seeking interim approval and allowance of compensation and reimbursement of expenses incurred as counsel to the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), for the period from November 1, 2024 through February 28, 2025.  In support of this Fourteenth Fee Application, Jones Walker respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On May 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.       The Debtor remains in possession of its property and is managing its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3

5.      The Office of the United States Trustee (the "UST") appointed the Official Committee of Unsecured Creditors (the "Committee") on May 20, 2020 [ECF No. 94], which Committee was reconstituted on June 10, 2020 [ECF No. 151], October 8, 2020 [ECF No. 478], June 7, 2022 [ECF No. 1575], June 21, 2022 [ECF No. 1618], and February 13, 2023 [ECF No. 2081].  The UST appointed the Official Committee of Commercial Unsecured Creditors (the "Commercial Committee") on March 5, 2021 [ECF Nos. 772 & 792].

6.      The Debtor retained Jones Walker as its counsel *nunc pro tunc* to the Petition Date, pursuant to the Retention Order, which was entered on June 19, 2020 [ECF No. 170].

7.      The Retention Order authorizes Jones Walker to apply for compensation for professional services rendered and reimbursement of expenses incurred in compliance with §§ 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Complex Case Procedures, and any other applicable procedures and orders of the Court. The Retention Order also directs Jones Walker to make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the UST Guidelines.

8.      As further explained in the *Application to Employ Jones Walker LLP as Attorneys for the Debtor* [ECF No. 75] (the "Retention Application"), Jones Walker agreed to be compensated on an hourly basis.

9.      To date, Jones Walker has submitted the following applications for interim approval and allowance of compensation and reimbursement of expenses:

#103640723v1

| Fee Application (Period) | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|
| First Interim Application (5/1/20 – 9/30/20) | $2,092,461.00 | $76,168.58 | $2,032,461.00 | $76,168.58 |
| Second Interim Application (10/1/20 – 1/31/21) | $1,120,960.00 | $17,958.76 | $1,120,960.00 | $17,958.76 |
| Third Interim Application (2/1/21 – 5/31/21) | $1,040,201.00 | $23,009.27 | $1,040,201.00 | $23,009.27 |
| Fourth Interim Application (6/1/21 – 9/30/21) | $1,180,440.50 | $16,811.60 | $1,180,440.50 | $16,811.60 |
| Fifth Interim Application (10/1/21 – 1/31/22) | $1,038,247.50 | $22,426.49 | $1,038,247.50 | $22,426.49 |
| Sixth Interim Application (2/1/22 – 5/31/22) | $1,127,452.00 | $25,650.80 | $1,127,452.00 | $25,650.80 |
| Seventh Interim Application (6/1/22 – 10/31/22) | $1,275,789.00 | $35,822.71 | $1,275,789.00 | $35,822.71 |
| Eighth Interim Application (11/1/22 – 2/28/23) | $841,486.00 | $33,743.87 | $841,486.00 | $33,743.87 |
| Ninth Interim Application (3/1/23 – 6/30/23) | $967,481.00 | $30,606.49 | $967,481.00 | $30,606.49 |
| Tenth Interim Application (7/1/23 – 10/31/23) | $948,718.00 | $33,527.33 | $948,718.00 | $33,527.33 |
| Eleventh Interim Application (11/1/23 – 2/29/24) | $857,676.00 | $30,595.15 | $0.00 | $0.00 |
| Twelfth Interim Application (3/1/24 – 6/30/24) | $824,179.00 | $25,310.39 | $0.00 | $0.00 |
| Thirteenth Interim Application (7/1/24 – 10/31/24) | $862,649.00 | $28,156.53 | $0.00 | $0.00 |

#103640723v1

## REQUEST FOR APPROVAL OF FEES AND EXPENSES

10.     This Application covers the period from November 1, 2024 through February 28, 2025 (the "Fourteenth Interim Fee Period").  By this Application, Jones Walker seeks interim approval and allowance of fees in the amount of $713,279.00 and reimbursement of expenses in the amount of $29,528.95.  The total number of hours expended during the Fourteenth Interim Fee Period for which compensation is sought is approximately 1,950.40 hours.

