**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** | **CASE NO. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH FOR THE ARCHDIOCESE OF NEW ORLEANS,** | **SECTION "A"** |
| | **CHAPTER 11** |
| **Debtor** | |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR A HEARING TO REVIEW AND CHANGE THE MEMBERSHIP OF THE COMMITTEE OF CREDITORS; ALTERNATIVELY, TO ORDER THE APPOINTMENT OF AN ADDITIONAL COMMITTEE OF CREDITORS**

David W. Asbach, the Acting United States Trustee for Region 5 (the "**U.S. Trustee**"), hereby submits this objection (the "**Objection**") to the motion of D.J.B. (the "**Movant**") for entry of an order (i) to change the membership of the Official Committee of Unsecured Creditors or, alternatively (ii) ordering the appointment of an additional committee of creditors [ECF No. 3805] (the "**Motion**"). In support of the Objection, the United States Trustee respectfully states:

**PRELIMINARY STATEMENTS**

1.     The Court should deny the Motion, because the Movant has failed to meet his legal burden to establish that the Official Committee of Unsecured Creditors (the "Committee"), as presently constituted, does not provide adequate representation.

2.     Rather, in the Motion, the Movant argues that, because his private counsel represents "nearly one hundred (100) other similarly-situated plaintiffs/creditors," his appointment to the Committee is necessary to ensure adequate representation. [ECF No. 3805, p. 1]. Movant and his private counsel's desire for more "active involvement in the proceedings, decisions, and strategy" of the bankruptcy case does not support a finding that the current Committee is not adequately representing the unsecured creditor body. [ECF No. 3805-1, p. 4].

3.       Thus, the Court should deny the Motion.

## JURISDICTION

4.       This Court has jurisdiction to consider this matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in the district under 28 U.S.C. § 1408.

5.       The Court has constitutional authority to enter a final order in this matter.  If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

6.       David W. Asbach is the duly appointed Acting U.S. Trustee for Region 5, Districts of Louisiana and Mississippi, under 28 U.S.C. § 581(a)(5).

7.       Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear, and be heard on any issue in a case or proceeding under the Bankruptcy Code.

8.       Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.  Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress.  28 U.S.C. § 586(a)(3)(G).

## BACKGROUND

9.       On May 1, 2020 (the "Petition Date"), The Roman Catholic Church for the Archdiocese of New Orleans (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.  [ECF No. 1].  Since the order for relief was entered, no Chapter

11 trustee has been appointed in the bankruptcy case, and the Debtor remains in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

10.    As required by 11 U.S.C. § 1102(a)(1),[1] on May 20, 2020, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a).  [ECF No. 94].  Thereafter, the U.S. Trustee reconstituted the Committee on June 10, 2020 [ECF No. 151], October 8, 2020 [ECF No. 478], June 7, 2022 [ECF No. 1575], June 21, 2022 [ECF No. 1618], and February 13, 2023 [ECF No. 2081].

11.    The reasons for the Committee reconstitutions can be summarized, as follows:

| Date | ECF No. | |
|------|---------|---|
| June 10, 2020 | 151 | Replaced Hancock Whitney with TMI Trust Company as Bond Trustee |
| October 8, 2020 | 478 | Removed TMI Trust Company |
| June 7, 2022 | 1575 | Removed four members, per Court Order [ECF No. 1574] |
| June 21, 2022 | 1618 | Added three members, following previous removals |
| February 13, 2023 | 2081 | Removed member who passed away |

12.    The current Committee stands at four members.  [ECF No. 2081].

13.    On November 20, 2024, counsel for the Movant contacted the U.S. Trustee and requested that one of his clients be appointed to the Committee.  The following day, undersigned counsel responded that the U.S. Trustee declined to alter the composition of the Committee at that time.

---

[1] Section 1102(a)(1) provides: "Except [in small business or Subchapter V cases], as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate."

14.     On March 6, 2025, the Movant filed the Motion, asking the Court to order the U.S. Trustee to appoint him to the Committee, or alternatively, establish an additional Committee.

## LAW AND ARGUMENT

**A.      The Statutory Framework**

15.     Section 1102(a) of the Code governs the formation, appointment, and modification of official committees.  It provides under what circumstances and under what standards the Court and U.S. Trustee may act.  Congress gave the Court and the U.S. Trustee important, but divergent, authorities with respect to committees in chapter 11.  The United States Trustee appoints all official committees and, as appropriate, monitors membership and occasionally modifies their composition as necessary to maintain adequate representation or to remedy any misconduct by committee members.  11 U.S.C. § 1102(a)(1) and (2).

