UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | SECTION "A" |
| *Debtor*[1] | CHAPTER 11 |

**COMMERCIAL COMMITTEE'S LIMITED OBJECTION TO MOTION FOR A HEARING TO REVIEW AND CHANGE THE MEMBERSHIP OF THE COMMITTEE OF CREDITORS; ALTERNATIVELY, TO ORDER THE APPOINTMENT OF AN ADDITIONAL COMMITTEE OF CREDITORS AND MEMORANDUM IN SUPPORT**

**NOW INTO COURT,** through undersigned counsel, comes the Official Committee of Unsecured Commercial Creditors (the "***Commercial Committee***") appointed in the above-captioned chapter 11 bankruptcy case (the "***Bankruptcy Case***") of the Roman Catholic Church of the Archdiocese of New Orleans (the "***Debtor***")[2], who respectfully objects on a limited basis to the *Motion for a Hearing to Review and Change the Membership of the Committee of Creditors; Alternatively, to Order the Appointment of an Additional Committee of Creditors* and the contemporaneously submitted *Memorandum in Support* [Doc. No. 3805] (the "***Committee Motion***") as follows:

1. Through the Committee Motion, D.J.B. (the "***Movant***") seeks an order from the Court directing the United States Trustee to (A) change the membership of the Official Committee of Unsecured Creditors (the "***Abuse Committee***") by adding Movant to the Abuse Committee pursuant to 11 U.S.C. § 1102(a)(4) or, alternatively, (B) appoint an additional committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a)(2).

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.
[2] The Debtor's bankruptcy estate is herein referred to as the "***Estate***".

2. The Commercial Committee takes no position with regard to Movant's request to be added as a member of the Abuse Committee. However, the Commercial Committee opposes the appointment of an additional committee of unsecured creditors, as Movant is, or should be, already adequately represented by the Abuse Committee.

**Applicable Law**

3. Pursuant to 11 U.S.C. § 1102(a)(2), the Court has discretion to appoint an additional committee of creditors as may be necessary to ensure the adequate representation of creditors. Nevertheless, the appointment of an additional committee is an extraordinary remedy determined on a case-by-case basis.[3]

4. The party seeking appointment of an additional committee bears the burden of proof to establish that the appointment of such a committee is necessary to ensure adequate representation of a constituency in which the movant is a member.[4]

5. As this Court has previously recognized, the Bankruptcy Code does not provide a framework for determining adequate representation.[5] However, for a group of creditors to be deemed adequately represented by a committee, the interests of that group must be afforded a "meaningful voice on the committee in relation to their posture in the case."[6]

6. In assessing the adequacy of representation, courts consider the following factors: (i) the ability of the committee to function; (ii) the nature of the case; (iii) the standing

---

[3] *In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002); *In re Roman Catholic Church of the Archdiocese of New Orleans*, No. 20-10846, 2021 Bankr. LEXIS 302, *33 (Bankr. E.D. La. Feb. 8, 2021).

[4] *In re Enron Corp.*, 279 B.R. at 685; *In re Park West Circle Realty, LLC*, No. 10-12965 (AJG), 2010 WL 3219531, at *4 (Bankr. S.D.N.Y., August 11, 2010).

[5] *In re Roman Catholic Church of the Archdiocese of New Orleans*, at *33-34 (citing *In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002)).

[6] *Id.* at *33 (quoting *In re Dow Corning Corp.*, 194 B.R. 121, 141 (Bankr. E.D. Mich. 1996), *rev'd on other grounds*, 212 B.R. 258 (E.D. Mich. 1997)).

and desires of the various constituencies; (iv) the ability for creditors to participate in the case even without an official committee and the potential to recover expenses pursuant to section 503(b); (v) the delay and additional cost that would result if the court grants the motion; (vi) the tasks that a committee or separate committee is to perform; and (vii) other factors relevant to the adequate representation issue.[7]

## Argument

7.  As the Court is aware, there are currently two long-established unsecured creditor committees: (1) the Abuse Committee, comprised of all sexual abuse survivor claimants, and (2) the Commercial Committee, a catch-all committee[8] comprised of all unsecured claims that are not sexual abuse survivor claims.[9] By his own representations in the Committee Motion, Movant is a sexual abuse survivor claimant. Therefore, Movant falls within the Abuse Committee's constituency.

