**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** | Case No. 20-10846 |
| **THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,** | Section "A" |
| Debtor.[1] | Chapter 11 |

**MOTION TO CONSIDER WHETHER THE MATERIALS IN QUESTION SHOULD BE SEALED PURSUANT TO LOCAL RULE 5.6(D)(2)**

**NOW INTO COURT,** through undersigned counsel, come **CERTAIN SEXUAL ABUSE SURVIVORS,**[2] who pursuant to Local Rule 5.6 file this Motion for Leave to file documents under seal in reference to their Motion to Appoint a Chapter 11 Trustee and Fee Examiner Pursuant to 11 U.S.C. §1104.

Effective January 1, 2024, Eastern District Local Rule 5.6 created a specific procedure to determine whether documents are to be filed under seal and/or pleadings are to be redacted. Rule 5.6 requires that the documents may be temporarily filed under seal with a request that they be unsealed. The designating party may respond within seven days to try to meet the burden of whether they should remain under seal, and any interested party may respond in 14 days. After the issue has been briefed, the Court is required to conduct a line-by-line and page-by-page finding of what should or should not be redacted pursuant to controlling Fifth Circuit precedent.

Here, none of the subject documents should be sealed, and the only redactions should be to protect the identity of victims. The Evidentiary Memorandum should not be sealed because the documents and information are evidence of crimes and a multi-generational cover-up. The

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] "Certain Sexual Abuse Survivors" are those identified in Rec. Doc. 2340.

1

Evidentiary Memorandum also relies on documents that are available to the public, have been reported on in the media, and/or summarize the Archdiocese's business records. Some of these documents have been filed into the public record in the criminal trial of Fr. Lawrence Hecker. The Memorandum does not identify any victims or include enough information to identify victims. To the extent the Court feels that some information may identify victims, that information can be redacted.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## USDC EASTERN DISTRICT OF LOUISIANA LOCAL RULE 5.6

3. This Motion is being filed pursuant to LR 5.6 which states:

> (A) In recognition of the right of the public to access material filed with the court, no document or other tangible item, or portion thereof, may be filed under seal without the filing of a separate motion and order to seal, unless authorized by federal statute, federal rule, or prior court order in the same case expressly authorizing the party to file certain documents (or portions thereof) under seal. <u>All reasonable alternatives to filing under seal must be explored, including a line-by-line analysis of the documents or other tangible item (including documents marked confidential under a protective order) to redact only the truly sensitive information rather than simply seeking to file the entire document or other item under seal</u>. The redacted document or other item may then be publicly filed, with the unredacted version filed under seal.
>
> (B) A party must file a motion to seal a document or other tangible item at the same time that the party submits the document or other tangible item. Filing a motion to seal permits the party to provisionally file the document or other tangible item under seal, pending the court's ruling on the motion to seal. When the document or other tangible item to be sealed is a declaration or an exhibit to a document filed electronically, an otherwise blank page reading "EXHIBIT FILED UNDER SEAL" shall replace the exhibit in the document filed on the public docket, and the exhibit to be filed under seal shall be filed separately as an attachment to a Motion to File Under Seal as set forth herein.

(C) Motions to seal an entire pleading or brief are disfavored and—unless a federal statute or federal rule provides otherwise—will be granted only in extraordinary circumstances. <u>Parties should not routinely seek to file even portions of a pleading or brief under seal</u>. For redacted pleadings and briefs, the following procedure applies:

(1) the party shall redact the confidential information from the pleading or brief and file the redacted version on the public docket; and

(2) the party shall also file the unredacted pleading or brief under seal, as an attachment to the Motion to File Under Seal. The unredacted version must include the phrase "FILED UNDER SEAL" prominently marked on the first page and must highlight the portions for which sealing is sought.

(D) Any motion for filing materials under seal (including pleadings, motions, briefs, or attachments thereto) must be accompanied by a non-confidential supporting memorandum, and a proposed order. The proposed order must recite the findings required by governing case law to support the proposed sealing. <u>The mere fact that certain information or material has been marked as confidential pursuant to a protective order is not dispositive of whether the information or material will be sealed when filed with the court, and reference to a stipulation or protective order is not sufficient to establish the necessity of sealing any document or other tangible item</u>.

*   *   *

(2) A motion to seal a document that has been designated as confidential by another party or non-party (the "Designating Party") must be filed as a <u>Motion to Consider Whether Another Party's Material Should Be Sealed</u>. Service of such motion must be made on the Designating Party on the same day as the filing of the motion. The motion must include: (a) Identification of each document or portions thereof for which sealing is sought, but need not include the information specified in subsection (1)(a)-(d) above. (b) Within seven days of the filing, the Designating Party must file a statement and/or declaration setting forth the information described in subsection (1)(a)-(d). A Designating Party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document or other tangible item without further notice to the Designating Party. (c) Any other party who wishes to file a response to the Motion to Consider Whether Another Party's Material Should Be Sealed must do so no later than 14 days after the motion is filed.

*Eastern District Local Rule* 5.6(A)-(D)& (D)(2).

4. In support of their Motion, Certain Abuse Survivors provisionally unsealed Exhibit 1 attached to their *Motion to Dismiss Bankruptcy*.

5. Certain Abuse Survivors do not believe that any of the information contained within these documents, other than the identities of victims, should be sealed. Documents evincing felonies, among other documents, should not be sealed by any Court.

6. The Fifth Circuit has ruled repeatedly that sealing court records qualifies as its own distinct court action which demands exacting scrutiny with written reasons:

> [W]hen materials enter the court record, the standard for shielding records from public view is far more arduous. This conflation error—equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal—is a common one and one that over-privileges secrecy and devalues transparency.
>
> The secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure. All too often, judicial records are sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated. This mistake harms the public interest, however interested the public is likely to be.

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420–21 (5th Cir. 2021) (footnotes omitted) (emphasis added) (noting the specific public harm that sealing court documents can create in child sex abuse cases like the "Spotlight" investigation).

7. Documents filed into a court's docket belong to the public, not to a particular party in the case. As the Fifth Circuit explained:

> Here, the district court failed to heed our instructions. First, the district court misapprehended the nature and extent of the public's right to judicial records. "Judicial records belong to the American people; they are public, notprivate,documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 4

4

> 17 (5th Cir. 2021). And "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). "The public has an interest in transparent court proceedings that is independent of the parties' interests." *In re Gee*, No. 19-30953, slip op. at 8, 2019 WL 13067384 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). This right "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). Accordingly, we heavily disfavor sealing information placed in the judicial record. *See Vantage*, 913 F.3d at 450–51.

*June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) (emphasis supplied) (footnote omitted).

8. The Fifth Circuit in both *Binh Hoa Le* and *June Med. Servs., L.L.C,* 22 F.4th 512, 521 (5th Cir. 2022), explained that when deciding whether documents should remain under seal, the focus must be on the public's right to access which can only be overridden by a showing of "compelling countervailing interests favoring nondisclosure." It is impossible to conclude that these documents are in fact "confidential."

9. Accordingly, the Evidentiary Memorandum should not remain under seal.

    Respectfully submitted,

/s/ Soren E. Gisleson
SOREN E. GISLESON (#26302)
HERMAN KATZ GISLESON & CAIN
909 Poydras Street, Suite 1860
New Orleans, La 70112
Tel: (504) 581-4892
Fax: (504) 561-6024
sgisleson@hhklawfirm.com

    AND

          JOHN H. DENENEA, JR. (#18861)
          SHEARMAN~DENENEA, L.L.C.
          3004 David Drive
          Metairie, LA 70003
          Telephone: (504) 304-4582
          FAX: (504) 304-4587
          jdenenea@gmail.com

          AND

          RICHARDC. TRAHANT (#22653)
          ATTORNEY AT LAW
          2908 Hessmer Avenue
          Metairie, LA 70002
          Tel: (504) 780-9891
          FAX: (504) 780-9891
          trahant@trahantlawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion* will be served upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system.

          */s/ Soren E. Gisleson*
          Soren E. Gisleson