**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br>            Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**CERTAIN ABUSE SURVIVORS' MOTION FOR EVIDENTIARY HEARING ON MOTION TO DISMISS BANKRUPTCY PURSUANT TO 11 U.S.C. § 1112(b)**

**NOW INTO COURT,** through undersigned counsel, come **CERTAIN SEXUAL ABUSE SURVIVORS,** who move to schedule an evidentiary hearing for their Motion to Dismiss this Bankruptcy pursuant to 11 U.S.C. § 1112(b).[2] An evidentiary hearing is needed to establish the contested facts that form the basis of their Motion to Dismiss. Certain Abuse Survivors aver as follows:

1. On April 30, 2025, Certain Abuse Survivors file a Motion to Dismiss Bankruptcy pursuant to 11 U.S.C. § 1112(b).

2. Certain Abuse Survivors maintain that The Archdiocese of New Orleans is the largest known employer of pedophiles in the 300+ year history of Louisiana. *See Evidentiary Memorandum*, attached under seal to *Motion to Dismiss* as Exhibit 1.

3. The same Archdiocese's policies and practices that enabled a multi-generational scourge of child rape across the community has led to a failed bankruptcy that must be dismissed. The delay, cost, turmoil, and downright frustration of this bankruptcy is rooted in

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] "Certain Sexual Abuse Survivors" are those identified in Rec. Doc. 2340 as well as those clients represented by claimants' counsel on the signature block.

the Archdiocese's failure to communicate, rabid secreting of documents, and bullying tactics.

4. Certain Abuse survivors maintain that the Archdiocese's gross mismanagement of the estate and bad faith prosecution of this bankruptcy include, but are not limited, to the following: (1) misinforming the Vatican about the cost of the bankruptcy and value of the claims; (2) appointing an unpaid volunteer to "manage the bankruptcy" who has no bankruptcy, CPA, or legal experience (without staff or a budget) and who testified under oath to "cognitive decline" for much of the proceedings; (3) paying approximately $45 million in fees and expenses without due diligence, creating one of the most expensive religious bankruptcies in United States history; (4) instructing Archdiocese lawyers to stall any meaningful efforts to resolve the bankruptcy for three years in order to defeat the look-back window, all the while misrepresenting to the public that it would pay the full value of claims regardless of the constitutionality of the lookback window; (5) refusing to make timely, necessary decisions, resulting in one of the oldest religious bankruptcies in United States history; (6) refusing to supplement the Archdiocese's schedules with the value of the real and personal property owned by the Archdiocese after more than four years; (7) having a proof of claim filed against Aymond personally for racial and sexual work harassment; (8) mishandling post-petition sexual abuse allegations; (9) entering into a settlement with TMI and arguing that it removed hundreds of millions of dollars of assets from consideration in any plan; (10) concealing their criminal misconduct inside the bankruptcy; (11) filing a proposed plan it knew was dead on arrival; (12) joining the Bond Trustee to Move for the Payment of Attorney's Fees and Costs; (13) engaging in historic secrecy about generations of sexual abuse of minors; (14) refusing to openly communicate with the parties; (15) paying excessive legal fees and costs without policies and procedures; (16) endorsing self-dealings between the Archdiocese's general counsel and Jones

Walker; (17) rejecting the Court Appointed Expert's central recommendations; (18) paying attorneys' fees and costs to the Commercial Committee in excess of the commercial debt; (19) paying criminal counsel with estate funds while being under State and Federal criminal investigations; (20) failing to maintain fiscal control over its ordinary course professionals; (21) concealing and misrepresenting the true findings of the United States Trustee Investigation; and (22) disrespecting and bullying survivors.

5. Certain Ause Survivors maintain that because First Amendment concerns prevent the conversion of the Chapter 11 bankruptcy to a Chapter 7 bankruptcy, the best interests of the creditors and to the estate itself demand dismissal.

6. 11 U.S.C. § 1112(b)(3) requires the Court to set an evidentiary hearing within 30 days of filing a motion to dismiss: "<u>The court shall commence the hearing on a motion under this subsection not later than **30 days** after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing</u>, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph." *Id.* at § 1112(b)(3) (emphasis supplied).

7. On April 21, 2025, counsel for Certain Abuse Survivors conducted a meet and confer with counsel for the Debtor to discuss the setting of the evidentiary hearing and related discovery issues. Debtor's counsel refused to discuss potential dates for an evidentiary hearing until after the Motion to Dismiss is filed.

WHERFORE Certain Abuse Survivors move the Court to set an evidentiary hearing within thirty (30) days of the filing of their Motion to Dismiss Bankruptcy Pursuant to 11 U.S.C. § 1112(b).

Respectfully submitted,

S/Soren E. Gisleson
SOREN E. GISLESON (#26302)
HERMAN KATZ GISLESON & CAIN
909 Poydras Street, Suite 1860
New Orleans, La 70112
Tel: (504) 581-4892
Fax: (504) 561-6024
sgisleson@hhklawfirm.com

RICHARD C. TRAHANT (# 22653)
ATTORNEY AT LAW
2908 Hessmer Avenue
Metairie, LA 70002
Tel: (504) 780-9891
Fax: (504) 780-9891

JOHN H. DENENEA, JR. (#18861)
SHEARMAN~DENENEA, L.L.C.
3004 David Drive
Metairie, LA 70003
Telephone: (504) 304-4582
FAX: (504) 304-4587
jdenenea@gmail.com

s/ Desirée M. Charbonnet
Desirée M. Charbonnet (LSBA #24051)
CHARBONNET LAW FIRM
501 Clearview pkwy
Metairie, LA 70001
Desi@charbonnetlawfirm.com
Ph. 504.888.2227

s/ Craig M. Robinson
CRAIG M. ROBINSON (Bar No. 32934)
Robinson Law Offices, LLC
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 458-5100
F: (504) 717-4627
craig@rlolegal.com

s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR.
4608 Rye Street
Metairie, LA 70006
Tel: 504.525.7272
frank@damicolaw.net

S/ Robert L. Salim
Robert L. Salim (La. Bar No. 11663)
SALIM-BEASLEY LLC
1901 Texas Street
Natchitoches, LA 71457
Telephone: (318) 352-5999
Facsimile: (318) 352-5998
Email: skeeter@salim-beasley.com

s/ Nicholas R. Rockforte
Nicholas R. Rockforte, La. Bar #31305
LABORE EARLES LAW FIRM, LLC
1901 Kalite Saloom Road
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: 337-261-2617
Fax: 337-261-1934
nicholas@onmyside.com

s/ Taylor Townsend
T. Taylor Townsend (La. Bar No. 20021)
T. TAYLOR TOWNSEND, LLC
P.O. Box 784
Natchitoches, LA 71458-0784
Telephone: (318) 238-3612
Facsimile: (318) 238-6103
Email:taylor@townsendlaw.com

/s/ N. Frank Elliot III
N. Frank Elliot III (La. Bar No. 23054)
N. FRANK ELLIOT III, LLC
P.O. Box 3065
1511 Watkins Street (70601)
Lake Charles, LA 70602-3065
Telephone: (337) 309-6999
Facsimile: (337) 429-5541
Email: frank@nfelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion to Set an Evidentiary Hearing on their Motion to Dismiss Bankruptcy* will be served upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system.

/s/ Soren E. Gisleson