IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br>　　　　　　　　　Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

### CERTAIN ABUSE SURVIVORS' MOTION FOR LEAVE TO CONDUCT A RULE 2004 EXAMINATION OF ARCHBISHOP GREGORY AYMOND

**NOW INTO COURT,** through undersigned counsel, come **CERTAIN SEXUAL ABUSE SURVIVORS,** who move this Court for leave to conduct a Rule 2004 Examination of Archbishop Gregory Aymond.

Pursuant to Local Bankruptcy Rule 2004-1, on April 21, 2025, counsel for Certain Abuse Survivors met and conferred with the relevant parties. The Debtor and its counsel refused to produce Aymond for a Rule 2004 examination until after Certain Abuse Survivors filed their Motion to Dismiss.

In furtherance of their motion for leave, Certain Abuse Survivors aver as follows:

1.Aymond is the current Archbishop of New Orleans.

2.Aymond is currently 75 years old. Aymond submitted his resignation to the Vatican which, upon information and belief, informed him that he must remain as Archbishop until the bankruptcy is concluded or his health disallows it.

3.On April 30, 2025, Certain Abuse Survivors filed a Motion to Dismiss Bankruptcy pursuant to 11 U.S.C. § 1112(b).

4.The Archdiocese of New Orleans is the largest employer of known pedophiles in

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

the 300+ year history of Louisiana. *See Evidentiary Memorandum*, attached under seal as Exhibit 1 to *Motion to Dismiss*.

5. The same Archdiocese's policies and practices that enabled a multi-generational scourge of child rape across the community has led to a failed bankruptcy that must be dismissed. The delay, cost, turmoil, and downright frustration of this bankruptcy is rooted in the Archdiocese's failure to communicate, rabid secreting of documents, and bullying tactics.

6. Aymond's gross mismanagement of the estate and bad faith prosecution of the bankruptcy requires dismissal of the bankruptcy. The gross mismanagement of the estate and bad faith prosecution of this bankruptcy include, but are not limited, to the following: (1) misinforming the Vatican about the cost of the bankruptcy and value of the claims; (2) appointing an unpaid volunteer to "manage the bankruptcy" who has no bankruptcy, CPA, or legal experience (without staff or a budget) and who testified under oath to "cognitive decline" for much of the proceedings; (3) paying approximately $45 million in fees and expenses without due diligence, creating one of the most expensive religious bankruptcies in United States history; (4) instructing Archdiocese lawyers to stall any meaningful efforts to resolve the bankruptcy for three years in order to defeat the look-back window, all the while misrepresenting to the public that it would pay the full value of claims regardless of the constitutionality of the lookback window; (5) refusing to make timely, necessary decisions, resulting in one of the oldest religious bankruptcies in United States history; (6) refusing to supplement the Archdiocese's schedules with the value of the real and personal property owned by the Archdiocese after more than four years; (7) having a proof of claim filed against Aymond personally for racial and sexual work harassment; (8) mishandling post-petition sexual abuse allegations; (9) entering into a settlement with TMI and arguing that it removed hundreds of millions of dollars of assets from

consideration in any plan; (10) concealing their criminal misconduct inside the bankruptcy; (11) filing a proposed plan it knew was dead on arrival; (12) joining the Bond Trustee to Move for the Payment of Attorney's Fees and Costs; (13) engaging in historic secrecy about generations of sexual abuse of minors; (14) refusing to openly communicate with the parties; (15) paying excessive legal fees and costs without policies and procedures; (16) endorsing self-dealings between the Archdiocese's general counsel and Jones Walker; (17) rejecting the Court Appointed Expert's central recommendations; (18) paying attorneys' fees and costs to the Commercial Committee in excess of the commercial debt; (19) paying criminal counsel with estate funds while being under State and Federal criminal investigations; (20) failing to maintain fiscal control over its ordinary course professionals; (21) concealing and misrepresenting the true findings of the United States Trustee Investigation; and (22) disrespecting and bullying survivors.

7. Certain Abuse Survivors adopt and incorporate by reference all arguments, law, facts, and evidence in their *Motion to Dismiss Bankruptcy*.

8. Certain Ause Survivors maintain that because First Amendment concerns prevent the conversion of the Chapter 11 bankruptcy to a Chapter 7 bankruptcy, the best interests of the creditors and to the estate itself demand dismissal.

9. 11 U.S.C. § 1112(b)(3) requires the Court to set an evidentiary hearing within 30 days of filing a motion to dismiss: "<u>The court shall commence the hearing on a motion under this subsection not later than **30 days** after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing</u>, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph." *Id.* at § 1112(b)(3) (emphasis supplied).

10. On April 21, 2025, counsel for Certain Abuse Survivors conducted a meet and confer with counsel for the Debtor to discuss the setting of the evidentiary hearing and depositions. Debtor's counsel refused to discuss potential dates for an evidentiary hearing or depositions until after the Motion to Dismiss is filed.

11. The Rule 2004 examination of Aymond is relevant and necessary to prepare for the evidentiary hearing on Movers' *Motion to Dismiss Bankruptcy pursuant to 11 U.S.C. 1112(b)*. The operation of the Archdiocese functions as a fiefdom with all rights, powers, and even ownership solely vested with the Archbishop. *2022 Semi-Annual Financial Information for Archdiocese of New Orleans*, at 3 ("The Archbishop of New Orleans is the sole member and chief administrator of the [Archdiocese], and his responsibilities include appointment and removal of priests and deans, review and approval of the [Archdiocese's] budget and expenses, and policy development regarding the [Archdiocese].").

12. The Archbishop also serves as president of the Archdiocese. *Id.* All boards are merely advisory. *Id.* No board or other individual has the authority to overrule or block any decision by the Archbishop. Stated another way, Aymond exercises all "legislative, executive, and judicial power" within the Archdiocese. CODE OF CANON LAW, 391 § 1. Aymond also exercises sole authority to "dissolve" the Archdiocese and "determine disposition of its assets". *Archdiocese Amendments to Articles of Incorporation*, *Article VI*, at 3-4.

13. Aymond's singular authority over all property and organizations connected to the Archdiocese was made apparent in the public scandal involving Second Harvest, where a separate 501(c)(3) non-profit board and its lawyers were summarily terminated by Aymond when they would not abide by his instructions.

14. Aymond's gross mismanagement of the estate and bad faith prosecution of the bankruptcy requires dismissal of the bankruptcy.

15. A Rule 2004 examination of Aymond is both relevant and necessary.

**WHERFORE** Certain Abuse Survivors move for leave to conduct a Rule 2004 examination of Archbishop Gregory Aymond at least 14 days after the filing of this motion but no later than seven days before the evidentiary hearing of the Motion to Dismiss Bankruptcy Pursuant to 11 U.S.C. § 1112(b).

Respectfully submitted,

S/Soren E. Gisleson
SOREN E. GISLESON (#26302)
HERMAN KATZ GISLESON & CAIN
909 Poydras Street, Suite 1860
New Orleans, La 70112
Tel: (504) 581-4892
Fax: (504) 561-6024
sgisleson@hhklawfirm.com

RICHARD C. TRAHANT (# 22653)
ATTORNEY AT LAW
2908 Hessmer Avenue
Metairie, LA 70002
Tel: (504) 780-9891
Fax: (504) 780-9891

JOHN H. DENENEA, JR. (#18861)
SHEARMAN~DENENEA, L.L.C.
3004 David Drive
Metairie, LA 70003
Telephone: (504) 304-4582
FAX: (504) 304-4587
jdenenea@gmail.com

s/ Desirée M. Charbonnet
Desirée M. Charbonnet (LSBA #24051)
CHARBONNET LAW FIRM
501 Clearview pkwy
Metairie, LA 70001
Desi@charbonnetlawfirm.com
Ph. 504.888.2227

s/ Craig M. Robinson
CRAIG M. ROBINSON (Bar No. 32934)
Robinson Law Offices, LLC
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 458-5100
F: (504) 717-4627
craig@rlolegal.com

s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR.
4608 Rye Street
Metairie, LA 70006
Tel: 504.525.7272
frank@damicolaw.net

| | |
|---|---|
| S/ Robert L. Salim | s/ Taylor Townsend |
| Robert L. Salim (La. Bar No. 11663) | T. Taylor Townsend (La. Bar No. 20021) |
| SALIM-BEASLEY LLC | T. TAYLOR TOWNSEND, LLC |
| 1901 Texas Street | P.O. Box 784 |
| Natchitoches, LA 71457 | Natchitoches, LA 71458-0784 |
| Telephone: (318) 352-5999 | Telephone: (318) 238-3612 |
| Facsimile: (318) 352-5998 | Facsimile: (318) 238-6103 |
| Email: skeeter@salim-beasley.com | Email:taylor@townsendlaw.com |
| | |
| s/ Nicholas R. Rockforte | /s/ N. Frank Elliot III |
| Nicholas R. Rockforte, La. Bar #31305 | N. Frank Elliot III (La. Bar No. 23054) |
| LABORE EARLES LAW FIRM, LLC | N. FRANK ELLIOT III, LLC |
| 1901 Kalite Saloom Road | P.O. Box 3065 |
| P.O. Box 80098 | 1511 Watkins Street (70601) |
| Lafayette, Louisiana 70598-0098 | Lake Charles, LA 70602-3065 |
| Phone: 337-261-2617 | Telephone: (337) 309-6999 |
| Fax: 337-261-1934 | Facsimile: (337) 429-5541 |
| nicholas@onmyside.com | Email: frank@nfelaw.com |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion for Leave to Conduct a Rule 2004 Examination of Archbishop Gregory Aymond* will be served upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system.

*/s/ Soren E. Gisleson*
Soren E. Gisleson