UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF | ) |
| THE ARCHDIOCESE OF NEW ORLEANS | ) Section "A" |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |

**FIRST SUPPLEMENTAL DECLARATION OF PAUL N. SHIELDS IN CONNECTION WITH THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to 28 U.S.C. § 1746, I, Paul N. Shields, hereby submit this declaration under penalty of perjury:

1. I am a Managing Director of Berkeley Research Group, LLC ("BRG"), a professional services firm, with numerous offices throughout the country. I am duly authorized to make this declaration (the "Declaration") on behalf of BRG. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as witness, I could and would testify thereto.[1]

2. I submit this Declaration to provide additional disclosures relating to parties in interest as supplement to the *Declaration of Marvin A. Tenenbaum in Support of Application of the Official Committee of Unsecured Creditors to Employ Berkeley Research Group, LLC as Financial Advisor* (the "Initial Declaration") filed in conjunction with the BRG retention application [Docket No. 205] and pursuant to the terms of BRG's Retention Order.[2]

---

[1] Certain of the disclosures set forth herein relate to matters within the knowledge of other Directors and Managing Directors at BRG and are based on information provided by them.

[2] *Order Authorizing the Employment and Retention of Berkeley Research Group, LLC as Financial Advisor for the Official Committee of Unsecured Creditors* [Docket No. 362] (the "Retention Order").

**TowerBrook Transaction Disclosure**

3. As of May 1, 2025, BRG is a portfolio company of investment funds managed by TowerBrook Capital Partners (such investment funds and manager, collectively, "TowerBrook"). No facts or circumstances concerning TowerBrook, or any other portfolio company of any investment fund managed by TowerBrook or any other entities affiliated with TowerBrook (collectively, "TowerBrook Entities") were reviewed or considered as part of preparing the Original Declaration (and thus were not disclosed as part of the Original Declaration) as the transaction had not yet occurred. Now that the transaction has closed, BRG makes the following supplemental disclosures. The TowerBrook Entities are under separate managerial control from BRG and do not share any internal systems with BRG. The TowerBrook Entities have no ability to access BRG systems or confidential information, nor does BRG have the ability to access TowerBrook Entities systems or confidential information. Certain TowerBrook personnel may serve as members of the BRG board of directors (the "BRG Directors") and the BRG Directors may serve on boards of directors for certain of the TowerBrook Entities. However, the BRG Directors are subject to confidentiality obligations and fiduciary duties, which prohibit and prevent the sharing of confidential information between companies for which they have board of director responsibilities. Despite the separation between BRG and the TowerBrook Entities, BRG files this supplemental declaration in an abundance of caution to further disclose that it has performed a conflict check in connection with the transaction and none of the parties in interest in these chapter 11 cases are TowerBrook Entities.

4. As such, BRG remains, to the best of my knowledge and insofar as I have been able to ascertain, a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, because BRG and its managing

directors and directors (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtor; (c) do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason within the meaning of section 327(a) of the Bankruptcy Code. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 30, 2025

*/s/ Paul N. Shields*
Paul N. Shields
Berkeley Research Group, LLC

## CERTIFICATE OF SERVICE

      I hereby caused a copy of the foregoing *First Supplemental Declaration Of Paul N. Shields In Connection With The Retention And Employment Of Berkeley Research Group, LLC As Financial Advisor For The Official Committee Of Unsecured Creditors* to be served on May 30, 2025 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* through the Master Service List via first-class United States mail, postage prepaid, to be sent on May 30, 2025.


                                      /s/ *Rolanda Mori*
                                      Rolanda Mori