## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHODIOCES OF NEW ORLEANS | SECTION "A" |
| *Debtor* [1] | CHAPTER 11 |

### COMMERCIAL COMMITTEE'S STATEMENT REGARDING PROPOSED SCHEDULING ORDER

**(Related Doc. No. 4044)**

**NOW INTO COURT,** through undersigned counsel, comes the Official Committee of Unsecured Commercial Creditors (the "*Commercial Committee*") appointed in the above-captioned chapter 11 bankruptcy case (the "*Bankruptcy Case*") of the Roman Catholic Church of the Archdiocese of New Orleans (the "*Debtor*"), who submits this statement regarding a proposed confirmation timeline ahead of the Court's June 13, 2025 status conference on the topic [Doc. No. 4044]. In support, the Commercial Committee respectfully avers as follows:

### Plans of Reorganization

1. On September 13, 2024, the Official Committee of Unsecured Creditors (the "*Abuse Committee*") and the Debtor filed separate proposed Chapter 11 Plans of Reorganization[2] (together, the "*Initial Proposed Plans*"). That same day, the Debtor filed a Disclosure Statement[3] and, subsequently, on November 21, 2024, the Abuse Committee filed its own Disclosure Statement.[4] To date, neither the Initial Proposed Plans nor either of these disclosure statements

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.
[2] Doc. Nos. 3382 and 3384.
[3] Doc. No. 3385.
[4] Doc. No. 3495.

have been set for hearing.

2. While the proposed treatment of the Commercial Committee's constituents in the Initial Proposed Plans is not fully acceptable to the Commercial Committee as drafted, the Commercial Committee has viewed such proposed treatment as a solid starting point for negotiation and considered eventual settlement of its issues likely. Significantly, the proposed treatment for the Commercial Committee's constituency in the Initial Proposed Plans was largely in line with the Commercial Committee's expectation after four years of discussions with the Debtor and the Abuse Committee.

3. More recently, on May 21, 2025, the Debtor, Apostolates, and the Abuse Committee (collectively, the "**Anticipated Plan Proponents**") filed a *Memorandum of Understanding*[5] into the record of the Bankruptcy Case, therein notifying the Court and all parties in interest of their agreement to make their best efforts to negotiate and to seek approval of a joint plan of reorganization containing, without limitation, certain specified key provisions. Since that time, numerous hearings, status conferences, and informal out-of-Court discussions have taken place. Based on representations therein, the Commercial Committee anticipates drastic changes in plan treatment for its constituents.

## Dismissal Pleadings

4. More than seven months after the Initial Proposed Plans were filed, on April 28, 2025, the Court issued an *Order to Show Cause*[6] (the "**Show Cause Order**") requiring the Debtor to appear and show cause on Thursday, June 26th as to why the Bankruptcy Case "should not be dismissed for cause, including the inability to effectuate a plan of reorganization."

5. Two days later, on April 30, 2025, Certain Sexual Abuse Survivors (the

---

[5] Doc. No. 4020-1.
[6] Doc. No. 3949.

"*Dismissal Movants*")[7] filed that certain *Motion to Dismiss Bankruptcy Pursuant to 11 U.S.C. § 1112(b)*[8] (the "*Dismissal Motion*"); *Motion for Evidentiary Hearing on Motion to Dismiss Bankruptcy Pursuant to 11 U.S.C. § 1112(b)*[9] (the "*Evidentiary Hearing Motion*"); and (B) *Motion for Leave to Conduct a Rule 2004 Examination of Archbishop Gregory Aymond*[10] (the "*2004 Motion*", together with the Dismissal Motion and the Evidentiary Hearing Motion, the "*Motions*").[11]

6. Pursuant to the Court's subsequent *Order*[12], the Court scheduled for May 29, 2025: (1) a preliminary hearing on the Dismissal Motion; and (2) a hearing on the Evidentiary Hearing Motion and the 2004 Motion (together, the "*Initial Hearings*"). The Movants thereafter filed that certain *Unopposed Motion to Continue Hearings on Certain Abuse Survivors' Motions*,[13] therein seeking to continue the Initial Hearings to June 26, 2025. Pursuant to the Court's subsequent *Order*[14], the Court will hold a preliminary hearing on the Motions on June 26, 2025.

## Proposed Confirmation/Dismissal Timeline

7. Ahead of the Court's June 6, 2025 status conference, the Anticipated Plan Proponents emailed to chambers a proposed confirmation timeline they prepared jointly (the "*Proposed Timeline*"). The Commercial Committee received the Proposed Timeline for the first

---

[7] Per the Dismissal Motion and Evidentiary Hearing Motion, the "Certain Sexual Abuse Survivors" are those identified in Doc. No. 2340 and those clients represented by claimants' counsel on such of the Motions' signature blocks.
[8] Doc. No. 3965.
[9] Doc. No. 3969.
[10] Doc. No. 3970.
[11] Through the Dismissal Motion, Movants seek to dismiss the Bankruptcy Case pursuant to 11 U.S.C. § 1112(b)(4)(B) due to the Debtor's alleged bad faith actions in the prosecution of the Bankruptcy Case and gross mismanagement of the Estate. Through the Evidentiary Hearing Motion, Movants seek to set the Dismissal Motion for evidentiary hearing, while, through the 2004 Motion, Movants seek a 2004 examination of Archbishop Gregory Aymond to prepare for such requested evidentiary hearing.
[12] Doc. No. 3997.
[13] Doc. No. 4016.
[14] Doc. No. 4019.

time just hours before such email.

8. After discussing the Proposed Timeline at the June 6th status conference, the Court instructed the parties to confer in the coming week and set the June 13th status conference to further discuss the Proposed Timeline.

**Statement**

9. As the Commercial Committee appreciates it, the Court is inclined to hold a singular hearing in October 2025 on the Show Cause Order, Dismissal Motion, and plan confirmation. The Proposed Timeline, in its current form, reflects such inclination. While the Commercial Committee supports a reasonably aggressive confirmation timeline, an October confirmation hearing is untenable for the Commercial Committee under the present circumstances and, for that reason, the Commercial Committee cannot support it.

10. First, the Commercial Committee has yet to see even a draft of the joint disclosure statement and plan prognosticated in the filed Memorandum of Understanding. Even worse, based on in-Court representations and out-of-Court discussions, the Commercial Committee expects that its constituents' plan treatment in the new plan may deviate substantially from those currently on file, substantially increasing the number and complexity of issues the Commercial Committee anticipates litigating. Therefore, the Commercial Committee is being asked to weigh in on and commit to an unnecessarily compressed timeline equipped only with mere speculation as to what issues will need to be litigated.

11. Moreover, the discovery required for a combined dismissal/confirmation hearing, not to mention the attendant pre-confirmation hearings, cannot be reasonably and properly accomplished with an October hearing date. If the rumblings of drastic changes in course on plan treatment come to pass, the Commercial Committee anticipates the need to

propound significant discovery upon the Anticipated Plan Proponents. At the same time, the Dismissal Movants have been vocal in numerous Court hearings about their desire to take a multitude of depositions during this period related to their Dismissal Motion. It can be anticipated that numerous other parties will each wish to take the same depositions – and then some – related to confirmation and the anticipated pre-confirmation motions. The anticipated discovery is substantial and requires ample time to conduct.

12. The confirmation timeline should not be driven by the Dismissal Motion. The Bankruptcy Code requires the Court to (1) commence the hearing on the Dismissal Motion not later than 30 days after its filing, and (2) decide the Dismissal Motion not later than 15 days after commencement of such hearing.[15] However, such requirements are subject to two exceptions: if (1) Movants expressly consent to a continuance for a specific period of time, or (2) compelling circumstances prevent the Court from meeting such time limits.[16] Though few courts have interpreted the "compelling circumstances" standard, existing jurisprudence indicates that the exception encompasses both procedural and substantive considerations.[17] At the very least, the

---

[15] 11 U.S.C. § 1112(b)(3).

[16] As outlined above, the Initial Hearings were set to occur on May 29th, i.e., within thirty days of Movants filing the Dismissal Motion. As also outlined above, Movants, on their own motion, continued the Initial Hearings to June 26th – a date well beyond thirty days of Movants filing the Dismissal Motion. As recognized by *Collier on Bankruptcy*, "[i]f the movant consents to a continuance of a hearing date, such consent will constitute consent to commence the hearing after the required 30-day limit." 7 Collier on Bankruptcy P 1112.04[3][a] (16th 2025). Therefore, by continuing the Initial Hearings, Movants waived their statutory right to a hearing on the Dismissal Motion within thirty days of its filing. However, the Commercial Committee recognizes that Movants consented to a continuance "for a specified period of time", to June 26th. Therefore, there remains some ambiguity as to whether the thirty-day requirement is waived altogether or just to June 26th.

[17] *See, In re 210 W. Liberty Holdings, LLC*, No. 08-677, 2009 Bankr. LEXIS 1706, at *1 n.2 (Bankr. N.D.W. Va. May 29, 2009) (finding compelling circumstances where the matter had been taken under advisement and the press of the court's schedule necessitated delay); *In re Crossroads Ford, Inc.,* 453 B.R. 764, 770 (Bankr. D. Neb. 2011) (holding that compelling circumstances existed where significant time was required to conduct adequate legal research with regard to the issue presented); *In re DCNC N.C. I, LLC,* 407 B.R. 651, 654 n.5 (Bankr. E.D. Pa. 2009) (finding compelling circumstances where the nature of the legal issues merited a comprehensive explanation of the court's reasons for the decision); *In re SageCrest II LLC,* Nos. 08-50754 (AHWS), 08-50755 (AHWS), 08-50763 (AHWS), 08-50844 (AHWS), 10-52523 (AHWS), 10-52524 (AHWS), 2010 Bankr. LEXIS 4592, at *1 (Bankr. D. Conn. Dec. 22, 2010) (recognizing that compelling circumstances may exist where an overarching tenet at the core of bankruptcy law and policy warrants analysis not dependent on the court's docket); *In re McTiernan,* 519 B.R. 860, 865 (Bankr.

Commercial Committee submits that "compelling circumstances" exist in the Bankruptcy Case to delay hearing on the Dismissal Motion until December given that the Court's own Show Cause Order remains pending and the parties efforts should be focused, if not entirely at least equally, on confirmation efforts ahead of a hearing on confirmation/the Show Cause Order.

13. For these reasons, the Commercial Committee objects to any timeline requiring a December 2025 effective date, and the combination of confirmation with hearing on the Dismissal Motion if such combination requires an October trial on both issues. Instead, the Commercial Committee proposes the timeline attached as **Exhibit A**, which has confirmation and the Dismissal Motion both set for a December 2025 hearing, with all associated deadlines working backward from that date. Alternatively, the Commercial Committee proposes a timeline which sets the Dismissal Motion for an October hearing while a confirmation hearing is held separately in December, with all associated deadlines to work backward from the respective hearing dates. Taking one of these two paths, while still aggressive under the circumstances, will provide more time for the parties to receive and review any jointly proposed plan and disclosure statement, identify issues, analyze their positions, conduct proper fact and expert discovery, and try the identified issues before the Court.

**WHEREFORE,** the Commercial Committee prays that this Court, after considering this response, (A) enter a scheduling order incorporating deadlines substantially similar to those on Exhibit A, and (B) provide all general and equitable relief to which the Commercial Committee is justly entitled.

**Signature on following page**

---

D. Wyo. 2014) (finding compelling circumstances existed where the court sought to resolve related issues raised in the debtor's supplement to the record and the creditor's motion to strike before ruling on the motion to convert).

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: */s/ Paul D. Stewart, Jr.*
Paul D. Stewart, Jr. (LA. Bar # 24661)
dstewart@stewartrobbins.com
William S. Robbins (LA. Bar # 24627)
wrobbins@stewartrobbins.com
Brandon A. Brown (La. Bar #25592)
bbrown@stewartrobbins.com
Brooke W. Altazan (La. Bar #32796)
baltazan@stewartrobbins.com
301 Main St., Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

*Counsel to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans*

| Alternative Litigation Schedule Proposed by Commercial Committee | | |
|---|---|---|
| Milestone or Event | Comm Comm Proposed Date(s) | Current Plan Proponents Proposed Date(s) |
| Deadline for all parties to serve "soft" discovery requests regarding plan confirmation and motion to dismiss (by emailing chambers and copying parties in interest) | June 20 | June 20 |
| Status conference regarding discovery on plan confirmation and motion to dismiss | June 26 | June 26 |
| Deadline for the Debtor, the Additional Debtors, and the Committee (the "Plan Proponents") to file: (A) Joint Plan; (B) Disclosure Statement; (C) Motion to Approve Disclosure Statement; Motion to Set Voting Procedures (including solicitation packages); and (D) Motion for Noticing Protocol (collectively, "Disclosure Statement Motions"). | July 15 | July 15 |
| Deadline for potential objectors and Plan Proponents to meet & confer in an attempt to resolve potential objections to Disclosure Statement Motions | July 25 | July 25 |
| Deadline for parties to object to Disclosure Statement Motions | July 28 | July 28 |
| Deadline for Plan Proponents to file reply briefs in support of Disclosure Statement Motions | July 30 | July 30 |
| Hearing on Disclosure Statement Motions | July 31-Aug 1 | July 31-Aug 1 |
| **Assuming Disclosure Statement is Approved** | | |
| Deadline to file 9019/363 Insurance Motions and other preconfirmation motions, such as motions seeking claims estimation (the "Pre-confirmation Motions") | Aug 8 | Aug 8 |
| Deadline to send solicitation packages | Aug 11 | Aug 8 |
| Deadline for all parties to serve written, non-expert discovery requests concerning Confirmation, Pre-confirmation and Dismissal issues^ | Aug 22 | Aug 6 |
| Deadline for Plan Proponents and other parties bearing the burden of proof to submit expert reports concerning all Confirmation, Pre-confirmation and Dismissal issues | Aug 22 | Aug 11 |
| Deadline for plan objectors and parties not bearing the burden of proof to serve discovery on Plan Proponents' experts concerning all Confirmation, Pre-confirmation and Dismissal issues^ | Aug 29 | Aug 18 |
| Preconfirmation hearings (as needed) | Week of Nov 10 * with other Pre-confirmation hearings | Aug 21-22 |

Exhibit A

| | | |
|---|---|---|
| Fact Deposition period for Confirmation, Pre-confirmation and Dismissal issues | Aug 4 - Oct 3 | n/a |
| Deadline for plan objectors and parties not bearing the burden of proof to submit expert reports concerning all Confirmation, Pre-confirmation and Dismissal issues | Sept 8 | Aug 25 |
| Preconfirmation hearings on 9019/363 Insurance Motions | Week of Nov 10 * with other Pre-confirmation hearings | Aug 28-29 |
| Deadline for Plan Proponents and other parties bearing the burden of proof to propound expert discovery.^ | Sept 22 | Sept 2 |
| Deadline for Plan Proponents and other parties bearing the burden of proof to submit rebuttal expert reports | Sept 29 | Sept 16 |
| Expert Deposition period for Confirmation, Pre-confirmation and Dismissal issues | Oct 6 - Oct 31 | n/a |
| Deadline to object to Pre-confirmation Motions | Nov 3 | Aug 25 |
| Deadline to file reply briefs in support of Pre-confirmation Motions | Nov 7 | Aug 27 |
| Hearings on Pre-confirmation Motions (as necessary) | Week of Nov 10 * | n/a |
| Deadline to file objections to confirmation, the dismissal motion, and OSC | Nov 21 | Sept 22 |
| Voting Deadline | Nov 21 | Sept 22 |
| Deadline for Plan Proponents to file reply brief in support of confirmation and Dismissal Movants in support of dismissal | Nov 28 | Sept 29 |
| Deadline for Donlin Rocano to file voting report. | Nov 28 | Sept 29 |
| Deadline to file joint pre-trial order, witness lists and direct witness declarations (direct testimony of witnesses to be proffered by declaration), exhibit lists, and exhibits relating to confirmation, the dismissal motion, and OSC | Dec 1 | Oct 1 |
| Pre-Trial Conference/Settlement Conference | Dec 3* | n/a |
| Mediation (if mandated or agreed) | Dec 4-5 | n/a |
| Hearing Date for Motions in Limine/Daubert with Confirmation and Dismissal Hearing to follow | Dec 8 - 19* | Oct 6, 7, 9, 10, 14, 16, and 17 |
| Plan Effective Date Deadline | Feb 28 2025 | Dec 31 |

*Subject to availability of Court

^Discovery responses will be due 21 days after service of discovery requests; provided, however, that if voluminous documents are requested, additional time can be requested upon expedited motion