UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| THE ROMAN CATHOLIC CHURCH<br>OF THE ARCHDIOCESE OF<br>NEW ORLEANS | SECTION "A" |
| *Debtor*[1] | CHAPTER 11 |

**COMMERCIAL COMMITTEE'S FIRST SET OF DISCOVERY REQUESTS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Commercial Creditors (the "Commercial Committee") serves the following requests for the production of documents (the "Requests for Production" or "Request(s)") under Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, in connection with (1) the proposed confirmation of that certain *First Amended Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of July 30, 2025* [Doc. No. 4192] (together with all exhibits, supplements, and/or subsequent amendments thereto, the "Plan") jointly filed by The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese" or "Debtor"), The Official Committee of Unsecured Creditors (the "Abuse Committee"), and the Additional Debtors (as defined below, and together with the Debtor and Abuse Committee, the "Plan Proponents"); (2) the Court's *Order to Show Cause* issued against the Debtor and dated April 28, 2025 [Doc. No. 3949] (the "OSC"); (3) *Certain Abuse Survivors' Motion to Dismiss Bankruptcy Pursuant to 11*

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

*U.S.C.* § 1112(b) [Doc. No. 3965]; (4) *Argent Institutional Trust Company, as Indenture Trustee's, Motion to Dismiss Bankruptcy Case* [Doc. No. 4158]; and (5) *Motion for Entry of Orders Pursuant to Sections 363 and 105(A) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving the Insurance Settlement Agreements and Policy Buybacks with Certain Insurers and Granting Related Relief* [Doc. No. 4181].

The Commercial Committee requests the Abuse Committee fully answer the following Requests, in writing, and serve a copy of its responses and objections upon undersigned counsel for the Commercial Committee, within fourteen (14) days of service pursuant to the Court's scheduling order entered at Doc. No. 4105. In responding to these Requests, the Abuse Committee are to obtain and furnish all documents and information available to their representatives, employees, agents, servants, attorneys, professionals, and experts. The Commercial Committee also requests that the Abuse Committee timely supplement their responses to these Requests as required by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall apply to the Requests:

(a) The words "all," "any," or "any and all" shall mean every document or communication which can be located or discovered by reasonably diligent effort, and which documents are within your possession, custody, or control (including, without limitation, documents within the possession, custody or control of your agents); documents that you have a legal right to obtain; documents that you have a right to copy or have access to; and documents that you have placed in the temporary possession, custody or control of any third person.

(b) "Abuse Claim" shall have the meaning ascribed to it in ¶ 4 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(c) "Abuse Committee" means the Official Committee of Unsecured Creditors appointed by the Office of the United States Trustee under 11 U.S.C. § 1102 [Doc. No. 94], and as reconstituted by Doc. Nos. 151, 478, 1575, 1618, and 2081.

(d) "Additional Debtors" shall have the meaning ascribed to it in ¶ 11 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(e) "Affordable Housing Facilities" shall have the meaning ascribed to it in ¶ 30 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(f) "Archdiocesan Parishes" shall have the meaning ascribed to it in ¶ 41 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(g) "Avoidance Actions" shall have the meaning ascribed to it in ¶ 56 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(h) "Bankruptcy Case" shall mean the above captioned chapter 11 bankruptcy case, *In re The Roman Catholic Church of the Archdiocese of New Orleans*, pending before the United States Bankruptcy Court for the Eastern District of Louisiana, Case No. 20-10846.

(i) "Bankruptcy Code" means title 11 of the United States Code.

(j) "Bond Claims" shall have the meaning ascribed to it in ¶ 62 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(k) "Commercial Committee" means the Official Committee of Unsecured Commercial Creditors appointed by the Office of the United States Trustee under 11 U.S.C. § 1102 [Doc. No. 772].

(l) "Communication(s)" shall mean any transmission of information by written, oral, mechanical, magnetic, electronic, optical, digital, laser, photographic, pictorial, or other means, including without limitation, documents, recorded conversations, telephone calls, meetings, e-mail messages, texts, slack messages and all other forms of electronic messaging, telegrams, facsimile transmissions, wires, and the like, with, including, or to any person.

(m) "Cure Claim" or "Cure Cost" shall have the meaning ascribed to it in ¶ 111 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(n) "Debtor" means The Roman Catholic Church of the Archdiocese of New Orleans.

(o) "Deposit and Loan Program" shall have the meaning ascribed to it in ¶ 117 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(p) "Disclosure Statement" means that certain *First Amended Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of July 30, 2025* [Doc. No. 4193] filed on July 30, 2025 as well as any subsequent amendments thereto.

(q) "Disposition" includes transferring, selling, donating, or disposing of.

(r) "Doc. No." shall refer to the docket entry number of all pleadings, motions, memorandum, documents, and any other papers filed in the Bankruptcy Case.

(s) "Document(s)" means and includes any medium upon which intelligence or information can be recorded, maintained or retrieved, including, without limitation, the original or a copy thereof, regardless of the origin and location, of any writing, recording, and/or including electronically stored information of any type or description, however produced or reproduced, which is in your or your representatives' possession, custody or control, or to which you have or had access, or of which you have knowledge or which you have a right or privilege to examine upon request or demand, and includes any and all writings and recordings as the term is used in Federal Rule of Evidence 1001 and includes the original (or a copy if the original is not available) and any non-identical copies (whether different from the original because of notes made on the copy or otherwise).

(t) "Entity" has the meaning ascribed to it in 11 U.S.C. § 101(15).

(u) "Estate Causes of Action" shall have the meaning ascribed to it in ¶ 140 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(v) "Existing Benefits Programs" shall have the meaning ascribed to it in ¶ 147 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(w) "Funds" includes cash, cash equivalents, mutual funds, securities, and the like.

(x) "General Unsecured Claim" shall have the meaning ascribed to it in ¶ 157 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(y) "Identify" shall mean:

(i) when used in reference to a natural person, to state his or her full name, present business affiliation and position, present business address, and present business telephone number;

(ii) when used in reference to a Communication, to describe the substance of the Communication, all persons making or receiving the Communication, the form of the Communication (e.g., written or oral), the date and time of the Communication, and all Documents referring or relating to the Communication;

(iii) when used in reference to a Document, to articulate (to the extent known), the following information: a description of the Document and its general subject matter; the date; the identity of the party or parties whose name or names appear thereon; and to the extent the Document has been destroyed, the date of destruction, reason for destruction, and the identity of the person that destroyed it;

(iv) when used in reference to a person, other than a natural person, to state whether such person is a corporation, partnership, or other organization, and its name, present or last known address and principal place of business, and relationship.  Once any person has been personified properly, it shall be sufficient thereafter when personifying the same person to state his, her or its name only; and

(v) when used in reference to any act or occurrence, to state the context and all substantive facts of the event or events constituting each act or occurrence and specify the exact location(s), date(s), and person(s) involved in the act or occurrence.

(z) The terms "includes" and "including" shall mean including but not limited to.

(aa) "Liquidation Analysis" shall have the meaning ascribed to it in ¶ 184 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(bb) "Liquidation Analysis of the Debtor" shall mean the Liquidation Analysis in Exhibit 3 of the Disclosure Statement.

(cc) "Non-Abuse Personal Injury Claims" shall have the meaning ascribed to it in ¶ 198 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(dd) "Non-Insurer Contribution Claim" shall have the meaning ascribed to it in ¶ 201 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(ee) "Non-Settling Insurer" shall have the meaning ascribed to it in ¶ 203 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(ff) "Non-Settling Insurer Policies" shall have the meaning ascribed to it in ¶ 205 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(gg) "Parish Related Agreements" shall mean the agreements referenced in Section 10.7 of the Plan.

(hh) "Parish Service Agreements" shall have the meaning ascribed to it in ¶ 214 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(ii) "Petition Date" means May 1, 2020.

(jj) "Plan" shall mean that certain *First Amended Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of July 30, 2025* [Doc. No. 4192] filed on July 30, 2025 as well as any subsequent amendments thereto.

(kk) "Plan Exhibits" shall have the meaning ascribed to it in ¶ 218 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(ll) "Plan Proponents" shall mean the Debtor, Abuse Committee, and Additional Debtors.

(mm) "Plan Supplements" shall have the meaning ascribed to it in ¶ 219 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(nn) "Portfolio A" means, per Doc. No. 4193, "funds under a custodial agreement with Hancock Whitney Bank," which "contains investments owned by the Archdiocese, the Additional Debtors, and third parties."

(oo) "Portfolio B" means (a) the pooled account for cash, cash equivalents and fixed income securities used to manage and invest the Debtor's and Apostolates' cash, with such assets used to provide low interest loans to fund Affiliate capital projects (the "D&L Fund"); and (b) per Doc. No. 3382, "Hancock Whitney Account No. -3049, which consists of Cash and other assets maintained at Hancock Whitney in connection with certain agreement(s) among Hancock Whitney, the Debtor, and/or other Entities."

(pp) "Priest Pension Claims" shall have the meaning ascribed to it in ¶ 229 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(qq) "Priest Retiree Medical Benefits Claims" shall have the meaning ascribed to it in ¶ 232 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(rr) "Reorganized Archdiocese" shall have the meaning ascribed to it in ¶ 252 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(ss) "Schedules" shall have the meaning ascribed to it in ¶ 258 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(tt) "Settling Insurers" shall have the meaning ascribed to it in ¶ 273 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(uu) "Settling Insurers' Policies" shall have the meaning ascribed to it in ¶ 274 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(vv) "Stout" is Stout Risius Ross, LLC f/k/a The Claro Group, LLC.

(ww) "Unsecured Trade Claims" shall have the meaning ascribed to it in ¶ 300 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

(xx) The terms "related to," "relate or pertain to," "pertaining to," "concerning," and "relating to" (as applicable) mean mentioning, discussing, including, summarizing,

describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

(yy) "You" or "Your" means the Abuse Committee.

(zz) "Workers' Compensation Programs" shall have the meaning ascribed to it in ¶ 306 of Exhibit "A" to Doc. No. 4192 and any other similar meaning that may be ascribed to it in the Plan.

## INSTRUCTIONS

1) Unless otherwise set forth herein, the Requests are limited in time from 2020 through the date of these Requests.

2) Where Communications or Documents are requested, such Request encompasses Communications or Documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or Documents.

3) Pursuant to FED. R. CIV. P. 26(e), you are under a duty reasonably to amend any answer to these Requests for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4) For any Request or part of a Request which you refuse to respond to under a claim of privilege, you shall comply with Federal Rule of Civil Procedure 26(b)(5); submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the Documents or information withheld; specify the grounds of the claimed privilege and the paragraph of these Requests to which the information is responsive; identify each person to whom the Documents or information, or any part thereof, has been disclosed; identify each person who prepared and/or signed the Document; and identify each person designated as an addressee; identify the date of the Document, the subject matter of the Document, type or nature of the Document.

5) Respond to each Request fully. If you object to any Requests, state the reasons for objection and respond to the extent the Requests is not objectionable. If you are unable to respond a Request fully, submit as much information or documentation as is available, explain why your response is incomplete, and identify or describe all other sources of more complete or accurate information or documentation.

6) For any record or Document responsive or relating to these Requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such Document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

7) All Documents and Communications should be produced in native format and must include all associated metadata. Emails should be produced in a pst or other similar file. Scanned documents should be produced in .pdf format. All such production shall be correlated to the number of the particular Request.

8) All Requests seek data to the extent not already produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all Abuse Claims (as well as any documentation attached thereto) filed in the Bankruptcy Case to date, redacted to remove personally identifying information of the claimant and individual abuser(s), as well as indication of any such Abuse Claims which have been settled, released, and/or otherwise satisfied to date (both before and after the Petition Date) and, in such instance, Documents evidencing the settlement, release, and/or otherwise satisfaction of such Abuse Claims.

Alternatively, a complete sexual abuse claims sizing analysis, updated since the initial claims sizing analysis provided by the Abuse Committee to the Commercial Committee in January 2022, which updated information should include, but is not limited to: (1) inclusion of all Abuse Claims filed to date; (2) indication of any such Abuse Claims which have been settled, released, and/or otherwise satisfied to date (both before and after the Petition Date) and, in such instance, Documents evidencing the settlement, release, and/or otherwise satisfaction of such Abuse Claims.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents evidencing the post-Petition Date satisfaction of any (1) claim scheduled within the Schedules; and (2) proof of claim filed by any claimant into the claims registry of the Bankruptcy Case.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the Plan Proponents' determination as to which of the general unsecured (1) claims scheduled within the Schedules; and/or (2) proofs of claim filed by any claimant into the claim registry of the Bankruptcy Case fall within any of the Plan's proposed classes and/or passthrough categories, including but not limited to: (A) Class 5 – Non-Insurer Contribution Claims (Section 4.5 of the Plan); (B) Class 6 – Bond Claims (Section 4.6 of the Plan); (C) Class 7 – General Unsecured Claims and Unsecured Trade Claims – Debtor (Section 4.7 of the Plan); D) Class 8 – Non-Abuse Personal Injury Claims – Debtor (Section 4.8 of the Plan); (E) Workers' Compensation Programs claims (Section 10.5 of the Plan); (F) Parish-Related Agreements (Section 10.7 of the Plan); and (G) Priest Pension Claims, Priest Retiree Medical Benefits Claims, and/or Existing Benefits Program Claims (Sections 8.7, 10.4 of the Plan).

**REQUEST FOR PRODUCTION NO. 4:**

All Documents used to prepare the Liquidation Analysis of the Debtor.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents evidencing the restrictions on the "Donor Restricted Assets" identified in the Liquidation Analysis of the Debtor.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents evidencing and supporting the amounts (and the rationale for each discount applied) contained in the Liquidation Analysis of the Debtor for the following line items:

(a) Cash and cash equivalents;

(b) Accounts receivable;

(c) Prepaid expenses;

(d) Investments – Portfolio A;

(e) Investments – Portfolio B;

(f) Real property, net;

    (g) Liability to Portfolio B third parties;

    (h) Chapter 7 attorney and professional fees;

    (i) Shut-Down Costs.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents supporting the exclusion of "recoveries related to insurance coverage for tort claims" in the Liquidation Analysis of the Debtor.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents evidencing the disposition of the "tort reserve of $8,168,875" which has been excluded from the "accrued liability for self-insured claims" in the Liquidation Analysis of the Debtor.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents evidencing the $0.00 liquidation value for "Investments – unrestricted – CUP" and "Investments – unrestricted – other" in the Liquidation Analysis of the Debtor.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents evidencing any restrictions on the Debtor's assets to preclude them from being used to fund their obligations under the Plan.

**REQUEST FOR PRODUCTION NO. 11:**

All financial statements for 2020-2025 for the Deposit and Loan Program, Portfolio A, and Portfolio B.

**REQUEST FOR PRODUCTION NO. 12:**

All financial statements issued to the Debtor's lenders for the years between 2017 and 2025.

**REQUEST FOR PRODUCTION NO. 13:**

The *Actuarial Valuation Report Disclosure for Fiscal Year Ending June 30, 2025 and 2026 Benefit Cost Under US GAAP* prepared by Willis Tower Watson.

**REQUEST FOR PRODUCTION NO. 14:**

Updated total insured values for the properties held by the Debtor.

**REQUEST FOR PRODUCTION NO. 15:**

Copies of any and all reports and opinions prepared by Stout in connection with the Bankruptcy Case.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications used by Stout to prepare its reports and opinions in this Bankruptcy Case.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents which value the real and personal property the Debtor is using to fund its obligations under the Plan

**REQUEST FOR PRODUCTION NO. 18:**

All Documents which value the real and personal property the Debtor will retain to the extent that the Plan is confirmed.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents which value and/or estimate the value of the following:

(a) The Avoidance Actions;

(b) Estate Causes of Action;

(c) Affordable Housing Facilities.

**REQUEST FOR PRODUCTION NO. 20:**

To the extent not already produced, any appraisals of the Debtor's real and personal property.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents used to value or otherwise estimate the value of the Archdiocesean Parishes' release of any Cure Claims owed by the Reorganized Archdiocese in connection with the assumption of the Parish Service Agreements.

**REQUEST FOR PRODUCTION NO. 22:**

Copies of the Settling Insurers' Policies including all declarations, riders, and documents executed in connection therewith.

**REQUEST FOR PRODUCTION NO. 23:**

Copies of the Non-Settling Insurers' Policies including all declarations, riders, and documents executed in connection therewith.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications used in negotiating the terms of the Plan and any documents or agreements that will be a part of the Plan.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications that may be introduced at any hearing to confirm the Plan.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents that may be attached to and/or an integral part of the Plan.

**REQUEST FOR PRODUCTION NO. 27:**

Copies of all Plan Supplements and Plan Exhibits (to the extent they have not been filed).

**REQUEST FOR PRODUCTION NO. 28:**

For all fact and expert witnesses you may call as a witness, whether through live testimony, deposition, affidavit, or otherwise, at any hearing relating to the Plan, please produce the following information:

(a) a complete statement of any and all opinions and/or facts the witness will express and the basis and reasons for them;

(b) the Documents, Communications, and other information considered by the witness in forming any and all opinions and/or fact testimony;

(c) any exhibits that will be used to summarize or support the witness's opinion(s);

(d) any and all transcripts of deposition and/or trial testimony given by said person(s) within the past five (5) years to present;

(e) for each expert witness, the witness's qualifications, including a list of all publications authored in the previous ten (10) years;

(f) for each expert witness, a copy of the report they have provided;

(g) for each expert witness, a list of all other cases in which, during the previous four (4) years, the witness testified as an expert at trial or by deposition; and

(h) for each expert witness, a statement of the compensation to be paid for the study and testimony in the case.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications used to prepare the Disclosure Statement.

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: */s/ Paul D. Stewart, Jr.*
Paul D. Stewart, Jr. (LA. Bar # 24661)
dstewart@stewartrobbins.com
William S. Robbins (LA. Bar # 24627)
wrobbins@stewartrobbins.com
Brandon A. Brown (La. Bar #25592)
bbrown@stewartrobbins.com
Brooke W. Altazan (La. Bar #32796)
baltazan@stewartrobbins.com
301 Main St., Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

*Counsel to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans*

**Certificate of Service**

I do hereby certify that on August 6, 2025, a copy of the above and foregoing was served via the court's electronic notification system on all parties registered to receive service through that system, and via electronic mail on counsel for the Official Committee of Unsecured Creditors at the email addresses indicated below:

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang
Iain A.W. Nasatir
Andrew W. Caine
Karen B. Dine
10100 Santa Monica Blvd., Ste. 1300
Los Angeles, CA 90067
jstang@pszjlaw.com
inasatir@pszjlaw.com
acaine@pszjlaw.com
kdine@pszjlaw.com

TROUTMAN PEPPER LOCKE LLP
Omer F. Kuebel, III
Bradley C. Knapp
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
rkuebel@lockelord.com
bknapp@lockelord.com

TROUTMAN PEPPER LOCKE LLP
W. Steven Bryant
300 Colorado Street, Ste. 2100
Austin, Texas 78701
steven.bryant@troutman.com

at Baton Rouge, Louisiana, this 6th day of August, 2025.

*/s/ Paul Douglas Stewart, Jr.*
Paul Douglas Stewart, Jr.