UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>Debtor.[1] | §<br>§ Case No. 20-10846<br>§<br>§ Section "A"<br>§<br>§ Chapter 11<br>§<br>§ |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OBJECTION TO THE MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) FOR
THE ESTIMATION OF TORT CLAIMS FILED BY ARGENT INSTITUTIONAL
TRUST COMPANY, AS INDENTURE TRUSTEE**

The Official Committee of Unsecured Creditors (the "Abuse Survivor Committee") files this *Objection* (the "Objection") to the *Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Estimation of Tort Claims* (Doc. No. 4136) ("Estimation Motion") filed by Argent Institutional Trust Company, as Indenture Trustee ("Bond Trustee"), as follows:

1. All agree that the value of the abuse claims will be central to the forthcoming plan-confirmation proceeding. The Plan's liquidation analyses contain a value estimate (*See* Doc. 4242, Exs. 3, 5), and the Plan Proponents will present an expert valuation report from Stout Risius Ross, LLC (f/k/a The Claro Group, LLC) ("Stout"), which will testify at the November 2025 plan-confirmation hearing regarding claim value. The Bond Trustee or any other party challenging the Plan Proponents' abuse-claim valuation can comply with the existing *Order Scheduling Trial and Pretrial Deadlines* (Doc. No. 4105) ("Plan Scheduling Order"), receive and review Stout's report, designate any experts in opposition, and present its alternative claims valuation at confirmation.

2. As the Bond Trustee acknowledges, section 506(c) of the Bankruptcy Code sets no

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

rules regarding estimation, and the Court has considerable discretion over this process. (*See* Doc. No. 4136 at 11-12). The Court does not need to estimate the abuse claims for voting purposes now that it has approved solicitation procedures (Doc. No. 4253), which estimate each abuse claim at $1.00 for voting purposes. Therefore, the necessary estimation of claims can—and should—occur during the November 2025 plan-confirmation hearing pursuant to the process schedule already in place.

3. The Court should decline the Estimation Motion's request for a second, freestanding process (replete with separate deadlines) for estimating abuse claims. This proposal is not only unnecessary, but also ***harmful***.

4. First, the Estimation Motion has generated significant confusion among Abuse Claimants, who (justifiably) perceive it as a prelude to claim objections brought by the Bond Trustee. Second, the Bond Trustee's suggestion that the "Tort Committee Must Propose [a] Statistically Representative Sample of Claimants to Take Discovery" risks subjecting random Abuse Claimants to discovery that will be personally traumatic. (*See* Doc. No. 4136 at 13). No party to this case (including the Bond Trustee) needs to conduct discovery of individual claimants in order to estimate the Abuse Claims as a whole. The Court should reject any effort to subject claimants, who filed confidential claims in compliance with this Court's bar date order (Doc. No. 461), to public depositions and cross-examination regarding their abuse. Third, and finally, the Court's Plan Scheduling Order ensures a thorough process, including discovery, to address the Abuse Claim valuation issues. The duplicative process requested in the Estimation Motion will add unnecessary time and expense to, and overburden, an already robust, complex, and expensive plan-confirmation process.

5. As part of the plan discovery process, the Plan Proponents are working to provide

145828675v4

the Bond Trustee with anonymized claim information, in accordance with this Court's *Order on Joint Motion to Supplement Claims Bar Date Order* (Doc. No. 1168). The Bond Trustee can analyze this data, evaluate the Stout report when it is produced, conduct discovery, and use the information obtained however the Bond Trustee deems appropriate ahead of the November 2025 plan-confirmation hearing.

6. The Court should therefore deny the Estimation Motion.

Dated: August 14, 2025

Respectfully submitted,

By: *Bradley C. Knapp*
James I. Stang (CA Bar No. 94435)
(admitted pro hac vice)
Iain A.W. Nasatir (CA Bar No. 148977)
(admitted pro hac vice)
Andrew W. Caine (CA Bar No. No. 110345)
(admitted pro hac vice)
Karen B. Dine (NY Bar 2625366)
(admitted pro hac vice)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**-and-**

Omer F. Kuebel, III (La #21682)
Bradley C. Knapp (La #35867)
Troutman Pepper Locke LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5111
Facsimile: (504) 558-5200
Email: rick.kuebel@troutman.com
           brad.knapp@troutman.com

**-and-**

W. Steven Bryant (*admitted pro hac vice*)
Texas Bar. No. 24027413
Federal I.D. No. 32913
Troutman Pepper Locke LLP
300 Colorado St., Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4726
Facsimile: (512) 305-4800
Email: steven.bryant@troutman.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

145828675v4

**CERTIFICATE OF SERVICE**

       I hereby caused a true and correct copy of the foregoing *Objection* to be served on August 14, 2025, upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system and by U.S. Mail on the all other parties requiring service under the Special Notice List, as set forth in the Court's May 1, 2020 *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [Doc. No. 22].

                                  */s/ Bradley C. Knapp*\_\_\_\_\_
                                  Bradley C. Knapp

145828675v4