IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br>Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

### CERTAIN ABUSE SURVIVORS NOTICE OF INTENT TO TAKE DEPOSITIONS AND RELATED ISSUES

Certain Abuse Survivors hereby submits this *Notice of Intent to Take Depositions and Related Issues*, pursuant to the *Amended Order Scheduling Trial and Pretrial Deadlines in Connection with (I) Confirmation of Plan Proponents' Joint Amended Plan of Reorganization, (II) Motions to Approve Settlements with Insurers, (III) Certain Abuse Survivors' Motion to Dismiss Bankruptcy Pursuant to 11 U.S.C. § 1112(b), and (IV) the Court's Order to Show Cause Issued Against the Debtor, dated April 28, 2025* [Rec. Doc. 4294].

**1. Proposed Deponents.**

The Survivors intend to depose, and attend the depositions of, the following individuals and entities:

- Patricia Moody
- Gregory M. Aymond
- Lloyd E. Eagan, Jr.
- Susan A. Zeringue
- Remy J. Donnelly
- Timothy Hedrick

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

- Gayle Benson

- Corporate Representative(s) of

    - the Debtor
    - Additional Debtors
    - Official Committee of Unsecured Creditors
    - Commercial Committee
    - Stout Risius Ross, LLC
    - Kroll, LLC

Certain Abuse Survivors to attend and/or ask questions at any other deposition.

**2. Patricia Moody.**

Certain Abuse Survivors understand that she may produced as the corporate representative of the Official Committee of Unsecured Creditors. Certain Abuse Survivors are willing to depose her only one time in the capacity as fact witness and corporate representative.

**3. Gregory M. Aymond.**

As the Archbishop of New Orleans, he is the sole member and chief administrator of the Archdiocese with absolute power, and no board or individual can overrule his decisions. His deposition is crucial to understand his exercise of this power, his decision-making process, and his personal responsibility for the alleged gross mismanagement and bad faith in prosecuting the bankruptcy.

Certain Abuse Survivors propose that Archbishop Aymond be deposed for a total of fifteen (15) hours, to be conducted across three (3) days with five (5) hours of testimony each day. Testimony time shall be kept by the videographer, not the stenographer. These sessions should be conducted in the designated spare courtroom.

Aymond may also be designated as the Archdiocese's corporate representative as to some areas of inquiry. Certain Abuse Survivors are willing to depose him in both capacities at the same time.

**4. Susan A. Zeringue**

As general counsel for the Archdiocese, Ms. Zeringue is engaged in certain attorney client communications. Certain Abuse Survivors recognize this. Ms. Zeringue will be questioned concerning the billing practices of Jones Walker and any alleged conflict of interest with her Jones Walker partner husband Wayne Zeringue.

**5. Lloyd E. Eagan, Jr.**

Eagan will be questioned as a fact witness and designee of the Archdiocese of New Orleans as a corporate representative. Certain Abuse Survivors are willing to depose him one time in both capacities.

**6. Remy J. Donnelly.**

As a Jones Walker partner, Donnelly serves as chairperson of the board for the Apostolate Christopher Homes, Inc. Certain Abuse Survivors argue in their Motion to Dismiss that this created a conflict of interest between his firm, the Archdiocese, and Christopher Homes, especially since Christopher Homes' assets are for sale to fund the Archdiocese's debt. His deposition is necessary to explore the nature of this conflict, his actions on the board, and how these affect the Debtor's estate.

**7. Timothy Hedrick**

Fr. Hedrick is a fact witness with knowledge of the bankruptcy. He serves as a member of a committee representing the Apostolates and/or Additional Debtors. Certain abuse survivors intend to question Hedrick on all issues related to his role as a decision-maker for the

3

Apostolates, as well as his own parish's (St. Catherine of Siena) ten million dollar ($10,000,000.00) capital campaign and the capital campaigns of other Apostolates.

If he is also designated as the corporate representative for the Additional Debtors, then Certain Abuse Survivors will depose him in both capacities at the same time.

**8. Gayle Benson**

Gayle Benson spearheads the fund drive to renovate the St. Louis Cathedral and related buildings as the leader of the Our City Our Cathedral. Ms. Benson has publicly set a goal of raising $75M. Ms. Benson will be questioned regarding her role in fundraising for the Cathedral fundraising for the Archdiocese generally, and assistance with the publication and development of the Archdiocese's Credibly Accused Clergy list.

**9. Corporate Representatives.**

Certain Abuse Survivors have not finalized the areas of inquiry for the aforementioned corporate representatives. Certain Abuse Survivors will limit the areas of inquiry to their Motion to Dismiss Bankruptcy and Plan confirmation issues. Certain Abuse Survivors recommend that areas of inquiry can be dealt with in real time during the deposition(s).

**10. Scheduling.**

Certain Abuse Survivors have cleared the following dates for the aforementioned depositions: September 22-October 24, 2025. Certain Abuse Survivors note depositions should not be scheduled until after the Plan Proponents produce documents in response to discovery requests and the receiving party has time to review the documents. As of now, none of the three Plan Proponents have produced any documents in response to Certain Abuse Survivors' discovery requests or designated any documents previously produced as responsive.

**11.    Plan Proponents Share Time and Questioning.**

The three plan proponents (Debtor, Additional Debtors, and UCC) should be treated as a single party with the same interests, such that only lawyer across the three entities can ask questions (and object) at any deposition. The Certain Abuse Survivors (who are comprised of 10 law firms representing about 250 claimants) agree to the same process. This will greatly reduce redundancy, cost, and time.

**12.    Division of Deposition Time.**

Division of questioning time should be based on who the party aligns with. For witnesses (other than Aymond), Certain Abuse Survivors propose six (6) hours of questioning for those who are opposed to the party the witness is aligned with and one hour of questioning for those aligned with the witness.

The United States Trustee's time would not be limited. The UST could ask whatever questions for however long. The UST would go last in the questioning order.

For Aymond, the testimony time will be thirteen (13) hours of questioning for plan opponents, 1 hour for plan proponents, and 1 hour for follow up by plan opponents.

If the total deposition time is not used and some time is left over, then it will be available to whomever wants to ask questions in the order that the questions were asked in that deposition.

WHEREEFORE Certain Abuse Survivors respectfully submit that the Notice be deemed sufficient.

Respectfully submitted,

*/s/ Soren E. Gisleson*
**SOREN E. GISLESON (#26302)**
**JOSEPH E. "JED" CAIN (#29785)**
Herman, Herman & Katz, L.L.C.
909 Poydras St., Suite 1860
New Orleans, Louisiana 70112-4060
Office: 504-581-4892
Fax: 504-561-6024
soren@hkgclaw.com
jed@hkgclaw.com

-AND-

**JOHN H. DENENEA, JR. (#18861)**
**SHEARMAN-DENENEA, L.L.C.**
3004 David Drive
Metairie, Louisiana 70003
Telephone: (504) 304-4582
Facsimile: (504) 304-4587
jdenenea@gmail.com

-AND-

**RICHARD C. TRAHANT (# 22653)**
**ATTORNEY AT LAW**
2908 Hessmer Avenue
Metairie, LA 70002
Telephone: (504) 780-9891
FAX: (504) 780-9891
Email: trahant@trahantlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice will be served upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system.

*/s/ Soren E. Gisleson*
Soren E. Gisleson