# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF ) | |
| THE ARCHDIOCESE OF NEW ) | Section "A" |
| ORLEANS, ) | |
| ) | Chapter 11 |
| Debtor.[1] ) | |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7030, United States Fidelity & Guaranty Company, affiliate of Travelers Indemnity Company ("Travelers") will take the deposition of the Official Committee of Unsecured Creditors (the "Committee"), on (TBD) at the U.S. Bankruptcy Court, 500 Poydras Street, Suite B-601, New Orleans, LA, 70130. The Committee shall designate one or more employees, or other persons to testify on its behalf concerning the subjects set forth in the attached **Exhibit A**.

**NOTICE IS FURTHER GIVEN** that the deposition will take place before a notary public or other officer authorized to administer the oaths and record testimony pursuant to Rule 28 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7028, and that the deposition will be recorded by stenographic means and videotape.

**PLEASE TAKE FURTHER NOTICE** that Travelers, reserves the right to supplement or amend this notice and/or Schedule A as well as the right to take further depositions of the Committee pursuant to Federal Rule of Civil Procedure Rule 30(b)(6).

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

<table>
<tr><td>Dated: September 17, 2025</td><td>Respectfully submitted,<br><br>**DENTONS US LLP**<br><br>By: <u>*/s/ Patrick Maxcy*</u><br>Patrick C. Maxcy (IL #6275469)<br>M. Keith Moskowitz (IL #6274101)<br>DENTONS US LLP<br>233 South Wacker Drive, Suite 5900<br>Chicago, Illinois 60606-6362<br>(312) 876-8000 – Telephone<br>patrick.maxcy@dentons.com<br>keith.moskowitz@dentons.com<br><br>Jerry A. Beatmann, Jr. (LA #26189)<br>DENTONS US LLP<br>650 Poydras Street, Suite 2850<br>New Orleans, LA 70130-6132<br>(504) 524-5446 - Telephone<br>jay.beatmann@dentons.com<br><br>*Attorneys for United States Fidelity & Guaranty Company*</td></tr>
</table>

## EXHIBIT A

## MATTERS OF EXAMINATION[2]

**TOPIC 1.** The Committee's understanding of the impact of the Joint Plan on the Debtor's continued rights or obligations under the Non-Settling Insurers' Policies post-Effective Date.

**TOPIC 2.** The Non-Settling Insurance Rights Transfer as relates to the Non-Settling Insurers' Policies.

**TOPIC 3.** The Committee's understanding of the insurance coverage of the Debtor under Non-Settling Insurers' Policies.

**TOPIC 4.** The Memorandum of Understanding among the Plan Proponents and Certain Abuse Survivors, including all communications between the Committee, Plan Proponents and the Certain Abuse Survivors Attorneys relating thereto.

**TOPIC 5.** The Committee's role in drafting the Plan Documents, including the Litigation Trust and Allocation Protocol

**TOPIC 6.** The Committee's understanding of the continuing rights and obligations of the Debtor, Non-Settling Insurers and other parties to the Policies issued by Non-Settling Insurers post-Effective Date.

**TOPIC 7.** Negotiations between the Committee, the Plan Proponents and other parties regarding the Plan Documents.

**TOPIC 8.** The makeup of the Trust Advisory Committee, including communications with the counsel for the Certain Abuse Survivors regarding the same.

**TOPIC 9.** The selection of the Litigation Trustee, including any Communications regarding the same.

**TOPIC 10.** The selection of the Abuse Claims Reviewer and any Communications regarding same.

**TOPIC 11.** The Committee's understanding of Plan provisions permitting direct actions for Litigation Claims against Non-Settling Insurers and the rationale for including these provisions in the Plan.

**TOPIC 12.** The Committee's understanding of and role in designing the process and procedures for holders of Litigation Claims to assert direct actions post-Effective Date.

---

[2] Terms used but not defined herein shall have the definitions provided in the Third Amended Joint Chapter 11 Plan of Reorganization [Docket No. 4331].

3

**TOPIC 13.** The Committee's understandings regarding the continued availability of insurance coverage for Abuse Claims resolved under the Allocation Protocol and Settlement Trust Agreement and the procedures for seeking payment from Non-Settling Insurers for such Abuse Claims.

**TOPIC 14.** The Committee's understandings regarding the Non-Settling Insurers' rights to participate in the defense or resolution of Abuse Claims determined under the Allocation Protocol and Settlement Trust Agreement.

**TOPIC 15.** The Committee's understandings regarding the process for objecting to Abuse Claims after the Effective Date of the Plan.

**TOPIC 16.** The Committee's understandings regarding the resolution of disputes involving insurance coverage under the Non-Settling Insurers' Policies post-Effective Date.

**TOPIC 17.** The Committee' understanding of the rights of holders of Abuse Claims to receive payment from the Settlement Trust and a Non-Settling Insurer under the terms of the Allocation Protocol and the Settlement Trust.

**TOPIC 18.** Any releases or discharges under the Plan.

**TOPIC 19.** The Plan provisions impacting Non-Settling Insurers' Contribution Claims.