UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>   Debtor.[1] | § § § § § § § § §   Case No. 20-10846<br><br>  Section "A"<br><br>  Chapter 11 |

## DEBTOR AND ADDITIONAL DEBTORS' AMENDED NOTICE OF RULE 30(b)(6) VIDEO DEPOSITION OF ARGENT INSTITUTIONAL TRUST COMPANY

PLEASE TAKE NOTICE that the Debtor, The Roman Catholic Church of the Archdiocese of New Orleans (the "**Debtor**" or "**Archdiocese**"), and the Additional Debtors,[2] through undersigned counsel, will take the oral and video deposition of a representative(s) of Argent Institutional Trust Company, successor-in-interest to Hancock Whitney Bank and TMI Trust Company, as indenture trustee ("**Argent**" or "**Bond Trustee**") on September 26, 2025, at 2:00 p.m. CDT, pursuant to Federal Rule of Civil Procedure 30(b)(6) and Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure.

The deposition will be taken in person at the United States Bankruptcy Court for the Eastern District of Louisiana, located at 500 Poydras Street, New Orleans, Louisiana. The deposition will be given before an authorized court reporter or other person authorized by law to administer oaths and will be recorded by stenographic and videographic means.

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] The Additional Debtors are listed on Exhibit B-1 to the *Third Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of September 8, 2025*. [ECF No. 4331-1].

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, Argent shall designate one or more knowledgeable individual(s) to testify on its behalf regarding the matters listed in Exhibit A. All parties are invited to attend and examine the witness(es) as prescribed by the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: September 17, 2025

*/s/ Mark A. Mintz*_____
JONES WALKER LLP
R. Patrick Vance (#13008)
Elizabeth J. Futrell (#05863)
Mark A. Mintz (#31878)
Samantha A. Oppenheim (#38364)
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
efutrell@joneswalker.com
mmintz@joneswalker.com
soppenheim@joneswalker.com

**ATTORNEYS FOR THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**

*/s/ Douglas S. Draper*_____
HELLER, DRAPER, & HORN, L.L.C.
Douglas S. Draper
Greta S. Brouphy
Michael E. Landis
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: 504-299-3300
Facsimile: 504-299-3399
E-mail: ddraper@hellerdraper.com
gbrouphy@hellerdraper.com
mlandis@hellerdraper.com

**ATTORNEYS FOR
THE ADDITIONAL DEBTORS**

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing is being served (a) on September 17, 2025 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system; and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, LLC ("**DRC**"). DRC shall file a certificate of service to that effect once service is complete.

       */s/ Mark A. Mintz*
       Mark A. Mintz

**EXHIBIT A TO THE DEBTOR AND ADDITIONAL DEBTORS'
AMENDED NOTICE OF RULE 30(b)(6) VIDEO DEPOSITION OF
ARGENT INSTITUTIONAL TRUST COMPANY**

**DEFINTIONS**

1. "**Abuse Claim**" means any Claim that has been asserted, or could be asserted, against any Covered Party, Settling Insurer or Non-Settling Insurer, that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively alleged Abuse that occurred, in whole or in part, before the applicable Archdiocese's Petition Date or Additional Debtors' Petition Date, including any such Claim that seeks monetary damages or any other relief, under any legal or equitable theory of liability, including, but not limited to, the following: vicarious liability; *respondeat superior*; any conspiracy, fraud-based theory, including fraud in the inducement; any negligence-based or employment-based theory, including negligent hiring, negligent, insufficient, or inadequate supervision, retention or misrepresentation; any theory based on misrepresentation, concealment, or unfair practice; public or private nuisance; or any theory, including, without limitation, any theory based on public policy or any acts or failures to act by any Covered Party, any Settling Insurer, or any other Entity for whom any Covered Party or any Settling Insurer is allegedly responsible, including, but not limited to, any such Abuse Claim against any Covered Party, Settling Insurer Non-Settling Insurer, or any other Entity for whom any Covered Party, Settling Insurer or Non-Settling Insurer is alleged to be responsible. Abuse Claims are: (a) the Known Abuse Claims, which are treated in Class 3; and (b) the Unknown Abuse Claims, which are treated in Class 4. For the avoidance of doubt, "Abuse Claim" includes (a) all Unknown Abuse Claims, (b) Claims or causes of action defined or described in the Revival Window Laws against the Archdiocese or any other Covered Party, (c) Direct Action Claims, and (d) any Claim against the Archdiocese or any other Covered Party that is attributable to, arises from, is based upon, relates to, or results from Abuse that, as of the Petition Date is barred by any applicable statute of limitations, and in each case, irrespective of whether (x) such Claims also involve the conduct of joint tortfeasors (or similar concepts under applicable law), (y) such Claims arise under, or were revived pursuant to, the Revival Window Laws, or any future reviver law, statute, or binding precedential decision passed or issued on or after the Joint Plan Effective Date, or (z) a proof of claim has been filed, before or after the Claims Bar Date, or not at all, or an Abuse Action has been commenced with respect to such Claim. "Abuse Claim" does not include: (a) Related Insurance Claims or Coverage Claims against Settling Insurers or Non-Settling Insurers; (b) Non-Insurer Contribution Claims with respect to any Abuse Claim; (c) Insurer Contribution Claims with respect to any Abuse Claim; or (d) a Claim against the Diocese of Houma-Thibodaux SD, or the Diocese of Baton Rouge SD, with respect to a Claim against such diocese only. For the avoidance of doubt, a Claim based on Abuse solely occurring following the applicable Petition Date is not an Abuse Claim. Nothing in this definition shall constitute a waiver of any defense that would otherwise be available under applicable law to any Covered Party, Settling Insurer, the Settlement Trust, or any other Entity.

2. "**Bankruptcy Case**" means the above-captioned Chapter 11 bankruptcy case styled *In re The Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846, pending before the United States Bankruptcy Court for the Eastern District of Louisiana.

3. "**Bond Claims**" means the Unsecured Claims arising out of and under the Bonds and, for the avoidance of doubt, includes: (a) principal and interest due with respect to the Bonds;

#104238666v4                                    1

(b) the Bond Trustee's Claim; and (c) the Bond Trustee's Professional Fee Claim. The Bond Claims are treated in Class 6, at Section 4.6 of the Joint Plan.

4. "**Bonds**" means the *Louisiana Public Facilities Authority Refunding Revenue Bonds (Archdiocese of New Orleans Project) Series 2017,* in the aggregate original principal amount of $41,895,000, issued pursuant to the Bond Indenture.

5. "**Bondholders**" means the Creditors holding the Bonds on the Voting Record Date. The Bond Claims are treated in Class 6, at Section 4.6 of the Joint Plan.

6. "**Bond Trustee Settlement Agreement**" means that certain Settlement Agreement by and between the Debtor and the Bond Trustee, as approved by and attached to the *Order (i) Approving the Amended Settlement Agreement, and (ii) Granting Related Relief* [ECF Doc. No. 527] entered in the Archdiocese's Chapter 11 Case.

7. "**Joint Plan**" means the *Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors*, as the same may be amended or modified from time to time.

8. "**Petition Date**" means May 1, 2020, the date on which the Archdiocese commenced the Archdiocese's Chapter 11 Case by Filing a petition for relief under chapter 11 of the Bankruptcy Code.

9. "**You, Your, or Bond Trustee**" means the indenture trustee under the Bond Indenture, including, at various times: (a) HWB, in its capacity as the indenture trustee under the Bond Indenture; (b) Argent Institutional Trust Company, formerly known as TMI Trust Company, Inc., in its capacity as HWB's successor as the indenture trustee under the Bond Indenture; and (c) any subsequent successor trustee appointed pursuant to the Bond Indenture.

## TOPICS FOR EXAMINATION

1. Your contention regarding the value of the Archdiocese's real and personal property, including, the facts, witnesses, and documents to support this contention.

2. Your contention regarding what real and personal property of the Archdiocese should or could be sold to pay the Bondholders in full, including, the facts, witnesses, and documents to support this contention.

3. Your contention that the Joint Plan is not fair and equitable, including, the facts, witnesses, and documents to support this contention.

4. Your contention that the Joint Plan discriminates unfairly, including, the facts, witnesses, and documents to support this contention.

#104238666v4          2

5. Your contention that the Joint Plan was not proposed in good faith, including, the facts, witnesses, and documents to support this contention.

6. Your contention regarding the liquidation value of the Archdiocese's real property, including, the facts, witnesses, and documents to support this contention.

7. Your contention regarding the liquidation value of the Archdiocese's personal property, including, the facts, witnesses, and documents to support this contention.

8. Your contention that the Bond Trustee Settlement Agreement is unenforceable or is being breached by the Debtor, including, the facts, witnesses, and documents to support this contention.

9. Your contention that the Debtor is violating Canon Law in connection with the treatment of the Bond Claims in the Joint Plan, including, the facts, witnesses, and documents to support this contention.

10. Your contention as to the application of Canon Law with respect to the Bond Claims in the Joint Plan and how Canon Law applies to the Joint Plan.

11. Your valuation of the Abuse Claims, including, the facts, witnesses, and documents to support this valuation.

12. Your contention that You have rights against the Additional Debtors and the Non-Debtor Catholic Entities, including, the facts, witnesses, and documents to support this contention.

13. Your analysis of the Debtor's ability to pay creditors, including, the facts, witnesses, and documents to support this analysis.

14. Your assessment of the credit risk of the Archdiocese, including, the facts, witnesses, and documents to support this assessment.

15. How the Bonds were marketed, the information regarding the Archdiocese available to You and/or relied upon by You at the time the Bonds were marketed, who the Bonds were marketed to, and when the Bonds were marketed.

16. Identification of all Bondholders as of the voting record date.

17. The process by which Argent was selected as the Bond Trustee, how Argent was selected, and who selected Argent.

18. The process by which Greenberg Traurig, LLP was selected as counsel for the Bond Trustee, including but not limited to, who selected Greenberg Traurig, LLP.

19. Your communications with the Bondholders, including, the substance of those communications, the date of the communications, and the purpose of the communications from the Petition Date to present.

20. Your communications with any creditors of the Debtor or the Additional Debtors, including, the substance of those communications, the date of the communications, and the purpose of the communications from the Petition Date to present.

21. Your communications with the Commercial Committee, including, the substance of those Communications, the date of the communications, and the purpose of the communications from the Petition Date to present.

22. Your contention regarding the value of the Abuse Claims, including, the facts, witnesses, and documents to support this contention.

23. Your contention regarding any alleged post-petition Abuse Claims that have not been disclosed by the Debtor and/or the Additional Debtors, which have not been the subject of a proof of claim in the Bankruptcy Case, including, the facts, witnesses, and documents to support this contention.

24. Your contention that the Debtor has covered up any Abuse Claims prior to the Petition Date and/or after the Petition Date, including, the facts, witnesses, and documents to support this contention.