**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CASE NO. 20-10846[1] |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | SECTION "A" |
| *Debtor*[2] | CHAPTER 11 |

**COMMERCIAL COMMITTEE'S *EXPEDITED* MOTION FOR APPROVAL OF SERVICE**

**NOW INTO COURT,** through undersigned counsel, comes the Official Committee of Unsecured Commercial Creditors (the "***Commercial Committee***") appointed in the above-captioned chapter 11 bankruptcy case of the Roman Catholic Church of the Archdiocese of New Orleans (the "***Debtor***"), who moves this Court for an order authorizing the Commercial Committee to send any correspondence intended for its constituent Argent Institutional Trust Company, as indenture trustee (the "***Bond Trustee***")[3] solely to the Bond Trustee through its counsel of record. In support, the Commercial Committee respectfully avers as follows:

1. On May 1, 2020, the Archdiocese filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The "***Bankruptcy Case***".
[2] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.
[3] Hancock Whitney Bank, as Trustee for Louisiana Public Facilities Authority Revenue Refunding Bonds (Archdiocese of New Orleans Project) Series 7 was the initial Bond Trustee. On or around June 10, 2020, TMI Trust Company, as Indenture Trustee for the Louisiana Public Facilities Authority Refunding Revenue Bonds (Archdiocese of New Orleans Project) Series 2017 ("***TMI***") replaced Hancock Whitney Bank as the Bond Trustee. Doc. No. 151. Effective August 29, 2023, TMI merged with Argent Financial Group. Doc. No. 2733. Since then, the Bond Trustee has been Argent Institutional Trust Company.

Page **1** of **5**

2. Since that time, various counsel with Butler Snow LLP[4] and Greenberg Traurig, LLP[5] (collectively, the "**Bond Trustee's Counsel**") have filed Notices of Appearance on the Bond Trustee's behalf.

3. On March 5, 2021, the Office of the United States Trustee filed that certain *Notice of Appointment of Commercial Creditors' Committee* [Docket No. 772], appointing the Commercial Committee pursuant to section 1102 of the Bankruptcy Code, followed by a *Supplemental Notice of Appointment of Unsecured Commercial Creditors' Committee to Designate Name* [Docket No. 792].[6] At all times since, the Bond Trustee has been a constituent of the Commercial Committee.

4. Pursuant to 11 U.S.C. § 1103(c)(3), the Commercial Committee may "advise those represented by such committee of such committee's determinations as to any plan formulated".

5. The Commercial Committee will soon send a letter to its constituents, including the Bond Trustee, advising them that the Commercial Committee supports plan confirmation (the "**CC Determination Correspondence**"). Drafting of the CC Determination Letter and efforts to compile an address list for such are underway.

6. The Bond Trustee's Counsel recently relayed to undersigned its objection to the Commercial Committee sending the CC Determination Correspondence directly to the Bond Trustee or to the institutional entities with direct access to the individual bondholders (the "**Bondholder Entities**"). Instead, as undersigned appreciates the objection, the Bond Trustee's

---

[4] Doc. No. 32.
[5] Doc. Nos. 150, 217.
[6] On August 8, 2025, the United States Trustee filed that certain *Notice of Appointment of Reconstituted Official Committee of Unsecured Commercial Creditors* [Doc. No. 4241]. The Commercial Committee presently consists of the following committee members: (i) Crescent Door & Hardware, Inc.; (ii) Brown Rice Marketing, LLC; and (iii) MetroStudio, LLC.

Counsel instructed the Commercial Committee to send the CC Determination Correspondence to the Bond Trustee care of the Bond Trustee's Counsel.

7. To date, the Commercial Committee has not communicated directly with the Bond Trustee, the Bondholder Entities, or individual bondholders[7]. Instead, the Commercial Committee has at all times communicated with the Bond Trustee through the Bond Trustee's Counsel.

8. Moreover, the Bond Trustee's proof of claim (the "*POC*") indicates that all notices to the Bond Trustee should be sent to the Bond Trustee's Counsel at Greenberg Traurig, LLP; Attn: Colleen A Murphy; One International Plaza, Suite 2000; Boston, MA 02110.

9. However, according Donlin Recano and Company, Inc.'s[8] affidavit filed into the record of the Bankruptcy Case at Doc. No. 4336, a copy of the plan and solicitation documents related to the Bond Trustee (Class 6) (the "***Bond Trustee's Plan and Solicitation Package***") were served via U.S. First Class Mail to forty-nine parties, which parties the Commercial Committee can only assume are the Bondholder Entities.[9]

10. Given that the Bond Trustee identified the Bond Trustee's Counsel as its proper notice recipient in the POC and the Bond Trustee's Counsel's opposition to the Commercial

---

[7] The Commercial Committee's counsel of record was contacted at least once by an individual bondholder with questions. The Commercial Committee's counsel directed such bondholder to the Bond Trustee's Counsel.
[8] The Debtor's servicing agent.
[9] Doc. No. 4336, ¶ 10:
> On the 26th day of August 2025, DRC, acting under my supervision, caused a true and accurate copy of the following materials to be served via U.S First Class Mail upon the parties as set forth on Exhibit S, attached hereto.
> a. USB Flash Drive;
> b. Beneficial Holder Ballot for Voting on the Joint Plan of the Debtor and Additional Debtors – Class 6 (Bond Claims against the Debtor), (the "Beneficial Ballot"), attached hereto as Exhibit J;
> c. Master Ballot for Voting on the Joint Plan of the Debtor and Additional Debtors – Class 6 (Bond Claims against the Debtor), (the "Master Ballot"), attached hereto as Exhibit K;
> d. Archdiocese Support Letter;
> e. Solicitation and Voting Procedures;
> f. Confirmation Hearing Notice; and
> g. Postage pre-paid return envelope addressed to DRC.

Committee sending the CC Determination Correspondence directly to the Bond Trustee, the Bondholder Entities, or the individual bondholders, the Commercial Committee is amenable to complying with the Bond Trustee's instruction to send the CC Determination Correspondence to the Bond Trustee care of the Bond Trustee's Counsel only. However, given that the Plan and Solicitation Package appears to have been served upon the Bondholder Entities, the Commercial Committee seeks the Court's approval and determination that service of any constituent communications upon the Bond Trustee only through the Bond Trustee's Counsel is sufficient under the circumstances.

11. While the Commercial Committee does not anticipate sending correspondence to its constituents beyond the CC Determination Correspondence, in the interest of time and efficiency, the Commercial Committee requests the Court's approval to send any further constituent correspondence to the Bond Trustee in the same manner as the Court approves sending the CC Determination Correspondence.

**WHEREFORE,** the Commercial Committee respectfully prays for entry of an order substantially similar to the proposed order attached hereto as **Exhibit A** (i) determining that service of any correspondence intended for its constituent the Bond Trustee, including the CC Determination Correspondence, upon the Bond Trustee's Counsel is sufficient service upon the Bond Trustee under the circumstances and approving service in such manner, and (ii) all other such general and equitable relief to which the Commercial Committee is justly entitled.

**Signature on following page**

        Respectfully Submitted,

        **STEWART ROBBINS BROWN & ALTAZAN, LLC**

By:    */s/ Brooke W. Altazan*
        Paul D. Stewart, Jr. (LA. Bar # 24661)
        dstewart@stewartrobbins.com
        William S. Robbins (LA. Bar # 24627)
        wrobbins@stewartrobbins.com
        Brandon A. Brown (La. Bar #25592)
        bbrown@stewartrobbins.com
        Brooke W. Altazan (La. Bar #32796)
        baltazan@stewartrobbins.com
        301 Main St., Suite 1640
        Baton Rouge, LA 70801-0016
        Telephone: (225) 231-9998
        Facsimile: (225) 709-9467

*Counsel to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | SECTION "A" |
| *Debtor*[1] | CHAPTER 11 |

### ORDER GRANTING COMMERCIAL COMMITTEE'S EXPEDITED MOTION FOR APPROVAL OF SERVICE

Considering the *Commercial Committee's Expedited Motion for Approval of Service* (the "**Motion**")[2] filed by the Official Committee of Unsecured Commercial Creditors (the "***Commercial Committee***") [ECF No. ___], and it appearing that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and all other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that no other or further notice need be provided; this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED** that the Commercial Committee is authorized and approved to send any constituent correspondence it may send to Argent Institutional Trust Company, as indenture trustee (the "***Bond Trustee***"), including any communication to the Commercial Committee's

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

constituents advising them that the Commercial Committee supports plan confirmation (the "**CC Determination Correspondence**"), care of the Bond Trustee's counsel of record only and as follows: Argent Institutional Trust Company, as indenture trustee; c/o Greenberg Traurig LLP, Attn: Colleen A Murphy; One International Place STE 2000; Boston, MA 02110 (the "**Bond Trustee Service Address**").

**IT IS FURTHER ORDERED** that any constituent correspondence, including the CC Determination Correspondence, the Commercial Committee sends to the Bond Trustee at the Bond Trustee Service Address constitutes sufficient service upon the Bond Trustee under the circumstances.

**IT IS FURTHER ORDERED** that, for the avoidance of doubt, the Commercial Committee is not required to send any constituent correspondence directly to (i) the Bond Trustee, (ii) the institutional entities with direct access to the individual bondholders, or (iii) the individual bondholders.

**IT IS FURTHER ORDERED** that nothing herein should be interpreted to require the Commercial Committee now or in the future to send correspondence of any kind to its constituents, including the Bond Trustee.