UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>Debtor.[1] | § § § § § § § § § Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTIONS TO THE NOTICE OF RULE 30(b)(6) DEPOSITION SERVED BY ARGENT INSTITUTIONAL TRUST COMPANY, AS INDENTURE TRUSTEE**

Pursuant to Rule 30(b)(6) of the Federal Rule of Civil Procedure (the "Federal Rules"), and Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case, through its undersigned counsel, submits the following objections and responses to *Argent Institutional Truste Company, as Indenture Trustee's Notice of 30(b)(6) Deposition of the Official Committee of Unsecured Creditors* [ECF Doc. No. 4362] (the "Notice") served on September 17, 2025, by Argent Institutional Trust Company, successor-in-interest to Hancock Whitney Bank and TMI Trust Company, as indenture trustee (the "Bond Trustee").

**GENERAL OBJECTIONS**

The Committee incorporates the following General Objections as objections to each paragraph of the Notice:

1. The responses set forth below are based upon information currently known to the Committee, and the Committee submits these responses without waiving or intending to waive the right to object on any other grounds. The Committee expressly reserves the right to object on any

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

1

ground to discovery concerning the subject matter of these matters for examination.

2. The Committee objects to the Notice to the extent that any matter for examination seeks to elicit testimony protected from discovery by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense doctrine, mediation privilege, or any other claim of privilege or immunity.

3. The Committee objects to each matter for examination to the extent that it seeks information that is not reasonably calculated to lead to the disclosure of evidence relevant to the claims and defenses in this case related to the limited issues for expedited discovery.

4. The Committee objects to each matter for examination to the extent that it seeks information or documents beyond the scope of discovery contemplated by the Federal Rules or Bankruptcy Rules. The Committee further objects to the matters for examination to the extent that they impose burdens beyond what is required by the Federal Rules or Bankruptcy Rules.

5. The Committee submits these responses without conceding the relevancy or materiality of the subject matter of any request and without prejudice to the Committee's right to object to further discovery or to the admissibility of any proof on the subject matter of any response at the time of confirmation.

6. These general objections are incorporated into all responses herein, and any response herein shall not be construed as a waiver of these objections to a particular request, nor shall a specific objection to any request herein constitute a waiver of these general objections.

146075802v5

## RESPONSES AND OBJECTIONS TO
## EXHIBIT A TO ARGENT INSTITUTIONAL TRUST COMPANY, AS INDENTURE TRUSTEE'S NOTICE OF RULE 30(b)(6) DEPOSITION OF THE COMMITTEE

1. The negotiation and/or formulation of the *Third Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and the Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, dated as of September 8, 2025* (the "Plan") as amended or supplemented.

    **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 1 on grounds that it seeks information on the "negotiation and/or formulation" of the *Third Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and the Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, dated as of September 8, 2025* [ECF Doc. No. 4331], as may be further supplemented or amended (the "Third Amended Plan"). Such information is protected and prohibited from disclosure subject to the (1) mediation, joint-defense, and/or common-interest privileges if relating to communications with the other Plan Proponents, Certain Abuse Survivors, certain settling insurers and their related parties, and/or the Commercial Committee, and (2) attorney-client privilege and attorney work-product doctrines for communications by and/or among the Committee, the Committee's members, counsel to the Committee's members, and the Committee's professionals (and/or among any of the foregoing, such as among Committee professionals).

2. The treatment of the Bond Claims under the Plan, and any prior plan proposed by the Committee in this case, including the payments that are proposed to be made on account of those claims under any such plan.

    **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 2 on the grounds that it seeks information that is not relevant and not proportional to the needs of the case because the treatment of the Bond Claims under the Third Amended Plan is set forth in such Third Amended Plan, which is the best evidence of its contents. The Committee further objects to Designated Matter No. 2 on grounds that any inquiry of a Committee representative as to the treatment of the Bond Claims under the Third Amended Plan is legally irrelevant and goes beyond the scope of the issue before the Court, and if by or communicated by Committee counsel, is protected and prohibited from disclosure subject to the attorney-client privilege and/or attorney work-product doctrine. Further, the Committee objects that any inquiry regarding any prior plan proposed and/or supported by the Committee is irrelevant to confirmation of the Third Amended Plan.

3. The Bond Trustee Settlement Agreement.

    **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 3 on grounds that it

seeks information that is not relevant and not proportional to the needs of the case because the Committee was not principally involved in the negotiation or drafting of the Bond Trustee Settlement Agreement, and the agreement itself is the best evidence of its contents. Additionally, the Bond Trustee has any and all documents and information from the Committee regarding negotiations related to the Bond Trustee Settlement. Designated Matter No. 3 should be directed to the Debtor. The Committee further objects to Designated Matter No. 3 on grounds that any inquiry of a Committee representative as to the meaning or import of the Bond Trustee Settlement Agreement is legally irrelevant and goes beyond the scope of the issue before the Court relating to the Committee's knowledge of the Bond Trustee Settlement Agreement and, if by or communicated by Committee counsel, is protected and prohibited from disclosure subject to the attorney-client privilege and/or attorney work-product doctrine.

4. The Bond Claims and the Amended Bond Documents.

    **OBJECTION:** The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 4 on grounds that it seeks information that is not relevant, that is duplicative of information that the Bond Trustee already has or should have, and that is disproportionate to the needs of the case. More specifically, the Bond Trustee understands (or should understand) the amount of, and/or basis for, the Bond Claims far better than any other party in this case, and thus the Bond Trustee already has and does not need information about the Bond Claims from the Committee. By the same token, the Committee was not principally involved in the drafting of the Amended Bond Documents. This portion of Designated Matter No. 4 should be directed to the Debtor. In addition, the Bond Claims and the Amended Bond Documents themselves are the best evidence of their contents. Finally, the Committee further objects to Designated Matter No. 4 on grounds that any inquiry of a Committee representative as to the meaning or import of the Bond Claims and Amended Bond Documents is legally irrelevant and goes beyond the scope of the issue before the Court relating to the Committee's knowledge of the Bond Claims and Amended Bond Documents and, if by or communicated by Committee counsel, is protected and prohibited from disclosure subject to the attorney-client privilege and/or attorney work-product doctrine.

5. The Abuse Claims, including the valuation of those claims in the aggregate as stated in the Liquidation Analysis.

    **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 5 on grounds that it seeks information that is not relevant and not proportional to the needs of the case because the valuation of the Abuse Claims as stated in the Liquidation Analysis is the subject of the detailed expert report (the "Stout Expert Report") submitted for confirmation of the Third Amended Plan by Stout Risius Ross, LLC on behalf of the Committee, and the Stout Expert Report is the best evidence of its contents. The Committee further objects to Designated Matter No. 5 on the grounds that any inquiry of a Committee representative as to the meaning or import of the valuation of the Abuse Claims is legally irrelevant and goes beyond the scope of the issue before the Court and, if by or communicated by Committee counsel, is protected

and prohibited from disclosure subject to the attorney-client privilege and/or attorney work-product doctrine.

6. Any agreements between the Committee and the Debtor related to the use of the "Stout Report" to support the Liquidation Analysis.

   **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 6 insofar as the request for testimony on "any agreements" between the Committee and the Debtor related to the use of the "Stout Report" is overly broad and disproportionate to the needs of the case and the limited discovery ordered by the Court. The Committee further objects to Designated Matter No. 6 on grounds that all agreements and communications among Plan Proponents that resulted in the Liquidation Analysis are protected and prohibited from disclosure subject to the (1) mediation, joint-defense, and/or common-interest privileges if relating to agreements and/or communications with the other Plan Proponents, Certain Abuse Survivors, certain settling insurers and their related parties, and/or the Commercial Committee, and (2) attorney-client privilege and attorney work-product doctrines for agreements and communications by and/or among the Committee, the Committee's members, counsel to the Committee's members, and the Committee's professionals (and/or among any of the foregoing, such as among Committee professionals).

7. The Debtor's "Voluntary Disclosure" posted to the EMMA.msrb.org website on June 6, 2025.

   **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 7 on grounds that it seeks information that is not relevant and not proportional to the needs of the case because the Committee and its professionals had no prior knowledge of the referenced disclosure. Designated Matter No. 7 should be directed to the Debtor. The Committee further objects to Designated Matter No. 7 on grounds that any inquiry of a Committee representative as to the meaning or import of the Debtor's "Voluntary Disclosure" is legally irrelevant and goes beyond the scope of the issue before the Court and, if by or communicated by Committee counsel, is protected and prohibited from disclosure subject to the attorney-client privilege and/or attorney work-product doctrine.

8. The Non-Monetary Plan Provisions and the implementation thereof under the Plan.

   **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 8 on grounds that it seeks information relating to the Non-Monetary Plan Provisions that is not relevant and not proportional to the needs of the case as to any objection to confirmation of the Third Amended Plan that the Bond Trustee may have standing to raise. Additionally, the Non-Monetary Plan Provisions are the best evidence of their contents.

9. The releases and exculpations being granted under the Plan.

   **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 9 on grounds that it

5

seeks information that is not relevant and not proportional to the needs of the case because the releases and exculpations are clearly set forth in the Plan and are the best evidence of their contents. The Committee further objects to Designated Matter No. 9 on grounds that it seeks information regarding the negotiations and drafting of terms in the Third Amended Plan that are protected and prohibited from disclosure subject to the (1) mediation, joint-defense, and/or common-interest privileges if relating to agreements and/or communications with the other Plan Proponents, Certain Abuse Survivors, certain settling insurers and their related parties, and/or the Commercial Committee, and (2) attorney-client privilege and attorney work-product doctrines for agreements and communications by and/or among the Committee, the Committee's members, counsel to the Committee's members, and the Committee's professionals (and/or among any of the foregoing, such as among Committee professionals). The Committee further objects to Designated Matter No. 9 on the grounds that any inquiry of a Committee representative as to the meaning or import of releases and exculpations being granted under the Third Amended Plan is legally irrelevant and goes beyond the scope of the issue before the Court and, if by or communicated by Committee counsel, is protected and prohibited from disclosure subject to the attorney-client privilege and/or attorney work-product doctrine.

10. The professional fees incurred and/or paid by the Debtor in this case in connection with the professionals engaged by the Committee.

    **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 10 on grounds that it seeks information that is not relevant and not proportional to the needs of the case because the fees of the Committee professionals are set forth in the fee statements and fee applications regularly filed in the case. The Committee further objects to Designated Matter No. 10 on grounds that any inquiry of a Committee representative as to fees incurred by Committee counsel is legally irrelevant and goes beyond the scope of the issue before the Court in connection with the Third Amended Plan and, if by or communicated by Committee counsel, is protected and prohibited from disclosure subject to the attorney-client privilege and/or attorney work-product doctrine.

11. The Committee's responses to the Bond Trustee's requests for production of documents propounded in connection with confirmation of the Plan, including but not limited to any privilege log(s) produced in response to such requests and the steps taken by the Committee, or anyone on its behalf, to respond to the Bond Trustee's requests and search its records for responsive documents.

    **OBJECTION**: The Committee hereby incorporates its General Objections as if fully set forth herein. The Committee further objects to Designated Matter No. 11 on grounds that it seeks information that is not relevant and not proportional to the needs of the case because the Committee's responses to the Bond Trustee's document requests have been handled entirely by its counsel and, thus, all internal actions and communications are protected and prohibited from disclosure by attorney-client privilege or attorney work-product doctrine. Committee counsel has further offered to submit to counsel for the Bond Trustee the Committee's written electronic document-search protocol (the "ESI Protocol"). The ESI

6

146075802v5

    Protocol should provide sufficient information proportionate to the needs of this case to enable the Bond Trustee to understand the steps taken by the Committee to respond to the Bond Trustee's requests and/or to search relevant records for potentially responsive documents.

| | |
|---|---|
| Dated: September 19, 2025 | Respectfully submitted, |
| | |
| | <u>By: Bradley C. Knapp</u> |
| | James I. Stang (CA Bar No. 94435) |
| | (admitted pro hac vice) |
| | Iain A.W. Nasatir (CA Bar No. 148977) |
| | (admitted pro hac vice) |
| | Andrew W. Caine (CA Bar No. No. 110345) |
| | (admitted pro hac vice) |
| | Karen B. Dine (NY Bar 2625366) |
| | (admitted pro hac vice) |
| | Pachulski Stang Ziehl & Jones LLP |
| | 10100 Santa Monica Blvd., Suite 1300 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 277-6910 |
| | Facsimile: (310) 201-0760 |
| | |
| | -and- |
| | |
| | Omer F. Kuebel, III (La #21682) |
| | Bradley C. Knapp (La #35867) |
| | Troutman Pepper Locke LLP |
| | 601 Poydras Street, Suite 2660 |
| | New Orleans, Louisiana 70130-6036 |
| | Telephone: (504) 558-5111 |
| | Facsimile: (504) 558-5200 |
| | Email: rick.kuebel@troutman.com |
| |         brad.knapp@troutman.com |
| | |
| | -and- |
| | |
| | W. Steven Bryant (*admitted pro hac vice*) |
| | Texas Bar. No. 24027413 |
| | Federal I.D. No. 32913 |
| | Troutman Pepper Locke LLP |
| | 300 Colorado St., Suite 2100 |
| | Austin, Texas 78701 |
| | Telephone: (512) 305-4726 |
| | Facsimile: (512) 305-4800 |
| | Email: steven.bryant@troutman.com |
| | |
| | *Co-Counsel to the Committee* |

146075802v5

## **CERTIFICATE OF SERVICE**

I hereby caused a true and correct copy of the foregoing Objection to *Argent Institutional Truste Company, as Indenture Trustee's Notice of 30(b)(6) Deposition of the Official Committee of Unsecured Creditors* to be served on September 19, 2025, upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system.

*/s/ Bradley C. Knapp*
Bradley C. Knapp

146075802v5