## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** | § | |
| **OF THE ARCHDIOCESE OF NEW** | § | **Section "A"** |
| **ORLEANS,** | § | |
| | § | **Chapter 11** |
| Debtor.[1] | § | |
| | § | |

---

### THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS' RESPONSES AND OBJECTIONS TO ARGENT INSTITUTIONAL TRUST COMPANY, AS BOND TRUSTEE'S NOTICE OF RULE 30(b)(6) DEPOSITION

The Roman Catholic Church of the Archdiocese of New Orleans (the "**Debtor**" or "**Archdiocese**"), through undersigned counsel, provides the following responses and/or objections to the Notice of Rule 30(b)(6) Deposition served by Argent Institutional Trust Company, as bond trustee ("**Bond Trustee**") on the Debtor on September 17, 2025 [ECF No. 4361] (the "**Bond Trustee's Notice**").

### PRELIMINARY STATEMENT

The Court held a status conference on August 26, 2025, and subsequently issued an Order which, in pertinent part, provided that the Court will hold the hearing to resolve disputes regarding the matters for examination related to any 30(b)(6) deposition on Monday, September 22, 2025 at 10:30 a.m.; that the parties shall file and serve Notices of Rule 30(b)(6) depositions describing with reasonable particularity the matters for examination on or before Wednesday, September 17, 2025 at 5:00 p.m.; and that any opposition or response to proposed matters for examination shall be filed and served on or before Friday, September 19, 2025 at 5:00 p.m. [Order, ECF No. 4320].

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

#104308578v3

## **GENERAL OBJECTIONS**

The Debtor incorporates the following General Objections as objections to each paragraph of the 30(b)(6) Topics of the Notice:

1.      The responses set forth below are based upon information currently known to the Debtor, and the Debtor submits these responses without waiving or intending to waive the right to object on any other grounds.  The Debtor expressly reserves the right to object on any ground to discovery concerning the subject matter of these matters for examination.

2.      The Debtor objects to the Notice to the extent that any matter for examination seeks to elicit testimony protected from discovery by the attorney-client privilege, work-product doctrine, common interest doctrine, joint defense doctrine, mediation privilege, or any other claim of privilege or immunity.

3.      The Debtor objects to each matter for examination to the extent that it seeks information that is not reasonably calculated to lead to the disclosure of evidence relevant to the claims and defenses in this case related to the limited issues for expedited discovery.

4.      The Debtor objects to each matter for examination to the extent that it seeks information or documents beyond the scope of discovery contemplated by the Federal Rules or Bankruptcy Rules.  The Debtor further objects to the matters for examination to the extent that they impose burdens beyond what is required by the Federal Rules or Bankruptcy Rules.

5.      The Debtor submits these responses without conceding the relevancy or materiality of the subject matter of any request and without prejudice to the Debtor's right to object to further discovery or to the admissibility of any proof on the subject matter of any response at the time of confirmation.

#104308578v3

6.     These general objections are incorporated into all responses herein, and any response herein shall not be construed as a waiver of these objections to a particular request, nor shall a specific objection to any request herein constitute a waiver of these general objections.

**RESPONSES AND OBJECTIONS TO**
**EXHIBIT A TO BOND TRUSTEE'S NOTICE OF**
**RULE 30(b)(6) DEPOSITION OF THE DEBTOR**

1.   The Debtor's business and financial operations during this Bankruptcy Case and following the Effective Date under the Plan.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

Subject to this objection and the General Objections, the Debtor interprets this topic as asking the Debtor to provide a witness who can generally describe the Debtor's business and financial operations during the Bankruptcy Case and following the Effective Date under the Plan.

2.   The Debtor's management during the Bankruptcy Case and under the Plan including, but not limited to, all payments, both direct and in-kind payments, to the Debtor's members and officers.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it seeks all information regarding "all payments" for more than a five year period which is overly broad and irrelevant to the issues in this case given the limited discovery ordered by this Court.

Subject to these objections and the General Objections, the Debtor interprets this topic as asking the Debtor to produce a witness generally knowledgeable regarding the topic.

3

3.      The Debtor's financial and business relationships with the Additional Debtors and Catholic Entities.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

Subject to this objection and the General Objections, the Debtor interprets this topic as asking the Debtor to produce a witness generally knowledgeable regarding the topic.

4.      The liquidation analysis attached as Exhibit 3 to the Second Amended Modified Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of August 6, 2025 [Doc. No. 4242] (the "Disclosure Statement").

**RESPONSE:**

The Debtor objects because it requires expert testimony and the Liquidation Analysis is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors. The expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

5.      The feasibility projections attached as Exhibit 2 to the Disclosure Statement.

**RESPONSE:**

The Debtor objects because it requires expert testimony and the feasibility projections are the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G.

#104308578v3

Linscott on behalf of the Debtor and the Additional Debtors. Further, the expert report is the best evidence of its contents.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

6.      The negotiation and/or formulation of the Third Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and the Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, dated as of September 8, 2025 (the "Plan") as amended or supplemented.

**RESPONSE:**

The Debtor objects because it seeks information on the "negotiation and/or formulation" of the Third Amended Plan which is protected and prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

7.      The treatment of the Bond Claims under the Plan, and any prior plan proposed by the Debtor in this case, including the payments that are proposed to be made on account of those claims under the Debtor's plan.

**RESPONSE:**

The Debtor objects because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because the treatment of the Bond Claims under the Plan is clearly set forth in the Plan, which is the best evidence of its contents.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining

objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

8. The settlement between the Debtor and Commercial Committee.

**RESPONSE:**

The Debtor objects to this area of inquiry on the grounds that there was no "settlement" between the Debtor and the Commercial Committee.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the Debtor has no information.

9. The Bond Trustee Settlement Agreement.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the Bond Settlement Agreement itself is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

#104308578v3

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

10.   The Bond Claims and the Amended Bond Documents.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the Bond Claims and the Amended Bond Documents themselves are the best evidence of their contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

11.   The Debtor's contribution and/or indemnity claims against the Additional Debtors, or anyone else, related to the Abuse Claims.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

12.   Any donor restrictions that may prevent the Debtor's assets from being used to satisfy the Debtor's creditors.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

Subject to these objections and the General Objections, the Debtor interprets this topic to request a witness to generally testify regarding this topic.

13. The Abuse Claims, and the Debtor's asserted defenses thereto.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it requires expert testimony and the valuation of the Abuse Claims is the subject of the detailed expert report submitted for confirmation of the Plan by Stout Risius Ross, LLC on behalf of the Committee. Further, the expert report is the best evidence of its contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

14. The valuation of the Debtor's insurance policies covering the Abuse Claims.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am*., No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

15.   The value and valuation of the unsecured claims against the Debtor.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am*., No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it requires expert testimony and the valuation of the unsecured claims is the subject of the detailed expert reports submitted for confirmation of the Plan by Christopher G. Linscott and Stout Risius Ross, LLC. The expert reports are the best evidence of their contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott and the Committee's expert Stout Risius Ross, LLC.

16.   The formation and business operations of 1793 Group, Inc. and its relationship with the Debtor and/or the Additional Debtors.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am*., No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

#104308578v3

Subject to these objections and the General Objections, the Debtor interprets this topic to request a witness to generally testify regarding this topic.

17. The Debtor's immovable property that is contemplated to be sold to support the Debtor's post-Effective Date operations.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

Subject to these objections and the General Objections, the Debtor interprets this topic to request a witness to generally testify regarding this topic.

18. The threshold for a Convenience Claim under the Plan and the setting thereof.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6) and "setting thereof" is so vague and ambiguous it is impossible to determine the scope of the topic. The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the Plan itself is the best evidence of its contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

#104308578v3

19. The values and valuations of the Debtor's immovable property, and any discount applied or assumed in connection with the sale of such property in a hypothetical chapter 7 bankruptcy.

**RESPONSE:**

The Debtor objects because it requires expert testimony and the valuation of the Debtor's immovable property is the subject of the detailed expert report submitted for confirmation of the Plan by S. Parkerson McEnery on behalf of the Debtor and the Additional Debtors, and this expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert S. Parkerson McEnery.

20. The value and valuation of the Debtor's movable property.

**RESPONSE:**

The Debtor objects because it requires expert testimony of the valuation of the Debtor's movable property.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

21. The Deposit and Loan Program and/or Portfolio B, including but not limited to any and all claims against the Debtor or claims of the Debtor against anyone else arising thereunder.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at \*11 (N.D. Tex. Oct. 28, 2016)).

12

The Debtor objects because it requires expert testimony and seeks information regarding the Deposit and Loan Program and Portfolio B which is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors. Further, the expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

22. The Catholic Community Foundation's most recent unitization report valuing the Debtor's, Additional Debtors and Catholic Entities investments in Portfolio A.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it requires expert testimony and the valuation of the Debtor's investments in Portfolio A is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors. This expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

#104308578v3

23.     The allegedly restricted funds invested in Portfolio A and/or Portfolio B.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it requires expert testimony and seeks information regarding the Debtor's investments in Portfolio A and B is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors. This expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

24.     The Debtor's "Voluntary Disclosure" posted to the EMMA.msrb.org website on June 6, 2025.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the Voluntary Disclosure itself is the best evidence of their contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14,

#104308578v3

2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

25.   The Debtor's obligations under Canon Law with respect to the payment of its debts.

**RESPONSE:**

The Debtor objects because any inquiry of a Debtor representative as to Canon Law is legally irrelevant and goes beyond the scope of the issue before the Court, and if by or communicated by Debtor counsel or its professionals, is protected and prohibited from disclosure subject to the attorney client privilege and/or attorney work product doctrine.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

26.   The deficiency allegedly owed by the Debtor to depositors in Portfolio B.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it requires expert testimony and the investments in Portfolio B are the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors, and this expert report is the best evidence of its contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

27. The payments projected to be made by the Debtor on account of Portfolio B claims under the Plan.

**RESPONSE:**

The Debtor objects because it requires expert testimony and the investments in Portfolio B are the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors, and this expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

28.     The payments projected to be made on account of the Priest Pension Plan or the Priest Retiree Medical Benefits under the Plan.

**RESPONSE:**

The Debtor objects because it requires expert testimony and the Priest Pension Plan or the Priest Retiree Medical Benefits are the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors, and this expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

29.     The Debtor's obligations under the Priest Pension Plan or the Priest Retiree Medical Benefits.

**RESPONSE:**

The Debtor objects because it requires expert testimony and the Priest Pension Plan or the Priest Retiree Medical Benefits are the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors, and this expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-

17

00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

30. The Parish Services Agreements and any other written or oral agreements between the Debtor and the Archdiocesan Parishes that are "passing through" the Bankruptcy Case under the Plan including all amounts owed by or to the Additional Debtors thereunder.

**RESPONSE:**

The Debtor objects because it requires expert testimony and such information is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors, and this expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects because the Parish Service Agreements and any other written agreement themselves are the best evidence of their contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

#104308578v3

31.  Any beneficial interest the Debtor has in a charitable remainder trust administered by any Third party.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it requires expert testimony which is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors. Further, the expert report is the best evidence of its contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

32.  The "Our City Our Cathedral" campaign and the proposed renovations to the St. Louis Cathedral.

**RESPONSE:**

No objection subject to the limitations regarding scope of discovery ordered by the Court. [ECF No.4261].

33.    All assets excluded from the Debtor's Liquidation Analysis, including grants receivable and equity investments in the Catholic Umbrella Pool.

**RESPONSE:**

The Debtor objects because it requires expert testimony regarding the Debtor's Liquidation Analysis which is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors. The expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

34.    The Actuarial Valuation Report Disclosure for Fiscal Year Ending June 30, 2025 and 2026 Benefit Cost Under US GAAP prepared by Willis Tower Watson.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am*., No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the topic requires expert testimony which is the subject of the detailed expert report submitted for confirmation of the Plan by Christopher G. Linscott on behalf of the Debtor and the Additional Debtors. Further, the expert report is the best evidence of its contents.

The Debtor objects because the Actuarial Valuation Report Disclosure prepared by Willis Tower Watson is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

#104308578v3

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

35.  The total insured values for all the Debtor's immovable property.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the topic requires expert testimony which is the subject of the detailed expert report submitted for confirmation of the Plan by S. Parkerson McEnery on behalf of the Debtor and the Additional Debtors. Further, the expert report is the best evidence of its contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert S. Parkerson McEnery.

36.  The Non-Monetary Plan Provisions and the implementation thereof under the Plan.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it seeks information relating to the Non-Monetary Plan Provisions that is neither relevant to the issues in this case given the limited discovery ordered by this Court nor reasonably calculated to lead to the discovery of admissible evidence as to any Bond Trustee confirmation objection.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

#104308578v3

37.    The releases and exculpations being granted under the Plan.

**<u>RESPONSE:</u>**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because the releases and exculpations are clearly set forth in the Plan and are the best evidence of their contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects because any inquiry of a Debtor representative as to the meaning or import of releases and exculpations being granted under the Plan is legally irrelevant and goes beyond the scope of the issue before the Court.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

The Debtor objects because it seeks information which is protected and prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

38.   The professional fees incurred and/or paid by the Debtor in this case.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it seeks information neither relevant to the issues in this case given the limited discovery ordered by this Court nor reasonably calculated to lead to the discovery of admissible evidence because the fees incurred/paid by the Debtor are set forth in the fee statements and fee applications regularly filed in the case.

The Debtor objects because any inquiry of a Debtor representative as to fees incurred or paid is legally irrelevant and goes beyond the scope of the issue before the Court.

The Debtor objects because it seeks information which is protected and prohibited from disclosure subject to the attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals.

Subject to these objections and the General Objections, the information sought by the Bond Trustee can be obtained through the deposition of the Debtor's expert Christopher G. Linscott.

39.   The Debtor's responses to the Bond Trustee's requests for production of documents propounded in connection with confirmation of the Plan, including but not limited to any privilege log(s) produced in response to such requests and the steps taken by the Debtor, or anyone on its behalf, to respond to the Bond Trustee's requests and search their records for responsive documents.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the Debtor's responses to the Bond Trustee's requests themselves are the best evidence of their contents.

The Debtor objects because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because the Debtor's responses to the Bond Trustee's

#104308578v3

document requests have been handled entirely by its counsel and, thus, all internal actions and communications are protected and prohibited from disclosure by attorney-client privilege or attorney work product doctrine.


Dated: September 19, 2025                        */s/ Mark A. Mintz*_____

                                       JONES WALKER LLP
                                       R. Patrick Vance (#13008)
                                       Elizabeth J. Futrell (#05863)
                                       Mark A. Mintz (#31878)
                                       Samantha A. Oppenheim (#38364)
                                       201 St. Charles Avenue, 51st Floor
                                       New Orleans, LA 70170
                                       Telephone: (504) 582-8000
                                       Facsimile: (504) 589-8260
                                       Email: pvance@joneswalker.com
                                              efutrell@joneswalker.com
                                              mmintz@joneswalker.com
                                              soppenheim@joneswalker.com

                                     **ATTORNEYS FOR THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served (a) on September 19, 2025 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, LLC ("**DRC**"). DRC shall file a certificate of service to that effect once service is complete.

                                       */s/ Mark A. Mintz*
                                       Mark A. Mintz

#104308578v3