**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: § | |
| § | **Case No. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** § | |
| **OF THE ARCHDIOCESE OF NEW** § | **Section "A"** |
| **ORLEANS,** § | |
| § | **Chapter 11** |
| § | |
| Debtor.[1] § | |
| § | |

**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS'
RESPONSES AND OBJECTIONS TO UNITED STATES & GUARANTY COMPANY,
AFFILIATE OF TRAVELERS INDEMNITY COMPANY'S,
<u>NOTICE OF RULE 30(b)(6) DEPOSITION</u>**

The Roman Catholic Church of the Archdiocese of New Orleans (the "**Debtor**" or "**Archdiocese**"), through undersigned counsel, provides the following responses and/or objections to the Notice of Rule 30(b)(6) Deposition served by United States Fidelity & Guaranty Company, affiliate of Travelers Indemnity Company ("**Travelers**") on the Debtor on September 17, 2025 [ECF No. 4369] (**Travelers' Notice**").

**<u>PRELIMINARY STATEMENT</u>**

The Court held a status conference on August 26, 2025, and subsequently issued an Order which, in pertinent part, provided that the Court will hold the hearing to resolve disputes regarding the matters for examination related to any 30(b)(6) deposition on Monday, September 22, 2025 at 10:30 a.m.; that the parties shall file and serve Notices of Rule 30(b)(6) depositions describing with reasonable particularity the matters for examination on or before Wednesday, September 17, 2025 at 5:00 p.m.; and that any opposition or response to proposed matters for examination shall be filed and served on or before Friday, September 19, 2025 at 5:00 p.m.  [Order, ECF No. 4320].

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA  70125.

1

#104309968v2

**GENERAL OBJECTIONS**

The Debtor incorporates the following General Objections as objections to each paragraph of the Notice:

1. The responses set forth below are based upon information currently known to the Debtor, and the Debtor submits these responses without waiving or intending to waive the right to object on any other grounds. The Debtor expressly reserves the right to object on any ground to discovery concerning the subject matter of these matters for examination.

2. The Debtor objects to the Notice to the extent that any matter for examination seeks to elicit testimony protected from discovery by the attorney-client privilege, work-product doctrine, common interest doctrine, joint defense doctrine, mediation privilege, or any other claim of privilege or immunity.

3. The Debtor objects to each matter for examination to the extent that it seeks information that is not reasonably calculated to lead to the disclosure of evidence relevant to the claims and defenses in this case related to the limited issues for expedited discovery.

4. The Debtor objects to each matter for examination to the extent that it seeks information or documents beyond the scope of discovery contemplated by the Federal Rules or Bankruptcy Rules. The Debtor further objects to the matters for examination to the extent that they impose burdens beyond what is required by the Federal Rules or Bankruptcy Rules.

5. The Debtor submits these responses without conceding the relevancy or materiality of the subject matter of any request and without prejudice to the Debtor's right to object to further discovery or to the admissibility of any proof on the subject matter of any response at the time of confirmation.

6. These general objections are incorporated into all responses herein, and any response herein shall not be construed as a waiver of these objections to a particular request, nor shall a specific objection to any request herein constitute a waiver of these general objections.

**RESPONSES AND OBJECTIONS TO EXHIBIT A TO TRAVELERS'**
**NOTICE OF RULE 30(b)(6) DEPOSITION OF THE DEBTOR**

1. The impact of the Joint Plan on the Debtor and any of its rights or obligations under the Non-Settling Insurers' Policies post-Effective Date.

    **RESPONSE:**

    The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

    The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

    The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

    The Debtor objects because the Plan and Plan exhibits themselves and are the best evidence of their contents.

    The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

2. The Non-Settling Insurance Rights Transfer as it relates to any Non-Settling Insurers' Policies.

#104309968v2

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

3. Any insurance coverage of the Debtor under Non-Settling Insurers' Policies.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the insurance policies are the best evidence of their contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions

4

to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

4. The Memorandum of Understanding among the Plan Proponents and Certain Abuse Survivors, including all communications between the Debtor, other Plan Proponents and the Certain Abuse Survivors Attorneys relating thereto.

   **RESPONSE:**

   The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

   The Debtor objects because the Memorandum of Understanding among the Plan Proponents and communications among the Plan Proponents related thereto are prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents and/or Certain Abuse Survivors; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

5. The Debtor's role in drafting the Plan Documents, including the Litigation Trust and Allocation Protocol.

   **RESPONSE:**

   The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area

5

of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

6. The Debtor's understanding of its continued obligations to the Non-Settling Insurers post-Effective Date under the Non-Settling Insurers' Policies.

   **RESPONSE:**

   The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

   The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

   The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

7. Negotiations between the Debtor, the Committee, the Plan Proponents and other parties regarding the Plan Documents.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because it seeks information regarding "negotiation" of the Plan which is protected and prohibited from disclosure subject to the (1) mediation and/or common interest privileges if relating to communications with the other Plan Proponents; (2) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (3) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

8. The Debtor's understanding of the Plan provisions permitting direct actions for Litigation Claims against Non-Settling Insurers and the Debtor and the rationale for including these provisions in the Plan.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for

communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

9. The anticipated process and procedures for holders of Litigation Claims to assert direct actions post-confirmation.

   **RESPONSE:**

   The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

   The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

   The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

10. The process for tracking, managing, and resolving direct actions brought by holders of Litigation Claims and the Debtor's role, if any, in defending or participating in such actions.

    **RESPONSE:**

    The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La.

8

#104309968v2

2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

11. Any agreements or understandings regarding the availability of insurance coverage for Abuse Claims resolved under the Allocation Protocol and Settlement Trust Agreement and the procedures for seeking payment from Non-Settling Insurers for such Abuse Claims.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

      The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

12. Any agreements or understandings regarding the Non-Settling Insurers' rights to participate in the defense or resolution of Abuse Claims determined under the Allocation Protocol and Settlement Trust Agreement.

      **RESPONSE:**

      The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

      The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

      The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

13. The process for objecting to Abuse Claims after the Effective Date of the Plan.

      **RESPONSE:**

      The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

      The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

      The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions

to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

14. The Debtor's understanding of the rights of holders of Abuse Claims to receive payment from the Settlement Trust and a Non-Settling Insurer under the terms of the Allocation Protocol and the Settlement Trust.

    **RESPONSE:**

    The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

    The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

    The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

    The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for

#104309968v2

communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

15. The process for resolving disputes involving insurance coverage under the Non-Settling Insurers' Policies post-Effective Date and the Debtor's role in any litigation regarding coverage litigation.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

16. Any releases or discharges under the Plan.

**RESPONSE:**

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining

objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects because the Plan and Plan exhibits themselves are the best evidence of their contents.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

17. The Plan provisions impacting Non-Settling Insurers' Contribution Claims.

**RESPONSE:**

The Debtor objects to this area of inquiry because it does not describe the matters on which examination is requested with reasonable particularity as required by Rule 30(b)(6). The area of inquiry is so overly broad that preparing a deponent to respond is an impossible task. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024) (citing *Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 U.S. Dist. LEXIS 150062, at *11 (N.D. Tex. Oct. 28, 2016)).

The Debtor objects because the Plan itself and the provisions therein are the best evidence of their contents.

The Debtor objects to the extent it calls for legal conclusions. *See In re Teon Maria, LLC*, No. 12-2272, 2013 Dist. LEXIS 141631, at *12 (E.D. La. Sept. 30, 2013) (sustaining objections to Rule 30(b)(6) deposition topics seeking testimony that require legal conclusions to be made); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 U.S. Dist. LEXIS 79031, at *17 (M.D. La. May 10, 2018) (holding deposition questions seeking legal conclusions are inappropriate), *aff'd*, 2018 U.S. Dist. LEXIS 193679, (M.D. La. Nov. 14, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754, at *25-26 (N.D. Tex., Sept. 10, 2019); *Dti Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-cv-00796-O, 2023 U.S. Dist. LEXIS 181279, at *6 (N.D. Tex. Sept. 1, 2023) (noting that a lay witness cannot testify about a legal conclusions related to a settlement agreement).

The Debtor objects that any inquiry regarding any prior plan proposed by the Debtor is irrelevant to confirmation of the Third Amended Plan.

The Debtor objects to the extent it seeks information protected and prohibited from disclosure subject to the (1) attorney-client privilege and attorney work product doctrine for communications between the Debtor and its professionals or between the professionals; and (2) common interest and joint defense privilege for communications between the Debtor and the Additional Debtors and/or between their professionals.

#104309968v2

| | |
|---|---|
| Dated: September 19, 2025 | */s/ Mark A. Mintz*<br>JONES WALKER LLP<br>R. Patrick Vance (#13008)<br>Elizabeth J. Futrell (#05863)<br>Mark A. Mintz (#31878)<br>Samantha A. Oppenheim (#38364)<br>201 St. Charles Avenue, 51st Floor<br>New Orleans, LA   70170<br>Telephone: (504) 582-8000<br>Facsimile:  (504) 589-8260<br>Email:  pvance@joneswalker.com<br>            efutrell@joneswalker.com<br>            mmintz@joneswalker.com<br>            soppenheim@joneswalker.com<br><br>**ATTORNEYS FOR THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS** |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served (a) on September 19, 2025 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, LLC ("**DRC**").  DRC shall file a certificate of service to that effect once service is complete.

*/s/ Mark A. Mintz*
Mark A. Mintz

#104309968v2