**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | SECTION "A" |
| *Debtor*[1] | CHAPTER 11 |

**CERTIFICATE OF NO OBJECTION**

**(Related Doc. No. 4378)**

**NOW INTO COURT**, through undersigned counsel, comes the Official Committee of Unsecured Commercial Creditors in the above referenced bankruptcy case, and files this Certificate of No Objection to that certain *Commercial Committee's Expedited Motion for Approval of Service* [Doc. No. 4378] (the "**Service Motion**") and certifies as follows:

1. On September 18, 2025, the Commercial Committee filed the Service Motion with the Court.

2. Responses, if any, to the Service Motion were required to have been filed with the Court and served no later than 5:00 p.m. on September 23, 2025 (the "**Response Deadline**").[2]

3. In accordance with Section VII(A) of the *Procedures for Complex Chapter 11 Cases Filed in the United States Bankruptcy Court for the Eastern District of Louisiana*, the undersigned hereby certifies that the Response Deadline has passed, and no responsive pleadings to the Service Motion have appeared on the Court's docket in the above-captioned chapter 11 case or were served upon the undersigned counsel. Accordingly, the undersigned respectfully requests

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.
[2] Doc. No. 4382

that the form of Order granting the Service Motion attached as an exhibit hereto be entered at the earliest convenience of the Court.

4. Pursuant to Section VII(D) of the *Procedures for Complex Chapter 11 Cases Filed in the United States Bankruptcy Court for the Eastern District of Louisiana*, undersigned has attached both (a) a redline of the revised form of Order against the Order filed with the Service Motion; and (b) a clean copy of the form of Order, and will contemporaneously e-mail Word versions of the proposed form of Order and redlines to chambers.

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: */s/ Brooke W. Altazan*
Paul D. Stewart, Jr. (LA. Bar # 24661)
dstewart@stewartrobbins.com
William S. Robbins (LA. Bar # 24627)
wrobbins@stewartrobbins.com
Brandon A. Brown (La. Bar #25592)
bbrown@stewartrobbins.com
Brooke W. Altazan (La. Bar #32796)
baltazan@stewartrobbins.com
301 Main St., Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

*Counsel to the Official Committee of Unsecured Commercial Creditors of The Roman Catholic Church of the Archdiocese of New Orleans*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| THE ROMAN CATHOLIC CHURCH<br>OF THE ARCHDIOCESE OF<br>NEW ORLEANS | SECTION "A" |
| *Debtor*[1] | CHAPTER 11 |

ORDER GRANTING COMMERCIAL COMMITTEE'S EXPEDITED MOTION FOR APPROVAL OF SERVICE

Considering the *Commercial Committee's Expedited Motion for Approval of Service* (the "**Motion**")[2] filed by the Official Committee of Unsecured Commercial Creditors (the "**Commercial Committee**") [ECF No. ---- 4378], and it appearing that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and all other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that no other or further notice need be provided; this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED** that the Commercial Committee is authorized and approved to send any constituent correspondence it may send to Argent Institutional Trust Company, as indenture trustee (the "**Bond Trustee**"), including any communication to the Commercial Committee's

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

constituents advising them that the Commercial Committee supports plan confirmation (the "**CC Determination Correspondence**"), care of the Bond Trustee's counsel of record only and as follows: Argent Institutional Trust Company, as indenture trustee; c/o Greenberg Traurig LLP, Attn: Colleen A Murphy; One International Place STE 2000; Boston, MA 02110 (the "**Bond Trustee Service Address**").

**IT IS FURTHER ORDERED** that any constituent correspondence, including the CC Determination Correspondence, the Commercial Committee sends to the Bond Trustee at the Bond Trustee Service Address constitutes sufficient service upon the Bond Trustee under the circumstances.

**IT IS FURTHER ORDERED** that, for the avoidance of doubt, the Commercial Committee is not required to send any constituent correspondence directly to (i) the Bond Trustee, (ii) the institutional entities with direct access to the individual bondholders, or (iii) the individual bondholders.

**IT IS FURTHER ORDERED** that nothing herein should be interpreted to require the Commercial Committee now or in the future to send correspondence of any kind to its constituents, including the Bond Trustee.

CLEAN ORDER

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS | SECTION "A" |
| *Debtor*³ | CHAPTER 11 |

## ORDER GRANTING COMMERCIAL COMMITTEE'S EXPEDITED MOTION FOR APPROVAL OF SERVICE

Considering the *Commercial Committee's Expedited Motion for Approval of Service* (the "**Motion**")⁴ filed by the Official Committee of Unsecured Commercial Creditors (the "**Commercial Committee**") [ECF No. 4378], and it appearing that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and all other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that no other or further notice need be provided; this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED** that the Commercial Committee is authorized and approved to send any constituent correspondence it may send to Argent Institutional Trust Company, as indenture trustee (the "**Bond Trustee**"), including any communication to the Commercial Committee's

---

³ The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

⁴ Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

constituents advising them that the Commercial Committee supports plan confirmation (the "**CC Determination Correspondence**"), care of the Bond Trustee's counsel of record only and as follows: Argent Institutional Trust Company, as indenture trustee; c/o Greenberg Traurig LLP, Attn: Colleen A Murphy; One International Place STE 2000; Boston, MA 02110 (the "**Bond Trustee Service Address**").

**IT IS FURTHER ORDERED** that any constituent correspondence, including the CC Determination Correspondence, the Commercial Committee sends to the Bond Trustee at the Bond Trustee Service Address constitutes sufficient service upon the Bond Trustee under the circumstances.

**IT IS FURTHER ORDERED** that, for the avoidance of doubt, the Commercial Committee is not required to send any constituent correspondence directly to (i) the Bond Trustee, (ii) the institutional entities with direct access to the individual bondholders, or (iii) the individual bondholders.

**IT IS FURTHER ORDERED** that nothing herein should be interpreted to require the Commercial Committee now or in the future to send correspondence of any kind to its constituents, including the Bond Trustee.