## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF | ) | |
| THE ARCHDIOCESE OF NEW ORLEANS | ) | Section "A" |
| | ) | |
| Debtor. | ) | Chapter 11 |

---

**NOTICE OF FILING AMENDED PROPOSED ORDER WITH RESPECT TO MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 362(A) AND 105(A) OF THE BANKRUPTCY CODE  AND BANKRUPTCY RULE 9019 (1) APPROVING STIPULATION PERMITTING  RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN ABUSE CLAIM ACTIONS, (2) REMANDING REMOVED ABUSE CLAIM ACTIONS,  AND (3) GRANTING RELATED RELIEF**

 

**PLEASE TAKE NOTICE** that The Official Committee of Unsecured Creditors (the "**Survivors' Committee**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") of The Roman Catholic Church of the Archdiocese New Orleans, the debtor and debtor in possession herein (the "**Debtor**" or "**Archdiocese**"), by and through its counsel, filed the Motion for Entry of Order Pursuant to Sections 362(a) and 105(a) of the Bankruptcy Code an Bankruptcy Rule 9019 (1) Approving Stipulation Permitting Relief from the Automatic Stay for Certain Abuse Claims Actions, (2) Remanding Removed Abuse Claim Actions, and (3) Granting Related Relief [Docket No. 4432] (the "**Motion**") on September 25, 2025.

**PLEASE TAKE FURTHER NOTICE that**, a proposed form of order (the "**Proposed Order**") was attached as Exhibit A to the Motion**.**

**PLEASE TAKE FURTHER NOTICE that,** following further consultation with the Debtor, the Survivors' Committee has made certain revisions to paragraph 8 of Exhibit 1 to the

Proposed Order to clarify that the Debtor is not required to take any action relating to the remand of certain Abuse Claim Actions.

**PLEASE TAKE FURTHER NOTICE that,** clean and redlined copies of the revised Proposed Order are attached hereto as Exhibit A and Exhibit B, respectively.

Dated:  September 25, 2025              Respectfully submitted,

*/s/ Andrew W. Caine*
James I. Stang (CA Bar No. 94435) – *admitted pro hac vice*
Andrew W. Caine (CA Bar No.110345) – *admitted pro hac vice*
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310)-277-6910
Facsimile: (310)-201-0760
Email:  jstang@pszjlaw.com
             acaine@pszjlaw.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I hereby caused a true and correct copy of the foregoing *Notice of Filing Amended Proposed Order with Respect to Motion for Entry of Order Pursuant to Sections 362(a) and 105(a) of The Bankruptcy Code And Bankruptcy Rule 9019 (1) Approving Stipulation Permitting Relief from the Automatic Stay for Certain Abuse Claim Actions, (2) Remanding Removed Abuse Claim Actions, and (3) Granting Related Relief to* be served on September 25, 2025 upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* through the Master Service List via first-class United States mail, postage prepaid, to be sent on September 25, 2025.

*/s/ Andrew W. Caine*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-10846 (MSG) |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | SECTION A |
| | § | |
| DEBTOR. | § | COMPLEX CASE |
| | § | |

**[PROPOSED] ORDER ON MOTION FOR ENTRY OF ORDER PURSUANT
TO SECTIONS 362(A) AND 105(A) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019 (1) APPROVING STIPULATION PERMITTING
RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN ABUSE CLAIM ACTIONS,
(2) REMANDING REMOVED ABUSE CLAIM ACTIONS,
AND (3) GRANTING RELATED RELIEF**

Upon the motion, dated September 25, 2025 ("**Motion**")[1] of the Official Committee of Unsecured Creditors in the above-captioned chapter 11 case of The Roman Catholic Church of the Archdiocese of New Orleans, the lead debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**") through its respective counsel, for entry of an order (this "**Order**") (1) approving the stipulation by and among the Archdiocese, the Additional Debtors, and the Survivors' Committee (collectively with the foregoing, the "**Parties**"), pursuant to Sections 105(a) and 362(a) of Title 11 of the United States Code ("**Bankruptcy Code**") and Rules 2002(a)(2), 6004, and 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and substantially in the form attached to this Order as **Exhibit 1** (the "**Stipulation**"); (1) approving the stipulation permitting relief from the Automatic Stay for certain Abuse Claim Actions; (2) remanding Removed Abuse Claim Actions; and (3) granting related relief; and the Bankruptcy Court having reviewed the Motion and the Stipulation; and it appearing that due and adequate notice of the

---

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Motion.

Motion and Stipulation having been given to all Entities entitled thereto, and that no other or further notice need be given; and the Bankruptcy Court on October 16, 2025 having held a hearing (the "**Hearing**") to consider the relief requested in the Motion; and upon the record of the Hearing; and, after due deliberation, including, without limitation, for the reasons stated by the Bankruptcy Court on the record of the Hearing, it appearing that the relief requested in the Motion and granted herein is in the best interests of the Debtor and its estate (the "**Estate**"), its creditors, and other parties in interest; and good sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.      This Bankruptcy Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion are Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9019, and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana.

C.      It is necessary and appropriate for the Bankruptcy Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Stipulation, and to adjudicate, if necessary, to the extent provided under 28 U.S.C. § 1334(b), any and all disputes arising from or relating to the Stipulation or this Order.

D.      Proper, timely, adequate and sufficient notice of the Hearing and Motion and the relief requested therein has been provided by the Survivors' Committee in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

E.      The Survivors' Committee demonstrated (i) good, sufficient, and sound business purpose and justification and compelling circumstances for entry into the Stipulation and the

terms of the Stipulation are fair, reasonable, and in the best interests of the Debtor and the Additional Debtors and their creditors pursuant to Bankruptcy Rule 9019.

F.      The Stipulation was negotiated, proposed, and entered into without collusion, in good faith, and from arm's length bargaining positions.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion, and the relief sought therein (including without limitation the approval of the Stipulation) is GRANTED and APPROVED, in all respects as set forth herein.

2.      The findings of fact set forth above and conclusions of law stated herein, in addition to any findings of fact and conclusions of law stated by the Bankruptcy Court at the Hearing, shall constitute this Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the Motion pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.      Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

4.      The Stipulation is approved in its entirety, pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

5.      All factors set forth in *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop. by & through Mabey* (*In re Cajun Elec. Power Coop.*), 119 F. 3d 349, 356 (5th Cir. 1997), either weigh in favor of the Settlement Agreement or do not apply.

6. The terms and provisions of the Stipulation and this Order shall be binding notwithstanding any subsequent appointment of any trustee(s) examiner(s) or receiver(s) under any chapter of the Bankruptcy Code or any other law.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Stipulation may be modified, amended, or supplemented by the Parties, in a writing signed by the Parties, and in accordance with the terms thereof, without further order of this Bankruptcy Court; *provided* that such modification, amendment, or supplement does not constitute a material change to the relief sought in the Motion and approved by this Order.

9. Each of the Removed Abuse Claim Actions is hereby remanded back to the court of original jurisdiction for each such Removed Abuse Claim Action.

**IT IS SO ORDERED.**

New Orleans, Louisiana, _____, 2025

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-10846 (MSG) |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | SECTION A |
| | § | |
| DEBTOR. | § | COMPLEX CASE |
| | § | |
| | § | |

**STIPULATION AMONG DEBTOR, ADDITIONAL DEBTORS AND**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS CONCERNING**
**RELIEF FROM AUTOMATIC STAY AND**
**REMANDING CERTAIN ABUSE ACTIONS TO STATE COURT**

NOW INTO COURT, through undersigned counsel, come The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), the Additional Debtors; and the Official Committee of Unsecured Creditors (the "**Survivors' Committee**"), who submit this stipulation (this "**Stipulation**") concerning relief from the automatic stay to permit Abuse Claimants to file and/or to prosecute lawsuits with respect to their Abuse Claims and remanding certain Abuse Claim Actions to state court on the terms and conditions as set forth herein.

4931-0954-8140.1 05067.002

## RECITALS

A.      On May 1, 2020, the Archdiocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the above-captioned chapter 11 case (this "**Chapter 11 Case**").

B.      On May 1, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its businesses and properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.      The Office of the United States Trustee (the "**U.S. Trustee**") appointed (a) the Survivors' Committee on May 20, 2020, [ECF 94], which has been reconstituted from time to time.

D.      On August 11, 2025, the Bankruptcy Court approved the *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of August 6, 2025,* [ECF 4242], (the "**Disclosure Statement**") relating to *Second Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of August 6, 2025*, [ECF 4235], (as amended, modified, or supplemented from time to time, the "**Joint Plan**").[1]

E.      The Archdiocese was established as a diocese in 1793, and became an archdiocese in 1850. In 1941, the Archdiocese was incorporated as a nonprofit corporation under the laws of

---

[1] Unless otherwise defined in this Stipulation, capitalized terms have the meanings ascribed to them, as applicable, in the Joint Plan Exhibit A (Defined Terms), a copy of which is attached to the Joint Plan.

the state, and the corporation is an organization classified under section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

F.      The Archdiocese administers an insurance program for itself, the Additional Debtors and the Non-Debtor Catholic Entities (the "**Insurance Program**"). The Insurance Program provides various types of insurance, including, but not limited to, insurance for property, business interruption, commercial general liability, excess liability, personal misconduct, directors' and officers' liability, healthcare liability, professional liability, flood, and cybersecurity insurance.  As the Archdiocese administered the Insurance Program before the Petition Date, a portion of the costs of these coverages was allocated to various Additional Debtors and Non-Debtor Catholic Entities, and the Additional Debtors and Non-Debtor Catholic Entities were responsible for reimbursing the Archdiocese for their share of the insurance premiums.

G.      The Insurance Program includes commercial liability insurance, including primary, umbrella, and excess liability policies that protect the Archdiocese, Additional Debtors, Non-Debtor Catholic Entities, and other Co-Insured Parties for Claims arising out of alleged Abuse (collectively, the "**Archdiocese Insurance Policies**").

H.      Subject to coverage defenses that may exist, the Archdiocese Insurance Policies covering the time period from February 1, 1973, to July 1, 1989, are largely insured by United States Fire & Guaranty Insurance Company (n/k/a "**Travelers Insurance Group**").  Travelers Insurance Group is a Non-Settling Insurer under the terms of the Joint Plan.

I.      As of the Petition Date, the Debtor was defending 34 lawsuits filed between 2018 and 2020 in Louisiana state court by claimants alleging sexual abuse by clergy (the "**Pre-Petition Abuse Cases**"). Upon filing for bankruptcy relief, the Pre-Petition Abuse Cases were stayed pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**"). The Debtor

subsequently removed the Abuse Claim Actions identified on Exhibit B (the "**Removed Abuse Claim Actions**") to the U.S. District Court for the Eastern District of Louisiana, where they remain stayed.

J.      On October 1, 2020, the Court entered the *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing for Confidentiality Protocols; and Approving Form and Manner of Notice* [Docket #461] (the "**Bar Date Order**"). The Bar Date Order set a claims bar date of March 1, 2021 (the "Bar Date") for general unsecured claims, including claims related to sexual abuse.

K.      Many Abuse Claims have been filed both before and after the Bar Date. The vast majority of the claimants who filed Abuse Claims did not sue the Debtor or the Additional Debtors prior to the chapter 11 filing.

L.      Because of the Automatic Stay, holders of Abuse Claims against the Debtor or Additional Debtors have not been able to file Abuse Claim actions against the Debtor, Additional Debtors, or the Non-Settling Insurer (the Pre-Petition Abuse Claims and any unfiled litigation claims of the Abuse Claimants against the Debtor, Additional Debtors or Non-Settling Insurer, collectively, the "**Abuse Claim Actions**").

M.      Before 1993, civil claims related to the sexual abuse of a minor were subject to a one-year prescriptive period in Louisiana. La. Civ. Code Art. 3492. In 1993, the Louisiana legislature enacted La. Rev. Stat. 9:2800.9, which gave individuals who were sexually abused as

minors the right to bring a civil claim until ten years after the age of majority (or 28).[2] This was the law when the Debtor filed its chapter 11 case.

N.        On June 14, 2021, months after the Bar Date had passed, the Louisiana legislature amended La. Rev. Stat. 9:2800.9(A)(1) and eliminated the prescription period applicable to civil claims for the sexual abuse of a minor (the "**2021 Amendment**"), providing "[a]n action against a person for sexual abuse of a minor or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring does not prescribe." 2021 La. Act 322.  The 2021 Amendment also opened up a three-year revival window (the "**Revival Window**") for claims previously prescribed, providing:

> For a period of three years following the effective date of this Act, any party whose action under R.S. 9:2800.9 was barred by liberative prescription prior to the effective date of this Act shall be permitted to file an action under R.S. 9:2800.9 against a party whose alleged actions are the subject of R.S. 9:2800.9. It is the intent of the legislature to revive for a period of three years any claim against a party, authorized by R.S. 9:2800.9, that prescribed prior to the effective date of this Act.

2021 La. Acts 322 (emphasis added).

O.        In response to challenges by Catholic institutions that the 2021 Amendment was unconstitutional and did not revive claims that arose before 1993 (when La. Rev. Stat. 9:2800.9 was first passed), the Legislature amended the statute again (effective June 10, 2022) to make crystal clear that pre-1993 claims are revived (the "**2022 Amendment**").[3] The 2022 Amendment

---

[2] Prior to its amendment in 2021,  La. R.S. § 9:2800.9(a)(1) read, "An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603. This prescriptive period shall be subject to any exception of preemption provided by law."

[3] On June 23, 2023, the Louisiana Supreme Court declined to rule on the constitutionality of the 2021 Amendment, but held that it did not a revive a claim brought prior to the enactment of  La. Rev. Stat. 9:2800.9 in 1993. *See T.S v. Congregation of Holy Cross Southern Province, Inc.*, 2023 La. LEXIS 1368, *8 (La. June 27, 2023).  The Supreme Court remanded the case and observed that the complaint might be amended to plead the window under the 2022 Amendment which does not reference La. Rev. Stat. 9:2800.9.

provides, "Any person whose cause of action related to sexual abuse of a minor was barred by liberative prescription shall be permitted to file an action under R.S. 9:2800.9 on or before June 14, 2024*. It is the express intent of the legislature to revive until June 14, 2024, any cause of action related to sexual abuse of a minor that previously prescribed under any Louisiana prescriptive period*." 2022 La. Acts 386 (emphasis added). The Revival Window was subsequently extended by the Louisiana Legislature until June 14, 2027.

P.      The Debtor and other Catholic institutions challenged the constitutionality of the 2022 Amendment as well.  On June 12, 2024, the Louisiana Supreme Court held that the 2022 Amendment was constitutional.  *Bienvenu, v. Defendant,* 386 So. 3d 280 (La. 2024). Defendants in child sex abuse litigation continue to raise constitutional concerns regarding the Revival Window, which have not yet been resolved.

Q.      This Stipulation is not intended to, nor should it in any way, affect any defense to an Abuse Claim Action, including any challenge to the constitutionality of the 2021 Amendment or the 2022 Amendment.

 **NOW, THEREFORE**, the Debtor, the Additional Debtors, and the Committee hereby stipulate and agree, and the Court hereby orders, as follows:

1.      Pursuant to this Stipulation, Abuse Claimants who execute a joinder to this Stipulation in the form attached as Exhibit A (the "**Joinder**") can proceed pursuant to state and/or federal law with pursuing Pre-Petition Abuse Actions or initiating an Abuse Action against the Debtor, the Additional Debtors or the Non-Settling Insurer ("**Released Abuse Claim Action**").

---

2.       A Released Abuse Claim Action must implicate the Archdiocese Insurance Policies issued by the Non-Settling Insurer and cannot implicate an Archdiocese Insurance Policy issued by a Settling Insurer.  Nothing in this Stipulation prohibits any party from seeking relief from the Automatic Stay.

3.       The Debtor, Additional Debtor or the Committee may object to the Automatic Stay being lifted for any Abuse Action that implicates an Archdiocese Insurance Policy issued by a Settling Insurer, or if the Abuse Claimant or his or her counsel files an objection to the Joint Plan or seeks to dismiss the Chapter 11 Case,[4] or if the Abuse Claimant votes to reject the Joint Plan.

4.       The Abuse Claimant must serve Notice via electronic or first class mail on the following (the "**Notice Parties**") of any Released Abuse Claim Action within 14 days of Plaintiff taking any action to file, prosecute, or pursue a Released Abuse Claim Action:

Counsel for the Debtor:

> Jones Walker LLP
> 201 St. Charles Avenue, 51st Floor
> New Orleans, LA  70170
> Telephone: (504) 582-8000
> Facsimile: (504) 589-8260

ATTN:

> R. Patrick Vance (pvance@joneswalker.com)
> Elizabeth J. Futrell (efutrell@joneswalker.com)
> Mark A. Mintz (mmintz@joneswalker.com)
> Samantha A. Oppenheim (soppenheim@joneswalker.com)

Counsel for the Additional Debtors:

> HELLER, DRAPER, & HORN, L.L.C.
> 650 Poydras Street, Suite 2500

---

[4] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

New Orleans, Louisiana 70130
Telephone: 504-299-3300
Facsimile: 504-299-3399

ATTN:

Douglas S. Draper (ddraper@hellerdraper.com)
Greta S. Brouphy (gbrouphy@hellerdraper.com)
Michael E. Landis (mlandis@hellerdraper.com)

Counsel for the Survivors' Committee

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

ATTN:

James I. Stang (jstang@pszjlaw.com)
Iain A. W. Nasatir. (inasatir@pszjlaw.com)
Andrew W. Caine (acaine@pszjlaw.com)

Counsel for the Non-Settling Insurer

DENTONS US LLP
650 Poydras Street, Suite 2850
New Orleans, LA 70130-6132
Telephone: (504) 524-5446

ATTN:

Jerry A. Beatmann, Jr. (jay.beatmann@dentons.com)

DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: (312) 876-8000

ATTN:

Patrick C. Maxcy (patrick.maxcy@dentons.com)
Keith Moskowitz (keith.moskowitz@dentons.com)

5.      Abuse Claimants with Released Abuse Claim Actions are also referred to as

"**Plaintiffs**."  Abuse Claimants may file and prosecute Released Abuse Claims Action and

proceed to trial, subject to the following terms:

a.   The Plaintiffs may file complaints (and any other documents necessary to initiate litigation) and prosecute, and any court where a Released Abuse Claim Action is pending may proceed with all necessary actions to adjudicate, the Released Abuse Claims Actions through final judgment, including against the Debtor and all non-Debtor defendants.

b.   The Debtor is authorized to pay reasonable defense fees and costs in the Released Abuse Claims Actions that are not paid by the Non-Settling Insurer.

c.   Entry of a judgment against any defendant in the Released Abuse Claim Actions shall not create a lien against any non-insurance asset of the Debtor or any Additional Debtor. Nothing in this Stipulation should be construed to prevent a lien from attaching to the Debtor's and/or any Additional Debtors' interest in any insurance policies or the proceeds of such policies issued by the Non-Settling Insurer, or the assets of any defendant that is not the Debtor or an Additional Debtor or the enforcement of such lien.

d.   No Plaintiff may create or take any action to effectuate the creation or imposition of any lien against any non-insurance asset(s) of the Debtor or any Additional Debtors.

e.   No Plaintiff may collect, levy, execute, or otherwise enforce any judgment against any non-insurance asset(s) of the Debtor or any Additional Debtor or the Archdiocese Insurance Policies of any Settling Insurer.

f.   No Plaintiff may vote to reject the Joint Plan, object to or join in an objection to confirmation of the Joint Plan, or file or participate in any motion to dismiss the Chapter 11 case.[5]

g.   Prior to the Effective Date of the Joint Plan, no Plaintiff may collect, levy, execute, or otherwise enforce any judgment against or collect on any settlement with the Non-Settling Insurer except with the written agreement of the Debtor, applicable Additional Debtor and the Survivors' Committee.  Following the Effective Date of the Joint Plan, any judgment or settlement with respect to the Non-Settling Insurer shall be treated in accordance with the terms of the Joint Plan and Settlement Trust Documents.

6.      The Parties agree that all Abuse Claimants may make written settlement demands

on the Debtor and any non-Debtor defendant(s) and request that the Debtor and any non-Debtor

---

[5] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

defendant(s) tender those demands on the Non-Settling Insurer and request that the Non-Settling Insurer pay those demands. The Parties further agree that such demands are not a violation of the Automatic Stay.

7.      Nothing in this Stipulation prohibits any party from seeking relief from the Automatic Stay.   All rights of the Debtors and Additional Debtors to any such request for relief are reserved.

8.      The Debtor also hereby agrees that any Removed Abuse Claim Action may be remanded to the court of original jurisdiction for such action.

Dated: as of September __, 2025

/s/_____
JONES WALKER LLP
R. Patrick Vance (#13008)
Elizabeth J. Futrell (#05863)
Mark A. Mintz (#31878)
Samantha A. Oppenheim (#38364)
201 St. Charles Avenue, 51st Floor
New Orleans, LA   70170
Telephone: (504) 582-8000
Email:  pvance@joneswalker.com
        efutrell@joneswalker.com
        mmintz@joneswalker.com
        soppenheim@joneswalker.com

**ATTORNEYS FOR THE ROMAN CATHOLIC
CHURCH  OF THE ARCHDIOCESE OF NEW
ORLEANS**

/s/_____
PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang (CA Bar No. 94435) (pro hac vice)
Iain A.W. Nasatir (CA Bar 148977) (pro hac vice)
Andrew W. Caine (CA Bar 110345) (pro hac vice)
10100 Santa Monica Blvd., Ste. 1300
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Email:   jstang@pszjlaw.com
         inasatir@pszjlaw.com
         acaine@pszjlaw.com

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE
OF UNSECURED CREDITORS**

/s/_____
HELLER, DRAPER, & HORN, L.L.C.
Douglas S. Draper
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: 504-299-3300
E-mail: ddraper@hellerdraper.com

**ATTORNEYS FOR THE ADDITIONAL
DEBTORS**

EXHIBIT A

FORM OF JOINDER TO STIPULATION

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-10846 (MSG) |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | SECTION A |
| | § | |
| DEBTOR. | § | COMPLEX CASE |
| | § | |

## JOINDER TO STIPULATION AMONG DEBTOR, ADDITIONAL DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS CONCERNING RELIEF FROM AUTOMATIC STAY

The undersigned counsel represents Abuse Claimants ("**Plaintiff**") with Abuse Claims and/or Abuse Actions against the Debtor, Additional Debtors and/or the Non-Setting Insurer, hereby joins in the Stipulation Among the Debtor, Additional Debtors, and the Official Committee of Unsecured Creditors (the "**Stipulation**")[1] approved by the Bankruptcy Court in the above-captioned case [Docket No. _____].

On behalf of each Plaintiff that plans to prosecute or pursue a Released Abuse Claim Action, undersigned counsel hereby warrants and represents as follows:

1.    Plaintiff is the holder of an Abuse Claim against the Debtor,  Additional

Debtor(s), and/or the Non-Settling Insurer.

2.    Plaintiff's Abuse Claim falls within the coverage period of the Non-Settling

Insurer.

3.    Counsel is a signatory to one of the MOUs or has not objected to or joined in any

objection to confirmation of the Joint Plan nor has the Plaintiff filed or joined in any motion to

dismiss the above-captioned bankruptcy case.[2]

---

[1]Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Stipulation.
[2] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

4931-0954-8140.1 05067.002

4.      Plaintiff has not voted to reject the Joint Plan.  If Plaintiff votes to reject the Joint Plan following the submission of this Joinder, Plaintiff's Abuse Claim Action will no longer be a Released Abuse Claim Action.

5.      Plaintiff agrees as follows if granted relief from the Automatic Stay with respect to the Abuse Claim Action:

    a.   The Plaintiff may file complaints (and any other documents necessary to initiate litigation) and prosecute, and any court where the Abuse Claim Action is pending may proceed with all necessary actions to adjudicate, the Abuse Claim Action through final judgment, including against the Debtor and all non-Debtor defendants.

    b.   Entry of a judgment against any defendant in the Abuse Claim Action shall not create a lien against any non-insurance asset of the Debtor or any Additional Debtor.

    c.   Plaintiff will not create or take any action to effectuate the creation or imposition of any lien against any non-insurance asset(s) of the Debtor or any Additional Debtors.

    d.   Plaintiff will not collect, levy, execute, or otherwise enforce any judgment against any non-insurance asset(s) of the Debtor or any Additional Debtor or the Archdiocese Insurance Policies of any Settling Insurer.

    e.   Plaintiff will not file or join in any objection to confirmation of the Joint Plan or any motion to dismiss the Bankruptcy Case.[3]

    f.   Plaintiff will not vote to reject the Joint Plan.

    g.   Prior to the Effective Date of the Joint Plan, no Plaintiff may collect, levy, execute, or otherwise enforce any judgment against or collect on any settlement with the Non-Settling Insurer except with the written agreement of the Debtor, applicable Additional Debtor and the Survivors' Committee.  Following the Effective Date of the Joint Plan, any judgment or settlement with respect to the Non-Settling Insurer shall be treated in accordance with the terms of the Joint Plan and Settlement Trust Documents.

6.      The Abuse Claimant will provide this Joinder via electronic or first class mail on the following (the "**Notice Parties**"):

---

[3] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

Counsel for the Debtor:

> Jones Walker LLP
> 201 St. Charles Avenue, 51st Floor
> New Orleans, LA  70170
> Telephone: (504) 582-8000
> Facsimile: (504) 589-8260

ATTN:

> R. Patrick Vance (pvance@joneswalker.com)
> Elizabeth J. Futrell (efutrell@joneswalker.com)
> Mark A. Mintz (mmintz@joneswalker.com)
> Samantha A. Oppenheim (soppenheim@joneswalker.com)

Counsel for the Additional Debtors:

> HELLER, DRAPER, & HORN, L.L.C.
> 650 Poydras Street, Suite 2500
> New Orleans, Louisiana 70130
> Telephone: 504-299-3300
> Facsimile: 504-299-3399

ATTN:

> Douglas S. Draper (ddraper@hellerdraper.com)
> Greta S. Brouphy (gbrouphy@hellerdraper.com)
> Michael E. Landis (mlandis@hellerdraper.com)

Counsel for the Survivors' Committee

> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Blvd., Suite 1300
> Los Angeles, CA 90067
> Telephone: (310) 277-6910
> Facsimile: (310) 201-0760

ATTN:

> James I. Stang (jstang@pszjlaw.com)
> Iain A. W. Nasatir. (inasatir@pszjlaw.com)
> Andrew W. Caine (acaine@pszjlaw.com)
> Karen B. Dine (kdine@pszjlaw.com)

Counsel for the Non-Settling Insurer

DENTONS US LLP
650 Poydras Street, Suite 2850
New Orleans, LA 70130-6132
Telephone: (504) 524-5446

ATTN:

Jerry A. Beatmann, Jr. (jay.beatmann@dentons.com)

DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: (312) 876-8000

ATTN:

Patrick C. Maxcy (patrick.maxcy@dentons.com)
Keith Moskowitz (keith.moskowitz@dentons.com)

7.     Plaintiff will provide notice via electronic or first class mail on the Notice Parties

of any Released Abuse Claim Action within 14 days of Plaintiff taking any action to file,

prosecute, or pursue a Released Abuse Claim Action identifying the Released Abuse Claim

Action and identifying all of the defendants with respect to Released Abuse Claim Action.

8.     The Debtor, Additional Debtor or the Committee may object to the Automatic

Stay being lifted for any Abuse Action that implicates an Archdiocese Insurance Policy issued by

a Settling Insurer, if the Abuse Claimant or his or her counsel files an objection to the Joint Plan

or seeks to dismiss the Chapter 11 Case, or if the Abuse Claimant has voted to reject the Joint

Plan.

9.     If the Plaintiff violates any of the terms set forth in Paragraphs 3 and 4 above,

then following notice of such breach to the Plaintiff by the Debtor, Additional Debtor, and/or the

Survivors' Committee, Plaintiff acknowledges and agrees that the Automatic Stay will

automatically be reinstated and the Plaintiff must immediately cease any prosecution of the

Abuse Claim Action.  Any continued prosecution of the Abuse Claim Action after receipt of the notice of the breach will be deemed to be a willful violation of the Automatic Stay.

[Date/Signature]

# EXHIBIT B

## REMOVED ABUSE ACTIONS

| STATE COURT ACTION |
| --- |
| Civil Action No. 20-1317, F(5) A. A. Doe vs. Archdiocese of New Orleans Indemnity, et al. |
| Civil Action No. 20-1331, F(5) John Roe, III vs. Roman Catholic Archdiocese of the New Orleans, et al |
| Civil Action No. 20-1341, F(5) John Doe vs. Roman Catholic Archdiocese of the New Orleans |
| Civil Action No. 20-1352, F(5) West Roe vs. Roman Catholic Church of the Archdiocese of New Orleans, et al |
| Civil Action No. 20-1353, F(5) CC Doe vs. Roman Catholic Archdiocese of the New Orleans, et al |
| Civil Action No. 20-1752, F(2) S.D. Doe vs. Archdiocese of the New Orleans Indemnity, Inc., et al |
| Civil Action No. 20-1819, F(3) Zach Roe vs. Catholic Charities Archdiocese of New Orleans, et al |
| Civil Action No. 20-1835, F(5) Chuck Roe vs. Catholic Charities Archdiocese of New Orleans |
| Civil Action No. 20-1318, BB Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al. |
| Civil Action No. 20-1320, John Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 20-1321, J.W. Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 20-1328, John Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 20-1330, John Roe I v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |

| |
|---|
| Civil Action No. 1331, John Roe III v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1335, Linda Lee Stonebreaker v. The Roman Catholic Church for the Archdiocese of New Orleans, et al. |
| Civil Action No. 1336, Neal Alan Pollet v. John Doe |
| Civil Action No. 1337, Raymond Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1338, James Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 1339, Lon Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 1340, Ed Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1341, John Doe v. Defendant A, et al. |
| Civil Action No. 1349, John A. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans |
| Civil Action No. 1351, John Roe II v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1352, West Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1353, CC Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1355, Bob Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1356, Jeff Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1358, FF Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al. |
| Civil Action No. 1359, Jane Doe and John Doe v. Defendant 1 [SEALED CASE] |
| Civil Action No. 1362, John Doe v. ABC [SEALED CASE] |

| |
|---|
| Civil Action No. 1363, Tom Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 1364, John Doe v. The Roman Catholic Church for the Archdiocese of New Orleans[SEALED CASE] |
| Civil Action No. 1366, John Doe v. ABC [SEALED CASE] |
| Civil Action No. 1368,John Doe v. Defendant A, et al. [SEALED CASE] |
| Civil Action No. 1374, John Doe v. Defendant A, et al. [SEALED CASE] |
| Civil Action No. 1379, John Roe IV v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1392, Brad Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1422, JB Doe v. St. Paul's School, Inc., et al. |
| Civil Action No. 1752, S.D. Doe v. Archdiocese of New Orleans Indemnity Inc., et al. |
| Civil Action No. 1754, J.L. Doe v. Archdiocese of New Orleans Indemnity Inc., et al. |
| Civil Action No. 1755, W.G. Doe v. Archdiocese of New Orleans Indemnity Inc., et al. |
| Civil Action No. 1819, Zach Roe v. Catholic Charities Archdiocese of New Orleans, et al. |
| Civil Action No. 1835, Chuck Roe v. Catholic Charities Archdiocese of New Orleans |
| Civil Action No. 1829, Ralph Roe v. Catholic Charities Archdiocese of New Orleans, et al. |

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE: | § | CASE NO. 20-10846 (MSG) |
|  | § |  |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § |  |
| ORLEANS, | § | SECTION A |
|  | § |  |
| DEBTOR. | § | COMPLEX CASE |
|  | § |  |
|  | § |  |

**[PROPOSED] ORDER ON MOTION FOR ENTRY OF ORDER PURSUANT
TO SECTIONS 362(A) AND 105(A) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019 (1) APPROVING STIPULATION PERMITTING
RELIEF FROM THE AUTOMATIC STAY FOR CERTAIN ABUSE CLAIM ACTIONS,
(2) REMANDING REMOVED ABUSE CLAIM ACTIONS,
AND (3) GRANTING RELATED RELIEF**

Upon the motion, dated September 25, 2025 ("**Motion**")[1] of the Official Committee of Unsecured Creditors in the above-captioned chapter 11 case of The Roman Catholic Church of the Archdiocese of New Orleans, the lead debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**") through its respective counsel, for entry of an order (this "**Order**") (1) approving the stipulation by and among the Archdiocese, the Additional Debtors, and the Survivors' Committee (collectively with the foregoing, the "**Parties**"), pursuant to Sections 105(a) and 362(a) of Title 11 of the United States Code ("**Bankruptcy Code**") and Rules 2002(a)(2), 6004, and 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and substantially in the form attached to this Order as **Exhibit 1** (the "**Stipulation**"); (1) approving the stipulation permitting relief from the Automatic Stay for certain Abuse Claim Actions; (2) remanding Removed Abuse Claim Actions; and (3) granting related relief; and the Bankruptcy Court having reviewed the Motion and the Stipulation; and it appearing that due and

---

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Motion.

4935-8232-4844.1 05067.002 4931-0954-8140.1 05067.002   1

adequate notice of the Motion and Stipulation having been given to all Entities entitled thereto, and that no other or further notice need be given; and the Bankruptcy Court on October 16, 2025 having held a hearing (the "**Hearing**") to consider the relief requested in the Motion; and upon the record of the Hearing; and, after due deliberation, including, without limitation, for the reasons stated by the Bankruptcy Court on the record of the Hearing, it appearing that the relief requested in the Motion and granted herein is in the best interests of the Debtor and its estate (the "**Estate**"), its creditors, and other parties in interest; and good sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.      This Bankruptcy Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion are Sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9019, and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana.

C.      It is necessary and appropriate for the Bankruptcy Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Stipulation, and to adjudicate, if necessary, to the extent provided under 28 U.S.C. § 1334(b), any and all disputes arising from or relating to the Stipulation or this Order.

D.      Proper, timely, adequate and sufficient notice of the Hearing and Motion and the relief requested therein has been provided by the Survivors' Committee in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

E.  The Survivors' Committee demonstrated (i) good, sufficient, and sound business purpose and justification and compelling circumstances for entry into the Stipulation and the terms of the Stipulation are fair, reasonable, and in the best interests of the Debtor and the Additional Debtors and their creditors pursuant to Bankruptcy Rule 9019.

F.  The Stipulation was negotiated, proposed, and entered into without collusion, in good faith, and from arm's length bargaining positions.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion, and the relief sought therein (including without limitation the approval of the Stipulation) is GRANTED and APPROVED, in all respects as set forth herein.

2.  The findings of fact set forth above and conclusions of law stated herein, in addition to any findings of fact and conclusions of law stated by the Bankruptcy Court at the Hearing, shall constitute this Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the Motion pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.  Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

4.  The Stipulation is approved in its entirety, pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

5.     All factors set forth in *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop. by & through Mabey* (*In re Cajun Elec. Power Coop.*), 119 F. 3d 349, 356 (5th Cir. 1997), either weigh in favor of the Settlement Agreement or do not apply.

6.     The terms and provisions of the Stipulation and this Order shall be binding notwithstanding any subsequent appointment of any trustee(s) examiner(s) or receiver(s) under any chapter of the Bankruptcy Code or any other law.

7.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.     The Stipulation may be modified, amended, or supplemented by the Parties, in a writing signed by the Parties, and in accordance with the terms thereof, without further order of this Bankruptcy Court; *provided* that such modification, amendment, or supplement does not constitute a material change to the relief sought in the Motion and approved by this Order.

9.     Each of the Removed Abuse Claim Actions is hereby remanded back to the court of original jurisdiction for each such Removed Abuse Claim Action.

**IT IS SO ORDERED.**

New Orleans, Louisiana, _____, 2025

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-10846 (MSG) |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | SECTION A |
| | § | |
| DEBTOR. | § | COMPLEX CASE |
| | § | |
| | § | |

**STIPULATION AMONG DEBTOR, ADDITIONAL DEBTORS AND**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS CONCERNING**
**RELIEF FROM AUTOMATIC STAY AND**
**REMANDING CERTAIN ABUSE ACTIONS TO STATE COURT**

NOW INTO COURT, through undersigned counsel, come The Roman Catholic Church of the Archdiocese of New Orleans, the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**Archdiocese**"), the Additional Debtors; and the Official Committee of Unsecured Creditors (the "**Survivors' Committee**"), who submit this stipulation (this "**Stipulation**") concerning relief from the automatic stay to permit Abuse Claimants to file and/or to prosecute lawsuits with respect to their Abuse Claims and remanding certain Abuse Claim Actions to state court on the terms and conditions as set forth herein.

## RECITALS

A.      On May 1, 2020, the Archdiocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the above-captioned chapter 11 case (this "**Chapter 11 Case**").

B.      On May 1, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its businesses and properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.      The Office of the United States Trustee (the "**U.S. Trustee**") appointed (a) the Survivors' Committee on May 20, 2020, [ECF 94], which has been reconstituted from time to time.

D.      On August 11, 2025, the Bankruptcy Court approved the *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of August 6, 2025,* [ECF 4242], (the "**Disclosure Statement**") relating to *Second Amended Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of August 6, 2025*, [ECF 4235], (as amended, modified, or supplemented from time to time, the "**Joint Plan**").[1]

E.      The Archdiocese was established as a diocese in 1793, and became an archdiocese in 1850. In 1941, the Archdiocese was incorporated as a nonprofit corporation under the laws of the state, and the corporation is an organization classified under section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

---

[1]Unless otherwise defined in this Stipulation, capitalized terms have the meanings ascribed to them, as applicable, in the Joint Plan Exhibit A (Defined Terms), a copy of which is attached to the Joint Plan.

F.     The Archdiocese administers an insurance program for itself, the Additional Debtors and the Non-Debtor Catholic Entities (the "**Insurance Program**"). The Insurance Program provides various types of insurance, including, but not limited to, insurance for property, business interruption, commercial general liability, excess liability, personal misconduct, directors' and officers' liability, healthcare liability, professional liability, flood, and cybersecurity insurance.  As the Archdiocese administered the Insurance Program before the Petition Date, a portion of the costs of these coverages was allocated to various Additional Debtors and Non-Debtor Catholic Entities, and the Additional Debtors and Non-Debtor Catholic Entities were responsible for reimbursing the Archdiocese for their share of the insurance premiums.

G.     The Insurance Program includes commercial liability insurance, including primary, umbrella, and excess liability policies that protect the Archdiocese, Additional Debtors, Non-Debtor Catholic Entities, and other Co-Insured Parties for Claims arising out of alleged Abuse (collectively, the "**Archdiocese Insurance Policies**").

H.     Subject to coverage defenses that may exist, the Archdiocese Insurance Policies covering the time period from February 1, 1973, to July 1, 1989, are largely insured by United States Fire & Guaranty Insurance Company (n/k/a "**Travelers Insurance Group**").  Travelers Insurance Group is a Non-Settling Insurer under the terms of the Joint Plan.

I.      As of the Petition Date, the Debtor was defending 34 lawsuits filed between 2018 and 2020 in Louisiana state court by claimants alleging sexual abuse by clergy (the "**Pre-Petition Abuse Cases**"). Upon filing for bankruptcy relief, the Pre-Petition Abuse Cases were stayed pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**"). The Debtor subsequently removed the Abuse Claim Actions identified on Exhibit B (the "**Removed Abuse Claim Actions**") to the U.S. District Court for the Eastern District of Louisiana, where they remain stayed.

J.      On October 1, 2020, the Court entered the *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing for Confidentiality Protocols; and Approving Form and Manner of Notice* [Docket #461] (the "**Bar Date Order**"). The Bar Date Order set a claims bar date of March 1, 2021 (the "Bar Date") for general unsecured claims, including claims related to sexual abuse.

K.      Many Abuse Claims have been filed both before and after the Bar Date. The vast majority of the claimants who filed Abuse Claims did not sue the Debtor or the Additional Debtors prior to the chapter 11 filing.

L.      Because of the Automatic Stay, holders of Abuse Claims against the Debtor or Additional Debtors have not been able to file Abuse Claim actions against the Debtor, Additional Debtors, or the Non-Settling Insurer (the Pre-Petition Abuse Claims and any unfiled litigation claims of the Abuse Claimants against the Debtor, Additional Debtors or Non-Settling Insurer, collectively, the "**Abuse Claim Actions**").

M.      Before 1993, civil claims related to the sexual abuse of a minor were subject to a one-year prescriptive period in Louisiana. La. Civ. Code Art. 3492. In 1993, the Louisiana legislature enacted La. Rev. Stat. 9:2800.9, which gave individuals who were sexually abused as minors the right to bring a civil claim until ten years after the age of majority (or 28).[2] This was the law when the Debtor filed its chapter 11 case.

N.      On June 14, 2021, months after the Bar Date had passed, the Louisiana legislature amended La. Rev. Stat. 9:2800.9(A)(1) and eliminated the prescription period applicable to civil claims for the sexual abuse of a minor (the "**2021 Amendment**"), providing "[a]n action against a person for sexual abuse of a minor or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring does not prescribe." 2021 La. Act 322.  The 2021 Amendment also opened up a three-year revival window (the "**Revival Window**") for claims previously prescribed, providing:

> For a period of three years following the effective date of this Act, any party whose action under R.S. 9:2800.9 was barred by liberative prescription prior to the effective date of this Act shall be permitted to file an action under R.S. 9:2800.9 against a party whose alleged actions are the subject of R.S. 9:2800.9. It is the intent of the legislature to revive for a period of three years any claim against a party, authorized by R.S. 9:2800.9, that prescribed prior to the effective date of this Act.

2021 La. Acts 322 (emphasis added).

---

[2] Prior to its amendment in 2021,  La. R.S. § 9:2800.9(a)(1) read, "An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years. This prescription commences to run from the day the minor

O.      In response to challenges by Catholic institutions that the 2021 Amendment was unconstitutional and did not revive claims that arose before 1993 (when La. Rev. Stat. 9:2800.9 was first passed), the Legislature amended the statute again (effective June 10, 2022) to make crystal clear that pre-1993 claims are revived (the "**2022 Amendment**").[3] The 2022 Amendment provides, "Any person whose cause of action related to sexual abuse of a minor was barred by liberative prescription shall be permitted to file an action under R.S. 9:2800.9 on or before June 14, 2024*. It is the express intent of the legislature to revive until June 14, 2024, any cause of action related to sexual abuse of a minor that previously prescribed under any Louisiana prescriptive period*." 2022 La. Acts 386 (emphasis added). The Revival Window was subsequently extended by the Louisiana Legislature until June 14, 2027.

P.      The Debtor and other Catholic institutions challenged the constitutionality of the 2022 Amendment as well.  On June 12, 2024, the Louisiana Supreme Court held that the 2022 Amendment was constitutional.  *Bienvenu, v. Defendant*, 386 So. 3d 280 (La. 2024). Defendants in child sex abuse litigation continue to raise constitutional concerns regarding the Revival Window, which have not yet been resolved.

Q.      This Stipulation is not intended to, nor should it in any way, affect any defense to an Abuse Claim Action, including any challenge to the constitutionality of the 2021 Amendment or the 2022 Amendment.

---

attains majority, and this prescription shall be suspended for all purposes until the minor reaches the age of majority. Abuse has the same meaning as provided in Louisiana Children's Code Article 603. This prescriptive period shall be subject to any exception of preemption provided by law."

[3] On June 23, 2023, the Louisiana Supreme Court declined to rule on the constitutionality of the 2021 Amendment, but held that it did not a revive a claim brought prior to the enactment of  La. Rev. Stat. 9:2800.9 in 1993. *See T.S v. Congregation of Holy Cross Southern Province, Inc*., 2023 La. LEXIS 1368, *8 (La. June 27, 2023).  The Supreme Court remanded the case and observed that the complaint might be amended to plead the window under the 2022 Amendment which does not reference La. Rev. Stat. 9:2800.9.

**NOW, THEREFORE**, the Debtor, the Additional Debtors, and the Committee hereby stipulate and agree, and the Court hereby orders, as follows:

1.      Pursuant to this Stipulation, Abuse Claimants who execute a joinder to this Stipulation in the form attached as Exhibit A (the "**Joinder**") can proceed pursuant to state and/or federal law with pursuing Pre-Petition Abuse Actions or initiating an Abuse Action against the Debtor, the Additional Debtors or the Non-Settling Insurer ("**Released Abuse Claim Action**").

2.      A Released Abuse Claim Action must implicate the Archdiocese Insurance Policies issued by the Non-Settling Insurer and cannot implicate an Archdiocese Insurance Policy issued by a Settling Insurer.  Nothing in this Stipulation prohibits any party from seeking relief from the Automatic Stay.

3.      The Debtor, Additional Debtor or the Committee may object to the Automatic Stay being lifted for any Abuse Action that implicates an Archdiocese Insurance Policy issued by a Settling Insurer, or if the Abuse Claimant or his or her counsel files an objection to the Joint Plan or seeks to dismiss the Chapter 11 Case,[4] or if the Abuse Claimant votes to reject the Joint Plan.

4.      The Abuse Claimant must serve Notice via electronic or first class mail on the following (the "**Notice Parties**") of any Released Abuse Claim Action within 14 days of Plaintiff taking any action to file, prosecute, or pursue a Released Abuse Claim Action:

Counsel for the Debtor:

Jones Walker LLP
201 St. Charles Avenue, 51st Floor

---

[4] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260

ATTN:

R. Patrick Vance (pvance@joneswalker.com)
Elizabeth J. Futrell (efutrell@joneswalker.com)
Mark A. Mintz (mmintz@joneswalker.com)
Samantha A. Oppenheim (soppenheim@joneswalker.com)

Counsel for the Additional Debtors:

HELLER, DRAPER, & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: 504-299-3300
Facsimile: 504-299-3399

ATTN:

Douglas S. Draper (ddraper@hellerdraper.com)
Greta S. Brouphy (gbrouphy@hellerdraper.com)
Michael E. Landis (mlandis@hellerdraper.com)

Counsel for the Survivors' Committee

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

ATTN:

James I. Stang (jstang@pszjlaw.com)
Iain A. W. Nasatir. (inasatir@pszjlaw.com)
Andrew W. Caine (acaine@pszjlaw.com)

Counsel for the Non-Settling Insurer

DENTONS US LLP
650 Poydras Street, Suite 2850
New Orleans, LA 70130-6132
Telephone: (504) 524-5446

ATTN:

Jerry A. Beatmann, Jr. (jay.beatmann@dentons.com)

DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone: (312) 876-8000

ATTN:

Patrick C. Maxcy (patrick.maxcy@dentons.com)
Keith Moskowitz (keith.moskowitz@dentons.com)

5.     Abuse Claimants with Released Abuse Claim Actions are also referred to as

"**Plaintiffs**."  Abuse Claimants may file and prosecute Released Abuse Claims Action and

proceed to trial, subject to the following terms:

    a.  The Plaintiffs may file complaints (and any other documents necessary to initiate litigation) and prosecute, and any court where a Released Abuse Claim Action is pending may proceed with all necessary actions to adjudicate, the Released Abuse Claims Actions through final judgment, including against the Debtor and all non-Debtor defendants.

    b.  The Debtor is authorized to pay reasonable defense fees and costs in the Released Abuse Claims Actions that are not paid by the Non-Settling Insurer.

    c.  Entry of a judgment against any defendant in the Released Abuse Claim Actions shall not create a lien against any non-insurance asset of the Debtor or any Additional Debtor. Nothing in this Stipulation should be construed to prevent a lien from attaching to the Debtor's and/or any Additional Debtors' interest in any insurance policies or the proceeds of such policies issued by the Non-Settling Insurer, or the assets of any defendant that is not the Debtor or an Additional Debtor or the enforcement of such lien.

    d.  No Plaintiff may create or take any action to effectuate the creation or imposition of any lien against any non-insurance asset(s) of the Debtor or any Additional Debtors.

    e.  No Plaintiff may collect, levy, execute, or otherwise enforce any judgment against any non-insurance asset(s) of the Debtor or any Additional Debtor or the Archdiocese Insurance Policies of any Settling Insurer.

    f.  No Plaintiff may vote to reject the Joint Plan, object to or join in an objection to confirmation of the Joint Plan, or file or participate in any motion to dismiss the Chapter 11 case.[5]

---

[5] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in

g.   Prior to the Effective Date of the Joint Plan, no Plaintiff may collect, levy, execute, or otherwise enforce any judgment against or collect on any settlement with the Non-Settling Insurer except with the written agreement of the Debtor, applicable Additional Debtor and the Survivors' Committee.   Following the Effective Date of the Joint Plan, any judgment or settlement with respect to the Non-Settling Insurer shall be treated in accordance with the terms of the Joint Plan and Settlement Trust Documents.

6.      The Parties agree that all Abuse Claimants may make written settlement demands on the Debtor and any non-Debtor defendant(s) and request that the Debtor and any non-Debtor defendant(s) tender those demands on the Non-Settling Insurer and request that the Non-Settling Insurer pay those demands. The Parties further agree that such demands are not a violation of the Automatic Stay.

7.      Nothing in this Stipulation prohibits any party from seeking relief from the Automatic Stay.   All rights of the Debtors and Additional Debtors to any such request for relief are reserved.

8.      The Debtor also hereby agrees that any Removed Abuse Claim Action may be remanded to the court of original jurisdiction for such action, and the Debtor will take such action as is reasonably necessary to effectuate such remand.

---

counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

4935-8232-4844.1 05067.002 4931-0954-8140.1 05067.002

Dated: as of September __, 2025

/s/_____
JONES WALKER LLP
R. Patrick Vance (#13008)
Elizabeth J. Futrell (#05863)
Mark A. Mintz (#31878)
Samantha A. Oppenheim (#38364)
201 St. Charles Avenue, 51st Floor
New Orleans, LA  70170
Telephone: (504) 582-8000
Email:  pvance@joneswalker.com
            efutrell@joneswalker.com
            mmintz@joneswalker.com
            soppenheim@joneswalker.com

**ATTORNEYS FOR THE ROMAN CATHOLIC CHURCH  OF THE ARCHDIOCESE OF NEW ORLEANS**

/s/_____
PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang (CA Bar No. 94435) (pro hac vice)
Iain A.W. Nasatir (CA Bar 148977) (pro hac vice)
Andrew W. Caine (CA Bar 110345) (pro hac vice)
10100 Santa Monica Blvd., Ste. 1300
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Email:   jstang@pszjlaw.com
            inasatir@pszjlaw.com
            acaine@pszjlaw.com

**ATTORNEYS FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

/s/_____
HELLER, DRAPER, & HORN, L.L.C.
Douglas S. Draper
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: 504-299-3300
E-mail: ddraper@hellerdraper.com

**ATTORNEYS FOR THE ADDITIONAL DEBTORS**

EXHIBIT A

FORM OF JOINDER TO STIPULATION

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-10846 (MSG) |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | SECTION A |
| | § | |
| DEBTOR. | § | COMPLEX CASE |
| | § | |
| | § | |

**JOINDER TO STIPULATION AMONG DEBTOR, ADDITIONAL DEBTORS AND**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS CONCERNING**
**RELIEF FROM AUTOMATIC STAY**

The undersigned counsel represents Abuse Claimants ("**Plaintiff**") with Abuse Claims and/or Abuse Actions against the Debtor, Additional Debtors and/or the Non-Setting Insurer, hereby joins in the Stipulation Among the Debtor, Additional Debtors, and the Official Committee of Unsecured Creditors (the "**Stipulation**")[1] approved by the Bankruptcy Court in the above-captioned case [Docket No. _____].

On behalf of each Plaintiff that plans to prosecute or pursue a Released Abuse Claim Action, undersigned counsel hereby warrants and represents as follows:

1.    Plaintiff is the holder of an Abuse Claim against the Debtor,  Additional Debtor(s), and/or the Non-Settling Insurer.

2.    Plaintiff's Abuse Claim falls within the coverage period of the Non-Settling Insurer.

3.    Counsel is a signatory to one of the MOUs or has not objected to or joined in any objection to confirmation of the Joint Plan nor has the Plaintiff filed or joined in any motion to dismiss the above-captioned bankruptcy case.[2]

---

[1]Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Stipulation.
[2] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

4.      Plaintiff has not voted to reject the Joint Plan.  If Plaintiff votes to reject the Joint Plan following the submission of this Joinder, Plaintiff's Abuse Claim Action will no longer be a Released Abuse Claim Action.

5.      Plaintiff agrees as follows if granted relief from the Automatic Stay with respect to the Abuse Claim Action:

a.   The Plaintiff may file complaints (and any other documents necessary to initiate litigation) and prosecute, and any court where the Abuse Claim Action is pending may proceed with all necessary actions to adjudicate, the Abuse Claim Action through final judgment, including against the Debtor and all non-Debtor defendants.

b.   Entry of a judgment against any defendant in the Abuse Claim Action shall not create a lien against any non-insurance asset of the Debtor or any Additional Debtor.

c.   Plaintiff will not create or take any action to effectuate the creation or imposition of any lien against any non-insurance asset(s) of the Debtor or any Additional Debtors.

d.   Plaintiff will not collect, levy, execute, or otherwise enforce any judgment against any non-insurance asset(s) of the Debtor or any Additional Debtor or the Archdiocese Insurance Policies of any Settling Insurer.

e.   Plaintiff will not file or join in any objection to confirmation of the Joint Plan or any motion to dismiss the Bankruptcy Case.[3]

f.   Plaintiff will not vote to reject the Joint Plan.

g.   Prior to the Effective Date of the Joint Plan, no Plaintiff may collect, levy, execute, or otherwise enforce any judgment against or collect on any settlement with the Non-Settling Insurer except with the written agreement of the Debtor, applicable Additional Debtor and the Survivors' Committee.  Following the Effective Date of the Joint Plan, any judgment or settlement with respect to the Non-Settling Insurer shall be treated in accordance with the terms of the Joint Plan and Settlement Trust Documents.

6.      The Abuse Claimant will provide this Joinder via electronic or first class mail on the following (the "**Notice Parties**"):

---

[3] For the avoidance of doubt, having participated or joined in the Prior Motion to Dismiss does not prevent any counsel or Abuse Claimant from joining in the Stipulation and obtaining relief from the Automatic Stay in accordance with the terms of the Stipulation.

Counsel for the Debtor:

> Jones Walker LLP
> 201 St. Charles Avenue, 51st Floor
> New Orleans, LA  70170
> Telephone: (504) 582-8000
> Facsimile: (504) 589-8260

> ATTN:

>> R. Patrick Vance (pvance@joneswalker.com)
>> Elizabeth J. Futrell (efutrell@joneswalker.com)
>> Mark A. Mintz (mmintz@joneswalker.com)
>> Samantha A. Oppenheim (soppenheim@joneswalker.com)

Counsel for the Additional Debtors:

> HELLER, DRAPER, & HORN, L.L.C.
> 650 Poydras Street, Suite 2500
> New Orleans, Louisiana 70130
> Telephone: 504-299-3300
> Facsimile: 504-299-3399

> ATTN:

>> Douglas S. Draper (ddraper@hellerdraper.com)
>> Greta S. Brouphy (gbrouphy@hellerdraper.com)
>> Michael E. Landis (mlandis@hellerdraper.com)

Counsel for the Survivors' Committee

> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Blvd., Suite 1300
> Los Angeles, CA 90067
> Telephone: (310) 277-6910
> Facsimile: (310) 201-0760

> ATTN:

>> James I. Stang (jstang@pszjlaw.com)
>> Iain A. W. Nasatir. (inasatir@pszjlaw.com)
>> Andrew W. Caine (acaine@pszjlaw.com)
>> Karen B. Dine (kdine@pszjlaw.com)

Counsel for the Non-Settling Insurer

    DENTONS US LLP
    650 Poydras Street, Suite 2850
    New Orleans, LA 70130-6132
    Telephone: (504) 524-5446

    ATTN:

    Jerry A. Beatmann, Jr. (jay.beatmann@dentons.com)

    DENTONS US LLP
    233 South Wacker Drive, Suite 5900
    Chicago, IL 60606-6361
    Telephone: (312) 876-8000

    ATTN:

    Patrick C. Maxcy (patrick.maxcy@dentons.com)
    Keith Moskowitz (keith.moskowitz@dentons.com)

7.    Plaintiff will provide notice via electronic or first class mail on the Notice Parties of any Released Abuse Claim Action within 14 days of Plaintiff taking any action to file, prosecute, or pursue a Released Abuse Claim Action identifying the Released Abuse Claim Action and identifying all of the defendants with respect to Released Abuse Claim Action.

8.    The Debtor, Additional Debtor or the Committee may object to the Automatic Stay being lifted for any Abuse Action that implicates an Archdiocese Insurance Policy issued by a Settling Insurer, if the Abuse Claimant or his or her counsel files an objection to the Joint Plan or seeks to dismiss the Chapter 11 Case, or if the Abuse Claimant has voted to reject the Joint Plan.

9.    If the Plaintiff violates any of the terms set forth in Paragraphs 3 and 4 above, then following notice of such breach to the Plaintiff by the Debtor, Additional Debtor, and/or the Survivors' Committee, Plaintiff acknowledges and agrees that the Automatic Stay will

automatically be reinstated and the Plaintiff must immediately cease any prosecution of the

Abuse Claim Action.  Any continued prosecution of the Abuse Claim Action after receipt of the

notice of the breach will be deemed to be a willful violation of the Automatic Stay.


[Date/Signature]

# EXHIBIT B

## REMOVED ABUSE ACTIONS

| STATE COURT ACTION |
| --- |
| Civil Action No. 20-1317, F(5) A. A. Doe vs. Archdiocese of New Orleans Indemnity, et al. |
| Civil Action No. 20-1331, F(5) John Roe, III vs. Roman Catholic Archdiocese of the New Orleans, et al |
| Civil Action No. 20-1341, F(5) John Doe vs. Roman Catholic Archdiocese of the New Orleans |
| Civil Action No. 20-1352, F(5) West Roe vs. Roman Catholic Church of the Archdiocese of New Orleans, et al |
| Civil Action No. 20-1353, F(5) CC Doe vs. Roman Catholic Archdiocese of the New Orleans, et al |
| Civil Action No. 20-1752, F(2) S.D. Doe vs. Archdiocese of the New Orleans Indemnity, Inc., et al |
| Civil Action No. 20-1819, F(3) Zach Roe vs. Catholic Charities Archdiocese of New Orleans, et al |
| Civil Action No. 20-1835, F(5) Chuck Roe vs. Catholic Charities Archdiocese of New Orleans |
| Civil Action No. 20-1318, BB Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al. |
| Civil Action No. 20-1320, John Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 20-1321, J.W. Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 20-1328, John Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 20-1330, John Roe I v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1331, John Roe III v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1335, Linda Lee Stonebreaker v. The Roman Catholic Church for the Archdiocese of New Orleans, et al. |
| Civil Action No. 1336, Neal Alan Pollet v. John Doe |

| |
|---|
| Civil Action No. 1337, Raymond Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1338, James Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 1339, Lon Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 1340, Ed Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1341, John Doe v. Defendant A, et al. |
| Civil Action No. 1349, John A. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans |
| Civil Action No. 1351, John Roe II v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1352, West Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1353, CC Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1355, Bob Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1356, Jeff Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1358, FF Doe v. The Roman Catholic Church for the Archdiocese of New Orleans, et al. |
| Civil Action No. 1359, Jane Doe and John Doe v. Defendant 1 [SEALED CASE] |
| Civil Action No. 1362, John Doe v. ABC [SEALED CASE] |
| Civil Action No. 1363, Tom Doe v. Archdiocese of New Orleans Indemnity, Inc., et al. |
| Civil Action No. 1364, John Doe v. The Roman Catholic Church for the Archdiocese of New Orleans[SEALED CASE] |
| Civil Action No. 1366, John Doe v. ABC [SEALED CASE] |
| Civil Action No. 1368,John Doe v. Defendant A, et al. [SEALED CASE] |
| Civil Action No. 1374, John Doe v. Defendant A, et al. [SEALED CASE] |
| Civil Action No. 1379, John Roe IV v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |
| Civil Action No. 1392, Brad Roe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al. |

| |
|---|
| Civil Action No. 1422, JB Doe v. St. Paul's School, Inc., et al. |
| Civil Action No. 1752, S.D. Doe v. Archdiocese of New Orleans Indemnity Inc., et al. |
| Civil Action No. 1754, J.L. Doe v. Archdiocese of New Orleans Indemnity Inc., et al. |
| Civil Action No. 1755, W.G. Doe v. Archdiocese of New Orleans Indemnity Inc., et al. |
| Civil Action No. 1819, Zach Roe v. Catholic Charities Archdiocese of New Orleans, et al. |
| Civil Action No. 1835, Chuck Roe v. Catholic Charities Archdiocese of New Orleans |
| Civil Action No. 1829, Ralph Roe v. Catholic Charities Archdiocese of New Orleans, et al. |

Document comparison by Workshare Compare on Thursday, September 25, 2025 2:17:17 PM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4935-8232-4844/1 |
| Description | Proposed Order to Approve Stay Stip as Filed |
| Document 2 ID | netdocuments://4931-0954-8140/1 |
| Description | Revised Proposed Order to Approve Stay Stip |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 9 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 17 |