## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | § | |
| IN RE: | § | **CASE NO: 20-10846** |
| | § | |
| **THE ROMAN CATHOLIC CHURCH** | § | **CHAPTER 11** |
| **OF THE ARCHDIOCESE OF NEW** | § | |
| **ORLEANS,** | § | **COMPLEX CASE** |
| | § | |
| **DEBTOR.** | § | **SECTION A** |
| | § | |

## <u>ORDER</u>

The Court held hearings on September 22, 2025, and September 25, 2025, to resolve objections to the inclusion of specific matters for examination related to Notices of Rule 30(b)(6) Depositions filed into the record (collectively, the "<u>Rule 30(b)(6) Notices</u>").  [ECF Docs. 4359, 4361, 4362, 4364, 4369, 4370, 4371, 4372, 4373, & 4367].

For the reasons stated on the record,

**IT IS ORDERED** that, pursuant to § XVII(F) of this Court's Complex Case Procedures, the objections to the inclusion of the following matters for examination listed in the Rule 30(b)(6) Notices are **SUSTAINED**:

- The negotiation and/or formulation of the Third Amended Joint Chapter 11 Plan of Reorganization[1] for The Roman Catholic Church of the Archdiocese of New Orleans and the Additional Debtors, proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, dated as of September 8, 2025, as amended or supplemented.  [ECF Docs. 4359, ¶ 7; 4361, ¶ 6; & 4362, ¶ 1].

- The settlement between the Debtor and Commercial Committee.  [ECF Doc. 4361, ¶ 8].

- The Bond Trustee Settlement Agreement.  [ECF Doc. 4361, ¶ 9].

- Any agreements between the Committee and the Debtor related to the use of the "Stout Report" to support the Liquidation Analysis.  [ECF Doc. 4362, ¶ 6].

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Joint Chapter 11 Plan of Reorganization, [ECF Doc. 4331].

- Negotiations between the Debtor, the Committee, the Plan Proponents and other parties regarding the Plan Documents.  [ECF Docs. 4369, ¶ 7; 4370, ¶ 7; & 4372, ¶ 7].

**IT IS FURTHER ORDERED** that objections to the inclusion of the following matters for examination listed in the Rule 30(b)(6) Notices are **SUSTAINED**:

- The Debtor's/Additional Debtors' business operations.  [ECF Docs. 4359, ¶ 1 & 4361, ¶ 1].

- The professional fees paid/incurred by the Debtor/Additional Debtors in connection with this Bankruptcy Case and/or the Plan.  [ECF Docs. 4359, ¶ 3; 4361, ¶ 38; 4362, ¶ 10].

- The liquidation analysis attached as Exhibit 3 to the Disclosure Statement.  [ECF Doc. 4359, ¶ 5].

- The feasibility projections attached as Exhibit 2 to the Disclosure Statement.  [ECF Doc. 4359, ¶ 6].

- The treatment of the Bond Claims under the Plan, and any prior plan proposed by the Debtor and/or Additional Debtors in this case, including the payments that are proposed to be made on account of those claims under the Plan.  [ECF Docs. 4359, ¶ 8; 4361, ¶ 7; 4362, ¶ 2].

- The Additional Debtors' contribution and/or indemnity claims against the Debtor, or anyone else, related to the Abuse Claims.  [ECF Doc. 4359, ¶ 9].

- The Abuse Claims, and the Additional Debtors' asserted defenses thereto.  [ECF Doc. 4359, ¶ 10].

- The valuation of the Additional Debtors' insurance policies covering the Abuse Claims.  [ECF Doc. 4359, ¶ 11].

- The Additional Debtors' immovable property that is contemplated to be sold to support the Debtor and/or Additional Debtors' post-Effective Date operations.  [ECF Doc. 4359, ¶ 13].

- The values and valuations of the Additional Debtors' immovable property, and any discount applied or assumed in connection with the sale of such property in a hypothetical chapter 7 bankruptcy.  [ECF Doc. 4359, ¶ 14].

- The value and valuation of the Additional Debtors' movable property.  [ECF Doc. 4359, ¶ 15].

- The Parish Services Agreements and any other written or oral agreements between the Debtor and the Archdiocesan Parishes that are "passing through" the Bankruptcy Case

under the Plan, including all amounts owed by or to the Additional Debtors thereunder. [ECF Doc. 4359, ¶ 23].

- The Debtor's/Additional Debtors' responses to the Bond Trustee's requests for production of documents propounded in connection with confirmation of the Plan, including but not limited to any privilege log(s) produced in response to such requests and the steps taken by the Additional Debtors, or anyone on their behalf, to respond to the Bond Trustee's requests and search their records for responsive documents. [ECF Docs. 4359, ¶ 28; 4361, ¶ 39; 4362, ¶ 11].

- As to the Commercial Committee, the Debtor's "Voluntary Disclosure" posted to the EMMA.msrb.org website on June 6, 2025. [ECF Doc. 4362, ¶ 7].

- The Debtor's obligations under Canon Law with respect to the payment of its debts. [ECF Doc. 4361, ¶ 25].

- The Debtor's/Committee's/Additional Debtors' roles in drafting the Plan Documents, including the Litigation Trust and Allocation Protocol. [ECF Docs. 4369, ¶ 5; 4370, ¶ 5; 4372, ¶ 5].

- The contributions being made by the Non-Debtor Entities to the Settlement Trust. [ECF Doc. 4371, ¶ 4].

**IT IS FURTHER ORDERED** that the Court defers ruling on the objections to the inclusion of the following matters for examination listed in the Rule 30(b)(6) Notices pending the outcome of scheduled expert depositions:

- As to the Debtor, the liquidation analysis attached as Exhibit 3 to the Disclosure Statement. [ECF Doc. 4361, ¶ 4].

- As to the Debtor, the feasibility projections attached as Exhibit 2 to the Disclosure Statement. [ECF Doc. 4361, ¶ 5].

- The Debtor's contribution and/or indemnity claims against the Additional Debtors, or anyone else, related to the Abuse Claims. [ECF Doc. 4361, ¶ 11].

- The Abuse Claims, and the Debtor's asserted defenses thereto. [ECF Doc. 4361, ¶ 13].

- The Abuse Claims, including the valuation of those claims in the aggregate as stated in the Liquidation Analysis. [ECF Doc. 4362, ¶ 5].

- The valuation of the Debtor's insurance policies covering the Abuse Claims. [ECF Doc. 4361, ¶ 14].

- The values and valuations of the Debtor's immovable property, and any discount applied or assumed in connection with the sale of such property in a hypothetical chapter 7 bankruptcy.  [ECF Doc. 4361, ¶ 19].

- The value and valuation of the Debtor's movable property.  [ECF Doc. 4361, ¶ 20].

- The Catholic Community Foundation's most recent unitization report valuing the Debtor's, Additional Debtors' and Catholic Entities' investments in Portfolio A.  [ECF Docs. 4359, ¶ 17 & 4361, ¶ 22]

- The allegedly restricted funds invested in Portfolio A and/or Portfolio B.  [ECF Docs. 4359, ¶ 18 & 4361, ¶ 23].

- The deficiency allegedly owed by the Debtor to depositors into Portfolio B.  [ECF Docs. 4359, ¶ 19 & 4361, ¶ 26].

- The payments projected to be made by the Debtor on account of Portfolio B claims under the Plan.  [ECF Docs. 4359, ¶ 20 & 4361, ¶ 27].

- The payments projected to be made on account of the Priest Pension Plan or the Priest Retiree Medical Benefits under the Plan.  [ECF Docs. 4359, ¶ 21 & 4361, ¶ 28].

- The Debtor's/Additional Debtors' obligations under the Priest Pension Plan or the Priest Retiree Medical Benefits in a hypothetical liquidation under Chapter 7.  [ECF Docs. 4359, ¶ 22 & 4361, ¶ 29].

- As to the Debtor, the Parish Services Agreements and any other written or oral agreements between the Debtor and the Archdiocesan Parishes that are "passing through" the Bankruptcy Case under the Plan, including all amounts owed by or to the Additional Debtors thereunder.  [ECF Doc. 4361, ¶ 30].

- The Actuarial Valuation Report Disclosure for Fiscal Year Ending June 30, 2025, and 2026 Benefit Cost Under US GAAP prepared by Willis Tower Watson.  [ECF Docs. 4359, ¶ 24 & 4361, ¶ 34].

- The total insured values for all the Debtor's/Additional Debtors' immovable property.  [ECF Docs. 4359, ¶ 25 & 4361, ¶ 35].

- The makeup of the Trust Advisory Committee, including communications with the counsel for the Certain Abuse Survivors regarding the same.  [ECF Doc. 4370, ¶ 8].

- The Bond Trustee's contention regarding the value of the Archdiocese's real and personal property, including, the facts, witnesses, and documents to support this contention.  [ECF Doc. 4373, ¶ 1].

- The Bond Trustee's contention regarding what real and personal property of the Archdiocese should or could be sold to pay the Bondholders in full, including, the facts, witnesses, and documents to support this contention.  [ECF Doc. 4373, ¶ 2].

- The Bond Trustee's contention regarding the liquidation value of the Archdiocese's real property, including, the facts, witnesses, and documents to support this contention. [ECF Doc. 4373, ¶ 6].

- The Bond Trustee's contention regarding the liquidation value of the Archdiocese's personal property, including, the facts, witnesses, and documents to support this contention. [ECF Doc. 4373, ¶ 7].

- The Bond Trustee's valuation of the Abuse Claims, including, the facts, witnesses, and documents to support this valuation. [ECF Doc. 4373, ¶ 11].

- The Bond Trustee's analysis of the Debtor's ability to pay creditors, including, the facts, witnesses, and documents to support this analysis. [ECF Doc. 4373, ¶ 13].

- The Bond Trustee's assessment of the credit risk of the Archdiocese, including, the facts, witnesses, and documents to support this assessment. [ECF Doc. 4373, ¶ 14].

- The Bond Trustee's contention regarding the value of the Abuse Claims, including, the facts, witnesses, and documents to support this contention. [ECF Doc. 4373, ¶ 22].

- The roles of the Bond Trustee and Bondholders in actions seeking to enforce rights under the Bond Documents, including without limitation under the Bond Indenture. [ECF Doc. 4367, ¶ 10].

**IT IS FURTHER ORDERED** that the objections to the inclusion of the following matters for examination listed in the Rule 30(b)(6) depositions are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

- The objection is overruled to the extent the matter for examination seeks information concerning Debtor's/Additional Debtors' "management during this Bankruptcy Case and under the Plan including, but not limited to, all payments, both direct and in-kind payments, to their members and officers" under Parish Support Agreements. [ECF Docs. 4359, ¶ 2 & 4361, ¶ 2].

- The objection is overruled to the extent the matter for examination seeks information concerning the Debtor's/Additional Debtors' "financial and business relationships with the Debtor/Additional Debtors and Non-Debtor Catholic Entities" related to Parish Service Agreements and any payments made under such agreements. [ECF Docs. 4359, ¶ 4; & 4361, ¶ 3].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he Debtor's immovable property that is contemplated to be sold to support the Debtor and/or Additional Debtors' post-Effective Date operations" related to the general process of how immovable property is sold by the Debtor. [ECF Doc. 4361, ¶ 17].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he Deposit and Loan Program and/or Portfolio B, including any and all claims [held by the Additional Debtors] against the Debtor or claims of the Debtor against anyone else arising thereunder" related specifically to the understanding of whether the Parish Service Agreements are optional. [ECF Docs. 4359, ¶ 16; & 4361, ¶ 21].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he Non-Monetary Plan Provisions and the implementation thereof under the Plan" as related to feasibility or the financial burden of the Debtor/Additional Debtors/Committee. [ECF Docs. 4359, ¶ 26; 4361, ¶ 36; 4362, ¶ 8].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he Bond Claims and the Amended Bond Documents" that is not protected by this Court's Complex Case Procedures as communications made during mediation. [ECF Doc. 4361, ¶ 10].

- The objection is overruled to the extent the matter for examination seeks information concerning the"[t]he threshold for a Convenience Claim under the Plan and the setting thereof" related to the administrative burden alleviated by establishment of a convenience class. [ECF Doc. 4361, ¶ 18].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he impact of the Joint Plan on the [Debtor/Additional Debtors] and any of [their] rights or obligations under the Non-Settling Insurers' Policies post-Effective Date" related to the Debtor's/Additional Debtors' fulfillment of any post-confirmation obligations. [ECF Docs. 4369, ¶ 1; 4370, 1; 4371, ¶ 1; 4372, ¶ 1].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he Memorandum of Understanding among the Plan Proponents and Certain Abuse Survivors" that is not protected by this Court's Complex Case Procedures as communications made during mediation. [ECF Docs. 4369, ¶ 4; 4370, ¶ 4; 4372, ¶ 4].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he understanding of the Plan provisions permitting direct actions for Litigation Claims against Non-Settling Insurers and the Debtor and the rationale for including these provisions in the Plan" related to the Debtor's/Additional Debtors' duties to cooperate if a third-party assignee asserts Litigation Claims. [ECF Docs. 4369, ¶ 8; 4372, ¶ 10].

- The objection is overruled to the extent the matter for examination seeks information concerning the Litigation Trustee's understanding of his/her post-confirmation role, duties, and obligations. [ECF Doc. 4370, ¶ 9].

- The objection is overruled to the extent the matter for examination seeks information concerning the Abuse Claims Reviewer's understanding of his/her post-confirmation role, duties, and obligations. [ECF Doc. 4370, ¶ 10].

- The objection is overruled to the extent the matter for examination seeks information concerning "[the Bond Trustee's] communications with the Bondholders, including, the substance of those communications, the date of the communications, and the purpose of the communications from" May 16, 2025, to present.  [ECF Doc. 4373, ¶ 19].

- The objection is overruled to the extent the matter for examination seeks information concerning "[the Bond Trustee's] communications with any creditors of the Debtor or the Additional Debtors, including, the substance of those communications, the date of the communications, and the purpose of the communications from" May 16, 2025, to date.  [ECF Doc. 4373, ¶ 20].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he factual basis supporting (i) the Bond Trustee's alleged rights and/or claims against the Additional Debtors and any Affiliates and (ii) the Bond Trustee's alleged ability to collect from assets of the Additional Debtors and any Affiliates to pay the Bond Claims," related to the Bond Trustee's objections to confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization.  [ECF Doc. 4367, ¶ 1].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he factual basis supporting the Bond Trustee's claimed restriction over the real property sales of the Debtor, the Additional Debtors, and/or any Affiliates of either," related to the Bond Trustee's objections to confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization.  [ECF Doc. 4367, ¶ 2].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he factual and/or legal basis supporting the Bond Trustee's objections to the Joint Plan, including the contention that the Joint Plan's proposed treatment of the Bond Claims will not preserve the Bonds' exemption from federal and state income tax following the Effective Date" and is not covered in the deposition by counsel for the Debtor.  [ECF Doc. 4367, ¶ 7].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he factual basis supporting the Bond Trustee's contention, if any, that the Class 6 Bond Claims will not receive or retain under the Joint Plan property of a value, as of the Effective Date, at least equal to or more than the value of the property the Bond Claims would receive in a hypothetical Chapter 7 liquidation of the Debtor, Additional Debtors and Affiliates occurring on the Effective Date" and is not covered in the deposition by counsel for the Debtor.  [ECF Doc. 4367, ¶ 8].

- The objection is overruled to the extent the matter for examination seeks information concerning "[t]he factual and/or legal basis supporting the Bond Trustee's contention, if any, that the Joint Plan's proposed treatment of the Bond Claims will not satisfy Bankruptcy Code § 1129(b) if the Class 6 Bond Claims vote to reject the Joint Plan, including without limitation any contention by the Bond Trustee that the Joint Plan discriminates unfairly against the Bond Claims and/or is not 'fair and equitable' with

respect to the Bond Claims" and is not covered in the deposition by counsel for the Debtor. [ECF Doc. 4367, ¶ 9].

- The objection is overruled to the extent the matter for examination seeks information regarding "[t]he manner and process of all communications between any representative of the Bond Trustee and the Bondholders" and is not covered in the deposition by counsel for the Debtor. [ECF Doc. 4367, ¶ 11].

- The objection is overruled to the extent the matter for examination seeks information regarding "[t]he Bond Trustee's actual knowledge regarding the identity and contact information for each current and former bondholder, the amount of the bond debt held by each, and the timing and circumstances of any transfers of their bonds," and is not covered in the deposition by counsel for the Debtor. [ECF Doc. 4367, ¶ 13].

**IT IS FURTHER ORDERED** that the objections, if any, to the inclusion of the following

matters for examination listed in the Rule 30(b)(6) depositions are **OVERRULED**:

- The formation and business operations of 1793 Group, Inc. and its relationship with the Debtor and/or the Additional Debtors. [ECF Doc. 4359, ¶ 12; ECF Doc. 4361, ¶ 16].

- The Debtor's "Voluntary Disclosure" posted to the EMMA.msrb.org website on June 6, 2025. [ECF Doc. 4361, ¶ 24].

- The Non-Settling Insurance Rights Transfer as relates to any Non-Settling Insurers' Policies. [ECF Docs. 4369, ¶ 2; 4370, ¶ 2; 4371, ¶ 2; 4372, ¶ 2].

- The Debtor's/Committee's/Additional Debtors' understanding of their continued obligations to the Non-Settling Insurers post-Effective Date under the Non-Settling Insurers' Policies. [ECF Docs. 4369, ¶ 6; 4370, ¶ 6; 4372, ¶ 6].

- The anticipated process and procedures for holders of Litigation Claims to assert direct actions post-confirmation. [ECF Doc. 4369, ¶ 9].

- The process for tracking, managing, and resolving direct actions brought by holders of Litigation Claims and the Debtor's role, if any, in defending or participating in such actions. [ECF Doc. 4369, ¶ 10].

- Any agreements or understandings regarding the Non-Settling Insurers' rights to participate in the defense or resolution of Abuse Claims determined under the Allocation Protocol and Settlement Trust Agreement. [ECF Docs. 4369, ¶ 12; 4370, ¶ 14].

- The process for objecting to Abuse Claims after the Effective Date of the Plan. [ECF Docs. 4369, ¶ 13; 4370, ¶ 15; 4372, ¶ 12].

  
- The Debtor's understanding of the rights of holders of Abuse Claims to receive payment from the Settlement Trust and a Non-Settling Insurer under the terms of the Allocation Protocol and the Settlement Trust.  [ECF Doc. 4369, ¶ 14].

- The process for resolving disputes involving insurance coverage under the Non-Settling Insurers' Policies post-Effective Date and the Debtor's/Additional Debtors' role in any litigation regarding coverage litigation.  [ECF Docs. 4369, ¶ 15; 4370, ¶ 16; 4372, ¶ 13].

- The contributions, aside from the Non-Settling Insurance Rights Transfer, being made by the Additional Debtors/Non-Debtor Entities to the Settlement Trust.  [ECF Docs. 4371, ¶ 4; 4372, ¶ 9].

- The Bond Trustee's contention that the Joint Plan is not fair and equitable, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 3].

- The Bond Trustee's contention that the Joint Plan discriminates unfairly, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 4].

- The Bond Trustee's contention that the Joint Plan was not proposed in good faith, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 5].

- Identification of all Bondholders as of the voting record date.  [ECF Doc. 4373, ¶ 16].

- The manner and process of the Bond Trustee's computation of the Bond Trustee Professional Fee Claim and the Bond Trustee's Claim.  [ECF Doc. 4367, ¶ 5].

**IT IS FURTHER ORDERED** that the following matters for examination listed in Rule 30(b)(6) Notices have been voluntarily withdrawn by the party issuing the Notice:

- The releases and exculpations being granted under the Plan.  [ECF Docs. 4359, ¶ 27; 4361, ¶ 37; 4362, ¶ 9].

- Any insurance coverage of the Debtor/Non-Debtor Catholic Entities/Additional Debtors under Non-Settling Insurers' Policies.  [ECF Docs. 4369, ¶ 3; 4370, ¶ 3; 4371, ¶ 3; 4372, ¶ 3].

- Any agreements or understandings regarding the availability of insurance coverage for Abuse Claims resolved under the Allocation Protocol and Settlement Trust Agreement and the procedures for seeking payment from Non-Settling Insurers for such Abuse Claims.  [ECF Docs. 4369, ¶ 11; 4370, ¶ 13; 4372, ¶ 11].

- The Committee's understanding of the rights of holders of Abuse Claims to receive payment from the Settlement Trust and a Non-Settling Insurer under the terms of the Allocation Protocol and the Settlement Trust.  [ECF Doc. 4370, ¶ 17].

- Any releases or discharges under the Plan.  [ECF Docs. 4369, ¶ 16; 4370, ¶ 18].

- The Plan provisions impacting Non-Settling Insurers' Contribution Claims.  [ECF Docs. 4369, ¶ 17; 4370, ¶ 19].

- The Bond Trustee's contention that the Bond Trustee Settlement Agreement is unenforceable or has been breached by the Debtor, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 8].

- The Bond Trustee's contention that the Debtor is violating Canon Law in connection with the treatment of the Bond Claims in the Joint Plan, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 9].

- The Bond Trustee's contention as to the application of Canon Law to the Joint Plan and specifically to the Bond Claims in the Joint Plan.  [ECF Doc. 4373, ¶ 10].

- The Bond Trustee's contention that the Debtor has enforceable rights against the Additional Debtors and the Non-Debtor Catholic Entities, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 12].

- How, when, and to whom the Archdiocese marketed the Bonds.  [ECF Doc. 4373, ¶ 15].

- The process by which Argent was selected as the Bond Trustee.  [ECF Doc. 4373, ¶ 17].

- The process by which Greenberg Traurig, LLP was selected as counsel for the Bond Trustee, including but not limited to, who selected Greenberg Traurig, LLP.  [ECF Doc. 4373, ¶ 18].

- The Bond Trustee's communications with the Commercial Committee, including, the substance of those Communications, the date of the communications, and the purpose of the communications from the Petition Date to present.  [ECF Doc. 4373, ¶ 21].

- The Bond Trustee's contentions regarding any alleged post-petition Abuse Claims that have not been disclosed by the Debtor and/or the Additional Debtors, which have not been the subject of a proof of claim in the Bankruptcy Case, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 23].

- The Bond Trustee's contention that the Debtor has covered up any Abuse Claims prior to the Petition Date and/or after the Petition Date, including the facts, witnesses, and documents to support that contention.  [ECF Doc. 4373, ¶ 24].

- The nature of the Bond Documents and Bond Indenture.  [ECF Doc. 4367, ¶ 3].

- The Bond Trustee Settlement Agreement and the Bond Trustee Settlement Approval Order, and any related communications with Bondholders or other parties.  [ECF Doc. 4367, ¶ 4].

10

- The factual basis supporting the Bond Trustee's contention that the Debtor is obligated to pay the Bond Trustee Professional Fee Claim and/or the Bond Trustee's Claim. [ECF Doc. 4367, ¶ 6].

- The process and methodology among the Bond Trustee and Bondholders for evaluating, calculating, and/or deciding on potential settlements of the Bond Claims and/or any other obligations or liabilities the Debtor may have under the Bond Documents. [ECF Doc. 4367, ¶ 12].

**IT IS FURTHER ORDERED** that, as to the *Certain Abuse Survivors' Notice of Rule 30(b)(6) Deposition of United States Fidelity & Guaranty Company, Affiliate of Travelers Indemnity Company* (the "Survivors' Rule 30(b)(6) Notice"), [ECF Doc. 4364], counsel for Certain Abuse Survivors may file on or before **Tuesday, September 30, 2025,** a motion for leave to file the Survivors' Rule 30(b)(6) Notice and take the deposition of a corporate representative for United States Fidelity & Guaranty Company ("Travelers").  Travelers shall file any opposition to the motion for leave on or before **Tuesday, October 7, 2025**.  The Court will hold a hearing to consider the motion for leave on or before **Thursday, October 9, 2025, at 9:00 a.m.** before the undersigned at the United States Bankruptcy Court, Eastern District of Louisiana, 500 Poydras Street, Courtroom B-709, New Orleans, Louisiana, 70130.  Parties in interest may participate in the hearing (i) in-person; (ii) by telephone only (Dial-in 504.517.1385, Access Code 129611); or (iii) by telephone using the dial-in number and video using https://gotomeet.me/JudgeGrabill. Parties in interest are advised to review this Court's Amended General Order 2021-2 for information on conduct of hearings, available at https://www.laeb.uscourts.gov/.

**IT IS FURTHER ORDERED** that the Debtor is instructed to serve this Order by first-class U.S. Mail within three days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local

Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, September 29, 2025.

_____

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE