---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

PRETRIAL NOTICE

IT IS ORDERED that, pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, a Pretrial Conference will be held in chambers before Judge Meredith S. Grabill, Section "A," in the case captioned in the attached Scheduling Order.

The purpose of the Pretrial Conference is to secure a just and speedy determination of the issues.

The procedure necessary for the preparation of the formal joint pretrial order that will be reviewed and entered at the Pretrial Conference is as follows:

I.

The proposed joint pretrial order must be electronically filed into the record by 5:00 p.m. on Wednesday, November 5, 2025. The proposed pretrial order shall bear electronic signatures of all counsel when it is filed with the Court. Following the Pretrial Conference, the Court will file the signed pretrial order into the record, after any necessary modifications are made to it.

II.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Counsel for all parties shall confer at their earliest convenience for the purpose of arriving at all possible stipulations and to exchange of copies of documents that will be offered into evidence at trial as required by the Scheduling Order. It shall be the duty of counsel for the Debtor to initiate that conference and the duty of other counsel to respond timely. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, that party shall notify the Court. The Court will hold a conference as soon as practicable to resolve disputes.

III.

All pending motions and all special issues or defenses raised in the pleadings must be called to the Court's attention in the proposed pretrial order.

IX.

The proposed pretrial order shall set forth and include:

1. The date of the Pretrial Conference.

2. Appearance of counsel at the Pretrial Conference with the parties each represents, identified by

---

a. Proponents and Supporters of the Joint Amended Plan (or the settlements incorporated therein);

b. Opponents of the Joint Amended Plan (or the settlements incorporated therein);

c. Proponents of the Motion To Dismiss

d. Opponents of the Motion To Dismiss

3. A list and description of any motions pending or contemplated, and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior hearing has indicated that it would decide certain matters at the time of the Pretrial Conference, a brief summary of those matters and the position of each party with respect thereto should be included in the pretrial order.

4. For each party, a list and description of exhibits intended to be introduced at trial. The Exhibit List shall identify those exhibits to which the parties stipulate as to authenticity and relevancy.[1] Unless otherwise ordered by the Court, only exhibits included on the exhibit list shall be included for use at trial. The Exhibit List shall also identify any exhibits that are subject to the Court's Protective Order issued in this case.

5. A list and brief description of any demonstrative items, such as charts, graphs, models, schematic designs, and similar objects which counsel intend to use in closing statements. In the pretrial order, the parties shall either stipulate that they have no objection to the use of any of the demonstrative exhibits or provide a statement of the objections to their use.

6. For each party, a list of fact and expert witnesses who will be and may be called to testify at trial, including each witness's name, address, and a statement of the general subject matter of their testimony (i.e., please list more of a description than merely "fact," "medical," or "expert"). The list of fact and expert witnesses shall include a statement that the fact and expert witness lists were filed in accordance with the Court's prior court orders

7. Expert witnesses who are required to submit disclosure reports under Rule 26(a)(2)(B), but whose reports have not been timely furnished to opposing counsel, shall not be permitted to testify, nor shall those experts be permitted to testify to opinions not included in timely furnished reports. A witness who is excluded from the witness list shall be allowed to testify only by agreement of all parties and if that addition does not affect the trial date. Those restrictions do not apply to rebuttal witnesses or to documents which necessity cannot be reasonably anticipated.

---

[1] Regardless of the parties' stipulations as to authenticity and relevancy, the Court will only consider exhibits actually admitted at trial. If a trial involves extensive documentary evidence, the Court may require parties to submit post-trial briefing, listing each exhibit admitted at trial and the issue of fact which the document was used to prove.

2

---

8. The parties shall propose a schedule of witnesses to be called to testify on each day of trial, except for Tuesday, December 2, 2025, working to minimize imposition on witnesses. All witnesses must appear in the courtroom at the start of trial; afterward, the Court and the parties shall make best efforts to adhere to the trial schedule, but may adjust the trial schedule as needed.

9. The statement: "This pretrial order has been formulated after the Pretrial Conference at which counsel for the respective parties have appeared. Counsel have been afforded reasonable opportunity to make corrections and/or additions prior to signing. Hereafter, this Pretrial Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by the Court to prevent manifest injustice."

10. The proposed pretrial order must contain appropriate signature spaces for counsel for all parties and the Judge.

11. Each numbered paragraph of the proposed pretrial order shall be preceded by a heading descriptive of its content.

IT IS FURTHER ORDERED that the Bankruptcy Clerk's Office is directed to mail and/or e-mail the foregoing Pretrial Notice to counsel of record for all parties to this case and that counsel will comply with the directions set forth herein.

New Orleans, Louisiana, August 11, 2025.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

FILED 2025 SEP 29 ... CLERK UNITED STATES BANKRUPTCY COURT NEW ORLEANS

3

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | SECTION A |
| | § | |
| DEBTOR.[1] | § | COMPLEX CASE |

NOTICE OF INTENT TO TESTIFY IN PLAN CONFIRMATION PROCEEDINGS

In accordance with the *Order Scheduling Trial and Pretrial Deadlines in Connection with (i) Confirmation of Plan Proponents' Joint Amended Plan of Reorganization, (ii) Motions To Approve Settlements with Insurers, (iii) Certain Abuse Survivors' Motion To Dismiss Bankruptcy Pursuant to 11 U.S.C. § 1112(b), and (iv) the Court's Order To Show Cause Issued Against the Debtor and Dated April 28, 2025*, issued by the Court on July 2, 2025, (the "Scheduling Order"), [ECF Doc. 4105], as amended, [ECF Doc. 4249], [INSERT INDIVIDUAL'S NAME] hereby provides notice of intent to testify in open court on Tuesday, December 2, 2025.

I certify that I have filed a proof of claim in the above-referenced case or in any bankruptcy case filed by the Apostolates as so identified in the Court's Scheduling Order and in pleadings filed in the Debtor's case.

Dated: [INSERT]:        William Loones
                        PRINTED NAME

                        [signature]
                        SIGNATURE

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Avenue, New Orleans, LA 70125.