## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: § | |
| § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH § | |
| OF THE ARCHDIOCESE OF NEW § | Section "A" |
| ORLEANS, § | |
| § | Chapter 11 |
| Debtor.[1] § | |

**SPARTA INSURANCE COMPANY'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE MOTION OF UNITED STATES FIDELITY & GUARANTY COMPANY FOR RELIEF FROM THE AUTOMATIC STAY TO FILE COMPLAINT FOR DECLARATORY JUDGMENT**

[Relates to Dkt. No. 4404]

**MAY IT PLEASE THE COURT:**

SPARTA Insurance Company ("SPARTA"), through undersigned counsel, hereby files this limited objection and reservation of rights with respect to the Motion of United States Fidelity & Guaranty Company for Relief from the Automatic Stay to File Complaint for Declaratory Judgment (the "Motion") and reserves all rights in that regard. In support of its limited objection, SPARTA represents as follows:

1.

On September 23, 2025, the Debtor, the Additional Debtors, and the Creditors' Committee filed the Fourth Amended Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the

---

[1]. The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of September 23, 2025 (the "Plan").[2]

2.

SPARTA is a Settling Insurer under the Plan.

3.

On September 23, 2025, United States Fidelity & Guaranty Company ("USF&G") filed the Motion, which seeks entry of an order lifting the automatic stay to permit it to commence a civil action for declaratory relief.

4.

SPARTA issued certain insurance policies to the Debtor for the period February 1, 1964, through February 1, 1973.

5.

As stated in the Motion, "USF&G issued primary liability insurance policies to the Archdiocese from February 1, 1973 through July 1, 1989 . . . and excess indemnity insurance policies from February 1, 1973 through February 1, 1980."

6.

Given the time periods covered by the SPARTA and USF&G policies, SPARTA is concerned that USF&G, if permitted to seek a declaratory judgment, could seek to involve SPARTA in that litigation.

---

[2] Capitalized terms not otherwise defined herein shall the meaning ascribed to them in the Plan.

7.

Given the foregoing, SPARTA objects to the Motion only insofar as any relief granted could be construed to permit USF&G, or any party to the proceeding initiated by USF&G, to join SPARTA as a party.

8.

SPARTA's limited objection will be resolved if any order this Court enters relative to the Motion includes the following language:

> Notwithstanding anything to the contrary in this Order, the automatic stay is not modified to permit the joinder of SPARTA Insurance Company as a party to any litigation otherwise permitted by this Order.

9.

SPARTA reserves any and all other rights it may have.

Accordingly, SPARTA objects to the relief requested in the Motion unless any order granting the Motion includes the language requested herein.

Dated: October 9, 2025.

Respectfully submitted,

_____
Michael D. Rubenstein (Bar No. 22860)
**LISKOW & LEWIS**
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2953
mdrubenstein@liskow.com

**ATTORNEYS FOR SPARTA INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing limited objection and reservation of rights was served this 9th day of October, 2025, by electronic case filing on those parties receiving notice via the Court's Electronic Case Filing system.

                                                                              Michael D. Rubenstein