## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,<br><br>Debtor.[1] | Chapter 11<br>Case No. 20-10846 |

### DECLARATION OF KATHERYN R. MCNALLY IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO USF&G'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, Katheryn R. McNally, declare under penalty of perjury as follows:

1.      I am a Managing Director of Stout Risius Ross, LLC ("Stout").  All of the matters stated herein are true of my own personal knowledge except where otherwise indicated, and if called upon to testify thereto, I could and would competently so testify.

2.      My firm has been retained by the Official Committee of Unsecured Creditors in the chapter 11 case of The Roman Catholic Church of the Archdiocese of New Orleans.

3.      On September 24, 2025, United States Fidelity & Guaranty Company filed the United States Fidelity & Guaranty Company's Motion for Relief from Stay to File A Complaint for Declaratory Relief ("Stay Relief Motion").

4.      I submit this declaration in support of the Official Committee of Unsecured Creditors' Opposition to USF&G's Motion for Relief from the Automatic Stay.

5.      On September 4, 2025, on behalf of Stout I issued a confidential expert report to counsel to the Official Committee of Unsecured Creditors in this case that provided a reasonable

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

range of claim value for the claims filed in the chapter 11 case by over 600 survivors of sexual abuse ("Stout Report").

6.      Subsequent to the issuance of the Stout Report, I was asked to allocate claim values associated with the sexual abuse claims to coverage issued by the Archdiocese of New Orleans' insurance carrier, United States Fidelity & Guaranty Company ("USF&G").

7.      I understand that USF&G provided insurance coverage to the Archdiocese of New Orleans from 2/1/1973 until 7/1/1989. This coverage includes primary liability insurance policies from 2/1/1973 through 7/1/1989 (the "Primary Policies") and excess umbrella policies from 2/1/1973 through 2/1/1980 (the "Umbrella Policies").

8.      In its Complaint for Declaratory Judgment attached to its Stay Relief Motion as Exhibit A (the "Complaint"), USF&G indicates the presence of aggregate limits in each of the Primary Policies. I understand from counsel to the Official Committee of Unsecured Creditors that there is a dispute regarding the existence of aggregate limits in the subset of these Primary Policies spanning from 2/1/1973 to 7/1/1983. I have been instructed to assume, for the purposes of this Declaration, that the Primary Policies written during that time frame contain aggregate policy limits as stated in the Complaint.

9.      The Primary Policy aggregate limits per USF&G total $93.3 million, as detailed in Table 1 below:[2]

---

[2] See paragraph 23 of Exhibit A in the Motion for Relief from *Stay To File Complaint For Declaratory Judgement*, Case 20-10846, Docket Number 4404, filed and entered on 9/23/2025

2

**TABLE 1**

| Start Date | End Date | Policy Number | Aggregate Limit per USF&G | Disputed Aggregate |
|---|---|---|---|---|
| 2/1/1973 | 2/1/1974 | R1CC-620804 | $300,000 | x |
| 2/1/1974 | 2/1/1975 | R1CC-720422 | $300,000 | x |
| 2/1/1975 | 2/1/1976 | R1CC-828620 | $300,000 | x |
| 2/1/1976 | 2/1/1977 | R1CC 863042 | $300,000 | x |
| 2/1/1977 | 2/1/1978 | R1CC-A04686 | $300,000 | x |
| 2/1/1978 | 2/1/1979 | R1CC-817772 | $300,000 | x |
| 2/1/1979 | 2/1/1980 | 01C 12720 | $300,000 | x |
| 2/1/1980 | 2/1/1981 | 01C 12818 | $300,000 | x |
| 2/1/1981 | 2/1/1982 | 01C 12972 | $300,000 | x |
| 2/1/1982 | 2/1/1983 | 01C 15789 | $300,000 | x |
| 2/1/1983 | 7/1/1983 | 01C 17559 | $300,000 | x |
| 7/1/1983 | 7/1/1984 | ANO 025198129 | $20,000,000 | |
| 7/1/1984 | 7/1/1985 | ANO 022753324 | $20,000,000 | |
| 7/1/1985 | 7/1/1986 | ANO 022755293 | $20,000,000 | |
| 7/1/1986 | 7/1/1987 | ANO 046492897 | $10,000,000 | |
| 7/1/1987 | 7/1/1988 | ANO 091686760 | $10,000,000 | |
| 7/1/1988 | 7/1/1989 | ANO 07851234601 | $10,000,000 | |
| | | | $93,300,000 | |

10.     I utilized both the low and high end of the range of claim values from the Stout Report to this coverage to assess exhaustion of limits.

11.     I was instructed by counsel to the Official Committee of Unsecured Creditors to assume that for each individual sexual abuse claim, the value assigned to the claim would be allocated in a pro rata fashion across the alleged dates of abuse.

12.     For example, if a claim alleged abuse over a two-year time period (24 months), the value assigned to that claim would be allocated 1/24[th] to each month of alleged abuse.

13.     Under allocations incorporating both the Scenario A (low) and Scenario B (high) claim values from the Stout Report, all disputed aggregate limits are fully exhausted using both Scenario A (low) and Scenario B (high) claim values, as summarized in Table 2 below.

### TABLE 2

| Start Date | End Date | Policy Number | Aggregate Limit per USF&G | Disputed Aggregate | Exhausted Aggregate | |
|---|---|---|---|---|---|---|
| | | | | | Scenario A (low) | Scenario B (high) |
| 2/1/1973 | 2/1/1974 | R1CC-620804 | $300,000 | x | x | x |
| 2/1/1974 | 2/1/1975 | R1CC-720422 | $300,000 | x | x | x |
| 2/1/1975 | 2/1/1976 | R1CC-828620 | $300,000 | x | x | x |
| 2/1/1976 | 2/1/1977 | R1CC 863042 | $300,000 | x | x | x |
| 2/1/1977 | 2/1/1978 | R1CC-A04686 | $300,000 | x | x | x |
| 2/1/1978 | 2/1/1979 | R1CC-817772 | $300,000 | x | x | x |
| 2/1/1979 | 2/1/1980 | 01C 12720 | $300,000 | x | x | x |
| 2/1/1980 | 2/1/1981 | 01C 12818 | $300,000 | x | x | x |
| 2/1/1981 | 2/1/1982 | 01C 12972 | $300,000 | x | x | x |
| 2/1/1982 | 2/1/1983 | 01C 15789 | $300,000 | x | x | x |
| 2/1/1983 | 7/1/1983 | 01C 17559 | $300,000 | x | x | x |
| 7/1/1983 | 7/1/1984 | ANO 025198129 | $20,000,000 | | x | x |
| 7/1/1984 | 7/1/1985 | ANO 022753324 | $20,000,000 | | x | x |
| 7/1/1985 | 7/1/1986 | ANO 022755293 | $20,000,000 | | | x |
| 7/1/1986 | 7/1/1987 | ANO 046492897 | $10,000,000 | | x | x |
| 7/1/1987 | 7/1/1988 | ANO 091686760 | $10,000,000 | | x | x |
| 7/1/1988 | 7/1/1989 | ANO 07851234601 | $10,000,000 | | x | x |
| | | | $93,300,000 | | | |

14.     In its Complaint, USF&G also summarizes "limits" (without mention of whether they are per occurrence or aggregate limits) for each of the Umbrella Policies. I understand from counsel to the Official Committee of Unsecured Creditors that to the extent USF&G may argue that this "limit" serves as an aggregate limit, there would be a dispute regarding the existence of aggregate limits in the Umbrella Policies. I have been instructed by counsel to the Official Committee of Unsecured Creditors to assume, for the purposes of this Declaration, that the policies written during that time frame contained aggregate policy limits.

15. The Umbrella Policy "limits" per USF&G total $35.0 million, as detailed in Table 3 below:[3]

**TABLE 3**

| Start Date | End Date | Policy Number | Limit per USF&G | Potentially Disputed Aggregate |
|---|---|---|---|---|
| 2/1/1973 | 2/1/1974 | CEP 27544 | $5,000,000 | x |
| 2/1/1974 | 2/1/1975 | CEP 39041 | $5,000,000 | x |
| 2/1/1975 | 2/1/1976 | CEP 58078 | $5,000,000 | x |
| 2/1/1976 | 2/1/1977 | CEP 57377 | $5,000,000 | x |
| 2/1/1977 | 2/1/1978 | CEP 57461 | $5,000,000 | x |
| 2/1/1978 | 2/1/1979 | CEP 94078 | $5,000,000 | x |
| 2/1/1979 | 2/1/1980 | CEP 107579 | $5,000,000 | x |
| | | | $35,000,000 | |

16. Utilizing the same allocation methodology described in Paragraphs 10-12 above, to the extent USF&G may argue that the "limit" of each Umbrella Policy serves as an aggregate limit, all disputed aggregate limits are fully exhausted using both Scenario A (low) and Scenario B (high) claim values, as summarized in Table 4 below.

**TABLE 4**

| Start Date | End Date | Policy Number | Limit per USF&G | Potentially Disputed Aggregate |
|---|---|---|---|---|
| 2/1/1973 | 2/1/1974 | CEP 27544 | $5,000,000 | x |
| 2/1/1974 | 2/1/1975 | CEP 39041 | $5,000,000 | x |
| 2/1/1975 | 2/1/1976 | CEP 58078 | $5,000,000 | x |
| 2/1/1976 | 2/1/1977 | CEP 57377 | $5,000,000 | x |
| 2/1/1977 | 2/1/1978 | CEP 57461 | $5,000,000 | x |
| 2/1/1978 | 2/1/1979 | CEP 94078 | $5,000,000 | x |
| 2/1/1979 | 2/1/1980 | CEP 107579 | $5,000,000 | x |
| | | | $35,000,000 | |

---

[3] See paragraph 24 of Exhibit A in the Motion for Relief from *Stay To File Complaint For Declaratory Judgement*, Case 20-10846, Docket Number 4404, filed and entered on 9/23/2025

17.     Depending on how USF&G argues in the interpretation of "occurrence" in the Umbrella Policies,[4] such interpretation may limit coverage available under the Umbrella Policies *even if* there are no aggregate limits. Further, depending on how USF&G argues in the interpretation of "occurrence" in the Primary Policies,[5] such interpretation may limit coverage available under the Primary Policies *even if* there are no aggregate limits.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 9th day of October, 2025 at Chicago, Illinois.

Katheryn R. McNally

---

[4] See paragraph 38 of Exhibit A in the Motion for Relief from *Stay To File Complaint For Declaratory Judgement*, Case 20-10846, Docket Number 4404, filed and entered on 9/23/2025

[5] See paragraphs 30 and 31 of Exhibit A in the Motion for Relief from *Stay To File Complaint For Declaratory Judgement*, Case 20-10846, Docket Number 4404, filed and entered on 9/23/2025

4898-2875-7873.1 05067.002