**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | § | |
|---|---|---|
| IN RE: | § | CASE NO: 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | CHAPTER 11 |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | COMPLEX CASE |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |

## ORDER

Before the Court is the *Application of the Official Committee of Unsecured Creditors For Order (I) Authorizing and Approving the Employment of Richard Arsenault as Abuse Claims Reviewer and (II) Authorizing Actions to be Taken Pursuant to [Proposed] Allocation Protocol* (the "Application"),[1] [ECF Doc. 4430], filed by The Official Committee of Unsecured Creditors (the "Committee"), and upon the declaration of Richard Arsenault in support of the Application (the "Arsenault Declaration"), [ECF Doc. 4430-1]; and the Court being satisfied based on the representations made in the Application and in the Arsenault Declaration that Richard Arsenault represents no interest adverse to the Debtor or Additional Debtors or their estates with respect to the matters upon which he is to be engaged, that he is a disinterested person as that term is defined under § 101(14) of the Bankruptcy Code and that his employment by the Committee is necessary; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor,

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

survivors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS ORDERED** that:

1.      The Application is **APPROVED**.

2.      In accordance with §§ 328, 504, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and this Court's Local Rule 2014-1, Richard Arsenault ("Arsenault") shall be the Abuse Claims Reviewer on the terms set forth in the Application, the Arsenault Declaration, and the Joint Plan.

3.      Arsenault is authorized to issue notices of deadlines for the submission of supplementary and other information as contemplated by the Allocation Protocol.  The Allocation Protocol is subject to this Court's approval which will be sought in connection with confirmation of the Joint Plan.

4.      Arsenault is a permitted party under this Court's *Order Fixing Time For Filing Proofs of Claims; Approving Proof of Claim Forms; Providing For Confidentiality Protocols; and Approving Form and Manner of Notice* dated October 1, 2020, [ECF Doc. 461].

5.      Any information submitted by holders of Abuse Claims to Arsenault shall be subject to a mediation privilege, and production of any information in connection with an Abuse Claim (by the claimant or counsel) to Arsenault shall not constitute a waiver of any attorney-client privilege or attorney-work product doctrine, or any similar privilege or doctrine.

6.      Arsenault is authorized to render professional services as described in the Application, including a review of Abuse Claims

7.      Arsenault is authorized to be compensated in accordance with the terms of the Application, Allocation Protocol and Joint Plan without further review by or Order of this Court.

8.      If the above-captioned bankruptcy case is dismissed before the effective date of the Joint Plan, the Debtor shall pay Arsenault's fees and expenses.

9.      This Order and Arsenault's review of Abuse Claims prior to confirmation of the Joint Plan is without prejudice to a survivor's right to accept or reject the Joint Plan and to object to the Joint Plan.

10.     Arsenault's review of the Abuse Claims prior to confirmation of the Joint Plan and any notice to survivors regarding such review and Allocation Protocol is not a solicitation to accept or reject the Joint Plan.

11.     The Committee and Arsenault are authorized and empowered to take all actions necessary to implement the relief granted in this Order.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS FURTHER ORDERED** that the Committee is instructed to serve this Order by first-class U.S. Mail within three days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, October 14, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE