# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br>Debtor.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

### JOINDER BY R.D. TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO USF&G'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Abuse Claimant R.D. (Proof of Claim No. 30048), hereby joins the Official Committee of Unsecured Creditors' Opposition to USF&G's Motion for Relief from the Automatic Stay [ECF No. 4482] (the "**Committee's Opposition**") and requests that this Court deny the Motion of United States Fidelity & Guaranty Company for Relief from the Automatic Stay to File Complaint for Declaratory Judgment [ECF No. 4404] ("**USF&G's Motion**") for the reasons set forth in the Committee's Opposition.

The underlying fallacy of Travelers' motion is that a single Declaratory Judgment proceeding can resolve for all parties in interest (the insurer, the ANO, and literally hundreds of survivor plaintiffs in hundreds of separate Direct Action cases), the question whether coverage survives the "expected or intended" exclusion in the applicable policies. The notion is fallacious as a matter of Louisiana law, based on the seminal decision by the Louisiana Supreme Court in *Breland v. Schilling*, 550 So. 2d 609 (La. 1989). There, presented with a liability insurer's coverage defense that the plaintiff's harm was "expected or intended," the Court authoritatively interpreted and applied this exclusion to require a factual and case-specific inquiry: whether the

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

insured's *subjective intent* encompassed the particular harm to the plaintiff that resulted from the insured's wrongful, and indeed intentional, act. *Id.* at 611.

In *Breland*, the defendant insured had punched the plaintiff during an altercation, and the plaintiff's jaw was severely fractured. The defendant testified at trial that in hitting the plaintiff he did not intend to cause such a serious injury; but on appeal from a plaintiff verdict, the insurer sought application of the "expected or intended" exclusion in its policy.

The Louisiana Supreme Court first reiterated the longstanding principle that policy language, including ambiguities in language, must be construed in favor of coverage. It then reasoned that, while intentional tort liability extends to harm foreseeable to an "objective, reasonable person," the policy language of this exclusion instead refers to harm or injury that was "<u>subjectively intended or expected</u> by the insured." *Id.* at 611. Moreover, and critical for present purposes, the Court held that "(w)hether a given resulting bodily injury was intended ' from the standpoint of the insured' ....is a question of fact. Such determinations are the particular province of the trier of fact, in this instance the jury." *Id*. at 614. Since (based on a verdict interrogatory) the jury accepted the defendant's testimony that he did not "expect or intend" that his punch would severely fracture the plaintiff's jaw, the policy exclusion was found not to apply. *See id.*

In a concurring opinion, Justice Lemmon emphasized the nature of the case-specific evidence called for in applying the exclusion:

> The insured's subjective intent or expectation must be determined not only from the insured's words before, at the time of, an after the pertinent conduct, but from all the facts and circumstances bearing on such intent or expectation.

*Id.* at 615.

To successfully apply the policy exclusion in these proceedings, therefore, the insurer will have to demonstrate that the ANO not only expected or intended the abusive conduct before it caused harm to the survivor, but also expected or intended, in advance, the specific nature and extent of the harm suffered by the survivor himself or herself. This is inherently, and necessarily,

a fact-specific and survivor-specific inquiry, one which no single Declaratory Judgment proceeding can as a practical matter conduct, much less resolve, in hundreds of cases.

Since under Louisiana law no judicial efficiency in addressing the "expected or intended" coverage defense can be gained by this motion, it should be denied by the Court.

R.D. expressly reserves all rights including, but not limited to, his rights to appear and be heard on any issue with respect to USF&G's Motion and the Committee's Opposition.

To the extent this Court grants USF&G's Motion, R.D. also expressly reserves all rights, including all state law rights regarding the Coverage Action or any litigation relating to insurance coverage issued by USF&G to ADNO. This reservation includes R.D.'s rights (i) to intervene and to be included as a party to any coverage action filed by USF&G, and (ii) to prosecute direct action coverage claims against USF&G in connection with R.D.'s state-court tort actions under Louisiana law.

Counsel further note they will consult with all of the sexual abuse survivors they represent whose abuse occurred during a period of US&G coverage following confirmation of the plan by the Court to determine which Survivors wish to file direct actions against USF&G given the plan's provisions regarding the rights of litigating claimants. Additionally, notwithstanding the need to confirm each Survivor's intent to file a direct action suit against USF&G, the Survivors fully support and join in the Committee's Opposition.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**

BY: */s/ Brittany R. Wolf-Freedman*
**GERALD E. MEUNIER
BAR NO. 9471
BRITTANY R. WOLF-FREEDMAN
BAR NO. 36733**
601 Poydras Street, Suite 2355
New Orleans, Louisiana 70130
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
E-mail: gmeunier@gainsben.com
E-mail: bwolf@gainsben.com

*Attorneys for R.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties of record.

*/s/ Brittany R. Wolf-Freedman*
**BRITTANY R. WOLF-FREEDMAN**