**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | ) ) ) | |
| | ) | Section "A" |
| | ) | |
| Debtor.[1] | ) | Chapter 11 |
| | ) | |

**TRAVELERS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE**
**TESTIMONY OF TRAVELERS' CORPORATE REPRESENTATIVE**

United States Fidelity & Guaranty Company, affiliate of Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, as its Motion in Limine No. 1, moves to preclude Travelers' corporate representative from being called as a witness during the evidentiary hearing commencing on Monday, November 17, 2025 at 9:00 a.m. Central Time (the "Confirmation Hearing"). In support of this Motion, Travelers states the following:

**I.    INTRODUCTION**

1. The Witness and Exhibit List filed by Certain Abuse Survivors [Dkt. No. 4550] identifies the Corporate Representative of Travelers as their only specifically named witness. Otherwise, Certain Abuse Survivors list several catchall categories of witnesses. On November 6, 2025, Travelers filed its objection to the *Fifth Amended Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors* [Dkt. No. 4518] (the "Plan") asserting limited, narrowly tailored objections [Dkt. No. 4563] (the "Objections"). Travelers' testimony has no bearing on those Objections. Any testimony elicited

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

would be entirely irrelevant and, in any event, any probative value of such testimony would be substantially outweighed by a danger of unfair prejudice or confusion of the issues.

## II. BACKGROUND

2. On October 16, 2025, this Court allowed Certain Abuse Survivors to take Travelers' deposition, but only on the single topic of the Objections, which, at that time, had not been filed. *See Order Denying in Part and Continuing in Part Motion to Depose Travelers* [Dkt. No. 4507]. Significant events have transpired since then. Travelers filed the Objections on November 6, 2025 [Dkt. No. 4563]. Leading up to the filing of the Objections, Travelers engaged in significant good faith efforts to reach the necessary agreements to resolve its objections to the "Insurance Neutrality" provisions found at Sections 7.4 and 7.5 of the Plan. *Id.* at 1-2. As such, the Objections as to the "Insurance Neutrality" provisions consists of a reservation of rights pending the filing of a further amended plan incorporating the newly agreed-upon language.

3. The anticipated resolution of Travelers' objections to the Plan's "Insurance Neutrality" provisions significantly reduced the scope of the Objections. Only a handful of discrete and narrow issues remain from Travelers' perspective as reflected in the Objections. These issue are: (1) the Plan's insufficient protections of Travelers' contribution claims against Settling Insurers; (2) the potential for impairment of Travelers' ability to object to late-filed abuse claims; and (3) the Settlement Trust Advisory Committee's veto power over insurance settlements, in contravention of this Court's jurisdiction. These Objections raise purely legal issues for this Court to adjudicate based on legal interpretations of the Plan. No facts within the knowledge of a Travelers corporate representative will change that. Travelers' testimony will add nothing to the Confirmation Hearing. The Travelers deposition is scheduled for November 13, 2025 [Dkt. No.

4554], so as to follow the November 6, 2025 filing of the Objections, which will confirm that Travelers has no relevant testimony to offer at the Confirmation Hearing.

### III. ARGUMENT

4. In light of the narrow scope and purely legal nature of Travelers' Objections, the testimony of Travelers' corporate representative has no relevance. The Federal Rules of Evidence apply in a bankruptcy case. *See* Fed. R. Bankr. P. 9017. Only relevant evidence is admissible. *See* Federal Rules of Evidence ("FRE") Rule 402. The test for determining the relevance of evidence is two-fold: (1) the evidence has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. FRE Rule 401. In other words, for the testimony of a Travelers' corporate representative to be admissible, it must at least speak to facts. Here, that cannot be the case.

5. Travelers' Objections to the Plan do not involve any factual inquiry. The Plan says what it says. Any testimony elicited from a corporate representative of Travelers would improperly constitute Travelers' legal interpretation of the Plan or would involve speculation on the part of the witness regarding the legal implications of the Plan as drafted. Travelers' Objections ask the Court to discrete legal questions that involve no factual determinations.

6. First, Travelers objects to the Plan to the extent that the Plan fails to preserve Travelers' rights to seek contribution from Settling Insurers. [Dkt. No. 4563 at 7-12]. Any testimony from Travelers on this Objection would amount to pure speculation. The witness would not have a crystal ball from which to glean admissible, relevant *facts* and, therefore, would lack the ability to speak factually to any such future contribution claims.

7. Second, Travelers objects to the Plan to the extent the Plan limits Travelers' ability to raise issues regarding the timeliness of abuse claims. *Id.* at 12-14. The inquiry about this

3

Objection will not turn on factual matters regarding the abuse claims themselves. Rather, as the Objections point out, the Allocation Protocol presents a legal incongruity with the relevant Plan provisions regarding the handling of late-filed claims. This Court is called upon to reconcile the Allocation Protocol and those Plan provisions. A Travelers witness may, at most, speak to Travelers' position that the Plan provisions and the Settlement Protocol should be consistent and unambiguous. But a Travelers witness will not speak to relevant facts that can help guide the Court's inquiry in this regard.

8. Third, Travelers objects to the Plan because it improperly dilutes the power of the Settlement Trustee with regard to insurance settlements and, in the process, improperly strips this Court of jurisdiction over any such proposed settlement. *Id.* at 14-16. A Travelers witness cannot speak to any facts regarding a hypothetical insurance settlement. This Court must determine whether the Settlement Trustee should be vested with legitimate power to enter into insurance settlements. This Court must determine whether it should continue to have meaningful jurisdiction to approve insurance settlements. At best, a Travelers witness can testify that Travelers desires for the Plan to have these guardrails. Travelers' legal position, however, is not a relevant fact appropriate for testimony at the Confirmation Hearing.

9. Finally, even if Certain Abuse Survivors could elicit testimony on a relevant *fact* for purposes of the issues before this Court, the testimony of a Travelers corporate representative is still inappropriate. Under FRE Rule 403, relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The testimony of a Travelers witness raises numerous of these dangers, even if Travelers could offer relevant factual testimony (which it cannot). The dangers in this case

include the potential for speculation about future proceedings, claims, or coverage defenses that could unfairly prejudice Travelers' post-confirmation coverage arguments. Such testimony also risks confusing legal and factual issues. In any event, allowing Certain Abuse Survivors to examine Travelers at the Confirmation Hearing would cause undue delay, would be a waste of time, and would present cumulative evidence regarding Travelers' Objections (which speak for themselves). The testimony lacks any potential for relevance and, even if the testimony could be relevant, the miniscule probative value would be dwarfed by the resulting unfair prejudice, confusion of issues, and waste of resource.

### IV. CONCLUSION

10. For the reasons stated above, this Court should grant Travelers' Motion *in Limine* No. 1 and exclude the testimony of Travelers' corporate representative at the Confirmation Hearing.

[*Signature Page Follows*]

Dated: November 7, 2025

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Patrick C. Maxcy*
Jerry A. Beatmann, Jr. (LA #26189)
DENTONS US LLP
650 Poydras Street, Suite 2850
New Orleans, LA 70130-6132
(504) 524-5446 - Telephone
jay.beatmann@dentons.com

Patrick C. Maxcy (IL #6275469)
M. Keith Moskowitz (IL #6274101)
Natalie Limber (IL #6286860)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606-6362
(312) 876-8000 – Telephone
patrick.maxcy@dentons.com
keith.moskowitz@dentons.com
natalie.limber@dentons.com

*Attorneys for United States Fidelity & Guaranty Company*