# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: § | |
| § | Case No. 20-10846 |
| THE ROMAN CATHOLIC CHURCH § | |
| OF THE ARCHDIOCESE OF NEW § | Section "A" |
| ORLEANS, § | |
| § | Chapter 11 |
| Debtor.[1] § | |

### SPARTA INSURANCE COMPANY'S STATEMENT IN SUPPORT OF THE FIFTH AMENDED JOINT CHAPTER 11 PLAN AND THE MOTION FOR ORDERS APPROVING INSURANCE SETTLEMENT AGREEMENTS AND POLICY BUYBACKS
**[Relates to ECF Docs. 4181 and 4518]**

**MAY IT PLEASE THE COURT:**

SPARTA Insurance Company ("SPARTA"), through its undersigned counsel, hereby files this statement in support of the *Fifth Amended Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, and the Official Committee of Unsecured Creditors,* Dated as of October 28, 2025 (the "Plan")[2] and the *Motion for Entry of Orders Pursuant to Sections 363 and 105(A) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Insurance Settlement Agreements and Policy Buybacks with Certain Insurers and Granting Related Relief* (the "Insurance Motion").

The United States Trustee (the "U.S. Trustee") has filed objections to confirmation of the Plan [ECF No. 4559] and the Insurance Motion [ECF No. 4560] (collectively, the "UST Objection"). In response to the UST Objection, SPARTA supports and adopts the arguments made by the Plan Proponents in reply to

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

[2] Capitalized terms not otherwise defined herein shall the meaning ascribed to them in the Plan.

the UST Objection, as well as those contained in U.S. Fire Insurance Company's and International Insurance Company's *Memorandum of Law in Support of the 9019/363 Motion and Confirmation of the Joint Amended Plan* (the "U.S. Fire Memorandum"). As set forth therein, the objections of the U.S. Trustee lack merit and should be overruled.

The UST Objection is based, in large part, on the argument that the Plan provides for nonconsensual third-party releases. But there are no such releases contemplated. The Debtor is selling its property to SPARTA, free and clear of claims, and an injunction is being imposed by this Court to give effect to that sale.

Perhaps recognizing the limits of its reliance on *Harrington v. Purdue Pharma, L.P.*, 603 U.S. 504, 144 S. Ct. 2071 (2024),[3] the U.S. Trustee suggests that Section 363(f) does not authorize courts to enjoin non-debtor claims in the context of an insurance buyback.[4] SPARTA submits that the U.S. Trustee overstates the holding of the cases it cites and ignores the many cases holding that an injunction is both authorized and appropriate in the buyback context.[5] In that regard, SPARTA highlights for the Court the recent case of *In re Hopeman Bros., Inc.,* 667 B.R. 101, 106 (Bankr. E.D. Va. 2025). *Hopeman* involved a settlement and insurance buyback post-*Purdue*, which was opposed by*, inter alia,* the U.S. Trustee. Following an evidentiary hearing, the court approved the settlements and overruled all objections. In the

---

[3] *See In re Bird Global,* Bankr. Case No. 23-20514-CLC (Bankr. S.D. Fla.), Hr'g. Trs. July 29, 2024 (holding that "the [*Purdue*] opinion does not address negotiated settlements governed by Bankruptcy Rule 9019, or the sales of the debtors' insurance policies under section 363" and approving such a settlement, including implementing a channeling injunction against claims against the settling insurer).

[4] The U.S. Trustee states without support that there are "independent legal duties" owed by the Settling Insurers to claimants. *UST Objection* at ¶ 43. This is just incorrect. The Settling Insurers owe no duty to Abuse Claimants. The Settling Insurers have a contractual obligation to their insured, and this buyback is extinguishing that contractual claim and enjoining collateral claims of other parties to give full force and effect to that sale. *Cf. Dumas v. United States Fidelity & Guaranty Co.*, 134 So.2d 45, 52 (La. 1961) (holding that the direct-action statute does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured).

[5] *See In re CDP Corp., Inc.*, 462 B.R. 615, 627 (Bankr. S.D. Miss. 2011) ("injunctive authority of the bankruptcy courts [is] 'core' when the rights sought to be enforced by injunction are based on provisions of the Bankruptcy Code, such as the 'free and clear' authority of section 363(f)).

context of denying motions for stay pending appeal, the Court addressed the very objections raised by the U.S. Trustee in this case:

> [I]njunctions and releases have long accompanied "free and clear" sales in bankruptcy.
>
>> Courts have long recognized that inherent within the authority to sell estate property free and clear of liens is the power to enjoin creditors from pursuing the purchaser of such property. *See Whitehead & Kales Co. v. Dempster (In re Wiltse Bros. Corp.)*, 361 F.2d 295, 299 (6th Cir. 1966). Nevertheless, more explicit protection is often needed to effectuate this important aspect of a § 363 sale. In other words, an actual injunction barring creditors from suing a purchaser of estate assets is sometimes necessary and appropriate to give the "free and clear" aspect of § 363(f) meaning. When this is the case, a court has the power to "issue an [ ] order ... necessary or appropriate to carry out [§ 363(f), one of] the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).
>
> . . .
>
>> A decision that would permit a creditor to independently pursue its claim against property of the debtor after it [sic] been sold in bankruptcy would have a chilling effect on the sale of assets in bankruptcy. *Purdue* was not intended to thwart that process. Perhaps, this is why the Court has not found, and has not been pointed to, any decision extending *Purdue's* decision to § 363 sales.

*Id.* (quoting *In re Dow Corning Corp.*, 198 B.R. 214, 245 (Bankr. E.D. Mich. 1996)).

As the Plan Proponents make clear the Sale Injunction, Supplemental Settling Insurer Injunction, and related Gatekeeper Injunction are critical to the compromise reached between the Plan Proponents and SPARTA. The $21 million settlement with SPARTA is a fundamental component of the Plan, which is overwhelmingly supported by the Abuse Claimants, and without the full set of protections that were a fundamental part of the bargain that resulted in the Plan protections, SPARTA would not have committed to the Plan those funds. Accordingly, the U.S. Trustee's various objections related to releases and/or injunctions should be overruled.

Further, as explained more fully by the Plan Proponents, the U.S. Trustee's objections regarding the "equality of treatment" and "best interests of creditors" tests also fail. All Abuse Claimants are being

3

given the same opportunity: The chance to receive a substantial payout immediately, or the right to litigate their claim to judgment. While those claimants deciding to take the immediate payment will have to execute a release of the Settling Insurers,[6] no claimant is being denied an opportunity available to their "classmate." *Cf. In re ConvergeOne Holdings, Inc.*, (Case No. 4:24-cv-02001) Dkt. No. 54 at 12 (S.D. Tex. Sept. 25, 2025) ("Plans must offer equality of opportunity, even if equality of recovery does not necessarily result.") Moreover, the U.S. Trustee's contention that dissenting creditors would receive more in a Chapter 7 liquidation is not supported by any evidence. The hypothetical world in which this Plan is not confirmed and claimants could still receive a share of insurance proceeds from the currently proposed buyback is pure fiction. If this Plan (or one acceptable to SPARTA) is not confirmed, SPARTA has no obligation to fund the $21 million settlement. In that world, there is no guarantee that the Debtor or any other party, including any abuse claimant, would ever recover anything from SPARTA on account of the Subject Insurance Policies or otherwise. Accordingly, the U.S. Trustee's Section 1123 and Section 1129 objections should be overruled.

In summary, the UST Objection should be overruled, the Plan should be confirmed, and the Insurance Motion, as to SPARTA, should be granted.

Dated: November 14, 2025.

Respectfully submitted,

*/s/ Michael D. Rubenstein*
Michael D. Rubenstein (Bar No. 22860)
**LISKOW & LEWIS**
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2953
mdrubenstein@liskow.com

**ATTORNEYS FOR SPARTA INSURANCE COMPANY**

---

[6] If a claimant declines to check the box and affirmatively release the Settling Insurers, the claimant will still be enjoined from suing the Settling Insurers but can pursue claims against the Trust.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of SPARTA Insurance Company's Statement in Support of the Fifth Amended Joint Chapter 11 Plan and the Motion for Orders Approving Insurance Settlement Agreements and Policy Buybacks was served this 14th day of November, 2025, by electronic case filing on those parties receiving notice via the Court's Electronic Case Filing system.

                                    */s/ Michael D. Rubenstein*
                                    Michael D. Rubenstein