UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,<br><br>Debtor | CASE NO. 20-10846<br><br>SECTION "A"<br><br>CHAPTER 11 |

**UNITED STATES TRUSTEE'S STATEMENT
REGARDING THE ISSUE OF STANDING**

David W. Asbach, the Acting United States Trustee for Region 5 (the "U.S. Trustee"), through his undersigned counsel, files this statement (the "Statement") in response to the Court's order of December 23, 2025 (ECF No. 4811) (the "Order"), in which the Court directed briefing on "the issue of standing to object to" certain interim and final fee applications in these cases (the "Fee Applications").

The U.S. Trustee has not yet filed any objection to the Fee Applications, and no party has expressly questioned the U.S. Trustee's standing in these matters. Nevertheless, out of an abundance of caution, and to the extent the Order is intended to address the standing of the U.S. Trustee as well as of other parties, the U.S. Trustee submits this Statement to advise the Court of the legal basis for his standing with respect to any pending or forthcoming Fee Applications in these cases.

Among their other duties, the U.S. Trustees are charged by Congress with the duty of "reviewing . . . applications filed for compensation and reimbursement under section 330 of title 11," and "filing with the court comments with respect to such application[s] and, if the United States Trustee considers it to be appropriate, objections to such applications." 28 U.S.C. § 586 (a)(3)(A)(i), (ii). "Congress' grant of authority to the UST to challenge fee petitions bestows the

UST with standing . . ." *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994).

The U.S. Trustee also has express statutory standing to carry out these duties pursuant to section 307 of the Bankruptcy Code, which authorizes him to "raise and . . . appear and be heard on any issue in any case or proceeding under this title," as well as pursuant to the general authorization for any party in interest to be heard on "any issue" in a case under chapter 11. 11 U.S.C. § 1109(b); *see Truck Insurance Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 280 (2024) (purpose of section 1109(b) is to ensure "broad participation" in chapter 11 process).

No pecuniary interest is required in order for the U.S. Trustee to raise an objection to a fee application. Independent of any financial impact on creditors, the Bankruptcy Code's procedures for the review and approval of professional fees serve an important public purpose by ensuring transparency and protecting the integrity of the bankruptcy system. *See In re Ford*, 446 B.R. 550, 555 (Bankr. M.D. Fla. 2011) ("the statutory and rule-based procedures for allowance of fees preserv[e] the public perception of the integrity of the bankruptcy system"). For the same reasons, it is well established that a bankruptcy court itself may disallow improper fees, indeed it has a duty to do so on its own initiative, even if no party objects. *See In re Busy Beaver*, 19 F.3d at 841 ("the bankruptcy court has a duty to review fee applications, notwithstanding the absence of objections"). And because allowance of a fee application affects the public interest, the U.S. Trustee in the alternative has inherent standing based on his duty to protect that interest. *See In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010) ("We . . . conclude that the U.S. Trustee's responsibility to represent and protect the public interest affords it a substantial interest in, and therefore standing to proceed with, this appeal."); *In re Revco D.S., Inc.*, 898 F.2d 498, 499-500 (6th Cir. 1990) (holding that U.S. Trustee had standing because Congress made him "responsible for 'protecting

the public interest and ensuring that bankruptcy cases are conducted according to law'") (quoting H.R. Rep. No. 95-595 at 109, reprinted in 1978 U.S.C.C.A.N. 5787, 6070).

The U.S. Trustee reserves the right to supplement this Statement as may be appropriate.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that the Court consider this Statement and grant such other relief as it deems just and proper.

Dated: January 8, 2026

Respectfully submitted,
DAVID W. ASBACH
Acting United States Trustee, Region 5

By:/s/ *Amanda B. George*
AMANDA BURNETTE GEORGE (31642)
Acting Assistant United States Trustee
600 S. Maestri St., Suite 840-T
New Orleans, LA 70130
Telephone: (504) 589-4018
Direct: (504) 589-4092
Amanda.B.George@usdoj.gov

**CERTIFICATE OF SERVICE**

      This is to certify that copies of the foregoing United States Trustee's Statement Regarding the Issue of Standing were served on January 8, 2026, upon all parties entitled to receive notice through the Court's electronic notification system.

                                  By:/s/ *Amanda B. George*
                                  AMANDA BURNETTE GEORGE (31642)
                                  Acting Assistant United States Trustee
                                  600 S. Maestri St., Suite 840-T
                                  New Orleans, LA 70130
                                  Telephone: (504) 589-4018
                                  Direct: (504) 589-4092
                                  Amanda.B.George@usdoj.gov