UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br><br>THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS<br><br>DEBTOR.[1] | Case No. 20-10846<br><br>Section "A"<br><br>Chapter 11 |

**TROUTMAN PEPPER LOCKE LLP AND PACHULSKI STANG ZIEHL & JONES LLP's RESPONSE TO CERTAIN ABUSE SURVIVORS' MEMORANDUM IN SUPPORT OF STANDING TO OBJECT TO INTERIM AND FINAL FEE APPLICATIONS**

Troutman Pepper Locke LLP ("Troutman") and Pachulski Stang Ziehl & Jones LLP ("PSZJ", and together, the "Committee Professionals") file this response (the "Response") to the *Certain Abuse Survivors' Memorandum in Support of Standing to Object to Interim and Final Fee Applications* (Doc. No. 4827) (the "Memorandum") as follows:

## I. INTRODUCTION

1. The Memorandum filed by Certain Survivors is heavy on unsubstantiated and offensive allegations—often lumping accusations regarding Committee professionals with accusations against the Jones Walker firm—and without controlling authority to support their legal assertions. Of course, this bankruptcy was very difficult and took substantial time—something that is not at all unusual in religious bankruptcy cases. But the results speak for themselves. This case began with much-publicized representations from Archbishop Aymond that the case would be resolved for approximately $7 million. After years of difficult discovery and negotiations, the Debtor filed a plan in 2024 offering $62.5 million in compensation. After a subsequent year of

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125.

1

250712297v3

intensive negotiations and hard work, particularly by the Committee Professionals, the survivors are the beneficiaries of a $230 million trust that may increase with additional insurance resolutions.

## II. RESPONSE

**A.  Certain Survivors' Authorities Do Not Support Their Standing In This Case.**

2. Certain Survivors fail to provide relevant legal authority to support their asserted standing under the Fifth Circuit standard. Certain Survivors fail to address the more recent authority directly from the Fifth Circuit, District Court, and this Court *in this very case*, and instead rely on cases that are inapplicable, irrelevant, and involve radically different circumstances than those set forth here. The Court should follow the authorities cited in Troutman and PSZJ's initial brief (Doc. No. 4826) and find that Certain Survivors lack standing.

3. The first two cases upon which Certain Survivors rely, *In re C.P. Hall Co.* and *In re Mushroom Transp. Co., Inc.*, contain irrelevant fact patterns and originate from noncontrolling jurisdictions. (Indeed, almost all of the cases Certain Survivors cite are from noncontrolling jurisdictions.) The first case, *In re C.P. Hall Co.*, decided by an Illinois bankruptcy court, addressed a creditor's objection to a chapter 7 trustee's motion for court approval of a proposed settlement with certain other creditors. *See In re C.P. Hall Co.*, 513 B.R. 540 (Bankr. N.D. Ill. 2014). The court did not analyze standing under Section 330, as Certain Survivors claim, but rather, reviewed standing under Section 502. *Id.* at 543.

4. Section 502 of the Bankruptcy Code addresses standing with regard to the allowance of a claim or interest. *See* 11 U.S.C. § 502; *cf.* 11 U.S.C. § 330 (addresses compensation and fee applications for professionals). *C.P. Hall Co.*'s conclusion—that the creditor could object to claims of certain other creditors (not professionals or committee members)—is almost entirely dependent on Seventh Circuit case law and is wholly inapplicable here.

5. The second case Certain Survivors cite, *In re Mushroom Transp. Co., Inc.*, is a chapter 7 case from a Pennsylvania bankruptcy court that does not substantively reference Fifth Circuit law. *See In re Mushroom Transp. Co., Inc.*, 486 B.R. 148 (Bankr. E.D. Pa. 2013) (examining what "the Third Circuit has instructed when addressing the issue of standing in bankruptcy cases"). Furthermore, the court concluded that the objector's standing was limited to when the amount of the applicant law firm's fee application would have rendered the chapter 7 trustee "unable to pay all allowed chapter 7 administrative expenses in full", thus forcing the trustee to "attempt to recover certain chapter 11 administrative expenses previously awarded", including those expenses awarded to the objector. *Id.* at 152, 154. Accordingly, *Mushroom Transp. Co., Inc.* bears no weight here.

6. The third cited case, from an Arizona bankruptcy court, provides no legal analysis or support for its conclusion that a creditor and plan proponent had standing to object. *See In re AVC Villa Del Lago at Ocotillo Devco, L.L.C.*, 2010 WL 119830, at *2 (Bankr. D. Ariz. Jan. 6, 2010) (simply noting "[The plan proponent], as a creditor and the proponent of a successful plan, has standing to object"). Furthermore, the *AVC* facts were entirely different than the facts here; the court determined that there would be *no one* allowed to act for the reorganized debtor unless it allowed the plan proponent to object. *Id.* ("It would be an unfair legal anomaly to now deny [the plan proponent] standing . . . This result, in effect, would leave the reorganized Debtor without a voice . . . .").

7. Although Certain Survivors cite to a case decided in this Court, it presents a completely different factual scenario. *See In re Ridgeway*, 2018 WL 1116531, at *2 (Bankr. E.D. La. Feb. 27, 2018) (Dodd, B.J.). The debtor's law firm sought compensation and the debtor's sole unpaid creditor objected. *Id.* at *1. The court found that the creditor had standing to object because the debtor had yet to pay the creditor's claim in full as provided in the confirmed plan. *Id.* at *2.

3

8. Here, however, the *Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of December 8, 2025* (Doc. No. 4762) (the "Confirmed Plan") provides for a defined settlement fund providing payment of Certain Survivors' abuse claims. Certain Survivors do not have any remedy against the Debtor under the Confirmed Plan. Furthermore, the Confirmed Plan has already gone effective, unlike the plan in *Ridgeway*. (Doc. No. 4817). Accordingly, *Ridgeway* is entirely inapposite.

9. The Court should pay no heed to Certain Survivors' citation to *In re Wise*, 365 B.R. 516 (Bankr. E.D. Pa. 2007). Certain Survivors misstate *Wise* for the notion that "the bankruptcy court has an independent duty to review counsels' fee applications *sua sponte* regardless of whether anyone objects". (Memorandum, at 11.) In fact, *Wise* reviewed the fee applications of an attorney for chapter 13 debtors *sua sponte*, but only because the attorney's "approach to his fees and compensation . . . warranted [the judge's] closer attention and scrutiny." 365 B.R. at 521 (noting attorney "was double billing and triple billing and more" and "[a] number of his clients have complained"). The court further attributed its "duty" to review fee applications *sua sponte* to a Third Circuit decision. ("[*In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3d Cir. 1994)] establishes, not only my power, but my duty to review sua sponte, counsels' fee applications."). *Id.* at 527.

10. Finally, Certain Survivors cite to dicta from *In re Matusick*, 522 B.R. 755 (Bankr. W.D.N.Y. 2014), to allege that an objector's standing has no relevance. (Memorandum, at 11). But in the same paragraph as the dicta, the court concluded that, "[a]s the potential recipient of a surplus,

4

the debtor remains a party in interest with standing to object to claims." *Id.* at 758. There was no issue of standing to resolve, as is required here.

B. **Certain Survivors' Assumptions Based on Their Past Participation in the Case Do Not Change The Standing Analysis.**

11. Certain Survivors suggest that the pattern of past fee objections and related continuances should somehow give them standing to object now.[2] The argument seems akin to "detrimental reliance" and is not legally or factually warranted or persuasive.

12. Standing analysis can change during the course of a bankruptcy case. Determining whether a party is a "party in interest" requires an analysis of pecuniary interest because "[a]n entity may be a real party in interest and have standing in one respect while he may lack standing in another respect." *See In re E.S. Bankest, L.C.*, 321 B.R. 590, 595 (Bankr. S.D. Fla. 2005). Indeed, a creditor that may have standing at one point in a proceeding can lose standing later if they have no financial stake or cannot increase their recovery. *See In re Alpha Natural Res.*, 2016 Bankr. LEXIS 4374, at *35 (Bankr. E.D. Va. Dec. 20, 2016); *In re Moye*, 2012 Bankr. LEXIS 3619, at *6 (Bankr. S.D. Tex. Aug. 7, 2012) (Isgur, J.).

13. While Certain Survivors may have made certain erroneous assumptions regarding their standing, those assumptions cannot control over constitutional or statutory standing requirements set forth by the Fifth Circuit. The Court must determine—as of the current post-confirmation dynamic—whether Certain Survivors have standing. The Court's own prior rulings indicate that they do not. *See In re The Roman Catholic Church of The Archdiocese of New Orleans*, 2025 WL 3545484, at *2 (Bankr. E.D. La. Dec. 9, 2025).

---

[2] Certain Survivors suggest the "fee conflict between Survivors, the Debtors, and the law-firms representing the Unsecured Creditors Committee has lasted years." (Memorandum at 8). However, Troutman and PSZJ note that Certain Survivors did not file a single objection to Troutman or PSZJ fees until August 13, 2025. (Doc. No. 4264).

250712297v3

## IV. CONCLUSION

14. For these reasons, the Court should overrule Certain Survivors' objections to the Interim Applications and approve the Professional Fee Claims in the full amounts requested by the Committee Professionals. Additionally, the Committee Professionals also request that this Court conclude that its decision regarding Certain Survivors' lack of either Article III standing or any pecuniary interest in the outcome of the Interim Applications will constitute law of the case with respect to any final professional fee applications the Committee Professionals may file in the future, thereby precluding Certain Survivors from objecting to those final professional fee applications as well.

250712297v3

| | |
|---|---|
| Dated: January 15, 2026 | Respectfully submitted,<br><br>*By: /s/ Bradley C. Knapp*<br>Bradley C. Knapp (La #35867)<br>Omer F. Kuebel, III (La #21682)<br>Troutman Pepper Locke LLP<br>601 Poydras Street, Suite 2660<br>New Orleans, Louisiana 70130-6036<br>Telephone: (504) 558-5111<br>Facsimile: (504) 558-5200<br>Email: brad.knapp@troutman.com<br>       rick.kuebel@troutman.com<br><br>W. Steven Bryant (*admitted pro hac vice*)<br>Texas Bar. No. 24027413<br>Federal I.D. No. 32913<br>Troutman Pepper Locke LLP<br>300 Colorado Street, Ste. 2100<br>Austin, Texas 78701<br>Telephone: (512) 305-4726<br>Facsimile: (512) 305-4800<br>Email: steve.bryant@troutman.com<br><br>-and-<br><br>James I. Stang (CA Bar No. 94435)<br>Andrew W. Caine (CA Bar No. 110345)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., Suite 1300<br>Los Angeles, CA 90067<br>Telephone: (310)-277-6910<br>Facsimile: (310)-201-0760<br>Email: jstang@pszjlaw.com<br>       acaine@pszjlaw.com<br><br>***Co-Counsel to the Official Committee of Unsecured Creditors*** |

## **CERTIFICATE OF SERVICE**

       I hereby caused a true and correct copy of the foregoing *Memorandum in Support of Standing to Object to Interim and Final Fee Applications* to be served on January 15, 2026, upon all parties by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system and by U.S. Mail on the all other parties requiring service under the Special Note List, as set forth in the Court's May 1, 2020 *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [Doc. No. 22].

                                           */s/ Bradley C. Knapp*
                                           Bradley C. Knapp