UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 20-10846 |
| | § | (JOINTLY ADMINISTERED) |
| THE ROMAN CATHOLIC CHURCH | § | |
| OF THE ARCHDIOCESE OF NEW | § | CHAPTER 11 |
| ORLEANS, | § | COMPLEX CASE |
| | § | |
| DEBTOR. | § | SECTION A |

BRIEF OF JONES WALKER LLP REGARDING STANDING OF
CERTAIN ABUSE SURVIVORS TO OBJECT TO PROFESSIONAL FEE CLAMS

NOW INTO COURT, through undersigned counsel, comes Jones Walker LLP ("**Jones Walker**"), who files this brief (this "**Brief**") regarding the standing of Certain Abuse Survivors to object to Professional Fee Claims. In support of this Brief, Jones Walker respectfully states as follows:

**Background**

1. The Debtor filed the above-captioned chapter 11 case on May 1, 2020. [ECF No. 1]. The Debtor selected Jones Walker to serve as its counsel, [ECF Nos. 75 & 76], and this Court entered an order approving Jones Walker's retention, without objection, on June 19, 2020, [ECF No. 170].

2. On May 16, 2025, following several years of mediation and the aid of three mediators, the Debtor and the Official Committee of Unsecured Creditors (the "**Committee**" or "**Survivors' Committee**") reached an agreement that formed the basis for the *Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of July 15, 2025*, [ECF No. 4150], (the "**Original Plan**," and as subsequently amended, the "**Joint Plan**"). The Original Plan provided for the creation of a Settlement Trust for the payment of abuse survivor claims. [ECF No. 4150, §§ 4.3-4.4, 5.3]. The

#110657687v2

Original Plan also called for the payment of Professional Fee Claims by "the applicable Reorganized Archdiocese or Reorganized Additional Debtor" after the filing of final fee applications. [ECF No. 4150, § 2.2].

3. Certain Abuse Survivors have filed objections, [ECF Nos. 2943, 3363, 3648, & 3891], to Jones Walker's Eleventh Interim Fee Application, [ECF No. 2927]; Twelfth Interim Fee Application, [ECF No. 3240]; Thirteenth Interim Fee Application, [ECF No. 3525]; and Fourteenth Interim Fee Application, [ECF No. 3864], (collectively, the "**Interim Fee Applications**").

4. Although Certain Abuse Survivors opposed the Original Plan, subsequent amendments cleared the way for their support. Indeed, during a hearing on September 22, 2025, counsel for Certain Abuse Survivors announced: "Our clients are thrilled. We are, completely changed our position from plan opponents to plan proponents." [ECF No. 4445, at 7:7-9]. Certain Abuse Survivors were not alone in emphatically supporting the Joint Plan. To be sure, the abuse survivor class voted overwhelmingly in support of the Joint Plan, with 99.59% of survivors who submitted a ballot voting to accept. [ECF No. 4543].

5. On December 8, 2025, following a nine-day confirmation hearing, the Court entered its *Order Confirming Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of December 8, 2025*, [ECF No. 4767], (the "**Confirmation Order**"), confirming the *Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of*

*December 8, 2025*, [ECF No. 4762], (the "**Confirmed Plan**"). The Confirmed Plan, similar to the Original Plan, provides for the transfer of enumerated Settlement Trust Assets to the Settlement Trust. Those assets, resulting in total funding of approximately $230 million, consist of the following:

- $65 million in cash from the Debtor;
- $60 million in cash from the Additional Debtors and $5 million in cash from the Non-Debtor Catholic Entities;
- Two promissory notes totaling $70 million, each secured by a letter of credit; and
- Approximately $30 million from the Settling Insurers.

[ECF No. 4762, § 5.3]. As for Professional Fee Claims, the Confirmed Plan requires "the applicable Reorganized Archdiocese or Reorganized Additional Debtor [to] pay the Allowed amount of each Professional Fee Claim, in full, in Cash, within fifteen (15) days from the date such Claim becomes an Allowed Professional Fee Claim." [*Id.* at § 2.2]. When read together, these provisions make clear that the Confirmed Plan sets aside a fixed sum of compensation for abuse survivors, which amount is not impacted by the payment of Professional Fee Claims.

6. Nevertheless, during a hearing on December 18, 2025, counsel for Certain Abuse Survivors indicated that they intend to prosecute their objections to the Interim Fee Applications and to object to Jones Walker's forthcoming final fee application. This Court continued the hearing on each Interim Fee Application to January 22, 2026, and ordered the parties to brief the issue of standing relative to the Interim Fee Applications and any forthcoming final fee applications. [ECF No. 4811].

7. In the meantime, the Effective Date of the Confirmed Plan occurred on December 26, 2025. [ECF No. 4817].

#110657687v2

**Argument**

A. **Certain Abuse Survivors Are Not Parties in Interest**

8. Under section 1109 of the Bankruptcy Code, "[a] party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). As the Supreme Court explained:

> The general theory behind [§ 1109(b)] is that anyone holding a **direct financial stake** in the outcome of the case should have an opportunity (either directly or through an appropriate representative) to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest.

*Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.,* 602 U.S. 268, 277-78 (2024) (quoting 7 COLLIER ON BANKRUPTCY ¶ 1109.01 (16th ed. 2023)) (emphasis added).

9. The Fifth Circuit has emphasized that limiting bankruptcy standing to those with a direct, financial stake in a given order "narrows the playing field." *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385-86 (5th Cir. 2018). As Judge Willett observed in *Technicool*, "in bankruptcy litigation, as in life, 'the more money we come across, the more problems we see.'" *Id.* at 386 (quoting NOTORIOUS B.I.G., *Mo Money Mo Problems, on* LIFE AFTER DEATH (Bad Boys/Arista 1997)).

10. Here, Certain Abuse Survivors have **no financial stake** in the outcome of the Interim Fee Applications or Jones Walker's forthcoming final fee application. The Confirmed Plan provides that "each Known Abuse Claimant will, in full and final satisfaction, settlement, release, and discharge of its Known Abuse Claim against the Debtor and/or any Additional Debtors, receive such Settlement Trust Distributions as and to the extent provided in the Settlement Trust Documents." [ECF No. 4762, § 4.3(a)]. The Effective Date of the Confirmed Plan occurred on December 26, 2025. As such, Certain Abuse Survivors will receive compensation from the

Settlement Trust "in full and final satisfaction, settlement, release, and discharge of [their] Known Abuse Claim[s]." *See id.*

11. As discussed above, the Settlement Trust is funded with a fixed amount of compensation totaling approximately $230 million. There is no mechanism in the Confirmed Plan for additional consideration to come into the Settlement Trust (except by way of settlement with a Non-Settling Insurer). Further, no mechanism exists by which any "savings" from a reduction in professional fees would be transferred to the Settlement Trust or any other party. In short, any "savings" resulting from a reduction in professional fees would inure to the benefit of the Archdiocese alone and would not affect, in any way, the rights of Certain Abuse Survivors.

12. It is axiomatic that confirmed plans are binding on creditors upon confirmation. 11 U.S.C. § 1141(a). Thus, the express terms of the Confirmed Plan, which were supported by Certain Abuse Survivors, preclude their actions now.

13. As this Court has repeatedly held, nothing in § 1109 permits a party to assert the rights of others. *In re Roman Cath. Church of the Archdiocese of New Orleans, Inc.*, No. 20-10846, 2025 Bankr. LEXIS 3183, at *8 (Bankr. E.D. La. Dec. 9, 2025) (citing *In re AIO US, Inc.*, 672 B.R. 261, 273 (Bankr. D. Del. 2025)). In *In re AIO US, Inc.*, Judge Goldblatt explained that "the case law on party-in-interest standing under § 1109(b) limits an objector to asserting its own rights—it may not assert the rights of others." 672 B.R. at 273. Yet, that is exactly what Certain Abuse Survivors are doing here—asserting the rights of the Debtor with regards to Professional Fee Claims. The Debtor and estate professionals are the ones affected by the Professional Fee Claims.

14. Finally, although Certain Abuse Survivors may have been creditors at one point, their status changed when their pecuniary interests became fixed upon confirmation of the

5

#110657687v2

Confirmed Plan. *See In re Alpha Nat. Res.*, No. 15-33896, 2016 Bankr. LEXIS 4374, at *36 n.18 (Bankr. E.D. Va. Dec. 20, 2016). Indeed, while standing to bring a cause of action is usually assessed at the time the suit was filed, plan confirmation may lead to the "loss" of standing. *See Wooley v. Haynes & Boone, L.L.P. (In re SI Restructuring, Inc.)*, 714 F.3d 860, 864 (5th Cir. 2013) (citing *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351, 355 (5th Cir. 2008)).

### B. Even if Certain Abuse Survivors Are Parties in Interest, They Lack Constitutional Standing

15. Even assuming, *arguendo*, that Certain Abuse Survivors are parties in interest under § 1109(b), they certainly lack Article III standing to proceed.

16. To establish constitutional standing,

> the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical'" . . . . Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

17. Certain Abuse Survivors have not suffered any injury related to Jones Walker's Professional Fee Claims, let alone an injury that is "concrete and particularized." Regardless of whether the Professional Fee Claims are reduced, Certain Abuse Survivors will receive exactly what they bargained for under the Confirmed Plan. The Professional Fee Claims will not be paid directly or indirectly by Certain Abuse Survivors, and their recovery will neither be diminished by the allowance of any Professional Fee Claims nor increased by the disallowance of such claims. Indeed, Certain Abuse Survivors' "substantive rights as creditors in the bankruptcy case [will] not

be[] impaired in any way by" the payment of the Professional Fee Claims. *Cf. Adams v. Roman Cath. Church of the Archdiocese of New Orleans (In re Roman Cath. Church of the Archdiocese of New Orleans)*, 101 F.4th 400, 409-10 (5th Cir. 2024).

18. Moreover, even assuming that Certain Abuse Survivors somehow had stated an injury in fact, such injury could not be redressed by a favorable ruling. "To determine whether an injury is redressable, a court will consider the relationship between 'the judicial relief requested' and the 'injury' suffered." *California v. Texas*, 593 U.S. 659, 671 (2021). In other words, to establish redressability, the plaintiff must show "that a favorable decision will relieve a discrete injury to himself." *Cramer v. Skinner*, 931 F.2d 1020, 1028 (5th Cir. 1991) (quoting *Larson v. Valente*, 456 U.S. 228, 253 n.15 (1982)). Any favorable ruling by this Court on the Interim Fee Applications or Jones Walker's forthcoming final fee application would not relieve any discrete injuries to Certain Abuse Survivors. Again, as stated above, there is no mechanism in the Confirmed Plan by which additional consideration would be transferred to the Settlement Trust or otherwise distributed to Certain Abuse Survivors.

19. As such, Certain Abuse Survivors lack constitutional standing both to proceed with their objections to the Interim Fee Applications and to object to Jones Walker's forthcoming final fee application.

## Conclusion

20. For the reasons stated above, this Court should hold that Certain Abuse Survivors lack standing both to proceed with their objections to the Interim Fee Application and to object to Jones Walker's forthcoming final fee application. Accordingly, Jones Walker respectfully requests that the Court overrule Certain Abuse Survivors' objections to the Interim Fee Applications and

preclude Certain Abuse Survivors from objecting to Jones Walker's forthcoming final fee application.

Dated: January 8, 2026 Respectfully submitted,

*/s/ Mark A. Mintz*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
SAMANTHA A. OPPENHEIM (#38364)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8260
Email: pvance@joneswalker.com
Email: efutrell@joneswalker.com
Email: mmintz@joneswalker.com
Email: soppenheim@joneswalker.com

**ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Brief is being served (a) on January 8, 2026 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, LLC ("**DRC**"). DRC shall file a certificate of service to that effect once service is complete.

*/s/ Mark A. Mintz*
Mark A. Mintz

#110657687v2