UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 20-10846 |
| | § | (JOINTLY ADMINISTERED) |
| THE ROMAN CATHOLIC CHURCH | § | |
| OF THE ARCHDIOCESE OF NEW | § | CHAPTER 11 |
| ORLEANS, | § | COMPLEX CASE |
| | § | |
| DEBTOR. | § | SECTION A |

**REPLY BRIEF OF JONES WALKER LLP REGARDING STANDING OF
CERTAIN ABUSE SURVIVORS TO OBJECT TO PROFESSIONAL FEE CLAMS**

NOW INTO COURT, through undersigned counsel, comes Jones Walker LLP ("**Jones Walker**"), who files this brief (this "**Reply Brief**") in response to *Certain Abuse Survivors' Memorandum in Support of Standing to Object to Interim and Final Fee Applications*, [ECF No. 4827], ("**Certain Abuse Survivors' Brief**"). In support of this Reply Brief, Jones Walker respectfully states as follows:[1]

**Argument**

**A. Certain Abuse Survivors Are Not Parties in Interest**

1. It is axiomatic that "[a] plaintiff must establish standing at the time of filing and maintain it throughout litigation." *Bost v. Ill. State Bd. of Elections*, No. 24-568, slip op. at 2 (U.S. Jan. 14, 2026) (Barrett, J., concurring); *Carney v. Adams*, 592 U.S. 53, 59 (2020); *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000).

2. Certain Abuse Survivors ignore this bedrock principle of law and instead rely on inapposite cases standing for the proposition that a creditor is a party in interest. On this point,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Brief of Jones Walker LLP Regarding Standing of Certain Abuse Survivors to Object to Professional Fee Claims*, [ECF No. 4824], (the "**Opening Brief**").

#110669990v2

Jones Walker agrees—parties in interest include creditors of a bankruptcy estate. However, Certain Abuse Survivors' status changed upon plan confirmation.

3. Certain Abuse Survivors' reliance on *Ridgeway* is wholly misplaced. In *Ridgeway*, this Court considered the objection of a creditor whose claim had not been fully satisfied by the debtor's plan. *In re Ridgeway*, No. 16-10643, 2018 Bankr. LEXIS 531, at *3 (Bankr. E.D. La. Feb. 27, 2018). Because Stryker's prepetition claim remained undetermined post-plan confirmation, the Court found that Stryker still had a pecuniary interest in the bankruptcy estate. *Id.* The Archdiocese's Confirmed Plan, by contrast, fully administers the claims at issue:

> [E]ach Known Abuse Claimant will, **in full and final satisfaction, settlement, release, and discharge of its Known Abuse Claim against the Debtor and/or any Additional Debtors**, receive such Settlement Trust Distributions as and to the extent provided in the Settlement Trust Documents.

ECF No. 4762, § 4.3(a) (emphasis added). Certain Abuse Survivors' argument that they have received less than the "full and final satisfaction, settlement, release, and discharge" of their claims is belied by the terms of the Confirmed Plan.[2]

### B. A Party Must Satisfy Both Constitutional Standing and Statutory Standing

4. Certain Abuse Survivors also forget that even if they were parties in interest, which they are not, they still must satisfy the requirements of Article III. *E.g. Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 646 (S.D. Tex. 2016) ("It is axiomatic that Plaintiffs must satisfy

---

[2] Certain Abuse Survivors' reliance on *In re AVC Villa del Lago at Ocotillo DevCo., L.L.C.*, No. 08-6834, 2010 Bankr. LEXIS 93 (Bankr. D. Ariz. Jan. 6, 2010) is as strange as it is inapposite. In *AVC Villa*, the court held that a creditor plan proponent had standing to object to the debtor's attorneys' fees. *Id.* at *4. Unlike the creditor in *AVC Villa*, Certain Abuse Survivors were not plan proponents here and did not prosecute the Confirmed Plan. *AVC Villa* is wholly irrelevant.

both statutory and constitutional standing requirements to proceed with their case.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998)).[3]

5. As set forth in Jones Walker's Opening Brief, to establish constitutional standing,

> the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical'" . . . . Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

6. As explained in Jones Walker's Opening Brief, Certain Abuse Survivors have not suffered any injury in fact whatsoever. Their contention that the payment of Professional Fee Claims reduces the amount available to creditors rings hollow because Certain Abuse Survivors have settled their claims. Furthermore, the alleged injury—depletion of estate resources that could have been paid to creditors—is not a particularized injury affecting Certain Abuse Survivors any more or any less than any other creditor.

7. Certain Abuse Survivors also wholly fail to address redressability. Under the terms of the Confirmed Plan, there is no mechanism to increase the funds available in the Settlement Trust for the benefit of Certain Abuse Survivors. As such, any "savings" derived from Certain Abuse Survivors' fee objections would inure solely to the benefit of the Archdiocese.

---

[3] For this reason, the United States Trustee's reliance on statutory predicates for its own standing also fails.

8. Finally, Certain Abuse Survivors' stated intent to file objections "regardless of standing" is the very definition of vexatious litigation and will expose their counsel to appropriate sanctions. *See* 28 U.S.C. § 1927.[4]

9. Certain Abuse Survivors' threat to continue their blatant disregard for this Court's orders in a misguided attempt to "help" the Court is the height of arrogance. They have no standing to complain, but they continue to litigate anyway. That is very strange behavior for clients who are "thrilled" about the plan. [ECF No. 4446, at 7:7-9].

## **Conclusion**

10. For the reasons stated above and in the Opening Brief, this Court should hold that Certain Abuse Survivors lack standing both to proceed with their objections to the Interim Fee Application and to object to Jones Walker's forthcoming final fee application. Accordingly, Jones Walker respectfully requests that the Court overrule Certain Abuse Survivors' objections to the Interim Fee Applications and preclude Certain Abuse Survivors from objecting to Jones Walker's forthcoming final fee application.

[*Signature Page Follows*]

---

[4] This Court previously sanctioned counsel for Certain Abuse Survivors for violating this Court's protective order. [ECF No. 1844]. The Fifth Circuit affirmed those sanctions on January 2, 2026. *Trahant v. Off. Comm. of Unsecured Creditors (In re Roman Cath. Church of the Archdiocese of New Orleans)*, No. 23-30466, 2026 U.S. App. LEXIS 32 (5th Cir. Jan. 2, 2026).

| | |
|---|---|
| Dated: January 15, 2026 | Respectfully submitted,<br><br>*/s/ Mark A. Mintz*<br>R. PATRICK VANCE (#13008)<br>ELIZABETH J. FUTRELL (#05863)<br>MARK A. MINTZ (#31878)<br>SAMANTHA A. OPPENHEIM (#38364)<br>Jones Walker LLP<br>201 St. Charles Avenue, 51st Floor<br>New Orleans, LA 70170<br>Telephone: (504) 582-8000<br>Facsimile: (504) 589-8260<br>Email: pvance@joneswalker.com<br>Email: efutrell@joneswalker.com<br>Email: mmintz@joneswalker.com<br>Email: soppenheim@joneswalker.com<br><br>**ATTORNEYS FOR**<br>**THE ROMAN CATHOLIC CHURCH OF**<br>**THE ARCHDIOCESE OF NEW ORLEANS** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Reply Brief is being served (a) on January 15, 2026 by electronic case filing for those parties receiving notice via the Court's Electronic Case Filing system, and (b) by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22], to be sent by Donlin Recano & Company, LLC ("**DRC**"). DRC shall file a certificate of service to that effect once service is complete.

*/s/ Mark A. Mintz*
Mark A. Mintz

#110669990v2