# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| | (JOINTLY ADMINISTERED) |
| THE ROMAN CATHOLIC CHURCH | |
| OF THE ARCHDIOCESE OF | CHAPTER 11 |
| NEW ORLEANS,[1] | COMPLEX CASE |

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125. An Order directing joint administration of the Chapter 11 bankruptcy case of The Roman Catholic Church of The Archdiocese of New Orleans, [No. 20-10846], as lead case, with the Chapter 11 bankruptcy cases of (i) All Saints Roman Catholic Church, New Orleans, Louisiana, [No. 25-12579], (ii) Annunciation Of The Blessed Virgin Mary Roman Catholic Church, Bogalusa, Louisiana, [No. 25-12580], (iii) Ascension Of Our Lord Roman Catholic Church, Laplace, Louisiana, [No. 25-12581], (iv) The Visitation Of Our Lady Roman Catholic Church, Marrero, Louisiana, [No. 25-12582], (v) Assumption Of Mary Roman Catholic Church, Avondale, Louisiana, [No. 25-12583], (vi) Assumption Of The Blessed Virgin Mary Roman Catholic Church Braithwaite, Louisiana, [No. 25-12584], (vii) Blessed Francis Xavier Seelos Roman Catholic Church, New Orleans, Louisiana, [No. 25-12585], (viii) Blessed Sacrament-St. Joan Of Arc Roman Catholic Church, New Orleans, Louisiana, [No. 25-12586], (ix) The Congregation Of St. Rita Roman Catholic Church Of Harahan, [No. 25-12587], (x) Blessed Trinity Roman Catholic Church, New Orleans, Louisiana, [No. 25-12588], (xi) Christ The King Roman Catholic Church, Gretna, Louisiana, [No. 25-12589], (xii) Corpus Christi-Epiphany Roman Catholic Church, New Orleans, Louisiana, [No. 25- 12590], (xiii) Divine Mercy Roman Catholic Church, Kenner, Louisiana, [No. 25-12591], (xiv) Good Shepherd Roman Catholic Church, New Orleans, Louisiana, [No. 25-12592], (xv) Sts. Peter And Paul Roman Catholic Church, Pearl River, Louisiana, [No. 25-12593], (xvi) Holy Family Roman Catholic Church, Franklinton, Louisiana, [No. 25-12594], (xvii) St. Thomas Roman Catholic Church, Pointe A La Hache, Louisiana, [No. 25-12595], (xviii) Holy Family Roman Catholic Church, Luling, Louisiana, [No. 25-12596], (xix) St. Rita Roman Catholic Church, New Orleans, Louisiana, [No. 25-12597], (xx) Holy Name Of Mary Roman Catholic Church, New Orleans, Louisiana, [No. 25-12598], (xxi) St. Rita Roman Catholic Church, Harahan, Louisiana, [No. 25-12599], (xxii) Holy Spirit Roman Catholic Church, New Orleans, Louisiana, [No. 25-12600], (xxiii) St. Raymond And St. Leo The Great Roman Catholic Church, New Orleans, Louisiana, [No. 25-12601], (xxiv) Immaculate Conception Roman Catholic Church, Marrero, Louisiana, [No. 25-12602], (xxv) Immaculate Conception Roman Catholic Church, New Orleans, Louisiana, [No. 25-12603], (xxvi) St. Pius X Roman Catholic Church, New Orleans, Louisiana, [No. 25-12604], (xxvii) Mary Queen Of Peace Roman Catholic Church, Mandeville, Louisiana, [No. 25-12605], (xxviii) St. Philip Neri Roman Catholic Church, Metairie, Louisiana, [No. 25-12606], (xxix) Mary Queen Of Vietnam Roman Catholic Church, New Orleans, Louisiana, [No. 25-12607], (xxx) St. Peter's Roman Catholic Church, Covington, Louisiana, [No. 25-12608], (xxxi) Mary, Help Of Christians Roman Catholic Church, Harvey, Louisiana, [No. 25-12610], (xxxii) St. Peter Roman Catholic Church, Reserve, Louisiana, [No. 25-12611], (xxxiii) Mater Dolorosa Roman Catholic Church, New Orleans, Louisiana, [No. 25- 12612], (xxxiv) St. Peter Claver Roman Catholic Church, New Orleans, Louisiana, [No. 25-12613], (xxxv) Most Holy Name Of Jesus Roman Catholic Church, New Orleans, Louisiana, [No. 25-12614], (xxxvi) St. Paul The Apostle Roman Catholic Church, New Orleans, Louisiana, [No. 25-12615], (xxxvii) Most Holy Trinity Roman Catholic Church, Covington, Louisiana, [No. 25-12616], (xxxviii) St. Patrick's Roman Catholic Church, Port Sulphur, Louisiana, [No. 25-12617], (xxxix) Our Lady Of Divine Providence Roman Catholic Church, Metairie, Louisiana, [No. 25-12618], (xl) St. Patrick's Roman Catholic Church, New Orleans, Louisiana, [No. 25-12619], (xli) St. Michael The Archangel Roman Catholic Church, Paradis, Louisiana, [No. 25-12620], (xlii) Our Lady Of Grace Roman Catholic Church, Reserve, Louisiana, [No. 25-12621], (xliii) St. Martin De Porres Roman Catholic Church, New Orleans, Louisiana, [No. 25-12622], (xliv) Our Lady Of Lavang Roman Catholic Church, New Orleans, Louisiana, [No. 25-12623], (xlv) St. Matthew The Apostle Roman Catholic Church, River Ridge, Louisiana, [No. 25-12624], (xlvi) Our Lady Of Lourdes Roman Catholic Church, Slidell, Louisiana, [No. 25-12625], (xlvii) St. Mary's Roman Catholic Church, New Orleans, Louisiana, [No. 25-12626], (xlviii) Our Lady Of Lourdes Roman Catholic Church, Violet, Louisiana, [No. 25-12627], (xlix) St. Mary Magdalen Roman Catholic Church, Metairie, Louisiana, [No. 25-12628], (l) Our Lady Of Perpetual Help Roman Catholic Church, Belle Chasse, Louisiana, [No. 25-12629], (li) Our Lady Of Perpetual Help Roman Catholic Church, Kenner, Louisiana, [No. 25-12630], (lii) Our Lady Of Prompt Succor Roman Catholic Church, Chalmette, Louisiana, [No. 25-12632], (liii) St.

Martha Roman Catholic Church, Harvey, Louisiana, [No. 25-12633], (liv) Our Lady Of Prompt Succor Roman Catholic Church, Westwego, Louisiana, [No. 25-12634], (lv) St. Mark Roman Catholic Church, Ama, Louisiana, [No. 25-12635], (lvi) Our Lady Of The Holy Rosary Roman Catholic Church, Hahnville, Louisiana, [No. 25-12636], (lvii) Our Lady Of The Lake Roman Catholic Church, Mandeville, Louisiana, [No. 25-12637], (lviii) St. Maria Goretti Roman Catholic Church, New Orleans, Louisiana, [No. 25-12638], (lix) Our Lady Of The Rosary Roman Catholic Church, New Orleans, Louisiana, [No. 25-12639], (lx) St. Margaret Mary Roman Catholic Church, Slidell, Louisiana, [No. 25-12640], (lxi) Resurrection Of Our Lord Roman Catholic Church, New Orleans, Louisiana, [No. 25-12641], (lxii) St. Luke The Evangelist Roman Catholic Church, Slidell, Louisiana, [No. 25-12642], (lxiii) Sacred Heart Of Jesus Roman Catholic Church, Lacombe, Louisiana, [No. 25-12644], (lxiv) St. Louis, King Of France, Roman Catholic Church, Metairie, Louisiana, [No. 25-12645], (lxv) Sacred Heart Of Jesus Roman Catholic Church, Norco, Louisiana, [No. 25-12646], (lxvi) St. Katharine Drexel Roman Catholic Church, New Orleans, Louisiana, [No. 25-12647], (lxvii) St. Agnes Le Thi Thanh Roman Catholic Church, Marrero, Louisiana, [No. 25-12650], (lxviii) St. Josephine Bakhita Roman Catholic Church, New Orleans, Louisiana, [No. 25-12651], (lxix) St. Agnes Roman Catholic Church, Jefferson, Louisiana, [No. 25-12652], (lxx) St. Joseph's Roman Catholic Church, Gretna, Louisiana, [No. 25-12653], (lxxi) St. Joseph The Worker Roman Catholic Church, Marrero, Louisiana, [No. 25-12654], (lxxii) St. Andrew The Apostle Roman Catholic Church, New Orleans, Louisiana, [No. 25-12655], (lxxiii) St. Joseph Roman Catholic Church, Algiers, Louisiana, [No. 25-12657], (lxxiv) St. Angela Merici Roman Catholic Church, Metairie, Louisiana, [No. 25-12658], (lxxv) St. John The Baptist Roman Catholic Church, Folsom, Louisiana, [No. 25-12659], (lxxvi) St. Ann Roman Catholic Church And Shrine, Metairie, Louisiana, [No. 25-12660], (lxxvii) St. John The Baptist Roman Catholic Church, Edgard, Louisiana, [No. 25-12661], (lxxviii) St. John Paul Ii Roman Catholic Church, Waggaman, Louisiana, [No. 25-12663], (lxxix) St. Anselm Roman Catholic Church, Madisonville, Louisiana, [No. 25- 12664], (lxxx) St. John Of The Cross Roman Catholic Church, Lacombe, Louisiana, [No. 25-12665], (lxxxi) St. Anthony Of Barataria Roman Catholic Church, Lafitte, Louisiana, [No. 25-12667], (lxxxii) St. Joan Of Arc Roman Catholic Church, Laplace, Louisiana, [No. 25-12668], (lxxxiii) St. Joachim Roman Catholic Church, Marrero, Louisiana, [No. 25-12669], (lxxxiv) St. Jerome Roman Catholic Church, Kenner, Louisiana, [No. 25-12670], (lxxxv) St. Anthony Of Padua Roman Catholic Church, Luling, Louisiana, [No. 25-12671], (lxxxvi) St. Jane De Chantal Roman Catholic Church, Abita Springs, Louisiana, [No. 25-12672], (lxxxvii) St. Anthony Of Padua Roman Catholic Church, New Orleans, Louisiana, [No. 25-12673], (lxxxviii) St. Anthony Roman Catholic Church, Gretna, Louisiana, [No. 25-12674], (lxxxix) St. Augustine Roman Catholic Church, New Orleans, Louisiana, [No. 25-12675], (xc) St. Genevieve Roman Catholic Church, Slidell, Louisiana, [No. 25-12676], (xci) St. Benedict Roman Catholic Church, Covington, Louisiana, [No. 25-12677], (xcii) St. Francis Xavier Roman Catholic Church, Metairie, Louisiana, [No. 25-12678], (xciii) St. Benilde Roman Catholic Church, Metairie, Louisiana, [No. 25- 12679], (xciv) St. Francis Of Assisi Roman Catholic Church, New Orleans, Louisiana, [No. 25-12680], (xcv) St. Bernard Roman Catholic Church, St. Bernard, Louisiana, [No. 25-12681], (xcvi) St. Edward The Confessor Roman Catholic Church, Metairie, Louisiana, [No. 25-12682], (xcvii) St. Catherine Of Siena Roman Catholic Church, Metairie, Louisiana, [No. 25-12683], (xcviii) St. Dominic's Roman Catholic Church, New Orleans, Louisiana, [No. 25-12684], (xcix) St. Charles Borromeo Roman Catholic Church, Destrehan, Louisiana, [No. 25-12685], (c) St. David Roman Catholic Church, New Orleans, Louisiana, [No. 25-12686], (ci) St. Christopher Roman Catholic Church, Metairie, Louisiana, [No. 25-12687], (cii) St. Cletus Roman Catholic Church, Gretna, Louisiana, [No. 25-12688], (ciii) St. Clement Of Rome Roman Catholic Church, Metairie, Louisiana, [No. 25-12689], (civ) Blessed Sacrament, Inc., [No. 25-12690], (cv) The Congregation Of The Holy Trinity Roman Catholic Church, [No. 25-12691], (cvi) Epiphany, Inc., [No. 25-12692], (cvii) The Congregation Of The Annunciation Roman Catholic Church, [No. 25-12693], (cviii) The Congregation Of St. Cecelia Roman Catholic Church, [No. 25-12694], (cix) Immaculate Heart Of Mary, Inc., [No. 25-12695], (cx) Incarnate Word, Inc., [No. 25-12696], (cxi) The Congregation Of Saints Peter And Paul Roman Catholic Church, [No. 25-12697], (cxii) St. Theresa Of The Child Jesus, Inc., [No. 25-12698], (cxiii) Our Lady Of Good Harbor, Inc., [No. 25-12699], (cxiv) St. Theresa Of Avila, Inc., [No. 25-12700], (cxv) Our Lady Of Good Counsel, Inc., [No. 25-12701], (cxvi) St. Rose Of Lima, Inc., [No. 25- 12702], (cxvii) Our Lady Of Lourdes, New Orleans, Louisiana, Inc., [No. 25-12703], (cxviii) St. Raymond's, Inc., [No. 25-12704], (cxix) Our Lady Of The Sacred Heart, New Orleans, Louisiana, Inc., [No. 25-12705], (cxx) St. Philip The Apostle, Inc., [No. 25-12706], (cxxi) Our Lady Star Of The Sea, Inc., [No. 25-12707], (cxxii) St. Monica, Inc., [No. 25-12708], (cxxiii) St. Ann, New Orleans, Louisiana, Inc., [No. 25-12709], (cxxiv) St. Maurice, Inc., [No. 25-12710], (cxxv) St. Bonaventure, Inc., [No. 25-12711], (cxxvi) St. Louise De Marillac, Inc., [No. 25-12712], (cxxvii) St. Frances Xavier Cabrini, Inc., [No. 25-12713], (cxxviii) St. Lawrence The Martyr, Inc., [No. 25-12715], (cxxix) St. Julian Eymard, Inc., [No. 25- 12716], (cxxx) St. Francis De Salles, Inc., [No. 25-12717], (cxxxi) St. John The Baptist, New Orleans, Louisiana, Inc., [No. 25-12718], (cxxxii) St. Gabriel, Inc., [No. 25-12719], (cxxxiii) St. John Bosco, Inc., [No. 25-12720], (cxxxiv) St.

**DEBTOR**                                                                                    **SECTION "A"**

---

Gertrude, Inc., [No. 25-12721], (cxxxv) St. James Major, Inc., [No. 25-12723], (cxxxvi) St. Henry's, Inc., [No. 25-12724], (cxxxvii) St. Hubert, Inc., [No. 25-12725], (cxxxviii) Archdiocesan Spirituality Center, [No. 25-12726], (cxxxix) Catholic Charities Archdiocese Of New Orleans, [No. 25-12727], (cxl) Catholic Charities Children's Day Care Centers, [No. 25-12728], (cxli) Catholic Charities Group Homes, [No. 25-12729], (cxlii) Clarion Herald Publishing Company, [No. 25- 12730], (cxliii) Korean Catholic Community Of New Orleans, Inc., [No. 25-12731], (cxliv) Notre Dame Seminary, [No. 25-12732], (cxlv) Our Lady Of Mount Carmel Latin Mass Community, Covington, Louisiana, [No. 25-12733], (cxlvi) Pace Greater New Orleans, [No. 25-12734], (cxlvii) Padua House, [No. 25-12735], (cxlviii) Philmat, Inc., [No. 25-12736], (cxlix) Project Lazarus, [No. 25-12737], (cl) Roman Catholic Center Of Jesus The Lord, [No. 25-12738], (cli) School Food And Nutrition Services Of New Orleans, Inc., [No. 25-12739], (clii) Second Harvest Food Bank Of Greater New Orleans And Acadiana, [No. 25-12740], (cliii) St. Jude Community Center, Inc., [No. 25-12741], (cliv) St. Michael Special School, [No. 25-12742], (clv) St. Therese Catholic Academy, [No. 25-12743], and (clvi) The Society For The Propagation Of The Faith, Archdiocese Of New Orleans, [No. 25-12744], was entered on November 13, 2025, [No. 20-10846, ECF Doc. 4603; No. 25-12579, ECF Doc. 4; No. 25-12580, ECF Doc. 4; No. 25- 12581, ECF Doc. 4; No. 25-12583, ECF Doc. 4; No. 25-12584, ECF Doc. 4; No. 25-12585, ECF Doc. 4; No. 25-12586, ECF Doc. 4; No. 25-12587, ECF Doc. 4; No. 25-12588, ECF Doc. 4; No. 25-12589, ECF Doc. 4; No. 25-12590, ECF Doc. 4; No. 25-12591, ECF Doc. 4; No. 25-12592, ECF Doc. 4; No. 25-12593, ECF Doc. 4; No. 25-12594, ECF Doc. 4; No. 25-12595, ECF Doc. 4; No. 25-12596, ECF Doc. 4; No. 25-12597, ECF Doc. 4; No. 25-12598, ECF Doc. 4; No. 25-12599, ECF Doc. 4; No. 25-12600, ECF Doc. 4; No. 25-12601, ECF Doc. 4; No. 25-12602, ECF Doc. 4; No. 25-12603, ECF Doc. 4; No. 25-12604, ECF Doc. 4; No. 25-12605, ECF Doc. 4; No. 25-12606, ECF Doc. 4; No. 25-12607, ECF Doc. 4; No. 25-12608, ECF Doc. 4; No. 25-12610, ECF Doc. 4; No. 25-12611, ECF Doc. 4; No. 25- 12612, ECF Doc. 4; No. 25-12613, ECF Doc. 4; No. 25-12614, ECF Doc. 4; No. 25-12615, ECF Doc. 4; No. 25-12616, ECF Doc. 4; No. 25-12617, ECF Doc. 4; No. 25-12618, ECF Doc. 4; No. 25-12619, ECF Doc. 4; No. 25-12620, ECF Doc. 4; No. 25-12621, ECF Doc. 4; No. 25-12622, ECF Doc. 5; No. 25-12623, ECF Doc. 4; No. 25-12624, ECF Doc. 4; No. 25-12625, ECF Doc. 4; No. 25-12626, ECF Doc. 4; No. 25- 12627, ECF Doc. 4; No. 25-12628, ECF Doc. 4; No. 25-12629, ECF Doc. 4; No. 25-12630, ECF Doc. 4; No. 25-12632, ECF Doc. 4; No. 25-12633, ECF Doc. 4; No. 25-12634, ECF Doc. 4; No. 25-12635, ECF Doc. 4; No. 25-12636, ECF Doc. 4; No. 25-12637, ECF Doc. 4; No. 25-12638, ECF Doc. 4; No. 25-12639, ECF Doc. 4; No. 25-12640, ECF Doc. 4; No. 25-12641, ECF Doc. 4; No. 25-12642, ECF Doc. 4; No. 25- 12644, ECF Doc. 4; No. 25-12645, ECF Doc. 4; No. 25-12646, ECF Doc. 4; No. 25-12647, ECF Doc. 4; No. 25-12650, ECF Doc. 4; No. 25-12651, ECF Doc. 4; No. 25-12652, ECF Doc. 4; No. 25-12653, ECF Doc. 4; No. 25-12654, ECF Doc. 4; No. 25-12655, ECF Doc. 4; No. 25-12657, ECF Doc. 4; No. 25-12658, ECF Doc. 4; No. 25-12659, ECF Doc. 4; No. 25-12660, ECF Doc. 4; No. 25-12661, ECF Doc. 4; No. 25-12663, ECF Doc. 4; No. 25-12664, ECF Doc. 4; No. 25-12665, ECF Doc. 4; No. 25-12667, ECF Doc. 4; No. 25-12668, ECF Doc. 4; No. 25-12669, ECF Doc. 4; No. 25-12670, ECF Doc. 4; No. 25-12671, ECF Doc. 4; No. 25-12672, ECF Doc. 4; No. 25-12673, ECF Doc. 4; No. 25-12674, ECF Doc. 4; No. 25-12675, ECF Doc. 4; No. 25-12676, ECF Doc. 4; No. 25-12677, ECF Doc. 4; No. 25-12678, ECF Doc. 4; No. 25- 12679, ECF Doc. 4; No. 25-12680, ECF Doc. 4; No. 25-12681, ECF Doc. 4; No. 25-12682, ECF Doc. 4; No. 25-12683, ECF Doc. 4; No. 25-12684, ECF Doc. 4; No. 25-12685, ECF Doc. 4; No. 25-12686, ECF Doc. 4; No. 25-12687, ECF Doc. 4; No. 25-12688, ECF Doc. 4; No. 25-12689, ECF Doc. 4; No. 25-12690, ECF Doc. 4; No. 25-12691, ECF Doc. 4; No. 25-12692, ECF Doc. 4; No. 25-12693, ECF Doc. 4; No. 25- 12694, ECF Doc. 4; No. 25-12695, ECF Doc. 4; No. 25-12696, ECF Doc. 4; No. 25-12697, ECF Doc. 4; No. 25-12698, ECF Doc. 4; No. 25-12699, ECF Doc. 5; No. 25-12700, ECF Doc. 4; No. 25-12701, ECF Doc. 4; No. 25-12702, ECF Doc. 4; No. 25-12703, ECF Doc. 4; No. 25-12704, ECF Doc. 4; No. 25-12705, ECF Doc. 4; No. 25-12706, ECF Doc. 4; No. 25-12707, ECF Doc. 4; No. 25-12708, ECF Doc. 4; No. 25- 12709, ECF Doc. 4; No. 25-12710, ECF Doc. 4; No. 25-12711, ECF Doc. 4; No. 25-12712, ECF Doc. 4; No. 25-12713, ECF Doc. 4; No. 25-12715, ECF Doc. 4; No. 25-12716, ECF Doc. 4; No. 25-12717, ECF Doc. 4; No. 25-12718, ECF Doc. 4; No. 25-12719, ECF Doc. 4; No. 25-12720, ECF Doc. 4; No. 25-12721, ECF Doc. 4; No. 25-12723, ECF Doc. 4; No. 25-12724, ECF Doc. 4; No. 25-12725, ECF Doc. 4; No. 25-12726, ECF Doc. 4; No. 25-12727, ECF Doc. 4; No. 25-12728, ECF Doc. 4; No. 25-12729, ECF Doc. 3; No. 25-12730, ECF Doc. 4; No. 25-12731, ECF Doc. 4; No. 25-12732, ECF Doc. 4; No. 25-12733, ECF Doc. 4; No. 25-12734, ECF Doc. 4; No. 25-12735, ECF Doc. 4; No. 25-12736, ECF Doc. 4; No. 25-12737, ECF Doc. 4; No. 25-12738, ECF Doc. 4; No. 25-12739, ECF Doc. 4; No. 25-12740, ECF Doc. 4; No. 25- 12741, ECF Doc. 4; No. 25-12742, ECF Doc. 4; No. 25-12743, ECF Doc. 4; No. 25-12744, ECF Doc. 4].

**FEE APPLICATION COVER SHEET**
**FOURTEENTH AND FINAL FEE APPLICATION OF STEWART ROBBINS BROWN & ALTAZAN LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FORMER COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED COMMERCIAL CREDITORS FOR THE <u>PERIOD OF NOVEMBER 1, 2025 THROUGH DECEMBER 25, 2025</u>**

| Name of Applicant | Stewart Robbins Brown & Altazan, LLC | | |
|---|---|---|---|
| Name of Client | The Official Committee of Unsecured Commercial Creditors | | |
| Petition Date | May 1, 2020 | | |
| Retention Date | Effective to March 15, 2021 | | |
| Date of Order Approving Employment | May 20, 2021 [ECF Doc. 874] | | |
| Dates and Amounts of Compensation Approved in Previous Requests | Period Covered | Amounts | Docket |
| | 3.16.21 – 7.31.21 | Fees: $158,221.50 Expenses: $4,907.91 Total: $163,129.41 | 1143 |
| | 7.1.21[2] – 11.30.21 | Fees: $167,110.50 Expenses: $6,742.60 Total: $173,853.10 | 1250 |
| | 12.1.21 – 3.31.22 | Fees: $358,274.50 Expenses: $6,622.10 Total: $364,896.60 | 1551 |
| | 4.1.22 – 7.31.22 | Fees: $296,710.00 Expenses: $4,928.63 Total: $301,638.63 | 1904 |
| | 8.1.22 – 11.30.22 | Fees: $358,000.00 Expenses: $5,198.30 Total: $363,193.30 | 2152 |
| | 12.1.22 – 3.31.23 | Fees: $297,495.00 Expenses: $6,893.52 Total: $304,388.52 | 2375 |
| | 4.1.23 – 7.31.23 | Fees: $183,380.00 Expenses: $9,563.02 Total: $192,943.02 | 2638 |
| | 8.1.23 – 11.30.23 | Fees: $254,665.00 Expenses: $8,454.38 Total: $263,119.38 | 2823 |

---

[2] While the time-period overlaps slightly with its first interim fee application, SRBA only sought payment for additional, uncompensated work and expenses incurred during this time frame. *See* ECF Doc. 1217, at note 2.

| | 12.1.23 – 3.31.24 | Fees: $287,145.00<br>Expenses: $8,714.32<br>Total: $295,859.32 | 3172 |
|---|---|---|---|
| | 4.1.24 – 7.31.24 | Fees: $144,160.00<br>Expenses: $6,727.74<br>Total: $150,887.74 | 3639 |
| | 8.1.24 – 11.30.24 | Fees: $203,790.00<br>Expenses: $7,709.75<br>Total: $211,499.75 | 3920 |
| | 12.1.24 – 3.31.25 | Fees: $219,390.00<br>Expenses: $8,364.30<br>Total: $227,754.30 | 4286 |
| | 4.1.25 – 10.31.25 | Fees: $1,040,065.00<br>Expenses: $24,250.51<br>Total: $1,064,315.51 | 4788 |
| Fee Application Type | Fourteenth and Final Fee Application (the "Final Application") | | |
| Total Compensation Sought Between Nov. 1, 2025 and Dec. 25, 2025 | $147,760.00 | | |
| Total Expenses Sought Between Nov. 1, 2025 and Dec. 25, 2025 | $1,925.19 | | |
| Total Compensation Previously Awarded on an Interim Basis | $3,968,406.50 | | |
| Total Expenses Previously Awarded on an Interim Basis | $109,077.08 | | |
| Total Amount Sought | $4,227,168.77 | | |

In the above captioned bankruptcy case (the "Bankruptcy Case"), Stewart Robbins Brown & Altazan, LLC ("SRBA") rendered services in favor of the Official Committee of Unsecured Commercial Creditors (the "Commercial Committee"). Through this Final Application, SRBA seeks final allowance of the following fees and expenses: (a) for the period between November 1, 2025 and December 25, 2025 (the "Fourteenth Application Period"), compensation for professionals in the amount of $147,760.00 and reimbursement of actual and necessary expenses in the amount of $1,925.19; and (b) for the period between March 16, 2021 and October 31, 2025, $3,968,406.50 in professional compensation and $109,077.08 in expenses that were previously allowed on an interim basis.

The fee statements for each month covered by the Fourteenth Application Period can be summarized as follows:

| | Invoices Circulated | | | Approved per Procedure in Complex Case Rules | |
|---|---|---|---|---|---|
| Invoice (Date) | Period Covered | Fees | Expenses | Fees (at 80%) | Expenses |
| Inv. 1852 (12/9/25) | Nov. 1, 2025 – Nov. 30, 2025 | $98,585.00 | $977.47 | $78,868.00 | $977.47 |
| Inv. 1864 (1/7/26) | Dec. 1, 2025 – Dec. 25, 2025 | $49,175.00[3] | $947.72 | $39,340.00 | $947.72 |
| **TOTALS** | | **$147,760.00** | **$1,925.19** | **$118,208.00** | **$1,925.19** |

The SRBA professionals who rendered services in favor of the Commercial Committee during the Fourteenth Application Period are:

| Professional | Title | Year Licensed | Blended Rate | Amount | Percent | Hours | Percent |
|---|---|---|---|---|---|---|---|
| Abigail W. Mock | Associate | LA - 2024 | $400.00 | $680.00 | 0.46% | 1.70 | 0.63% |
| Brandon A. Brown | Member | LA - 1998 | $650.00 | $24,050.00 | 16.28% | 37.00 | 13.78% |
| Brooke W. Altazan | Member | LA - 2009 | $550.00 | $103,565.00 | 70.09% | 188.30 | 70.13% |
| Kimberly A. Heard | Paralegal | n/a | $300.00 | $1,740.00 | 1.18% | 5.80 | 2.16% |
| Nicholas J. Smeltz | Associate | LA - 2019 | $450.00 | $12,330.00 | 8.34% | 27.40 | 10.20% |
| William S. Robbins | Member | LA - 1996 | $650.00 | $5,395.00 | 3.65% | 8.30 | 3.09% |
| **Total** | | | **$550.32** | **$147,760.00** | **100.00%** | **268.50** | **100.00%** |

The time and fees devoted to each ABA Bankruptcy Project Code during the Fourteenth Application Period are as follows:

| ABA Bankruptcy Project Task Code | Amount | Percent | Hours | Percent |
|---|---|---|---|---|
| B110 Case Administration | $165.00 | 0.11% | 0.30 | 0.11% |
| B140 Relief from Stay/Adequate Protection Proceedings | $55.00 | 0.04% | 0.10 | 0.04% |
| B150 Meetings of and Communications with Creditors | $2,275.00 | 1.54% | 3.90 | 1.45% |
| B160 Fee/Employment Applications | $25,800.00 | 17.46% | 53.20 | 19.81% |
| B170 Fee/Employment Objections | $715.00 | 0.48% | 1.30 | 0.48% |
| B190 Other Contested Matters | $7,420.00 | 5.02% | 13.40 | 4.99% |
| B310 Claims Administration and Objections | $635.00 | 0.43% | 1.10 | 0.41% |
| B320 Plan and Disclosure Statement | $110,695.00 | 74.92% | 195.20 | 72.70% |
| **Total** | **$147,760.00** | **100.00%** | **268.50** | **100.00%** |

---

[3] SRBA has excluded its fees incurred on December 26, 2025 and beyond from this Final Application.

The expenses incurred during the Fourteenth Application Period are comprised of the following:

| Expense | Amount |
|---|---:|
| Copies | $502.60 |
| Everlaw | $344.76 |
| Lexis | $3.55 |
| Mileage and Parking | $1,073.68 |
| PACER | $0.60 |
| **Total** | **$1,925.19** |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 20-10846 |
| | (JOINTLY ADMINISTERED) |
| THE ROMAN CATHOLIC CHURCH | |
| OF THE ARCHDIOCESE OF | CHAPTER 11 |
| NEW ORLEANS,[1] | COMPLEX CASE |

---

[1] The last four digits of the Debtor's federal tax identification number are 8966. The Debtor's principal place of business is located at 7887 Walmsley Ave., New Orleans, LA 70125. An Order directing joint administration of the Chapter 11 bankruptcy case of The Roman Catholic Church of The Archdiocese of New Orleans, [No. 20-10846], as lead case, with the Chapter 11 bankruptcy cases of (i) All Saints Roman Catholic Church, New Orleans, Louisiana, [No. 25-12579], (ii) Annunciation Of The Blessed Virgin Mary Roman Catholic Church, Bogalusa, Louisiana, [No. 25-12580], (iii) Ascension Of Our Lord Roman Catholic Church, Laplace, Louisiana, [No. 25-12581], (iv) The Visitation Of Our Lady Roman Catholic Church, Marrero, Louisiana, [No. 25-12582], (v) Assumption Of Mary Roman Catholic Church, Avondale, Louisiana, [No. 25-12583], (vi) Assumption Of The Blessed Virgin Mary Roman Catholic Church Braithwaite, Louisiana, [No. 25-12584], (vii) Blessed Francis Xavier Seelos Roman Catholic Church, New Orleans, Louisiana, [No. 25-12585], (viii) Blessed Sacrament-St. Joan Of Arc Roman Catholic Church, New Orleans, Louisiana, [No. 25-12586], (ix) The Congregation Of St. Rita Roman Catholic Church Of Harahan, [No. 25-12587], (x) Blessed Trinity Roman Catholic Church, New Orleans, Louisiana, [No. 25-12588], (xi) Christ The King Roman Catholic Church, Gretna, Louisiana, [No. 25-12589], (xii) Corpus Christi-Epiphany Roman Catholic Church, New Orleans, Louisiana, [No. 25- 12590], (xiii) Divine Mercy Roman Catholic Church, Kenner, Louisiana, [No. 25-12591], (xiv) Good Shepherd Roman Catholic Church, New Orleans, Louisiana, [No. 25-12592], (xv) Sts. Peter And Paul Roman Catholic Church, Pearl River, Louisiana, [No. 25-12593], (xvi) Holy Family Roman Catholic Church, Franklinton, Louisiana, [No. 25-12594], (xvii) St. Thomas Roman Catholic Church, Pointe A La Hache, Louisiana, [No. 25-12595], (xviii) Holy Family Roman Catholic Church, Luling, Louisiana, [No. 25-12596], (xix) St. Rita Roman Catholic Church, New Orleans, Louisiana, [No. 25-12597], (xx) Holy Name Of Mary Roman Catholic Church, New Orleans, Louisiana, [No. 25-12598], (xxi) St. Rita Roman Catholic Church, Harahan, Louisiana, [No. 25-12599], (xxii) Holy Spirit Roman Catholic Church, New Orleans, Louisiana, [No. 25-12600], (xxiii) St. Raymond And St. Leo The Great Roman Catholic Church, New Orleans, Louisiana, [No. 25-12601], (xxiv) Immaculate Conception Roman Catholic Church, Marrero, Louisiana, [No. 25-12602], (xxv) Immaculate Conception Roman Catholic Church, New Orleans, Louisiana, [No. 25-12603], (xxvi) St. Pius X Roman Catholic Church, New Olreans, Louisiana, [No. 25-12604], (xxvii) Mary Queen Of Peace Roman Catholic Church, Mandeville, Louisiana, [No. 25-12605], (xxviii) St. Philip Neri Roman Catholic Church, Metairie, Louisiana, [No. 25-12606], (xxix) Mary Queen Of Vietnam Roman Catholic Church, New Orleans, Louisiana, [No. 25-12607], (xxx) St. Peter's Roman Catholic Church, Covington, Louisiana, [No. 25-12608], (xxxi) Mary, Help Of Christians Roman Catholic Church, Harvey, Louisiana, [No. 25-12610], (xxxii) St. Peter Roman Catholic Church, Reserve, Louisiana, [No. 25-12611], (xxxiii) Mater Dolorosa Roman Catholic Church, New Orleans, Louisiana, [No. 25- 12612], (xxxiv) St. Peter Claver Roman Catholic Church, New Orleans, Louisiana, [No. 25-12613], (xxxv) Most Holy Name Of Jesus Roman Catholic Church, New Orleans, Louisiana, [No. 25-12614], (xxxvi) St. Paul The Apostle Roman Catholic Church, New Orleans, Louisiana, [No. 25-12615], (xxxvii) Most Holy Trinity Roman Catholic Church, Covington, Louisiana, [No. 25-12616], (xxxviii) St. Patrick's Roman Catholic Church, Port Sulphur, Louisiana, [No. 25-12617], (xxxix) Our Lady Of Divine Providence Roman Catholic Church, Metairie, Louisiana, [No. 25-12618], (xl) St. Patrick's Roman Catholic Church, New Orleans, Louisiana, [No. 25-12619], (xli) St. Michael The Archangel Roman Catholic Church, Paradis, Louisiana, [No. 25-12620], (xlii) Our Lady Of Grace Roman Catholic Church, Reserve, Louisiana, [No. 25-12621], (xliii) St. Martin De Porres Roman Catholic Church, New Orleans, Louisiana, [No. 25-12622], (xliv) Our Lady Of Lavang Roman Catholic Church, New Orleans, Louisiana, [No. 25-12623], (xlv) St. Matthew The Apostle Roman Catholic Church, River Ridge, Louisiana, [No. 25-12624], (xlvi) Our Lady Of Lourdes Roman Catholic Church, Slidell, Louisiana, [No. 25-12625], (xlvii) St. Mary's Roman Catholic Church, New Orleans, Louisiana, [No. 25-12626], (xlviii) Our Lady Of Lourdes Roman Catholic Church, Violet, Louisiana, [No. 25-12627], (xlix) St. Mary Magdalen Roman Catholic Church, Metairie, Louisiana, [No. 25-12628], (l) Our Lady Of Perpetual Help Roman Catholic Church, Belle Chasse, Louisiana, [No. 25-12629], (li) Our Lady Of Perpetual Help Roman Catholic Church, Kenner, Louisiana, [No. 25-12630], (lii) Our Lady Of Prompt Succor Roman Catholic Church, Chalmette, Louisiana, [No. 25-12632], (liii) St.

1

Martha Roman Catholic Church, Harvey, Louisiana, [No. 25-12633], (liv) Our Lady Of Prompt Succor Roman Catholic Church, Westwego, Louisiana, [No. 25-12634], (lv) St. Mark Roman Catholic Church, Ama, Louisiana, [No. 25-12635], (lvi) Our Lady Of The Holy Rosary Roman Catholic Church, Hahnville, Louisiana, [No. 25-12636], (lvii) Our Lady Of The Lake Roman Catholic Church, Mandeville, Louisiana, [No. 25-12637], (lviii) St. Maria Goretti Roman Catholic Church, New Orleans, Louisiana, [No. 25-12638], (lix) Our Lady Of The Rosary Roman Catholic Church, New Orleans, Louisiana, [No. 25-12639], (lx) St. Margaret Mary Roman Catholic Church, Slidell, Louisiana, [No. 25-12640], (lxi) Resurrection Of Our Lord Roman Catholic Church, New Orleans, Louisiana, [No. 25-12641], (lxii) St. Luke The Evangelist Roman Catholic Church, Slidell, Louisiana, [No. 25-12642], (lxiii) Sacred Heart Of Jesus Roman Catholic Church, Lacombe, Louisiana, [No. 25-12644], (lxiv) St. Louis, King Of France, Roman Catholic Church, Metairie, Louisiana, [No. 25-12645], (lxv) Sacred Heart Of Jesus Roman Catholic Church, Norco, Louisiana, [No. 25-12646], (lxvi) St. Katharine Drexel Roman Catholic Church, New Orleans, Louisiana, [No. 25-12647], (lxvii) St. Agnes Le Thi Thanh Roman Catholic Church, Marrero, Louisiana, [No. 25-12650], (lxviii) St. Josephine Bakhita Roman Catholic Church, New Orleans, Louisiana, [No. 25-12651], (lxix) St. Agnes Roman Catholic Church, Jefferson, Louisiana, [No. 25-12652], (lxx) St. Joseph's Roman Catholic Church, Gretna, Louisiana, [No. 25-12653], (lxxi) St. Joseph The Worker Roman Catholic Church, Marrero, Louisiana, [No. 25-12654], (lxxii) St. Andrew The Apostle Roman Catholic Church, New Orleans, Louisiana, [No. 25-12655], (lxxiii) St. Joseph Roman Catholic Church, Algiers, Louisiana, [No. 25-12657], (lxxiv) St. Angela Merici Roman Catholic Church, Metairie, Louisiana, [No. 25-12658], (lxxv) St. John The Baptist Roman Catholic Church, Folsom, Louisiana, [No. 25-12659], (lxxvi) St. Ann Roman Catholic Church And Shrine, Metairie, Louisiana, [No. 25-12660], (lxxvii) St. John The Baptist Roman Catholic Church, Edgard, Louisiana, [No. 25-12661], (lxxviii) St. John Paul Ii Roman Catholic Church, Waggaman, Louisiana, [No. 25-12663], (lxxix) St. Anselm Roman Catholic Church, Madisonville, Louisiana, [No. 25- 12664], (lxxx) St. John Of The Cross Roman Catholic Church, Lacombe, Louisiana, [No. 25-12665], (lxxxi) St. Anthony Of Barataria Roman Catholic Church, Lafitte, Louisiana, [No. 25-12667], (lxxxii) St. Joan Of Arc Roman Catholic Church, Laplace, Louisiana, [No. 25-12668], (lxxxiii) St. Joachim Roman Catholic Church, Marrero, Louisiana, [No. 25-12669], (lxxxiv) St. Jerome Roman Catholic Church, Kenner, Louisiana, [No. 25-12670], (lxxxv) St. Anthony Of Padua Roman Catholic Church, Luling, Louisiana, [No. 25-12671], (lxxxvi) St. Jane De Chantal Roman Catholic Church, Abita Springs, Louisiana, [No. 25-12672], (lxxxvii) St. Anthony Of Padua Roman Catholic Church, New Orleans, Louisiana, [No. 25-12673], (lxxxviii) St. Anthony Roman Catholic Church, Gretna, Louisiana, [No. 25-12674], (lxxxix) St. Augustine Roman Catholic Church, New Orleans, Louisiana, [No. 25-12675], (xc) St. Genevieve Roman Catholic Church, Slidell, Louisiana, [No. 25-12676], (xci) St. Benedict Roman Catholic Church, Covington, Louisiana, [No. 25-12677], (xcii) St. Francis Xavier Roman Catholic Church, Metairie, Louisiana, [No. 25-12678], (xciii) St. Benilde Roman Catholic Church, Metairie, Louisiana, [No. 25- 12679], (xciv) St. Francis Of Assisi Roman Catholic Church, New Orleans, Louisiana, [No. 25-12680], (xcv) St. Bernard Roman Catholic Church, St. Bernard, Louisiana, [No. 25-12681], (xcvi) St. Edward The Confessor Roman Catholic Church, Metairie, Louisiana, [No. 25-12682], (xcvii) St. Catherine Of Siena Roman Catholic Church, Metairie, Louisiana, [No. 25-12683], (xcviii) St. Dominic's Roman Catholic Church, New Orleans, Louisiana, [No. 25-12684], (xcix) St. Charles Borromeo Roman Catholic Church, Destrehan, Louisiana, [No. 25-12685], (c) St. David Roman Catholic Church, New Orleans, Louisiana, [No. 25-12686], (ci) St. Christopher Roman Catholic Church, Metairie, Louisiana, [No. 25-12687], (cii) St. Cletus Roman Catholic Church, Gretna, Louisiana, [No. 25-12688], (ciii) St. Clement Of Rome Roman Catholic Church, Metairie, Louisiana, [No. 25-12689], (civ) Blessed Sacrament, Inc., [No. 25-12690], (cv) The Congregation Of The Holy Trinity Roman Catholic Church, [No. 25-12691], (cvi) Epiphany, Inc., [No. 25-12692], (cvii) The Congregation Of The Annunciation Roman Catholic Church, [No. 25-12693], (cviii) The Congregation Of St. Cecelia Roman Catholic Church, [No. 25-12694], (cix) Immaculate Heart Of Mary, Inc., [No. 25-12695], (cx) Incarnate Word, Inc., [No. 25-12696], (cxi) The Congregation Of Saints Peter And Paul Roman Catholic Church, [No. 25-12697], (cxii) St. Theresa Of The Child Jesus, Inc., [No. 25-12698], (cxiii) Our Lady Of Good Harbor, Inc., [No. 25-12699], (cxiv) St. Theresa Of Avila, Inc., [No. 25-12700], (cxv) Our Lady Of Good Counsel, Inc., [No. 25-12701], (cxvi) St. Rose Of Lima, Inc., [No. 25- 12702], (cxvii) Our Lady Of Lourdes, New Orleans, Louisiana, Inc., [No. 25-12703], (cxviii) St. Raymond's, Inc., [No. 25-12704], (cxix) Our Lady Of The Sacred Heart, New Orleans, Louisiana, Inc., [No. 25-12705], (cxx) St. Philip The Apostle, Inc., [No. 25-12706], (cxxi) Our Lady Star Of The Sea, Inc., [No. 25-12707], (cxxii) St. Monica, Inc., [No. 25-12708], (cxxiii) St. Ann, New Orleans, Louisiana, Inc., [No. 25-12709], (cxxiv) St. Maurice, Inc., [No. 25-12710], (cxxv) St. Bonaventure, Inc., [No. 25- 12711], (cxxvi) St. Louise De Marillac, Inc., [No. 25-12712], (cxxvii) St. Frances Xavier Cabrini, Inc., [No. 25- 12713], (cxxviii) St. Lawrence The Martyr, Inc., [No. 25-12715], (cxxix) St. Julian Eymard, Inc., [No. 25- 12716], (cxxx) St. Francis De Salles, Inc., [No. 25-12717], (cxxxi) St. John The Baptist, New Orleans, Louisiana, Inc., [No. 25-12718], (cxxxii) St. Gabriel, Inc., [No. 25-12719], (cxxxiii) St. John Bosco, Inc., [No. 25-12720], (cxxxiv) St.

2

Gertrude, Inc., [No. 25-12721], (cxxxv) St. James Major, Inc., [No. 25-12723], (cxxxvi) St. Henry's, Inc., [No. 25-12724], (cxxxvii) St. Hubert, Inc., [No. 25-12725], (cxxxviii) Archdiocesan Spirituality Center, [No. 25-12726], (cxxxix) Catholic Charities Archdiocese Of New Orleans, [No. 25-12727], (cxl) Catholic Charities Children's Day Care Centers, [No. 25-12728], (cxli) Catholic Charities Group Homes, [No. 25-12729], (cxlii) Clarion Herald Publishing Company, [No. 25- 12730], (cxliii) Korean Catholic Community Of New Orleans, [No. 25-12731], (cxliv) Notre Dame Seminary, [No. 25-12732], (cxlv) Our Lady Of Mount Carmel Latin Mass Community, Covington, Louisiana, [No. 25-12733], (cxlvi) Pace Greater New Orleans, [No. 25-12734], (cxlvii) Padua House, [No. 25-12735], (cxlviii) Philmat, Inc., [No. 25-12736], (cxlix) Project Lazarus, [No. 25-12737], (cl) Roman Catholic Center Of Jesus The Lord, [No. 25-12738], (cli) School Food And Nutrition Services Of New Orleans, Inc., [No. 25-12739], (clii) Second Harvest Food Bank Of Greater New Orleans And Acadiana, [No. 25-12740], (cliii) St. Jude Community Center, Inc., [No. 25-12741], (cliv) St. Michael Special School, [No. 25-12742], (clv) St. Therese Catholic Academy, [No. 25-12743], and (clvi) The Society For The Propagation Of The Faith, Archdiocese Of New Orleans, [No. 25-12744] (collectively, and excluding The Roman Catholic Church of the Archdiocese of New Orleans, the "Additional Debtors"), was entered on November 13, 2025, [No. 20-10846, ECF Doc. 4603; No. 25-12579, ECF Doc. 4; No. 25-12580, ECF Doc. 4; No. 25- 12581, ECF Doc. 4; No. 25-12582, ECF Doc. 4; No. 25-12583, ECF Doc. 4; No. 25-12584, ECF Doc. 4; No. 25-12585, ECF Doc. 4; No. 25-12586, ECF Doc. 4; No. 25-12587, ECF Doc. 4; No. 25-12588, ECF Doc. 4; No. 25-12589, ECF Doc. 4; No. 25-12590, ECF Doc. 4; No. 25-12591, ECF Doc. 4; No. 25-12592, ECF Doc. 4; No. 25-12593, ECF Doc. 4; No. 25-12594, ECF Doc. 4; No. 25-12595, ECF Doc. 4; No. 25-12596, ECF Doc. 4; No. 25-12597, ECF Doc. 4; No. 25-12598, ECF Doc. 4; No. 25-12599, ECF Doc. 4; No. 25-12600, ECF Doc. 4; No. 25-12601, ECF Doc. 4; No. 25-12602, ECF Doc. 4; No. 25-12603, ECF Doc. 4; No. 25-12604, ECF Doc. 4; No. 25-12605, ECF Doc. 4; No. 25-12606, ECF Doc. 4; No. 25-12607, ECF Doc. 4; No. 25-12608, ECF Doc. 4; No. 25-12610, ECF Doc. 4; No. 25-12611, ECF Doc. 4; No. 25-12612, ECF Doc. 4; No. 25-12613, ECF Doc. 4; No. 25-12614, ECF Doc. 4; No. 25-12615, ECF Doc. 4; No. 25-12616, ECF Doc. 4; No. 25-12617, ECF Doc. 4; No. 25-12618, ECF Doc. 4; No. 25-12619, ECF Doc. 4; No. 25-12620, ECF Doc. 4; No. 25-12621, ECF Doc. 4; No. 25-12622, ECF Doc. 5; No. 25-12623, ECF Doc. 4; No. 25-12624, ECF Doc. 4; No. 25-12625, ECF Doc. 4; No. 25-12626, ECF Doc. 4; No. 25- 12627, ECF Doc. 4; No. 25-12628, ECF Doc. 4; No. 25-12629, ECF Doc. 4; No. 25-12630, ECF Doc. 4; No. 25-12632, ECF Doc. 4; No. 25-12633, ECF Doc. 4; No. 25-12634, ECF Doc. 4; No. 25-12635, ECF Doc. 4; No. 25-12636, ECF Doc. 4; No. 25-12637, ECF Doc. 4; No. 25-12638, ECF Doc. 4; No. 25-12639, ECF Doc. 4; No. 25-12640, ECF Doc. 4; No. 25-12641, ECF Doc. 4; No. 25-12642, ECF Doc. 4; No. 25- 12644, ECF Doc. 4; No. 25-12645, ECF Doc. 4; No. 25-12646, ECF Doc. 4; No. 25-12647, ECF Doc. 4; No. 25-12650, ECF Doc. 4; No. 25-12651, ECF Doc. 4; No. 25-12652, ECF Doc. 4; No. 25-12653, ECF Doc. 4; No. 25-12654, ECF Doc. 4; No. 25-12655, ECF Doc. 4; No. 25-12657, ECF Doc. 4; No. 25-12658, ECF Doc. 4; No. 25-12659, ECF Doc. 4; No. 25-12660, ECF Doc. 4; No. 25-12661, ECF Doc. 4; No. 25-12663, ECF Doc. 4; No. 25-12664, ECF Doc. 4; No. 25-12665, ECF Doc. 4; No. 25-12667, ECF Doc. 4; No. 25-12668, ECF Doc. 4; No. 25-12669, ECF Doc. 4; No. 25-12670, ECF Doc. 4; No. 25-12671, ECF Doc. 4; No. 25-12672, ECF Doc. 4; No. 25-12673, ECF Doc. 4; No. 25-12674, ECF Doc. 4; No. 25-12675, ECF Doc. 4; No. 25-12676, ECF Doc. 4; No. 25-12677, ECF Doc. 4; No. 25-12678, ECF Doc. 4; No. 25- 12679, ECF Doc. 4; No. 25-12680, ECF Doc. 4; No. 25-12681, ECF Doc. 4; No. 25-12682, ECF Doc. 4; No. 25-12683, ECF Doc. 4; No. 25-12684, ECF Doc. 4; No. 25-12685, ECF Doc. 4; No. 25-12686, ECF Doc. 4; No. 25-12687, ECF Doc. 4; No. 25-12688, ECF Doc. 4; No. 25-12689, ECF Doc. 4; No. 25-12690, ECF Doc. 4; No. 25-12691, ECF Doc. 4; No. 25-12692, ECF Doc. 4; No. 25-12693, ECF Doc. 4; No. 25- 12694, ECF Doc. 4; No. 25-12695, ECF Doc. 4; No. 25-12696, ECF Doc. 4; No. 25-12697, ECF Doc. 4; No. 25- 12698, ECF Doc. 4; No. 25-12699, ECF Doc. 5; No. 25-12700, ECF Doc. 4; No. 25-12701, ECF Doc. 4; No. 25-12702, ECF Doc. 4; No. 25-12703, ECF Doc. 4; No. 25-12704, ECF Doc. 4; No. 25-12705, ECF Doc. 4; No. 25-12706, ECF Doc. 4; No. 25-12707, ECF Doc. 4; No. 25-12708, ECF Doc. 4; No. 25- 12709, ECF Doc. 4; No. 25-12710, ECF Doc. 4; No. 25-12711, ECF Doc. 4; No. 25-12712, ECF Doc. 4; No. 25-12713, ECF Doc. 4; No. 25-12715, ECF Doc. 4; No. 25-12716, ECF Doc. 4; No. 25-12717, ECF Doc. 4; No. 25-12718, ECF Doc. 4; No. 25-12719, ECF Doc. 4; No. 25-12720, ECF Doc. 4; No. 25-12721, ECF Doc. 4; No. 25-12723, ECF Doc. 4; No. 25-12724, ECF Doc. 4; No. 25-12725, ECF Doc. 4; No. 25-12726, ECF Doc. 4; No. 25-12727, ECF Doc. 4; No. 25-12729, ECF Doc. 3; No. 25-12730, ECF Doc. 4; No. 25-12731, ECF Doc. 4; No. 25-12732, ECF Doc. 4; No. 25-12733, ECF Doc. 4; No. 25-12734, ECF Doc. 4; No. 25-12735, ECF Doc. 4; No. 25-12736, ECF Doc. 4; No. 25-12737, ECF Doc. 4; No. 25-12738, ECF Doc. 4; No. 25-12739, ECF Doc. 4; No. 25-12740, ECF Doc. 4; No. 25- 12741, ECF Doc. 4; No. 25-12742, ECF Doc. 4; No. 25-12743, ECF Doc. 4; No. 25-12744, ECF Doc. 4].

**DEBTOR**                                    **SECTION "A"**

---

### FOURTEENTH AND FINAL FEE APPLICATION OF STEWART ROBBINS BROWN & ALTAZAN LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FORMER COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED COMMERCIAL CREDITORS FOR THE <u>PERIOD OF NOVEMBER 1, 2025 THROUGH DECEMBER 25, 2025</u>

---

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 14, 2026 AT 9:30 A.M. AND MAY 15, 2026 AT 9:30 A.M. AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO USING HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN MARCH 31, 2026. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Stewart Robbins Brown & Altazan, LLC ("<u>SRBA</u>"), former counsel to the Official Committee of Unsecured Commercial Creditors (the "<u>Commercial Committee</u>") in the above captioned bankruptcy case (the "<u>Bankruptcy Case</u>"), hereby files this *Fourteenth and Final Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of November 1, 2025 through December 25, 2025* (the "<u>Final Application</u>"), pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules") and the General Order 2019-4 Establishing Procedures for Complex Chapter 11 Cases (the "Complex Case Rules").

## RELIEF REQUESTED

By this Final Application, SRBA seeks approval and allowance of the following on a final basis:

(i)    For the period between November 1, 2025 and December 25, 2025 (the "Fourteenth Application Period"), compensation for professionals in the amount of $147,760.00 and reimbursement of actual and necessary expenses in the amount of $1,925.19; and

(ii)   The $3,968,406.50 in professional compensation and $109,077.08 in expenses that were incurred between March 16, 2021 and October 31, 2025 (the "Prior Application Period," and together with the Fourteenth Application Period, the "Full Application Period") that were previously allowed on an interim basis through the Prior Interim Orders (as defined below).

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Final Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein include 11 U.S.C. §§ 330 and 331, Rules 2014 and 2016-1 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Rules, and § XIII of the Complex Case Rules.

## BACKGROUND

3.    The Roman Catholic Church of the Archdiocese of New Orleans (the "Debtor") commenced the Bankruptcy Case on May 1, 2020 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. That same date, this Court entered an

order designating the Bankruptcy Case as a Complex Chapter 11 Case [ECF Doc. 18]. The Debtor continues to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.      On March 5, 2021, the Office of the United States Trustee filed that certain *Notice of Appointment of Commercial Creditor's Committee* [ECF Doc. 772], appointing the Commercial Committee (which was later supplemented by ECF Doc. 792). The Commercial Committee consists of the following committee members: (i) BankPlus f/k/a First Bank and Trust; (ii) Crescent Door & Hardware, Inc.; (iii) Brown Rice Marketing, LLC; and (iv) MetroStudio, LLC.[2]

5.      On March 15, 2021, the Commercial Committee held a meeting and, among other things, selected SRBA to serve as counsel.

6.      On April 12, 2021, SRBA, as counsel to the Commercial Committee, filed that certain *Application for Approval of the Employment of Stewart Robbins Brown & Altazan, LLC as Counsel to the Official Committee of Unsecured Commercial Creditors, Effective as of March 15, 2021* (later amended by a filing on April 19, 2021) [ECF Docs. 817 & 833] (the "Retention Application").

7.      SRBA was retained effective March 15, 2021, by this Court's May 20, 2021 *Order on the Application for Approval of the Employment of Stewart Robbins Brown & Altazan, LLC as Counsel to the Official Committee of Unsecured Commercial Creditors, Effective as of March 15, 2021* [ECF Doc. 874] (the "Retention Order"). The Retention Order authorizes SRBA to be compensated on an hourly basis and to be reimbursed for actual and necessary expenses.

---

[2] On March 16, 2021, the Commercial Committee received a communication from counsel to TMI Trust Company ("TMI," who, later merged with Argent Institutional Trust Company "Argent") requesting the opportunity to join the Commercial Committee in an *ex officio* capacity. After careful consideration, on April 7, 2021, the Commercial Committee determined to grant this request to become an *ex officio* member of the Commercial Committee. And to be clear, Argent was a non-voting member of the Commercial Committee and did not owe any fiduciary duties to unsecured creditors as a result of its *ex officio* seat on the Commercial Committee. On May 20, 2025, Argent was informed that it was removed from the Commercial Committee, effective May 19, 2025.

8.      On November 12, 2025, the Additional Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Additional Debtors' Bankruptcy Cases"). On November 13, 2025, the Court entered an *Order* directing the Additional Debtors' Bankruptcy Cases to be jointly administered with the Bankruptcy Case and designated the Bankruptcy Case as the lead case [ECF Doc. 4603].

9.      On December 8, 2025, the Court entered that certain *Order Confirming Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of December 8, 2025* [ECF Doc. 4767] (the "Confirmation Order") which confirmed that certain *Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of December 8, 2025* [ECF Doc. 4762] (the "Joint Plan") that was proposed by the Debtor, the Official Committee of Unsecured Creditors (the "Abuse Committee") and the Additional Debtors (together with the Debtor and Abuse Committee, the "Plan Proponents").

10.      On December 22, 2025, the Court entered that certain *Order* [ECF Doc. 4808] closing the Additional Debtors' Bankruptcy Cases. On December 23, 2025, the Court entered that certain *Order* [ECF Doc. 4811] providing that "final applications for compensation for services and/or reimbursement of expenses pursuant to 11 U.S.C. §§ 327, 328, 330, 331 or 503(b)…must be filed and properly served on or before Friday, February 27, 2026[.]"

11.      On December 29, 2025, the Debtor filed that certain *Notice of Occurrence of the Effective Date* [ECF Doc. 4817] which advised the Joint Plan became effective on December 26,

2025 (the "Effective Date"). As a consequence of the Effective Date, the Commercial Committee is dissolved. *See* ECF Doc. 4762 at § 14.4.

**PRIOR FEE APPLICATIONS AND AWARDS**

12.     On September 30, 2021, SRBA filed that certain *First Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of March 16, 2021 through July 31, 2021* [ECF Doc. 1067] (the "First Interim Application") seeking a total of $163,129.41 for the period between March 16, 2021 through July 31, 2021 (the "Initial Period"), comprised of $158,221.50 in compensation and $4,907.91 in expenses.

13.     On October 14, 2021, the Debtor filed that certain *Debtor's Omnibus Limited Objection to First Interim Applications for Compensation Filed by Stewart Robbins Brown & Altazan LLC and Dundon Advisers, LLC* [ECF Doc. 1107] (the "Limited Objection"), noting with respect to the First Interim Application that the Debtor did "not have any particular concerns at this time."

14.     On October 27, 2021, the Court entered that certain *Order Granting First Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of March 16, 2021 through July 31, 2021* [ECF Doc. 1143] (the "First Interim Order") which: (a) noted the Limited Objection was withdrawn; and (b) for the Initial Period, awarded SRBA: fees in the amount of $158,221.50 and $4,907.91 in expenses, for a total of $163,129.41.

15.     On December 29, 2021, SRBA filed that certain *Second Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of July 1, 2021 through November 30, 2021* [ECF Doc. 1217] (the "Second Interim Application") seeking a total of $173,853.10 for the period between July 1, 2021 through November 30, 2021 (the "Second Period"), comprised of $167,110.50 in compensation and $6,742.60 in expenses.

16.     On January 11, 2022, SRBA filed that certain *Notice of Rate Increase Pursuant to Order Authorizing Retention and Employment of Stewart Robbins Brown & Altazan, LLC as Attorneys for the Official Committee of Unsecured Commercial Creditors* [ECF Doc. 1236] (the "Rate Increase Notice"), advising as to the following revised billing rates:

| SRBA Professional | Original Rate Range | Revised Rate Range |
|---|---|---|
| Partners | $365.00 - $455.00 | $400.00 - $500.00 |
| Associates | $255.00 - $365.00 | $300.00 - $400.00 |
| Paraprofessionals | $150.00 | $150.00 - $200.00 |

17.     On January 19, 2022, the Court entered that certain *Order Granting Second Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of July 1, 2021 through November 30, 2021* [ECF Doc. 1250] (the "Second Interim Order") which, for the Second Period, awarded SRBA fees in the amount of $167,110.50 and $6,742.60 in expenses, for a total of $173,853.10.

18.     On April 28, 2022, SRBA filed that certain *Third Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of December 1, 2021 through March 31, 2022* [ECF Doc. 1476] (the

"Third Interim Application") seeking a total of $364,896.60 for the period between December 1, 2021 through March 31, 2022 (the "Third Period"), comprised of $358,274.50 in compensation and $6,622.10 in expenses.

19.     On May 18, 2022, the Court entered that certain *Order Granting Third Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of December 1, 2021 through March 31, 2022* [ECF Doc. 1551] (the "Third Interim Order") which, for the Third Period, awarded SRBA fees in the amount of $358,274.50 and $6,622.10 in expenses, for a total of $364,896.60.

20.     On September 26, 2022, SRBA filed that certain *Fourth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of April 1, 2022 through July 31, 2022* [ECF Doc. 1812] (the "Fourth Interim Application") seeking a total of $301,638.63 for the period between April 1, 2022 through July 31, 2022 (the "Fourth Period"), comprised of $296,710.00 in compensation and $4,928.63 in expenses.

21.     On November 2, 2022, the Court entered that certain *Order* [ECF Doc. 1904] (the "Fourth Interim Order") granting the Fourth Interim Application and, for the Fourth Period, awarded SRBA fees in the amount of $296,710.00 and $4,928.63 in expenses, for a total of $301,638.63.

22.     On January 9, 2023, SRBA filed that certain *Notice of Rate Increase Pursuant to Order Authorizing Retention and Employment of Stewart Robbins Brown & Altazan, LLC as*

*Attorneys for the Official Committee of Unsecured Commercial Creditors* [ECF Doc. 2013] (the "Second Rate Increase Notice"), advising as to the following revised billing rates:

| SRBA Professional | Original Rate Range | Revised Rate Range |
|---|---|---|
| Partners | $400.00 - $500.00 | $450.00 - $550.00 |
| Associates | $300.00 - $400.00 | $350.00 - $450.00 |
| Paraprofessionals | $150.00 – $200.00 | $200.00 - $250.00 |

23.    On January 20, 2023, SRBA filed that certain *Fifth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of August 1, 2022 through November 30, 2022* [ECF Doc. 2023] (the "Fifth Interim Application") seeking a total of $363,193.30 for the period between August 1, 2022 through November 31, 2022 (the "Fifth Period"), comprised of $358,000.00 in compensation and $5,198.30 in expenses.

24.    On March 15, 2023, the Court entered that certain *Order* [ECF Doc. 2152] (the "Fifth Interim Order") granting the Fifth Interim Application and, for the Fifth Period, awarded SRBA fees in the amount of $358,000.00 and $5,198.30 in expenses, for a total of $363,193.30.

25.    On May 30, 2023, SRBA filed that certain *Sixth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of December 1, 2022 through March 31, 2023* [ECF Doc. 2302] (the "Sixth Interim Application") seeking a total of $304,388.52 for the period between December 1, 2022 through March 31, 2023 (the "Sixth Period"), comprised of $297,495.00 in compensation and $6,893.52 in expenses.

26.     On July 18, 2023, the Court entered that certain *Order* [ECF Doc. 2375] (the "Sixth Interim Order") granting the Sixth Interim Application and, for the Sixth Period, awarded SRBA fees in the amount of $297,495.00 and $6,893.52 in expenses, for a total of $304,388.52.

27.     On October 12, 2023, SRBA filed that certain *Seventh Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of April 1, 2023 through July 31, 2023* [ECF Doc. 2514] (the "Seventh Interim Application") seeking a total of $192,943.02 for the period between April 1, 2023 through July 31, 2023 (the "Seventh Period"), comprised of $183,380.00 in compensation and $9,563.02 in expenses.

28.     On November 13, 2023, the Court entered that certain *Order* [ECF Doc. 2638] (the "Seventh Interim Order") granting the Seventh Interim Application and, for the Seventh Period, awarded SRBA fees in the amount of $183,380.00 and $9,563.02 in expenses, for a total of $192,943.02.

29.     On January 10, 2024, SRBA filed that certain *Notice of Rate Increase Pursuant to Order Authorizing Retention and Employment of Stewart Robbins Brown & Altazan, LLC as Attorneys for the Official Committee of Unsecured Commercial Creditors* [Doc. No. 2784] advising that, within ten (10) business days of the instant filing, "SRBA will increase its hourly rates by the sum of $50.00 per hour and adopt the following revised standard billing structure:

| SRBA Professional | 2023 Rates (Highest) | 2024 Rates (Highest) |
|---|---|---|
| Partners | $550.00 | $600.00 |
| Associates | $350.00 | $400.00 |
| Paraprofessionals | $250.00 | $300.00 |

30.     On January 24, 2024, SRBA filed that certain *Eighth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered*

*and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of August 1, 2023 through November 30, 2023* [ECF Doc. 2799] (the "Eighth Interim Application") seeking a total of $263,119.38 for the period between August 1, 2023 through November 30, 2023 (the "Eighth Period"), comprised of $254,665.00 in compensation and $8,454.38 in expenses.

31.     On February 16, 2024, the Court entered that certain *Order* [ECF Doc. 2823] (the "Eighth Interim Order") granting the Eighth Interim Application and, for the Eighth Period, awarded SRBA fees in the amount of $254,665.00 and $8,454.38 in expenses, for a total of $263,119.38.

32.     On June 27, 2024, SRBA filed that certain *Ninth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of December 1, 2023 through March 31, 2024* [ECF Doc. 3125] (the "Ninth Interim Application") seeking a total of $295,859.32 for the period between December 1, 2023 through March 31, 2024 (the "Ninth Period"), comprised of $287,145.00 in compensation and $8,714.32 in expenses.

33.     On July 17, 2024, the Court entered that certain *Order* [ECF Doc. 3172] (the "Ninth Interim Order") granting the Ninth Interim Application and, for the Ninth Period, awarded SRBA fees in the amount of $287,145.00 and $8,714.32 in expenses, for a total of $295,859.32.

34.     On October 31, 2024, SRBA filed that certain *Tenth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of April 1, 2024 through July 31, 2024* [ECF Doc. 3445] (the "Tenth

13

Interim Application") seeking a total of $150,887.74 for the period between April 1, 2024 through July 31, 2024 (the "Tenth Period"), comprised of $144,160.00 in compensation and $6,727.74 in expenses.

35.     On January 6, 2025, the Court entered that certain *Order* [ECF Doc. 3639] (the "Tenth Interim Order") granting the Tenth Interim Application and, for the Tenth Period, awarded SRBA fees in the amount of $144,160.00 and $6,727.74 in expenses, for a total of $150,887.74.

36.     On January 13, 2025, SRBA filed that certain *Amended Notice of Rate Increase Pursuant to Order Authorizing Retention and Employment of Stewart Robbins Brown & Altazan, LLC as Attorneys for the Official Committee of Unsecured Commercial Creditors* [ECF Doc. 3654] advising that, within ten (10) business days of the instant filing, "SRBA will increase its hourly rates by the sum of $50.00 per hour and adopt the following revised standard billing structure:

| SRBA Professional | 2024 Rates (Highest) | 2025 Rates (Highest) |
|---|---|---|
| Partners | $600.00 | $650.00 |
| Associates | $400.00 | $450.00 |
| Paraprofessionals | $300.00 | $350.00 |

37.     On February 28, 2025, SRBA filed that certain *Eleventh Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of August 1, 2024 through November 30, 2024* [ECF Doc. 3787] (the "Eleventh Interim Application") seeking a total of $211,499.75 for the period between August 1, 2024 through November 30, 2024 (the "Eleventh Period"), comprised of $203,790.00 in compensation and $7,709.75 in expenses.

38.     On April 21, 2025, the Court entered that certain *Order* [ECF Doc. 3920] (the "Eleventh Interim Order") granting the Eleventh Interim Application and, for the Eleventh Period,

awarded SRBA fees in the amount of $203,790.00 and $7,709.75 in expenses, for a total of $211,499.75.

39.     On July 31, 2025, SRBA filed that certain *Twelfth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of December 1, 2024 through March 31, 2025* [ECF Doc. 4198] (the "Twelfth Interim Application") seeking a total of $227,754.30 for the period between December 1, 2024 through March 31, 2025 (the "Twelfth Period"), comprised of $219,390.00 in compensation and $8,364.30 in expenses.

40.     On August 19, 2025, the Court entered that certain *Order* [ECF Doc. 4286] (the "Twelfth Interim Order") granting the Twelfth Interim Application and, for the Twelfth Period, awarded SRBA fees in the amount of $219,390.00 and $8,364.30 in expenses, for a total of $227,754.30.

41.     On November 25, 2025, SRBA filed that certain *Thirteenth Interim Fee Application of Stewart Robbins Brown & Altazan LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Commercial Creditors for the Period of April 1, 2025 through October 31, 2025* [ECF Doc. 4700] (the "Thirteenth Interim Application," and together with the Twelfth Interim Application, Eleventh Interim Application, Tenth Interim Application, Ninth Interim Application, Eighth Interim Application, Seventh Interim Application, Sixth Interim Application, Fifth Interim Application, Fourth Interim Application, Third Interim Application, Second Interim Application, and First Interim Application, the "Prior Interim Applications") seeking a total of $1,064,315.51 for the

period between April 1, 2025 through October 31, 2025 (the "Thirteenth Period"), comprised of $1,040,065.00 in compensation and $24,250.51 in expenses.

42.     On December 17, 2025, the Court entered that certain *Order* [ECF Doc. 4788] (the "Thirteenth Interim Order," and together with the Twelfth Interim Order, Eleventh Interim Order, Tenth Interim Order, Ninth Interim Order, Eighth Interim Order, Seventh Interim Order, Sixth Interim Order, Fifth Interim Order, Fourth Interim Order, Third Interim Order, Second Interim Order, and First Interim Order, the "Prior Interim Orders") granting the Thirteenth Interim Application and, for the Thirteenth Period, awarded SRBA fees in the amount of $1,040,065.00 and $24,250.51 in expenses, for a total of $1,064,315.51.

43.     At the time this Final Application is filed, SRBA's records reveal that $201,265.59 remains outstanding (which includes the invoices for the Fourteenth Application Period).

## COMPENSATION AND ITS SOURCE

44.     All services for which compensation is requested by SRBA were performed for or on behalf of the Commercial Committee. SRBA has received no payment and no promises of payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Application. There is no agreement or understanding between SRBA and any other person other than the partners of SRBA for the sharing of compensation to be received for services rendered in this Bankruptcy Case.

45.     SRBA's individual fee statements for each month covered by the Full Application Period are attached hereto, *in-globo*, as **Exhibit "A"**. Each fee statement contains daily time logs describing the time spent by each attorney and paraprofessional for each month. The hourly rates set forth in the monthly fee statements are those customarily charged by SRBA for similar legal services. SRBA's fees for services rendered by lawyers, paralegals, and other professionals are

16

customary and usual in the legal community in which SRBA practices. To the best of SRBA's knowledge, this Final Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Complex Case Rules.

46.     A summary of the monthly fee statements underlying the Fourteenth Application Period are as follows:

| Invoices Circulated | | | | Approved per Procedure in Complex Case Rules | |
|---|---|---|---|---|---|
| Invoice (Date) | Period Covered | Fees | Expenses | Fees (at 80%) | Expenses |
| Inv. 1852 (12/9/25) | Nov. 1, 2025 – Nov. 30, 2025 | $98,585.00 | $977.47 | $78,868.00 | $977.47 |
| Inv. 1864 (1/7/26) | Dec. 1, 2025 – Dec. 25, 2025 | $49,175.00[3] | $947.72 | $39,340.00 | $947.72 |
| TOTALS | | $147,760.00 | $1,925.19 | $118,208.00 | $1,925.19 |

47.     The fee statements for each month covered by the Fourteenth Application Period were circulated and no portion of the fees or expenses were objected to.

## ACTUAL AND NECESSARY EXPENSES

48.     During the Fourteenth Application Period, SRBA incurred expenses in connection with its representation of the Commercial Committee totaling $1,925.19, which are summarized as follows:

| Expense | Amount |
|---|---|
| Copies | $502.60 |
| Everlaw | $344.76 |
| Lexis | $3.55 |
| Mileage and Parking | $1,073.68 |
| PACER | $0.60 |
| **Total** | **$1,925.19** |

49.     SRBA bills clients at $0.20 per page for photocopies. Additionally, the expenses incurred include the actual cost of automated research and courier service. Mileage is calculated

---

[3] SRBA has excluded its fees incurred on December 26, 2025 and beyond from this Final Application.

at the rate accorded by the Internal Revenue Service. Conference call charges represent actual cost of conference calls. Automated research charges represent actual cost charged to SRBA. SRBA submits that all effort was made to keep out-of-pocket expenses at a minimum and that such expenses are reasonable based on the services provided by SRBA. A summary of the expenses SRBA incurred in connection with its representation of the Commercial Committee during the Full Application Period can be found on **Exhibit "B"**.

## <u>OVERVIEW OF SERVICES RENDERED</u>

50.     The full scope of SRBA's services during the entirety of the Bankruptcy Case is set forth in **Exhibit "A"** and summaries of the services SRBA rendered can be found in the Prior Interim Applications.[4] While **Exhibit "A"** is the best evidence of the services SRBA rendered in the Bankruptcy Case, it believes the following summary provides a general overview of the matters SRBA addressed to ensure the Commercial Committee's constituency was adequately represented.

51.     In addition to weekly standing calls with the Debtor's counsel, SRBA was in constant contact with the Debtor's professionals concerning the administration of the Bankruptcy Case.  SRBA made every effort to fully engage the Debtor regarding both the existing and foreseeable issues which impacted the Commercial Committee's constituency.  Similarly, SRBA routinely apprised the Commercial Committee of the events unfolding in the Bankruptcy Case and provided the Commercial Committee members the information necessary to make informed decisions throughout the Bankruptcy Case.

52.     From the outset of SRBA's retention in this matter, it investigated and navigated a wide variety of novel, complex issues to represent the Commercial Committee's interests. The

---

[4] *See, e.g.,* ECF Doc. 1067, ¶¶ 14(a)-(m); ECF Doc. 1217, ¶¶ 17(a)-(o); ECF Doc. 1476, ¶¶ 21(a)-(l); ECF Doc. 1812 ¶¶ 23(a)-(m); ECF Doc. 2023, ¶¶ 25(a)-(n); ECF Doc. 2302, ¶¶ 28(a)-(k); ECF Doc. 2514, ¶¶ 30(a)-(l); ECF Doc. 2799, ¶¶ 33(a)-(m); ECF Doc. 3125, ¶¶ 35(a)-(l); ECF Doc. 3445, ¶¶ 37(a)-(k); ECF Doc. 3787, ¶¶ 39(a)-(k); ECF Doc. 4198, ¶¶ 42(a)-([k]); ECF Doc. 4700, ¶¶ 44(a)-(k).

complexity arose from several sources, such as the scope of the Debtor's operations. As of the Petition Date, "the Archdiocese's geographic footprint occupie[d] over 4,200 square miles in southeast Louisiana[.]"[5] And included within this footprint was "112 church parishes" (the "Parishes").[6] Not only did the Debtor provide "a wide range of critical services to the Parishes," but it also provided (a) "a wide range of critical administrative services to 71 independent and archdiocesan owned catholic schools[;]" and (b) "administrative services  to separately incorporated nursing homes, affordable senior living facilities, and other community service entities and facilities[.]"[7]

53.     Due in part to the vast nature of the Debtor's operations, the Bankruptcy Case involved the review and exchange of voluminous documents for matters such as mediation, plan analysis, asset valuation and analysis, and due diligence for property sales. Recognizing the tension between the sensitive and confidential nature of many of these documents (as bolstered by the protective orders entered in this case)[8] and the Commercial Committee's obligation to provide its unsecured commercial creditor constituents access to information pursuant to 11 U.S.C. § 1102(b)(3)(A), SRBA developed a series of protocols in an attempt to balance these two competing interests, which the Court ultimately approved.[9] And with the Commercial Committee added as a party to that certain *Second Supplemental and Amended Protective Order*,[10] SRBA could, with the assistance of the Commercial Committee's financial adviser, Dundon Advisers, LLC ("Dundon"), delve into its investigation of the Debtor, which involved, among other things, determining what property of the Debtor was available (or otherwise subject to a valid restriction) to satisfy the

---

[5] ECF Doc. 14 at ¶ 7.
[6] ECF Doc. 14 at ¶ 7.
[7] ECF Doc. 14 at ¶ 14.
[8] *See, e.g.,* ECF Doc. 305, 729, 885, and 1120.
[9] ECF Doc. 1118.
[10] ECF Doc. 1120.

claims in the Bankruptcy Case, the appropriate valuation to be given to certain of the Debtor's assets, the Debtor's ability to fund and satisfy its obligations under a chapter 11 plan, and whether there are any causes of action that may be prosecuted to bolster the value of the Estate.

54. For instance, SRBA's investigation revealed numerous potentially valuable causes of action against certain of the Additional Debtors (who, at the time, had not filed voluntary petitions for relief), such as single business enterprise, alter ego, veil piercing, substantive consolidation, turnover of estate assets, and other avoidance action claims under chapter 5 of the Bankruptcy Code. As the deadline under 11 U.S.C. § 546 approached, SRBA worked diligently, with the assistance of the Commercial Committee's financial advisor, Dundon, to prepare a comprehensive complaint and standing motion for the Commercial Committee to assert these claims on behalf of the Estate. Ultimately, however, the Debtor, the respective Additional Debtors, Abuse Committee, and Commercial Committee reached an agreement to toll the deadline to assert these claims, which the Court approved.[11] This enabled the parties to continue to focus their efforts on mediation with the Court appointed mediator, the Honorable Gregg W. Zive.[12]

55. Notably, mediation played a significant role in this Bankruptcy Case. Throughout the Bankruptcy Case, SRBA routinely and actively participated in mediation with the Debtor, Abuse Committee, the Additional Debtors, and other parties in interest with the Court appointed mediators: the Honorable Gregg W. Zive, John W. Perry, Jr., and the Honorable Christopher Sontchi (Ret.). These mediations, which often spanned multiple days, addressed fundamental issues at stake in the Debtor's Bankruptcy Case, including those issues that were the target of SRBA's investigation, that needed to be resolved before any plan of reorganization could be confirmed. SRBA worked closely with the Commercial Committee's other professionals, Dundon,

---

[11] ECF Doc. 1406.
[12] ECF Doc. 1390.

and the Commercial Committee's pension analyst, Kroll, LLC ("Kroll"), to analyze and address these matters. SRBA's participation in these mediations was paramount to ensure the interests of the Commercial Committee were adequately represented and protected during the course of the Bankruptcy Case.

56.     SRBA further strived to represent and protect the interests of the Commercial Committee's constituents by actively participating in the Debtor's efforts to liquidate Estate property. Notably, the Debtor has a vast portfolio of immovable property. Throughout the Bankruptcy Case, it sought the Court's authority to liquidate various of these assets.[13]  While the Debtor initially pursued such efforts while keeping the Commercial Committee at a distance, SRBA's persistence and diligence to play a more active, consulting party role in such pursuits proved fruitful.  Many of these sales involved complex issues that required substantial due diligence and careful analysis to ensure the relief was not only appropriate, but also ensure value of the Estate was maximized, which in turn, would maximize recovery to the Commercial Committee's constituents. SRBA worked closely with the Commercial Committee's financial advisor, Dundon, to conduct the necessary due diligence and analysis and, where necessary, draft and litigate any objection.

57.     Novel issues would often arise during the Bankruptcy Case that risked affecting the interests of the Commercial Committee's constituents. For instance, shortly after SRBA's retention, Louisiana governor, John Bel Edwards, signed Act 322 into law. This had numerous

---

[13] *See, e.g.,* ECF Doc. 889 (motion to sell 4119 St. Elizabeth Drive, Kenner, Louisiana); ECF Doc. 1227 (motion to retain TMC Realty, LLC d/b/a The McEnery Company and approve sale procedures; ECF Doc. 1440 (motion to sell 1000 Howard Avenue, 1025 Oretha Castle Haley Boulevard, and 1032 and 1042 South Rampart Street); ECF Doc. 1657 (motion to sell 1000 Howard Avenue and 1025 Oretha Castle Haley Boulevard); ECF Doc. 1891 (motion to sell 1032 and 1042 South Rampart Street); ECF Doc. 2312 (motion to approve transactions ancillary to sale of non-estate property); ECF Doc. 2595 (motion to sell 400 North Rampart Street); ECF Doc. 3130 (motion to sell 3003-3009 S. Carrollton Avenue); ECF Doc. 3131 (motion to sell 3017-3019 S. Carrollton Avenue); ECF Doc. 3517 (motion to sell 2908 S. Carrollton Avenue); ECF Doc. 3518 (motion to sell 1941 Dauphine Street); ECF Doc. 3519 (motion to sell 69033 Riverbend Drive); ECF Doc. 4013 (motion to sell Hope Haven site).

potential implications for abuse claimants, perhaps the most notable being the revival of previously prescribed sexual abuse causes of action for a period of three (3)years after Act 322's effective date. In light of this legislative development, the Abuse Committee sought authority to reopen the bar date for abuse claims.[14] While the relief requested did not apply to the bar date for unsecured commercial creditors, it would, if valid and allowed, increase the pool of abuse claims which could significantly impact the recovery to unsecured commercial creditors under a plan of reorganization. Thus, and because of prior Louisiana jurisprudence indicating that prescribed causes of action could not be revived through legislation,[15] SRBA analyzed the validity of Act 322 to determine whether its application in the Bankruptcy Case is appropriate or should be contested.

58.     Perhaps the most significant amount of time and resources expended by SRBA in advocating for the Commercial Committee's interests was in regards to matters involving the Joint Plan and its prior iterations. While the Joint Plan presented novel issues on its own, there was an added layer of difficulty due to the limited timeline for confirmation proceedings. Specifically, the first iterations of the Joint Plan[16] and disclosure statement[17] were filed on July 15, 2025 with confirmation contemplated in December 2025.[18] In light of certain deficiencies in the disclosure statement and certain of the plan's terms, SRBA worked quickly to prepare a written objection to

---

[14] ECF Doc. 927.

[15] *See, e.g., Orleans Par. Sch. Bd. v. United States Gypsum Co.*, 892 F. Supp. 794, 806 (E.D. La. 1995) ("The due process clause of the Louisiana constitution prohibits the revival of a prescribed cause of action."); *New Orleans v. W.R. Grace & Co.*, 1992 U.S. Dist. LEXIS 7274, at *2 (E.D. La. May 21, 1992) ("Once a plaintiff's cause of action is barred by liberative prescription it cannot be revived by a subsequent legislative enactment."); *Elevating Boats, Inc. v. St. Bernard Par.*, 00-3518 (La. 09/05/01), 795 So. 2d 1153, 1164 ("Thus, we have noted that the Legislature is without the authority to revive a prescribed claim."); *Bouterie v. Crane*, 616 So. 2d 657, 664 n.15 (La. 1993) ("Bouterie can not benefit from the 1992 amendment because it could not operate retroactively to revive an already prescribed cause of action."); *Hall v. Hall*, 516 So. 2d 119, 120 (La. 1987) ("The enactment of that article could not revive the already prescribed action.").

[16] ECF Doc. 4150.

[17] ECF Doc. 4151.

[18] ECF Doc. 4105.

these documents to ensure the Commercial Committee's constituency was receiving the necessary information to make an informed decision before casting their vote.[19]

59. Additionally, the path to confirmation involved significant pretrial proceedings. For instance, SRBA worked quickly to prepare and respond to written discovery on a broad range of issues implicating the proposed plan. Certain of these issues, such as feasibility and a liquidation analysis, required SRBA to work closely with Dundon to evaluate whether it was in the Commercial Committee's constituent's best interests to vote in favor of the proposed plan. Moreover, SRBA regularly attended contested hearings, status conferences, and depositions in the weeks leading up to plan confirmation so as to ensure the Commercial Committee's interests were protected during this process. Similarly, the Joint Plan itself presented certain novel bankruptcy issues that needed to be scrutinized, such as whether the Debtor's status as a non-profit entity affects the absolute priority rule (as embodied in 11 U.S.C. § 1129(b)(2)'s "fair and equitable" requirement).

60. The Commercial Committee's role is to represent the diverse interests and concerns of its constituency, prioritizing the *collective* interests of all unsecured commercial creditors over the personal interests of any individual creditor or member. In furtherance of such, SRBA expended considerable effort throughout the duration of its employment to protect, preserve, and pursue the Commercial Committee constituents' collective interests with an eye toward confirming a feasible plan of reorganization that saw the Debtor exit bankruptcy and continue as a viable going concern. While the Commercial Committee initially contested a prior iteration of the Joint Plan, after SRBA's hard-fought and good faith negotiations and discussions with the Plan Proponents, it utilized its business judgment to reach an agreement with the Plan Proponents that contemplates

---

[19] ECF Doc. 4169.

the majority of Commercial Committee's constituents being entitled to full recovery on their claims under the Joint Plan.

## SERVICES RENDERED DURING THE FOURTEENTH APPLICATION PERIOD

61.     The services rendered by SRBA during the Fourteenth Application Period can be grouped into the categories set forth below and are summarized as follows:

| ABA Bankruptcy Project Task Code | Amount | Percent | Hours | Percent |
|---|---|---|---|---|
| B110 Case Administration | $165.00 | 0.11% | 0.30 | 0.11% |
| B140 Relief from Stay/Adequate Protection Proceedings | $55.00 | 0.04% | 0.10 | 0.04% |
| B150 Meetings of and Communications with Creditors | $2,275.00 | 1.54% | 3.90 | 1.45% |
| B160 Fee/Employment Applications | $25,800.00 | 17.46% | 53.20 | 19.81% |
| B170 Fee/Employment Objections | $715.00 | 0.48% | 1.30 | 0.48% |
| B190 Other Contested Matters | $7,420.00 | 5.02% | 13.40 | 4.99% |
| B310 Claims Administration and Objections | $635.00 | 0.43% | 1.10 | 0.41% |
| B320 Plan and Disclosure Statement | $110,695.00 | 74.92% | 195.20 | 72.70% |
| **Total** | **$147,760.00** | **100.00%** | **268.50** | **100.00%** |

62.     Although every effort has been made to properly and consistently categorize the actual services provided into the appropriate category, certain tasks could be properly categorized into two or more task codes.

### a.   B110 Case Administration

### Fees: $165.00 | Total Hours: 0.30

This category includes all matters related to coordination and compliance, including the preparation of schedules and statements, monthly operating and other reports, contacts with the United States Trustee (the "U.S. Trustee"), and creditor inquiries. During the Fourteenth Application Period, SRBA spent *de-minimis* time on matters related to case administration.

*[Remainder of Page Intentionally Left Blank]*

24

### b. <u>B140 Relief from Stay/Adequate Protection Proceedings</u>

**Fees: $55.00 | Total Hours: 0.10**

This category includes all matters related to the termination or continuation of automatic stay under 362 and motions for adequate protection. During the Fourteenth Application Period, SRBA spent *de-minimis* time on matters related to the automatic stay.

### c. <u>B150 Meetings of and Communications with Creditors</u>

**Fees: $2,275.00 | Total Hours: 3.90**

This category includes all matters relating to preparing for and attending multiple meetings with the Commercial Committee. During the Fourteenth Application Period, SRBA conducted monthly committee meetings and consulted with and reported substantive updates to the Commercial Committee regarding various matters arising in the Bankruptcy Case.

### d. <u>B160 Fee/Employment Applications</u>

**Fees: $25,800.00 | Total Hours: 53.20**

This category includes all matters relating to the preparation of employment and fee applications for Commercial Committee professionals and motions to establish interim procedures. During the Fourteenth Application Period, SRBA prepared monthly fee statements and fee applications for itself, the Commercial Committee's financial adviser, Dundon Advisers, LLC ("<u>Dundon</u>"), and its pension analyst, Kroll, LLC ("<u>Kroll</u>").

### e. <u>B170 Fee/Employment Objections</u>

**Fees: $715.00 | Total Hours: 1.30**

This category includes all matters relating to the review of and objections to the employment and fee applications of others. During the Final Application Period, SRBA spent *de-*

*minimis* time finalizing monthly fee statements. SRBA inadvertently billed these entries to B170 as opposed to B160.

### f.   **B190 Other Contested Matters**

### **Fees: $7,420.00 | Total Hours: 13.40**

This category includes all matters regarding the analysis and preparation of all motions, opposition to motions, and reply memoranda in support of motions, other than motions to assume or reject executory contracts and unexpired leases.  During the Fourteenth Application Period, SRBA reviewed and analyzed various contested pleadings filed in the Bankruptcy Case, such as the Additional Debtors' motion for final decree.

### g.   **B310 Claims Administration and Objections**

### **Fees: $635.00 | Total Hours: 1.10**

This category includes addressing specific claim inquiries, bar date motions, and analysis of, objections to, and allowance of claims.  During the Fourteenth Application Period, SRBA analyzed a number of motions for leave to file late sexual abuse claims against the Debtor.

### h.   **B320 Disclosure Statement and Plan**

### **Fees: $110,695.00 | Total Hours: 195.20**

This category includes all matters related to the disclosure statement, plan formulation, presentation, and confirmation, as well as compliance with the plan confirmation order, related orders, and rules. It also includes matters related to disbursement and case closing activities, except those related to the allowance and objections to allowance of claims.  During the Fourteenth Application Period, SRBA analyzed multiple iterations of the Joint Plan to determine the changes made and whether they affect the substantive rights of the Commercial Committee. SRBA also attended depositions, pre-trial hearings, and confirmation proceedings in connection with the Joint

Plan that was ultimately confirmed which contemplates the Commercial Committee's constituency having their claims paid in full.

## FACTORS SUPPORTING AWARD

63.       In *In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012), the Fifth Circuit ruled that the six factors found in 11 U.S.C. §330(a)(3) are to be considered when awarding compensation to professionals. Under § 330, the court "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including –

**(A)** the time spent on such services;

**(B)** the rates charged for such services;

**(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

**(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

**(E)** with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

**(F)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

64.       Rejecting the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc*., 157 F.3d 414 (5th Cir. 1998), the Fifth Circuit adopted a prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time in which they were rendered. *See In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015). All services rendered by SRBA satisfy the *Woerner* standard because they were reasonably likely to benefit the Debtor's estate at the time rendered.

27

65.     SRBA also believes that, as applied to the firm's services in this Bankruptcy Case, the following analysis of the § 330(a)(3) factors is appropriate:

a.  **The Time and Labor Expended** - The charge for SRBA's services in this Bankruptcy Case for the Fourteenth Application Period totals $147,760.00. The actual time expended by SRBA in the Full Application Period is set forth in detail in **Exhibit "A"** attached hereto. In addition, attached as **Exhibit "C"** is a breakdown by project of time expended on discrete matters during the progress of this Bankruptcy Case. SRBA believes the time spent performing legal services was commensurate with the factual and legal issues involved in the representation of Commercial Committee.

b.  **The Rate Charged for Such Services.** SRBA has applied for allowance of compensation for fees that reflect its billing rates charged to clients by SRBA and previously approved and/or set by courts in which SRBA has appeared. SRBA believes that its customary fees for services are equal to or below those of other firms in the national bankruptcy community and should be within the range of fees approved for attorneys of similar experience within this district.

c.  **Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title.** SRBA asserts that all services provided to the Commercial Committee were necessary to the administration of and/or beneficial to the Bankruptcy Case at the time the services were rendered. Where SRBA deemed the time spent not to be a benefit, it either indicates "no charge" or "reduced" or, in some situations, did not put the time into its billing system.

d.  **Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.** SRBA submits that the time put into this Bankruptcy Case is commensurate with the level of difficulty of the issues presented. When possible, particular projects have been handled by an associate or a partner with a lower billing rate.

e.  **With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field.** SRBA believes and respectfully submits that its attorneys are highly regarded as experts in the areas of bankruptcy, insolvency, and corporate reorganization. The firm has extensive experience in handling bankruptcy and insolvency matters on behalf of debtors in bankruptcy cases and has acted as counsel to other debtors and trustees in other cases. One of the SRBA lawyers who worked on this file has gone through the certification process and is certified.

66.     "The Fifth Circuit uses the 'lodestar' method to calculate attorneys fees."

*Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th

Cir. 1994) (citation omitted). The lodestar is the number of hours reasonably expended multiplied by "the prevailing hourly rate in the community for similar work." *Id.* The request for fees is then adjusted upward or downward based on the iconic "*Johnson* factors." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). A detailed description of the application of each of these factors relevant to this Application is set forth below.

   a. **The Novelty and Difficulty of Issues** - This Bankruptcy Case has presented issues of greater complexity than cases customarily brought before this Court.

   b. **The Skills Required for Performance of Services** – SRBA's attorneys have appeared before courts in this district and throughout Louisiana in bankruptcy cases on behalf of debtors, creditors, trustees, and receivers for many years. SRBA believes and respectfully submits that it is highly regarded in the areas of bankruptcy law, commercial law, and the law of secured transactions in the State of Louisiana. SRBA's attorneys possess the experience, reputation, and ability to merit an award of the requested compensation and reimbursement.

   c. **Preclusion from Other Employment** - While SRBA was not precluded from other employment during the Fourteenth Application Period, the professionals who have devoted time to this Bankruptcy Case were prevented from working on other matters.

   d. **The Customary Fees** - SRBA has applied for allowance of compensation for fees that reflect its billing rates charged to clients by SRBA. SRBA believes that its customary fees for services are equal to or below those of other firms in the national bankruptcy community and within the range of fees approved for attorneys of similar experience within the Louisiana bankruptcy courts.

   e. **Contingent Nature of Fees** - These fees were contingent to the extent that all fees due counsel in a pending bankruptcy proceeding are contingent upon the success of the Bankruptcy Case, the availability of cash, review by the Office of the United States Trustee, Region 5, and the approval of the Court.

   f. **Time Limitations and Other Circumstances** – This Bankruptcy Case has, at times, involved the usual filing deadlines for motion practice; however, during the Fourteenth Application Period, SRBA had to act quickly to analyze issues and take the appropriate actions to advocate for the Commercial Committee and the constituency they represent.

   g. **The Amount Involved and the Results Obtained** - SRBA submits that the amount sought is fully commensurate with the results obtained. SRBA respectfully submits that its services were, at the time rendered, believed to be necessary for and

29

beneficial to the Commercial Committee and were rendered to protect and preserve the interests of the Commercial Committee during the pendency of this Bankruptcy Case. As demonstrated herein, SRBA spent its time economically and without unnecessary duplication. The services were performed in an effective and efficient manner commensurate with the complexity, exigency, and importance of the issues involved.

h.  **Experience, Reputation and Ability** - The Commercial Committee selected SRBA based on its extensive experience and knowledge of the legal matters likely to arise in the chapter 11 cases, and, in particular, SRBA's recognized expertise in the field of financial restructuring and bankruptcy.

i.  **The Undesirability of the Case** - This Bankruptcy Case was not undesirable.

j.  **The Nature and Length of the Professional Relationship with the Client** - SRBA has represented the Commercial Committee since March of 2021, but had no prior relationship with any Commercial Committee member prior to being engaged to represent the Commercial Committee.

k.  **Awards in Similar Cases** - SRBA avers that an order of compensation on the basis provided for is comparable to that awarded in similar cases in this district and in other Louisiana bankruptcy courts.

## CERTIFICATION OF COUNSEL

67.     By my signature on this Final Application, I, Paul Douglas Stewart, Jr., do hereby certify that (i) I have read this application; (ii) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with these guidelines, except as specifically noted in the application; and (iii) the compensation and expense reimbursement requested are billed at rates in accordance with practices no less favorable than those customarily employed by SRBA and generally accepted by SRBA's clients.

## EXHIBITS TO FINAL APPLICATON

68.     Additionally, attached to this Final Application are the following:

- **Exhibit A**: SRBA's monthly invoices previously circulated under the Complex Case Order for the Full Application Period.

- **Exhibit B**: Aggregate amount of expenses requested in the Full Application Period, categorized by type of expense.

- **Exhibit C**: Aggregate amount of fees requested in the Full Application Period, categorized by task code.

- **Exhibit D**: Aggregate valuation of services chart identifying the attorneys and paraprofessionals who rendered services during the Full Application Period, along with the aggregate number of hours for each individual and the total billed amount.

- **Exhibit E**: The proposed order (the "Proposed Order") SRBA requests this Court enter.

**WHEREFORE**, SRBA respectfully requests that the Court enter the Proposed Order: (a) approving the Final Application; (b) allowing, on a final basis, (i) fees in the amount of $147,760.00 and reimbursement of actual and necessary expenses in the amount of $1,925.19 that were incurred during the Fourteenth Application Period; and (ii) $3,968,406.50 in fees and $109,077.08 in expenses that were incurred during the Prior Application Period and previously allowed on an interim basis through the Prior Interim Orders; (c) directing the Debtor to pay the aforementioned amounts; and (d) granting such other and further relief as this Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: February 27, 2026                 Respectfully Submitted,

                                         **STEWART ROBBINS BROWN & ALTAZAN, LLC**

                            By:     */s/Paul D. Stewart, Jr.*
                                    Paul D. Stewart, Jr. (LA. Bar # 24661)
                                    dstewart@stewartrobbins.com
                                    William S. Robbins (LA. Bar # 24627)
                                    wrobbins@stewartrobbins.com
                                    Brandon A. Brown (La. Bar #25592)
                                    bbrown@stewartrobbins.com
                                    Brooke W. Altazan (La. Bar #32796)
                                    baltazan@stewartrobbins.com
                                    Nicholas J. Smeltz (La. Bar #38895)
                                    nsmeltz@stewartrobbins.com
                                    301 Main St., Suite 1640
                                    Baton Rouge, LA 70801-0016
                                    Telephone: (225) 231-9998
                                    Facsimile: (225) 709-9467

2