**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** | § | |
| **OF THE ARCHDIOCESE OF NEW** | § | **Section "A"** |
| **ORLEANS,** | § | |
| | § | **Chapter 11** |
| Debtor. | | |

**DECLARATION OF MARK A. MINTZ IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER TO ENFORCE THE TERMS OF CONFIRMATION ORDER OF THE SEVENTH AMENDED MODIFIED JOINT CHAPTER 11 PLAN OF REORGANIZATION APPROVING SETTLEMENT AGREEMENT AND POLICY BUY-BACKS WITH UNITED STATES FIDELITY & GUARANTY AND GRANTING RELATED RELIEF**

I, Mark A. Mintz, declare as follows:

1. I am a partner at the law firm Jones Walker LLP, counsel to the Roman Catholic Church of the Archdiocese of New Orleans ("**Archdiocese**" or "**Reorganized Debtor**") in this case. This Declaration is filed in support of the *Settlement Trustee's Motion for Entry of an Order to Enforce the Terms of Confirmation Order of the Seventh Amended Modified Joint Chapter 11 Plan of Reorganization Approving Settlement Agreement and Policy Buy-Back With United States Fidelity & Guaranty and Granting Related Relief* (the "**Motion**").[1]

2. The United States Bankruptcy Court for the Eastern District of Louisiana (the "**Bankruptcy Court**" or "**Court**") approved the Debtor's application to appoint Jones Walker LLP as counsel for the Archdiocese in this Bankruptcy Case by Order dated June 19, 2020. *See* Order

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion (as defined below) and/or the *Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of December 8, 2025*, [ECF No. 4767] (the "Joint Plan"), as applicable.

[ECF No. 170]. Jones Walker has remained counsel to the Archdiocese throughout the Bankruptcy Case and has continued to serve as counsel to the Reorganized Debtor following confirmation of the Joint Plan. I was personally and directly involved with the negotiations that led to the Settlement Agreement, including by participating in mediations with USF&G, the Certain Abuse Survivors and the other Plan Proponents. The Archdiocese was also represented by Special Insurance Counsel, the law firm of Blank Rome LLP, upon whom I have relied for certain information.

3. The Settlement Agreement represents the documentation of the settlement in principle among the Plan Proponents, Certain Abuse Survivors and USF&G incorporated into the Confirmation Order. In particular, the Confirmation Order provides that USF&G "shall be a Settling Insurer under the Joint Plan entitled to such protections and rights afforded to Settling Insurers under the Joint Plan, subject in all respects to the definitive terms of a settlement and policy buy-back agreement with the Debtors that also relates to the Diocese of Houma-Thibodaux to be filed and approved by this Court." See Confirmation Order, p. 33 at ¶ BB. In order to provide for the documentation of the definitive terms of the settlement, the Confirmation Order further provides that the "Plan Proponents and the Settlement Trustee are authorized and directed to take all steps and perform such acts as may be necessary to implement and effectuate the Joint Plan, and are further authorized to execute and deliver any instrument and perform any other act that is necessary for consummation of the Joint Plan. " *Id.,* p. 25 at ¶ C.

4. The filing of the Motion by the Settlement Trust, as supported this Declaration, thus represents a necessary step to implement the Joint Plan, including the treatment of USF&G as a Settling Insurer entitled to the rights and protections granted Settling Insurers under the Joint Plan.

## Summary of Settlement Agreement

5. As detailed in the Motion, USF&G will provide aggregate settlement consideration of $75,000,000.00 (the "**Settlement Consideration**") to the Settlement Trust to compensate survivors and will be a Settling Insurer under the Joint Plan.

6. As further detailed in the Motion, the Settlement Agreement documents the terms and conditions of the agreement among the Plan Proponents, USF&G and the Settlement Trustee, under which USF&G, subject to the exceptions set forth in the Settlement Agreement, purchases all rights, title and interests (including Subject Interests) in and to the Travelers Policies and the Related Insurance Claims and Coverage Claims (collectively, the "**Purchased Property**").  Under the terms of the Joint Plan, **pursuant to sections 105(a), 363, and 1123 of the Bankruptcy Code, and in consideration of the undertakings of the Settling Insurers pursuant to the Insurance Settlement Agreements, including the Settling Insurers' purchase of the Settling Insurers' Policies free and clear of all Liens, Claims, and Subject Interests pursuant to section 363(f) of the Bankruptcy Code, the Joint Plan incorporates by reference, adopts, and ratifies (and the Confirmation Order adopts and ratifies) the injunction of Claims against a Settling Insurer with respect to any Subject Insurance Policy set forth in the Insurance Settlement Order(s) (each, a "Sale Injunction") in all respects.**

7. The Settlement Agreement is an Insurance Settlement Agreement under the Joint Plan pursuant to which USF&G, subject to the exceptions set forth in the Settlement Agreement, receives the rights and protections provided to Setting Insurers within the Joint Plan, including the benefit of the Sale Injunction, the Channeling Injunction, the Supplemental Settling Insurers' Injunction, and Gatekeeper Injunctions (as defined in the Joint Plan, the "**Injunctions**").  The Joint Plan, as confirmed by the Confirmation Order, further acknowledges the sale of the Settling Insurer Policies to the relevant Settling Insurer free of all Claims, Liens and Subject

Interests of all Entities (subject to exceptions as set forth in the Insurance Settlement Agreements).  Specifically, the Plan provides in Article 7, Settling Insurers and Non Settling Insurers, Section 7.1(b): "As provided in the Insurance Settlement Orders, subject to the occurrence of the Effective Date, each Settling Insurer Policy (other than Preserved Coverage), including without limitation all Coverage Claims and Related Insurance Claims, will be sold to the issuing Settling Insurer, pursuant to sections, 105, 363 and 1123 of the Bankruptcy Code, free and clear of all Liens, Claims and Subject Interests of all Entities….".  (See also Section 12.4 Channeling Injunction ("pursuant to sections 105 and 363 of the Bankruptcy Code…."); Section 12.5 Supplemental Settling Insurers' Injunction ("Pursuant to sections 105 and 363 of the Bankruptcy Code…"); and Section 12.15 Ratification of Sale Injunction ("Pursuant to sections 105(a), 363 and 1123 of the Bankruptcy Code…").

### Support for Approval of Settlement Agreement

8. The Reorganized Debtor does not need permission from this Court to enter into the Settlement Agreement.  Nevertheless, the Settlement Agreement is in the reasonable business judgment of the Archdiocese and further is fair to the Archdiocese and its Creditors.

9. As set forth above, approval of the Settlement Agreement by this Court is necessitated by the terms of the Confirmation Order, which reflect the agreement in principle among the parties as reported to the Court.  On December 8, 2025, I informed the Court of the agreement in principle, which was reflected in the revised Confirmation Order submitted to the Court.  In an email to Chambers, I explained to the Court that the agreement remained "subject to" documentation to be "approved by the Court."[2]   Furthermore, Paragraph BB of the revised

---

[2] On December 8, 2025, I informed the Court of proposed changes to the Confirmation Order to incorporate the settlement in principle reached with USF&G:

Confirmation Order submitted to the Court expressly provided that the settlement would be "subject in all respects to the definitive terms of a settlement and policy buy-back agreement with the Debtors that also relates to the Diocese of Houma-Thibodaux *to be filed an approved by this Cour*t." Confirmation Order, p. 33 at ¶ BB (emphasis added).

10. The Settlement Agreement is the result of years of mediation facilitated by skilled mediators and independent negotiations between the parties and constitutes a reasonable compromise that benefits survivors. Had a settlement not been reached with USF&G, the Reorganized Debtor and Settlement Trust would have faced the prospect of prolonged litigation with multiple parties at great expense, and the risk of adverse rulings on one or more of the disputed issues, any one of which could limit or eliminate coverage, potentially for numerous claims for Abuse.

11. With the active assistance of the Court-appointed mediators, USF&G, the Archdiocese, the Certain Abuse Survivors and the Survivors' Committee engaged in lengthy, extensive, good faith and arm's length negotiations resulting in the agreement to include USF&G as a Settling Insurer under the Joint Plan. The definitive terms of the Settlement Agreement now before this Court reflect the documentation of that agreement as required by the Confirmation Order.

12. For the reasons set forth above, I believe the settlement reached among the Plan Proponents, the Certain Abuse Survivors and USF&G for the sale of the Purchased Property to USF&G and the other protections afforded to Settling Insurers, as incorporated into the Confirmation

_____

Judge Grabill's Chambers

The form of Confirmation Order attached made some conforming changes. However Paragraph BB highlights that Travelers Insurance Company has entered into a settlement which will need to be approved by the Court. The exact terms will be subject to further negotiation. But with the "subject to" language provided in this Paragraph, the parties are happy to report that the agreement in principle will allow Travelers to be considered a settling insurer.

See December 8, 2025 email from Mark Mintz to Chambers, attached hereto as **Exhibit A**.

5

Order and documented in the Settlement Agreement, represents a reasonable exercise of business judgment on the part of the Archdiocese. Moreover, the settlement constitutes a reasonable compromise that benefits survivors and  is in the best interests of the Archdiocese and its creditors. I further believe that the consideration of $75,000,000.00 provided by USF&G for inclusion under the Join Plan as a Settling Insurer, subject to the terms and conditions of the Settlement Agreement, is within the range of reasonableness and the Settlement Agreement should be approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 13, 2026

By:     */s/ Mark Mintz*_____

**<u>EXHIBIT A</u>**

**From:** Mintz, Mark <mmintz@joneswalker.com>
**Sent:** Monday, December 08, 2025 5:19 PM
**To:** Oppenheim, Samantha <soppenheim@joneswalker.com>; SectionA Orders <sectionaorders@laeb.uscourts.gov>; Melanie Quijano <melanie_quijano@laeb.uscourts.gov>
**Cc:** Vance, Patrick <pvance@joneswalker.com>; Barber, Jeff <jbarber@joneswalker.com>; James Murray <jmurray@blankrome.com>; Carter, James <james.carter@blankrome.com>; 'Michaelson, Robyn' <rmichaelson@blankrome.com>; Douglas S. Draper <ddraper@hellerdraper.com>; Michael Landis <mlandis@hellerdraper.com>; Greta M. Brouphy (Heller, Draper, Patrick, Horn & Manthey, LLC) <gbrouphy@hellerdraper.com>; Andrew Caine <acaine@pszjlaw.com>; 'Kuebel, Rick' <rick.kuebel@troutman.com>; 'Steven Bryant' <Steven.Bryant@troutman.com>; Iain Nasatir <inasatir@pszjlaw.com>; Bradley C. Knapp <bknapp@lockelord.com>; James Stang <jstang@pszjlaw.com>; Karen B. Dine <kdine@pszjlaw.com>; George, Amanda B. (USTP) <Amanda.B.George@usdoj.gov>; Brooke Altazan <baltazan@stewartrobbins.com>; Doug Stewart <dstewart@stewartrobbins.com>; Will Robbins <wrobbins@stewartrobbins.com>; 'Colleen.Murphy@gtlaw.com' <Colleen.Murphy@gtlaw.com>; 'Chris.Marks@gtlaw.com' <Chris.Marks@gtlaw.com>; chip.azano@gtlaw.com; Maxcy, Patrick C. <patrick.maxcy@dentons.com>; Ruben, Samantha <samantha.ruben@dentons.com>; Limber, Natalie <natalie.limber@dentons.com>; Sunderland, Leanne <leanne.sunderland@dentons.com>; 'Emma Jones' <eljones@omm.com>; Schiavoni, Tancred <tschiavoni@omm.com>; Jilovec, Josh <jjilovec@omm.com>; John Baay <jbaay@glllaw.com>; 'Michael D. Rubenstein' <mdrubenstein@liskow.com>; Bordi, Ameneh <abordi@sidley.com>; 'lmckay@hww-law.com' <lmckay@hww-law.com>; 'Joshua Weinberg' <jweinberg@ruggerilaw.com>; 'John Waters' <JWaters@bfrob.com>; 'David Walle' <DWalle@bfrob.com>; 'Daniel Schufreider' <daniel.schufreider@afslaw.com>; Beatmann, Jay <jay.beatmann@dentons.com>; Fisher, J. Mark <mark.fisher@afslaw.com>; Cygal, Everett <everett.cygal@afslaw.com>; jin.yan@afslaw.com; Yang, Yongli <yongli.yang@clydeco.us>; Sugayan, Catalina <catalina.sugayan@clydeco.us>; Silverman, Alex B. <asilverman@carltonfields.com>; Valenza-Frost, Nora A. <nvalenza-frost@carltonfields.com>; Mendez, Andrew D. <amendez@stonepigman.com>; 'Jessica C. Quin' <jessica@hkgclaw.com>; 'Soren Gisleson' <soren@hkgclaw.com>; Taylor Townsend <taylor@townsendlaw.com>; Robert Salim <skeeter@salim-beasley.com>; John Denenea <jdenenea@gmail.com>; David F. Waguespack <waguespack@carverdarden.com>
**Subject:** RE: Case No. 20-10846 - Proposed Confirmation Order

<span style="color:red">**[WARNING: EXTERNAL SENDER]**</span>

Judge Grabill's Chambers

The form of Confirmation Order attached made some conforming changes. However Paragraph BB highlights that Travelers Insurance Company has entered into a settlement which will need to be approved by the Court.  The exact terms will be subject to further negotiation.  But with the "subject to" language provided in this Paragraph, the parties are happy to report that the agreement in principle will allow Travelers to be considered a settling insurer.

Thank you again for your dedication and ability to get this signed tonight so the Trust can come into existence and the parties can move towards the effective date.

Mark

**Mark A. Mintz**  |  Partner
Jones Walker LLP
D: 504.582.8368
mmintz@joneswalker.com

---

**From:** Oppenheim, Samantha <soppenheim@joneswalker.com>
**Sent:** Monday, December 8, 2025 5:10 PM
**To:** SectionA Orders <sectionaorders@laeb.uscourts.gov>; Melanie Quijano <melanie_quijano@laeb.uscourts.gov>
**Cc:** Mintz, Mark <mmintz@joneswalker.com>; Vance, Patrick <pvance@joneswalker.com>; Barber, Jeff <jbarber@joneswalker.com>; James Murray <jmurray@blankrome.com>; Carter, James <james.carter@blankrome.com>; 'Michaelson, Robyn' <rmichaelson@blankrome.com>; Douglas S. Draper <ddraper@hellerdraper.com>; Michael Landis <mlandis@hellerdraper.com>; Greta M. Brouphy (Heller, Draper, Patrick, Horn & Manthey, LLC) <gbrouphy@hellerdraper.com>; Andrew Caine <acaine@pszjlaw.com>; 'Kuebel, Rick' <rick.kuebel@troutman.com>; 'Steven Bryant' <Steven.Bryant@troutman.com>; Iain Nasatir <inasatir@pszjlaw.com>; Bradley C. Knapp <bknapp@lockelord.com>; James Stang <jstang@pszjlaw.com>; Karen B. Dine <kdine@pszjlaw.com>; George, Amanda B. (USTP) <Amanda.B.George@usdoj.gov>; Brooke Altazan <baltazan@stewartrobbins.com>; Doug Stewart <dstewart@stewartrobbins.com>; Will Robbins <wrobbins@stewartrobbins.com>; 'Colleen.Murphy@gtlaw.com' <Colleen.Murphy@gtlaw.com>; 'Chris.Marks@gtlaw.com' <Chris.Marks@gtlaw.com>; chip.azano@gtlaw.com; 'patrick.maxcy@dentons.com' <patrick.maxcy@dentons.com>; Ruben, Samantha <samantha.ruben@dentons.com>; Natalie Limber <natalie.limber@dentons.com>; Leanne Sunderland <leanne.sunderland@dentons.com>; 'Emma Jones' <eljones@omm.com>; Schiavoni, Tancred <tschiavoni@omm.com>; Jilovec, Josh <jjilovec@omm.com>; John Baay <jbaay@glllaw.com>; 'Michael D. Rubenstein' <mdrubenstein@liskow.com>; Bordi, Ameneh <abordi@sidley.com>; 'lmckay@hww-law.com' <lmckay@hww-law.com>; 'Joshua Weinberg' <jweinberg@ruggerilaw.com>; 'John Waters' <JWaters@bfrob.com>; 'David Walle' <DWalle@bfrob.com>; 'Daniel Schufreider' <daniel.schufreider@afslaw.com>; 'Jay Beatmann' <jay.beatmann@dentons.com>; Fisher, J. Mark <mark.fisher@afslaw.com>; Cygal, Everett <everett.cygal@afslaw.com>; jin.yan@afslaw.com; Yang, Yongli <yongli.yang@clydeco.us>; Sugayan, Catalina <catalina.sugayan@clydeco.us>; Silverman, Alex B. <asilverman@carltonfields.com>; Valenza-Frost, Nora A. <nvalenza-frost@carltonfields.com>; Mendez, Andrew D. <amendez@stonepigman.com>; 'Jessica C. Quin' <jessica@hkgclaw.com>; 'Soren Gisleson' <soren@hkgclaw.com>; Taylor Townsend <taylor@townsendlaw.com>; Robert Salim <skeeter@salim-beasley.com>; John Denenea <jdenenea@gmail.com>; David F. Waguespack <waguespack@carverdarden.com>
**Subject:** RE: Case No. 20-10846 - Proposed Confirmation Order

Good evening,

Please find attached a revised version of the proposed confirmation order, as well as a CPO redline against the version that was submitted on Thursday afternoon.

Thank you very much,
Samantha

**Samantha A. Oppenheim**  |  Associate
Jones Walker LLP
D: 504.582.8641
soppenheim@joneswalker.com

---

**From:** Oppenheim, Samantha
**Sent:** Thursday, December 4, 2025 2:17 PM
**To:** SectionA Orders <sectionaorders@laeb.uscourts.gov>; Melanie Quijano <melanie_quijano@laeb.uscourts.gov>
**Cc:** Mintz, Mark <mmintz@joneswalker.com>; Vance, Patrick <pvance@joneswalker.com>; Barber, Jeff <jbarber@joneswalker.com>; James Murray <jmurray@blankrome.com>; Carter, James

<james.carter@blankrome.com>; 'Michaelson, Robyn' <rmichaelson@blankrome.com>; Douglas S. Draper <ddraper@hellerdraper.com>; Michael Landis <mlandis@hellerdraper.com>; Greta M. Brouphy (Heller, Draper, Patrick, Horn & Manthey, LLC) <gbrouphy@hellerdraper.com>; Andrew Caine <acaine@pszjlaw.com>; 'Kuebel, Rick' <rick.kuebel@troutman.com>; 'Steven Bryant' <Steven.Bryant@troutman.com>; Iain Nasatir <inasatir@pszjlaw.com>; Bradley C. Knapp <bknapp@lockelord.com>; James Stang <jstang@pszjlaw.com>; Karen B. Dine <kdine@pszjlaw.com>; George, Amanda B. (USTP) <Amanda.B.George@usdoj.gov>; Brooke Altazan <baltazan@stewartrobbins.com>; Doug Stewart <dstewart@stewartrobbins.com>; Will Robbins <wrobbins@stewartrobbins.com>; 'Colleen.Murphy@gtlaw.com' <Colleen.Murphy@gtlaw.com>; 'Chris.Marks@gtlaw.com' <Chris.Marks@gtlaw.com>; chip.azano@gtlaw.com; 'patrick.maxcy@dentons.com' <patrick.maxcy@dentons.com>; Ruben, Samantha <samantha.ruben@dentons.com>; Natalie Limber <natalie.limber@dentons.com>; Leanne Sunderland <leanne.sunderland@dentons.com>; 'Emma Jones' <eljones@omm.com>; Schiavoni, Tancred <tschiavoni@omm.com>; Jilovec, Josh <jjilovec@omm.com>; John Baay <jbaay@glllaw.com>; 'Michael D. Rubenstein' <mdrubenstein@liskow.com>; Bordi, Ameneh <abordi@sidley.com>; 'lmckay@hww-law.com' <lmckay@hww-law.com>; 'Joshua Weinberg' <jweinberg@ruggerilaw.com>; 'John Waters' <JWaters@bfrob.com>; 'David Walle' <DWalle@bfrob.com>; 'Daniel Schufreider' <daniel.schufreider@afslaw.com>; 'Jay Beatmann' <jay.beatmann@dentons.com>; Fisher, J. Mark <mark.fisher@afslaw.com>; Cygal, Everett <everett.cygal@afslaw.com>; jin.yan@afslaw.com; Yang, Yongli <yongli.yang@clydeco.us>; Sugayan, Catalina <catalina.sugayan@clydeco.us>; Silverman, Alex B. <asilverman@carltonfields.com>; Valenza-Frost, Nora A. <nvalenza-frost@carltonfields.com>; Mendez, Andrew D. <amendez@stonepigman.com>; 'Jessica C. Quin' <jessica@hkgclaw.com>; 'Soren Gisleson' <soren@hkgclaw.com>; Taylor Townsend <taylor@townsendlaw.com>; Robert Salim <skeeter@salim-beasley.com>; John Denenea <jdenenea@gmail.com>; David F. Waguespack <waguespack@carverdarden.com>
**Subject:** Case No. 20-10846 - Proposed Confirmation Order

Good afternoon, Judge Grabill's Chambers and Counsel:

As discussed during today's hearing, attached please a proposed confirmation order.

Thank you,
Samantha

**Samantha A. Oppenheim**
Associate
D: 504.582.8641
soppenheim@joneswalker.com



Jones Walker LLP
201 St. Charles Ave, Ste 5100
New Orleans, LA 70170
**joneswalker.com**