# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | § § § § | CHAPTER 11 COMPLEX CASE |
| | § | |
| DEBTORS.[1] | § | SECTION A |

## ORDER

Before the Court are several pending interim and final fee applications that are scheduled to be resolved at an evidentiary hearing on May 14 and 15, 2026, pursuant to the instructions in this Court's Order dated December 23, 2025. [ECF Doc. 4811].

Section 330 of the Bankruptcy Code permits an award of compensation to a professional person employed under 11 U.S.C. §§ 327 or 1103 as long as the nature, extent, and value of services performed are reasonable and necessary and rendered toward the completion of the case. *See* 11 U.S.C. § 330(a).[2]  Section 330 provides a nonexclusive list of factors the Court must consider in determining the reasonableness of the compensation requested, including:

---

[1]  On November 13, 2025, this Court entered an Order directing joint administration of the chapter 11 bankruptcy case of The Roman Catholic Church of the Archdiocese of New Orleans with 157 cases filed by certain Archdiocesan parishes, suppressed Archdiocesan parishes, and Archdiocesan agencies (collectively, the "Additional Debtors"). [ECF Doc. 4603]. On December 8, 2025, this Court entered an Order confirming a joint plan of reorganization, [ECF Doc. 4767], and, on December 29, 2025, the jointly administered debtors filed a *Notice of Occurrence of the Effective Date* of that plan, [ECF Doc. 4817]. The Court entered final decrees and closed the cases filed by the Additional Debtors in January 2026.

[2]  Similarly, § 503(b) of the Bankruptcy Code provides the opportunity for allowance of administrative expenses for

> reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, **based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title**, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

      (A)    the time spent on such services;

      (B)    the rates charged for such services;

      (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). "The applicant bears the burden of proof in a fee application case." *Cont'l Ill. Nat'l Bank & Tr. Co. of Chi. v. Charles N. Wooten, Ltd. (In re Evangeline Ref. Co.)*, 890 F.2d 1312, 1326 (5th Cir. 1989) (citation omitted); *In re Am. Plumbing & Mech., Inc.*, 327 B.R. 273, 279 (Bankr. W.D. Tex. 2005) (citations omitted).

      The Fifth Circuit uses a "lodestar" method for determining attorneys' fees. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993). To tally the lodestar amount, courts multiply "the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community." *Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 517 B.R. 724, 731 (Bankr. S.D. Tex. 2014) (citing *In re Skyport Global Commc'ns, Inc.*, 450 B.R. 637, 647 (Bankr. S.D. Tex. 2011)). A court may then adjust the lodestar amount up or down depending upon the presence or absence of the twelve factors identified in *Johnson v.*

---

11 U.S.C. § 503(b)(4) (emphasis added). "These factors mirror the factors considered to determine reasonable compensation under § 330(a)(3), and courts generally apply the same analysis and approach to fee requests under § 503(b)(4) that are used for fee applications under § 330(a)." *In re 29 Brooklyn Ave., LLC*, 548 B.R. 642, 652 (Bankr. E.D.N.Y. 2016) (citation omitted).

*Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) (assessing reasonableness of attorneys' fees under § 706(k) of Title VII of the Civil Rights Act of 1964), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See In re Cahill,* 428 F.3d 536, 539–41 (5th Cir. 2005) (applying the *Johnson* factors in a bankruptcy context); *In re Harris-Nutall*, 572 B.R. 184, 197 (Bankr. N.D. Tex. 2017) (same); *In re New Towne Dev. Grp., L.L.C.*, No. 09-10029, 2010 WL 1451480, at *2 (Bankr. M.D. La. Apr. 9, 2010) (same); *In re Energy Partners, Ltd.*, 422 B.R. 68, 90 (Bankr. S.D. Tex. 2009) (same).

The *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) skill required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) award in similar cases. *See* 488 F.2d at 717–19. But *"*[t]he lodestar method is presumed to account for four of the twelve *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation." *In re Rodriguez*, 517 B.R. at 730.

The Fifth Circuit affords courts considerable discretion in awarding attorneys' fees. *See Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994). "[I]f a fee applicant establishes that its services were 'necessary to the administration' of a bankruptcy case or 'reasonably likely to benefit' the bankruptcy estate 'at the time at which [they] were] rendered . . . then the services are compensable." *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015) (quoting 11 U.S.C. § 330(a)(3)(C)).

This Court has an independent duty to review the reasonableness of a professional's fees, even in the absence of objections by parties in interest, including the party who retained the professional's services. *See In re 1002 Gemini Interests LLC*, No. 11-38815, 2015 WL 913542, at *3 (Bankr. S.D. Tex. Feb. 27, 2015); *In re Squaglia*, No. 04-12017, 2008 WL 3925223, at *6 (Bankr. E.D. Cal. Aug. 26, 2008); *In re Delgado*, No. 06-0439, 2006 WL 3227331, at *3 (Bankr. S.D. Tex. Nov. 2, 2006). Indeed, a bankruptcy court may not approve compensation for "(i) unnecessary duplication of services; or (ii) services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the estate." 11 U.S.C. § 330(a)(4)(A). Accordingly, to the extent that any substantive descriptions of services contained in the invoices attached to any professional's interim or final fee applications are redacted, [*e.g.*, ECF Doc. 1683-1],

**IT IS ORDERED** that professionals shall hand-deliver to the Court on or before **Monday, March 23, 2026, at 5:00 p.m.** copies of unredacted invoices for the Court's *in camera* review. Only individual pages containing unredacted descriptions of services need to be provided to the Court, not the entire fee application.[3]

New Orleans, Louisiana, this 16th day of March, 2026.

                                      MEREDITH S. GRABILL
                                      UNITED STATES BANKRUPTCY JUDGE

---

[3] Other information, such as wire instructions for interim payment of invoices as an example, that is redacted in invoices attached to interim or final fee applications is not relevant for the Court's *in camera* review and § 330 analysis. Thus, those unredacted pages need not be supplied to the Court.