**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,**<br><br>                       **Debtor. [1]** | **Case No. 20-10846**<br><br>**Section "A"**<br><br>**Chapter 11** |

**DEBTOR'S RESPONSE TO APPLICATION OF CERTAIN ABUSE SURVIVORS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FOR SUBSTANTIAL CONTRIBUTION AND REIMBURSEMENT OF COSTS PURSUANT TO 11 U.S.C. § 503(b)**

The Debtor files this Response to the *Application of Certain Abuse Survivors for Allowance and Payment of Administrative Expense Claim for Substantial Contribution and Reimbursement of Costs Pursuant to 11 U.S.C. § 503(b)* [ECF Doc. 4912] (the "Application"). The Application fails to meet the high burden to award an administrative claim for substantial contribution. Counsel for Certain Abuse Survivors (the "Applicants") exaggerate and often misrepresent the actual contributions made by counsel. Further, the exhibits outlining their services and requested fees are woefully inadequate and lack the specificity needed.

**A. INTRODUCTION AND BACKGROUND**

The fact that the Certain Abuse Survivors are claiming that they get administrative fees for "forcing" the Roman Catholic Church of the Archdiocese of New Orleans ("ANO") into bankruptcy is absurd. While the bankruptcy filing was prompted by the filing of the various abuse claims against ANO, the filing of the suits was purely advancing the interests of the abuse survivors and only had an incidental benefit to other abuse survivors by the filing of the petition and prompting an equitable distribution to all creditors. Further, as this Court is well aware, the Abuse

{00384121-2}

Survivors fought ANO being in bankruptcy from the start and relentlessly tried to have the case dismissed so that they could pursue their state court claims individually.

Although the Applicants claim to have discovered the root cause of the past abuse—a doubtful and exaggerated claim—they fail to show how that provided any benefit to the estate, let alone a "substantial contribution."

The Applicants also claim to have "policed the bankruptcy" to mitigate over-billing, yet here they are requesting additional administrative expenses. Furthermore, "policing" the bankruptcy process is the job of the United States Trustee and any efforts by the Applicants was duplicative at best.

The Applicants also take credit for filing a motion to appoint a trustee to control excesses; a motion that was never granted. In fact, it was the Court who appointed her own expert to give a report on where the case stood and the likelihood of a reorganization that put progress in motion.

The Applicants further claim that the motion to dismiss the bankruptcy expedited the conclusion. That is patently false. When the motion to dismiss was filed, the ANO, Additional Debtors, settling insurers, and the Official Committee of Unsecured Creditors were already in negotiations and working together to advance the Memorandum of Understanding through a joint plan. The motion to dismiss was not granted and the Memorandum of Understanding that the Committee, the settling insurers, the Debtor and the Additional Debtors agreed to (over the objections of the Applicants) was ultimately included in the Joint Plan that was confirmed by this Court.

While the Applicants did negotiate further contributions to the Settlement Trust, that is nothing that they would not have normally done in the representation of their clients and the only real benefit that was gained by the negotiations was a firm amount from the sale of the Christopher

{00384121-2}

Homes properties, which would have ultimately been paid to the Trust even without further negotiations.

For the Applicants to claim credit for negotiating the $75 million settlement with Travelers is disingenuous at best. Firstly, the Travelers policy had already been assigned to the Trust pursuant to the confirmed Joint Plan. So the settlement was for the benefit of the Trust, not the bankruptcy estate because the estate no longer existed after confirmation. Second, the Plan Proponents and Travelers had been in negotiations long before and it was the Plan Proponents' efforts that led to the settlement with Travelers, not the Applicants.

## B. LAW AND ARGUMENT

Courts generally consider applications under 503(b)(3)(D) on a case by case basis and consider the following factors: (1) whether the services were rendered solely to benefit the client or to benefit all the parties to the case; (2) whether the services provided a direct, significant, and demonstrable benefit to the estate; and (3) whether the services were duplicative of services rendered by attorneys for the committee, the committees themselves, or the debtor and its attorneys. *In re Buttes Gas & Oil Co.*, 112 B.R. 191, 194 (Bankr. S.D. Tex. 1989). *See also*, *In re Best Prods. Co., Inc.*, 173 B.R. 862, 865 (Bankr. S.D.N.Y. 1994).

When it comes to creditors, substantial contribution provisions are narrowly construed. *In re Granite Partners*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997); *In re 9085 E. Min. Off. Bldg., Ltd.*, 119 B.R. 246, 250 (Bankr. D. Colo. 1990) ("compensation must be strictly limited to those cases in which *unusual* creditor actions have led to *demonstrated* benefits to either the creditors as a whole, the debtor or the estate." (emphasis in original)); *Best Prods. Co.*, 173 B.R. at 866 ("Creditors face an especially difficult burden in passing the 'substantial contribution' test since they are presumed to act primarily in their own interests." *quoting U.S. Lines, Inc.,* 103 B.R. 427,

{00384121-2}

430 (Bankr. S.D.N.Y. 1989)); *In re KiOR, Inc.*, 567 B.R. 451, 459 (D. Del. 2017) (holding that the "threshold is exceedingly narrow."). "[T]he general rule remains that attorneys must look to their own clients for payment." *Best Prods. Co., Inc.*, 173 B.R. at 866.

The burden of proof to obtain administrative fees for a substantial contribution lies with the applicant who must demonstrate by a preponderance of the evidence that the efforts resulted in an actual and demonstrable benefit to the estate. *In re Speeds Billiards & Games, Inc.*, 149 B.R. 434, 437 (Bankr. E.D. Tex. 1993). Furthermore, a creditor's mere participation in a case, even if extensive, is not sufficient to justify an award under 503(b). *Granite Partners*, 213 B.R. at 445; *Best Products*, 173 B.R. at 866. "[I]t is axiomatic that a creditor's participation in the case which confers only incidental or indirect benefits is not compensable as an administrative expense." *Speeds Billiards & Games*, 149 B.R. at 437. *See also*, *Buttes Gas & Oil Co.*, 112 B.R. at 194. "Generally, services which make a substantial contribution are those which 'foster and enhance, rather than retard or interrupt the progress of reorganization.'" *Matter of DP Partners Ltd. P'ship*, 106 F.3d 667, 672 (5th Cir. 1997) *quoting In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir.1986).

1. **Prepetition Litigation is Not Compensable Under 503(b)(4) When the Creditor Is Unaware of the Pendency of the Bankruptcy Filing.**

The Applicants are seeking compensation for efforts undertaken to collect on claims asserted by their clients prepetition when they had no knowledge whatsoever of the pending bankruptcy filing. The Tenth Circuit faced this very question in *In re Lister*, 846 F.2d 55 (10th Cir. 1988). In *Lister*, the court recognized that when the prepetition actions taken by a creditor (or group of creditors) are not in anticipation of a bankruptcy filing and are merely to collect on their own behalf, such actions are not compensable as administrative expenses that incurred a "substantial benefit upon the estate."

{00384121-2}

> [The creditor] undertook these pre-petition efforts solely for the purpose of collecting his judgment. His actions could not have been undertaken in anticipation of the reorganization of the debtors, as he was unaware of the pendency of bankruptcy proceedings until after the petition had been filed. Any benefit accruing to the bankruptcy estate as a result of these efforts was only incidental.

*Id.* at 57.

The Applicants prepetition filings may have incidentally precipitated the bankruptcy filing, but there is no way that they undertook such actions to substantially benefit the bankruptcy estate because they knew nothing of the bankruptcy when those actions were taken. Actions that provide merely *incidental* benefit to the estate do not rise to the level of *substantial* benefit. "If a creditor is actively and exclusively pursuing its own self interest, any benefits accruing to the debtor's estate or other creditors are merely incidental benefits; these are not deemed substantial." *DP Partners*, 106 F.3d at 672.

**2. The Applicants Fail to Show a Causal Connection Between the Post-Petition Efforts and Any Benefit to the Estate.**

The Applicants list several post-petition actions that they claim provided substantial benefit to the estate. However, "[t]he applicant must show a 'causal connection' between the service and the contribution." *In re Granite Partners*, 213 B.R. 440, 447 (Bankr. S.D.N.Y. 1997), citing *DP Partners* 106 F.3d at 673. Further, "[s]omething more than mere conclusory self-serving statements regarding one's involvement in a case which allegedly resulted in a 'substantial contribution' must be presented to the Court before compensation can be allowed." *In re 9085 E. Min. Off. Bldg., Ltd.*, 119 B.R. 246, 249 (Bankr. D. Colo. 1990). See also, *In re KiOR, Inc.*, 567 B.R. 451, 461 (D. Del. 2017) ("Because Leidos is presumed to be acting in its own self-interest, it was required to introduce something more than self-serving statement regarding its involvement in the case in order to carry its burden of demonstrating that its services provided a substantial contribution to the estate." (internal quotes omitted)).

{00384121-2}

The Applicants claim that their work in the passage of the look-back window for sexual abuse claims and defending the constitutionality of it provided substantial benefits, but fail to point to how it actually provided a material benefit.  Nor do they mention that the look-back window work was done in conjunction with clients who had claims against the Diocese of Lafayette and was entirely unrelated to the ANO case.  The Applicants claim that the look-back window "exponentially improved the payouts to survivors from pennies on the dollar to over a billion-dollar valuation,"[1] but provide no evidence or analysis from a third party that suggests that is the case.  The increase in the value of the sexual abuse claims came from the increase in the number of claims.  Even so, the value of the abuse claims and the amount available for a payout to the abuse survivors are two separate calculations.  The payout is a factor of what the ANO and Additional Debtors are able to contribute to the Settlement Trust and whether that amount satisfies the requirements under section 1129 of the Bankruptcy Code. The value of the claims themselves is a matter for experts and the Committee hired its own expert to do just that.  Any efforts made by the Applicants in that regard were duplicative.  "Services that duplicate those rendered by the debtor or other court appointed officers, absent proof that they are unwilling or unable to act, are not compensable because they entail an excessive and undue burden on the estate." *Granite Partners*, 213 B.R. at 446.

The Applicants' efforts on the look-back window can, at best, be described as incidental to the reorganization itself.  "Compensation has been denied where the services rendered by the creditor or shareholder were only 'remotely related to the reorganization,' on the theory that 'a creditor's attorney must ordinarily look to its own client for payment, unless the creditor's attorney rendered services on behalf of the reorganization, not merely on behalf of his client's interest, *and*

---

[1] Application at ¶15.

{00384121-2}

*conferred a significant and demonstrable benefit* to the debtor's estate and the creditors.'" *Matter of Consol. Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986) (internal citations omitted). There is nothing to show that the look-back window contributed anything material to the estate or helped to move the case forward.[2]

The Applicants refer to their efforts in drafting several motions and fee objections. It is noteworthy that none of those efforts were fruitful and the Applicants cannot point to a single material benefit that resulted from the motions. The Motion to Appoint Trustee and Motion to Dismiss were never granted. The Court took it upon itself to appoint the special master. To claim that the Motion to Dismiss led to the bankruptcy conclusion is, as one court put it, putting the Debtor in "a "Heads I win, tails you lose" position. *Consol. Bancshares, Inc.*, 785 F.2d at 1253. Further, the Joint Plan and the disclosure statement were submitted and presented by the Plan Proponents, which were represented by their own counsel. Such efforts were not extraordinary. *Buttes Gas & Oil Co.*, 112 B.R.at 195.

The Applicants also claim that their participation in the settlement with Travelers constitutes a substantial benefit. This claim is egregiously overstated. "Mere participation in the negotiation, drafting and confirmation of the plan is not sufficient." *Id.* at 449. There is nothing in the Application that shows the extent of the Applicants' participation or that it was their efforts and their efforts alone that made the settlement with Travelers possible.

In paragraph 24 of the Application, the Applicants list several actions that they took and which they, themselves, describe as "traditional." Specifically, they list:

- Monitoring hearings and contested matters;
- Obtaining and reviewing hearing and deposition transcripts;
- Reviewing pleadings and professional fee applications;
- Participating in matters affecting abuse survivor recoveries;

---

[2] In fact, it ended up not mattering given that the ANO never objected to any abuse claims.

{00384121-2}

- Preserving objections and rights impacting the creditor body.[3]

None of these actions constitute anything that would not ordinarily be expected of a creditor's counsel in any bankruptcy proceeding. These actions certainly do not rise to the level of "substantial contribution."

**3. The Applicants' Efforts in the Case did Not Serve to Foster or Enhance the Reorganization.**

"Generally, services which make a substantial contribution are those which foster and enhance, rather than retard or interrupt the progress of reorganization." *DP Partners Ltd. P'ship*, 106 F.3d at 672 (internal quotes omitted). Both motions to dismiss filed by the Applicants were denied. To claim victory after both losses is "like maiming a person, losing the ensuing lawsuit, and then demanding kudos for clarifying the law of battery." *Granite Partners*, 213 B.R. at 448. The motions to dismiss created additional expenses on the part of the estate and took up an inordinate amount of time in discovery disputes and other pretrial matters. When these costs are weighed against the lack of any benefit produced by the litigation, it is clear that there was no substantial or material benefit conferred to the estate.

As to any fee objections that may have had disputable benefit, such efforts were duplicative of the efforts of the United States Trustee who is specifically tasked with reviewing such matters. The Applicants' should not be rewarded for taking on a task that is already being handled. Furthermore, it is not *unusual* for creditors counsel to monitor fee applications and it is only the "unusual creditor" who is entitled to administrative fees. *In re 9085 E. Min. Off. Bldg., Ltd.*, 119 B.R. 246, 250 (Bankr. D. Colo. 1990).

Lastly, much of the Applicants' time, no doubt, was spent developing their competing plan of reorganization that was never confirmed or even brought up for confirmation. Again, post-

---

[3] Application at ¶ 24.

{00384121-2}

petition efforts must result in an actual and demonstrable benefit to the estate. *905 East Mineral Office Bldg.*, 119 B.R. at 252.

### C.  CONCLUSION

It is abundantly clear that the Applicants' efforts taken on behalf of their clients did not foster or enhance the progress of the reorganization.  Any efforts that they took were taken for the benefit of their own clients and did not provide a direct, significant, and demonstrable benefit to the estate, and some of the efforts were duplicative of other efforts already undertaken by court appointed professionals.  Lastly, the Applicants' Summary of Bankruptcy Expenses attached as Exhibit 3 to the Application is completely inadequate.  There is no way to determine how those expenses were incurred or for what purpose they were incurred.  As such, the Applicants have not met the burden of proof for receiving compensation under 11 U.S.C. § 503(b)(3)(D) and the Application should be denied.

March 31, 2026

Respectfully submitted:

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

*/s/ Michael E. Landis*
Douglas S. Draper, La. Bar No. 5073
Greta M. Brouphy, La. Bar No. 26216
Michael E. Landis, La Bar No. 36542
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103
Telephone: 504.299.3300/Fax: 504.299.3399
E-mail:ddraper@lawla.com
E-mail: gbrouphy@lawla.com
E-mail: mlandis@lawla.com

*Attorneys for the Debtor*

{00384121-2}

## CERTIFICATE OF SERVICE

I, Michael Landis, do hereby certify that I caused the above and foregoing to be served on March 31, 2026, to all parties entitled to service via the Court's CM/ECF Electronic Notification System as follows:

- Christine W. Adams     cadams@deshazoadams.com
- H. Kent Aguillard     kent@aguillardlaw.com, germaine@aguillardlaw.com;caleb@aguillardlaw.com
- A. Brooke Watford Altazan     baltazan@stewartrobbins.com, baltazan@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- William Harrell Arata     aratalaw@bellsouth.net
- William Harrell Arata     billarata@aratalaw.net
- David Winston Ardoin     david@amotriallawyers.com, renee@amotriallawyers.com
- John Baay     Jbaay@LabordeSiegel.com, myoung@glllaw.com;nordonez@labordesiegel.com
- Jerry Beatmann     jay.beatmann@dentons.com, dee.mcgill@dentons.com;sam.alberts@dentons.com
- Alicia M. Bendana     abendana@fishmanhaygood.com, kfritscher@fishmanhaygood.com;rmichel@fishmanhaygood.com
- Jacques F. Bezou     jb2@bezou.com, dhenderson@bezou.com
- Richard A. Bordelon     rbordelon@denechaudlaw.com
- Derek T Braslow     dbraslow@actslaw.com
- Brandon A. Brown     bbrown@stewartrobbins.com, bbrown@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- Joseph M. Bruno     jbruno@brunobrunolaw.com
- William Steven Bryant     steven.bryant@lockelord.com
- Elwood F. Cahill     ecahill@shergarner.com
- Andrew William Caine     acaine@pszjlaw.com
- Deborah J Campbell     deborah.campbell@dentons.com
- Linda F Cantor     lcantor@pszjlaw.com
- Daniel J Carr     dcarr@peifferwolf.com
- Clint Casperson     clcasperson@dmillerlaw.com
- Ryan J Cavanaugh     ryan@constantllp.com
- Desiree M. Charbonnet     desi@charbonnetlawfirm.com
- William G. Cherbonnier     wgc@billcherbonnier.com, caludagroupllc@jubileebk.net
- Everett J. Cygal     ecygal@schiffhardin.com
- Rodrigo DE Llano     filing@dandell.com
- Scott Edward Delacroix     scottdelacroixlaw@gmail.com
- John H. Denenea     jdenenea@gmail.com
- Douglas S. Draper     ddraper@hellerdraper.com, vgamble@hellerdraper.com
- Christopher F Edmunds     chrisedmundslaw@gmail.com

{00384121-2}

- Frank Elliot    frank@nfelaw.com
- Joseph Mark Fisher    mfisher@schiffhardin.com
- Elizabeth J. Futrell    efutrell@joneswalker.com, lisa-futrell-4186@ecf.pacerpro.com
- Amanda Burnette George    Amanda.B.George@usdoj.gov
- Jeremy Gettes    jgettes@chehardy.com
- William P. Gibbens    billy@semmlaw.com, terri@semmlaw.com
- Soren Erik Gisleson    soren@hkgclaw.com, jchauvin@hhkc.com
- Brodie Glenn    bglenn@bradleyfirm.com
- Alan H. Goodman    alan.goodman@bswllp.com, moorek@bswllp.com
- Stephen Haedicke    stephen@haedickelaw.com
- Ashley J. Heilprin    ashley.heilprin@phelps.com
- Evan Park Howell    ehowell@ephlaw.com
- Erin Pelleteri Howser    epelleteri@bakerdonelson.com
- Stephen Michael Huber    stephen@huberthomaslaw.com
- Sara Hunkler    shunkler@ruggerilaw.com
- Amelia L. Hurt    amelia.hurt@kellyhart.com, june.alcantara-davis@kellyhart.com
- Wayne J. Jablonowski    wjjlaw@bellsouth.net
- Annette W Jarvis    jarvisa@gtlaw.com
- Lillian Jordan    ljordan@donlinrecano.com, rmapa@donlinrecano.com;nefrecipients@donlinrecano.com;jestrada@donlinrecano.com
- Benjamin Kadden    bkadden@lawla.com, mnguyen@lawla.com;ijohnson@lawla.com
- Allison Kingsmill    akingsmill@joneswalker.com
- Bradley C. Knapp    brad.knapp@troutman.com, AutoDocket@LockeLord.com
- Dylan K. Knoll    dknoll@denechaudlaw.com
- Omer F. Kuebel    rick.kuebel@troutman.com
- Heather A. LaSalle    halexis@hinshawlaw.com, lgraff@mcglinchey.com
- Frank E. Lamothe    felamothe@lamothefirm.com
- Julien Guy Lamothe    jlamothe@lamothefirm.com
- Mark C. Landry    mlandry@newmanmathis.com
- Darryl T. Landwehr    dtlandwehr@att.net, dtlandwehr@gmail.com
- Joseph J Lowenthal    jlowenthal@joneswalker.com
- Ryan Luminais    rluminais@shergarner.com
- Thomas J. Madigan    tmadigan@shergarner.com, rbailey@shergarner.com
- Wayne A. Maiorana    tmaiorana@newmanmathis.com
- Wilson Lewis Maloz    wmaloz@lpwsl.com
- Robert A. Mathis    rmathis@newmanmathis.com
- Donald Andrew Mau    andy@caseycowley.com
- Patrick Maxcy    patrick.maxcy@dentons.com
- Ryan Matthew McCabe    ryan@mccabefirm.com, rmccabe@gmail.com
- Collin Roy Melancon    collin@mmcdlaw.com
- Carey L. Menasco    clmenasco@liskow.com
- Andrew D. Mendez    amendez@stonepigman.com
- Gerald Edward Meunier    gmeunier@gainsben.com, dmartin@gainsben.com
- Daniel Adam Meyer    dmeyer@sssfirm.com

{00384121-2}

- Allen C. Miller    allen.miller@phelps.com
- Mark Mintz    mmintz@joneswalker.com, mark-mintz-4822@ecf.pacerpro.com
- Jack E Morris    jem@jemorrislaw.com
- M. Keith Moskowitz    keith.moskowitz@dentons.com
- Kathryn Munson    kwm@stanleyreuter.com
- Colleen A Murphy    murphyc@gtlaw.com
- Brandon Naquin    ban@stanleyreuter.com
- Samantha Oppenheim    soppenheim@joneswalker.com, samantha-oppenheim-7970@ecf.pacerpro.com
- Dwight C Paulsen    tpaulsen@bradleyfirm.com
- Felecia Y Peavy    felepeavy@juno.com
- Louis Middleton Phillips    louis.phillips@kellyhart.com, june.alcantara-davis@kellyhart.com
- Caroline A. Reckler    caroline.reckler@lw.com
- William S. Robbins    wrobbins@stewartrobbins.com, wrobbins@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- Craig Robinson    craig@rlolegal.com
- Nicholas Rockforte    nicholas@onmyside.com
- Keith A. Rodriguez    Krodriguez@keithrodriguez.com
- Samuel M. Rosamond    srosamond@twpdlaw.com, jgreen@twpdlaw.com
- Richard A Rozanski    richard@rarlaw.net
- Michael D. Rubenstein    mdrubenstein@liskow.com, lschnabel@Liskow.com
- David Rubin    David.Rubin@butlersnow.com
- Robert Salim    skeeter@salim-beasley.com
- Tancred Schiavoni    tschiavoni@omm.com, nrivera@omm.com
- Logan E. Schonekas    logan@huberthomaslaw.com
- Kristi Schubert    kschubert@lamothefirm.com
- Bradley J. Schwab    brad@voorhieslaw.com
- Stephen P. Scullin    scullin@carverdarden.com, baradell@carverdarden.com
- Peter James Segrist    segrist@carverdarden.com, clary@carverdarden.com
- Patrick M. Shelby    rick.shelby@kellyhart.com, june.alcantara-davis@kellyhart.com
- Nicholas Smeltz    nsmeltz@stewartrobbins.com, nsmeltz@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- David M Spector    dspector@schiffhardin.com
- Richard C. Stanley    rcs@stanleyreuter.com
- Paul Maury Sterbcow    sterbcow@lksalaw.com
- Roger Stetter    rastetter47@yahoo.com
- Paul Douglas Stewart    dstewart@stewartrobbins.com, dstewart@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
- Kaylin Storey    kstorey@truittlaw.com
- Catalina Sugayan    catalina.sugayan@clydeco.us
- Margaret Frohn Swetman    krastanis@leakeandersson.com
- Reagan Charleston Thomas    rthomas@awkolaw.com
- Jefferson R. Tillery    jtillery@joneswalker.com

{00384121-2}

- Taylor Townsend     taylor@townsendlaw.com
- Richard Trahant     trahant@trahantlawoffice.com
- Jack E Truitt     btruitt@truittlaw.com, jwertz@truittlaw.com
- Office of the U.S. Trustee     USTPRegion05.NR.ECF@usdoj.gov
- R. Patrick Vance     pvance@joneswalker.com, nwiebelt@joneswalker.com;patrick-vance-7526@ecf.pacerpro.com
- Richard P Voorhies     Richard@voorhieslaw.com, tosha@voorhieslaw.com
- David F. Waguespack     waguespack@carverdarden.com, docket@carverdarden.com;plaisance@carverdarden.com
- David E. Walle     dwalle@bfrob.com, aadams@bfrob.com
- John W. Waters     jwaters@bfrob.com, aadams@bfrob.com
- Michael Watson     mwatson@michaelcwatson.com
- Regina Wedig     reginawedig@wediglaw.com, rswedig@hotmail.com
- Edward Dirk Wegmann     dwegmann@joneswalker.com
- Joshua D Weinberg     Jweinberg@ruggerilaw.com
- John Randall Whaley     jrwhaley@whaleylaw.com, auburn@whaleylaw.com
- Brittany Rose Wolf-Freedman     bwolf@gainsben.com, ddelger@gainsben.com
- Yongli Yang     yongli.yang@clydeco.us
- Wayne George Zeringue     wzeringue@joneswalker.com
- Michael S. Zerlin     mzerlin@netscape.net


*/s/Michael E. Landis*

Michael E. Landis

{00384121-2}