**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 20-10846 |
| | § | (JOINTLY ADMINISTERED) |
| THE ROMAN CATHOLIC CHURCH | § | |
| OF THE ARCHDIOCESE OF NEW | § | CHAPTER 11 |
| ORLEANS, | § | COMPLEX CASE |
| | § | |
| DEBTORS.[1] | § | SECTION A |

**EXPEDITED MOTION (I) TO STRIKE CERTAIN ABUSE SURVIVORS' OBJECTION TO JONES WALKER, LLP'S FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT, AND (II) FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND 11 U.S.C. § 105(a)**

> **EXPEDITED RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON THURSDAY, APRIL 23, 2026, AT 10:00 A.M. AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B-709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU MUST FILE A WRITTEN RESPONSE ON OR BEFORE TUESDAY, APRIL 21, 2026, AT 5:00 P.M. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] On November 13, 2025, the Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of The Roman Catholic Church of The Archdiocese of New Orleans, with 157 cases filed by certain Archdiocesan parishes, suppressed Archdiocesan parishes, and Archdiocesan agencies (collectively, the "**Additional Debtors**"). [ECF No. 4603]. On December 8, 2025, the Court entered an Order confirming a joint plan of reorganization, [ECF No. 4767], and on December 29, 2025, the jointly administered debtors filed a Notice of Occurrence of the Effective Date of that plan, [ECF No. 4817]. The Court has entered final decrees and closed the cases filed by the Additional Debtors.

> *I think the Court realizes now how little myself and my colleagues know about bankruptcy law and a lot of which the stuff in committee -- and I don't want to get into it -- but generally, pertains to esoteric issues of bankruptcy that I have neither the training or the <u>mental capacity to understand</u> . . . . I don't even know what a bankruptcy plan is.*
>
> *– Richard Trahant, December 17, 2020*[2]

**NOW INTO COURT**, through undersigned counsel, comes Jones Walker LLP ("**Jones Walker**"), who moves this Court (this "**Motion**") (i) to strike *Certain Abuse Survivors' Objection to Jones Walker, LLP's Final Application for Allowance of Compensation and Reimbursement*, [ECF No. 4996], (the "**Fee Objection**"),[3] and (ii) to impose sanctions against counsel under 28 U.S.C. § 1927 and 11 U.S.C. § 105(a) in the amount of the reasonable attorneys' fees and costs incurred by Jones Walker in analyzing the Fee Objection and preparing and filing this Motion.  In support of this Motion, Jones Walker respectfully states as follows:

<u>**Introduction**</u>

1.      "I think the Court realizes now how little myself and my colleagues know about bankruptcy law and a lot of which the stuff in committee -- and I don't want to get into it -- but generally, pertains to esoteric issues of bankruptcy that I have neither the training or the *mental capacity to understand* . . . . I don't even know what a bankruptcy plan is."[4]  Richard Trahant

---

[2] Transcript of Hearing Held December 17, 2020, [ECF No. 692, pp. 41-42, ll. 25-4, 17-18] (emphasis added).

[3] Although the title of the Fee Objection refers to "Certain Abuse Survivors," footnote 2 of the Fee Objection states that "'Certain Sexual Abuse Survivors' are those identified in Rec. Doc. 2340."  Rec. Doc. 2340 is a *Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* wherein Messrs. Soren E. Gisleson, Joseph E. "Jed" Cain, John H. Denenea, Jr., and Richard C. Trahant disclosed that they have formed a group to represent 81 different creditors who allegedly filed proofs of claim against the Debtor.  The signature block of the Fee Objection, however, omits Mr. Cain, listing only Messrs. Gisleson, Trahant, and Denenea.

[4] Transcript of Hearing Held December 17, 2020, [ECF No. 692, pp. 41-42, ll. 25-4, 17-18] (emphasis added).

2

spoke these words in December, 2020, admitting that he and his co-counsel, Soren Gisleson and John Denenea, were grossly unqualified and lacking competence to represent survivors in this bankruptcy.

2.      When Mr. Trahant uttered these words, no one could have predicted the disastrous consequences that such incompetence would have on the bankruptcy estate and counsel's own clients.  The history of this bankruptcy over five and a half (5 ½) years was a tour through the depths of such incompetence, which harmed the estate in countless ways.  Certain Abuse Survivors' litigation-warfare approach, which is antithetical to the reorganization process, disrupted and delayed the Archdiocese's Chapter 11 Case and cost the estate tens of millions of dollars in professional fees and expenses.  Indeed, the litigation spawned by counsel to Certain Sexual Abuse Survivors was the primary driver of the professional fees incurred and the delays that beset this case since the beginning.

3.      While previous filings may have demonstrated counsel's ignorance of bankruptcy law, the Fee Objection is a willful violation of this Court's order, the very definition of unreasonable and vexatious behavior, and a sanctionable offense.  This Court resolved the standing question unambiguously on March 10, 2026.  In its *Memorandum Opinion and Order*, [ECF No. 4930], (the "**Standing Order**"), the Court held that "Certain Abuse Survivors lack standing" to object to any interim or final fee application filed by estate professionals, including Jones Walker. The rationale was simple and final: under the confirmed "pot plan,"[5] Certain Abuse Survivors'

---

[5] On December 8, 2025, following a nine-day confirmation hearing, the Court entered its *Order Confirming Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of December 8, 2025*, [ECF No. 4767], (the "**Confirmation Order**"), confirming the *Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for the Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated*

allowed abuse claims will be paid from a fixed $230 million trust regardless of how professional fees are resolved, so reducing fees would yield them no pecuniary benefit.

4. Twenty-eight days after the Standing Order issued, counsel for Certain Abuse Survivors—Soren E. Gisleson, Richard C. Trahant, and John H. Denenea, Jr.—filed a 25-page screed against the *Fifteenth Interim and Final Application of Jones Walker LLP, as Counsel for the Debtor and the Debtor in Possession, for Allowance of Compensation and Reimbursement of Expenses*, [ECF No. 4888], ("**Jones Walker's Final Fee Application**").[6] The Fee Objection includes 13 exhibits and seeks $2.5 million in fee reductions. Critically, the very introduction of the Fee Objection acknowledges the Court's ruling: "***While the Court has ruled that Certain Abuse Survivors do not enjoy standing to challenge attorney fee applications***, [Certain Abuse Survivors] nonetheless submit this Objection . . . ." [ECF No. 4996 at 2] (emphasis added).

5. This filing serves no legitimate purpose and is designed to harass Jones Walker. The U.S. Trustee is conducting an independent fee review, and Certain Abuse Survivors expressly acknowledged that they lack standing to object. By disregarding the Standing Order, counsel for Certain Abuse Survivors have multiplied these proceedings unreasonably and vexatiously, forcing Jones Walker to prepare this Motion.

6. Of course, this is not the first time that counsel for Certain Abuse Survivors have disobeyed this Court's rules or orders or been sanctioned in this case. The Court previously

---

*as of December 8, 2025* (the "**Confirmed Joint Plan**"). The Effective Date of the Confirmed Joint Plan occurred on December 26, 2025, [ECF No. 4811].

Capitalized terms used but not otherwise defined herein are given the meanings found in the Confirmed Joint Plan.

[6] Shortly after filing the above-captioned chapter 11 case on May 1, 2020, the Debtor sought approval to retain Jones Walker as bankruptcy counsel, [ECF Nos. 75 & 76], and this Court entered an order approving Jones Walker's retention, without objection, on June 19, 2020, [ECF No. 170].

sanctioned Richard C. Trahant for violating the Court's Protective Order governing confidential materials in this bankruptcy.[7] Given that monetary sanctions were insufficient to deter counsel's egregious behavior, this Court may have to resort to more extraordinary measures to ensure compliance with its orders and rules. At the very least, Jones Walker respectfully requests that the Court strike the Fee Objection and sanction Messrs. Gisleson, Trahant, and Denenea jointly and severally under 28 U.S.C. § 1927 and 11 U.S.C. § 105(a) in the amount of Jones Walker's reasonable attorneys' fees and costs incurred in analyzing the Fee Objection and preparing and filing this Motion.

### Jurisdiction and Venue

7.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 28 U.S.C. § 1927 and § 105(a) of the Bankruptcy Code.

8.　　Further, the Confirmed Joint Plan reserves the jurisdiction of this Court to "(k) hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331, and 503(b) of the Bankruptcy Code" and "(z) hear any other matter not inconsistent with the Bankruptcy Code." [ECF No. 4762 at § 13.1].

9.　　A bankruptcy court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). "[W]here a proceeding implicates the bankruptcy court's power to interpret and enforce its own orders, it is core in at least

---

[7] On October 11, 2022, this Court entered its *Memorandum Opinion and Order*, [ECF No. 1844], (the "**Sanctions Opinion**"), assessing monetary sanctions against Richard C. Trahant in the amount of $400,000.00 for his violation of the Court's Protective Order. The Sanctions Opinion has been affirmed by both the U.S. District Court for the Eastern District of Louisiana, [ECF No. 4972-1], and the U.S. Court of Appeals for the Fifth Circuit, [ECF Nos. 4972-2 & 4972-3].

5

the 'arising in way.'" *Trahant v. Mintz (In re Roman Catholic Church of the Archdiocese of New Orleans)*, No. 25-30193, 2026 U.S. App. LEXIS 4223, at *11 (5th Cir. Feb. 11, 2026) (internal quotations and citations omitted).

## Law and Argument

### I. This Court Should Strike the Fee Objection.

#### A. Certain Abuse Survivors Lack Standing to File the Fee Objection, and the Fee Objection Is Late Filed.

10.     As detailed above, this Court already has held that "Certain Abuse Survivors lack standing under § 1109 . . . to object to any final fee application filed in this case." [ECF No. 4930 at 26].

11.     Moreover, the Fee Objection is late filed. Pursuant to this Court's *Order*, dated December 23, 2025, [ECF No. 4811], "any objections to Final Fee Applications must be filed and properly served on or before **Tuesday, March 31, 2026**." (emphasis in original). Although that deadline was extended for the U.S. Trustee and the Reorganized Debtor, no such extension was provided to Certain Abuse Survivors. [ECF No. 4986]. Nevertheless, Certain Abuse Survivors filed the Fee Objection on April 7, 2026—seven (7) days after the deadline.

12.     At a minimum, the Court is well within its rights to strike the offending Fee Objection for its numerous deficiencies. *See Morrison v. Walker*, No. 13-327, 2014 U.S. Dist. LEXIS 187234, *10-11 (E.D. Tex. Dec. 2, 2014) (striking objectionable pleadings for failing to include a proper certificate of conference and warning that "[t]he next violation will be met with harsher sanctions than just striking the offending document, including, but not limited to: dismissal of the lawsuit with prejudice"); *see also Webb v. Morella*, 457 F. App'x 448, 452-53 (5th Cir. 2012) (a court's "discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad," and only the granting of a dispositive motion based

6

on a failure to comply warrants heightened scrutiny); *In re King*, No. 06-40146, 2006 Bankr. LEXIS 1416, at *13 (Bankr. N.D. Ind. 2006) ("Ignorance of a court's local rules does not excuse failing to comply with them.").

13.     Here, Certain Abuse Survivors filed the Fee Objection in express contravention of the Standing Order and after the objection deadline expired. Under these circumstances, the Fee Objection should be stricken from the record.

## B. Counsel to Certain Abuse Survivors Continue to Willfully Violate Bankruptcy Rule 2019.

14.     Despite participating actively in the Archdiocese's Chapter 11 Case since 2020, counsel to Certain Abuse Survivors have continually and willfully failed to comply with Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Bankruptcy Rule 2019's requirements are unambiguous and mandatory. The rule mandates that "every person purporting to represent more than one creditor in a chapter 11 reorganization case file a verified statement setting forth the names and addresses of the creditors, the nature and amount of the claims and the relevant facts and circumstances surrounding employment of the 'agent.'" *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 443, 452 (Bankr. S.D. Tex. 2009) (quoting *In re Elec. Theatre Rests. Corp.*, 57 B.R. 147, 148-49 (Bankr. N.D. Ohio 1986)).

15.     There is nothing about diocesan cases that exempts counsel to Certain Abuse Survivors from the rule. In ordering a law firm representing multiple survivors to comply with Bankruptcy Rule 2019, Judge Kressel required the firm to file a verified disclosure containing the following:

> A complete copy of each form of retainer agreement, fee agreement, engagement agreement, referral agreement and all other applicable agreements authorizing the Anderson Firm to act on behalf of a creditor in this case or providing in any way for the payment of the

Anderson Firm's fees and costs, including all amendments and modification to any such agreements.[8]

16.     Indeed, this Court asked Mr. Gisleson to provide just one of his contingency fee agreements with his clients.  Despite agreeing to do so, Mr. Gisleson failed to comply with this Court's directive.[9]

17.     The Fee Objection should be stricken for this reason alone.

**II.     This Court Should Impose Sanctions Against Counsel for Certain Abuse Survivors Under 28 U.S.C. § 1927 and 11 U.S.C. § 105(a).**

18.     The filing of the Fee Objection also warrants the imposition of sanctions against counsel.  Jones Walker seeks sanctions under 28 U.S.C. § 1927, which authorizes courts to assess attorneys' fees and costs against counsel who unreasonably and vexatiously multiple proceedings."[10]  In the Fifth Circuit, § 1927 sanctions require a showing that the attorney: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing costs.  *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991).  Conduct is objectively unreasonable and vexatious when there is "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citing *Travelers Ins. Co. v. St. Jude Hosp.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994)).

19.     Courts have imposed § 1927 sanctions for filing pleadings after a court resolves the underlying issue.  *See, e.g.*, *Webber v. Leson Chevrolet Co.*, No. 22-910, 2024 U.S. Dist. LEXIS

---

[8] *In re Archdiocese of Saint Paul and Minneapolis*, No. 15-30125 (Bankr. D. Minn. Feb. 27, 2017) [ECF No. 984], filed in the Archdiocese's Chapter 11 Case at ECF No. 3016-1.

[9] *See* Transcript of Hearing Held January 22, 2026, [ECF No. 4869, p. 47, ll. 9-25].

[10] *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

8

152383, *22 (E.D. La. Aug. 26, 2024) (sanctioning attorney for "continuing to litigate and brief issues that were decided by the Court and no longer ripe for litigation").

20.     Sanctions under § 1927 also are appropriate when an attorney acknowledges that an objection is barred, yet presses forward anyway, unreasonably and vexatiously multiplying the proceedings. *See, e.g.*, *In re Johnson*, No. 24-51353, 2025 Bankr. LEXIS 1660, *16-20 (Bankr. E.D. Mich. July 11, 2025) (imposing sanctions under § 1927 where attorney admitted during a hearing that the objection was jurisdictionally barred and that he lacked standing); *see also Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d Cir. 1985) (§ 1927 sanctions appropriate where counsel agreed a decision would be binding and subsequently filed objections contradicting it).

21.     To the extent that relief under § 1927 were unavailable, this Court has independent authority under § 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

> In addition to granting broad power to implement provisions of the Bankruptcy Code, § 105(a) "has been interpreted as supporting the inherent authority of the bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process." *In re Carroll*, 850 F.3d at 816 (quoting *Walton v. LaBarge, Jr. (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000); *Friendly Fin. Discount Corp. v. Tucker (In re Tucker)*, No. 99-31069, 2000 U.S. App. LEXIS 40240, 2000 WL 992448, at *3 (5th Cir. June 28, 2000)); *see also In re Tabor*, 583 B.R. 155, 177 (Bankr. N.D. Ill. 2018) (citing *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997)).
>
> "The Fifth Circuit has held that the imposition of sanctions using § 105 as well as the inherent power of the Court must be accompanied by a specific finding of bad faith." *In re Bradley*, 495 B.R. 747, 793 (Bankr. S.D. Tex. 2013) (collecting cases); *see also In re Skyport Global Commc'ns, Inc.*, 408 B.R. at 695 (quoting *Chambers*, 501 U.S. at 45); *Goldin v. Bartholow*, 166 F. 3d 710, 722 (5th Cir. 1999).

*In re Roman Cath. Church for the Archdiocese of New Orleans*, No. 20-10846, 2022 Bankr. LEXIS 2880, *38 (Bankr. E.D. La. Oct. 11, 2022).

#111532865v2

22.     There is no ambiguity about what happened here.  This Court's Standing Order clearly holds that Certain Abuse Survivors lack standing to challenge professional fee applications. Twenty-eight days later, counsel filed an extensive, adversarial objection to Jones Walker's Final Fee Application.

23.     Counsel's reckless disregard for this Court's ruling—and admission that the filing was barred—is prominently displayed on the face of the Fee Objection: "*While the Court has ruled that Certain Abuse Survivors do not enjoy standing to challenge attorney fee applications*, [Certain Abuse Survivors] nonetheless submit this Objection to assist the Court and the United States Trustee . . . ." [ECF No. 4996 at 2] (emphasis added).  Counsel filed no motion for reconsideration or appeal, nor did they advance a legal theory permitting them to proceed.  They simply filed the Fee Objection anyway—camouflaged as an attempt to "assist" the Court and the U.S. Trustee.

24.     The vexatious nature of the filing also is evident from its volume and content.  The Fee Objection is 25 pages long, includes 13 exhibits, and presents detailed billing analyses across eight separate categories.  It required Jones Walker to devote attorney time to analyzing its contents and preparing this Motion—all in response to a pleading that never should have been filed.

25.     Although the Fee Objection stands on its own as sanctionable conduct, Mr. Trahant's prior sanctioned behavior is relevant to the Court's assessment of whether this filing reflects a pattern of vexatious multiplication of proceedings.  *See Browning*, 931 F.2d at 344.

26.     Section 1927 limits sanctions to "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Jones Walker seeks only those fees and costs incurred in analyzing the Fee Objection and preparing and filing this Motion.  Upon request of the Court, Jones Walker will submit billing records itemizing those fees and costs.

10

#111532865v2

**Conclusion**

**WHEREFORE**, Jones Walker respectfully requests that the Court: (1) grant this Motion; (2) strike the Fee Objection; (3) find that Soren E. Gisleson, Richard C. Trahant, and John H. Denenea, Jr. multiplied these proceedings unreasonably and vexatiously by filing the Fee Objection; (4) impose sanctions against Messrs. Gisleson, Trahant, and Denenea jointly and severally in the amount of Jones Walker's reasonable attorneys' fees and costs incurred in analyzing the Fee Objection and preparing and filing this Motion; and (5) grant such other and further relief as the Court deems just and proper.

Dated: April 10, 2026          Respectfully submitted,

*/s/ Mark A. Mintz*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
SAMANTHA A. OPPENHEIM (#38364)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA   70170
Telephone: (504) 582-8000
Facsimile:  (504) 589-8260
Email:  pvance@joneswalker.com
Email:  efutrell@joneswalker.com
Email:  mmintz@joneswalker.com
Email:  soppenheim@joneswalker.com

**ATTORNEYS FOR JONES WALKER LLP**

**CERTIFICATE OF SERVICE**

I hereby certify, on April 10, 2026, that a true and correct copy of this Motion (a) is being filed through the Court's ECF system, which provides electronic notice to all attorneys registered to receive notice through such system, and (b) is being provided to Donlin Recano & Company, LLC ("**DRC**"), to be served by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22].  DRC shall file a certificate of service to that effect when service is complete.

*/s/ Mark A. Mintz*
Mark A. Mintz

11

#111532865v2