**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH | § | Section "A" |
| OF THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

### DEBTOR'S OBJECTION TO THE FINAL FEE APPLICATION OF DUNDON ADVISERS LLC AS FINANCIAL ADVISERS FOR THE OFFICIAL COMMITTEE OF UNSECURED COMMERCIAL CREDITORS

The Reorganized Debtor objects to the fees sought by Dundon Advisers LLC as follows:

### ARGUMENT

The Reorganized Debtor objects to all fees ($267,717.05) for work purportedly performed by Dundon employee Tom Short[1]—who breached the Court's protective order by subcontracting with an individual in Africa to perform services without Dundon's approval, consent, or knowledge[2]—on two grounds. First, although Dundon investigated Short's wrongdoing, it never obtained a formal statement from Short or the individual with whom he conspired.[3] Nor could the Commercial Committee determine exactly what happened.[4] As a result, Dundon cannot carry its burden to establish that Short's pre-breach hours were actual, necessary, or even performed by Short as required by 11 U.S.C. § 330. Indeed, Short's time entries were recorded by the same

---

[1] *See Dundon's Summary Chart of Services Provided by each Professional* [ECF No. 4892-5] at 1.

[2] *See the Official Committee of Unsecured Commercial Creditors Ex Parte Motion for Status Conference* [ECF No. 2838] at 10 (admitting that Short's conduct constituted "[a] breach of the Court's protective order").

[3] *February 22, 2024 Hearing Transcript* [ECF No. 2888] at 26:24–27:21.

[4] *See id*. at 13:2–13:9 (counsel for the Commercial Committee's statement that they "believe . . . at least as best we can tell" that the disclosure was "limited to select financial documents").

1

person who deceived Dundon, the Court, and the parties—and the pattern of deception went directly to the reliability of time entries.

Second, even if Dundon presented evidence to carry its burden that Short performed the services he billed for, Short's misconduct—a willful, repeated violation of the Court's protective order—independently warrants denial of fees for his work as a matter of the Court's equitable authority. Bankruptcy courts have denied all compensation to estate professionals for willful misconduct and fraud on the court, even where some benefit to the estate was provided. *See In re Unclaimed Freight of Monroe*, Inc., 244 B.R. 358 (Bankr. W.D. La. 1999) (all fees denied; egregious conduct and misrepresentations to court warrant denial despite benefits to estate); *In re Pigs Are Beautiful, Inc.*, 72 B.R. 874 (Bankr. N.D. Ohio 1987) (all fees denied; willful failure to comply with court orders and deliberate concealment from court); *In re George Schumann Tire & Battery Co.*, 145 B.R. 104 (Bankr. M.D. Fla. 1992) (fees denied for clear and willful violation of court orders).

In addition to Short's time, other impermissible billing practices warrant an additional 10% reduction of Dundon's remaining $972,180.05 in fees. As shown below via illustrative examples, Dundon billed for purely clerical or administrative work, block billed, and used descriptions too vague to allow meaningful review for necessity or reasonableness. For example:

Clerical/Administrative

- "scheduling an introductory call"—P. Preis, 0.2 hours, April 27, 2021[5]

- "circulat[ing] Hearing information"—H. Barlow, 0.1 hours, June 16, 2021[6]

---

[5] *Dundon's First Monthly Fee Statement* [ECF No. 4892-1] at 12.

[6] *Id.* at 19.

2

- "convert[ing] [a document] to excel"—H. Barlow, .1 hours, June 30, 2021[7]

<u>Block billed</u>

- "Call with D. Stewart and W. Robbins to discuss document review strategy, case strategy and billing going forward. Also had a quick training session on everlaw."—P. Preis, 2.3 hours, August 24, 2021 [note: entry also clerical, in part, as to Everlaw "training session"][8]

- "Attend call with M. Dundon, W. Robbins and others re: diligence and workflow. Follow up discussion with Preis and L. Rooney re: same."—H. Barlow, 1.6 hours, May 5, 2021[9]

- "1) Compilation of information researched on Portfolio A, Portfolio B, Deposit and Loan Fund into a power point rough draft for submission to P. Preis. 2) Further research on Everlaw of Portfolio Transaction history and compiling of an online folder."—T. Short, 2.1 hours, December 29, 2021[10]

<u>Vague</u>

- "Discussion with W. Robbins and P. Preis and others"—H. Barlow, 0.3 hours, April 29, 2021[11]

- "Attend ccc call with D Stewart and W Robbins and others"—H. Barlow, 0.2 hours, October 11, 2022[12]

- "Telecom with UCC counsel Stewart, Robbins and H. Barlow, P. Preis, H. Hurwitz, and M. Dundon" – L. Rooney, 0.6 hours, May 5, 2021[13]
  5.

Thus, a 10% reduction is appropriate.

---

[7] *Id.* at 21.

[8] *Id.* at 39.

[9] *Id.* at 13.

[10] *Id.* at 74.

[11] *Id.* at 12.

[12] *Id.* at 146.

[13] *Id.* at 13.

## <u>CONCLUSION</u>

For the foregoing reasons, the Reorganized Debtor respectfully requests that the Court disallow the $267,717.05 in fees billed by former Dundon employee Tom Short and apply a 10% or $97,218.05 reduction to the remainder for a total allowed fee of $874,962.45.

Dated: April 22, 2026

Respectfully submitted,

**MURPHY BALL STRATTON LLP**

 */s/ Michelle S. Stratton*
Michelle S. Stratton
La. Bar No. 32684
Land Murphy
Texas Bar No. 24058010
Dane Ball
Texas Bar No. 24051642
Harris Blum
Texas Bar No. 24138757
1001 Fannin St., Suite 720
Houston, Texas 77002
Telephone: (281) 658-9060
mstratton@mbssmartlaw.com
lmurphy@mbssmartlaw.com
dball@mbssmartlaw.com
hblum@mbssmartlaw.com

***Attorneys for Debtor***