**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 20-10846 |
| | § | (JOINTLY ADMINISTERED) |
| THE ROMAN CATHOLIC CHURCH | § | |
| OF THE ARCHDIOCESE OF NEW | § | CHAPTER 11 |
| ORLEANS, | § | COMPLEX CASE |
| | § | |
| DEBTORS.[1] | § | SECTION A |

**MOTION FOR ENTRY OF FINAL DECREE**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON THURSDAY, MAY 21, 2026, AT 1:30 P.M. AT THE UNITED STATES BANKRUPTCY COURT, 500 POYDRAS ST., COURTROOM B709, NEW ORLEANS, LOUISIANA 70130. PARTIES IN INTEREST MAY PARTICIPATE IN THE HEARING (I) IN PERSON; (II) BY TELEPHONE ONLY (DIAL IN: 504.517.1385, ACCESS CODE: 129611); OR (III) BY TELEPHONE USING THE DIAL-IN NUMBER AND VIDEO USING HTTPS://GOTOMEET.ME/JUDGEGRABILL (MEETING CODE: "JUDGEGRABILL"). IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] On November 13, 2025, the Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of The Roman Catholic Church of The Archdiocese of New Orleans, with 157 cases filed by certain Archdiocesan parishes, suppressed Archdiocesan parishes, and Archdiocesan agencies (collectively, the "**Additional Debtors**"). [ECF No. 4603]. On December 8, 2025, the Court entered an Order confirming a joint plan of reorganization, [ECF No. 4767], and on December 29, 2025, the jointly administered debtors filed a Notice of Occurrence of the Effective Date of that plan, [ECF No. 4817]. The Court has entered final decrees and closed the cases filed by the Additional Debtors.

#111631623v2

The Roman Catholic Church of the Archdiocese of New Orleans (the "**Reorganized Debtor**" or "**Archdiocese**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") hereby submits this motion (this "**Motion**") for entry of an order of final decree, substantially in the form attached hereto (the "**Proposed Order**"), seeking to close the Chapter 11 Case as fully administered because the confirmed plan is substantially consummated.  In support of this Motion, the Reorganized Debtor states as follows:

## INTRODUCTION

1. On May 1, 2020 (the "**Petition Date**"), the Archdiocese filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Lasting more than five and a half years, the Chapter 11 Case was fraught with extensive litigation, hard-fought negotiations, significant complexity, and disruptions ranging from a global pandemic to a Category 4 hurricane. Notwithstanding these obstacles, due to the tireless efforts of the Debtor's representatives and advisors, the Debtor was able to reach settlements with virtually all major stakeholders.

2. On December 8, 2025, the Court entered an Order, [ECF No. 4767], (the "**Confirmation Order**"), confirming the *Seventh Amended Modified Joint Chapter 11 Plan of Reorganization for The Roman Catholic Church of the Archdiocese of New Orleans and Additional Debtors, Proposed by the Debtor, the Additional Debtors, and the Official Committee of Unsecured Creditors, Dated as of December 8, 2025*, [ECF No. 4762], (the "**Joint Plan**").[2]  The Effective Date under the Joint Plan occurred on December 26, 2025.  [ECF No. 4817].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Joint Plan.

#111631623v2

3.	Pursuant to Section 14.29 of the Joint Plan, as soon as practicable after the Effective Date, when the Reorganized Debtor deems it appropriate, it can seek authority to close the Chapter 11 Case.

4.	The Joint Plan provides that Abuse Claims against the Debtor and the Additional Debtors would be satisfied by claimants receiving their pro-rata share of Settlement Trust Distributions under the Settlement Trust established by the Joint Plan.  The Reorganized Debtor and the Reorganized Additional Debtors funded $130 million into the Settlement Trust and executed two separate promissory notes totaling $70 million in favor of the Settlement Trust.  Both promissory notes have been paid in full.  In addition, the Non-Monetary Plan Provisions have been adopted and are being implemented as set forth therein.

5.	Other claims will be treated in accordance with the terms set forth in the Joint Plan.

6.	The Joint Plan has been substantially consummated by the various actions taken in furtherance of thereof.

## JURISDICTION AND VENUE

7.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8.	Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

9.	The bases for the relief requested herein are Bankruptcy Code §§ 105(a), 350(a), and 1101(2), Bankruptcy Rule 3022, and Bankruptcy Local Rule 3022-1.

## RELIEF REQUESTED

10.	Through this Motion, the Reorganized Debtor requests that this Court enter a final decree closing the Chapter 11 Case as fully administered and substantially consummated pursuant to Bankruptcy Code §§ 350(a) and 1101(2) and Bankruptcy Rule 3022.

#111631623v2

11.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022.

12.     The Advisory Committee Note to Bankruptcy Rule 3022 provides, in pertinent part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

13.     Courts in this circuit "have looked to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015); *see also Nat'l Union Fire Ins. Co. v. Eubanks (In re Eubanks)*, No. 94-2757, 1995 U.S. Dist. LEXIS 243 (E.D. La. Jan. 6, 1995) (Vance, J.).

14.      In addition, section 1101(2) of the Bankruptcy Code defines "substantial consummation" as when the following has occurred: (a) transfer of property as proposed by the plan; (b) assumption by the debtor or the successor of the business or management of the property under the plan; and (c) commencement of plan distributions.  *See* 11 U.S.C. § 1101(2).

15.     The Reorganized Debtor and the Reorganized Additional Debtors have made or will make all required plan distributions.

16.     Entry of a final decree will provide a significant benefit in the form of discontinuing fees owed pursuant to 28 U.S.C. § 1930, which requires that quarterly fees be paid until a debtor's case is closed.

17.     The Reorganized Debtor respectfully submits that the relevant factors weigh strongly in favor of closing the Chapter 11 Case because the Joint Plan has been substantially consummated.

18.     The Reorganized Debtor shall file an operations report (as may be required) and shall pay to the U.S. Trustee any outstanding final quarterly fees due pursuant to 28 U.S.C. § 1930 (if required) on or before June 30, 2026.

**WHEREFORE**, the Reorganized Debtor respectfully requests: (a) entry of an order substantially in the form of the Proposed Order, granting the relief requested herein and closing this Chapter 11 Case; and (b) such other and further relief as the Court may deem just and proper.

[*Signature Page Follows*]

#111631623v2

Dated: May 1, 2026                    Respectfully submitted,

                                      /s/ Mark A. Mintz
                                      R. PATRICK VANCE (#13008)
                                      ELIZABETH J. FUTRELL (#05863)
                                      MARK A. MINTZ (#31878)
                                      SAMANTHA A. OPPENHEIM (#38364)
                                      Jones Walker LLP
                                      201 St. Charles Avenue, 51st Floor
                                      New Orleans, LA   70170
                                      Telephone: (504) 582-8000
                                      Facsimile:  (504) 589-8260
                                      Email:  pvance@joneswalker.com
                                      Email:  efutrell@joneswalker.com
                                      Email:  mmintz@joneswalker.com
                                      Email:  soppenheim@joneswalker.com

                                      **ATTORNEYS FOR**
                                      **THE ROMAN CATHOLIC CHURCH OF**
                                      **THE ARCHDIOCESE OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

I hereby certify, on May 1, 2026, that a true and correct copy of this Motion (a) is being filed through the Court's ECF system, which provides electronic notice to all attorneys registered to receive notice through such system, and (b) is being provided to Donlin Recano & Company, LLC ("**DRC**"), to be served by email or First Class U.S. Mail, postage prepaid, on all other parties requiring service under the Court's *Ex Parte Order Authorizing the Debtor to Limit Notice and Establishing Notice Procedures* [ECF No. 22].  DRC shall file a certificate of service to that effect when service is complete.

                                      /s/ Mark A. Mintz
                                      Mark A. Mintz

6

#111631623v2