**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 20-10846 (JOINTLY ADMINISTERED) |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,[1] | § § § § | CHAPTER 11 COMPLEX CASE |
| DEBTORS. | § § § § | SECTION A |

**ORDER SUSTAINING THE SETTLEMENT TRUSTEE'S**
**SECOND OMNIBUS OBJECTION TO CLAIMS AND INTERESTS PURSUANT**
**TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND**
**LOCAL RULE 3007-1**

Upon the *Settlement Trustee's Second Omnibus Objection to Claims and Interests Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "Second Omnibus Objection"),[2] [ECF Doc. 4937], of Donald C. Massey, as Settlement Trustee (the "Settlement Trustee"), for entry of an order, (this "Order") disallowing and expunging the Wholly Unsupported Claims set forth on **Schedule 1** attached hereto, all as more fully set forth in the Second Omnibus Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] On November 13, 2025, this Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of The Roman Catholic Church of The Archdiocese of New Orleans, with 157 cases filed by certain Archdiocesan parishes, suppressed Archdiocesan parishes, and Archdiocesan agencies (collectively, the "Additional Debtors"). [ECF Doc. 4603]. On December 8, 2025, this Court entered an Order confirming a joint plan of reorganization, [ECF Doc. 4767], and on December 29, 2025, the jointly administered debtors filed a Notice of Occurrence of the Effective Date of that plan, [ECF Doc. 4817]. The Court entered final decrees and closed the cases filed by the Additional Debtors in January 2026.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Omnibus Objection.

Second Omnibus Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Second Omnibus Objection is in the best interests of the Debtor's and Additional Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Settlement Trustee's notice of the Second Omnibus Objection and opportunity for a hearing on the Second Omnibus Objection were appropriate and no other notice need be provided; and this Court having reviewed the Second Omnibus Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Second Omnibus Objection and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED** that:

1.      The Second Omnibus Objection is **SUSTAINED** as set forth herein.

2.      Any Response to the Second Omnibus Objection not otherwise withdrawn, resolved, or adjourned is **OVERRULED** on its merits.

3.      The Wholly Unsupported Claims identified on **Schedule 1**, attached hereto, are disallowed and expunged in their entirety.  This Order shall be deemed a separate order with respect to each of Wholly Unsupported Claims identified on **Schedule 1**.

4.      Nothing in this Second Omnibus Objection or this Order shall be deemed or construed:  (a) as an admission as to the validity of any claim or interest against the Debtor or Additional Debtors; (b) as a waiver of the Settlement Trustee's rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Settlement Trustee, or to estop the Settlement Trustee from asserting any right, claim, defense, or counter-claim; (d) as an approval or assumption of any

agreement, contract, or lease, pursuant to § 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of § 365 of the Bankruptcy Code or otherwise.

5.      The Settlement Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order.

6.      Within three (3) days following entry of this Order, the Settlement Trustee shall serve a copy of this Order by U.S. Mail:  (a) upon each Claim Holder at the address provided in connection with each Wholly Unsupported Claim, or, if applicable, the Claim Holder's attorney of record that is subject to the Second Omnibus Objection; and (b) on the limited service list.

7.      The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS FURTHER ORDERED** that counsel for the Settlement Trustee is instructed to serve this Order by first-class U.S. Mail within three days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, June 12, 2026.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

| Schedule 1 | | | | | | |
|---|---|---|---|---|---|---|
| Wholly Unsupported Claims – Claim Number Index | | | | | | |
| 30068 | 60007 | 60012 | 60013 | 60014 | 60018 | 60020 |
| 60028 | 60051 | 60052 | 60036 | 60044 | 60046 | 60055 |
| 60056 | 60061 | 60065 | 60067 | 60071 | 60077 | 60078 |
| 60082 | 60086 | 60087 | 60088 | 60089 | 60094 | 60095 |
| 60096 | 60101 | 60102 | 60103 | 60104 | 60106 | 60114 |
| 60118 | 60122 | 60123 | 60126 | 60128 | 60132 | 60133 |
| 60140 | 60142 | 60147 | 60149 | 60150 | 60152 | 60153 |
| 60162 | 60163 | 60165 | 60166 | 60167 | 60169 | 60173 |
| 60174 | 60175 | 60176 | 60185 | 60188 | 60191 | 60192 |
| 60193 | 60194 | 60195 | 60196 | 60199 | 60201 | 60203 |
| 60204 | 60255 | 60257 | 60259 | 60260 | 60261 | 60263 |
| 60264 | 60265 | 60266 | 60286 | 60288 | 60290 | 60291 |
| 60292 | 60293 | 60294 | 60295 | 60297 | 60298 | 60299 |
| 60300 | 60301 | 60308 | 60315 | 60317 | 60320 | 60326 |
| 60337 | 60339 | 60340 | 60342 | 60346 | 60347 | 70004 |
| 70006 | 70008 | 70016 | 70019 | 70020 | 70023 | 70024 |
| 70029 | 70030 | 70031 | 70032 | 70034 | 70035 | 70039 |
| 70042 | 70044 | 70045 | 70047 | 70049 | 70051 | 70052 |
| 70055 | EAS-8699 | | | | | |