**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-10846 |
| | § | |
| THE ROMAN CATHOLIC CHURCH OF | § | CHAPTER 11 |
| THE ARCHDIOCESE OF NEW | § | |
| ORLEANS, | § | COMPLEX CASE |
| | § | |
| DEBTORS.[1] | § | SECTION A |

**MEMORANDUM OPINION AND ORDER DENYING APPLICATION FOR**
**ADMINISTRATIVE EXPENSE CLAIM**

Before the Court is the *Application of Certain Abuse Survivors for Allowance and Payment of Administrative Expense Claim for Substantial Contribution and Reimbursement of Costs Pursuant to 11 U.S.C. § 503(b)* (the "Application"), [ECF Doc. 4912].  Through the Application, Certain Abuse Survivors seek allowed administrative expense claims under §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code for $75,762.19 in actual, necessary expenses they incurred and reimbursement for actual, necessary expenses incurred by their counsel in making a substantial contribution in these bankruptcy proceedings.  *See id.*

This Court confirmed the Joint Plan of Reorganization proposed by the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), and the Additional Debtors, *see supra* note 1, on December 8, 2025; the Plan contemplated that the Court would resolve requests for administrative expense claims post-Effective Date.  [ECF Docs. 4762, 4767 & 4817].  Certain Abuse Survivors timely filed the Application per this Court's *Scheduling Order* dated December

---

[1]     On November 13, 2025, this Court entered an Order directing joint administration of the Chapter 11 bankruptcy case of The Roman Catholic Church of The Archdiocese of New Orleans, with 157 cases filed by certain Archdiocesan parishes, suppressed Archdiocesan parishes, and Archdiocesan agencies (collectively, the "Additional Debtors"). [ECF Doc. 4603]. On December 8, 2025, this Court entered an Order confirming a joint plan of reorganization, [ECF Doc. 4767], and on December 29, 2025, the jointly administered debtors filed a *Notice of Occurrence of the Effective Date* of that plan, [ECF Doc. 4817]. The Court entered final decrees and closed the cases filed by the Additional Debtors in January 2026.  The Court entered an *Order of Final Decree* in the main case on May 22, 2026.  [ECF Doc. 5119].

23, 2025, [ECF Doc. 4811]. That *Scheduling Order* required objections to the Application to be filed on or before March 31, 2026, and set an evidentiary hearing to resolve the Application and other contested matters on May 14–15, 2026. *See id*. On March 31, 2026, the Reorganized Debtor filed an opposition to the Application through the Lugenbuhl, Wheaton, Peck, Rankin & Hubbard law firm; germane here, the signature block on that pleading listed the names of three attorneys (Douglas S. Draper, Greta M. Brouphy, and Michael E. Landis) as well as the firm's address and telephone number. [ECF Doc. 4990]. On April 29, 2026, the Court entered an *Amended Scheduling Order*, continuing the evidentiary hearing to resolve the Application and other contested matters to July 8–10, 2026. [ECF Doc. 5065]. The Court's *Amended Scheduling Order* set a deadline of Thursday, July 2, 2026, for filing witness and exhibit lists. *See id*. Both counsel for Certain Abuse Survivors and counsel for the Reorganized Debtor timely filed witness and exhibit lists. [ECF Doc. 5235 & 5236].

On Monday, July 6, 2026, this Court held a telephonic status conference to finalize the order in which the Court would consider the Application and other contested matters over the three-day evidentiary hearing. [ECF Docs. 5205 & 5255]. Counsel for Certain Abuse Survivors and counsel for the Reorganized Debtor made appearances and participated in the status conference. [ECF Doc. 5255]. Counsel for Certain Abuse Survivors informed the Court that he expected to call two witnesses and offer as evidence the exhibits listed on his witness and exhibit list; counsel for the Reorganized Debtor informed the Court that he would object to the admission of those exhibits as evidence on relevancy grounds. *See id*.

On Thursday, July 9, 2026, the parties appeared in person for the scheduled evidentiary hearing to resolve the Application. Counsel for Certain Abuse Survivors objected to Lugenbuhl's representation of the Reorganized Debtor, asserting that the Lugenbuhl firm is required to file a

2

formal notice of appearance on behalf of the Reorganized Debtor into the record and had failed to do so. [ECF Doc. 5263]. Acknowledging the fact that an attorney may represent multiple parties in any given proceeding (barring any conflict of interest),[2] counsel for Certain Abuse Claimants could not direct the Court to any procedural rule or caselaw that required counsel to file a notice of appearance on behalf of a client in addition to e-signing and filing a pleading in a case on that client's behalf. *See id*. The Court overruled Certain Abuse Survivors' objection and asked counsel to present evidence in support of the Application. *See id*.[3] Counsel for Certain Abuse Survivors refused, leaving the Court with no option but to deny the Application. *See id*.[4]

---

[2]    During the Debtor's bankruptcy case, those three attorneys and the firm of Heller Draper Patrick Horn & Manthey represented an ad hoc group of non-debtor affiliates labeled the "Apostolates." [ECF Docs. 39 & 40]. The Apostolates became the Additional Debtors once they each filed for bankruptcy relief themselves and joined the Debtor and the Committee in proposing the Joint Plan of Reorganization. *See supra* note 1. The three attorneys joined the Lugenbuhl firm in 2026. On March 5, 2026, the Lugenbuhl firm filed a *Notice of Appearance and Request for Notice* on behalf of the Additional Debtors. [ECF Doc. 4917]. No one has alleged any conflict of interest regarding Lugenbuhl's or Mr. Draper's representation of the Additional Debtors (pre- or post-confirmation) and the Reorganized Debtor. The only objection raised by counsel for Certain Abuse Claimants is that Lugenbuhl failed to file a formal Notice of Appearance.

As this Court observed at the July 9, 2026, evidentiary hearing, the Reorganized Debtor does not require this Court's approval under §§ 327 and 328 of the Bankruptcy Code to hire the counsel of its choosing post-confirmation because "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan," such as, here, the allowance or disallowance of pending administrative expense claims. *U.S. Brass Corp. v. Travelers Ins. Grp., Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002) (quoting *Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390 (5th Cir. 2001)). Indeed, the Reorganized Debtor also retained the Texas law firm of Murphy Ball Stratton LLC post-confirmation, which filed oppositions to applications seeking allowed administrative expense claims for services provided to official committees during the bankruptcy case. [ECF Docs. 4924, 5027, 5052, 5053, 5055 & 5056].

[3]    An applicant seeking an allowed administrative expense claim under §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code must prove by preponderance of the evidence that he or she has made a substantial contribution in a case. *See In re Am. Plumbing & Mech., Inc.*, 327 B.R. 273, 279 (Bankr. W.D. Tex. 2005) (citation omitted). "The inquiry regarding a substantial contribution is one of fact," *Bodin Concrete, L.P. v. Concrete Opportunity Fund II, L.L.C. (In re Bodin Concrete, L.P.)*, 616 F. App'x 738, 741 (5th Cir. 2015) (citation omitted), and thus "depend[s] on a finding of an actual and demonstrable benefit to the debtor's estate and the creditors." *Ronnie Desormeaux LLC v. Sikes*, 631 B.R. 234, 242 (W.D. La. 2021).

[4]    Counsel for Certain Abuse Survivors did not file a motion to continue the evidentiary hearing into the record or request a continuance at the evidentiary hearing. At approximately 4:30 p.m. the day before the evidentiary hearing, counsel for Certain Abuse Survivors sent an e-mail to chambers, copying a trial attorney for the Office of the United States Trustee, Lugenbuhl attorneys, co-counsel to Certain Abuse

"An attorney appearing for a party in a case must file a notice of appearance containing the attorney's name, office address, and telephone number—**unless the appearance is already noted in the record.**" FED. R. BANKR. P. 9010(b) (emphasis added). "As the terms of this rule clearly indicate, a notice of appearance need not be filed if an attorney's appearance is otherwise sufficiently noted in the record." *Knesel v. Davis (In re Davis)*, No. 10-51116, 2011 WL 1791342, at *7 (Bankr. S.D. Miss. May 10, 2011) (finding that a signature block containing the names of the attorneys with their firm's address and telephone number included in a filed pleading in the court record satisfied Rule 9010(b)'s requirements); *see also In re Letennier*, No. 23-60531-6, 2024 WL 1596883, at *4 (Bankr. N.D.N.Y. Apr. 11, 2024) ("[T]he signing of a motion or paper satisfies Bankruptcy Rule 9010(b) requirement of 'otherwise not[ing]' the attorney's appearance." (citations omitted)); 10A COLLIER ON BANKRUPTCY ¶ 9010.07 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("The filing of most pleadings constitutes an appearance, and it is thus unnecessary to file a separate notice of appearance.").

The objection to the Application filed on March 31, 2026 (over three months before the scheduled evidentiary hearing) by the Lugenbuhl firm on behalf of the Reorganized Debtor included a signature block containing the names of three attorneys at the firm, as well as the firm's address and telephone number. The Court finds that the pleading is sufficient to satisfy Rule 9010(b) and finds that it provided adequate notice to the Court and parties in interest that the Reorganized Debtor had retained Lugenbuhl to appear on its behalf. No separate notice of appearance is required.

---

Survivors, and former bankruptcy counsel to the Debtor, challenging Lugenbuhl's representation of the Reorganized Debtor, and requesting "(1) a continuance of tomorrow's hearing, (2) a two-week extension to brief this issue, and (3) an opportunity to present a record to establish a basis to depose Mr. Draper." The Court does not consider requests for substantive relief via e-mail.

Accordingly, for the reasons stated on the record and herein,

**IT IS ORDERED** that the Application is **DENIED**.

**IT IS FURTHER ORDERED** that counsel for the Settlement Trustee is instructed to serve this Order by first-class U.S. Mail within three days on all parties not receiving electronic notice through this Court's CM/ECF system pursuant to applicable Federal Rules of Bankruptcy Procedure, this Court's Local Rules, this Court's Complex Case Procedures, and any Order issued by this Court limiting notice and file a certificate of service into the record.

New Orleans, Louisiana, July 15, 2026.

                                                      _____

                                                   MEREDITH S. GRABILL
                                        UNITED STATES BANKRUPTCY JUDGE