## PRIOR MONTHLY FEE STATEMENTS

11.     In accordance with this Court's Complex Case Procedures, Jones Walker has submitted to the Debtor and to other Professional Fee Notice Parties (as defined in the Complex Case Procedures) its Forty-Seventh, Forty-Eighth, Forty-Ninth, and Fiftieth Monthly Fee Statements (each a "Monthly Fee Statement").

12.     The Complex Case Procedures authorize the Debtor to pay Jones Walker 80% of fees and 100% of expenses identified in each Monthly Fee Statement to which no objection has been served.  The applicable objection periods have expired in connection with Jones Walker's Forty-Seventh, Forty-Eighth, and Forty-Ninth Monthly Fee Statements.  Jones Walker did not receive any formal objections in response to these fee statements.

13.     The following is a summary of the amounts requested by Jones Walker and paid by the Debtor pursuant to Monthly Fee Statements relating to the Fourteenth Interim Fee Period:

| Monthly Fee Statement (Period) | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid |
|---|---|---|---|---|
| Forty-Seventh Monthly Fee Statement (11/1/24 – 11/30/24) | $122,166.40 (80% of $152,708.00) | $7,257.45 | $122,166.40 | $7,257.45 |

6

| | | | | |
|---|---|---|---|---|
| Forty-Eighth Monthly Fee Statement (12/1/24 – 12/31/24) | $136,613.60 (80% of $170,767.00) | $7,404.40 | $136,613.60 | $7,404.40 |
| Forty-Ninth Monthly Fee Statement (1/1/25 – 1/31/25) | $174,850.40 (80% of $218,563.00) | $8,198.62 | $0.00 | $0.00 |
| Fiftieth Monthly Fee Statement (2/1/25 – 2/28/25) | $136,992.00 (80% of $171,241.00) | $6,668.48 | $0.00 | $0.00 |

## FEES AND EXPENSES

14.     Jones Walker is handling this Chapter 11 Case and approximately 32 other proceedings on behalf of the Debtor (the "Litigation Matters").

15.     Jones Walker has voluntarily capped its rates in this Chapter 11 Case at $490.00, enabling it to staff the case with its most experienced attorneys who are knowledgeable about the issues in this case.  Considering Jones Walker's reduced hourly rates, the amounts requested in this Application represent voluntary reductions by Jones Walker totaling approximately $409,234.[4]

16.     Attached hereto as **Exhibit A** are summary sheets for this Chapter 11 Case during the Fourteenth Interim Fee Period.  Each summary sheet contains the following:

a.   A list of the Jones Walker professionals performing legal services on behalf of the Debtor during the Fourteenth Interim Fee Period, along with their respective titles, practice areas, years of admission, hourly billing rates, total hours billed, and total fees billed;

b.   A breakdown, by project category, of the services rendered and compensation sought by Jones Walker during the Fourteenth Interim Fee Period; and

---

[4] This does not take into account entries on the invoices billed at "no charge."

c. An itemization of expenses incurred and for which reimbursement is sought, by expense category, during the Fourteenth Interim Fee Period.

17. Attached hereto as **Exhibit B** are customary and comparable compensation disclosures for the Fourteenth Interim Fee Period.

18. Attached hereto as **Exhibit C** is a budget and staffing plan for the Fourteenth Interim Fee Period.

19. Attached hereto as **Exhibit D** is a copy of the Forty-Seventh Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the period from November 1, 2024 through November 30, 2024, consisting of contemporaneously maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

20. Attached hereto as **Exhibit E** is a copy of the Forty-Eighth Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the period from December 1, 2024 through December 31, 2024, consisting of contemporaneously maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

21. Attached hereto as **Exhibit F** is a copy of the Forty-Ninth Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the period from January 1, 2025 through January 31, 2025, consisting of contemporaneously maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

22. Attached hereto as **Exhibit G** is a copy of the Fiftieth Monthly Fee Statement submitted by Jones Walker, which contains records of Jones Walker's fees incurred during the

period from February 1, 2025 through February 28, 2025, consisting of contemporaneously maintained time entries for each professional in increments of tenths (1/10) of an hour and an itemization of expenses.

23.     Finally, attached hereto as **Exhibit H** is a proposed order granting the relief requested herein.

## SUMMARY OF SERVICES RENDERED TO THE DEBTOR
## DURING THE FOURTEENTH INTERIM FEE PERIOD

24.     The following summary of services rendered during the Fourteenth Interim Fee Period is not intended to be a detailed or exhaustive description of the work performed.  Rather, it merely highlights certain categories in which significant services were rendered by Jones Walker. Detailed descriptions of the day-to-day services provided by Jones Walker and the time expended performing such services in each project billing category are attached to the Monthly Fee Statements in **Exhibits D-G**.

### a.  *Discovery.*

25.     On December 3, 2025, the Court issued an *Order* [ECF No. 3554] directing all parties in interest to file formal or informal discovery requests pursuant to Bankruptcy Rule 2004 on the Debtor or any other party in interest on or before December 6, 2024.  The Order also directed the Debtor and all parties in interest to respond to the discovery requests as soon as practicable on a rolling basis through and including January 3, 2025.  As such, during the Fourteenth Interim Fee Period, Jones Walker's professionals expended substantial time receiving and reviewing numerous discovery requests, gathering and reviewing documents to respond to the discovery requests, and drafting written responses and objections to certain of the requests.  Jones Walker worked with certain parties in interest to address any outstanding issues with respect to the Debtor's productions.

26.     Further, in connection with the discovery, two of the Debtor's excess insurance carriers sought an Order compelling the Debtor to produce certain categories of documents. Jones Walker responded to the motion to compel, negotiated a consensual resolution with the excess insurance carriers [ECF No. 3759], and coordinated supplemental productions.

### b. *Plan Issues and Mediation Efforts.*

27.     Both the Debtor and the Committee have filed proposed plans of reorganization. [ECF Nos. 3382 & 3384]. During the Fourteenth Interim Fee Period, Jones Walker's professionals continued to strategize on issues related to the proposed plans of reorganization. As part of this process, Jones Walker spent time supplementing and revising various documents and pleadings related to the Debtor's Plan [ECF No. 3384] and Disclosure Statement [ECF No. 3385] and participating in numerous internal conferences and conferences with the Debtor and other parties in interest. Jones Walker continued to discuss non-monetary proposals with Committee counsel, and on November 7, 2024, the Debtor and the Committee jointly filed the *Notice of Joint Filing of Non-Monetary Plan Provisions to Foster Child Protection and Prevent Child Sexual Abuse* [ECF No. 3471] (the "Non-Monetary Plan Provisions").

28.     Jones Walker continued to review and analyze the *Chapter 11 Plan of Reorganization Proposed by the Official Committee of Unsecured Creditors* [ECF No. 3382] (the "Committee's Plan"). Additionally, Jones Walker's professionals received and reviewed the *Motion for Entry of an Order (I) Approving the Committee's Disclosure Statement and the Form, Manner, and Sufficiency of Notice of the Disclosure Statement Hearing, (II) Approving the Committee's Solicitation, Voting, and Balloting Procedures, (III) Approving Forms of Ballots, the Solicitation Package, and Related Notices, (IV) Scheduling a Confirmation Hearing and*

10

*Establishing Notice and Objection Procedures for Confirmation of the Committee's Chapter 11 Plan, and (V) Granting Related Relief* [ECF No. 3493].

29.     During the Fourteenth Interim Fee Period, Jones Walker participated in a status conference regarding plan mechanics. Jones Walker's professionals reviewed statements filed ahead of the status conference [ECF No. 3642 & 3668] and prepared accordingly.

30.     With respect to mediation efforts, Jones Walker participated in countless mediation-related discussions, prepared mediation statements, and attended discrete mediation sessions with the Committee and Argent Institutional Trust Company during the Fourteenth Interim Fee Period.  Jones Walker also prepared and litigated the *Joint Expedited Motion to Appoint Judge Christopher Sontichi (Ret.) as Additional Mediator* [ECF No. 3672], which sought to appoint the Hon. Christopher Sontchi (Ret.) as an additional mediator to assist the primary constituents in this Chapter 11 Case in reaching a consensual plan of reorganization.

### c.   *Rule 706 Expert Witness.*

31.     Mr. Meghji submitted his Expert Report [ECF No. 3436] on October 23, 2024. During the Fourteenth Interim Fee Period, Jones Walker analyzed the Expert Report, drafted the *Debtor's Response to Rule 706 Expert Witness' Report* [ECF No. 3484], and reviewed numerous responses to the Expert Report filed by other parties in interest [ECF Nos. 3440, 3478, 3488, & 3488]. Jones Walker also participated in a status conference on the Expert Report during the Fourteenth Interim Fee Period.

### d.   *Real Estate Sales.*

32.     During the Fourteenth Interim Fee Period, Jones Walker's professionals continued to work with the Debtor's real estate broker and numerous parties in interest to effectuate sales of real estate.  In particular, Jones Walker's professionals drafted motions for authority to sell 2908

11

S. Carrollton Avenue [ECF No. 3517], 1914 Dauphine Steet [ECF No. 3518], and 69033 Riverbend Drive [ECF No. 3519]. In connection therewith, Jones Walker prepared for, participated in, and effectuated the closings of the sales [ECF Nos. 3605, 3631, & 3635]. Jones Walker also successfully addressed attempts to intervene and object to the sales.

33.     In addition, Jones Walker continued to coordinate and participate in regular calls with the Debtor's real estate broker and counsel for the Committees to provide visibility into the real estate disposition process.

> ### e.   Motions for Leave to File Sexual Abuse Survivor Proofs of Claim and Abuse Claim Analysis.

34.     During the Fourteenth Interim Fee Period, Jones Walker received and reviewed numerous Motions for Leave to File Sexual Abuse Survivor Claims and negotiated and prepared stipulations resolving such motions. Pursuant to the stipulations, the parties agreed that certain claimants may file a proof of claim, but the Archdiocese and all parties in interest maintain and reserve their rights to object to the claims on any basis.

35.     Additionally, Jones Walker reviewed additional late-filed abuse proofs of claim and supplemented its claims analyses to reflect the same.

> ### f.   Monthly Operating Reports.

36.     During the Fourteenth Interim Fee Period, Jones Walker coordinated the preparation and filing of monthly operating reports for the months of October, November, December, and January. Among other things, Jones Walker reviewed and finalized schedules compiled by the Debtor's representatives and financial advisors and prepared disclosures regarding professional fee payments to estate professionals. Jones Walker also addressed follow-up questions regarding such reports.

#103640723v1

### g.  *Interim Fee Applications.*

37.    Additionally, Jones Walker prepared, revised, and served four monthly fee statements for each of the following Debtor professionals: Jones Walker; Carr, Riggs & Ingram ("CRI"); Blank Rome LLP ("Blank Rome"); and Keegan Linscott & Associates, PC ("KLA").  In connection with preparing these fee statements, Jones Walker, among other things: (i) reviewed extensive billing prebills to ensure that time narratives and costs incurred complied with the UST Guidelines and local rules and regulations for interim compensation; and (ii) broke down time and fees billed by timekeeper and task category, in accordance with the UST Guidelines.

38.    During the Fourteenth Interim Fee Period, Jones Walker also prepared, revised, and filed an interim fee application for each of Jones Walker [ECF No. 3525], CRI [ECF No. 3524], Blank Rome [ECF No. 3522], and KLA [ECF No. 3523].  In preparing the fee applications, Jones Walker, among other things: (i) drafted a comprehensive list of services rendered for the relevant time periods; (ii) applied the *Johnson* factors to evidence that the services rendered to the Debtor were performed efficiently and effectively; and (iii) addressed unanticipated issues that arose in the preparation of the fee applications.

39.    Further, during the Fourteenth Interim Fee Period, Jones Walker continued to review other professional's fee statements and fee applications and work with other estate professionals to be more efficient and cost effective.  Jones Walker's professionals reviewed and analyzed approximately ten (10) interim fee applications during the Fourteenth Interim Fee Period. Jones Walker worked with the Debtor throughout the Fourteenth Interim Fee Period to ensure continued payment of outstanding amounts owed to the retained professionals.

### h.  *Other Case Administration Tasks.*

40.    During the Fourteenth Interim Fee Period, Jones Walker participated in planning

and strategy conferences and coordinated tasks among Jones Walker professionals to ensure efficiency and to avoid duplication of efforts. Jones Walker also participated in numerous calls and regularly scheduled meetings with the Debtor's leadership and other professionals to coordinate with respect to open business and legal issues facing the Debtor.

41.     In addition, Jones Walker continued to engage in regular discussions with counsel for the Committee, the Commercial Committee, and other parties in interest regarding a wide variety of issues and responded to multiple inquiries concerning this Chapter 11 Case.

42.     All of the services for which compensation is requested by Jones Walker were performed for, or on behalf of, the Debtor, and not on behalf of any creditor, examiner, trustee, or any other entity. In addition, Jones Walker has not entered into any agreements to fix fees or to share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

## **REASONABLENESS OF FEES AND EXPENSES**

43.     As set forth in the charts attached hereto as **Exhibit A** and further detailed in the itemized time records attached hereto as **Exhibits D-G**, the professionals of Jones Walker expended a total of 1,950.40 hours during the Fourteenth Interim Fee Period. Jones Walker has charged hourly rates for work of this character. The reasonable value of the services rendered by Jones Walker to the Debtor during the Fourteenth Interim Fee Period is $713,279.00.

44.     In accordance with the factors enumerated in § 330 of the Bankruptcy Code, Jones Walker respectfully submits that the foregoing amounts requested are fair and reasonable given (a) the complexity of this Chapter 11 Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services for non-bankruptcy cases. Moreover, Jones Walker has reviewed the requirements set forth in Local Rule 2016-1 and believes this Application complies with such Rule. As explained above, Jones Walker

14

has voluntarily capped its rates in this Chapter 11 Case at $490, enabling it to staff the case with its most experienced attorneys who are knowledgeable about the issues in this case.  Taking into account Jones Walker's reduced hourly rates, the amounts requested in this Application represent voluntary reductions by Jones Walker totaling approximately $409,234.[5]

## ACTUAL AND NECESSARY DISBURSEMENTS

45.     As set forth in **Exhibit A**, a total of $29,528.95 of actual, necessary expenses were incurred by Jones Walker during the Fourteenth Interim Fee Period.  Jones Walker's disbursement policies pass through all expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEY'S FEES

46.     Bankruptcy Code § 330 authorizes the Court to award professional persons employed pursuant to Bankruptcy Code § 327 reasonable compensation for actual and necessary services rendered and reimbursement for actual and necessary expenses incurred.  *See* 11 U.S.C. § 330.  Specifically, Bankruptcy Code § 330(a) provides:

(1)     After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103-

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses . . .

* * *

(3)     In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall

---

[5] This does not take into account entries on the invoices billed at "no charge."

#103640723v1

consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

(A)   the time spent on such services;

(B)   the rates charged for such services;

(C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(1) and (a)(3).

47.     The Fifth Circuit traditionally has used the lodestar method to calculate reasonable attorneys' fees. *See Combs v. City of Huntington Texas,* 829 F.3d 388, 392 (5th Cir. 2016); *see also In re Fender,* 12 F.3d 480, 487 (5th Cir. 1994). The lodestar is derived by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. *See Shipes v. Trinity Indus*., 987 F.2d 311, 319 (5th Cir. 1993). A court then may adjust the lodestar up or down based on the factors contained in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Am. Benefit Life Ins. Co. v. Braddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1298 (5th Cir. 1977) (applying the *Johnson* factors in the bankruptcy context). The *Johnson* factors include: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the professional services properly; (4) the preclusion of other employment by the professional due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results

16

obtained; (9) the experience, reputation and ability of the professionals; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19; *see also In re ASARCO LLC*, No. 05-21207, 2011 WL 2975691, at *7 (Bankr. S.D. Tex. July 20, 2011) (applying the *Johnson* factors).

48.     As more fully set forth below, Jones Walker respectfully submits that the *Johnson* factors and the elements governing awards of compensation pursuant to Bankruptcy Code §§ 330 and 331 justify the allowance of the fees and expenses incurred in its representation of the Debtor during the Fourteenth Interim Fee Period.

## APPLICATION OF THE *JOHNSON* FACTORS

49.     The professional services rendered by Jones Walker during the Fourteenth Interim Fee Period required a high degree of professional competence and expertise.  Jones Walker submits that the services rendered to the Debtor were performed efficiently and effectively, and that the results obtained have provided tangible, identifiable, and material benefits to the Debtor's estate.

**I.**     **The Time and Labor Required.**

50.     As stated above, Jones Walker's professionals have expended 1,950.40 hours during the Fourteenth Interim Fee Period in the representation of the Debtor.  All of the time spent was necessary and appropriate for the representation of the Debtor in this Chapter 11 Case.  This is especially true when considering the nature and urgency of the issues and tasks that arose in this Chapter 11 Case, including, among other things, the time and skill required to respond to the various discovery requests propounded during the Fourteenth Interim Fee Period.

51.     Jones Walker's representation of the Debtor has required it to balance the need to provide quality services with the need to act quickly and to represent the Debtor in an effective,

17

efficient, and timely manner.  Jones Walker submits that the hours spent were reasonable given the size and complexity of this case, and the significant, and often times urgent, legal issues raised.

**II.      The Novelty and Difficulty of the Questions Involved.**

52.      This Chapter 11 Case is designated as a "complex" case and involves a significant number of complex issues in the areas of restructuring, finance, insurance coverage, and tort law. *See Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [ECF No. 18].   As such, Jones Walker's services to the Debtor involve intricate, novel, and difficult questions.

**III.     The Skill Required to Perform the Professional Services Properly.**

53.      Jones Walker believes that its recognized expertise has facilitated the resolution of certain matters in connection with this Chapter 11 Case and benefited the Debtor's estate.  Due to the nature and complexity of the legal issues presented in this case, Jones Walker was required to exhibit a high degree of legal skill.  Additionally, Jones Walker's strong working relationship with various interested parties enabled Jones Walker to work with such professionals towards resolution of many salient issues.

**IV.     The Preclusion of Other Employment by the Professional Due to Acceptance of the Case.**

54.      Given the size of the firm, Jones Walker's representation of the Debtor did not preclude its acceptance of new clients.

**V.      The Customary Fee.**

55.      The rates charged by the Jones Walker's professionals in this Chapter 11 Case are similar to the rates charged by Jones Walker in connection with non-bankruptcy work.  The professional fees sought herein are based upon Jones Walker's discounted hourly rates for services of this kind.

#103640723v1

56.     Jones Walker respectfully submits that the professional fees sought herein are not unusual given the magnitude and complexity of this case and the time expended in attending to the representation of the Debtor and are commensurate with fees Jones Walker has been awarded in other cases, as well as with professional fees charged by other attorneys of comparable experience.

## VI.     <u>Whether the Fee is Fixed or Contingent.</u>

57.     Pursuant to Bankruptcy Code §§ 330 and 331, all fees sought by professionals employed under Bankruptcy Code § 327 are based on its regular hourly rates, discounted as set forth herein and in the Retention Application and subject in all respects to this Court's final approval.  Jones Walker has not requested any contingent fee in this Chapter 11 Case.

## VII.     <u>Time Limitations Imposed by the Client or the Circumstances.</u>

58.     As previously set forth herein, Jones Walker had to respond to tight time-constraints and was often required to tend to certain issues arising in this Chapter 11 Case on an expedited basis.  The emergency nature of these matters demanded that Jones Walker's professionals respond on very short notice to complicated and developing events as they unfold.

## VIII.     <u>The Amount Involved and the Results Obtained.</u>

59.     Jones Walker submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of the Debtor. The total fees Jones Walker seeks to approve in this Application are commensurate with the issues in this Chapter 11 Case.

## IX.     <u>The Experience, Reputation and Ability of the Professionals.</u>

60.     Jones Walker believes and respectfully submits that its attorneys are highly regarded as experts in the areas of bankruptcy, litigation, and corporate matters.  Jones Walker's attorneys, over many years, have appeared in bankruptcy courts throughout the United States

19

providing legal representation to trustees, debtors, secured creditors, and unsecured creditors in proceedings under the Bankruptcy Code.  Further, Jones Walker has a sophisticated bankruptcy and restructuring practice and is playing or has played a major role representing debtors in other cases.

61.     Jones Walker's experience enabled it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of reorganization, Jones Walker called upon the expertise of its partners and associates in other practice areas to perform the wide-ranging scope of the legal work necessitated by this Chapter 11 Case, including, corporate work and litigation.

**X.      The Undesirability of the Case.**

62.     This matter was not undesirable for Jones Walker.

**XI.     The Nature and Length of the Professional Relationship with the Client.**

63.     Jones Walker was appointed to serve as counsel to the Debtor on June 19, 2020, *nunc pro tunc* to the Petition Date.

**XII.    Awards in Similar Cases.**

64.     Jones Walker respectfully submits that the foregoing amounts requested are fair and reasonable based on the customary compensation charged by comparably skilled practitioners at Jones Walker and other firms in comparable bankruptcy and non-bankruptcy cases.  The services provided in connection with the fees requested by Jones Walker during the Fourteenth Interim Fee Period are more fully described in the invoices attached hereto as **Exhibits D-G**.

**NO PRIOR REQUEST**

65.     Except for the submission of the Monthly Fee Statements, no prior application for the relief requested herein has been made to this or any other court.

#103640723v1

**WHEREFORE**, Jones Walker respectfully requests that the Court enter an Order (i) approving and allowing on an interim basis compensation in the amount of $713,279.00 for the reasonable and necessary legal services that Jones Walker rendered to the Debtor during the Fourteenth Interim Fee Period, and reimbursement of actual and necessary expenses incurred in the sum of $29,528.95; (ii) directing that Jones Walker be paid, from the Debtor's estate, the remaining unpaid balance of allowed fees and expenses; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: March 27, 2025               Respectfully submitted,

*/s/ Mark A. Mintz*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
SAMANTHA A. OPPENHEIM (#38364)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: soppenheim@joneswalker.com

**ATTORNEYS FOR**
**THE ROMAN CATHOLIC CHURCH OF**
**THE ARCHDIOCESE OF NEW ORLEANS**

#103640723v1

## CERTIFICATION OF COMPLIANCE

I, Mark A. Mintz, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge and belief:

(A)     I am a partner with the applicant firm, Jones Walker LLP.

(B)     I personally performed many of the services rendered by Jones Walker LLP as attorney to the Debtor and am familiar with the other work performed on behalf of the Debtor by the professionals at Jones Walker LLP.

(C)     I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.  Moreover, I have reviewed Local Rule 2016-1, the Complex Case Procedures, and the UST Guidelines and submit that this Application substantially complies with the same.

Dated: November 27, 2024
New Orleans, Louisiana

*/s/ Mark A. Mintz*                          
Mark A. Mintz

22