16.     Section 1102 also confers important, but different, authority on the Court with respect to official committees.  The Court may, if requested, order the United States Trustee to:

- Appoint additional committees if necessary for adequate representation, 11 U.S.C. § 1102(a)(2);

- Change committee membership if necessary to ensure adequate representation, 11 U.S.C. § 1102(a)(4);

- Increase membership to include a creditor that is a small business concern, 11 U.S.C. § 1102(a)(4); and

- Appoint a committee for cause in a small business case, 11 U.S.C. § 1102(a)(3).

17.     With regard to additional committees, the decision to appoint an additional committee can be made either by the United States Trustee under section 1102(a)(1) or by the bankruptcy court under 1102(a)(2), but under different standards and different processes.  Section 1102(a)(1) authorizes the United States Trustee to appoint "additional committees of creditors" as he or she "deems appropriate."  11 U.S.C. § 1102(a)(1); *see also* 7 COLLIER ON BANKRUPTCY ¶

1102.01 (16th ed. 2025) (stating that the United States Trustee "is given the authority to appoint additional committees of creditors"). In contrast, under section 1102(a)(2), a court decides a very different question when presented with a request for an additional committee—not whether the court deems it appropriate but whether the additional committee is necessary for adequate representation. *See In re New Life Fellowship*, 202 B.R. 994, 995 (Bankr. W.D. Okla. 1996). "It is essential to keep in mind that section 1102(a)(1) deals with the United States trustee's appointment of committees while section 1102(a)(2) deals with the court's authority to order appointment of additional committees." *Id*.

18.    The relative and delineated roles for the Court and the United States Trustee in committee matters under section 1102 are no accident. The 1986 amendments, which established the United States Trustee system on a permanent, nationwide basis (except for North Carolina and Alabama), reflected Congress's desire to separate the judicial and administrative functions and to screen courts from administrative functions that could raise conflict of interest issues. *See In re Victory Markets, Inc.,* 196 B.R. 1, 3-4 (Bankr. N.D.N.Y. 1995); *see also In re ShoreBank Corp*., 467 B.R. 156, 160 (Bankr. N.D. Ill. 2012) (discussing the historical development of the role of bankruptcy courts and United States Trustees regarding committee membership).

19.    Between 1978 and 1986, the power to appoint and modify a committee rested with the bankruptcy court, except in those districts participating in the United States Trustee pilot program established in 1978. But the 1986 amendments repealed section 1102(c), withdrawing the bankruptcy court's authority to appoint or modify committees, and vested that authority exclusively in the United States Trustee. Despite the repeal of section 1102(c), the courts continued to modify committee appointments and membership, "often invoking section 105(a) […] as a basis for 'reviewing' the U.S. Trustee's appointments." *In re Shorebank Corp.*, 467 B.R.

at 160.

20.　　In 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) added section 1102(a)(4), which granted bankruptcy courts express authority for the first time since the 1986 repeal of section 1102(c) to review a committee's membership and order its modification upon the "request of a party in interest and after notice and a hearing." 11 U.S.C. § 1102(a)(4).

21.　　In addition to reviewing current committee membership for adequate representation under section 1102(a)(4), a court "may order the appointment of additional committees of creditors or of equity holders if necessary to assure adequate representation" under section 1102(a)(2), and a court may order a committee appointed in a small business case, for cause under section 1102(a)(3). "Those are the only powers over committees the Code gives the court. There are no others." *In re Caesars Entm't, Operating Co.*, 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015).

22.　　It is against this statutory framework and legislative backdrop that the present Motion must be considered.

**B.　　The Sole Issue for Judicial Determination is Adequate Representation.**

23.　　The absolute predicate for relief under section 1102(a)(2) (appointment of additional committees) and 1102(a)(4) (change of committee membership) is a finding that the committee, as constituted, does not adequately represent the unsecured creditor body and, therefore, a change in composition "is necessary to ensure adequate representation[.]" 11 U.S.C. § 1102(a)(2), (4).[2]　Without a threshold finding that the Committee is not adequately

---

[2] Most cases addressing the issue of "adequate representation" have arisen under section 1102(a)(2). Section 1102(a)(2) permits the appointment of additional committees upon finding an additional committee is "necessary to assure adequate representation." The language in 1102(a)(4) is virtually identical, permitting the modification of committee membership upon the same finding. Accordingly, cases decided under 1102(a)(2) can guide the analysis required under 1102(a)(4).

representative, no relief may be afforded the movant. "The statute clearly requires an initial determination of whether a party is adequately represented." *Mirant Americas Energy Marketing, LP v. The Official Comm. of Unsecured Creditors of Enron Corp.*, 2003 WL 22327118, *3 (S.D.N.Y. 2003).

24. The Movant bears the burden of proving that the Committee does not provide unsecured creditors with adequate representation. *In re ShoreBank*, 467 B.R. at 163; *In re Garden Ridge Corp.*, 2005 WL 523129, *3 (Bankr. D. Del. 2005). Accordingly, if a movant provides "no evidence" that a committee is not adequately representative, the motion for relief should be denied. *In re Dana Corp.*, 344 B.R. 35, 40 (Bankr. S.D.N.Y. 2006). In *In re Allied Holdings, Inc.*, once the court found the movants failed to prove the predicate issue of inadequate representation, the court refused to address any further issues and denied the motion. *See* 2007 WL 7138349, *3 (Bankr. N.D. Ga. 2007).

**C. Movant Has Failed to Prove the Committee is Not Adequately Representative.**

25. The Movant has failed to meet its burden to establish that the Committee, as presently constituted, does not provide adequate representation of the unsecured creditors in this case.

26. A determination of whether a committee adequately represents creditors is made on a case-by-case basis. *In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006). Courts consider a number of factors, including: (1) the ability of the committee to function; (2) the nature of the case; (3) the standing and desires of the various constituencies; (4) the ability for creditors to participate in the case even without an official committee; (5) the delay and additional cost that would result if the court grants the motion; (6) the tasks that a committee or separate committee is to perform; and (7) any other relevant factors. *Id*.

27.     Here, the Movant argues that the Committee is not adequately representative for three primary reasons: (1) Movant and his counsel remain uninformed of important information about the proceedings,[3] (2) Movant wants more active involvement in the decisions and strategy of the case,[4] and (3) Movant's counsel, who represents approximately 100 plaintiffs with claims against the Debtor, also wants more active involvement in the decisions and strategy of the case.[5]

28.     Notably, the reasons cited by Movant (i) do not suggest that the Committee, as it stands, cannot adequately represent the plaintiff-tort claimants, and (ii) fail to address the *Dana* factors.  Rather, the Movant and his counsel seek a more active role in participating in the pending mediation, and they see membership in the Committee as a route to a seat at the mediation. Counsel for Movant admitted the same at the hearing held on March 20, 2025.  [ECF No. 3844, Court Audio for hearing on March 20, 2025, minute 10:00].

29.     Movant cites no reasons that the existing Committee is incapable of addressing the concerns of all non-commercial creditors.[6]  The Committee is represented by legal and financial professionals, and it is actively engaged on a broad range of issues in this case.  There have been no reports of conflict or disfunction among members.  The Committee members have a fiduciary duty to all unsecured creditors, and there has been no allegation that the duties have been breached.

30.     Overall, the Movant has failed to show that a change in committee membership, or appointment of a new committee, is necessary to ensure adequate representation of creditors. Thus, the Court should deny the Motion.

---

[3] ECF No. 3805-1, p. 2.
[4] *Id*. at p. 4.
[5] *Id*. at p. 5.
[6] On March 5, 2021, the United States Trustee appointed a second committee, the Official Committee of Unsecured Commercial Creditors (the "Commercial Committee").  [Doc. 772].

WHEREFORE, the United States Trustee prays that the Court deem this objection good and sufficient and deny the Motion.  The United States Trustee prays for all other and proper relief to which he is entitled in the premises.

Dated: April 7, 2025                    Respectfully submitted,
                                        DAVID W. ASBACH
                                        Acting United States Trustee, Region 5

                                        By:/s/ *Amanda B. George*
                                        AMANDA BURNETTE GEORGE (31642)
                                        Trial Attorney
                                        600 S. Maestri St., Suite 840-T
                                        New Orleans, LA 70130
                                        Telephone: (504) 589-4018
                                        Direct: (504) 589-4092
                                        Amanda.B.George@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that copies of the foregoing Objection were served on April 16, 2025 by Notice of Electronic Filing through the Court's CM/ECF electronic notification system on all parties enrolled to receive such notifications.

By: */s/ Amanda B. George*
AMANDA B. GEORGE, Trial Attorney
La. Bar # 31642