---

[7] *Id.* at *33-34.

[8] The Commercial Committee was created solely because the Court determined that non-abuse unsecured claimants were inadequately represented by the Official Committee of Unsecured Creditors. Doc. No. 745, pg. 26 (because the Abuse Committee was comprised "solely of Survivor Members", the Court found that "traditional, unsecured interests [were] unrepresented".); *See also* Doc. No. 745, pg. 26 ("the Committee as it is presently constituted does not adequately represent the body of unsecured creditors, particularly commercial creditors. Although the possibility existed at one time that commercial creditors had a meaningful voice on the Committee, the Court is not persuaded that they continue to have that voice on this Committee now that this Committee is comprised solely of Survivor Members."). Because the Court was cognizant that "the interests of abuse claimants and standard commercial creditors are different" [Doc. No. 745, pgs. 13 and 22.] and while "this case began with the appointment of one committee comprised of both tort claimants and commercial", the Court recognized that "there is no longer a diverse set of interests represented on the Committee but there still exist unsecured creditor constituencies that need representation." Doc. No. 745, pg. 23; see also pg. 26 ("The Committee is comprised of special interests, but traditional, unsecured commercial interests go unrepresented.").

[9] The Commercial Committee interprets the Court's prior order establishing the Commercial Committee [Doc. No. 745] as including within its constituency **all** such $91+ million in scheduled unsecured claims that are not abuse survivor claims. Doc. No. 745; Doc. No. 572 (Amended Schedule E/F); *see also* Doc. No. 67 (List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders). To conclude otherwise would mean either the non-trade claimants fall within the composition of the Abuse Committee's constituency or their interests remain unrepresented, both of which scenarios contradict the clear intention of the Court in establishing the Commercial Committee.

8. Movant asserts that, in the absence of membership on the Abuse Committee or the appointment of an additional creditors' committee, he will be not be sufficiently informed or able to participate meaningfully in the proceedings.[10] Noticeably absent from the Committee Motion are any details surrounding the allegation that Movant is currently, without a position on the Abuse Committee or a third committee, uninformed and/or unable to meaningfully participate. On this basis alone, Movant has failed to satisfy his burden. Nonetheless, the Commercial Committee understands that Movant's proof of claim is one of the many filed after the claims bar date for filing sexual abuse claims and *via* stipulation with the Debtor (the "**Late Filed Claims**"); as the Court is aware, these stipulations allow the actual filing of the proof of claim, but reserve all substantive objections to the claim itself, including that it was late filed. To the Commercial Committee's knowledge, no objection, as of the filing of this Response, has been lodged as to Movant's proof of claim or any other of the Late Filed Claims. Therefore, and unless and until any such objection is filed, the Late Filed Claims, including Movant's, are deemed allowed[11] and are indistinguishable from timely-filed claims in that regard. As such, to the extent an argument is being made that a committee should be constituted for those who hold Late Filed Claims, such relief would be premature at best. Instead, all sexual abuse claims, whether timely or late filed, are or should be adequately represented by the Abuse Committee.

9. This Court has recognized that for a particular group to be adequately represented by an existing creditors' committee, the committee does not need to be an exact reflection of that

---

[10] Movant postulates the same theory as to his legal counsel's approximately one hundred (100) other abuse survivor clients. However, in determining whether to appoint an additional creditors' committee, the Commercial Committee submits that the Court's focus should be on assessing whether *Movant's* interests are adequately represented by the existing creditors' committee, without consideration of the number of similarly situated creditors represented by Movant's counsel.

[11] 11 U.S.C. § 502(a).

committee's designated constituents.[12] In this case, however, the Abuse Committee is an exact reflection of its designated constituents, as it is composed *exclusively* of abuse survivors holding claims against the Estate. Additionally, Movant has not identified any specific tasks to be carried out by the additional committee that would not duplicate the services already provided by the Abuse Committee. Therefore, the appointment of an additional committee would be duplicative and unnecessary, as it would lead to the creation of two substantially identical committees, each composed of abuse survivors, undertaking identical functions, and advocating for the same interests.

10. Moreover, appointing an additional committee would require a considerable investment of time and resources to be undertaken by the Estate. This case has been pending for nearly five (5) years and it seems likely that the Bankruptcy Case will reach its end in the coming months, as it has been the Commercial Committee's takeaway from the last several hearings and status conferences that the Court intends, in relatively short order, to either confirm a chapter 11 plan or dismiss the Bankruptcy Case. The parties have expended much effort in recent months to arrive at a confirmed plan, including a three-day mediation last week with the Debtor, Commercial Committee, Abuse Committee, *and, as the Commercial Committee appreciates it, Movant's counsel* in attendance. In this tremendously late stage of the Bankruptcy Case with, as the Commercial Committee views it, much forward momentum finally at play and Movant (via his counsel) already with a seat at the table, the Commercial Committee fears the appointment of an additional creditors' committee would, at best, serve only to generate undesirable and unwarranted delay or, at worst, unnecessarily impede the case's progress altogether. For instance, the appointment of an additional committee would likely necessitate the engagement of a third

---

[12] *Archidiocese of New Orleans,* at *32-33 (quoting *In re Dow Corning Corp.,* 194 B.R. 121, 141 (Bankr. E.D. Mich. 1996), *rev'd on other grounds*, 212 B.R. 258 (E.D. Mich. 1997)).

set of professionals, who would require time to familiarize themselves with the complexities of the Bankruptcy Case. This process would be both time-intensive and counterproductive to the parties' efforts to conclude the Bankruptcy Case within months. In this same vein, and in consideration of the ongoing concerns regarding the increasing costs of this Bankruptcy Case, the appointment of an additional creditors' committee – particularly where, as here, such is unnecessary and duplicative and Movant is already an active participant in the Bankruptcy Case – would burden the Estate with additional expenses, materially depleting resources that would otherwise be allocated for the benefit of creditors.

## Conclusion

11. Movant has not met the burden of proof to demonstrate that his interests are not adequately represented by the Abuse Committee as presently constituted. The appointment of an additional committee is an extraordinary remedy that is not warranted here, given that the existing Abuse Committee consists entirely of sexual abuse survivors with claims against the Estate. Any benefit of having a second committee comprising a subset of a larger committee (which seems dubious), is substantially outweighed by all considerations relating to cost to the bankruptcy estate and timing with regard to plan confirmation. Furthermore, the substantial costs and delays involved in appointing an additional committee cannot be justified under these circumstances. For these reasons, the Court should deny Movant's request for the appointment of an additional creditors' committee.

**WHEREFORE,** the Commercial Committee respectfully prays that this Court consider the substance of this limited objection, deny Movant's request that the Court appoint an additional committee of unsecured creditors, and for all general and equitable relief to which the Commercial Committee is justly entitled.

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By:    <u>/s/ Brooke W. Altazan</u>
      Paul D. Stewart, Jr. (LA. Bar # 24661)
      dstewart@stewartrobbins.com
      William S. Robbins (LA. Bar # 24627)
      wrobbins@stewartrobbins.com
      Brandon A. Brown (La. Bar #25592)
      bbrown@stewartrobbins.com
      Brooke W. Altazan (La. Bar #32796)
      baltazan@stewartrobbins.com
      301 Main St., Suite 1640
      Baton Rouge, LA 70801-0016
      Telephone: (225) 231-9998
      Facsimile: (225) 709-9467

*Counsel to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans*